IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Evdokia Nikolova, | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.: 1:19-CV-00877 |
| | § | |
| University of Texas at Austin, | § | |
|     *Defendant.* | § | |

---

**DEFENDANT THE UNIVERSITY OF TEXAS AT AUSTIN'S
ORIGINAL ANSWER AND DEFENSES**

---

TO THE HONORABLE JUDGE PITMAN:

NOW COMES Defendant The University of Texas at Austin ("Defendant" or "UT Austin"), who respectfully files its Original Answer and Defenses to Plaintiff's Original Complaint ("the Complaint") filed by Plaintiff Evdokia Nikolova ("Plaintiff"). Defendant shows the Court as follows:

## DEFENDANT'S ANSWER TO COMPLAINT

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant denies each and every allegation contained in the Complaint except for those expressly admitted herein. The headings and numbered paragraphs below directly correlate to the sections and numbered paragraphs of the Complaint. Those titles and headings are reproduced in this Answer for organizational purposes only, and Defendant does not admit any matter contained therein.

### INTRODUCTION

1.    For paragraph 1, Defendant admits that this is an employment discrimination case, but Defendant denies discriminating against Plaintiff. Defendant admits that UT Austin hired Plaintiff as an assistant professor in the Department of Electrical and Computer Engineering ("ECE Department"). Defendant admits that Plaintiff was not promoted to the rank of Associate Professor with tenure. Defendant admits that Plaintiff can re-apply for tenure, and that UT Austin will consider

her record again. Defendant admits that Plaintiff is a woman who became pregnant during her pre-tenure, probationary review period at UT Austin. Defendant denies that UT Austin treated Plaintiff differently by requiring her to meet a higher standard for promotion and tenure than male faculty members. Defendant denies that UT Austin treated Plaintiff differently by requiring her to meet a higher standard for promotion and tenure than women faculty members who did not become pregnant during their pre-tenure, probationary review period at UT Austin. Defendant admits that the Committee of Counsel on Academic Freedom and Responsibility ("CCAFR") is a faculty committee at UT Austin. Defendant denies that CCAFR reviewed Plaintiff's tenure case. Defendant admits that a CCAFR subcommittee made of three UT Austin professors reviewed Plaintiff's allegations that the decision in her application for promotion to the rank of Associate Professor with tenure was flawed by procedural irregularities. Defendant admits that in the course of their review CCAFR members were given access to the promotion file. Defendant admits that one of this CCAFR subcommittee's advisory opinions was that UT Austin consider reversing its decision not to promote Plaintiff to the rank of Associate Professor with tenure. Defendant admits that this CCAFR subcommittee also opined "that the ECE department work with [another UT Austin employee] to conduct a substantial review of gender equity, diversity, and inclusion in the department." Defendant denies that UT Austin refused to work with Plaintiff to resolve this matter prior to Plaintiff's filing this lawsuit. Defendant admits that UT Austin declined to implement the CCAFR subcommittee's advisory opinion to reverse its "do not promote" decision in Plaintiff's application for promotion and tenure. Defendant admits that this decision was made after careful consideration, including consideration of the CCAFR subcommittee's advisory opinion(s). Defendant admits that Plaintiff filed this lawsuit, but Defendant lacks sufficient knowledge or information to admit or deny allegations about Plaintiff's motivations for doing so, and thus Defendant denies Plaintiff's allegations regarding the same. Defendant denies that UT Austin has engaged in discriminatory practices or policies against women faculty members

and employees, including those who want to have a family. Defendant denies the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

2.      For paragraph 2, Defendant admits the allegations in this paragraph.

3.      For paragraph 3, Defendant admits that venue is proper within the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1391 because the alleged events underlying Plaintiff's cause of action allegedly occurred within Travis County, Texas in the Western District of Texas, Austin Division. Defendant denies that the actual events that transpired establish a valid claim.

## JURY DEMAND

4.      For paragraph 4, this paragraph contains legal conclusions to which no response is required.

## PARTIES

5.      For paragraph 5, Defendant admits the allegations in this paragraph.

6.      For paragraph 6, Defendant admits the allegations in this paragraph.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES AND TIMELINESS OF SUIT

7.      For paragraph 7, Defendant admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about May 10, 2019. Defendant denies that UT Austin engaged in any illegal actions concerning Plaintiff's employment. Defendant admits that Plaintiff's Charge was dual filed with the EEOC and Texas Workforce Commission, Civil Rights Division ("TWC") pursuant to the EEOC's work share agreement. Defendant lacks sufficient knowledge or information to admit or deny Plaintiff's allegation regarding when she received a "Notice of Right to Sue" letter from the EEOC and thus denies same. Defendant lacks sufficient knowledge or information to admit or deny Plaintiff's allegation regarding whether this suit was filed within 90 days of Plaintiff's receipt of that notice and thus denies the same.

