UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EVDOKIA NIKOLOVA<br>    Plaintiff, | §<br>§<br>§ |
| V. | §     CASE NO. 1:19-cv-00877-RP |
| | § |
| UNIVERSITY OF TEXAS AT AUSTIN,<br>    Defendant. | §<br>§<br>§ |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE ROBERT PITMAN:

Evdokia Nikolova, Ph.D., ("Dr. Nikolova" or "Plaintiff") files this First Amended Complaint against The University of Texas at Austin, ("UT Austin" or "Defendant") and shows the Court and Jury as follows:

## INTRODUCTION

1.  This is an employment discrimination and retaliation case. Defendant UT Austin hired Dr. Nikolova as an assistant professor in the Department of Electrical and Computer Engineering ("ECE Department"). In spite of her outstanding accomplishments recognized by the ECE Department, the School of Engineering, and leading scholars in her field, UT Austin denied tenure to Dr. Nikolova. Dr. Nikolova is a female who became pregnant during her pre-tenure review period at UT Austin. UT Austin treated Dr. Nikolova differently requiring her to meet a higher standard than male faculty members, as well as female faculty members who did not become pregnant during their pre-tenure review period of employment at UT Austin. A UT Austin faculty committee, the Committee of Counsel on Academic Freedom and Responsibility ("CCAFR"), reviewed Dr. Nikolova's tenure case and recommended serious consideration be given to reversing the denial of tenure, as well as citing the need to "conduct a substantial review

1

of gender equity, diversity, and inclusion in the department." Dr. Nikolova attempted to work with UT Austin to resolve this matter without filing a lawsuit but UT Austin refused. Additionally, UT Austin retaliated against Dr. Nikolova after she opposed sex and pregnancy discrimination both internally and by filing a charge of discrimination with the EEOC and this suit in federal court. Dr. Nikolova brings this suit to help end UT Austin's discriminatory practices and policies against female and pregnant female faculty and employees, including those who want to have a family. Dr. Nikolova also brings this suit because of the damage to her and her career caused by UT Austin's illegal discriminatory actions.

## JURISDICTION AND VENUE

2. This action involves a federal question under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et sec., as amended, including the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k), the Equal Pay Act, 29 U.S.C. §206(d)(1), and Chapter 21 of the Texas Labor Code. As such, jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331,1343(3), and 1367.

3. Venue is proper within the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1391 because the events establishing the basis for Plaintiff's cause of action occurred within Travis County, Texas in the Western District of Texas, Austin Division.

## JURY DEMAND

4. Plaintiff previously requested a jury trial.

## PARTIES

5. Plaintiff Evdokia Nikolova is an individual who at all relevant times has been employed by Defendant University of Texas at Austin and may be served through her counsel of record in this case.

6. Defendant University of Texas at Austin is a governmental entity established under the laws of the state of Texas and that is located in Austin, Texas. Defendant may be served through its attorney of record in this case.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES
## AND TIMELINESS OF SUIT

7. Plaintiff filed a Charge of Discrimination within 180 days and 300 days of Defendant's illegal actions concerning her employment. The Charge was dual filed with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission, Civil Rights Division ("TWC"). On June 19, 2019, Plaintiff received a "Notice of Right to Sue" letter from the EEOC. This suit was filed within 90 days of Plaintiff's receipt of that notice and within two years from the date that Plaintiff filed a charge of discrimination.

## FACTS

8. UT Austin recruited Dr. Nikolova to work as a tenure track assistant professor in the Department of Electrical and Computer Engineering (ECE). She began working at UT Austin in January 2014. Dr. Nikolova's academic focus includes examining how human risk aversion transforms traditional computational models and solutions. Her research and scholarship seeks to improve the design and efficiency of complex systems (such as networks and electronic markets), with applications in the areas of transportation and energy.

9. Dr. Nikolova's degrees include a BA in Applied Mathematics with Economics from Harvard University, an MS in Mathematics from Cambridge University, U.K. and a Ph.D. in Computer Science from MIT.

10. Before working at UT Austin, Dr. Nikolova was as an assistant professor at Texas A&M for two and a half years, beginning in the fall of 2011.

11. At and around the time that UT Austin was recruiting, and prior to hiring, Dr.

Nikolova, the ECE Department Chair, Dr. Ahmed Tewfik, told Dr. Nikolova that her prior experience as an assistant professor at A&M would count towards her tenure review period and that she would be able to go up for tenure on a normal tenure time clock, which began for Dr. Nikolova in the Fall of 2011.

