IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Evdokia Nikolova,<br>    *Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No.: 1:19-CV-00877 |
| University of Texas at Austin,<br>    *Defendant.* | §<br>§<br>§ | |

**DEFENDANT'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

TO THE HONORABLE JUDGE ROBERT PITMAN:

Defendant The University of Texas at Austin ("UT Austin") respectfully moves to dismiss the discrimination and retaliation claims brought against it by Plaintiff Evdokia Nikolova ("Dr. Nikolova") under the Texas Commission on Human Rights Act ("TCHRA") for lack of subject-matter jurisdiction. These claims were newly added to the First Amended Complaint. *Compare* Dkt. #1, ¶¶60–63, *with* Dkt. #21, ¶¶61–85. UT Austin is entitled to Eleventh Amendment immunity[1] from TCHRA claims in federal court. UT Austin also moves to dismiss the claim brought under the Equal Pay Act for failure to state a claim upon which relief can be granted. Like the TCHRA claims, this is a new addition to the First Amended Complaint. *Compare* Dkt. #1, *with* Dkt. #21, ¶¶86–90. Dr. Nikolova fails to state a claim under the Equal Pay Act because she has not alleged facts sufficient for the Court to reasonably conclude that UT Austin pays her less than any similarly situated person. In further support, UT Austin respectfully shows the Court as follows:

---

[1] Although often referred to as "Eleventh Amendment immunity" as a convenient shorthand, the phrase is "something of a misnomer, for the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment." *Alden v. Maine*, 527 U.S. 706, 713 (1999). Because the terms are effectively synonyms and the cases cited herein are not entirely consistent in their parlance, this motion may refer to "Eleventh Amendment immunity" and "sovereign immunity" interchangeably.

### I.     MOTION TO PARTIALLY DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

**A.     Standard of Review**

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). When the court lacks the statutory or constitutional power to adjudicate a case, the case is properly dismissed for lack of subject-matter jurisdiction. *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.*

**B.     Arguments & Authorities**

As a state entity, UT Austin is entitled to sovereign immunity from suit absent the State's own express waiver or Congressional abrogation. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). The TCHRA (TEX. LAB. CODE § 21.001, *et seq.*) "does not expressly waive sovereign immunity in *federal* court." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 332 (5th Cir. 2002) (emphasis in original); *see also Hernandez v. Tex. Dep't. of Human Servs.*, No. 03-51227, 91 F. App'x 934, 935 (5th Cir. 2004) (unpublished) ("This Court clearly held that the TCHRA does not waive Texas' Eleventh Amendment immunity."). Nor has Congress abrogated immunity. *Dugger v. Stephen F. Austin State Univ.*, 232 F. Supp. 3d 938, 953–54 (E.D. Tex. 2017) ("The State of Texas has not provided a clear and unambiguous waiver of its immunity from suit in a federal court with regard to retaliation claims under . . . the Texas Labor Code, nor has Congress abrogated the State's right under the Eleventh Amendment not to be so sued"). Therefore, lacking either State waiver or Congressional abrogation, Plaintiff's discrimination and retaliation claims under the TCHRA are jurisdictionally barred.[2]

---

[2] *See also, e.g., Pendleton v. Prairie View A&M Univ.*, 121 F. Supp. 3d 758, 762–63 (S.D. Tex. 2015) ("Texas also has not consented to suit in federal court on claims under the Texas Labor Code"); *Cephus v. Tex. Health & Human Servs. Comm'n*, 146 F. Supp.3d 818, 829–30 (S.D. Tex. 2015) (noting that "while the

## II. MOTION TO PARTIALLY DISMISS FOR FAILURE TO STATE A CLAIM

**A.  Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While courts must accept all factual allegations as true, they "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Iqbal*, 556 U.S. at 679.

**B.  Arguments & Authorities**

Under the Equal Pay Act, Plaintiff must allege facts showing that "(1) her employer is subject to the Act; (2) she performed work in a position requiring equal skill, effort, and responsibility under similar working conditions; and (3) she was paid less than the employee of the opposite sex providing the basis of comparison." *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993). To overcome a motion to dismiss, Plaintiff must allege facts creating the reasonable inference that she performed equal work under similar working conditions as a similarly situated male employee. *See id.*; *Espinoza v. San Benito Consol. Indep. Sch. Dist.*, No. 1:14-CV-115, 2016 WL 10734393, at *4 (S.D. Tex. Dec. 8, 2016) (dismissing plaintiffs' Equal Pay Act claim under FED. R. CIV. P. 12(b)(6) because they failed to make a prima facie case when they did not "demonstrate[] that they performed work in a position requiring equal skill, effort, and responsibility" as the purported comparator); *see also Jones v. Flagship Int'l*, 793

---

Texas Labor Code waives sovereign immunity for claims under the Labor Code in state court, it does not waive immunity in federal court").

