UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EVDOKIA NIKOLOVA<br>    Plaintiff, | §<br>§<br>§ | |
| V. | § | CASE NO. 1:19-cv-00877-RP |
| | § | |
| UNIVERSITY OF TEXAS AT AUSTIN,<br>    Defendant. | §<br>§<br>§ | |

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

TO THE HONORABLE JUDGE ROBERT PITMAN:

The motion to dismiss filed by the University of Texas at Austin ("Defendant," "UT" or the "University") seeks: (1) dismissal of Plaintiff's state law claims based on 11th Amendment immunity; (2) dismissal of the Equal Pay Act claim filed by plaintiff Evdokia Nikolova ("Plaintiff" or "Dr. Nikolova"). Plaintiff does not contest and agrees to dismiss her state law claims. With regard to Plaintiff's Equal Pay Act claim, however, Dr. Nikolova has provided more than sufficient factual allegations to establish that UT Austin paid her less than her male counterparts for equal work. Defendant's motion to dismiss Dr. Nikolova's Equal Pay Act claim should be dismissed, or in the alternative, Plaintiff should be allowed to provide the Court with additional pleadings to further establish this claim.

### A.   Plaintiff Will Dismiss Her State Texas Labor Code Claims.

1.   Plaintiff does not contest Defendant's motion to dismiss Plaintiff's state law claims, specifically Plaintiff's claims of discrimination and retaliation under the Texas Commission on Human Rights Act, Chapter 21, Texas Labor Code. Plaintiff agrees to dismiss

these state law claims and file an amended complaint without these state law claims as permitted by the Court.  *See* Plaintiff's Second Amended Complaint, Exhibit A.

2. Defendant does not move for dismissal of Plaintiff's federal law claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), and Plaintiff specifically maintains all of her claims that Defendant discriminated and retaliated against her in violation of Title VII as set forth in Plaintiff's First Amended Complaint, as well as Plaintiff's claims under the Equal Pay Act.

**B.     Defendant Did Not Meet the High Standards for Dismissal under Rule 12(b)(6).**

"A motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Hernandez v. Baylor Univ.*, 274 F. Supp. 3d 602, 609 (W.D. Tex. 2017) (Pitman, J.) (citing Turner v. Pleasant, 663 F.3d 770, 775 (5th Cir. 2011); *see also, e.g., Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).  Such dismissal motions are disfavored and rarely granted because the standard for dismissal is so high.

"Under rules of procedure that have been well settled . . . a judge ruling on a defendant's motion to dismiss a complaint 'must accept as true all of the factual allegations contained in the complaint.'" *Twombly*, 550 U.S. at 572, 127 S. Ct. 1955, 1975 (2007) (citations omitted).  In addition to accepting all facts as true, the complaint must be liberally construed in favor of the plaintiff and view all well-pleaded facts "in the light most favorable to the plaintiff." *Leatherman*, 507 U.S. at 164; *Cox*, 577 Fed.Appx. at 310; *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief - including

factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cavillier v. Taylor*, 503 F.3d 397, 401 (5th Cir.2007) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). As the Supreme Court explained in *Ashcroft v. Iqbal*, "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. 662, 679 (2009). Importantly, the court should not evaluate the merits of the allegations, but must satisfy itself only that a plaintiff adequately pleads a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Plaintiff's pleadings in this case easily survive Defendant's challenge.

### C.   Plaintiff Has Easily Alleged More Than Sufficient Facts To State A Claim Under The Equal Pay Act.

Defendant's motion to dismiss Dr. Nikolova's claim under the Equal Pay Act ("EPA"), 29 U.S.C. §206(d)(1), argues that Plaintiff did not allege sufficient facts to create a sufficient inference that: 1) she performed the same job duties as male comparators; and 2) that Plaintiff did not allege sufficient comparators. Defendant is wrong on both accounts.

