IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Evdokia Nikolova,<br>*Plaintiff,* | § § § | |
| v. | § § | Civil Action No.: 1:19-CV-00877 |
| University of Texas at Austin,<br>*Defendant.* | § § § | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO PARTIALLY DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE ROBERT PITMAN:

Defendant The University of Texas at Austin ("UT Austin") files this Reply in Support of its Motion to Partially Dismiss Plaintiff's First Amended Complaint. Plaintiff Evdokia Nikolova ("Dr. Nikolova") does not contest UT Austin's motion to dismiss her state law claims. *See* Dkt. #24, 1. Dr. Nikolova's Equal Pay Act claim should be dismissed because her Response fails to explain how the pleading creates the requisite inference—instead contending that her characterizations of documents about her own qualifications and vague allusions to unspecified persons at UT Austin are sufficient. *See* Dkt. #24, 1. They are not. And, as such, Plaintiff fails to state a claim.

    **I.**  **ARGUMENTS & AUTHORITIES**

Dr. Nikolova contends her First Amended Complaint provides "detailed allegations regarding the job duties of her position *and all other tenure track assistant professors in the ECE department*" and identifies paragraphs 20–24, 26–29, 30–33 in her complaint as containing this information. Dkt. #24, 4–5 (emphasis added). But the information provided in the paragraphs identified by the plaintiff purport to list a review of Dr. Nikolova's job performance; they do not provide any factual allegations about any other tenure track assistant professors. *See* Dkt. #21, ¶¶ 20–24, 26–29, 30–33. Nor do they describe the required duties of Dr. Nikolova's position—or the duties of any other assistant professor.

*See id.* Factual allegations regarding Dr. Nikolova's job performance are insufficient to support the reasonable inference that "all other tenure track assistant professors in the [Electrical and Computer Engineering] department" have the same job responsibilities—or that all "male, tenure track assistant professors" in the ECE Department hold positions "requir[ing] virtually identical skills, effort, and responsibilities." *See* Dkt. #24, 5; *Stith v. Perot Sys. Corp.*, No.04-10442, 2005 WL 210485, at *3 (citing *Brennan v. City Stores, Inc.*, 479 F.2d 235, 238 (5th Cir. 1973)).

Without offering any description of any of her purported comparators' job responsibilities, Dr. Nikolova's allegation that she "perform[s] the same job with equal skill, effort and responsibility" as all "other male assistant professors in the ECE Department" merely restates the elements of a *prima facie* Equal Pay Act case. *See* Dkt. #21, 16; Dkt. #24, 4–5.[1] This is insufficient to create the reasonable inference that she and her unnamed comparators perform jobs with equal skill, effort, and responsibility. *See* Dkt. #21, 16; Dkt. #24, 4–5; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993). Failing to offer more than a summary of her job performance and a formulaic recitation of legal conclusions, Dr. Nikolova has not alleged facts sufficient for the Court to reasonably infer that she and all male assistant professors in the ECE Department may be compared on an apples-to-apples basis.

Dr. Nikolova's contention that she does not need to "provide specific names of her higher paid male counterparts" to survive a motion to dismiss would result in a fishing expedition—with

---

[1] While Dr. Nikolova contends she has provided at least as much detail regarding the skill, effort, and responsibility of her job and those of her purported comparators as two of the five plaintiffs in *Espinoza v. San Benito Consol. Indep. Sch. District*, her position is belied by the information contained in the paragraphs she identifies as providing "detailed allegations" of their respective job duties. *See* Dkt. #24, 4 (citing Dkt. #21, ¶¶ 20–24, 26–29, 30–33). Unlike the plaintiffs in *Espinoza*, Dr. Nikolova does not identify a comparator. *See Espinoza v. San Benito Consol. Sch. Dist.*, No. 1:14-CV-115, 2016 WL 10734393, at *3 (S.D. Tex. Dec. 8, 2016), *aff'd* 753 F. App'x 216 (5th Cir. 2018). Dr. Nikolova does not provide any description of her purported comparators' job duties, nor does she demonstrate "how their job duties were the same as [hers]," required to raise a plausible claim. *See* Dkt. #24, 4 (citing Dkt. #21, ¶¶ 20–24, 26–29, 30–33); *Espinoza*, 753 F. App'x at 220. Otherwise Dr. Nikolova has only stated allegations that raise the "mere possibility of misconduct," which is insufficient. *See Iqbal*, 556 U.S. at 679.

attendant costs in time and resources—to determine which faculty members Dr. Nikolova may eventually identify as proper comparators. *Compare* Dkt. #24, 5 *with Iqbal*, 556 U.S. at 684–85 ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process") (quoting *Bell Atlantic Corp. v. Twombly*, 559 U.S. 544, 559 (2007)). Excluding Dr. Nikolova, there are 20 faculty members in the ECE Department with "Assistant Professor" in their titles.[2] While "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Compare Iqbal*, 556 U.S. at 678–79, *with* Dkt. #24, 5.

