IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EVDOKIA NIKOLOVA,<br>　　　*Plaintiff,*<br><br>v.<br><br>UNIVERSITY OF TEXAS AT AUSTIN,<br>　　　*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br>Civil Action No.: 1:19-CV-00877 |

**DEFENDANT THE UNIVERSITY OF TEXAS AT AUSTIN'S
ORIGINAL ANSWER AND DEFENSES
ADDRESSING PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE PITMAN:

NOW COMES Defendant The University of Texas at Austin ("Defendant" or "UT Austin"), who respectfully files its Original Answer and Defenses to Plaintiff's First Amended Complaint ("the Complaint" or "the First Amended Complaint") filed by Plaintiff Evdokia Nikolova ("Plaintiff"). Defendant respectfully shows the Court as follows:

**DEFENDANT'S ANSWER TO COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant denies each and every allegation contained in the Complaint except for those expressly admitted herein. The headings and numbered paragraphs below directly correlate to the sections and numbered paragraphs of the Complaint. Those titles and headings are reproduced in this Answer for organizational purposes only, and Defendant does not admit any matter contained therein.

**INTRODUCTION**

1.　　For paragraph 1, Defendant admits that this is an employment discrimination and retaliation case, but Defendant denies discriminating or retaliating against Plaintiff. Defendant admits that UT Austin hired Plaintiff as an assistant professor in the Department of Electrical and Computer

Engineering ("ECE Department"). Defendant admits that Plaintiff was not promoted to the rank of Associate Professor with tenure. Defendant admits that Plaintiff can re-apply for tenure, and that UT Austin will consider her record again. Defendant admits that Plaintiff is a woman who became pregnant during her pre-tenure, probationary review period at UT Austin. Defendant denies that UT Austin treated Plaintiff differently by requiring her to meet a higher standard for promotion and tenure than male faculty members. Defendant denies that UT Austin treated Plaintiff differently by requiring her to meet a higher standard for promotion and tenure than women faculty members who did not become pregnant during their pre-tenure, probationary review period at UT Austin. Defendant admits that the Committee of Counsel on Academic Freedom and Responsibility ("CCAFR") is a faculty committee at UT Austin. Defendant denies that CCAFR reviewed Plaintiff's tenure case. Defendant admits that a CCAFR subcommittee made of three UT Austin professors reviewed Plaintiff's allegations that the decision in her application for promotion to the rank of Associate Professor with tenure was flawed by procedural irregularities. Defendant admits that in the course of their review CCAFR members were given access to the promotion file. Defendant admits that one of this CCAFR subcommittee's advisory opinions was that UT Austin consider reversing its decision not to promote Plaintiff to the rank of Associate Professor with tenure. Defendant admits that this CCAFR subcommittee also opined "that the ECE department work with [another UT Austin employee] to conduct a substantial review of gender equity, diversity, and inclusion in the department." Defendant denies that UT Austin refused to work with Plaintiff to resolve this matter prior to Plaintiff's filing this lawsuit. Defendant admits that UT Austin declined to implement the CCAFR subcommittee's advisory opinion to reverse its "do not promote" decision in Plaintiff's application for promotion and tenure. Defendant admits that this decision was made after careful consideration, including consideration of the CCAFR subcommittee's advisory opinion(s). Defendant admits that Plaintiff filed this lawsuit, but Defendant lacks sufficient knowledge or information to admit or deny allegations

about Plaintiff's motivations for doing so, and thus Defendant denies Plaintiff's allegations regarding the same. Defendant denies that UT Austin has engaged in discriminatory practices or policies against women faculty members and employees, including those who want to have a family. Defendant admits that Plaintiff filed a charge of discrimination with the EEOC and filed this lawsuit in federal court. Defendant denies the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

2.      For paragraph 2, Defendant denies that this action involves Chapter 21 of the Texas Labor Code (given its dismissal on December 4, 2020) and denies that Chapter 21 of the Texas Labor Code involves a federal question. Defendant denies that the jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1343(3) (because there is no such sub-section) or 28 U.S.C. § 1367 (because, in light of the dismissal of the claim brought under Chapter 21 of the Texas Labor Code, no supplemental jurisdiction is implicated by a lawsuit consisting entirely of federal claims). Defendant admits the remaining allegations in this paragraph.

3.      For paragraph 3, Defendant admits that venue is proper within the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1391 because the alleged events underlying Plaintiff's cause of action allegedly occurred within Travis County, Texas in the Western District of Texas, Austin Division. Defendant denies that the actual events that transpired establish a valid claim.

## JURY DEMAND

4.      For paragraph 4, this paragraph contains legal conclusions to which no response is required.

## PARTIES

5.      For paragraph 5, Defendant admits the allegations in this paragraph.

6.      For paragraph 6, Defendant admits the allegations in this paragraph.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES AND TIMELINESS OF SUIT

7.      For paragraph 7, Defendant admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about May 10, 2019. Defendant denies that UT Austin engaged in any illegal actions concerning Plaintiff's employment. Defendant admits that Plaintiff's Charge was dual filed with the EEOC and Texas Workforce Commission, Civil Rights Division ("TWC") pursuant to the EEOC's work share agreement. Defendant lacks sufficient knowledge or information to admit or deny Plaintiff's allegation regarding when she received a "Notice of Right to Sue" letter from the EEOC and thus denies same. Defendant lacks sufficient knowledge or information to admit or deny Plaintiff's allegation regarding whether this suit was filed within 90 days of Plaintiff's receipt of that notice and thus denies the same. Defendant admits that Plaintiff filed this suit within two years from the date that Plaintiff filed a charge of discrimination.

