IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EVDOKIA NIKOLOVA, § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> UNIVERSITY OF TEXAS AT AUSTIN, § <br> *Defendant*. § | Civil Action No.: 1:19-CV-00877 |

## DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTION

TO THE HONORABLE JUDGE ROBERT PITMAN:

Undersigned counsel is loath to file this motion. But unfortunately, recent events compel Defendant The University of Texas at Austin ("Defendant") to request a three-week extension on its dispositive motion deadline, which is presently set for August 31, 2021. *See* Dkt. #31. Undersigned Counsel has exercised diligence in prosecuting the defense of this case, but the events described in this motion have created the need for additional time. In further support, Defendant would respectfully show the Court as follows:

### STANDARD OF REVIEW

"When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion if . . . a request is made before[] the original time or its extension expires."[1] The good cause standard requires "the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[2]

---

[1] FED. R. CIV. P. 6(b)(1); *see also* FED. R. CIV. P. 16(b)(4) (applying the same good cause standard for modifications to a schedule).
[2] *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

1

"Rule 6(b)(1)(A) gives the court wide discretion to grant a request for additional time that is made prior to the expiration of the period originally prescribed or prior to the expiration of the period as extended by a previous order."[3] "[A]n application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party."[4]

## ARGUMENTS & AUTHORITIES

This lawsuit arises in the context of a tenure decision, which involves "considerations that set [it] apart from other kinds of employment decisions."[5] And Plaintiff brings claims of sex and pregnancy discrimination under both disparate treatment and disparate impact theories.[6] On top of that, this case also involves allegations of retaliation and a purported violation of the Equal Pay Act.[7] All of these issues merit thorough and thoughtful briefing. Defendant strongly disputes Plaintiff's claims and looks forward to presenting evidence and arguments to rebut the accusations that have been levied against it. Undersigned counsel has exercised diligence in working on the dispositive motion in this case, having begun the drafting process well before the close of discovery. But demands over which Defendant has no control have left its litigation counsel unable to devote the required attention to this case during the critical weeks leading up to the dispositive motion deadline on August 31, 2021.

As this Court may already be aware, "Texas courtrooms have become a busy place this August, with Attorney General Ken Paxton battling school districts, cities, counties and nonprofits

---

[3] Charles Alan Wright & Arthur R. Miller, 4B Fed. Prac. & Proc. Civ. § 1165 (4th ed. April 2017).
[4] *Id.*
[5] *See Tanik v. Southern Methodist Univ.*, 116 F.3d 775, 776 (5th Cir. 1997).
[6] Dkt. #21, 11–12.
[7] Dkt. #21, 12–16.

to defend Gov. Greg Abbott's ban on local mask mandates."[8] As one reporter recently put it, even "[t]racking the status of lawsuits can be dizzying."[9] In 15 days, undersigned counsel will have played a leading role in four temporary restraining order hearings and three temporary injunction hearings.[10] In addition to his work as litigation counsel in these cases, the undersigned is also playing a central role in coordinating the totality of the State's defense. And these responsibilities are in addition to undersigned counsel's normal litigation docket plus managerial duties as Deputy Chief of the General Litigation Division. These obligations have left little time to do anything else, including work on the dispositive motion in this case. While normally the undersigned might have delegated initial work on the motion to his capable co-counsel, she has been in a week-long federal jury trial[11] and has been unavailable.

## PRAYER

Defendant respectfully submits that the circumstances described in this motion constitute good cause. As such, Defendant respectfully asks the Court for a three-week extension on the dispositive motion deadline in this case. If granted, the dispositive motion deadline would be moved to September 21, 2021. This motion is unopposed.

---

[8] *See, e.g.*, Edward McKinley, *Battle over local mask mandates plays out across Texas courtrooms as state Supreme Court delays final ruling*, Houston Chronicle, Austin Bureau, August 20, 2021, publicly available at https://www.houstonchronicle.com/politics/texas/article/Battle-over-local-mask-mandates-plays-out-across-16401572.php (last accessed August 21, 2021).

[9] *Id.*

[10] The specific cases in which these injunctive hearings occurred are: (1) *J.J. Koch & State of Texas v. Jenkins & Minor Plaintiff O.D., et al. v. Abbott & Paxton*; Cause No. DC-21-10101; 116th Judicial District Court, Dallas County, Texas; (2) *Harris Cty. v. Abbott & Paxton*, Cause No. D-1-GN-21-003896; in the 345th Judicial District Court, Travis County, Texas; (3) *La Joya Indep. Sch. Dist., et al., Miles-Fowler, et al., Austin Community College District, & Houston Indep. Sch. Dist., et al. v. Abbott, et al.*; Cause No. D-1-GN-21-003897, in the 353rd Judicial District Court, Travis County, Texas; and (4) *Cty. of Ford Bend, Texas v. Abbott*; Cause No. 21-DCV-286148; in the 434th Judicial District Court, Fort Bend County, Texas.

[11] *Ann Wilder v. Stephen F. Austin State University*, No. 9:20-CV-00040-ZJH, in the United States District Court for the Eastern District of Texas, Lufkin Division.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**THOMAS A. ALBRIGHT**
Chief for General Litigation Division

*/s/ Benjamin L. Dower*
**BENJAMIN L. DOWER**
Assistant Attorney General
Texas State Bar No. 24082931
benjamin.dower@oag.texas.gov

**AMY S. HILTON**
Assistant Attorney General
Texas State Bar No. 24097834
amy.hilton@oag.texas.gov

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667

**COUNSEL FOR UT AUSTIN**

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2021, I sent an email to Counsel for Plaintiff Evdokia Nikolova requesting their opposition status to this motion. On August 23, 2021, Plaintiff's Counsel indicated that they are unopposed to this motion.

                                        */s/ Benjamin L. Dower*
                                        **BENJAMIN L. DOWER**
                                        Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2021, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

                                        */s/ Benjamin L. Dower*
                                        **BENJAMIN L. DOWER**
                                        Assistant Attorney General