IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EVDOKIA NIKOLOVA,<br>  *Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No.: 1:19-CV-00877 |
| UNIVERSITY OF TEXAS AT AUSTIN,<br>  *Defendant*. | §<br>§<br>§ | |

### DEFENDANT'S UNOPPOSED MOTION TO EXCEED PAGE LIMIT

TO THE HONORABLE JUDGE ROBERT PITMAN:

Defendant The University of Texas at Austin ("UT") respectfully requests leave of Court to file a motion for summary judgment that exceeds the current page limit. In support, UT would respectfully show the Court the following:

1. This lawsuit presents issues of unusual complexity for a single-plaintiff employment case. Dr. Evdokia Nikolova accuses UT of engaging in gender and pregnancy discrimination for the act of not granting her tenure in Academic Year 2018–19. She raises these claims under both disparate treatment and disparate impact theories. Dr. Nikolova further accuses UT of retaliating against her after she complained about the tenure denial based on an unflattering teaching assessment, a "meets expectations" annual faculty evaluation, and a withdrawn request that she continue supervising a senior design team. She also brings a claim under the Equal Pay Act, although UT is not moving for summary judgment on that claim.

2. "[T]enure decisions in colleges and universities involve considerations that set them apart from other kinds of employment decisions." *Tanik v. Southern Methodist Univ.*, 116 F.3d 775, 7776 (5th Cir. 1997). For example, "tenure decisions are usually highly decentralized," "the number of factors considered in tenure decisions is quite extensive," and "tenure decisions are a source of unusually great disagreement." *Id.* But even in the context of a tenure decision, this case is complicated. It involves

the intersection of multiple policies: UT's policy and practice for tenure decisions that occur before the faculty member's "up-or-out" year, UT's policy allowing faculty to extend their probationary period, UT's Modified Instructional Duty policy allowing faculty members to substitute their teaching assignments with other duties. All these policies are directly at issue in this case, as Dr. Nikolova argues that several of these policies impose a disparate impact on female faculty and female faculty who become pregnant—which UT contests.

3. The Court's Local Rule CV-7(d) and the amended scheduling order issued by the Court on November 19, 2020, (Dkt #31) limit dispositive motions to 20 pages (exclusive of the caption, signature block, any certificate, and any accompanying documents). UT respectfully requests leave to file a Motion for Summary Judgment is 39 pages in length, exclusive of the caption, signature, and certificate of service. Dr. Nikolova's disparate impact, disparate treatment, and retaliation claims relate to a detailed tenure process, the description of which is central to her claims. The excess pages are necessary to adequately present UT's arguments and evidence.

4. UT has put forth its best effort to keep its Motion for Summary Judgment at a reasonable length given its breadth. UT does not make this request for any improper or unwarranted purpose, but only so the record contains adequate briefing to protect its legal and procedural rights given the importance of the issues raised by Dr. Nikolova's lawsuit.

## **CONCLUSION**

Shakespeare once wrote that "brevity is the soul of wit."[1] In the context of legal writing, length is a poor substitute for focus, and a high word count a poor substitute for careful editing. But given the nature and complexity of the issues presented in this case, UT respectfully submits that good cause exists for exceeding the page limit here.

---

[1] Shakespeare. *Hamlet* from The Folger Shakespeare, Act II, scene II, page 89, line 97, publicly accessible at https://shakespeare.folger.edu/shakespeares-works/hamlet/act-2-scene-2/.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**THOMAS A. ALBRIGHT**
Chief for General Litigation Division

/s/ *Benjamin Dower*
**BENJAMIN L. DOWER**
Assistant Attorney General
Texas State Bar No. 24082931
benjamin.dower@oag.texas.gov

**AMY S. HILTON**
Assistant Attorney General
Texas State Bar No. 24097834
amy.hilton@oag.texas.gov

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667

**COUNSEL FOR UT AUSTIN**

**CERTIFICATE OF CONFERENCE**

I hereby certify that I conferred with Plaintiff's counsel Robert ("Bob") Schmidt by phone on Friday, September 17, 2021 on the matter in this motion. Mr. Schmidt stated that Plaintiff is unopposed to the relief sought by this motion.

/s/*Benjamin Dower*
BENJAMIN L. DOWER
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been sent by ECF, on this the 21st day of September, 2021, to all counsel of record:

/s/ *Benjamin Dower*
BENJAMIN L. DOWER
Assistant Attorney General