IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EVDOKIA NIKOLOVA,<br>　　*Plaintiff*,<br><br>v.<br><br>UNIVERSITY OF TEXAS AT AUSTIN,<br>　　*Defendant*. | §<br>§<br>§<br>§ 　 Civil Action No.: 1:19-CV-00877<br>§<br>§<br>§ |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE ROBERT PITMAN:

Nikolova asks the Court for leave to file a sur-reply to bolster her arguments in opposition to UT's motion for partial summary judgment. *See generally* Dkt. #50. But she has not demonstrated that "exceptional or extraordinary circumstances" justify depriving UT Austin of its right, as the movant, to have "the last word on the matter." *See Silo Rest. Inc. v. Allied Prop. & Cas. Ins. Co.*, F. Supp.3d 562, 571 (W.D. Tex. 2019); *Lacher v. West*, 147 F.Supp.2d 538, 539 (N.D. Tex. 2001). Indeed, Nikolova's motion neither acknowledges the demanding legal standard applicable to her extraordinary request, nor argues that such exceptional circumstances exist. The Court should deny Nikolova's motion.

## STANDARD OF REVIEW

"Surreplies, and any other filing that serves the purpose or has the effect of a surreply, are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." *Lacher*, 147 F.Supp.2d at 539. As such, the party seeking leave to file must demonstrate that exceptional or extraordinary circumstances warrant the sur-reply. *See Silo Rest. Inc.*, F.Supp.3d at 570–71; *Lacher*, 147 F.Supp.2d at 539–40; *RedHawk Holdings Corp. v. Schreiber Tr. ex rel. Schreiber Living Tr.*, 836 F. App'x 232, 235 (5th Cir. 2020) (per curiam) (acknowledging there is "no right to file a surreply and surreplies are 'heavily disfavored'").

## ARGUMENTS & AUTHORITIES

Nikolova has not demonstrated that exceptional or extraordinary circumstances justify giving her the final word on UT's motion for summary judgment. The Western District Local Rules prohibit sur-replies by default, noting that "[a]bsent leave of court, no further submissions on the motion [beyond the reply] are allowed." W.D. L.R. CV-7(e). Nikolova's primary argument regarding why she should be permitted to file a sur-reply is that the issues at stake in this case are important. *See* Dkt. #50, ¶ 3 ("Plaintiff's Sur-Reply is necessary to provide this Court with full and accurate briefing regarding the important issues at stake in this case."). UT certainly agrees that this case is important, but that importance does not justify allowing the non-movant to have the final word. While Nikolova's proposed sur-reply does address points raised in UT's Reply, a party wanting to respond to the other party's arguments is hardly exceptional or extraordinary—it is the nature of the adversarial process. Indeed, were the Court to authorize Nikolova's sur-reply, then UT would want to seek leave to file a sur-sur-reply to explain why the sur-reply arguments were misplaced. Rather than continue this back-and-forth between the Parties, UT proposes that the case should simply rest on the existing briefing as contemplated by the Local Rules.

## CONCLUSION

For all these reasons, the Court should deny Nikolova's motion for leave to file a sur-reply.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**THOMAS A. ALBRIGHT**
Chief for General Litigation Division

*/s/ Benjamin L. Dower*
**BENJAMIN L. DOWER**
Deputy Chief for General Litigation Division
Texas State Bar No. 24082931
benjamin.dower@oag.texas.gov

**AMY S. HILTON**
Assistant Attorney General
Texas State Bar No. 24097834
amy.hilton@oag.texas.gov

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667

**COUNSEL FOR UT AUSTIN**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2021, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ Benjamin L. Dower*
**BENJAMIN L. DOWER**
Deputy Chief for General Litigation Division