IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EVDOKIA NIKOLOVA, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.: 1:19-CV-00877 |
| | § | |
| UNIVERSITY OF TEXAS AT AUSTIN, | § | |
| *Defendant.* | § | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

TO THE HONORABLE JUDGE PITMAN:

Rule CV-16(f) of the Court's Local Rules instructs the parties to file, "[p]roposed jury instructions and verdict forms." LR CV-16(f)(7) (W.D. Tex.). In compliance with that rule, Defendant The University of Texas at Austin ("UT Austin") respectfully submits the following.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**THOMAS A. ALBRIGHT**
Chief for General Litigation Division

*/s/ Benjamin L. Dower*
**BENJAMIN L. DOWER**
Deputy Chief for General Litigation Division
Texas State Bar No. 24082931
benjamin.dower@oag.texas.gov

**AMY S. HILTON**
Assistant Attorney General
Texas State Bar No. 24097834
amy.hilton@oag.texas.gov

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667

**COUNSEL FOR UT AUSTIN**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2022, a true and correct copy of the foregoing document

was served via the Court's ECF system to all counsel of record.

*/s/ Benjamin L. Dower*
**BENJAMIN L. DOWER**
Deputy Chief for General Litigation Division

Defendant's Proposed Jury Instructions                                        2

# PRELIMINARY INSTRUCTIONS

## INSTRUCTION 1:   PRELIMINARY INSTRUCTIONS

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, Snapchat, Instagram, TikTok, WhatsApp, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you. And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use

Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, the plaintiff will present her case through witness testimony and documentary or other evidence. Next, the defendant will have an opportunity to present its case. The plaintiff may then present rebuttal evidence. After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers will then make closing arguments. Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown. Finally, you will go into the jury room to deliberate to reach a verdict.

Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, my instructions, and the closing arguments.

It is now time for the opening statements.

---

**Authority:** Fifth Circuit Civil Pattern Jury Instruction 1.2 (2020), but with "Tiktok" and "WhatsApp" added to the paragraph regarding prohibited means of juror communication during and regarding the trial.

| Defendant's Instruction 1 is: |
| --- |
| GRANTED: _____    GRANTED AS MODIFIED: _____    REFUSED: _____ |
| PRESIDING JUDGE _____    DATE _____ |

Defendant's Proposed Jury Instructions                                                      4

# GENERAL INSTRUCTIONS

## INSTRUCTION 2:   JURY CHARGE MEMBERS

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

**Authority:** Fifth Circuit Civil Pattern Jury Instruction, 3.1 (2020).

Defendant's Instruction 2 is:

GRANTED: _____     GRANTED AS MODIFIED: _____     REFUSED: _____

PRESIDING JUDGE                                    DATE

Defendant's Proposed Jury Instructions                                            5

## INSTRUCTION 3:   BURDEN OF PROOF

Plaintiff Evdokia Nikolova has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Nikolova has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

**Authority:** Fifth Circuit Civil Pattern Jury Instruction, 3.2 (2020).

Defendant's Instruction 3 is:

GRANTED: _____      GRANTED AS MODIFIED: _____      REFUSED: _____

_____                    _____
PRESIDING JUDGE                                   DATE

## INSTRUCTION 4:   EVIDENCE

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

---

**Authority:** Fifth Circuit Civil Pattern Jury Instruction 3.3 (2020).

Defendant's Instruction 4 is:

GRANTED: _____      GRANTED AS MODIFIED: _____      REFUSED: _____

_____                    _____
PRESIDING JUDGE                              DATE

## INSTRUCTION 5:   WITNESSES

You are alone to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made her on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

**Authority:** Fifth Circuit Civil Pattern Jury Instruction 3.4 (2020).

Defendant's Instruction 5 is:

GRANTED: _____     GRANTED AS MODIFIED: _____     REFUSED: _____

PRESIDING JUDGE                              DATE

## INSTRUCTION 6:   DEPOSITION TESTIMONY

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been shown to you. This deposition testimony is entitled to the same consideration and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

---

**Authority:** Fifth Circuit Civil Pattern Jury Instruction 2.13 (2020).

Note that the instruction regarding deposition testimony would only be necessary in the event that Gregory L. Fenves is unavailable to testify live and has his deposition testimony shown instead. Defendant The University of Texas at Austin still hopes that President Fenves will be available to testify at trial but offers this instruction in an abundance of caution.

| Defendant's Instruction 6 is: |
| --- |
| GRANTED: _____    GRANTED AS MODIFIED: _____    REFUSED: _____ |
| _____    _____ |
| PRESIDING JUDGE                              DATE |

## INSTRUCTION 7:   EXPERT WITNESSES

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

**Authority:** Fifth Circuit Civil Pattern Jury Instruction 3.5 (2020).

Defendant's Instruction 7 is:

GRANTED: _____        GRANTED AS MODIFIED: _____        REFUSED: _____

_____                    _____
PRESIDING JUDGE                                          DATE

## INSTRUCTION 8:   IMPEACHMENT

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

---

**Authority:** Fifth Circuit Civil Pattern Jury Instruction 2.11 (2020).

Defendant's Instruction 8 is:

GRANTED: _____          GRANTED AS MODIFIED: _____          REFUSED: _____

_____          _____
PRESIDING JUDGE                                                      DATE

## INSTRUCTION 9:   NO INFERENCE FROM FILING SUIT

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

**Authority:** Fifth Circuit Civil Pattern Jury Instruction 3.6 (2020).

Defendant's Instruction 9 is:

GRANTED: _____      GRANTED AS MODIFIED: _____      REFUSED: _____

_____      _____
PRESIDING JUDGE                                DATE

# CLAIM INSTRUCTIONS

## INSTRUCTION 10:  SEX DISCRIMINATION (TITLE VII)

Members of the jury:

1. Plaintiff Evdokia Nikolova claims that Defendant The University of Texas at Austin ("UT Austin") discriminated against her on the basis of her sex by not awarding her early promotion and tenure in February 2019.

