IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EVDOKIA NIKOLOVA, *Plaintiff,* | § § § | |
| v. | § § | Civil Action No.: 1:19-CV-00877 |
| UNIVERSITY OF TEXAS AT AUSTIN, *Defendant.* | § § § | |

### DEFENDANT'S MOTION IN LIMINE

TO THE HONORABLE JUDGE PITMAN:

In compliance with the Court's Local Rules, Defendant The University of Texas at Austin ("UT Austin") respectfully asks the Court to instruct Plaintiff Evdokia Nikolova ("Nikolova"), Nikolova's counsel, and any witnesses called by Nikolova to refrain from making reference (by oral statement or exhibit) to any of the following matters while in the presence of the jury without first approaching the bench and obtaining a ruling from the Court. *See* LR CV-16(f)(9) (W.D. Tex.). UT Austin further requests an instruction that failure to abide by the Court's instruction may necessitate the granting of a motion for mistrial.

In support of this motion, UT Austin would show that the matters made the subject of this motion are not admissible into evidence for any purpose, have no bearing on the issues at trial, and would result in unfair prejudice to UT Austin. Further, sustaining objections to such questions, statements, or evidence will not prevent that prejudice, but will only reinforce the development of questionable evidence.

The specific matters to which this Motion refers are as follows:

1. Any comment or suggestion to elicit undue and improper sympathy for Nikolova by suggesting that she is represented by a small law firm who is bringing suit against a large university represented by a large group of attorneys in the Texas Attorney General's Office.

AGREED: _____   GRANTED: _____   DENIED: _____

2. Any reference to UT Austin's counsel as Assistant Attorneys General or lawyers from the Texas Attorney General's Office. Because the Texas Attorney General's Office also enforces child support orders, this may potentially prejudice jurors with child support issues. It also risks prejudicing UT Austin for the partisan affiliation of, or news related to, the current Texas Attorney General. UT Austin's counsel should just be referred to as counsel for UT Austin.

AGREED: _____   GRANTED: _____   DENIED: _____

3. Any reference to, allegations of, or solicited testimony regarding settlements, verdicts, awards, and/or judgments received in any prior or subsequent employment discrimination cases involving either UT Austin or the State of Texas.

AGREED: _____   GRANTED: _____   DENIED: _____

4. Any reference to, allegations of, reports or solicited testimony regarding any other lawsuits or EEOC complaints filed against UT Austin, including the nature of any such other lawsuit or complaint, by whom such lawsuit or complaint was brought, the pending status, and any trial, settlement, judgment or other disposition of any such lawsuit or complaint.

AGREED: _____   GRANTED: _____   DENIED: _____

5. Any references to a "pattern or practice" of discrimination, because the "pattern-or-practice method of proof is not available in private, non-class action lawsuits" brought under Title VII, such as this suit. *Frank v. Xerox Corp.*, 347 F.3d 130, 137 (5th Cir. 2003).

AGREED: _____   GRANTED: _____   DENIED: _____

6. Any reference to, allegations of, or solicited testimony regarding whether third parties not testifying in this trial (including but not limited to Dr. Karen Pagani or Dr. Miryung Kim) were allegedly subject to any gender discrimination at UT Austin. Such discrimination claims are not the subject of this trial, and would be unduly prejudicial or confuse the issues. FED. R. EVID. 403.

AGREED: _____   GRANTED: _____   DENIED: _____

7.  Any reference to, allegations of, or solicited testimony regarding allegations of discriminatory conduct, harassment, or retaliation at UT Austin unrelated to Nikolova. Such conduct is not the subject of this trial, and would be unduly prejudicial or confuse the issues. FED. R. EVID. 403.

AGREED: _____   GRANTED: _____   DENIED: _____

8.  Any reference to, reports, or solicited testimony regarding any claims for damages for medical care or treatment (including but not limited to any bills, receipts, invoices, and the like from any medical practitioner or other provider of medical care or treatment), unless and until Nikolova properly establishes the evidentiary predicate for causation, i.e., properly establishes (through competent expert testimony) the causal link between any of Nikolova's alleged injuries and the incident(s) made the basis of this suit.

