UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EVDOKIA NIKOLOVA | § | |
|   Plaintiff, | § | |
| | § | |
| V. | § | CASE NO. 1:19-cv-00877-RP |
| | § | |
| UNIVERSITY OF TEXAS AT AUSTIN, | § | |
|   Defendant. | § | |

**PLAINTIFF'S MOTION IN LIMINE WITH ORDER INCORPORATED**

COMES NOW, Plaintiff, Evdokia Nikolova ("Plaintiff"), filing her motion in limine.

Before the voir dire examination of the jury panel, and outside the presence and hearing of the jury panel, Plaintiff makes this Motion in Limine.   Plaintiff seeks to exclude matters that are inadmissible, irrelevant, or prejudicial in this case.   If Defendant, UT Austin, injects these matters into the trial of this case through a party, an attorney, or a witness, it will cause irreparable harm to Plaintiff's case, which no jury instruction could cure.   If any of these matters are brought to the attention of the jury, directly or indirectly, Plaintiff will be compelled to move for a mistrial.   In an effort to avoid prejudice and a mistrial, Plaintiff urges this motion in limine.

Plaintiff asks the Court to instruct UT Austin and all counsel not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of the matters listed below without first obtaining a ruling from the Court outside the presence and hearing of the jury, and to instruct UT Austin and all counsel to warn and caution each witness to follow the same instructions.

Respectfully submitted,
CREWS LAW FIRM, P.C.
701 Brazos, Suite 900
Austin, Texas 78701
(512) 346-7077
(512) 342-0007 (Fax)
schmidt@crewsfirm.com


By:   /s/ Robert W. Schmidt
Robert W. Schmidt
State Bar No. 17775429
Joe K. Crews
State Bar No. 05072500


 /s/ Robert Notzon
Robert Notzon
The Law Office of Robert Notzon
Texas Bar No. 00797934
1502 West Avenue
Austin, Texas 78701
(512) 474-7563
(512) 852-4788 facsimile

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2021, this document was served pursuant to Federal Rules of Civil Procedure on counsel for Defendant through the Court's electronic filing system at the following address:

Benjamin L. Dower
Assistant Attorney General
Amy S. Hilton
Assistant Attorney General
Office of the Attorney General of Texas
General Litigation Division
P.O. Box 12548
Capitol Station,
Austin, Texas 78711-2548
Fax (512) 320-0667
benjamin.dower@oag.texas.gov
amy.hilton@oag.texas.gov

By:   /s/   Robert W. Schmidt
         Robert W. Schmidt

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

EVDOKIA NIKOLOVA                         §
   Plaintiff,                         §
                                     §
V.                                       §          CASE NO. 1:19-cv-00877-RP
                                       §
UNIVERSITY OF TEXAS AT AUSTIN,           §
   Defendant.                         §

**ORDER IN LIMINE**

**1.**     Any mention or reference to any findings the EEOC's "Right to Sue" dismissal letter is overly prejudicial and any such findings or communications would intrude upon the purview of the jury to be the sole arbiter of the facts of this case. Such evidence would be unduly prejudicial and any such evidence would not be relevant to the claims or defenses in this case.

     The Fifth Circuit has recognized "the high likelihood of unfair prejudice of an EEOC letter containing a legal conclusion, potentially leading the jury to give the EEOC's decision improper weight. *Weathersby v. One Source Mfg. Tech.*, 378 Fed. Appx. 463, 2010 U.S. App. LEXIS 10103, (5th Cir., May 18, 2010), *citing Haines v. Tex. Workers Comp. Comm'n*, No. 04-50309, 2005 U.S. App. LEXIS 5, at *3 (5th Cir. Jan. 3, 2005)*, Isaac v. Tex. Dept. of Crim. Justice*, 109 Fed.Appx. 671, 672 (5th Cir. 2004). Therefore, administrative findings by the EEOC have been held properly excluded where the probative value is outweighed by any prejudicial effect. *Cortes v. Maxus Exploration Co.*, 977 F.2d 195, 201-02 (5th Cir. 1992).

     In *Storr v. Alcorn State Univ.*, 2017 U.S. Dist. LEXIS 128079, at *5, No. 3:15-CV-618-DPJ-FKB (S.D. Miss. 2017), the court held that a "Dismissal and Notice of Rights" letter similar to the one issued by the EEOC regarding Plaintiff's charge of discrimination should be excluded:

> Under Rule 403, the Court begins by noting that the probative value of the EEOC's Notice of Right to Sue is slight. . . the EEOC did not make a concrete determination as to Storr's claim. Instead, the EEOC merely checked a box indicating that it was closing its file because it "was unable to conclude that the information obtained establishes violations." . . .The very next sentence states, "This does not certify that the respondent is in compliance." *Id.* These bare conclusions offer little probative value, and any probative value that might exist would be substantially outweighed by the risk of unfair prejudice, confusion, and—not insignificantly—delay.

*See also Houston v. Miss. Dep't of Human Servs.*, No. 3:13-CV-773-DPJ-FKB, 2015 U.S. Dist. LEXIS 162390, 2015 WL 7777275, at *2 (S.D. Miss. Dec. 2, 2015) (granting motion in limine to exclude similar EEOC notice).

\_\_\_\_\_ AGREED        \_\_\_\_\_ GRANTED        \_\_\_\_\_ DENIED

**2.**     Any mention or reference to the work done by, occupation of, or income or net worth of Dr. Nikolova's husband, Jimmy Horn, as such evidence would be unduly prejudicial and any such evidence would not be relevant to the claims or defenses in this case.

\_\_\_\_\_ AGREED        \_\_\_\_\_ GRANTED        \_\_\_\_\_ DENIED

**3.**     Any mention or reference to any tax filings by any party or witness in this case. Such evidence would be unduly prejudicial and any such evidence would not be relevant to the claims or defenses in this case.

\_\_\_\_\_ AGREED        \_\_\_\_\_ GRANTED        \_\_\_\_\_ DENIED

**4.**     Any mention or reference to the location or details of any travels or trips taken by Dr. Nikolova and her family during the pendency of this litigation as such evidence would be unduly prejudicial and any such evidence would not be relevant to the claims or defenses in this case. This item does not restrict any mention of the number or amount of any leaves taken during this period of time.

_____ AGREED        _____ GRANTED        _____ DENIED

**5.**      Any mention or reference to claims that are no longer before the Court due to dismissal by

the Court in its orders in this case or by action of the Plaintiff's pleadings. Such evidence would

be unduly prejudicial and any such evidence would not be relevant to the claims or defenses in this

case.

_____ AGREED          _____ GRANTED          _____ DENIED

So ORDERED, this ___ day of February, 2022.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE