UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EVDOKIA NIKOLOVA §<br>  Plaintiff, §<br>§<br>V. §<br>§<br>UNIVERSITY OF TEXAS AT AUSTIN, §<br>  Defendant. § | CASE NO. 1:19-cv-00877-RP |

## PLAINTIFFS' PROPOSED VOIR DIRE QUESTIONS

TO THE HONORABLE JUDGE OF THIS COURT:

Pursuant to Local Rule CV-16, Plaintiff Evdokia Nikolova respectfully submits these proposed voir dire questions. Additionally, Dr. Nikolova respectfully requests that counsel be afforded the opportunity for counsel to directly ask the jury panel these and other questions as part of counsel conducted voir dire.

## PROPOSED VOIR DIRE QUESTIONS

1. People have strong feelings about lawsuits. There are some people who, if they were on a jury, would be able to award money for economic losses such as lost pay as well as intangible damages such as emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life. There are other people who, if they were on a jury, might be able to give money for economic losses, but they simply couldn't give money for something intangible like mental anguish. Who here does that best describe? And follow up questions regarding responses from the panel.

2. While some people don't have a problem awarding intangible damages, they do have a bias against those types of damages. Now, by bias, all we mean is a strong feeling. Who here does that describe? And follow up questions regarding responses from the panel.

3. People have strong feelings about the burden of proof in certain types of cases. There are some who believe that in a damage case, a plaintiff should have to prove their case beyond a reasonable doubt or by clear and convincing evidence, instead of the standard of preponderance of the evidence. Who does that describe? And follow up questions regarding responses from the panel.

4. There are some people who would have no trouble using preponderance of the evidence on every issue except the issue of mental anguish, but would hold me to a higher standard such as clear and convincing evidence in proving our case with regard to the issue of mental anguish or other intangible damage that we discussed earlier? Who does that describe? And follow up questions regarding responses from the panel.

5. I now want to talk about gender and pregnancy discrimination. While some people don't have a problem with plaintiffs who file suits to protect their rights with a suit alleging personal injury, or breach of contract, they do have a bias against those who file suits for gender and pregnancy discrimination or retaliation. Again, by bias, all we mean is a strong feeling. Who here does that describe? And follow up questions regarding responses from the panel.

6. Is there anyone here who has worked in human resources or has a close family member that works in human resources?

    - How would your experience in or with human resources affect you if you were to be a juror in a case regarding disciplining an employee?
    - How would your experience in human resources affect you if you were to be a juror in a case regarding a claim of discrimination or retaliation by an employee?
    - Following policy regarding discrimination or progressive discipline?
    - Conducting an investigation? Independent investigation?

7. Diversity training – waste of time or helpful.

8. Politically Correct training -

9. Cat's Paw question – prove that the decision maker has racial or retaliatory animus or will allow the animus of the subordinate to be imputed to the decisionmaker

10. Is there anyone who feels that lawsuits based on allegations based on retaliation are misused or overused?

11. Is there anyone who has been in a position to review an employee's performance? Clean Slate?  Time for assessing discipline?

12. Is there is anyone here who has, or knows someone who has, had a claim made against him or her for discrimination, harassment, retaliation, or any other similar claim?

13. Is there anyone who because of his or her religion or philosophical beliefs cannot sit in judgment of another?

14. Who here feels that although there may be some discrimination against women or pregnant women in the workplace, that it is not as widespread or damaging as some people say?

15. Is there anyone who feels that claims of discrimination by women tend to be exaggerated?

16. Is there anyone who feels that they were passed over for a job or admission to school for which they were more qualified than a woman who ultimately filled that position?

17. Is there anyone who feels that women are sometimes hired or treated better in the workplace based upon their gender or because they are pregnant when there are more qualified men or non-pregnant women available for the same position?

18. Does anyone have a predetermined limit over which they could not award for intangible or incalculable damages such as humiliation or mental anguish?

19. Is there anyone who has worked in university faculty setting or around or with tenured or tenure track faculty?

20. Is there anyone who has had a negative experience with a female supervisor or coworker?

21. This is Texas. As you have heard, the defendant in this case is UT Austin and a Texas State Agency. Is there anyone here who currently works for or used to work for UT Austin or another State of Texas agency? Does anyone here feel strongly that because the case is against UT Austin or a state agency that they would start out with a preference or sympathy for UT Austin or the state agency against Dr. Nikolova? Does anyone feel that way? And follow up questions regarding responses from the panel.

22. Have you or a family member or close friend gone to school at UT Austin? If yes, when and how would that affect you in this case? Would it give UT "an edge" in your mind?

23. Have you or a family member or close friend worked at UT Austin? or ever worked for UT Austin? If yes, when and what was that person's job? How would that affect you in this case? Would it give UT "an edge" in your mind?

24. Is there anyone who would be reluctant to award damages against a state agency? Who here would fit that description? And follow up questions regarding responses from the panel.

25. Is there anyone who feels that governmental employees and/or managers are less likely to discriminate or retaliate against their employees compared with private employers and managers? Who feels that way? And follow up questions regarding responses from the panel.

26. Some people feel strongly that Government employment is just like any other job, while others feel that it is more of a public servant role working for the benefit of the citizens of Texas according to the mission of the State Agency. Which of these two views best describes you? And follow up questions regarding responses from the panel.

27. Some people feel strongly that government employees should report when they observe other employees or managers acting against the policies, mission, or goals of their agency, while others believe that government employees should not speak out against their Agency management team. Which of these two views best describes you? And follow up questions regarding responses from the panel.

