UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EVDOKIA NIKOLOVA | § | |
|   Plaintiff, | § | |
| | § | |
| V. | § | CASE NO. 1:19-cv-00877-RP |
| | § | |
| UNIVERSITY OF TEXAS AT AUSTIN, | § | |
|   Defendant. | § | |

## PLAINTIFF'S OBJECTION TO DEFENDANT'S EXHIBITS WITH ORDER INCORPORATED

Plaintiff, Evdokia Nikolova ("Plaintiff") offers these objections to Defendant's Exhibit

List, (Dkt No. 57-3) and an order incorporated into the objections.

Respectfully submitted,
CREWS LAW FIRM, P.C.
701 Brazos, Suite 900
Austin, Texas 78701
(512) 346-7077
(512) 342-0007 (Fax)
schmidt@crewsfirm.com

By:  /s/ Robert W. Schmidt
Robert W. Schmidt
State Bar No. 17775429
Joe K. Crews
State Bar No. 05072500

 /s/ Robert Notzon
Robert Notzon
The Law Office of Robert Notzon
Texas Bar No. 00797934
1502 West Avenue
Austin, Texas 78701
(512) 474-7563
(512) 852-4788 facsimile

**ATTORNEYS FOR PLAINTIFF**

1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 9, 2021, this document was served pursuant to Federal Rules of Civil Procedure on counsel for Defendant through the Court's electronic filing system at the following address:

Benjamin L. Dower
Assistant Attorney General
Amy S. Hilton
Assistant Attorney General
Office of the Attorney General of Texas
General Litigation Division
P.O. Box 12548
Capitol Station,
Austin, Texas 78711-2548
Fax (512) 320-0667
benjamin.dower@oag.texas.gov
amy.hilton@oag.texas.gov

By:   /s/   Robert W. Schmidt
Robert W. Schmidt

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EVDOKIA NIKOLOVA | § | |
|   Plaintiff, | § | |
| | § | |
| V. | § | CASE NO. 1:19-cv-00877-RP |
| | § | |
| UNIVERSITY OF TEXAS AT AUSTIN, | § | |
|   Defendant. | § | |

**ORDER ON PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBITS**

1.     **Defendant's Exhibit 6: Evaluation Template, Cockrell School of Engineering, Committee Promotion and Tenure Committee.**

**OBJECTION:**

      This is a "template" purportedly provided to the School of Engineering's Promotion and Tenure Committee. Plaintiff objects to the admission of this exhibit without a proper foundation showing that the "template" was actually conveyed to and used by the P&T Committee. Without such a foundation, this document is not relevant, hearsay, unreliable, and any probative value is substantially outweighed by the danger of unfair prejudice, confusion to the jury, unnecessary delay and wasting time. Fed. R. Ev. 401, 402, 403, 801 and 802.

      \_\_\_\_\_ GRANTED      \_\_\_\_\_ DENIED

2.     **Defendant's Exhibits 7 and 8: 05/22/2013. Hiring committee emails and 05/28/2013. Emails re hiring committee vote, extending offer.**

**OBJECTION:**

      These emails relating to the hiring of Dr. Nikolova are irrelevant to the tenure decision in this case. The emails are dated more than five years before the tenure decision regarding Dr. Nikolova and have absolutely nothing to do with the tenure decision, retaliation or pay issues in

this case. Exhibit 7 consists of musings by one associate professor regarding the hiring of Nikolova and the bar for tenure in 2013, however, this is one professor out of more than 40 in the department. This professor was <u>not</u> on <u>any</u> of Dr. Nikolova's department review committees, the college's tenure review committee and did not communicate or have any input whatsoever with the UT President or Dean regarding their tenure decisions that are at issue in this case. Exhibit 8 is the department vote for hiring Nikolova in 2013 and again, is more than five years before the tenure decision at issue in this case and has no relevance to the tenure decision. It includes a record of an anonymous vote with no context, including no indication of how the hiring votes for other professors are similar or dissimilar to this particular vote. Plaintiff objects to these exhibits because they are not relevant, unreliable, and any probative value is substantially outweighed by the danger of unfair prejudice, confusion to the jury, unnecessary delay and wasting time. Additionally, the emails are hearsay. Fed. R. Ev. 401, 402, 403, 801 and 802.

