UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EVDOKIA NIKOLOVA § | |
|    Plaintiff, § | |
| § | |
| V. § | CASE NO. 1:19-cv-00877-RP |
| § | |
| UNIVERSITY OF TEXAS AT AUSTIN, § | |
|    Defendant. § | |

### PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION IN LIMINE WITH ORDER INCORPORATED

Plaintiff, Evdokia Nikolova ("Plaintiff") offers these objections to Defendant's Motion in Limine, [#57-6] and an order incorporated into the objections.

Respectfully submitted,
CREWS LAW FIRM, P.C.
701 Brazos, Suite 900
Austin, Texas 78701
(512) 346-7077
(512) 342-0007 (Fax)
schmidt@crewsfirm.com


By: /s/ Robert W. Schmidt
Robert W. Schmidt
State Bar No. 17775429
Joe K. Crews
State Bar No. 05072500

/s/ Robert Notzon
Robert Notzon
The Law Office of Robert Notzon
Texas Bar No. 00797934
1502 West Avenue
Austin, Texas 78701
(512) 474-7563
(512) 852-4788 facsimile

**ATTORNEYS FOR PLAINTIFF**

1

## CERTIFICATE OF SERVICE

   I hereby certify that on February 9, 2021, this document was served pursuant to Federal Rules of Civil Procedure on counsel for Defendant through the Court's electronic filing system at the following address:

Benjamin L. Dower
Assistant Attorney General
Amy S. Hilton
Assistant Attorney General
Office of the Attorney General of Texas
General Litigation Division
P.O. Box 12548
Capitol Station,
Austin, Texas 78711-2548
Fax (512) 320-0667
benjamin.dower@oag.texas.gov
amy.hilton@oag.texas.gov

              By:  /s/ Robert W. Schmidt
                 Robert W. Schmidt

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EVDOKIA NIKOLOVA | § |
|    Plaintiff, | § |
| | § |
| V. | §    CASE NO. 1:19-cv-00877-RP |
| | § |
| UNIVERSITY OF TEXAS AT AUSTIN, | § |
|    Defendant. | § |

**ORDER ON PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBITS**

**1.    Defendant's Limine 4-7: Reference to evidence of other discrimination complaints**

**OBJECTION:** These four limine requests seek to improperly restrict admissible, probative evidence. It has been consistently held that evidence of discrimination against other members of the plaintiff's protected class are probative of discriminatory intent in the present case.[1]  In fact, the granting of such a limine has been held to be an abuse of discretion.[2]

_____ SUSTAINED      _____ OVERRULED

**2.    Defendant's Limine 8: Reference to evidence of medical expenses**

**OBJECTION:** Plaintiff objects to this limine to the extent it seeks to restrict testimony regarding information that is within the personal knowledge of the Plaintiff. While Plaintiff at this

---

1. *Polanco v. City of Austin*, 78 F.3d 968, 980 (5th Cir. 1996) (citing *Kelly v. Boeing Petroleum Servs.,* 61 F.3d 350, 358-59 (5th Cir.1995) (acknowledging the probative value of an atmosphere of discrimination)); *Shattuck v. Kinetic Concepts*, 49 F.3d 1106,1109-10 (5th Cir. 1995), ("[t]here is no proscription of evidence of discrimination against other members of the plaintiff's protected class; to the contrary, such evidence may be highly probative, depending on the circumstances."); *Lewis v. Home Depot U.S.A., Inc.*, c.a. no. A-06-CA-058-LY, 2007 U.S. Dist. LEXIS 26691, *4-8 (W.D. Tex. Apr. 10, 2007) (admitting evidence involving possible discrimination of other employees regarding the same supervisor);
2. *Kelly v. Boeing Petroleum Servs.*, 61 F.3d 350, 358-59 (5th Cir. 1995) ("[w]hen a plaintiff must prove intentional discrimination, a district court can abuse its discretion by limiting a plaintiff's ability 'to show the 'atmosphere' in [the workplace]'").

3

time does not intend to present evidence of and ask for damages for the specific costs of medical treatment, numerous courts have held that a plaintiff may testify about the medical treatment she sought.[3] Defendant's attempt to limit such testimony is improper and Defendant may address any concerns on cross examination should it feel that the testimony or evidence is not sufficiently linked to the damages associated with Plaintiff's claims.

_____ SUSTAINED        _____ OVERRULED

### 3.   Defendant's Limine 9 and 10: Reference to evidence of medical conditions, diagnosis or prognosis

**OBJECTION:** This limine is overbroad and seeks to limit Plaintiff from properly testifying about admissible evidence including the timing, intensity, and details of her own medically related treatment and experiences relating to the adverse actions taken by Defendant against the Plaintiff. To the extent that this limine seeks to restrict the content of communications from Plaintiff's medical professional professionals for the truth of the matter asserted, Plaintiff does not object to this limine, however, all other topics to which

