IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

EVDOKIA NIKOLOVA,                          §
    *Plaintiff,*                          §
                                       §
                                       §
v.                                         §    Civil Action No.: 1:19-CV-00877
                                       §
UNIVERSITY OF TEXAS AT AUSTIN,             §
    *Defendant.*                         §
                                       §

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S TRIAL COMPARATOR EVIDENCE

TO THE HONORABLE JUDGE PITMAN:

During the final pretrial conference on February 16, 2022, the Court instructed the Parties to organize their exhibits into three general categories: (1) exhibits for which the Parties agreed on pretrial admissibility; (2) exhibits for which the Parties disputed admissibility but this dispute can be resolved at trial; and (3) exhibits for which the Parties disputed admissibility and a particular need exists for resolution prior to trial. This motion concerns only those plaintiff exhibits that fall within the third category. Because it will have a significant impact on its trial preparation, Defendant respectfully asks the Court to resolve the legal question of which would-be comparator evidence is admissible.

Plaintiff's Exhibit List contains the tenure dossiers (and, for one, additional exhibits) for the following seventeen (17) faculty members:

- Zoya Heidari        (Plaintiff's Exhibits 130, 142–43, 175–180).

- Mikhail Belkin        (Plaintiff's Exhibits 144–45)

- Mohit Tiwari        (Plaintiff's Exhibits 146–47)

- John Foster        (Plaintiff's Exhibits 148–49)

- Brady Cox              (Plaintiff's Exhibits 150–51)

- Navid Saleh            (Plaintiff's Exhibits 152–53)

- Ryosuke Okuno          (Plaintiff's Exhibits 154–55)

- Salvatore Salamone     (Plaintiff's Exhibits 156–57)

- Hsin-Chih Yeh          (Plaintiff's Exhibits 158–59)

- Nan Sun                (Plaintiff's Exhibits 160–61)

- Vijay Janapa Reddi     (Plaintiff's Exhibits 162–63)

- Georgios-Alex Dimakis  (Plaintiff's Exhibits 164–65)

- Todd Humphreys         (Plaintiff's Exhibits 166–67)

- Chadi El Mohtar        (Plaintiff's Exhibits 168–69)

- J. Eric Bickel         (Plaintiff's Exhibits 170–71)

- Andreas Gerstlauer     (Plaintiff's Exhibits 172–73)

- Janeta Zoldan          (Plaintiff's Exhibits 174)

Defendant objects to the exhibits identified above (hereafter, "comparator evidence") based on relevance (Fed. R. Evid. 402), as well as unfair prejudice and confusing the issues (Fed. R. Evid. 403). "Irrelevant evidence is not admissible." Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Here, the gravamen of Nikolova's discrimination action is the question of whether Defendant was motivated by either sex or pregnancy when denying Nikolova early promotion and tenure (without prejudice to reapplying again later) in 2019. *See* Dkt. #57-5, 13–18; Dkt. #58-3, 7–9. Thus, the relevancy

question is whether the comparator evidence makes Defendant's purported discriminatory motive more or less probable than it would be without the evidence.

Although proper comparator evidence is relevant, propriety of the comparator is key. "In determining whether [Nikolova] was treated differently from similarly situated employees because of [her] [sex or pregnancy], the issue is whether [Nikolova] were similarly situated from the perspective of their employer at the time of the relevant employment decisions." *Perez v. Tex. Dep't of Criminal Justice*, 395 F.3d 206, 210 (5th Cir. 2004). If the would-be comparator is not situated similarly to the plaintiff, the evidence is not relevant as a matter of law. *See id.* at 212–14 (holding that the district court erred by including a jury charge instruction that only described similarity in employee conduct without clarifying that their circumstances needed to be "nearly identical," and vacating the judgment); *Black v. Pan Am. Lab.,* 646 F.3d 254, 262 (5th Cir. 2011) (noting, in the context of a jury trial, that the plaintiff's disparate treatment claim required the plaintiff "to show that she was treated than [the other comparator] under nearly identical circumstances").

As this Court has already noted, "The employment actions being compared will be deemed to have been taken under nearly identical circumstances when the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories." Dkt. #66, 21 (quoting *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009)). By contrast, "[e]mployees with different supervisors, who work for different divisions of a company or who were the subject of [] employment actions too remote in time from that taken against the plaintiff generally will not be deemed similarly situated." *Lee,* 574 F.3d at 259.