<u>FACTS</u>

8.      For paragraph 8, Defendant denies that UT Austin specifically recruited Plaintiff, but admits that it hired Plaintiff to work as a tenure-track assistant professor in the ECE Department. Defendant admits the rest of the allegations in this paragraph.

9.      For paragraph 9, Defendant denies that Plaintiff has a Ph.D. in Computer Science from MIT but admits that Plaintiff has a Ph.D. in Electrical Engineering and Computer Science from MIT. Defendant admits the remaining allegations in this paragraph.

10.     For paragraph 10, Defendant admits that, before working at UT Austin, Plaintiff was an assistant professor at Texas A&M University from August 2011 through December 2013.

11.     For paragraph 11, Defendant denies that it specifically recruited Plaintiff for the tenure-track position at UT Austin for which Plaintiff applied. Defendant admits that Dr. Ahmed Tewfik was the Chair of the ECE Department at the time of Plaintiff's hire. Defendant denies that Dr. Tewfik told Plaintiff that Plaintiff's prior employment at Texas A&M University would count towards Plaintiff's probationary tenure review period at UT Austin. Defendant admits that Dr. Tewfik told Plaintiff that her prior employment at Texas A&M University could potentially be considered in evaluating her request for promotion and tenure, but Defendant denies that Dr. Tewfik guaranteed that UT Austin would consider such prior experience for purposes of UT Austin's promotion and tenure process. Defendant admits that Dr. Tewfik told Plaintiff that she could go up for tenure on the normal tenure time clock (without admitting to that precise phrasing). Defendant denies that Plaintiff's tenure time clock at UT Austin began in Fall 2011 when Plaintiff worked for Texas A&M University.

12.     For paragraph 12, Defendant admits that normally, assistant professors must be considered for promotion to the rank of Associate Professor with tenure no later than their 6th year of probationary service at UT Austin. Defendant further admits that periods of prior academic service

4

at any institution other than UT Austin are not counted toward fulfillment of an assistant professor's required 6-year probationary period of service.

13.    For paragraph 13, Defendant admits that UT Austin reviewed Plaintiff's application for promotion and tenure during the 2018–2019 academic year. Defendant admits that Plaintiff has been a UT employee since January 2014. Defendant admits that, calculated from when the promotion would have been effective on September 1, 2019 and treating each academic semester as 0.5 years, Plaintiff had been employed by UT Austin for a total of 5.5 total years at the time Plaintiff was considered for promotion and tenure. Defendant admits that, of those 5.5 years of employment at UT Austin, 4 of those years were "counted" as years in probationary status at UT Austin. Defendant denies that Plaintiff's prior employment at Texas A&M University "counted" towards Plaintiff's 6 years in probationary status at UT Austin. Defendant admits that, for purposes of calculating an assistant professor's period of probationary service at UT Austin, an "academic year" shall be the period from September 1 through the following August 31, as defined in UT Austin policy. Defendant admits that, if a UT Austin faculty member is initially appointed during an academic year (e.g., January 1st as in the case of Plaintiff), the period of service from the date of appointment until the following September 1 shall not be counted toward fulfillment of the required 6 years in probationary status. Defendant admits that, treating each semester as 0.5 years, Plaintiff would have completed eight years as an assistant professor at Texas A&M University and UT Austin cumulatively as of when the promotion would have been effective on September 1, 2019. Defendant admits that when UT Austin considered Plaintiff's application for promotion and tenure during the 2018–2019 academic year, treating each semester as 0.5 years, Plaintiff had completed seven years of employment at Texas A&M University and UT Austin cumulatively; however, Defendant denies that academic years are calculated in this manner.

14.     For paragraph 14, Defendant admits that Plaintiff requested and received an extension to her (6 years) tenure track probationary period during the 2015–16 academic year. Defendant admits that Plaintiff's request for an extension identified childbirth as the reason. Defendant admits that Plaintiff requested and received Modified Instructional Duties ("MID") during the 2015–16 academic year. Defendant admits that Plaintiff's request for MID identified childbirth as the reason.