12. Normally, assistant professors are considered for tenure in their sixth year, after having completed five academic years as an assistant professor.

13. UT Austin considered Dr. Nikolova for tenure and promotion in the 2018-2019 academic year; her eighth year.

14. Dr. Nikolova was considered for promotion after having completed seven academic years as an assistant professor; four and a half of which were at UT Austin and two and a half at Texas A&M University.

15. During her employment at UT, Dr. Nikolova had taken what UT Austin refers to as a "probationary extension" and "modified instructional duty" ("MID") for pregnancy and childbirth, in the 2015-16 academic year.

16. The probationary extension policy is designed to provide assistant professors whose families have a new child with an additional year during the tenure review period. The policy applies to both female professors who give birth to a new child, as well as male professors whose spouse gives birth to a new child. The policy also applies to professors who adopt a child.

17. The MID policy allows female professors who give birth to a new child, as well as male professors whose spouse gives birth to a new child, to not teach for a semester. The policy also applies to professors who adopt a child.

18. UT Austin represents to faculty considering taking the probationary extension or MID that taking either or both will have no negative impact on an assistant professor in the tenure

review process.

19. When Dr. Nikolova was considered for tenure, UT Austin's ECE Department voted almost unanimously in favor of tenure and issued reports that described Dr. Nikolova as an outstanding professor.

20. In top tier research universities like UT Austin, a primary consideration for tenure is a professor's research accomplishments.

21. The Budget Council for UT Austin's ECE department, which is made up of all the full professors within the department, issued a report on Dr. Nikolova's research, which found that:

> "Assistant Professor Evdokia Nikolova leads a world-class research program . . . Dr. Nikolova has made foundational contributions in understanding the resulting equilibria, with important implications in many areas, e.g., the design of road tolls. She has a solid publication record, with 30 conference papers and 4 journal papers. Her work has received high recognition in academia (e.g., NSF CAREER Award 2014) and industry (e.g., Google Faculty Research Award 2013). Dr. Nikolova's research accomplishments clearly support her promotion to Associate Professor with tenure. Her publications and awards amply demonstrate that she is deserving of promotion."

22. UT Austin also received numerous letters supporting Dr. Nikolova's tenure and promotion from leading scholars in her field of study from other top academic institutions.

23. UT Austin received a strong letter of support for Dr. Nikolova from Professor Manuel Blum, one the most influential computer scientists in the world, a member of the National Academy of Science, and a recipient of the Turing Award, the highest distinction in computer science, regarded as "the Nobel Prize for computing."

24. Professor Blum wrote that Dr. Nikolova "is highly regarded in her field. . . . Her research has been published in both high impact journals and peer reviewed conference proceedings. . . . You could not find a better role model for your students."

25. UT Austin's ECE Department Budget Council also regarded Dr. Nikolova as

outstanding in the area of teaching.

26. The Budget Council report on teaching found that:

"Dr. Nikolova is passionate about teaching, which comes across to her students and results in a highly effective style. Her teaching record clearly exceeds the expectation for an Assistant Professor in the Department of Electrical and Computer Engineering."

27. The Budget Council report favorably discussed Dr. Nikolova's "team effort" to improve a "high-demand undergrad course" and found that her undergraduate teaching scores were in line with others who had taught the course.

28. The Budget Council report on teaching also found that "Dr. Nikolova has contributed in many other ways to the department's teaching mission, including reaching newly enrolling students through Camp Texas and teaching future students through the Edison Lecture Series." The Edison Lecture Series is a program for high school and middle school students of all backgrounds to help expose them to the fields of engineering and science, as well as to UT Austin.

29. The teaching report also found that Dr. Nikolova had introduced "two much needed graduate courses . . . filling a . . . gap in formal algorithm instruction in the ECE department." The report stated that Dr. Nikolova's student teaching evaluation scores in the graduate courses she taught were high.

30. UT Austin's ECE Department Budget Council also issued a strong report regarding Dr. Nikolova's service to the university and the academic community, stating that, "Prof. Nikolova has made immense contributions to the Department and the University serving in various roles."

31. The Budget Council found that Dr. Nikolova has "been extraordinarily engaged in professional service to the international academic community via organization of many prestigious workshops."

32. This professional service included Dr. Nikolova's high-profile role as co-organizer

of the Simons Institute's semester on Real-Time Decision Making at the University of California at Berkeley.