F.2d 714, 723 (5th Cir. 1986). Instantly, Plaintiff's factual allegations do not create this inference, and therefore she fails to state a claim.

For a potential comparator to be similarly situated for the purposes of comparing their pay, Plaintiff must allege facts showing that the "skill, effort, and responsibility" required for her job is "substantially equal" to that of her male comparator. *Espinoza*, 2016 WL 10734393, at *4 (internal quotations omitted). "The [Equal Pay] Act necessarily requires a plaintiff to compare h[er] skill, effort, responsibility and salary with a person who is or was similarly situated." *Id.* (citing *Flagship Int'l*, 793 F.2d at 723). "[A] showing of 'equal work' requires a factor-by-factor comparison of the jobs at issue, and the plaintiff must identify at least one male comparator for purposes of the inquiry." *Browning v. Sw. Research Inst.*, Civ. No. SA-05-CA-0245-FB, 2006 WL 8434061, at *9 (W.D. Tex. Oct. 6, 2006) (adopted by *Browning v. Sw. Research Inst.*, No. SA-05-CA-0245-FB, 2007 WL 9702972 (W.D. Tex. March 1, 2007)).

If the complaint does not plausibly allege that the plaintiff's job duties were the same as that of the comparator, she has not plausibly alleged that they performed equal work under equal conditions with equal skill. *See Espinoza v. San Benito Consol. Indep. Sch. Dist.*, 753 F. App'x 216, 219–220 (5th Cir. 2018). A plaintiff cannot survive a motion to dismiss by offering a generic description of job responsibilities she shares with a coworker with the same job title. *See Taylor v. Texas Southern Univ.*, No. H-19-1225, 2019 WL 4394696, at *3 (S.D. Tex. Sept. 13, 2019) (slip op.) (citing *Espinoza*, 753 F. App'x at 220). To put it simply: to create the requisite inference of a discriminatory pay disparity, the plaintiff must allege facts that are sufficient for the Court to conclude that this is a genuine apples-to-apples comparison. Otherwise, the plaintiff will have alleged only unequal pay for unequal work, which does not violate the law.

Here, Plaintiff declares as purported comparators: "all other similarly situated male assistant professors."[3] Dkt. #21, 16. A plaintiff's obligation to provide grounds for her entitlement to relief requires more than labels and conclusions, and this conclusory allegation amounts to little more than a "formulaic recitation of the elements." *See Twombly*, 550 U.S. at 555. Instantly, Plaintiff fails to provide any description of her purported comparators roles and responsibilities, and Plaintiff certainly has not plausibly alleged facts sufficient to create the reasonable inference that she and specific comparators performed jobs with equal skill, effort, and responsibility. *See Espinoza*, 753 F. App'x at 219–20; *see also Browning*, 2006 WL 8434061, at *9 (holding that a plaintiff "must show the job requirements and performance of the two jobs were substantially equal"). Failing to provide even a basic description of either her or her alleged comparators' job duties, Plaintiff fails to allege facts sufficient to support the reasonable inference that she and "all other . . . male assistant professors" are similarly situated. *See* Dkt. #21; *Taylor*, 2019 WL 4394696, at *3. And without factual allegations sufficient for the Court to reasonably infer that Plaintiff performs the same job as the unspecified comparators, Plaintiff's contention that she is not paid the same as the unspecified comparators is insufficient to support the legal conclusion that UT Austin has violated the Equal Pay Act.

## PRAYER

For all these reasons, UT Austin respectfully asks the Court to dismiss Dr. Nikolova's discrimination and retaliation claims brought under the TCHRA for lack of subject-matter jurisdiction and to dismiss Dr. Nokilova's claim brought under the Equal Pay Act for failure to state a claim.

---

[3] Plaintiff's broad, general allegation leaves UT Austin in the untenable position of having to guess who—in a department of approximately 79 professors, including 19 assistant professors—Plaintiff has in mind as the relevant comparator. *See* The University of Texas at Austin Electrical and Computer Engineering Faculty website, https://www.ece.utexas.edu/people/faculty (last accessed July 10, 2020). And, of course, if Plaintiff does *not* have any individual specifically in mind, it raises the question of what basis Plaintiff has for asserting the existence of a pay disparity in the first place. Plaintiff's allegation fails on its face.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**RYAN L. BANGERT**
Deputy First Assistant Attorney General

**DARREN L. MCCARTY**
Deputy Attorney General for Civil Litigation

**THOMAS A. ALBRIGHT**
Chief for General Litigation Division

*/s/ Benjamin L. Dower*
**BENJAMIN L. DOWER**
Assistant Attorney General
Texas State Bar No. 24082931
benjamin.dower@oag.texas.gov

**AMY S. HILTON**
Assistant Attorney General
Texas State Bar No. 24097834
amy.hilton@oag.texas.gov

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667

**COUNSEL FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2020, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ Benjamin L. Dower*
**BENJAMIN L. DOWER**
Assistant Attorney General

6