The EPA requires that an employer not discriminate "between employees on the basis of sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." *Id.* "In short, it demands that equal wages reward equal work." *Siler-Khodr v. Univ. of Tex. Health Sci. Ctr. San Antonio*, 261 F.3d 542, 546 (5th Cir. 2001) (citing *Corning Glass Works v. Brennan,* 417 U.S. 188, 195, 94 S. Ct. 2223, 41 L. Ed. 2d 1 (1974). To establish a prima facie case for wage discrimination under the EPA, a plaintiff must show that: "(1) her employer is subject to the Act; (2) she performed work in a position requiring equal skill, effort, and responsibility under similar

3

working conditions; and (3) she was paid less than the employee of the opposite sex providing the basis of comparison." *Chance v. Rice Univ.,* 984 F.2d 151, 153 (5th Cir. 1993). "To establish 'equal work,' the plaintiff need not prove that the duties performed are identical, but merely that the 'skill, effort and responsibility' required in the performance of the jobs is 'substantially equal.'" *Connor v. Office of the AG,* No. A-14-CV-961 LY, 2015 U.S. Dist. LEXIS 27174, at *5, 2015 WL 1004304 (W.D. Tex. 2015) (Austin, J.) (citing *Pearce v. Wichita County, City of Wichita Falls, Texas, Hospital Bd.*, 590 F.2d 128, 133 (5th Cir. 1979)); 29 C.F.R. 1620.13 ("The equal work standard does not require that compared jobs be identical, only that they be substantially equal."). Once a plaintiff has made her prima facie case by showing that an employer compensates employees differently for equal work, the burden shifts to the defendant to "prove by a preponderance of the evidence that the wage differential is justified under one of the four affirmative defenses set forth in the EPA." *Siler-Khodr*, 261 F.3d at 546; *Connor,* 2015 U.S. Dist. LEXIS 27174, at *4.

Defendant incorrectly states that Dr. Nikolova failed to allege "even a basic description of either her or her alleged comparators job duties" and that Plaintiff identifies her comparators as simply as "all other similarly situated male assistant professors." Defendant ignores numerous facts set forth in Plaintiff's First Amended Complaint. (Doc. 21)

Regarding Plaintiff's job description and duties, Plaintiff's First Amended Complaint provides numerous facts identifying her position including specifically that she is a "tenure track assistant professor in the Department of Electrical and Computer Engineering (ECE)." *Id.* ¶¶ 8, 86, 88. Dr. Nikolova further provides detailed allegations regarding the job duties of her position and all other tenure track assistant professors in the ECE Department, which consist of

4

conducting research and publication (¶¶ 20-24), teaching courses in the ECE Department (¶¶ 26-29), and "service" to the university and the academic community (¶¶ 30-33).

Regarding comparators, Defendant incorrectly asserts that Plaintiff merely identifies her comparators as "all other similarly situated male assistant professors." Defendant ignores the full language in Plaintiff's Complaint which specifically limited plaintiff's comparators to assistant professors "in the ECE Department" and which also states that on information and belief, Plaintiff is "the second lowest paid assistant professor in the ECE department and has been paid less than all other male colleagues [assistant professors] hired at the same time as or before her, and lower than all [other male assistant professors] but one hired after her." Thus, Dr. Nikolova identifies her comparators as male, tenure track assistant professors (as opposed to faculty with tenure), within her specific, same department (the ECE Department), within the fields of electrical and/or computer engineering, and identifies that her salary is lower than virtually every other male assistant professor in the ECE Department, including all who started at or around the same time as her, before her, and all who started after her, save one. While Plaintiff's First Amended Complaint does not provide specific names of her higher paid male counterparts, there is no such requirement, certainly at the pleading stage. *See e.g.* Fed. R. Civ. P. 8(a) and (e) (pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "must be construed so as to do justice"); *c.f. Siler-Khodr*, 261 F.3d at 546 (upholding EPA jury verdict in favor of university professor and approving the use of statistical evidence comparing salaries university-wide for numerous female and male professors as a group).

Defendant relies repeatedly on *Espinoza v. San Benito Consol. Indep. Sch. Dist.*, No. 1:14-CV-115, 2016 WL 10734393 (S.D. Tex. Dec. 8, 2016), *aff'd* 753 F. App'x 216 (5th Cir. 2018). In *Espinoza,* five male school district police officers brought multiple claims relating to their employment, including EPA claims. Although the trial court in *Espinoza* dismissed the EPA claims of three officers, the court *denied* defendant's motion to dismiss with respect to two officers based on factual allegations less-detailed than those in Dr. Nikolova's First Amended Complaint. In *Espinoza*, the court found that the two officers (Reyes and Garza) adequately pled facts to support an EPA claim by asserting they had the same job title of "Sergeant" as a female officer who was promoted to that title, and had more experience and similar credentials but were paid less than the female officer. A review of the actual complaint considered by the trial court in *Espinoza* (Exhibit B) shows that the factual allegations relating the equal skill, effort, and responsibility of the jobs performed by Sergeants Reyes, Garza and the female officer are similar to or less detailed than that alleged in Dr. Nikolova's First Amended Complaint.