Dr. Nikolova's pleading deficiencies are particably notable in the context of higher education. Assistant Professors, who have Ph.D.'s in their fields of specialty, may vary widely in the topics of their research, the types and level of courses they teach, and in grant funding. One professor's "research" into, *e.g.*, new imaging technology for use in self-driving cars,[3] could involve vastly different activities than another professor's "research" into improving cellphone batteries.[4] The allegation that another Assistant Professor is paid more is insufficient to create the inference that it is an apples-to-apples comparison. Since Assistant Professors may be conducting vastly different work based on their specialties, it is even more important for Plaintiff to identify a comparator to state a plausible claim. Here, Plaintiff's allegations are too vague to allow identification of who she contends is her

---

[2] *See* Faculty, The University of Texas at Austin Electrical and Computer Engineering https://www.ece.utexas.edu/people/faculty (last accessed Aug. 5, 2020).
[3] *New Imaging Discovery Could Take Tech Behind Self-Driving Cars to the Next Level*, The University of Texas at Austin Electrical and Computer Engineering, News, originally published Tuesday, June 2, 2020, accessible at http://www.ece.utexas.edu/news/new-imaging-discovery-could-take-tech-behind-self-driving-cars-next-level (last accessed Aug. 5, 2020).
[4] *New Sensor May Soon Test for Coronavirus and Flu Simultaneously*, The University of Texas at Austin Electrical and Computer Engineering, News, originally published Friday, June 26, 2020, accessible at http://www.ece.utexas.edu/news/new-5g-switches-mean-battery-life-improvements-higher-bandwidth-and-speeds (last accessed Aug. 5, 2020).

comparator, thereby rendering her allegations too vague to state a claim.

Dr. Nikolova's reliance on *Siler-Khodr v. Univ. of Texas Health Sci. Ctr. San Antonio*, 261 F.3d 542, 546 (5th Cir. 2001), to support her assertion that she is not required to name comparators at the pleading stage, is misplaced. *See* Dkt. #24, 5. In *Siler-Khodr*, the Fifth Circuit considered whether two reports offered by the plaintiff at trial were sufficient to support the jury's finding that the plaintiff was paid less than her named comparator because of her gender. *Siler-Khodr*, 261 F.3d at 546–47. The reports were not offered for the purpose of identifying comparators (the plaintiff had named one), or whether the plaintiff had met her prima facie burden, or whether the plaintiff's petition had plausibly alleged that she was entitled to relief. *See id.* While a plaintiff may offer statistics comparing salaries university-wide as rebuttal evidence after she has identified a sufficient comparator to meet her prima facie burden, here, at the pleading stage, the inference that Dr. Nikolova must create to state a claim is that two people (herself and another) performed the same jobs and were paid differently. *See id.* at 544–47; *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1137 (5th Cir. 1983). That is the essence of the Equal Pay Act's mandate: two people paid differently for the same work. And because Dr. Nikolova's vague allegations—proffering her own credentials without identifying even a single comparator—have not created that inference, she has failed to state a claim.[5]

## II.   PRAYER

For these reasons, UT Austin respectfully asks the Court to dismiss Dr. Nikolova's claim brought under the Equal Pay Act for failure to state a claim.

---

[5] For the same reason, Dr. Nikolova's contention that UT Austin's citation to *Chance*, *Jones v. Flagship Int'l*, 793 F.2d 714 (5th Cir. 1986), and *Browning v. Sw. Research Inst.*, 2006 WL 8434061 (W.D. Tex. Oct. 6, 2006) "simply do not address or provide meaningful authority regarding the level of pleading necessary in the context of a Rule 12(b)(6)," is inapposite. *See* Dkt. #24, 6. Whether framed in the context of the *prima facie* elements or not, the plaintiff must create the reasonable inference that she and her comparator performed the same jobs. The Equal Pay Act is not offended by unequal pay for unequal work.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**RYAN L. BANGERT**
Deputy First Assistant Attorney General

**DARREN L. MCCARTY**
Deputy Attorney General for Civil Litigation

**THOMAS A. ALBRIGHT**
Chief for General Litigation Division

*/s/ Benjamin L. Dower*
**BENJAMIN L. DOWER**
Assistant Attorney General
Texas State Bar No. 24082931
benjamin.dower@oag.texas.gov

**AMY S. HILTON**
Assistant Attorney General
Texas State Bar No. 24097834
amy.hilton@oag.texas.gov

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667

**COUNSEL FOR UT AUSTIN**

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2020, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

>   */s/ Benjamin L. Dower*
>   **BENJAMIN L. DOWER**
>   Assistant Attorney General