### FACTS

8.      For paragraph 8, Defendant denies that UT Austin specifically recruited Plaintiff, but admits that it hired Plaintiff to work as a tenure-track assistant professor in the ECE Department. Defendant admits the rest of the allegations in this paragraph.

9.      For paragraph 9, Defendant denies that Plaintiff has a Ph.D. in Computer Science from MIT but admits that Plaintiff has a Ph.D. in Electrical Engineering and Computer Science from MIT. Defendant admits the remaining allegations in this paragraph.

10.     For paragraph 10, Defendant admits that, before working at UT Austin, Plaintiff was an assistant professor at Texas A&M University from August 2011 through December 2013.

11.     For paragraph 11, Defendant denies that it specifically recruited Plaintiff for the tenure-track position at UT Austin for which Plaintiff applied. Defendant admits that Dr. Ahmed Tewfik was the Chair of the ECE Department at the time of Plaintiff's hire. Defendant denies that Dr. Tewfik told Plaintiff that Plaintiff's prior employment at Texas A&M University would count towards Plaintiff's

probationary tenure review period at UT Austin. Defendant admits that Dr. Tewfik told Plaintiff that her prior employment at Texas A&M University could potentially be considered in evaluating her request for promotion and tenure, but Defendant denies that Dr. Tewfik guaranteed that UT Austin would consider such prior experience for purposes of UT Austin's promotion and tenure process. Defendant admits that Dr. Tewfik told Plaintiff that she could go up for tenure on the normal tenure time clock (without admitting to that precise phrasing). Defendant denies that Plaintiff's tenure time clock at UT Austin began in Fall 2011 when Plaintiff worked for Texas A&M University.

12.     For paragraph 12, Defendant admits that normally, assistant professors must be considered for promotion to the rank of Associate Professor with tenure no later than their 6th year of probationary service at UT Austin. Defendant further admits that periods of prior academic service at any institution other than UT Austin are not counted toward fulfillment of an assistant professor's required 6-year probationary period of service.

13.     For paragraph 13, Defendant admits that UT Austin reviewed Plaintiff's application for promotion and tenure during the 2018–2019 academic year. Defendant admits that, treating each semester as 0.5 years, Plaintiff would have completed eight years as an assistant professor at Texas A&M University and UT Austin cumulatively as of when the promotion would have been effective on September 1, 2019.

14.     For paragraph 14, Defendant admits that when Plaintiff chose to initiate the tenure process early, and was thus considered for promotion from assistant professor to associate professor, she had been a UT employee since January 2014. Defendant admits that, calculated from when the promotion would have been effective on September 1, 2019 and treating each academic semester as 0.5 years, Plaintiff had been employed by UT Austin for a total of 5.5 total years at the time Plaintiff was considered for promotion and tenure. Defendant admits that, of those 5.5 years of employment at UT Austin, 4 of those years "counted" as years in probationary status at UT Austin. Defendant admits

that Plaintiff was employed by Texas A&M as an assistant professor from September 2011 to December 2013 (inclusive), which is 2.5 years. Defendant denies that Plaintiff's prior employment at Texas A&M University "counted" towards Plaintiff's 6 years in probationary status at UT Austin. Defendant admits that, for purposes of calculating an assistant professor's period of probationary service at UT Austin, an "academic year" shall be the period from September 1 through the following August 31, as defined in UT Austin policy. Defendant admits that, if a UT Austin faculty member is initially appointed during an academic year (*e.g.*, January 1st as in the case of Plaintiff), the period of service from the date of appointment until the following September 1 shall not be counted for purposes of the faculty member's probationary status. Defendant admits that when UT Austin considered Plaintiff's application for promotion and tenure during the 2018–2019 academic year, treating each semester as 0.5 years, Plaintiff had completed seven years of employment at Texas A&M University and UT Austin cumulatively; however, Defendant denies that academic years are measured in this manner when calculating years in probationary status.

15.     For paragraph 15, Defendant admits that Plaintiff requested and received an extension to her (6 years) tenure track probationary period during the 2015–16 academic year. Defendant admits that Plaintiff's request for an extension identified childbirth as the reason. Defendant admits that Plaintiff requested and received Modified Instructional Duties ("MID") during the 2015–16 academic year. Defendant admits that Plaintiff's request for MID identified childbirth as the reason.