2. Defendant UT Austin denies Plaintiff Nikolova's claims and maintains that its decision to deny her application for early promotion and tenure was based on deficiencies in her application and that gender played no role in the decision.

3. It is unlawful for an employer to discriminate against an employee with regards to ultimate employment decisions because of the employee's sex.[1]

4. To prove unlawful sex discrimination, Plaintiff Nikolova must prove by a preponderance of the evidence that:
   a. Defendant UT Austin denied Plaintiff Nikolova's application for early promotion and tenure; and
   b. Defendant UT Austin would not have denied Plaintiff Nikolova's application for early promotion and tenure in the absence of—in other words, but for—her sex.[2]

5. Plaintiff Nikolova does not have to prove that unlawful discrimination was the only reason Defendant UT Austin denied her application for early promotion and tenure. But Plaintiff Nikolova must prove that Defendant UT Austin's decision to deny her application would not have occurred in the absence of such discrimination.

---

[1] UT Austin does not contest that the decision to deny Dr. Nikolova's application for early promotion and tenure qualifies as an adverse employment action. But UT Austin *does* contest that the various alleged actions raised in Dr. Nikolova's retaliation claim qualify as adverse employment actions. To avoid confusing the jury by using the same phrase twice with different definitions depending on the context, *see McCoy v. City of Shreveport*, 492 F.3d 551, 559–60 (5th Cir. 2007), the phrase "adverse employment action" should be used *only* in the retaliation section.

[2] Plaintiff Nikolova pled and litigated this case as a pretext case. *See*, *e.g.*, Doc. #21, ¶59 ("The reasons UT gave for the denial of Dr. Nikolova's tenure and promotion are false, misleading and pretextual."). This is thus a § 2(a) "pretext" case and not a § 2(m) "mixed motive" case. *See* Fifth Circuit Pattern Civil Jury Instruction (2020) at 129–31 (internal pagination). Accordingly, the "motivating factor" instruction is inappropriate. *See*, *e.g.*, *Septimus v. Univ. of Houston*, 399 F.3d 601, 608 (5th Cir. 2005).

6. You may not return a verdict for Plaintiff Nikolova just because you might disagree with UT Austin's tenure decision or believe it to be harsh or unreasonable. Under the law, employers are entitled to make employment decisions for a good reason, for a bad reason, or for no reason at all, so long as the decision is not motivated by unlawful discrimination. You should not second-guess UT Austin's decision or substitute your own judgment for that of UT Austin. [3]

7. You are further instructed that Plaintiff Nikolova's mere disagreement with the tenure decision or her subjective belief that she was subjected to sex discrimination is not evidence of discrimination. [4, 5]

---

[3] *See Price v. Rosiek Const. Co.*, 509 F.3d 704, 708–09 (5th Cir. 2007) (including a similar "business decision" instruction in charge); *Kanida v. Gulf Coast Med. Personnel LP*, 363 F.3d 568, 581 n.13 (5th Cir. 2004) (same); *see also Julian v. City of Houston*, 314 F.3d 721, 728 n.18 (5th Cir. 2002) (same); *Deines v. Tex. Dept. of Protective & Regulatory Servs.*, 164 F.3d 277, 278 (5th Cir. 1999) ("Whether an employer's decision was the correct one, or the fair one, or the best one is not a question within the jury's province to decide. The single issue for the trier of fact is whether the employer's [action] was motivated by discrimination."); *Walton v. Bisco Indus., Inc.*, 119 F.3d 368, 372 (5th Cir. 1997) (courts "do not view the discrimination laws as vehicles for judicial-second guessing of business decisions"); *Davis v. City of Dallas*, No. 3:08-CV-1123-B, 2010 WL 4785884 (N.D. Tex. 2010) (utilizing a comparable instruction).

[4] *See Grizzle v. Travelers Health Network, Inc.*, 14 F.3d 261, 268 (5th Cir. 1994) (holding that plaintiff's "own self-serving generalized testimony stating her subjective belief that discrimination occurred" was not sufficient to support a jury verdict in her favor in an ADEA case); *see also Grimes v. Texas Dept. of Mental Health & Mental Retardation*, 102 F.3d 137, 139–40 (5th Cir. 1996) (noting the same in the context of Title VII at summary judgment).

[5] The Pattern Jury Instructions suggest the additional permissive pretext instruction—"If you find that the reason Defendant [name] has given for [specify adverse employment action] is unworthy of belief, you may, but are not required to, infer that Defendant [name] was motivated by Plaintiff's [protected trait]"—based on *Ratliff v. City of Gainesville*, 256 F.3d 355, 359, 361 (5th Cir. 2001). Fifth Circuit Pattern Civil Jury Instruction 11.1 (2020) at 134, *id.* n.4. Respectfully, Defendant UT Austin believes that *Ratliff* was wrongly decided and that this jury instruction is not consistent with Title VII jurisprudence, and accordingly objects to its inclusion. *See Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 574–76 (5th Cir. 2004) (criticizing the permissive pretext jury instruction and calling for en banc reconsideration of *Ratliff*); *see also Pineda v. United Parcel Serv., Inc.*, 360 F.3d 483, 487 (5th Cir. 2004) ("[T]he plaintiff must offer 'some evidence . . . that permits the jury to infer that the proffered explanation was a pretext for discrimination.'"); *Memberu v. Allright Parking Sys.*, 93 F. App'x 603, 610 (5th Cir. 2004) ("While it is true that a jury could disbelieve [defendant's] witnesses, this does not relieve [plaintiff] of his burden of proffering evidence from which a reasonable jury could infer intentional discrimination.").