AGREED: _____   GRANTED: _____   DENIED: _____

9.  Any reference to, allegations of, reports or solicited testimony regarding Nikolova's own belief or opinion regarding any medical, mental, and/or psychological condition, including any diagnosis or prognosis, and which Nikolova contends resulted from the allegedly discriminatory or retaliatory actions of UT Austin, without first having established through competent expert testimony the appropriate foundation for a causal relationship between Nikolova's alleged medical, mental, and/or psychological condition, including any diagnosis or prognosis, and the incident made the basis of Nikolova's lawsuit.

AGREED: _____   GRANTED: _____   DENIED: _____

10. Any and all testimony from Nikolova or from any other lay witness as to what they have been told by any doctor, nurse, or other health care professional about the degree, cause, nature, or extent of any injuries to Nikolova's or Nikolova's physical, mental, emotional, and/or psychological condition.

AGREED: _____   GRANTED: _____   DENIED: _____

11. Any argument or suggestion that a failure to award damages will cause Nikolova deprivation or financial hardship.

AGREED: _____   GRANTED: _____   DENIED: _____

12. Any statement, testimony, or argument that UT Austin can easily afford to pay Nikolova or any similar argument or suggestion referencing the parties' relative financial positions.

AGREED: _____   GRANTED: _____   DENIED: _____

13. Any reference to—or reports or solicited testimony regarding—damages or the computation of same not disclosed by Nikolova to UT Austin in response to discovery seeking identification of same. Rule 37(c)(1) of the Federal Rules of Civil Procedure provides, in part, "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) or to amend a prior response to discovery. . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." FED. R. CIV. P. 37(c)(1).

AGREED: _____   GRANTED: _____   DENIED: _____

14. Any attempt to elicit any testimony for which the witness has no personal knowledge. Further, UT Austin requests that Nikolova, her counsel, and her witnesses be required to establish a basis for personal knowledge other than hearsay, prior to eliciting any testimony. FED. R. EVID. 602, 802; *Martin v. Kroger,* 65 F. Supp. 2d 516, 547 (S.D. Tex. 1999), aff'd 224 F.3d 765 (5th Cir. 2000).

AGREED: _____   GRANTED: _____   DENIED: _____

15. Any reference to, allegations of, or making reference to, the character or reputation or specific instances of conduct of any person or party to this suit except as to reputation for truthfulness or untruthfulness. FED. R. EVID. 405, 608.

AGREED: _____   GRANTED: _____   DENIED: _____

16. Any reference to, allegations of, reports or solicited testimony regarding the fact that any former employee of UT Austin was not called to testify by UT Austin, as such witnesses are equally available to both sides. FED. R. EVID. 403.

AGREED: _____   GRANTED: _____   DENIED: _____

17. Any reference to, allegations of, reports or solicited testimony regarding the probable testimony of a person who will not be a witness at this trial.

AGREED: _____   GRANTED: _____   DENIED: _____

18.   Any reference to or allegations of any other persons treated more favorably than Nikolova, unless Nikolova has first established that such person is similarly situated to Nikolova. *Bryant v. Compass Group USA, Inc.,* 413 F.3d 471, 478-79 (5th Cir. 2005); *Okoye v. Univ. of Texas Houston Health Sci. Ctr.*, 245 F.3d 507, 514 (5th Cir. 2001).

AGREED: _____   GRANTED: _____   DENIED: _____

19.   Any argument or comment to the effect that a juror should place himself or herself in the position of Nikolova in this case in deciding whether there was discrimination or retaliation or determining the amount of recovery which Nikolova might receive.

AGREED: _____   GRANTED: _____   DENIED: _____

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**THOMAS A. ALBRIGHT**
Chief for General Litigation Division

*/s/ Benjamin L. Dower*
**BENJAMIN L. DOWER**
Deputy Chief for General Litigation Division
Texas State Bar No. 24082931
benjamin.dower@oag.texas.gov

**AMY S. HILTON**
Assistant Attorney General
Texas State Bar No. 24097834
amy.hilton@oag.texas.gov

Office of the Attorney General
General Litigation Division

P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667

**COUNSEL FOR UT AUSTIN**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2022, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ Benjamin L. Dower*
**BENJAMIN L. DOWER**
Deputy Chief for General Litigation Division