28. Some people feel strongly that government employees that report problems in their Agency should only make their reports internally up the chain of command within the Agency, while others believe that if the chain of command does not act to fix the problems, that it is appropriate to report the problems to persons outside the agency in order to fix the problem. Which of these two views best describes you? And follow up questions regarding responses from the panel.

29. How many of you agree that there are still male-dominated fields of employment? How many believe that is no longer the case? Does narrowing the question to only academic employment positions change your opinion? Does it increase your perception of male dominance or decrease it? Does it depend on the field?

30. What about in the STEM fields? Say Electrical and Computer Engineering? Recall that I'm referring to employment fields and not middle schoolers? God knows their thumbs move faster that I can type with all ten digits!

31. If a woman in the engineering field, a historically male-dominated field, claims that she has been treated differently because of her gender or pregnancy or rearing children, should she automatically be believed? Would you want to know more details first? What if male students don't like or respect a pregnant female professor? Would it be ok for the employer to penalize the woman for that reason? What if the pregnant female asks for leave to have

her child and the University provides that leave for just such occasions, would it be ok to treat that woman differently that the males who don't take leave? And follow up questions regarding responses from the panel.

32. Do any of you think that it is or is not possible for a woman to discriminate against another woman? Ever or only in certain circumstances? For example…, a woman who went through the male dominated academic training and faculty development decades before versus now? A woman that never had a family or children versus a married woman having children? A woman who has publicly stated that work-life balance as a professor is a myth versus a woman who is successfully having a family and having children while also being professionally successful and recognized nationally and internationally for her work?

33. Has anyone on the panel ever complained to management, HR, or an outside agency about being discriminated against at work? That is, you were the target of the discrimination?

34. Has anyone on the panel ever felt that they were discriminated against at work, but didn't complain to management or HR about it? That is, you were the target of the discrimination?

35. Is there anyone on the jury panel who has ever been accused of discriminating against another person for any reason (gender, race, …)? What were the circumstances? Your reaction? Any action taken against you? What was the result?

36. Is there anyone on the jury panel who feels that even if they were discriminated against, they would not file a claim or bring a lawsuit?

37. People have strong feelings about lawsuits. There are some people who, if they were on a jury, would be able to award money for economic losses such as lost pay but they simply couldn't give money for something intangible like mental anguish or emotional pain and

suffering. Does anyone here feel that way? And follow up questions regarding responses from the panel.

38. In a slightly different way of looking at it, some people have strong feelings related to the amount of time that they might award damages for either emotional damages or even back pay. Does anyone have a predetermined limit over how much time for which they could not award damages such as emotional damages or back pay? Who feels that way? And follow up questions regarding responses from the panel.

39. Some people have strong opinions on Lawsuit reform. They feel that there are too many lawsuits and that there should be greater limits on the ability to file a lawsuit in this state and they have a bias against people that file lawsuits seeking money damages. Who here does that describe? And follow up questions regarding responses from the panel.

40. In a slightly different way, there are some people that feel strongly that if an employee thinks that they or others are being treated unfairly at work, that they should just keep quiet about it until they can get another job; rather than make a complaint or file a lawsuit. Does anyone here feel that way? And follow up questions regarding responses from the panel.

41. People have strong feelings about claims of gender or pregnancy discrimination. There are some people feel that gender or pregnancy discrimination is used too often in the workplace to cover up an inability to compete with others, and if they were on a jury, would not be able to rule in favor of someone who had complained of gender or pregnancy discrimination in the workplace. Who here feels that way? And follow up questions regarding responses from the panel.

42. This is a similar question regarding a complaint of retaliation. Some people feel strongly that claims of retaliation – meaning, they complained about discrimination and although there

ended up being no discrimination, the employee later complained that the employer fired them in retaliation for having complained of discrimination. Some people have a bias, or strong feelings, that such claims are used too often and are not credible. Who here feels that way about retaliation complaints? And follow up questions regarding responses from the panel.

43. Is there anyone who would require a Plaintiff to prove that the employer's representative was a sexist-pig in order to award the Plaintiff damages in a case where the Plaintiff complained of discrimination or retaliation instead of only that the adverse action was taken because of gender or pregnancy? Who here feels that way? And follow up questions regarding responses from the panel.

44. Is there anyone who has been responsible for creating criteria or processes for individuals to be evaluated for their performance?

45. Is there is anyone who knows someone who has had a claim made against him or her for discrimination, or retaliation or any other similar claim? How did that make you feel?

Respectfully submitted,
CREWS LAW FIRM, P.C.
701 Brazos, Suite 900
Austin, Texas 78701
(512) 346-7077
(512) 342-0007 (Fax)
schmidt@crewsfirm.com

By: /s/ Robert W. Schmidt
Robert W. Schmidt
State Bar No. 17775429
Joe K. Crews
State Bar No. 05072500

/s/ Robert Notzon
Robert Notzon
The Law Office of Robert Notzon
Texas Bar No. 00797934
1502 West Avenue
Austin, Texas 78701
(512) 474-7563
(512) 852-4788 facsimile

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2021, this document was served pursuant to Federal Rules of Civil Procedure on counsel for Defendant through the Court's electronic filing system at the following address:

Benjamin L. Dower
Assistant Attorney General
Amy S. Hilton
Assistant Attorney General
Office of the Attorney General of Texas
General Litigation Division
P.O. Box 12548
Capitol Station,
Austin, Texas 78711-2548
Fax (512) 320-0667
benjamin.dower@oag.texas.gov
amy.hilton@oag.texas.gov

By: /s/ Robert W. Schmidt