_____ GRANTED          _____ DENIED

**3.    Defendant's Exhibits 16, 17 and 18: 07/28/2018. Email thread regarding students, fiancé working on dossier (1); 08/02/2018. Email thread regarding students, fiancé working on dossier (2); 08/03/2018. Email thread regarding students, fiancé working on dossier (3).**

**OBJECTION:**

These emails are irrelevant to the tenure decision in this case. They are emails in which Dr. Nikolova is criticized for having her graduate students and her husband "assist" her on her tenure dossier. (Her husband responded to an email on her behalf while she was nursing and caring for a newborn and the students were asked to help with completely non-substantive formatting of Dr. Nikolova's CV). The criticism had absolutely nothing to do with the reasons cited by Defendant for the denial of tenure to Dr. Nikolova. There is absolutely no evidence the emails or criticism

4

were ever conveyed to the decision makers (Dean Wood and President Fenves). Plaintiff objects to these exhibits because they are not relevant, unreliable, and any probative value is substantially outweighed by the danger of unfair prejudice, confusion to the jury, unnecessary delay and wasting time. Additionally, the emails are hearsay. Fed. R. Ev. 401, 402, 403, 801 and 802.

\_\_\_\_\_ GRANTED          \_\_\_\_\_ DENIED

4.   **Defendant's Exhibit 20: 09/10/2018. Budget Council comments on Nikolova promotion.**

**OBJECTION:**

These are anonymous comments apparently made by five out of 34 ECE Department professors in the departmental vote for tenure on Dr. Nikolova. These anonymous comments were never conveyed to the ultimate decision maker, President Fenves (although Dean Wood did see them). Plaintiff objects to this exhibit because the anonymous comments are not relevant, unreliable, and any probative value is substantially outweighed by the danger of unfair prejudice, confusion to the jury, unnecessary delay and wasting time. Additionally, the anonymous comments are hearsay. Fed. R. Ev. 401, 402, 403, 801 and 802.

\_\_\_\_\_ GRANTED          \_\_\_\_\_ DENIED

5.   **Defendant's Exhibits 28 and 29: 03/25/2019. Nikolova letter to CCAFR; 03/25/2019. Nikolova final argument letter to Fenves.**

**OBJECTION:**

Plaintiff does not object to the admission of these documents but would request that the entire, complete documents be used, including the exhibits that were attached to each document under the "Rule of Optional Completeness" and to avoid confusion and prejudice. Fed. R. Ev. 403.

\_\_\_\_\_ GRANTED          \_\_\_\_\_ DENIED

5

**6.**   **Defendant's Exhibit 35: 05/07/2019. Emails submitting teaching evaluation.**

**OBJECTION:**

This exhibit includes an email from a professor, Brian Evans, who read the emails between Dr. Nikolova and her reviewer after the review was completed and stated the "dialogue" between the two was "interesting and informative." Because the review was already completed and because it is unclear what role, if any, Professor Evans had in the peer review teaching process, his comment and this email is not relevant, inappropriate bolstering on the part of Defendant, and any probative value is substantially outweighed by the danger of unfair prejudice, confusion to the jury, unnecessary delay and wasting time. Additionally, the email comments from Prof. Evans are hearsay. Fed. R. Ev. 401, 402, 403, 801 and 802.

\_\_\_\_\_ GRANTED          \_\_\_\_\_ DENIED

**7.**   **Defendant's Exhibit 38: EEOC's right-to-sue letter.**

**OBJECTION:**

The EEOC Right to Sue letter should be excluded on the basis that any probative value of the document is greatly outweighed by unfair prejudice, confusion and delay. The Fifth Circuit has recognized "the high likelihood of unfair prejudice of an EEOC letter containing a legal conclusion, potentially leading the jury to give the EEOC's decision improper weight. *Weathersby v. One Source Mfg. Tech.*, 378 Fed. Appx. 463, 2010 U.S. App. LEXIS 10103, (5th Cir., May 18, 2010), *citing Haines v. Tex. Workers Comp. Comm'n*, No. 04-50309, 2005 U.S. App. LEXIS 5, at *3 (5th Cir. Jan. 3, 2005)*, Isaac v. Tex. Dept. of Crim. Justice*, 109 Fed.Appx. 671, 672 (5th Cir. 2004). Therefore, administrative findings by the EEOC have been held properly excluded where the probative value is outweighed by any prejudicial effect. *Cortes v. Maxus Exploration Co.*, 977 F.2d 195, 201-02 (5th Cir. 1992).