---

3. In *Garth v. Rac Acceptance E., LLC*, No. 1:19-CV-192-DMB-RP, 2021 U.S. Dist. LEXIS 199542, at *7-8 (N.D. Miss. 2021), the court considered a motion in limine similar to Defendant UT Austin's motion numbers 8-10. The court explained, "[Defendant] seeks to prevent the plaintiffs from testifying 'about what the doctors or other healthcare providers have told them regarding treatment, possible future treatment and medical expenses' as inadmissible hearsay. The plaintiffs respond that they 'may testify as to any medical treatment they underwent in relation to the subject incident because the treatment is a physical act and not a statement.' To the extent the plaintiffs intend to offer their own testimony about previous statements by their doctors for the truth of the matter asserted, such statements are by definition hearsay and properly excluded. *See United States v. Piper*, 912 F.3d 847, 855 (5th Cir. 2019). As such, the motion is granted to that extent. However, the motion is denied to the extent the plaintiffs may testify as to any medical treatment they actually received as 'facts within [their] personal knowledge.' *LaFarge v. Kyker*, No. 1:08-cv-185, 2011 WL 13157187, at *3 (N.D. Miss. May 10, 2011); *see Jackson v. Fam. Dollar Stores of La., Inc.*, No. 3:19-cv-388, 2021 U.S. Dist. LEXIS 29603, 2021 WL 627004, at *1 (W.D. La. Feb. 17, 2021) ('[A] plaintiff can testify to medical treatment received ....'); *Shah v. Jefferson Par. Sch. Bd.*, No. 11-2517, 2013 U.S. Dist. LEXIS 173001, 2013 WL 6388635, at *1 (E.D. La. Dec. 6, 2013) (plaintiff allowed to testify 'as to her personal knowledge of her medical conditions and medical treatment')." (Citations to docket numbers omitted).

this overbroad limine seeks to limine, are improper and objected.[4]

\_\_\_\_\_ SUSTAINED        \_\_\_\_\_ OVERRULED

**4.      Defendant's Limine 13: Reference to evidence of damages not disclosed to Defendant**

**OBJECTION:** Plaintiff does not object to the limine regarding evidence of economic damages subject to calculation, except that Plaintiff's economic expert should be allowed to supplement and testify as to the exact amount of damages to the date of trial, which was moved from December 2021 to March 2022.  Additionally, Dr. Nikolova objects to any restriction on her witnesses' ability to testify regarding non-economic damages, which are not required to be calculated or disclosed with particularity.

\_\_\_\_\_ SUSTAINED        \_\_\_\_\_ OVERRULED

**5.      Defendant's Limine 14-17,19: Reference to already restricted evidence|**

**OBJECTION:** These are gratuitous, already covered by rules of evidence or court rules, and subject to objection by opposing counsel and do not present an issue requiring a special limine order.

\_\_\_\_\_ SUSTAINED        \_\_\_\_\_ OVERRULED

**6.      Defendant's Limine 18: Reference to evidence of Nikolova being treated differently than others without a predicate established to Defendant's satisfaction**

**OBJECTION:** Plaintiff objects that this limine attempts to keep out properly admissible evidence and the issue does not rise to the level requiring a limine order.   Instead, Defendant shall

---

[4] See footnote 3 above. Additionally, for example in *Forsyth v. City of Dall.,* 91 F.3d 769, 774 (5th Cir. 1996) *cert den.* 522 US 816 (1997) the plaintiff was properly permitted to testify that "she had been sent home from work because of her depression, and that she had to consult a psychologist." Such evidence was sufficient to uphold the jury's verdict awarding compensatory damages.

5

have the ability to cross examine and put on its own evidence challenging the applicability of such evidence to the issues about which the jury will be charged.[5]

\_\_\_\_\_ SUSTAINED        \_\_\_\_\_ OVERRULED

So ORDERED, this \_\_\_ day of February 2022.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

5  Evidence comparing defendant's treatment of plaintiff to its treatment of other employees is clearly admissible and is not required to meet any particular hurdle prior to its admission. In *Powell v. Rockwell Int'l Corp.*, 788 F.2d 279, 283 (5th Cir. 1986), the Fifth Circuit held that evidence that plaintiff's supervisor committed a more serious infraction than plaintiff, but was not disciplined similar to plaintiff, was properly admitted. "A trial court's ruling on relevancy of evidence 'will not be disturbed absent a clear showing of an abuse of discretion.' We do not find a clear abuse of discretion in the admission of this testimony. This evidence tends to show that the company has been lenient with another employee who engaged in violations of company policy involving a serious matter -- falsification. The evidence was directly relevant, therefore, to the question of whether Powell was in fact discharged for violation of company policy in removing the document, or whether that reason was a mere pretext for retaliating against Powell for filing his ADEA complaint."

Additionally, evidence of the treatment of similarly situated employees does not have to be "identical." *Lee v. Kan. City S. Ry. Co*, 574 F.3d 253, 260 (5th Cir. 2009). If the ultimate decision makers were the same, as in all of Dr. Nikolova's comparator evidence with Dean Sharon Wood and UT President Greg Fenves, such evidence may be probative of discrimination. *Id.* Additionally, as explained in *Lee*, similarly situated evidence may not be probative if the difference between the plaintiff's situation "and that of those alleged to be similarly situated *accounts for* the difference in treatment received from the employer." *Id.* (emphasis original). Dr. Nikolova should be allowed to present evidence of dissimilar treatment and UT will have the opportunity to present evidence showing how the different treatment was on account of different circumstances. The jury must then be allowed to consider and weigh that evidence.

Finally, UT's cited cases do not support an order in limine. In fact, they support Nikolova's position that Nikolova should be entitled to present evidence of different treatment to other employees and UT should be allowed show why such evidence does not support Nikolova's case and that the circumstances were different. In *Bryant v. Compass Group USA, Inc.,* 413 F.3d 471, 478-79 (5th Cir. 2005), the trial court admitted evidence of dissimilar treatment between the plaintiff and another employee. Importantly, the Fifth Circuit did <u>not</u> hold that admission of the evidence was not admissible. Instead, the Fifth Circuit weighed the evidence submitted by both the plaintiff and defendant and ultimately held that evidence of other employees' conduct was not sufficient to uphold the jury's verdict. Similarly, *Okoye v. Univ. of Texas Houston Health Sci. Ctr.*, 245 F.3d 507, 514 (5th Cir. 2001) does not consider or make any holdings regarding the admissibility of "similarly situated" evidence. *Okoye* is a summary judgment case and again simply held that the evidence proffered, when weighed by the court, was not sufficiently similar to defeat a summary judgment.