In its summary-judgment order, the Court held that Nikolova identified at least one proper comparator to meet her "low bar" *prima facie* burden. Dkt. #66, 21–21. But many of the 17 proffered comparators whose tenure dossiers Nikolova offers into evidence at trial are not similarly situated to her. Todd Humphreys, for example, is a faculty member in the Aerospace Engineering and Engineering Mechanics Department who went up for tenure during his up-or-out year, and was granted tenure in December 2014 by then-President Bill Powers. *See* Plaintiff's Exhibit 166, 1. By contrast, Nikolova is a faculty member in the Electrical & Computer Engineering ("ECE") Department, who went up for tenure before her "up-or-out" year in an accelerated case, and was denied early promotion and tenure in February 2019 by President Greg Fenves. Dkt. #38-2, 2. Because Humphreys and Nikolova worked in different departments, sought promotion and tenure under different standards, and had their tenure decisions made by different decisionmakers with a four-year time gap, they are not proper comparators as a matter of law.

Nikolova herself appears to recognize that two tenure candidates with different decisionmakers are not similarly situated. *See* Dkt. #66 at 21 (noting that "Nikolova claims that all comparators had the same decisionmakers on their tenure decisions (Fenves and Wood)"). Yet six of her purported comparators had their tenure cases decided by Bill Powers, not Greg Fenves. Similarly, Nikolova's claim that she and her comparators "were all evaluated under the same tenure criteria," *id.*, ignores that her tenure case was accelerated but ten of her purported comparators' tenure cases were not. *Cf., e.g.*, Wood Dep., Dkt 39-2, at 211 (discussing the "higher bar" for accelerated cases). Finally, eleven of Nikolova's purported comparators are faculty members in departments other than ECE. *Cf. Lee*, 574 F.3d at 260 (noting that employees "who work for different divisions of a company . . . generally will not be deemed similarly situated").

To aid the Court's review, Defendant has organized the information into 17 charts:

|  | **Evdokia Nikolova**[1] | **Zoya Hidari**[2] |
|---|---|---|
| Tenure Decision Year | 2019 | 2018 |
| Tenure Decision-Maker (UT Austin President at the time) | Greg Fenves | Greg Fenves |
| Applicant's Department | Electrical & Computer Engineering ("ECE") | Petroleum & Geosystems Engineering |
| "Up-or-Out" Year? (Fewer than six probationary years; giving President a binary choice between granting tenure or issuing a terminal appointment.[3]) | No | No |
| Accelerated Case? (Fewer than six years in rank; no need to explain early promotion. [4]) | Yes | Yes |

|  | **Evdokia Nikolova** | **Mikhail Belkin**[5] |
|---|---|---|
| Tenure Decision Year | 2019 | 2013 |
| Tenure Decision-Maker | Greg Fenves | Bill Powers[6] |
| Applicant's Department | ECE | ECE |
| "Up-or-Out" Year? | No | Yes |
| Accelerated Case? | Yes | No |

---

[1] Dkt. #38-2, 2 (the first page of Plaintiff's Tenure Dossier).

[2] Plaintiff's Exhibit 143, 1.

[3] Dkt. #38-2, 138 (President Fenves's deposition testimony, describing the sixth year of the six-year probationary period as the "up-or-out" year because at that point there are "only decisions that are possible: Promote to associate professor with tenure or terminal appointment").

[4] Dkt. #38-1, 12 (General Guidelines for Promotion and Tenure 2018–19 Academic Year) ("Cases considered before the sixth year in rank are accelerated and must be explained in the department chair's and dean's statements.").

[5] Plaintiff's Exhibit 144, 1.

[6] Then-Provost Fenves who signed "for the president" in 2013 (*id.*) became president in June 2015. Dkt. #39-2, 130; The University of Texas at Austin, Office of the President, Past Presidents, William Powers, Jr., publicly accessible at https://president.utexas.edu/past-presidents/william-powers-jr (last accessed February 22, 2022) ("President Bill Powers was the second-longest serving president in UT history when he stepped down in 2015.").

| | Evdokia Nikolova | Mohit Tiwari[7] |
|---|---|---|
| Tenure Decision Year | 2019 | 2019 |
| Tenure Decision-Maker | Greg Fenves | Greg Fenves |
| Applicant's Department | ECE | ECE |
| "Up-or-Out" Year? | No | Yes |
| Accelerated Case? | Yes | No |

| | Evdokia Nikolova | John Foster[8] |
|---|---|---|
| Tenure Decision Year | 2019 | 2016 |
| Tenure Decision-Maker | Greg Fenves | Greg Fenves |
| Applicant's Department | ECE | Petroleum & Geosystems Engineering |
| "Up-or-Out" Year? | No | No |
| Accelerated Case? | Yes | Yes |

| | Evdokia Nikolova | Brady Cox[9] |
|---|---|---|
| Tenure Decision Year | 2019 | 2014 |
| Tenure Decision-Maker | Greg Fenves | Bill Powers |
| Applicant's Department | ECE | Civil, Architectural, & Environmental Engineering |
| "Up-or-Out" Year? | No | No |
| Accelerated Case? | Yes | Yes |

| | Evdokia Nikolova | Navid Saleh[10] |
|---|---|---|
| Tenure Decision Year | 2019 | 2016 |
| Tenure Decision-Maker | Greg Fenves | Greg Fenves |
| Applicant's Department | ECE | Civil, Architectural, & Environmental Engineering |
| "Up-or-Out" Year? | No | No |
| Accelerated Case? | Yes | Yes |

---

[7] Plaintiff's Exhibit 146, 1.
[8] Plaintiff's Exhibit 148, 1.
[9] Plaintiff's Exhibit 150, 1.
[10] Plaintiff's Exhibit 152, 1.

|  | **Evdokia Nikolova** | **Ryosuke Okuno**[11] |
|---|---|---|
| Tenure Decision Year | 2019 | 2018 |
| Tenure Decision-Maker | Greg Fenves | Greg Fenves |
| Applicant's Department | ECE | Petroleum & Geosystems Engineering |
| "Up-or-Out" Year? | No | No |
| Accelerated Case? | Yes | Yes |

|  | **Evdokia Nikolova** | **Salvatore Salamone**[12] |
|---|---|---|
| Tenure Decision Year | 2019 | 2018 |
| Tenure Decision-Maker | Greg Fenves | Greg Fenves |
| Applicant's Department | ECE | Petroleum & Geosystems Engineering |
| "Up-or-Out" Year? | No | No |
| Accelerated Case? | Yes | Yes |

|  | **Evdokia Nikolova** | **Hsin-Chih Yeh**[13] |
|---|---|---|
| Tenure Decision Year | 2019 | 2018 |
| Tenure Decision-Maker | Greg Fenves | Greg Fenves |
| Applicant's Department | ECE | Biomedical Engineering |
| "Up-or-Out" Year? | No | Yes |
| Accelerated Case? | Yes | No |

|  | **Evdokia Nikolova** | **Nan Sun**[14] |
|---|---|---|
| Tenure Decision Year | 2019 | 2016 |
| Tenure Decision-Maker | Greg Fenves | Greg Fenves |
| Applicant's Department | ECE | ECE |
| "Up-or-Out" Year? | No | No |
| Accelerated Case? | Yes | No[15] |

---

[11] Plaintiff's Exhibit 154, 1.

[12] Plaintiff's Exhibit 156, 1.

[13] Plaintiff's Exhibit 158, 1.

[14] Plaintiff's Exhibit 160, 1.

[15] With 6.5 years in present rank (at UT Austin) with only 5 years in probationary status, this is an example of a situation in which a faculty member's use of a probationary extension meant that they were not considered an accelerated case, but also were not in their "up-or-out" year. *See id.*

*Defendant's Objections to Plaintiff's Trial Comparator Evidence*                    7

|  | **Evdokia Nikolova** | **Vijay Janapa Reddi**[16] |
|---|---|---|
| Tenure Decision Year | 2019 | 2016 |
| Tenure Decision-Maker | Greg Fenves | Greg Fenves |
| Applicant's Department | ECE | ECE |
| "Up-or-Out" Year? | No | No |
| Accelerated Case? | Yes | No |

|  | **Evdokia Nikolova** | **Georgios-Alex Dimakis**[17] |
|---|---|---|
| Tenure Decision Year | 2019 | 2014 |
| Tenure Decision-Maker | Greg Fenves | Bill Powers |
| Applicant's Department | ECE | ECE |
| "Up-or-Out" Year? | No | No |
| Accelerated Case? | Yes | Yes |

|  | **Evdokia Nikolova** | **Todd Humphreys**[18] |
|---|---|---|
| Tenure Decision Year | 2019 | 2014 |
| Tenure Decision-Maker | Greg Fenves | Bill Powers |
| Applicant's Department | ECE | Aerospace Engineering & Engineering Mechanics |
| "Up-or-Out" Year? | No | Yes |
| Accelerated Case? | Yes | No |

|  | **Evdokia Nikolova** | **Chadi El Mohtar**[19] |
|---|---|---|
| Tenure Decision Year | 2019 | 2014 |
| Tenure Decision-Maker | Greg Fenves | Bill Powers |
| Applicant's Department | ECE | Civil, Architectural, & Environmental Engineering |
| "Up-or-Out" Year? | No | Yes |
| Accelerated Case? | Yes | No |

---

[16] Plaintiff's Exhibit 162, 1.
[17] Plaintiff's Exhibit 164, 1.
[18] Plaintiff's Exhibit 166, 1.
[19] Plaintiff's Exhibit 168, 1.

|  | **Evdokia Nikolova** | **J. Eric Bickel[20]** |
|---|---|---|
| Tenure Decision Year | 2019 | 2013 |
| Tenure Decision-Maker | Greg Fenves | Bill Powers |
| Applicant's Department | ECE | Mechanical Engineering |
| "Up-or-Out" Year? | No | Yes |
| Accelerated Case? | Yes | No |

|  | **Evdokia Nikolova** | **Andreas Gerstlauer[21]** |
|---|---|---|
| Tenure Decision Year | 2019 | 2013 |
| Tenure Decision-Maker | Greg Fenves | Bill Powers |
| Applicant's Department | ECE | ECE |
| "Up-or-Out" Year? | No | Yes |
| Accelerated Case? | Yes | No |

|  | **Evdokia Nikolova** | **Janeta Zoldan[22]** |
|---|---|---|
| Tenure Decision Year | 2019 | 2020 |
| Tenure Decision-Maker | Greg Fenves | Greg Fenves |
| Applicant's Department | ECE | Biomedical Engineering |
| "Up-or-Out" Year? | No | Yes |
| Accelerated Case? | Yes | No |

Without conceding that information regarding a non-similarly-situated comparator has any probative value, Defendant alternatively objects that any *de minimis* probative value is outweighed by unfair prejudice and the danger of confusing the issues. The tenure process does not involve faculty members competing for the same position. It is, therefore, unlike a failure-to-promote or failure-to-hire case in which the credentials of the candidate selected can be compared with the credentials of the unsuccessful plaintiff to determine whether any inferences may be drawn. These various tenure decisions occurred over the span of seven years, and their admission (particularly if

---

[20] Plaintiff's Exhibit 170, 1.
[21] Plaintiff's Exhibit 172, 1.
[22] Plaintiff's Exhibit 174, 1.

all 17 are admitted) forces Defendant to spent precious trial time going through each dossier to explain why the person obtained tenure. Defendant respectfully asks the Court to sustain its objection to the exhibits pertaining to every person that the Court deems not similarly situated to Nikolova and issue such ruling before trial.

Finally, for Mikhail Belkin, Hsin-Chih Yeh, Chadi El Mohtar, J. Eric Bickel, Andreas Gerstlauer, and Janeta Zoldan, Defendant additionally objects to their exhibits because they were not disclosed in response to Defendant's Interrogatory Request No. 6, which asked Plaintiff to "identify all similarly situated employees outside your protected class that you allege were treated more favorably than you regarding any discrimination claim brought in this lawsuit." Def's Mot. Ex. A.[23] Plaintiff submitted her First Supplemental Objections and Answers to Defendant's First Set of Interrogatories on June 28, 2021, the last date such responses were submitted.[24] And while Plaintiff identified four faculty by name in the original response, plus 9 more by reference (to another interrogatory), plus 12 more by name in the supplemental response, Mikhail Belkin, Hsin-Chih Yeh, Chadi El Mohtar, J. Eric Bickel, Andreas Gerstlauer, and Janeta Zoldan were not among the 25 faculty members listed by Nikolova. As such, Nikolova should not be allowed to offer their dossiers as comparator evidence now.

---

[23] Because this motion concerns trial exhibits, Defendant has endeavored to avoid attaching additional exhibits to the motion by referring to documents already in the record or by uploading Plaintiff's Trial Exhibits retaining their trial numbering. But because this interrogatory response has not yet been filed, Defendant attaches it with a *letter* labeling to further differentiate it from the Parties' *numbered* trial exhibits.

[24] To be clear, Defendant does *not* object to the timing of these answers, which was consistent with the Parties' agreement regarding discovery deadlines.

## PRAYER

For all these reasons, Defendant asks the Court to grant its motion and sustain its objection

to Plaintiff's Exhibits 130 and 142–180.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**THOMAS A. ALBRIGHT**
Chief for General Litigation Division

*/s/ Benjamin L. Dower*
**BENJAMIN L. DOWER**
Deputy Chief for General Litigation Division
Texas State Bar No. 24082931
benjamin.dower@oag.texas.gov

**AMY S. HILTON**
Assistant Attorney General
Texas State Bar No. 24097834
amy.hilton@oag.texas.gov

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667

**COUNSEL FOR UT AUSTIN**

## CERTIFICATE OF CONFERENCE

I hereby certify that on February 22, 2022, I discussed Defendant's evidentiary objections with Plaintiff's Counsel Robert ("Bob") Schmidt. While Plaintiff's Counsel is opposed to the Court sustaining Defendant's objections, he agrees that the determination regarding the propriety of the various comparators affects both Parties' trial presentations to such a degree that resolution of the issue prior to trial is appropriate.

*/s/ Benjamin L. Dower*
**BENJAMIN L. DOWER**
Deputy Chief for General Litigation Division

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2022, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ Benjamin L. Dower*
**BENJAMIN L. DOWER**
Deputy Chief for General Litigation Division