15.     For paragraph 15, Defendant admits that it has a policy that permits an assistant professor to request that his or her (6 years) probationary period be extended. Defendant admits that personal circumstances that may justify the extension of the tenure track probationary period include, but are not restricted to, disability or illness of the faculty member; status of the faculty member as the principal caregiver of a preschool child; or, status of the faculty member as a principal caregiver of a disabled, elderly, or ill member of the family of the faculty member. Defendant denies that the probationary extension policy is specifically designed to provide assistant professors whose families have a new child with an additional year during the tenure review period, but Defendant admits that the probationary extension policy may cover that situation. Defendant admits that the policy may apply to female faculty members who give birth to a new child, male faculty members whose spouse gives birth to a new child, faculty members who adopt a child, as well as other situations not including childbirth or children at all.

16.     For paragraph 16, Defendant admits that the MID policy allows UT Austin to modify the classroom instructional responsibilities of faculty members, allowing for equivalent academic service when certain personal circumstances prevent faculty members from being able to perform their classroom teaching duties, when such modifications are found to be in the best interest of UT Austin's instructional programs. Defendant admits that the faculty members who are authorized to apply for modified instructional duties are those faculty members who are a principal caregiver of a healthy pre-school child (or children), or who are required to care for or assist a member or members of their

immediate family, who although not ill or disabled, needs the help and attention of the faculty member. Defendant admits that a female faculty member who has given birth to a new child might qualify for modified instructional duties under the MID policy. Defendant admits that a faculty member whose spouse gives birth to a new child might qualify for modified instructional duties under the MID policy. Defendant admits that a faculty member who adopted a child might qualify for modified instructional duties under the MID policy. Defendant admits that the modified instructional duties could allow the faculty member requesting the modification not to teach for a semester under the MID policy.

17.     For paragraph 19, Defendant admits that UT Austin's *General Guidelines for Promotion and Tenure of All Faculty Ranks Excluding the Medical School* (2018–19 Academic Year) state: "A year in which a faculty member has been on leave without pay or claimed an extension in accordance with HOP 2-2020 [Extension of the Tenure Track Probationary Period policy] does not count toward the probationary period. Candidates whose probationary period has been extended under HOP 2-2020 or due to leave without pay in accordance with university family and medical leave policies shall be evaluated as if the work were done in the normal period of service." Defendant admits that faculty members who take approved leave are not "penalized" for having taken such approved leave. Defendant admits that for assistant professors who take approved leave, including leave that "stops the tenure clock," such assistant professors are evaluated for their work while "on the tenure clock." Defendant denies the remaining allegations in this paragraph.

18.     For paragraph 18, Defendant denies the allegations in this paragraph.

19.     For paragraph 19, Defendant admits that UT Austin considers excellence in "research, creative activities, and other scholarly effort" as one of six enumerated "areas of service" when considering applications for promotion and tenure. Defendant admits that UT Austin is a top-tier research university. Defendant admits that many top-tier research universities consider research accomplishments an important consideration for tenure promotion decisions, but Defendant lacks

7

sufficient knowledge or information to admit or deny whether all top-tier research universities consider research accomplishments "a primary consideration."

20.    For paragraph 20, Defendant admits that the ECE Department has a Budget Council. Defendant admits that full professors sit on the ECE Department's Budget Council. Defendant admits that the ECE Department's Budget Council is tasked with making recommendations regarding departmental matters to the chairperson of the ECE Department. Defendant admits that the ECE Department's Budget Council assists faculty members applying for promotion with tenure in assembling certain required materials. Defendant admits that Professors Ross Baldick and Sarfraz Khurshid, faculty members in the ECE Department and Budget Council members, authored a written statement on Plaintiff's body of research. Defendant admits that Drs. Baldick and Khurhid's written statement contains the sentences reprinted in the block quote included in paragraph 20 of Plaintiff's Original Complaint. Defendant denies that all the sentences contained in the block quote are within the same paragraph of Drs. Baldick and Khurshid's written statement. Defendant denies that all of the sentences contained in the block quote are consecutive or contained in the same section of Drs. Baldick and Khurshid's written statement. Defendant admits that Drs. Baldick and Khurhid's written statement also noted that of Plaintiff's 30 conference papers, only 12 of them were produced during Plaintiff's employment at UT Austin. Defendant denies that Plaintiff's research accomplishments clearly supported her promotion to Associate Professor with tenure effective on September 1, 2019. Defendant denies that Plaintiff's publications and awards amply demonstrated that she was "deserving" of promotion effective on September 1, 2019.

21.    For paragraph 21, Defendant denies the allegations in this paragraph.

22.    For paragraph 22, Defendant admits that Manuel Blum is a computer scientist; a member of the National Academy of Science; and a recipient of the Turing Award, a high distinction in computer science. Defendant admits that the website for the ACM A.M. Turing Award states that the ACM

A.M. Turing Award is "often referred to as the Nobel Prize of Computing." Defendant denies the remaining allegations in this paragraph.

23.     For paragraph 23, Defendant admits that Professor Blum sent an email that includes the phrases quoted in paragraph 23 of Plaintiff's Original Complaint.

24.     For paragraph 24, Defendant denies the allegations in this paragraph.

25.     For paragraph 25, Defendant admits that ECE Department Budget Council Members Professors Christine Julien and Jon Valvano wrote an evaluation of Plaintiff's teaching record, and that this evaluation included the language quoted in paragraph 25 of Plaintiff's Original Complaint. Defendant denies that Plaintiff's teaching record clearly exceeds the expectation for an assistant professor in the ECE Department, particularly in light of Plaintiff's instructor ratings from 2016 to present.

26.     For paragraph 26, Defendant admits that ECE Department Budget Council Members Professors Christine Julien and Jon Valvano's evaluation discussed Plaintiff's work to "put her own stamp" on a high-demand undergraduate course while also "contributing to a team effort to unify the sections of the course." Defendant admits that this evaluation found that Plaintiff's average instructor rating of 3.9 and average course rating of 3.5 were in line with the averages of all other instructors of the course at 3.8 and 3.7. Defendant denies that the average course rating of 3.5 was in line with the average of all other instructors.

27.     For paragraph 27, Defendant admits that ECE Department Budget Council Members Professors Christine Julien and Jon Valvano's evaluation included the language quoted in paragraph 27 of Plaintiff's Original Complaint. Defendant admits that the Edison Lecture Series is a program to help expose high-school and middle-school students to the fields of engineering and science, as well as to UT Austin.

28.     For paragraph 28, Defendant admits that ECE Department Budget Council Members Professors Christine Julien and Jon Valvano's evaluation included the quoted language. Defendant admits that this evaluation stated that Plaintiff's average instructor rating and course rating was 4.1 and 3.8 in her Advanced Algorithms course, and stated that her Game Theory course ratings were "similarly high at 4.1 for both the instructor and course ratings."

29.     For paragraph 29, Defendant admits that ECE Department Budget Council Member Professor Vijay K. Garg wrote an assessment of Plaintiff's service to the university and academic community, which included the language quoted in paragraph 29 of Plaintiff's Original Complaint. Defendant denies that the report was "strong."

30.     For paragraph 30, Defendant admits that the ECE Department Budget Council Member Professor Vijay K. Garg's assessment included the language quoted in paragraph 30 of Plaintiff's Original Complaint.

31.     For paragraph 31, Defendant admits that Plaintiff was a co-organizer of the Simon Institute's semester on Real-Time Decision Making at the University of California at Berkeley. Defendant lacks sufficient knowledge or information to admit or deny whether this role was high profile and thus denies the same.

32.     For paragraph 32, Defendant admits that ECE Department Budget Council Member Professor Vijay K. Garg's assessment included the language quoted in paragraph 32 of Plaintiff's Original Complaint.

33.     For paragraph 33, Defendant admits that the letter written by Professor Ahmed H. Tewfik, Chairman of the ECE Department, recommended that Plaintiff be promoted with tenure, and that his letter included the language quoted in paragraph 33 of Plaintiff's Original Complaint.

34.     For paragraph 34, Defendant admits that the letter written by Professor Tewfik specifically identified MIT, Stanford, the University of Illinois Urbana-Champaign, Georgia Tech, Caltech, and

Princeton as universities with first-tier departments in Electrical and Computer Engineering. Defendant admits that the letter written by Professor Tewfik identified three professors at the University of Michigan, the University of Washington, and Columbia to be a peer comparison group for Plaintiff for the purpose of comparing publications in top venues at promotion, the H Index, and Citations. Defendant admits that the letter written by Professor Tewfik stated that Plaintiff compared very favorably to these three associate professors at the time of their promotion.

35.     For paragraph 35, Defendant admits that 32 ECE Department Budget Council members voted for recommending tenure and promotion, 1 ECE Department Budget Council member voted against recommending tenure and promotion, 2 ECE Department Budget Council members abstained, and 2 ECE Department Budget Council members were ineligible to vote. Defendant admits that associate professors are tenured professors who are not full professors. Defendant admits that the ECE Department's Associate Professors voted unanimously to recommend Plaintiff's promotion with all ten voting "Yes."

36.     For paragraph 36, Defendant admits that, after a tenure candidate is assessed by the candidate's home department's budget council, the department chair then issues his or her own assessment and written recommendation, and the tenure candidate is then typically assessed by a college-level promotion and tenure committee. Defendant admits that the ECE Department is within UT Austin's Cockrell School of Engineering.

37.     For paragraph 37, Defendant admits that the Cockrell School of Engineering's Tenure and Promotion Committee voted in favor of recommending tenure and promotion, with all seven committee members voting "Yes."

38.     For paragraph 38, Defendant admits that the dean of the tenure candidate's college or school must provide his or her own written assessment of the tenure candidate's teaching, research/scholarly activity, and service; and the dean has the responsibility to describe fairly the rationale for the college-

level's promotion and tenure committee's recommendation, including a summary of the views of both opponents and proponents. Defendant admits that the dean's statement typically identifies the tenure candidate's strengths and weaknesses, provides context as needed, and addresses whether and how the tenure candidate's promotion would advance the quality of the department and college/school.

39.     For paragraph 39, Defendant admits that on or about November 20, 2018, UT Austin's Dean of the Cockrell School of Engineering, Sharon Wood, recommended against Plaintiff's promotion to Associate Professor with tenure effective September 1, 2019. Defendant admits that Dean Wood's written assessment referred to Plaintiff's promotion to Associate Professor with tenure effective September 1, 2019 as an "early promotion." Defendant denies the remaining allegations in this paragraph.

40.     For paragraph 40, Defendant admits to the allegations in this paragraph.

41.     For paragraph 41, Defendant admits that when Plaintiff's application for promotion with tenure was considered, including Academic Year 2018–19, Plaintiff had been employed by UT Austin for 5.5 years, and of those 5.5 years of employment, Plaintiff had completed only four years in probationary status at UT Austin. Defendant admits that a recommendation for promotion to associate professor with tenure normally is considered in the sixth year of the individual's probationary service as assistant professor. Defendant admits that cases considered before the sixth year are considered accelerated. Defendant admits that a year in which a faculty member has been on leave without pay or has requested an extension of his or her tenure track probationary period, such leave does not count toward the faculty member's 6 years of required probationary service. Defendant admits that periods of prior academic service at any institution other than UT Austin do not count towards UT Austin's probationary period. Defendant denies that, at the time of Plaintiff's review, Plaintiff would have been in her sixth year of UT Austin-related probationary service had she either (1) not requested and received a probationary extension for her pregnancy, or (2) rescinded her

probationary extension after-the-fact. Defendant denies using Plaintiff's probationary extension for her pregnancy against her during the tenure review process. Defendant denies the remaining allegations in this paragraph.

42.    For paragraph 42, Defendant denies the allegations in this paragraph.

43.    For paragraph 43, Defendant admits that in the Dean's assessment of Plaintiff, the Dean mentioned that Plaintiff became pregnant during the 2015 fall semester and that Plaintiff had been assigned modified instructional duties during the 2016 spring semester. Defendant denies that the Dean used this fact in a negative manner as part of the Dean's assessment recommending the denial of tenure.

44.    For paragraph 44, Defendant denies the allegations in this paragraph.

45.    For paragraph 45, Defendant lacks sufficient knowledge or information to admit or deny allegations regarding when Plaintiff became pregnant with her second child and therefore denies the same. Defendant admits that Plaintiff did not request a probationary extension for the birth of the child described in paragraph 45 of Plaintiff's Original Complaint; Defendant lacks sufficient knowledge or information to admit allegations regarding whether the child described in paragraph 45 of Plaintiff's Original Complaint was Plaintiff's second child. Defendant admits that Plaintiff requested and was approved for a one-semester MID for the Fall 2018 semester following childbirth.

46.    For paragraph 46, Defendant admits that Plaintiff's application for tenure was considered accelerated. Defendant admits that Dean Wood's written assessment described Plaintiff's application for tenure as "two years early." Defendant denies that, at the time Plaintiff was applying for the position at UT Austin, ECE Department Chair Dr. Ahmed Tewfik specifically told Plaintiff that her prior employment at Texas A&M University would count towards Plaintiff's tenure review period at UT Austin. Defendant admits that Dr. Tewfik told Plaintiff that she could go up for promotion and tenure on the normal tenure clock. Defendant denies that Plaintiff went up for tenure on the normal

tenure clock. Having denied the accuracy of Plaintiff's characterization of what the UT Austin ECE Department Chair told Plaintiff when she was applying, Defendant denies that the Dean's statement "ignored" that "fact."

47.     For paragraph 47, Defendant admits that Plaintiff worked as an assistant professor at Texas A&M University from Fall 2011 through Fall 2013 (inclusive). Defendant admits that Plaintiff has worked as an assistant professor at UT Austin from Spring 2014 to the date of this court filing. Defendant admits that including every semester from Fall 2011 to Spring 2018 (inclusive) is seven years, but Defendant denies that years, as defined by UT Austin for purposes of probationary service, are calculated by aggregating individual semesters alone. Defendant admits that assistant professors at UT Austin must go up for review for promotion and tenure during their sixth year of probationary service. Defendant denies that probationary years and academic years are synonymous with each other. Defendant lacks sufficient knowledge or information to admit or deny the allegation that "most assistant professors" are normally considered for tenure during or before completing their fifth academic year as an assistant professor.

48.     For paragraph 48, Defendant admits the allegations in this paragraph.

49.     For paragraph 49, Defendant admits that, after the denial of tenure, the Dean of the School of Engineering recommended that Plaintiff not apply for tenure again for two years. Defendant denies the remaining allegations in this paragraph.

50.     For paragraph 50, Defendant denies the allegations in this paragraph.

51.     For paragraph 51, Defendant denies the allegations in this paragraph.

52.     For paragraph 52, Defendant admits that UT Austin has in the past given tenure to one male professor in the ECE Department who had less time in rank as an assistant professor than Plaintiff. Defendant denies that UT Austin applied more lenient and favorable standards to male professors in the ECE Department.

53.     For paragraph 53, Defendant denies that UT Austin has 53 tenured faculty members within the ECE Department. Defendant denies that UT Austin has 49 tenured male faculty members within the ECE Department. Defendant admits that UT Austin has four tenured female faculty members within the ECE Department.

54.     For paragraph 54, Defendant denies that the allegations in this paragraph.

55.     For paragraph 55, Defendant denies the allegations in this paragraph.

56.     For paragraph 56, Defendant admits that during the 2018–2019 academic year when UT Austin considered Plaintiff for promotion with tenure, Plaintiff was the only woman among the six promotional candidates from the ECE Department, but Defendant denies that all five of the other promotional candidates from the ECE Department involved a tenure consideration. Defendant admits that only one of the other five promotion candidates involved a tenure consideration.

57.     For paragraph 57, Defendant admits that, during the 2018–2019 academic year, UT Austin promoted the one male candidate within the ECE Department who was up for a tenure promotion. Defendant admits that it did not promote Plaintiff to the rank of Associate Professor with tenure during the same academic year, and Defendant admits that Plaintiff was told that she could re-apply for promotion and tenure in the future. Defendant lacks sufficient knowledge or information to admit or deny that Plaintiff was pregnant during the tenure review period and therefore denies the same.

58.     For paragraph 58, Defendant admits that UT Austin did not promote Plaintiff to the rank of Associate Professor with tenure and gave reasons for its decision. Defendant denies that the reasons UT Austin gave are false, misleading, or pretextual.

59.     For paragraph 59, Defendant admits that Plaintiff requested that CCAFR review President Gregory Fenves' decision not to promote Plaintiff to the rank of Associate Professor with tenure. Defendant denies that CCAFR functions as an appellate process or that it reviews tenure decisions. Defendant admits that, when requested, CCAFR may provide an advisory opinion to the UT Austin

President regarding whether, in CCAFR's judgment, the procedures followed in a tenure candidate's case accorded with both UT Austin's and commonly accepted professional standards for promotion and tenure. Defendant admits that a CCAFR subcommittee reviewed Plaintiff's complaint regarding UT Austin's "do not promote" decision in Plaintiff's promotion and tenure case. Defendant admits that the CCAFR subcommittee opined that some of Plaintiff's claims constituted a procedural violation of UT Austin's internal promotion and tenure guidelines, while others did not. Defendant admits that the CCAFR subcommittee opined that there was no procedural violation relating to Plaintiff's gender and pregnancy concerns. Defendant admits that the CCAFR subcommittee nevertheless opined that consideration be given to reversal of Plaintiff's tenure decision based in part on "the general implications for diversity." Defendant admits that the CCAFR subcommittee recommended "that the ECE department work with [another UT Austin employee] to conduct a substantial review of gender equity, diversity, and inclusion in the department."

## CAUSES OF ACTION SEX/PREGNANCY DISCRIMINATION

60.     For paragraph 60, this paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

61.     For paragraph 61, Defendant admits the allegations in this paragraph.

62.     For paragraph 62, Defendant admits the allegations in this paragraph.

63.     For paragraph 63, Defendant denies that UT Austin violated federal law, including Title VII. Defendant denies that UT Austin discriminated against Plaintiff because of her sex or pregnancy. Defendant admits that Title VII, 42 U.S.C. § 2000e(k), specifically provides: "The terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or

16

inability to work, and nothing in section 2000e-2(h) of this title shall be interpreted to permit otherwise. This subsection shall not require an employer to pay for health insurance benefits for abortion, except where the life of the mother would be endangered if the fetus were carried to term, or except where medical complications have arisen from an abortion: *Provided*, That nothing herein shall preclude an employer from providing abortion benefits or otherwise affect bargaining agreements in regard to abortion." Defendant denies the remaining allegations in this paragraph.

### DAMAGES

64. For paragraph 64, this paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required. To the extent a response is required, Defendant denies that UT Austin violated the law, including Title VII, and Defendant denies that Plaintiff is entitled to any relief in this lawsuit.

### PRAYER FOR RELIEF

Plaintiff's Prayer for Relief contains only assertions of law, conclusory statements, or arguments to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested.

### DEFENDANT'S DEFENSES

Pleading further, Defendant asserts that it is entitled to the following affirmative and other defenses:

1. Defendant asserts that it had legitimate, non-discriminatory reasons for all employment actions affecting Plaintiff that she contends were unlawful.

2. Defendant asserts that its decisions and actions regarding Plaintiff were wholly appropriate and these same decisions and actions would have been taken regardless of any allegedly unlawful motives, including sex and pregnancy discrimination.

3.      Defendant asserts its actions relevant to the causes of action asserted in the Complaint were done in good faith and without malice, willfulness, or intent.

4.      Defendant asserts that any practice or policy challenged in this lawsuit (including UT Austin's MID policy and probationary extension policy) did not have an adverse effect on Plaintiff, nor does any such challenged practice or policy have a disproportionately adverse effect on either women or pregnant women specifically.

5.      Defendant asserts that any practice or policy challenged in this lawsuit (including UT Austin's MID policy and probationary extension policy) was job-related for the position in question and consistent with business necessity.

6.      Defendant asserts that Plaintiff's claims are subject to all applicable statutory limitations, including the exemption of a government, government agency, or political subdivision from punitive damages.

7.      Defendant asserts that Plaintiff has failed to mitigate her damages, if any.

8.      Defendant reserves the right to assert additional defenses as those defenses may become known during the factual development of this case.

## DEFENDANT'S JURY DEMAND

Should this case proceed to trial, Defendant respectfully demands a jury trial on all triable issues.

## DEFENDANT'S PRAYER

Defendant prays that Plaintiff take nothing by this suit, that all costs be taxed and adjudged against Plaintiff, that Defendant recover its costs of suit and reasonable attorneys' fees, and that Defendant be granted such other and further relief to which it justly may be entitled.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**DARREN L. MCCARTY**
Deputy Attorney General for Civil Litigation

**THOMAS A. ALBRIGHT**
Chief for General Litigation Division

*/s/ Benjamin L. Dower*
**BENJAMIN L. DOWER**
Assistant Attorney General
Texas State Bar No. 24082931
Southern District ID 1742612
benjamin.dower@oag.texas.gov

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2019, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ Benjamin L. Dower*
**BENJAMIN L. DOWER**
Assistant Attorney General