33. Ultimately, the Budget Council stated that "[i]n summary, Prof. Nikolova has performed service to the University and the professional community that is significantly above the level of an assistant professor."

34. UT Austin's Chair of the ECE Department also recommended that Dr. Nikolova be granted tenure, stating that, "I strongly endorse her promotion to associate professor with tenure."

35. The UT Department Chair noted that Dr. Nikolova compared very favorably "to her most prominent peers at the first-tier departments in Electrical and Computer Engineering."

36. UT Austin's entire ECE Department Budget Council voted almost unanimously in favor of Dr. Nikolova's promotion and tenure, 32 voting "Yes," one voting "No," and two abstentions.  The ECE Department's associate professors voted unanimously in favor of Dr. Nikolova's tenure with all ten voting "Yes."

37. After a tenure candidate is reviewed by her or his individual department, the assistant professor is then considered for tenure and promotion by a faculty committee representing the entire "school" in which the department is located. The ECE Department is within UT Austin's Cockrell School of Engineering.

38. The Cockrell School of Engineering's Tenure and Promotion Committee also unanimously voted in favor of tenure and promotion, with all seven voting "Yes."

39. After the school's tenure and promotion committee considers a tenure candidate, the dean of the school considers the candidate and makes a recommendation on tenure and promotion.

40. In spite of the overwhelming support for Dr. Nikolova from the ECE Department

and the School of Engineering's tenure and promotion committee, on or about November 20, 2018, UT Austin's Dean of the School of Engineering recommended against what she referred to as Dr. Nikolova's "early promotion" for tenure.

41. The Dean stated that "[i]f this were an up-or-out case, I would likely agree with the recommendation of the Promotion and Tenure committee. However, Dr. Nikolova is being considered for promotion at UT Austin two years early."

42. The Dean's referral to Dr. Nikolova's tenure and promotion as "early" was based in part on Dr. Nikolova's probationary extension for her pregnancy, which is not supposed to be used against assistant professors during the tenure review process.

43. Although taking the probationary extension for childbirth is not supposed to be used against the faculty member, in fact UT applied an even higher standard to Dr. Nikolova because she had taken the additional year during her first pregnancy.

44. As part of the Dean's assessment in which she recommended against tenure for Dr. Nikolova, the Dean specifically mentioned that Dr. Nikolova became pregnant during the 2015 Fall semester as part of her reasoning to deny tenure to Dr. Nikolova.

45. The probationary extension, the MID policy and other policies and practices applied by UT Austin have the effect of discriminating against female assistant professors and/or those who become pregnant during their tenure review time period compared with other assistant professors. UT Austin's promotional processes that purport to be facially neutral have been applied in a manner that has resulted in a disparate impact against female faculty and/or pregnant faculty in favor of male or non-pregnant faculty.

46. Dr. Nikolova also became pregnant with her second child during the 2017 Fall semester. She did not take a probationary extension for the birth of her second child. Dr. Nikolova

did take her one-semester MID for this pregnancy.

47.     The Dean's statement that Dr. Nikolova's application for tenure was "early" also ignored the fact that the UT Austin ECE Department Chair had specifically told Dr. Nikolova at the time she was applying for the position that her prior service as an assistant professor at Texas A&M would be counted towards her tenure and that she would go up for tenure on a normal tenure clock after her fifth academic year.

48.     Dr. Nikolova had completed her seventh academic year as an assistant professor when she went through the tenure review process, two years after most assistant professors are normally considered for tenure.

49.     On or about February 18, 2019, Dr. Nikolova received notification that UT Austin and its president, Gregory Fenves, decided to not approve her application for promotion and tenure.

50.     After the denial of tenure, the Dean of the School of Engineering recommended that Dr. Nikolova not apply for tenure again for another two years, meaning that she would be in her 10th academic year (after completing nine years as an Assistant Professor) by the time she would be considered for tenure again, a time frame in which many faculty are promoted to full professors.

51.     UT Austin treated Dr. Nikolova differently and subjected her to a higher level of scrutiny than it did for male assistant professors, as well as for female assistant professors who had not become pregnant and had not taken the probationary extension leave for pregnancy.

52.     The UT Austin faculty who were given more favorable treatment include at least two male professors in the ECE Department and at least one female professor (who had not been pregnant) within the School of Engineering who in recent years UT Austin had approved for "early" tenure.

53. UT Austin also awarded tenure to other male professors in the ECE department with less time as an assistant professor than Dr. Nikolova and applied more lenient and favorable standards.

54. Upon information and belief, UT Austin has 53 tenured faculty members within the ECE Department. Of those, 49 are men or 92.5 percent, and only four (7.5 percent) are women.

55. Since 2013-2014 when Dr. Nikolova first interviewed at UT Austin, on information and belief, nine male assistant professors have gone up for tenure and UT Austin approved tenure or conditional tenure to all of these male professors.

56. During this same time period, only two women in the ECE Department, including Dr. Nikolova, were candidates for tenure and both women were not awarded tenure or promotion.

57. During the 2018-2019 academic year when UT Austin considered Dr. Nikolova for tenure, Dr. Nikolova was the only woman among the six promotion candidates from the ECE department.

58. UT Austin granted promotion to all of the male candidates within the ECE department but denied promotion to Dr. Nikolova, the only female candidate and the only candidate that was pregnant during her tenure review period.

59. The reasons UT gave for the denial of Dr. Nikolova's tenure and promotion are false, misleading and pretextual.

60. Dr. Nikolova appealed UT Austin's decision to deny tenure to CCAFR, a faculty committee that reviews tenure decisions. After reviewing Dr. Nikolova's case, CCAFR listed its concerns with UT Austin's actions and purported justifications for denying Dr. Nikolova tenure. CCAFR stated they were concerned and recommended serious consideration of the reversal of the tenure denial as well as the need to "conduct a substantial review of gender equity, diversity, and

inclusion in the department."

**CAUSES OF ACTION**
**SEX/PREGNANCY DISCRIMINATION**

61. Dr. Nikolova reasserts and incorporates the allegations contained in this complaint as if fully stated herein. Each individual cause of action is pled in addition or in the alternative to the other claims in this complaint.

62. Dr. Nikolova was an employee within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e et seq., as amended ("Title VII") and the Texas Commission on Human Rights Act ("TCHRA"), chapter 21, Texas Labor Code.

63. UT Austin is an employer within the meaning of Title VII and the TCHRA.

64. UT Austin violated Texas and federal law, including Title VII and the TCHRA, by discriminating against Dr. Nikolova because of her sex (female) and pregnancy. Title VII, 42 U.S.C. § 2000e(k) and Tex. Labor Code § 21.106 specifically provide that discrimination because of sex includes (but is not limited to) because of or on the basis of pregnancy, childbirth, or related medical conditions and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes. UT Austin discriminated against Dr. Nikolova both by disparate treatment and disparate impact in its actions and policies compared with the treatment of male faculty, female faculty who did not become pregnant, and/or pregnant female faculty that did not take the probationary extension or MID for pregnancy during their pre-tenure review period as assistant professors. These actions and policies include but are not limited to: (a) characterizing Dr. Nikolova's tenure application as "early" and the resulting harms from that designation; (b) denying tenure and promotion to Dr. Nikolova; (c) treating Dr. Nikolova disparately in the terms and conditions of her employment in the manner of evaluation, promotion, and retention; (d) the policies and practices of UT Austin, the Cockrell School of Engineering,

11

and/or the ECE Department relating to tenure and promotion, probationary extension for the birth of a child, MID; and (e) other policies and practices regarding how UT Austin treats, employs, evaluates, reviews, promotes, compensates, and retains male and female faculty and female faculty that are pregnant, who take a probationary extension or MID for pregnancy during their pre-tenure review period as assistant professors, and in other terms and conditions of employment.

## RETALIATION

65. Plaintiff reasserts and incorporates the allegations contained in this complaint as if fully stated herein. This cause of action is in addition, or in the alternative, to the other claims in this complaint.

66. It is illegal under Title VII and the TCHRA for an employer to retaliate or discriminate against an employee who has opposed sex and pregnancy discrimination, made or filed a charge of discrimination, or testified, assisted, or participated in any manner in an investigation, proceeding, or hearing related to a violation of Title VII or the TCHRA.

67. UT Austin policies also provide that a faculty or staff member "who retaliates in any way" against an individual who has made a complaint of discrimination is subject to disciplinary action up to and including dismissal from the University.

68. After the Dean of the School of Engineering recommended against Dr. Nikolova's application for promotion and tenure and the President agreed (in spite of the strong positive recommendations for tenure by the ECE Department Chair, Budget Committee, the Cockrell School of Engineering's Tenure and Promotion Committee, and numerous professors from other universities), Dr. Nikolova raised concerns internally at UT Austin and opposed what she in good faith believed was discrimination because of sex and/or pregnancy.

69. UT Austin's administration failed to acknowledge, respond to or address Dr.

Nikolova's concerns raised internally about sex and pregnancy discrimination.

70. After UT Austin's administration failed to acknowledge, respond to or address Dr. Nikolova's internal concerns about sex and pregnancy discrimination, Dr. Nikolova filed a charge of discrimination with the EEOC.

71. UT Austin's administration failed to respond to or address Dr. Nikolova's charge of discrimination filed with the EEOC.

72. After UT Austin administration failed to respond to or address Dr. Nikolova's charge of discrimination filed with the EEOC, Dr. Nikolova filed this lawsuit.

73. UT Austin, including but not limited to President Gregory Fenves, the Office of the Provost, the Dean of the School of Engineering, Sharon Wood, former ECE Department Chair Ahmed Tewfik, and ECE Professor Christine Julien, were aware that Dr. Nikolova opposed sex and pregnancy discrimination internally at UT and filed a charge of discrimination and this lawsuit.

74. Although UT Austin policies state that the University does not discriminate or retaliate against its employees, after Dr. Nikolova opposed UT Austin's discriminatory practices internally and filed a charge of discrimination and this lawsuit, UT Austin began retaliating against Dr. Nikolova, who remains an employee and an assistant professor at the University.

75. Before Dr. Nikolova had raised concerns and opposed sex and pregnancy discrimination at UT, Professor Julien and other ECE professors gave Dr. Nikolova extremely positive teaching evaluations.

76. After Dr. Nikolova opposed sex and pregnancy discrimination internally at UT, the former ECE Department Chair Tewfik assigned Professor Julien to do a "Peer Teaching Evaluation" of Dr. Nikolova. Unlike the previous positive evaluations of Dr. Nikolova's teaching, Professor Julien gave Dr. Nikolova a negative and unflattering teaching evaluation. The negative

evaluation was not accurate, was performed at the "last minute" very late in the semester when students were preparing for or taking finals and are often less engaged in a course, did not take into account the nature of the course, and had other irregularities.

77. In September 2019, approximately two weeks after this lawsuit was filed, Dean of Engineering Wood appointed ECE Professor Julien as the Cockrell School of Engineering's first ever Assistant Dean for Diversity, Equity and Inclusion.

78. Based on information and belief, Dean Wood and Professor/Assistant Dean Julien discuss and work together on issues of diversity and inclusion and have communicated about Dr. Nikolova's internal complaints of sex and pregnancy discrimination, charge of discrimination, and/or lawsuit, and how to defend against and refute Dr. Nikolova's concerns and protect UT Austin.

79. Although Professor/Assistant Dean Julien now is responsible for diversity, inclusion and equity for the School of Engineering and is aware that Dr. Nikolova raised concerns regarding sex and pregnancy discrimination, Professor/Assistant Dean Julien has never spoken with or in any way reached out to Dr. Nikolova regarding her concerns of sex and pregnancy discrimination.

80. After Professor Julien was appointed Assistant Dean of Diversity, Equity and Inclusion, Professor Julien as the Chair of the ECE Faculty Evaluation Committee performed an annual faculty evaluation of Dr. Nikolova for the Spring 2019. The evaluation was provided to Dr. Nikolova in or about June 2020, a full year after the period being reviewed.

81. Before Dr. Nikolova opposed sex and pregnancy discrimination, filed her charge of discrimination and this lawsuit, Dr. Nikolova received positive annual reviews. Unlike the previous positive annual reviews of Dr. Nikolova, Professor Julien and the ECE Faculty Evaluation

Committee gave Dr. Nikolova a "modest" and unflattering annual evaluation in June 2020. The annual evaluation was not accurate and diminished or negatively mischaracterized aspects of Dr. Nikolova's performance that had previously been regarded in a highly positive manner, especially since the 2018-2019 academic year was one of Dr. Nikolova's most productive years.

82. Getting a negative, modest or unflattering teaching evaluation or annual evaluation is highly detrimental to a tenure track professor applying for tenure and promotion, and would dissuade a reasonable professor from making or supporting a claim, charge or complaint of discrimination.

83. In addition to the above examples of retaliation, UT Austin has retaliated against Dr. Nikolova in other ways, including relating to teaching duties. For example, in September 2019 Dr. Nikolova was on MID because she was pregnant with her third child. After the Fall 2019 semester had already started and two weeks before Dr. Nikolova was scheduled to give birth to her child, UT Austin and the office of the Dean of the School of Engineering changed the University MID policy to require Dr. Nikolova to perform additional instructional responsibilities of supervising a senior design team of six students while she was to be out giving birth and caring for her newborn child. In previous semesters (for at least the previous 3 years) no male or female professors on MID had been required to supervise senior design, which is part of the instructional duty of a professor and which MID had previously served to relieve.

84. Former ECE Department Chair Tewfik stated that the "College" was "insisting" on her supervising the design team and he compared Dr. Nikolova's situation to a male professor whose wife had a baby over the summer and who would be on MID during the Fall 2019 semester. The male professor's circumstances were considerably different from Dr. Nikolova's situation, however, because the male professor's *wife*, not the male professor, actually gave birth.

Additionally, the male professor's child had been born in mid-July, rather than during the semester when Dr. Nikolova's child would be born. Unlike Dr. Nikolova, the male professor would not be going through a hospital stay, physical pain, bleeding, weakness, etc. from child birth and would not need time for breastfeeding and the other demands that occur in the first months after the birth of a newborn baby.

85. Defendant UT Austin has retaliated against Dr. Nikolova in violation of Title VII and the TCHRA.

## VIOLATION OF EQUAL PAY ACT

86. Plaintiff reasserts and incorporates the allegations contained in this complaint as if fully stated herein. This cause of action is in addition, or in the alternative, to the other claims in this complaint.

87. The Equal Pay Act, 29 U.S.C. §206(d)(1), requires that an employer provide women and men equal pay for equal work.

88. In spite of being similarly situated to other male assistant professors in the ECE Department and performing the same job with equal skill, effort and responsibility, Defendant UT Austin compensated Dr. Nikolova less than all other similarly situated male assistant professors.

89. On information and belief, Dr. Nikolova is the second lowest paid assistant professor in the ECE Department, and has been paid less than all her male colleagues hired at the same time as or before her, and lower than all but one hired after her.

90. Defendant UT Austin's unlawful acts have denied Dr. Nikolova equal compensation in violation of the Equal Pay Act.

## DAMAGES

91. As a result of UT Austin's violations of law, including Title VII, the TCHRA, and

the Equal Pay Act, Dr. Nikolova has suffered actual damages in the form of lost compensation, wages, benefits and other economic damages (past and future). Dr. Nikolova has also suffered compensatory damages, including loss of standing in the community, damage to reputation, loss of career advancement, emotional pain and suffering, loss of enjoyment of life, mental anguish and other losses. As a result of UT Austin's violations of law, Dr. Nikolova requests the Court to enter an order for all actual, economic, compensatory, liquidated, and other damages or remedies, equitable, statutory or otherwise, and attorney fees, expert fees, expenses and costs, that Dr. Nikolova proves are appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Dr. Nikolova respectfully prays that UT Austin be cited and called to answer, and that on final judgment Dr. Nikolova be granted relief under Texas and Federal law, including:

a) Damages for lost wages and benefits, past and future;

b) Compensatory damages;

c) Liquidated damages;

d) Damages for damage to reputation, emotional distress and mental anguish, past and future;

e) Equitable remedies, including tenure and promotion;

f) Attorney fees, expert fees, expenses and costs of suit;

g) Interest allowed by law;

h) General damages;

i) Special damages;

k) An order requiring UT Austin to change and cease using its employment

and tenure policies to discriminate against female employees generally, as well as those who become pregnant.

l) Such other and further relief that is proven to be appropriate.

Respectfully submitted,

CREWS LAW FIRM, P.C.
701 Brazos, Suite 900
Austin, Texas 78701
(512) 346-7077
(512) 342-0007 (Fax)
schmidt@crewsfirm.com


By:  /s/  Robert W. Schmidt
Robert W. Schmidt
State Bar No. 17775429
Joe K. Crews
State Bar No. 05072500

 /s/ Robert Notzon
Robert Notzon
The Law Office of Robert Notzon
Texas Bar No. 00797934
1502 West Avenue
Austin, Texas 78701
(512) 474-7563
(512) 852-4788 facsimile

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2020, this document was served pursuant to Federal Rules of Civil Procedure on counsel for Defendants at the following address:

Benjamin L. Dower
Assistant Attorney General
Office of the Attorney General of Texas
General Litigation Division
P.O. Box 12548
Capitol Station,
Austin, Texas 78711-2548
Fax (512) 320-0667
benjamin.dower@oag.texas.gov


By:   /s/   Robert W. Schmidt