Additionally, many of the cases relied upon by Defendant simply do not address or provide meaningful authority regarding the level of pleading necessary in the context of a Rule 12(b)(6) motion to dismiss, but rather considered EPA claims and the evidence necessary at trial or on a motion for summary judgment. *Chance,* 984 F.2d at 15 (directed verdict after trial); *Jones v. Flagship Int'l,* 793 F.2d 714, 718 (5th Circuit 1986) (appeal of verdict after bench trial); *Browning v.Sw. Researh Inst.,* Civ. No. SA-05-CA-0245-FB, 2006 WL 8434061, 2006 U.S. Dist. LEXIS 103459 at *1 (W.D. Tex. 2006) (motion for summary judgment). Additionally, *Taylor v. Tex. S. Univ.*, No. H-19-1225, 2019 U.S. Dist. LEXIS 156622, 2019 WL 4394696 (S.D. Tex. 2019) (Rosenthal, J.) is distinguishable in that the plaintiff compared her position (Assistant

Dean of Graduate *Studies*) with a male comparator holding a different position (Assistant Dean of Graduate *Programs*) and who reported to a different supervisor.  Judge Rosenthal also noted that this was the third equal pay and discrimination brought by the same plaintiff against the same defendant.  The court granted the motion to dismiss (with an opportunity to amend) where the plaintiff provided only "generic and very general job descriptions."  Dr. Nikolova has pled more than sufficient facts to support her EPA claim, and Defendant's motion to dismiss should be denied.

        **D.**       **Plaintiff Must be Permitted to Cure Any Alleged Defect in Her Pleading.**

If the Court determines that Plaintiff's factual allegations are insufficient as argued in Defendant's Motion to Dismiss, Plaintiff should be given the opportunity to amend her complaint to remedy any deficiencies the Court notes.  This is the preferred practice in the Fifth Circuit.  "Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.,* 199 F.3d 239, 247 n. 6 (5th Cir. 2000) (*citing O'Brien v. Nat'l Prop. Analysts Partners,* 936 F.2d 674, 675-76 (2d Cir. 1991)).  To that end, Plaintiff has drafted a Second Amended Complaint with additional factual allegations, attached as Exhibit A, and if appropriate, moves for leave to file this complaint.  In the unlikely event the Court finds defects or that even more factual allegations are necessary beyond those contained in Exhibit A, Plaintiff requests the opportunity to address any such defects or provide additional information.

**E.      Conclusion**

Based on the foregoing, Plaintiff respectfully requests that Defendant's motion to dismiss her EPA claim be denied, or in the alternative, moves for leave to amend.

                                      Respectfully submitted,

                                      CREWS LAW FIRM, P.C.
701 Brazos, Suite 900
Austin, Texas 78701
(512) 346-7077
(512) 342-0007 (Fax)
schmidt@crewsfirm.com


By:   /s/   Robert W. Schmidt
Robert W. Schmidt
State Bar No. 17775429
Joe K. Crews
State Bar No. 05072500

 /s/ Robert Notzon
Robert Notzon
The Law Office of Robert Notzon
Texas Bar No. 00797934
1502 West Avenue
Austin, Texas 78701
(512) 474-7563
(512) 852-4788 facsimile

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

   I hereby certify that on July 29, 2020, this document was served pursuant to Federal Rules of Civil Procedure on counsel for Defendant through the Court's electronic filing system at the following address:

Benjamin L. Dower
Assistant Attorney General
Amy S. Hilton
Assistant Attorney General
Office of the Attorney General of Texas
General Litigation Division
P.O. Box 12548
Capitol Station,
Austin, Texas 78711-2548
Fax (512) 320-0667
benjamin.dower@oag.texas.gov
amy.hilton@oag.texas.gov


          By:    /s/    Robert W. Schmidt