16.     For paragraph 16, Defendant admits that it has a policy that permits an assistant professor to request that his or her (6 years) probationary period be extended. Defendant admits that personal circumstances that may justify the extension of the tenure track probationary period include, but are not restricted to, disability or illness of the faculty member; status of the faculty member as the principal caregiver of a preschool child; or, status of the faculty member as a principal caregiver of a disabled, elderly, or ill member of the family of the faculty member. Defendant denies that the

6

probatory extension policy is specifically designed to provide assistant professors whose families have a new child with an additional year during the tenure review period, but Defendant admits that the probationary extension policy may cover that situation. Defendant admits that the policy may apply to female faculty members who give birth to a new child, male faculty members whose spouse gives birth to a new child, faculty members who adopt a child, as well as other situations not including childbirth or children at all.

17.     For paragraph 17, Defendant admits that the MID policy allows UT Austin to modify the classroom instructional responsibilities of faculty members, allowing for equivalent academic service when certain personal circumstances prevent faculty members from being able to perform their classroom teaching duties, when such modifications are found to be in the best interest of UT Austin's instructional programs. Defendant admits that the faculty members who are authorized to apply for modified instructional duties are those faculty members who are a principal caregiver of a healthy pre-school child (or children), or who are required to care for or assist a member or members of their immediate family, who although not ill or disabled, needs the help and attention of the faculty member. Defendant admits that a female faculty member who has recently given birth might qualify for modified instructional duties under the MID policy. Defendant admits that a faculty member whose spouse gives birth to a new child might qualify for modified instructional duties under the MID policy. Defendant admits that a faculty member who adopted a child might qualify for modified instructional duties under the MID policy. Defendant admits that the modified instructional duties could allow the faculty member requesting the modification not to teach for a semester under the MID policy.

18.     For paragraph 18, Defendant admits that UT Austin's *General Guidelines for Promotion and Tenure of All Faculty Ranks Excluding the Medical School* (2018–19 Academic Year) state: "A year in which a faculty member has been on leave without pay or claimed an extension in accordance with HOP 2-2020 [Extension of the Tenure Track Probationary Period policy] does not count toward the

probationary period. Candidates whose probationary period has been extended under HOP 2-2020 or due to leave without pay in accordance with university family and medical leave policies shall be evaluated as if the work were done in the normal period of service." Defendant admits that faculty members who take approved leave are not "penalized" for having taken such approved leave. Defendant admits that for assistant professors who take approved leave, including leave that "stops the tenure clock," such assistant professors are evaluated for their work while "on the tenure clock." Defendant denies the remaining allegations in this paragraph.

19.     For paragraph 19, Defendant denies the allegations in this paragraph.

20.     For paragraph 20, Defendant admits that UT Austin considers excellence in "research, creative activities, and other scholarly effort" as one of six enumerated "areas of service" when considering applications for promotion and tenure. Defendant admits that UT Austin is a top-tier research university. Defendant admits that many top-tier research universities consider research accomplishments an important consideration for tenure promotion decisions, but Defendant lacks sufficient knowledge or information to admit or deny whether all top-tier research universities consider research accomplishments "a primary consideration."

21.     For paragraph 21, Defendant admits that the ECE Department has a Budget Council. Defendant admits that full professors sit on the ECE Department's Budget Council. Defendant admits that the ECE Department's Budget Council is tasked with making recommendations regarding departmental matters to the chairperson of the ECE Department. Defendant admits that the ECE Department's Budget Council assists faculty members applying for promotion with tenure in assembling certain required materials. Defendant admits that Professors Ross Baldick and Sarfraz Khurshid, faculty members in the ECE Department and Budget Council members, authored a written statement on Plaintiff's body of research. Defendant admits that Drs. Baldick and Khurhid's written statement contains the sentences reprinted in the block quote included in paragraph 21 of Plaintiff's

First Amended Complaint. Defendant denies that all the sentences contained in the block quote are within the same paragraph of Drs. Baldick and Khurshid's written statement. Defendant denies that all of the sentences contained in the block quote are consecutive or contained in the same section of Drs. Baldick and Khurshid's written statement. Defendant admits that Drs. Baldick and Khurhid's written statement also noted that of Plaintiff's 30 conference papers, only 12 of them were produced during Plaintiff's employment at UT Austin. Defendant denies that Plaintiff's research accomplishments clearly supported her promotion to Associate Professor with tenure effective on September 1, 2019. Defendant denies that Plaintiff's publications and awards amply demonstrated that she was "deserving" of promotion effective on September 1, 2019.

22.     For paragraph 22, Defendant denies the allegations in this paragraph.

23.     For paragraph 23, Defendant admits that Manuel Blum is a computer scientist; a member of the National Academy of Science; and a recipient of the Turing Award, a high distinction in computer science. Defendant admits that the website for the ACM A.M. Turing Award states that the ACM A.M. Turing Award is "often referred to as the Nobel Prize of Computing." Defendant denies the remaining allegations in this paragraph.

24.     For paragraph 24, Defendant admits that Professor Blum sent an email that includes the phrases quoted in paragraph 24 of Plaintiff's First Amended Complaint.

25.     For paragraph 25, Defendant denies the allegations in this paragraph.

26.     For paragraph 26, Defendant admits that ECE Department Budget Council Members Professors Christine Julien and Jon Valvano wrote an evaluation of Plaintiff's teaching record, and that this evaluation included the language quoted in paragraph 26 of Plaintiff's First Amended Complaint. Defendant denies that Plaintiff's teaching record clearly exceeds the expectation for an assistant professor in the ECE Department, particularly in light of Plaintiff's instructor ratings from 2016 to present.

27.     For paragraph 27, Defendant admits that ECE Department Budget Council Members Professors Christine Julien and Jon Valvano's evaluation discussed Plaintiff's work to "put her own stamp" on a high-demand undergraduate course while also "contributing to a team effort to unify the sections of the course." Defendant admits that this evaluation found that Plaintiff's average instructor rating of 3.9 and average course rating of 3.5 were in line with the averages of all other instructors of the course at 3.8 and 3.7. Defendant denies that the average course rating of 3.5 was in line with the average of all other instructors.

28.     For paragraph 28, Defendant admits that ECE Department Budget Council Members Professors Christine Julien and Jon Valvano's evaluation included the language quoted in paragraph 28 of Plaintiff's First Amended Complaint. Defendant admits that the Edison Lecture Series is a program to help expose high-school and middle-school students to the fields of engineering and science, as well as to UT Austin.

29.     For paragraph 29, Defendant admits that ECE Department Budget Council Members Professors Christine Julien and Jon Valvano's evaluation included the quoted language. Defendant admits that this evaluation stated that Plaintiff's average instructor rating and course rating in her Advanced Algorithms course were 4.1 and 3.8, respectively, and stated that her Game Theory course ratings were "similarly high at 4.1 for both the instructor and course ratings."

30.     For paragraph 30, Defendant admits that ECE Department Budget Council Member Professor Vijay K. Garg wrote an assessment of Plaintiff's service to the university and academic community, which included the language quoted in paragraph 30 of Plaintiff's First Amended Complaint. Defendant denies that the report was "strong."

31.     For paragraph 31, Defendant admits that the ECE Department Budget Council Member Professor Vijay K. Garg's assessment included the language quoted in paragraph 31 of Plaintiff's First Amended Complaint.

32.     For paragraph 32, Defendant admits that Plaintiff was a co-organizer of the Simon Institute's semester on Real-Time Decision Making at the University of California at Berkeley. Defendant lacks sufficient knowledge or information to admit or deny whether this role was high profile and thus denies the same.

33.     For paragraph 33, Defendant admits that ECE Department Budget Council Member Professor Vijay K. Garg's assessment included the language quoted in paragraph 33 of Plaintiff's First Amended Complaint.

34.     For paragraph 34, Defendant admits that the letter written by Professor Ahmed H. Tewfik, who was then the Chair of the ECE Department, recommended that Plaintiff be promoted with tenure, and that his letter included the language quoted in paragraph 34 of Plaintiff's First Amended Complaint.

35.     For paragraph 35, Defendant admits that the letter written by Dr. Tewfik specifically identified MIT, Stanford, the University of Illinois Urbana-Champaign, Georgia Tech, Caltech, and Princeton as universities with first-tier departments in Electrical and Computer Engineering. Defendant admits that the letter written by Dr. Tewfik identified three professors at the University of Michigan, the University of Washington, and Columbia to be a peer comparison group for Plaintiff for the purpose of comparing publications in top venues at promotion, the H Index, and Citations. Defendant admits that the letter written by Dr. Tewfik stated that Plaintiff compared very favorably to these three associate professors at the time of their promotion.

36.     For paragraph 36, Defendant admits that 32 ECE Department Budget Council members voted for recommending tenure and promotion, 1 ECE Department Budget Council member voted against recommending tenure and promotion, 2 ECE Department Budget Council members abstained, and 2 ECE Department Budget Council members were ineligible to vote. Defendant admits

that the ECE Department's Associate Professors voted unanimously to recommend Plaintiff's promotion with all ten voting "Yes."

37.     For paragraph 37, Defendant admits that, after a tenure candidate is assessed by the candidate's home department's budget council, the department chair then issues his or her own assessment and written recommendation, and the tenure candidate is then typically assessed by a college-level promotion and tenure committee. Defendant admits that the ECE Department is within UT Austin's Cockrell School of Engineering.

38.     For paragraph 38, Defendant admits that the Cockrell School of Engineering's Tenure and Promotion Committee voted in favor of recommending tenure and promotion, with all seven committee members voting "Yes."

39.     For paragraph 39, Defendant admits that the dean of the tenure candidate's college or school must provide his or her own written assessment of the tenure candidate's teaching, research/scholarly activity, and service; and the dean has the responsibility to describe fairly the rationale for the college-level's promotion and tenure committee's recommendation, including a summary of the views of both opponents and proponents. Defendant admits that the dean's statement typically identifies the tenure candidate's strengths and weaknesses, provides context as needed, and addresses whether and how the tenure candidate's promotion would advance the quality of the department and college/school.

40.     For paragraph 40, Defendant admits that on or about November 20, 2018, UT Austin's Dean of the Cockrell School of Engineering, Sharon Wood, recommended against Plaintiff's promotion to Associate Professor with tenure effective September 1, 2019. Defendant admits that Dean Wood's written assessment referred to Plaintiff's putative promotion to Associate Professor with tenure effective September 1, 2019 as an "early promotion." Defendant denies the remaining allegations in this paragraph.

41.     For paragraph 41, Defendant admits to the allegations in this paragraph.

42.     For paragraph 42, Defendant admits that a faculty member's probationary extensions, including but not limited to those stemming from pregnancy, are not supposed to be used against assistant professors during the tenure review process. Defendant denies that Plaintiff's probationary extensions were used against her during her tenure review process. Defendant denies that Dean Wood's referral to Plaintiff's tenure and promotion as "early" was based in part on Plaintiff's probationary extension for her pregnancy.

43.     For paragraph 43, Defendant denies the allegations in this paragraph.

44.     For paragraph 44, Defendant admits that in Dean Wood's assessment of Plaintiff, the Dean mentioned that Plaintiff became pregnant during the 2015 fall semester and that Plaintiff had been assigned modified instructional duties during the 2016 spring semester. Defendant denies that the Dean used this fact in a negative manner as part of the Dean's assessment recommending the denial of tenure.

45.     For paragraph 45, Defendant denies the allegations in this paragraph.

46.     For paragraph 46, Defendant lacks sufficient knowledge or information to admit or deny allegations regarding when Plaintiff became pregnant with her second child and therefore denies the same. Defendant admits that Plaintiff did not request a probationary extension for the birth of the child described in paragraph 46 of Plaintiff's First Amended Complaint; Defendant lacks sufficient knowledge or information to admit allegations regarding whether the child described in paragraph 46 of Plaintiff's First Amended was Plaintiff's second child. Defendant admits that Plaintiff requested and was approved for a one-semester MID for the Fall 2018 semester following childbirth.

47.     For paragraph 47, Defendant admits that Plaintiff's application for tenure was considered accelerated. Defendant admits that Dean Wood's written assessment described Plaintiff's application for tenure as "two years early." Defendant denies that, at the time Plaintiff was applying for the position at UT Austin, ECE Department Chair Dr. Ahmed Tewfik specifically told Plaintiff that her

prior employment at Texas A&M University would count towards Plaintiff's tenure review period at UT Austin. Defendant admits that Dr. Tewfik told Plaintiff that she could go up for promotion and tenure on the normal tenure clock. Defendant denies that Plaintiff went up for tenure on the normal tenure clock. Because Defendant denies the accuracy of Plaintiff's characterization of what Dr. Tewfik allegedly told Plaintiff when she was applying, Defendant denies that the Dean's statement "ignored" that "fact."

48.     For paragraph 48, Defendant admits that Plaintiff worked as an assistant professor at Texas A&M University from Fall 2011 through Fall 2013 (inclusive). Defendant admits that Plaintiff has worked as an assistant professor at UT Austin from Spring 2014 to the date of this court filing. Defendant admits that including every semester from Fall 2011 to Spring 2018 (inclusive) is seven years, but Defendant denies that years, as defined by UT Austin for purposes of probationary service, are calculated by aggregating individual semesters alone. Defendant admits that assistant professors at UT Austin must go up for review for promotion and tenure during their sixth year of probationary service. Defendant denies that probationary years and academic years are synonymous with each other. Defendant lacks sufficient knowledge or information to admit or deny the allegation that "most assistant professors" are normally considered for tenure during or before completing their fifth academic year as an assistant professor.

49.     For paragraph 49, Defendant admits the allegations in this paragraph.

50.     For paragraph 50, Defendant admits that, after Plaintiff's application for tenure was denied, Dean Wood recommended that Plaintiff not apply for tenure again for two years. Defendant denies the remaining allegations in this paragraph.

51.     For paragraph 51, Defendant denies the allegations in this paragraph.

52.     For paragraph 52, Defendant denies the allegations in this paragraph.

53.     For paragraph 53, Defendant admits that UT Austin has in the past given tenure to one male professor in the ECE Department who had less time in rank as an assistant professor than Plaintiff. Defendant denies that UT Austin applied more lenient and favorable standards to male professors in the ECE Department.

54.     For paragraph 54, Defendant denies the allegations in this paragraph.

55.     For paragraph 55, Defendant denies that the allegations in this paragraph.

56.     For paragraph 56, Defendant denies the allegations in this paragraph.

57.     For paragraph 57, Defendant admits that during the 2018–2019 academic year when UT Austin considered Plaintiff for promotion with tenure, Plaintiff was the only woman among the six promotional candidates from the ECE Department, but Defendant denies that all five of the other promotional candidates from the ECE Department involved a tenure consideration. Defendant admits that only one of the other five promotion candidates involved a tenure consideration.

58.     For paragraph 58, Defendant admits that, during the 2018–2019 academic year, UT Austin promoted the one male candidate within the ECE Department who was up for a tenure promotion. Defendant admits that it did not promote Plaintiff to the rank of Associate Professor with tenure during the same academic year, and Defendant admits that Plaintiff was told that she could re-apply for promotion and tenure in the future. Defendant lacks sufficient knowledge or information to admit or deny that Plaintiff was pregnant during the tenure review period and therefore denies the same.

59.     For paragraph 59, Defendant admits that UT Austin did not promote Plaintiff to the rank of Associate Professor with tenure and gave reasons for its decision. Defendant denies that the reasons UT Austin gave are false, misleading, or pretextual.

60.     For paragraph 60, Defendant admits that Plaintiff requested that CCAFR review President Gregory Fenves' decision not to promote Plaintiff to the rank of Associate Professor with tenure. Defendant denies that CCAFR functions as an appellate process or that it reviews tenure decisions.

Defendant admits that, when requested, CCAFR may provide an advisory opinion to the UT Austin President regarding whether, in CCAFR's judgment, the procedures followed in a tenure candidate's case accorded with both UT Austin's and commonly accepted professional standards for promotion and tenure. Defendant admits that a CCAFR subcommittee reviewed Plaintiff's complaint regarding UT Austin's "do not promote" decision in Plaintiff's promotion and tenure case. Defendant admits that the CCAFR subcommittee opined that some of Plaintiff's claims constituted a procedural violation of UT Austin's internal promotion and tenure guidelines, while others did not. Defendant admits that the CCAFR subcommittee opined that there was no procedural violation relating to Plaintiff's gender and pregnancy concerns. Defendant admits that the CCAFR subcommittee nevertheless opined that consideration be given to reversal of Plaintiff's tenure decision based in part on "the general implications for diversity." Defendant admits that the CCAFR subcommittee recommended "that the ECE department work with [another UT Austin employee] to conduct a substantial review of gender equity, diversity, and inclusion in the department."

**CAUSES OF ACTION SEX/PREGNANCY DISCRIMINATION**

61.      For paragraph 61, this paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

62.      For paragraph 62, Defendant admits the allegations in this paragraph.

63.      For paragraph 63, Defendant admits the allegations in this paragraph.

64.      For paragraph 64, Defendant denies that UT Austin violated federal law, including Title VII. Defendant denies that UT Austin violated Texas law, including the TCHRA. Defendant denies that UT Austin discriminated against Plaintiff because of her sex or pregnancy. Defendant admits that Title VII, 42 U.S.C. § 2000e(k), provides:

> The terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under

fringe benefit programs, as other persons not so affected but similar in their ability or inability to work, and nothing in section 2000e-2(h) of this title shall be interpreted to permit otherwise. This subsection shall not require an employer to pay for health insurance benefits for abortion, except where the life of the mother would be endangered if the fetus were carried to term, or except where medical complications have arisen from an abortion: *Provided*, That nothing herein shall preclude an employer from providing abortion benefits or otherwise affect bargaining agreements in regard to abortion.

Defendant admits that Texas Labor Code § 21.106 provides:

> (a) A provision in this chapter referring to discrimination because of sex or on the basis of sex includes discrimination because of or on the basis of pregnancy, childbirth, or a related medical condition.

> (b) A woman affected by pregnancy, childbirth, or a related medical condition shall be treated for all purposes related to employment, including receipt of a benefit under a fringe benefit program, in the same manner as another individual not affected but similar in the individual's ability or inability to work."

Defendant denies the remaining allegations in this paragraph.

## RETALIATION

65.    For paragraph 65, this paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required. To the extent a response is required for Plaintiff's reassertion and reincorporation of the other allegations contained in the complaint, Defendant refers to the more specific responses thereto.

66.    For paragraph 66, Defendant admits that 42 U.S.C. § 2000e–3(a) (contained in Title VII) provides:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

Defendant admits that the Texas Labor Code § 21.055 (contained in the TCHRA) provides:

An employer, labor union, or employment agency commits an unlawful employment practice if the employer, labor union, or employment agency retaliates or discriminates against a person who, under this chapter:

(1) opposes a discriminatory practice;

(2) makes or files a charge;

(3) files a complaint; or

(4) testifies, assists, or participates in any manner in an investigation, proceeding, or hearing.

Defendant denies the remaining allegations in this paragraph.

67.     For paragraph 67, Defendant admits that UT Austin's Nondiscrimination Policy, Handbook of Operating Procedures 3-3020 states: "A student, faculty, or staff member who retaliates in any way against an individual who has brought a complaint pursuant to this policy or participated in good faith in an investigation of such a complaint is subject to disciplinary action, up to and including dismissal from the University."

68.     For paragraph 68, Defendant admits that after the Dean of the School of Engineering submitted an assessment that indicated she did not believe that Plaintiff's performance met expectations for early promotion to associate professor and the President made the decision not to promote Plaintiff to associate professor at that time, Plaintiff raised concerns internally at UT Austin, and opposed what she characterized as gender and pregnancy bias. Defendant denies the remaining allegations in this paragraph.

69.     For paragraph 69, Defendant denies the allegations in this paragraph.

70.     For paragraph 70, Defendant admits that Plaintiff filed a charge of discrimination with the EEOC on or about May 10, 2019. Defendant denies the remaining allegations in this paragraph.

71.     For paragraph 71, Defendant admits that an EEOC Federal Investigator sent a letter to Plaintiff's Counsel dated June 4, 2019 indicating "it is unlikely that investigation will establish a violation of the laws we [the EEOC] enforce." Defendant admits that the EEOC issued a Dismissal

and Notice of Rights letter to Plaintiff indicating that "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes," with a "Dated Mailed" of June 13, 2019. Defendant admits that the EEOC issued this Dismissal and Notice of Rights letter without requesting or receiving a response from UT Austin. Defendant admits that, because the EEOC concluded its investigation without requesting or receiving a response from UT Austin, UT Austin's administration did not respond to or address Plaintiff 's charge of discrimination filed with the EEOC.

72.     For paragraph 72, Defendant admits that after the EEOC issued its Dismissal and Notice of Rights letter without requesting or receiving a response from UT Austin Administration, Plaintiff filed this lawsuit.

73.     For paragraph 73, Defendant admits that UT Austin, including but not limited to former President Fenves, Dean Wood, former ECE Department Chair Dr. Tewfik, and Dr. Julien, was aware that Plaintiff had raised concerns internally at UT Austin and opposed what she characterized as gender and pregnancy bias. Defendant admits that UT Austin (including the aforementioned persons) was aware that Plaintiff filed a charge of discrimination and this lawsuit as a result of litigation hold letters sent to ensure preservation of relevant information.

74.     For paragraph 74, Defendant admits that UT Austin prohibits unlawful discrimination and retaliation against individuals who bring a complaint pursuant to this policy or participated in good faith in an investigation of such a complaint. Defendant admits that Plaintiff remains an employee and an assistant professor at UT Austin as of the filing of Plaintiff's First Amended Complaint and this Answer thereto. Defendant denies the remaining allegations in this paragraph.

75.     For paragraph 75, Defendant denies the allegations in this paragraph.

76.     For paragraph 76, Defendant admits that former ECE Department Chair Dr. Tewfik assigned Dr. Julien to do a "Peer Teaching Evaluation" of Plaintiff after Plaintiff sent a letter to President

Fenves that raised concerns about and opposition to what she characterized as sex and pregnancy bias. Defendant denies any inference of causation or relationship between these two events. Defendant denies the remaining allegations in this paragraph.

77.     For paragraph 77, Defendant admits the allegations in this paragraph but denies any inference of causation or relationship between this lawsuit being filed and Dr. Julien's appointment.

78.     For paragraph 78, Defendant admits that Dean Wood and Assistant Dean Julien discuss and work together on issues of diversity and inclusion. Defendant admits that Dean Wood and Assistant Dean Julien have each communicated about Plaintiff's internal complaints of sex and pregnancy discrimination, charge of discrimination, and/or lawsuit. Defendant admits that Dean Wood and Assistant Dean Julien have each communicated regarding the inaccuracies, misunderstandings, and omissions of Plaintiff's allegations. Defendant denies the remaining allegations in this paragraph.

79.     For paragraph 79, Defendant admits that Assistant Dean Julien has responsibilities related to diversity, equity, and inclusion in the School of Engineering, but denies that Assistant Dean Julien is solely responsible. Defendant admits that Assistant Dean Julien is aware that Plaintiff raised concerns regarding sex and pregnancy discrimination. Defendant denies the remaining allegations in this paragraph.

80.     For paragraph 80, Defendant admits that Plaintiff's annual evaluation for academic year 2018–2019 (which was limited to Spring 2019 activity only because she was on Modified Instructional Duty in Fall 2018) occurred when Assistant Dean Julien was the Chair of the ECE Faculty Evaluation Committee. Defendant admits that the evaluation was provided to Plaintiff in or about June 2020. Defendant admits that the evaluation was provided a full year after the period being reviewed because Plaintiff did not submit her FAR file until May 2020 and the review committee could not finish processing her annual faculty review without that file.

81.     For paragraph 81, Defendant admit that Plaintiff has received positive faculty annual reviews. Defendant denies the remaining allegations in this paragraph.

82.     For paragraph 82, Defendant denies the allegations in this paragraph.

83.     For paragraph 83, Defendant denies that UT Austin has retaliated against Plaintiff. Defendant admits that in September 2019, Plaintiff was on MID at her request. Defendant lacks sufficient knowledge or information to admit or deny allegations regarding the timing of Plaintiff 's pregnancy and childbirth. Defendant admits that in previous semesters for the previous three years no male or female professors on MID in the ECE Department had been required to supervise senior design. Defendant denies the remaining allegations in this paragraph.

84.     For paragraph 84, For paragraph 84, Defendant admits that former ECE Department Chair Tewfik stated in an email to Plaintiff on September 3, 2019, "You have MID this semester. However, you'll need to continue to supervise your senior design team this semester. Others on MID this semester are also supervising senior design teams and the college is insisting on that." Defendant admits that Dr. Tewfik stated in an email to Plaintiff on September 4, 2019, "The college has gotten stricter on MID. Alex and you are on MID and you both will need to supervise/continue supervising senior design teams. Unlike courses, you have flexibility in setting your meeting time with your team." Defendant admits that that Dr. Tewfik stated in an email to Plaintiff on September 6, 2019, "I emailed the dean and associated dean and they agreed to my request to relieve you from senior design supervision." Defendant denies that Plaintiff was required to supervise a senior design team while on MID during the Fall 2019 semester. Defendant admits that a male spouse would not experience any physical conditions associated with childbirth, including physical pain, bleeding, weakness, and (subsequently) breastfeeding. Defendant lacks knowledge or information to admit or deny the remaining allegations in this paragraph.

85.     For paragraph 85, Defendant denies the allegations in this paragraph.

## VIOLATION OF EQUAL PAY ACT

86.     For paragraph 86, this paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required. To the extent a response is required for Plaintiff's reassertion and reincorporation of the other allegations contained in the complaint, Defendant refers to the more specific responses thereto.

87.     For paragraph 87, Defendant admits that 29 U.S.C. § 206(d)(1) provides:

> No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex: Provided, That an employer who is paying a wage rate differential in violation of this subsection shall not, in order to comply with the provisions of this subsection, reduce the wage rate of any employee.

Defendant denies the remaining allegations in this paragraph.

88.     For paragraph 88, Defendant denies the allegations in this paragraph.

89.     For paragraph 89, Defendant admits the allegations in this paragraph. Defendant admits that the difference between Plaintiff's salary and many of the assistant professors referenced in this paragraph is less than 1% and, in many instances, less than 0.5%.

90.     For paragraph 90, Defendant denies the allegations in this paragraph.

## DAMAGES

91.     For paragraph 91, this paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required. To the extent a response is required, Defendant denies that UT Austin violated the law as alleged in Plaintiff's First Amended Complaint, including Title VII, the TCHRA, and the Equal Pay Act. Defendant further denies that Plaintiff is entitled to any relief, including the relief requested in paragraph 91.

**PRAYER FOR RELIEF**

Plaintiff's Prayer for Relief contains only assertions of law, conclusory statements, or arguments to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested.

## DEFENDANT'S DEFENSES

Pleading further, Defendant asserts that it is entitled to the following affirmative and other defenses:

1.      Defendant asserts that it had legitimate, non-discriminatory and non-retaliatory reasons for all employment actions affecting Plaintiff that she contends were unlawful.

2.      Defendant asserts that its decisions and actions regarding Plaintiff were wholly appropriate and these same decisions and actions would have been taken regardless of any allegedly unlawful motives, including sex and pregnancy discrimination as well as retaliation for any protected activities Plaintiff conducted.

3.      Defendant asserts its actions relevant to the causes of action asserted in Plaintiff's First Amended Complaint were done in good faith and without malice, willfulness, or intent.

4.      Defendant asserts that any practice or policy challenged in this lawsuit (including UT Austin's MID policy and probationary extension policy) did not have an adverse effect on Plaintiff, nor does any such challenged practice or policy have a disproportionately adverse effect on either women or pregnant women specifically.

5.      Defendant asserts that any practice or policy challenged in this lawsuit (including UT Austin's MID policy and probationary extension policy) was job-related for the position in question, designed to further or achieve a legitimate purpose, administered in a way that reasonably achieves that purpose, and is consistent with business necessity.

6.      Defendant denies that Plaintiff was paid less than male employees of Defendant who were performing equal work (which, in this context, means work that requires equal skill, effort, and responsibilities, and which is performed under similar working conditions); Defendant further asserts that any pay differences between Plaintiff and any male employees of Defendant are attributable to factors other than sex.

7.      Defendant asserts that Plaintiff's claims are subject to all applicable statutory limitations, including the exemption of a government, government agency, or political subdivision from punitive damages.

8.      Defendant asserts that it acted in good faith and had reasonable grounds to believe that its actions did not violate the Equal Pay Act.

9.      Defendant asserts that Plaintiff has failed to mitigate her damages, if any.

10.     Defendant reserves the right to assert additional defenses as those defenses may become known during the factual development of this case.

## DEFENDANT'S JURY DEMAND

Should this case proceed to trial, Defendant respectfully demands a jury trial on all triable issues.

## DEFENDANT'S PRAYER

Defendant prays that Plaintiff take nothing by this suit, that all costs be taxed and adjudged against Plaintiff, that Defendant recover its costs of suit and reasonable attorneys' fees, and that Defendant be granted such other and further relief to which it justly may be entitled.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN COLES**
Deputy Attorney General for Civil Litigation

**THOMAS A. ALBRIGHT**
Chief for General Litigation Division

*/s/ Benjamin L. Dower*
**BENJAMIN L. DOWER**
Assistant Attorney General
Texas State Bar No. 24082931
benjamin.dower@oag.texas.gov

**Amy S. Hilton**
Assistant Attorney General
Texas State Bar No. 24097834
amy.hilton@oag.texas.gov

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667

**COUNSEL FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2020, a true and correct copy of the foregoing document

was served via the Court's ECF system to all counsel of record.

*/s/ Benjamin L. Dower*
**BENJAMIN L. DOWER**
Assistant Attorney General