**Authority:** Fifth Circuit Pattern Civil Jury Instruction 11.1 (2020), modified to reflect the facts of case.

Defendant's Instruction 10 is:

GRANTED: _____      GRANTED AS MODIFIED: _____      REFUSED: _____

_____          _____
PRESIDING JUDGE                                   DATE

## INSTRUCTION 11:  PREGNANCY DISCRIMINATION (TITLE VII)

1. Plaintiff Evdokia Nikolova claims that Defendant UT Austin discriminated against her on the basis of her pregnancy by not awarding her early promotion and tenure in February 2019.

2. Defendant UT Austin denies Plaintiff Nikolova's claims and maintains that its decision to deny her application for early promotion and tenure was based on deficiencies in her application and that pregnancy played no role in the decision.

3. It is unlawful for an employer to discriminate against an employee with regards to ultimate employment decisions.[6]

4. To prove unlawful pregnancy discrimination, Plaintiff Nikolova must prove by a preponderance of the evidence that:
   a. Defendant UT Austin denied Plaintiff Nikolova's application for early promotion and tenure; and
   b. Defendant UT Austin would not have denied Plaintiff Nikolova's application for early promotion and tenure in the absence of—in other words, but for—her pregnancy.[7]

5. Plaintiff Nikolova does not have to prove that unlawful discrimination was the only reason Defendant UT Austin denied her application for early promotion and tenure. But Plaintiff Nikolova must prove that Defendant UT Austin's decision to deny her application for early promotion and tenure would not have occurred in the absence of such discrimination.

6. You may not return a verdict for Plaintiff Nikolova just because you might disagree with

---

[6] UT Austin does not contest that the decision to deny early promotion and tenure qualifies as an adverse employment action. But UT Austin *does* contest that the various alleged actions raised in Dr. Nikolova's retaliation claim qualify as adverse employment actions. To avoid confusing the jury by using the same phrase twice with different definitions depending on the context, *see McCoy*, 492 F.3d at 559–60, the phrase "adverse employment action" should be used *only* in the retaliation section.

[7] Plaintiff Nikolova pled and litigated this case as a pretext case. *See*, *e.g.*, Doc. #21, ¶59 ("The reasons UT gave for the denial of Dr. Nikolova's tenure and promotion are false, misleading and pretextual."). This thus a § 2(a) "pretext" case and not a § 2(m) "mixed motive" case. *See* Fifth Circuit Pattern Civil Jury Instruction (2020) at 129–31 (internal pagination). Accordingly, the "motivating factor" instruction are not used. *See Guerra*, 496 F.3d at 418; *Septimus*, 399 F.3d at 608; *Adams*, 973 F.3d at 353–54.

UT Austin's tenure decision or believe it to be harsh or unreasonable. Under the law, employers are entitled to make employment decisions for a good reason, for a bad reason, or for no reason at all, so long as the decision is not motivated by unlawful discrimination. You should not second-guess UT Austin's decision or substitute your own judgment for that of UT Austin. [8]

7. You are further instructed that Plaintiff Nikolova's mere disagreement with the tenure decision or her subjective belief that she was subjected to pregnancy discrimination is not evidence of discrimination. [9, 10]

---

**Authority:** Fifth Circuit Pattern Civil Jury Instruction 11.1 (2020), modified to reflect the facts of case.

---

[8] *See Price v*, 509 F.3d at 708–09 (including a similar "business decision" instruction in charge); *Kanida*, 363 F.3d at 581 n.13 (same); *see also Julian*, 314 F.3d at 728 n.18 (same); *Deines*, 164 F.3d at 278 ("Whether an employer's decision was the correct one, or the fair one, or the best one is not a question within the jury's province to decide. The single issue for the trier of fact is whether the employer's [action] was motivated by discrimination."); *Walton*, 119 F.3d at 372 (courts "do not view the discrimination laws as vehicles for judicial-second guessing of business decisions"); *Davis*, No. 3:08-CV-1123-B, 2010 WL 4785884 (N.D. Tex. 2010) (utilizing a comparable instruction).

[9] *See Grizzle*, 14 F.3d at 268 (holding that plaintiff's "own self-serving generalized testimony stating her subjective belief that discrimination occurred" was not sufficient to support a jury verdict in her favor in an ADEA case); *see also Grimes*, 102 F.3d at 139–40 (noting the same in the context of Title VII at summary judgment).

[10] The Pattern Jury Instructions suggest the additional permissive pretext instruction—"If you find that the reason Defendant [name] has given for [specify adverse employment action] is unworthy of belief, you may, but are not required to, infer that Defendant [name] was motivated by Plaintiff's [protected trait]"—based on *Ratliff*, 256 F.3d at 361. Fifth Circuit Pattern Civil Jury Instruction 11.1 (2020) at 134, *id.* n.4. Respectfully, Defendant UT Austin believes that *Ratliff* was wrongly decided and that this jury instruction is not consistent with Title VII jurisprudence and would object to its inclusion. *See Kanida*, 363 F.3d at 574–76 (criticizing the permissive pretext jury instruction and calling for en banc reconsideration of its *Ratliff* holding); *see also Pineda*, 360 F.3d at 487; *Memberu*, 93 F. App'x at 610.

Defendant's Proposed Question 1 to the Jury is:

GRANTED: _____        GRANTED AS MODIFIED: _____        REFUSED: _____

_____                    _____
PRESIDING JUDGE                                      DATE

## INSTRUCTION 12:  RETALIATION (TITLE VII)

1. Plaintiff Nikolova claims that she was retaliated against by Defendant UT Austin for engaging in activities protected by Title VII. Plaintiff Nikolova claims that she engaged in protected activities when she raised concerns internally at UT Austin about the denial of her application for early promotion and tenure, filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and ultimately filed this lawsuit.

2. Plaintiff Nikolova claims that Defendant UT Austin retaliated against her in three ways. First, by giving her a modest and unflattering peer teaching evaluation in May 2019. Second, by asking her to supervise a senior design student group while she was utilizing modified instruction duty during the Fall 2019 semester before rescinding the request three days later. Third, by giving her a "meets expectations" evaluation in an annual faculty evaluation conducted in May 2020.

3. Defendant UT Austin does not deny that Plaintiff Nikolova's actions of filing a charge of discrimination with the EEOC and filing this lawsuit qualify as protected activities. Defendant UT Austin does deny that all of the internal complaints Plaintiff Nikolova identifies are protected activities.[11] Defendant UT Austin further denies Plaintiff Nikolova's retaliation claims and contends that the three purportedly retaliatory acts were made for legitimate, non-retaliatory reasons unrelated to any protected activities.

4. It is unlawful for an employer to retaliate against an employee for engaging in an activity protected by Title VII. To prove unlawful retaliation, Plaintiff Nikolova must prove by a preponderance of the evidence that:
   a. Plaintiff Nikolova engaged in an activity protected under Title VII;
   b. Defendant UT Austin subjected Plaintiff Nikolova to an adverse employment action; and
   c. Defendant UT Austin's decision to subject Plaintiff Nikolova to an adverse employment action was on account of her protected activity.

5. An action is "protected activity" if it communicated Plaintiff Nikolova's good-faith,

---

[11] For example, in the context of summary judgment, Plaintiff identifies the "elephant in the room" email she sent on February 19, 2019 as a protected activity. Dkt. #44, 27 (referencing Dkt. #44-4, 74–77). But UT Austin disagrees that this email meets the legal definition of a protected activity. Therefore, inclusion of the protected activity definition is needed to ensure that the jury does not make a causation finding for an activity they do not believe to be protected employing the proper legal definition. *See* Fifth Circuit Pattern Civil Jury Instruction 11.5 (Title VII—Retaliation) (2020), at 158 n.5 ("If there are disputes, the charge should be adjusted using the definitions of protected activity and adverse employment action.").

reasonable belief that Defendant UT Austin had discriminated against her because of her sex or pregnancy.[12] To show a good-faith belief, Plaintiff must show that she honestly believed that Defendant UT Austin discriminated against her because of her sex or pregnancy. To show a reasonable belief, Plaintiff Nikolova must show that a reasonable person would, under the circumstances, believe that Defendant Austin discriminated against her because of her sex or pregnancy. Plaintiff Nikolova does not have to prove that Defendant UT Austin actually discriminated against her because of her sex or pregnancy. But she must prove that her action communicated a good-faith, reasonable belief that Defendant UT Austin did so.

6. An "adverse employment action" is an action that would have made a reasonable employee reluctant to make or support a charge of discrimination. If a reasonable employee would be less likely to complain about or oppose alleged discrimination because she knew that the employer would take a particular action in response, then that action is an adverse employment action. If the employment action would not make it less likely for a reasonable employee to make complaints about or oppose the alleged discrimination, it is not an adverse employment action.

7. You need not find that the only reason for Defendant UT Austin's action was Plaintiff Nikolova's protected activity. But you must find that Defendant UT Austin's action would not have occurred in the absence of—or but for—a protected activity that Plaintiff Nikolova engaged in.

8. You may not return a verdict for Plaintiff Nikolova just because you might disagree with Defendant UT Austin's actions or believe them to be harsh or unreasonable. Under the law, employers are entitled to make employment decisions for a good reason, for a bad reason, or for no reason at all, so long as the decision is not motivated by unlawful retaliation. You should not second-guess Defendant UT Austin's actions or substitute your own judgment for that of Defendant UT Austin.[13]

---

[12] When assessing whether the plaintiff participated in a protected activity under Title VII, "the relevant question is not whether a formal accusation of discrimination is made but whether the employee's communications to the employer sufficiently convey the employee's reasonable concerns that the employer has acted or is acting in an unlawful discriminatory manner." *O'Daniel v. Indus. Serv. Solutions*, 922 F.3d 299, 305–06 (5th Cir. 2019).

[13] *See Price v*, 509 F.3d at 708–09 (including a similar "business decision" instruction in charge); *Kanida*, 363 F.3d at 581 n.13 (same); *see also Julian*, 314 F.3d at 728 n.18 (same); *Deines*, 164 F.3d at 278 ("Whether an employer's decision was the correct one, or the fair one, or the best one is not a question within the jury's province to decide. The single issue for the trier of fact is whether the employer's [action] was motivated by discrimination."); *Walton*, 119 F.3d at 372 (courts "do not view the discrimination laws as vehicles for judicial-second guessing of business decisions");

9. You are further instructed that Plaintiff Nikolova's mere disagreement with UT Austin's actions or her subjective belief that she was subjected to retaliation is not evidence of retaliation.[14, 15]

---

**Authority:** Fifth Circuit Pattern Civil Jury Instruction 11.5 (2020), modified to fit the facts of the case.

| Defendant's Instruction 12 is: |
|---|
| GRANTED: _____  GRANTED AS MODIFIED: _____  REFUSED: _____ |
| _____          _____ |
| PRESIDING JUDGE                              DATE |

---

*Davis*, No. 3:08-CV-1123-B, 2010 WL 4785884 (N.D. Tex. 2010) (utilizing a comparable instruction).

[14] *See Grizzle*, 14 F.3d at 268 (holding that plaintiff's "own self-serving generalized testimony stating her subjective belief that discrimination occurred" was not sufficient to support a jury verdict in her favor in an ADEA case); *see also Grimes*, 102 F.3d at 139–40 (noting the same in the context of Title VII at summary judgment).

[15] The Pattern Jury Instructions suggest the additional permissive pretext instruction—"If you disbelieve the reason Defendant [name] has given for its decision, you may, but are not required to, infer that Defendant [name] would not have decided to [specify adverse employment action] Plaintiff [name] but for [him/her] engaging in the protected activity." Respectfully, Defendant UT Austin believes that this jury instruction is not consistent with Title VII jurisprudence and would object to its inclusion. *See Kanida*, 363 F.3d at 574–76 (criticizing the permissive pretext jury instruction and calling for en banc reconsideration of its *Ratliff* holding); *see also Pineda*, 360 F.3d at 487; *Memberu*, 93 F. App'x at 610.

## INSTRUCTION 13:  EQUAL PAY ACT

Plaintiff Nikolova claims that Defendant UT Austin discriminated against her because of her sex by paying her a lower wage for performing work requiring substantially equal skill, effort, and responsibility as work performed by male assistant professors in the Electrical and Computer Engineering ("ECE") Department.[16]

Defendant UT Austin admits that it paid Plaintiff Nikolova less money than some male assistant professors in the ECE Department but denies that the difference in pay is on account of her sex. Defendant UT Austin contends that any pay disparity between Plaintiff Nikolova and a male assistant professor is based on factors other than sex.

Under the Equal Pay Act, Defendant UT Austin bears the burden to show by a preponderance of the evidence that the difference in pay between Plaintiff Nikolova and any higher-paid male assistant professor in the ECE Department is based on factors other than sex. If Defendant UT Austin establishes that the difference in pay was caused by any factor other than sex, you must decide in favor of Defendant UT Austin on Plaintiff Nikolova's pay discrimination claim under the Equal Pay Act. On the other hand, if you determine that Defendant UT Austin has failed to prove by a preponderance of the evidence that the difference in pay was caused by a factor other than sex, you must decide in favor of Plaintiff Nikolova on her pay discrimination claim under the Equal Pay Act.

---

**Authority:**  "[T]here are no Fifth Circuit pattern instructions related to Equal Pay Act claims." *Prewitt v. Miss. State Univ.*, 2012 WL 4583415, at *3 (N.D. Miss. 2012). As such, Defendant UT Austin's proposed instructions are adapted from instructions recently used in another case against a state university in Texas that included an Equal Pay Act claim. *See Wilder v. Stephen F. Austin State Univ.*, No. 9:20-CV-00040, 2021 WL 5277718 (E.D. Tex.) (Hawthorn, M.J.) (jury verdict returned on August 19, 2021) (Final Jury Instructions are Dkt. #91 in that case).

---

[16] In her First Amended Complaint, Plaintiff alleges: "In spite of being similarly situated to other male assistant professors in the ECE Department and performing the same job with equal skill, effort and responsibility, Defendant UT Austin compensated Dr. Nikolova less than all other similarly situated male assistant professors." Dkt. #21, ¶88.

Defendant's Instruction 13 is:

GRANTED: _____        GRANTED AS MODIFIED: _____        REFUSED: _____

_____                    _____
PRESIDING JUDGE                              DATE

# DAMAGES

## INSTRUCTION 14:  DAMAGES GENERALLY

I am now going to instruct you on damages. You should not interpret the fact that I have given instructions about Plaintiff Nikolova's damages as an indication in any way that I believe that she should, or should not, win this case. It is your task first to decide whether Defendant UT Austin is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant UT Austin is liable and that Plaintiff Nikolova is entitled to recover money from UT Austin.

Plaintiff Nikolova must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. On the other hand, Plaintiff Nikolova need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.[17]

---

**Authority:** Fifth Circuit Pattern Civil Jury Instructions 11.14, 15.1 (2020) at 224–25, 340.

| Defendant's Instruction 14 is: |
| --- |
| GRANTED: _____      GRANTED AS MODIFIED: _____      REFUSED: _____ |
| PRESIDING JUDGE _____      DATE _____ |

---

[17] *Lowe v. Southmark Corp.*, 998 F.2d 335, 337 (5th Cir. 1993).

## INSTRUCTION 15:  DAMAGES FOR DISCRIMINATION CLAIMS

If you find that Defendant UT Austin violated Title VII by engaging in sex or pregnancy discrimination, then you must determine whether it has caused Plaintiff Nikolova damages and, if so, you must determine the amount of those damages. You should consider the following elements of actual damages, and no others: (1) the amount of back pay and benefits Plaintiff Nikolova would have earned in her employment with Defendant UT Austin if she had been granted tenure and remained employed from September 1, 2019,[18] to the date of your verdict, minus the amount of earnings and benefits that Nikolova received from employment during that time; and (2) compensatory damages, which includes mental anguish, stress, pain, anxiety, loss of enjoyment of life, and other damage.[19]

Back pay includes the amounts the evidence shows that Plaintiff Nikolova would have earned had she been granted tenure and been promoted to Associate Professor. These amounts include wages or salary and such benefits as life and health insurance, stock options, and contributions to retirement. You must subtract the amounts of earnings and benefits Defendant UT Austin proves by a preponderance of the evidence Plaintiff Nikolova received during the period in question.[20]

To recover compensatory damages for mental and emotional distress, Plaintiff Nikolova must prove that she has suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental-anguish award. Evidence of mental anguish need not be supported by doctors, psychologists, or other witnesses, but Plaintiff Nikolova must support her claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.[21]

There is no exact standard for determining actual damages. You are to determine an

---

[18] Had Plaintiff Nikolova been promoted to associate professor with tenure, the promotion would have been effective on September 1, 2019. Dkt. #39-2, 464 (Wood Depo. 127:1–4).

[19] Defendant UT Austin has not submitted a jury question on front pay because "[f]ront pay is an equitable remedy to be determined by the court at the conclusion of the jury trial. . . ." Fifth Circuit Pattern Jury Instruction 11.4 (2020) at 224 (emphasis added). For that same reason, the Fifth Circuit Pattern Jury "charge does not include front pay." *Id.* at 225 n.3.

[20] *Marks v. Prattco*, 633 F.2d 1122, 1125 (5th Cir. 1981).

[21] *See Brady v. Fort Bend County*, 145 F.3d 691, 718 (5th Cir. 1998); *see also Vadie v. Miss. State Univ.*, 218 F.3d 365, 377-78 (5th Cir. 2000).

amount that will fairly compensate Plaintiff Nikolova for any injury she has sustained. Do not include as compensatory damages back pay, front pay, or interest on back pay or benefits.

---

**Authority:** Fifth Circuit Pattern Civil Jury Instruction 11.14 (2020) at 224–26, 10.13 at 127.

Defendant's Instruction 15 is:

GRANTED: _____        GRANTED AS MODIFIED: _____        REFUSED: _____

_____        _____
PRESIDING JUDGE        DATE

## INSTRUCTION 16:  DAMAGES FOR RETALIATION CLAIMS

If you find that Defendant UT Austin violated Title VII by engaging in retaliation, then you must determine whether it has caused Plaintiff Nikolova damages and, if so, you must determine the amount of those damages. You should consider the following elements of actual damages, and no others: compensatory damages, which includes mental anguish, stress, pain, anxiety, loss of enjoyment of life, and other damage.

To recover compensatory damages for mental and emotional distress, Plaintiff Nikolova must prove that she has suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental-anguish award. Evidence of mental anguish need not be supported by doctors, psychologists, or other witnesses, but Plaintiff Nikolova must support her claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.[22]

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff Nikolova for any injury she has sustained. Do not include as compensatory damages back pay, front pay, or interest on back pay or benefits.

**Authority:** Fifth Circuit Pattern Civil Jury Instruction 10.13 (2020) at 127.

| Defendant's Instruction 16 is: |
|---|
| GRANTED: _____    GRANTED AS MODIFIED: _____    REFUSED: _____ |
| PRESIDING JUDGE _____    DATE _____ |

---

[22] *See Brady.*, 145 F.3d at 718; *see also Vadie v. Miss. State Univ.*, 218 F.3d at 377–78.

## INSTRUCTION 17:  DAMAGES EQUAL PAY ACT CLAIM

If you find that Defendant UT Austin violated the Equal Pay Act, then you must determine if Plaintiff Nikolova has met her burden to prove the damages to which she may be entitled. You should consider the following element of damage, to the extent you find that Plaintiff Nikolova has proved it by a preponderance of the evidence, and no others: the amount of Plaintiff Nikolova's lost compensation.[23]

Plaintiff Nikolova's lost compensation is the difference between the amount Defendant UT Austin should have paid Plaintiff Nikolova and the amount UT Austin actually paid Plaintiff Nikolova. Put another way, Plaintiff Nikolova's lost compensation is the difference between Plaintiff Nikolova's compensation and the average compensation of the male employees in substantially equal jobs.[24] Plaintiff Nikolova is entitled to recover compensation from the date of your verdict back no more than two years before she filed this lawsuit on September 9, 2019.[25]

---

[23] When the jury assesses compensatory damages for a violation of the EPA, the court must generally add an award of liquidated damages in the same amount. 29 U.S.C. § 216(b); *accord Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008). There is a good faith defense: if the employer shows "to the satisfaction of the court" that the acts or omissions giving rise to the violation were in good faith and that the employer had reasonable grounds for believing that its act or omission was not a violation of the EPA, then "the court may, in its sound discretion," reduce or eliminate liquidated damages. 29 U.S.C. § 260. "The employer bears the burden of establishing both the subjective and objective components of that good faith defense against liquidated damages." *Alvarez Perez*, 515 F.3d at 1163.
Eleventh Circuit Pattern Jury Charge 4.13 at 11 ("Liquidated Damages").

[24] Where there is more than one employee of the opposite sex who worked in substantially equal jobs, the damages can be calculated by calculating the difference between the plaintiff's salary and the average salary paid to the workers of the opposite sex. *Miranda v. B&B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992); *see also McMillan v. Mass. Soc. for Prevention of Cruelty to Animals*, 140 F.3d 288, 305 (1st Cir. 1998) (upholding a jury award of back pay based on an average of the salaries of male comparators during the relevant years in a case arising under a Massachusetts state law, Title VII, and the Equal Pay Act).

[25] "Although the Equal Pay Act provides a three-year statute of limitations for willful violations, Plaintiff has not pled that Defendant acted willfully." *Carmichael v. Ingram Ready-Mix*, No. SA:05-CA-0999-XR, 2006 WL 505735, at *2 n.2 (W.D. Tex. 2006); *see also* Dkt. #21, 16 (¶¶86–90) (Plaintiff's First Amended Complaint).

**Authority:**    Eleventh Circuit Pattern Jury Charge 4.13 (2020), at 5–6, 11.

Defendant's Instruction 17 is:

GRANTED: _____        GRANTED AS MODIFIED: _____        REFUSED: _____

_____                    _____
PRESIDING JUDGE                                        DATE

# **DELIBERATION**

## **INSTRUCTION 18:  DELIBERATION**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

---

**Authority:** Fifth Circuit Civil Pattern Jury Instructions 3.7 (2020).

Defendant's Instruction 18 is:

GRANTED: _____      GRANTED AS MODIFIED: _____      REFUSED: _____

_____                    _____
PRESIDING JUDGE                             DATE

# JURY QUESTIONS (INTERROGATORIES)

## QUESTION 1:

Has Plaintiff Nikolova proved by a preponderance of the evidence that UT Austin would have awarded her early promotion and tenure in February 2019 in the absence of—in other words, but for—her sex?

Answer Yes or No: _____

*Proceed to Question 2.*

---

**Authority:** Fifth Circuit Pattern Civil Jury Instruction 11.1 (2020), at 136.

| Defendant's Proposed Question 1 to the Jury is: |
|---|
| GRANTED: _____      GRANTED AS MODIFIED: _____      REFUSED: _____ |
| |
| _____          _____ |
| PRESIDING JUDGE                                   DATE |

## QUESTION 2:

Has Plaintiff Nikolova proved by a preponderance of the evidence that UT Austin would have awarded her early promotion and tenure in February 2019 in the absence of—in other words, but for—her pregnancy?

Answer Yes or No: _____

*If your answer to either Question 1 or Question 2 is "yes," proceed to Question 3.*

*If your answer to both Question 1 and Question 2 is "no," do not answer Question 3 and proceed directly to Question 4.*

---

**Authority:**    Fifth Circuit Pattern Civil Jury Instruction 11.1 (2020), at 136.

*Adams v. Mem'l Hermann*, 4:15-CV-01270, 2019 WL 2211283 (S.D. Tex. April 9, 2019) (Hanen, J.) (jury verdict using similar language: "Question 1. Has Plaintiff Delise Adams proved that she would not have been terminated in the absence of—in other words, but for—her pregnancy?").

The use of the "but-for" instruction was challenged and affirmed on appeal. *Adams v. Mem'l Hermann*, 973 F.3d 343, 353–54 (5th Cir. 2020).

<table>
<tr><td colspan="3">Defendant's Proposed Question 2 to the Jury is:</td></tr>
<tr><td>GRANTED: _____</td><td>GRANTED AS MODIFIED: _____</td><td>REFUSED: _____</td></tr>
<tr><td>_____<br>PRESIDING JUDGE</td><td></td><td>_____<br>DATE</td></tr>
</table>

**QUESTION 3:**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Nikolova for the damages, if any, you have found Defendant UT Austin caused Plaintiff Nikolova by engaging in unlawful discrimination?

Answer in dollars and cents for the following items and none other:

1. Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

$ _____

2. Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

$ _____

3. Wages and benefits from September 1, 2019, to present.

$ _____

*Proceed to Question 4.*

_____

**Authority:**    Fifth Circuit Pattern Civil Jury Instruction 11.4 (2020), at 231.

Defendant's Proposed Question 3 to the Jury is:

GRANTED: _____    GRANTED AS MODIFIED: _____    REFUSED: _____

_____        _____
PRESIDING JUDGE                              DATE

Defendant's Proposed Jury Instructions                                    34

## QUESTION 4:

Has Plaintiff Nikolova proved by a preponderance of the evidence that the inclusion of unflattering content in her peer teaching evaluation in May 2019 was an adverse employment action?

Answer Yes or No: _____

*If your answer is "yes," proceed to Question 5.*

*If your answer is "no," do not answer Question 5 and proceed directly to Question 6.*

_____

**Authority:** Fifth Circuit Pattern Civil Jury Instruction 11.5 (2020) at 160 (noting that the "jury question will need to be adjusted if there is a factual dispute about whether the plaintiff engaged in protected activity or whether he or she suffered an adverse employment action").

| | | |
|---|---|---|
| Defendant's Proposed Question 4 to the Jury is: | | |
| GRANTED: _____  GRANTED AS MODIFIED: _____ | | REFUSED: _____ |
| _____ | | _____ |
| PRESIDING JUDGE | DATE | |

**QUESTION 5:**

Has Plaintiff Nikolova proved by a preponderance of the evidence that Defendant UT Austin would not have included the unflattering content in her peer teaching evaluation in May 2019 in the absence of—in other words, but for—her engaging in a protected activity?

Answer Yes or No: _____

*Proceed to Question 6.*

---

**Authority:** Fifth Circuit Pattern Civil Jury Instruction 11.5 (2020), modified slightly to include the "in the absence of" clarification to help explain what "but for" means.

| Defendant's Proposed Question 5 to the Jury is: | | |
|---|---|---|
| GRANTED: _____ | GRANTED AS MODIFIED: _____ | REFUSED: _____ |
| _____ PRESIDING JUDGE | | _____ DATE |

**QUESTION 6:**

Has Plaintiff Nikolova proved by a preponderance of the evidence that the issuance of Defendant UT Austin's request that Plaintiff Nikolova supervise a senior design student group while she was utilizing modified instruction duty during the Fall 2019 semester was an adverse employment action?

Answer Yes or No: _____

*If your answer is "yes," proceed to Question 7.*

*If your answer is "no," do not answer Question 7 and proceed directly to Question 8.*

---

**Authority:** Fifth Circuit Pattern Civil Jury Instruction 11.5 (2020) at 160 (noting that the "jury question will need to be adjusted if there is a factual dispute about whether the plaintiff engaged in protected activity or whether he or she suffered an adverse employment action").

Defendant's Proposed Question 6 to the Jury is:

GRANTED: _____        GRANTED AS MODIFIED: _____        REFUSED: _____

_____        _____
PRESIDING JUDGE                              DATE

**QUESTION 7:**

> Has Plaintiff Nikolova proved by a preponderance of the evidence that Defendant UT Austin would not have asked her to supervise a senior design student group while she was utilizing modified instruction duty during the Fall 2019 semester in the absence of—in other words, but for—her engaging in a protected activity?

> Answer Yes or No: _____

*Proceed to Question 8.*

---

**Authority:** Fifth Circuit Pattern Civil Jury Instruction 11.5 (2020), modified slightly to include the "in the absence of" clarification to help explain what "but for" means.

| | |
|---|---|
| Defendant's Proposed Question 7 to the Jury is: | |
| GRANTED: _____   GRANTED AS MODIFIED: _____   REFUSED: _____ | |
| _____ | _____ |
| PRESIDING JUDGE | DATE |

## QUESTION 8:

Has Plaintiff Nikolova proved by a preponderance of the evidence that the "meets expectations" evaluation she received in May 2020 was an adverse employment action?

Answer Yes or No: _____

*If your answer is "yes," proceed to Question 9.*

*If your answer is "no," but your answer to Question 5 or Question 7 is "yes," do not answer Question 9 and proceed directly to Question 10.*

*If your answer is "no," and your answer to Question 5 or Question 7 is also "no," do not answer Question 9 or Question 10 and proceed directly to Question 11.*

---

**Authority:** Fifth Circuit Pattern Civil Jury Instruction 11.5 (2020) at 160 (noting that the "jury question will need to be adjusted if there is a factual dispute about whether the plaintiff engaged in protected activity or whether he or she suffered an adverse employment action").

| Defendant's Proposed Question 8 to the Jury is: |
|---|
| GRANTED: _____    GRANTED AS MODIFIED: _____    REFUSED: _____ |
| _____          _____ |
| PRESIDING JUDGE                                DATE |

### QUESTION 9:

Has Plaintiff Nikolova proved by a preponderance of the evidence that UT Austin would not have given her a "meets expectations" evaluation in the absence of—in other words, but for—her engaging in a protected activity?

Answer Yes or No: _____

*If your answer to Question 5, Question 7, or Question 9 is "yes," proceed to Question 10.*

*If your answer to Question 5, Question 7, and Question 9 is "no" for all three, do not answer Question 10 and proceed directly to Question 11.*

---

**Authority:** Fifth Circuit Pattern Civil Jury Instruction 11.5 (2020), modified slightly to include the "in the absence of" clarification to help explain what "but for" means.

| | |
|---|---|
| Defendant's Proposed Question 9 to the Jury is: | |
| GRANTED: _____    GRANTED AS MODIFIED: _____    REFUSED: _____ | |
| _____    _____ | |
| PRESIDING JUDGE                     DATE | |

**QUESTION 10:**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Nikolova for the damages, if any, you have found Defendant UT Austin caused Plaintiff Nikolova by engaging in unlawful retaliation?

Answer in dollars and cents for the following items and none other:

1. Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

$ _____

2. Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

$ _____

*Proceed to Question 11.*

_____

**Authority:**   Fifth Circuit Pattern Civil Jury Instruction 11.4 (2020), at 231.

| Defendant's Proposed Question 10 to the Jury is: |
| --- |
| GRANTED: _____     GRANTED AS MODIFIED: _____     REFUSED: _____ |
| PRESIDING JUDGE _____     DATE _____ |

Defendant's Proposed Jury Instructions

## QUESTION 11:

Has Defendant UT Austin proved by a preponderance of the evidence that the differential in pay between Plaintiff Nikolova and a higher-paid male assistant professor in the ECE Department was the result of a factor other than sex?

Answer: Yes or No: _____

*If your answer is "yes," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form.*

*If your answer is "no," proceed to Question 12.*

---

**Authority:** "[T]here are no Fifth Circuit pattern instructions related to Equal Pay Act claims." *Prewitt v. Miss. State Univ.*, 2012 WL 4583415, at *3 (N.D. Miss. 2012). As such, Defendant UT Austin's proposed jury question is adapted from a jury charge recently used in another case against a state university in Texas that included an Equal Pay Act claim and the Eleventh Circuit Pattern Jury Charge. *See Wilder v. Stephen F. Austin State Univ.*, No. 9:20-CV-00040, 2021 WL 5277718 (E.D. Tex.) (Hawthorn, M.J.) (jury verdict returned on August 19, 2021); Eleventh Circuit Pattern Jury Charge 4.13 (2020), at 7.

<table>
<tr><td>Defendant's Proposed Question 11 to the Jury is:<br><br>GRANTED: _____      GRANTED AS MODIFIED: _____      REFUSED: _____<br><br><br>_____      _____<br>PRESIDING JUDGE      DATE</td></tr>
</table>

**QUESTION 12:**

Has Plaintiff Nikolova proved by a preponderance of the evidence that she should be awarded damages for lost compensation under the Equal Pay Act?

Answer: Yes or No: _____

If your answer is "Yes," in what amount?

Answer in dollars and cents for the following items and none other:

$ _____

*This ends your deliberations, and your foreperson should sign and date the last page of this verdict form.*

---

**Authority:** "[T]here are no Fifth Circuit pattern instructions related to Equal Pay Act claims." *Prewitt v. Miss. State Univ.*, 2012 WL 4583415, at *3 (N.D. Miss. 2012). As such, Defendant UT Austin's proposed jury question is adapted from a jury charge recently used in another case against a state university in Texas that included an Equal Pay Act claim and the Eleventh Circuit Pattern Jury Charge. *See Wilder v. Stephen F. Austin State Univ.*, No. 9:20-CV-00040, 2021 WL 5277718 (E.D. Tex.) (Hawthorn, M.J.) (jury verdict returned on August 19, 2021); Eleventh Circuit Pattern Jury Charge 4.13 (2020), at 8.

| | | |
|---|---|---|
| Defendant's Proposed Question 12 to the Jury is: | | |
| GRANTED: _____ | GRANTED AS MODIFIED: _____ | REFUSED: _____ |
| _____ | _____ | |
| PRESIDING JUDGE | DATE | |