The Right To Sue letter in this case in particular has absolutely no relevance and serves no purpose for the jury. In *Storr v. Alcorn State Univ.*, 2017 U.S. Dist. LEXIS 128079, at *5, No. 3:15-CV-618-DPJ-FKB (S.D. Miss. 2017), the court held that a "Dismissal and Notice of Rights" letter similar to the one issued by the EEOC regarding Plaintiff's charge of discrimination should be excluded:

> Under Rule 403, the Court begins by noting that the probative value of the EEOC's Notice of Right to Sue is slight. . . the EEOC did not make a concrete determination as to Storr's claim. Instead, the EEOC merely checked a box indicating that it was closing its file because it "was unable to conclude that the information obtained establishes violations." . . .The very next sentence states, "This does not certify that the respondent is in compliance." *Id.* These bare conclusions offer little probative value, and any probative value that might exist would be substantially outweighed by the risk of unfair prejudice, confusion, and—not insignificantly—delay.

*See also Houston v. Miss. Dep't of Human Servs.*, No. 3:13-CV-773-DPJ-FKB, 2015 U.S. Dist. LEXIS 162390, 2015 WL 7777275, at *2 (S.D. Miss. Dec. 2, 2015) (granting motion in limine to exclude similar EEOC notice). Fed. R. Ev. 403.

\_\_\_\_\_ GRANTED          \_\_\_\_\_ DENIED

8.      **Defendant's Exhibits 39-42: 09/05/2019. Emails regarding senior design supervision (1); 09/06/2019. Emails regarding senior design supervision (2); 09/06/2019. Emails regarding senior design supervision (3); 09/06/2019. Emails regarding senior design supervision (4).**

**OBJECTION:**

These emails have no relevance to the issues in this case. The emails reflect that the ECE Department Chair asked Dr. Nikolova in 2019 to perform a teaching duty shortly after she had given birth and had been given "Modified Instructional Duties" or "MID." MID is an accommodation for professors who have recently had children that is supposed to give the professor a reprieve from teaching duties for a semester. After Dr. Nikolova objected to being assigned the duty because of her childbirth situation, UT relented and did not make her perform the additional duty. This is not a subject of Dr. Nikolova's retaliation claim and therefore, should not be admitted. The only possible relevance would be for

Defendant UT to essentially argue "see, we didn't retaliate against Dr. Nikolova in this situation." Such bolstering is not appropriate and any slight probative value is outweighed by the risk of prejudice and confusion. Fed. R. Ev. 401, 402, 403.

    \_\_\_\_\_ GRANTED      \_\_\_\_\_ DENIED

**9.**    **Defendant's Exhibit 50: Expert Report of Donald R. Deere, Ph.D. (Dkt. #35-1).**

**OBJECTION:**

    Plaintiff objects to the admission of Dr. Deere's report as hearsay and bolstering. Although, if properly qualified, Deere may be able to testify as to the opinions disclosed and data analysis supporting those opinions, introduction of the report amounts to duplicative and cumulative evidence that could delay proceedings and confuse the jury. Should Defendant's expert's report be admitted over this objection, Plaintiff requests the right to offer the written report of Plaintiff's experts as well. FED. R. EVID. 402, 403, 801 and 802.

    \_\_\_\_\_ GRANTED      \_\_\_\_\_ DENIED

**10.**    **Defendant's Exhibit 55: 07/15/2013. Email regarding Nikolova's Offer Salary (UT Austin_0008200)**

**OBJECTION:**

    These emails relating to the hiring of Dr. Nikolova are irrelevant to the tenure decision, retaliation and pay issues in this case. The emails are dated more than five years before the tenure decision regarding Dr. Nikolova and have absolutely nothing to do with it or the other issues in this case. The professors speaking in these emails were <u>not</u> on <u>any</u> of Dr. Nikolova's department review committees, the college's tenure review committee and did not communicate or have any input whatsoever with the UT President. Moreover, the emails are not complete, but apparently

suggest that Dr. Nikolova attempted to negotiate a higher salary at the time she received an offer

from UT and such attempt to negotiate was referred to at the time as "the saga of drama" by male

professors on the hiring committee. Plaintiff objects to these exhibits because they are not relevant,

unreliable, and any probative value is substantially outweighed by the danger of unfair prejudice,

confusion to the jury, unnecessary delay and wasting time. Additionally, the emails are hearsay.

Fed. R. Ev. 401, 402, 403, 801 and 802.

_____ GRANTED  _____ DENIED

So ORDERED, this ___ day of February 2022.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE