UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EVDOKIA NIKOLOVA, | § | |
|    Plaintiff, | § | |
| | § | |
| V. | § | CASE NO. 1:19-CV-00877-RP |
| | § | |
| UNIVERSITY OF TEXAS AT AUSTIN, | § | |
|    Defendant. | § | |

**PLAINTIFF'S FIRST SUPPLEMENTAL OBJECTIONS AND ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

TO: Defendant, by and through its attorneys of record, Benjamin L. Dower, Assistant Attorney General, Office of the Attorney General, General Litigation Division, P.O. Box 12548, Capitol Station, Austin, Texas 78711-2548, Fax (512) 320-0667, benjamin.dower@oag.texas.gov.

NOW COMES plaintiff Evdokia Nikolova ("Plaintiff" or "Dr. Nikolova") and submits Plaintiff's First Supplemental Objections and Answers to Defendant's First Set of Interrogatories.

Plaintiff refers Defendant to all deposition testimony to be taken in this action. Plaintiff also refers Defendant to all discovery responses and documents produced in discovery or exchanged between the parties, pleadings and documents filed with the Court, and all deposition exhibits in this case. Plaintiff reserves the right to supplement and amend these interrogatory responses in accordance with the Federal Rules of Civil Procedure.

OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Plaintiff objects to definition of "Plaintiff," "you" and "your" and it's inclusion of Plaintiff's attorneys, to the extent the definition or any interrogatory attempts to or is construed to seek information that is protected by the attorney-client or work product privileges. Plaintiff hereby raises and asserts the attorney-client and work product privileges in response to any and all

1



such instances in these interrogatories where such information is or may be construed to be requested.

Plaintiff objects to definition of "similarly situated" to the extent the definition or any interrogatory attempts to or is construed to impose a meaning that is more restrictive than that used in case law utilizing the term.

OBJECTIONS AND ANSWERS TO INTERROGATORIES

*Equal Pay Act*

**INTERROGATORY NO. 1:**

In paragraph 88 of Plaintiff's First Amended Complaint, in the "Violation of Equal Pay Act" section, you allege that UT Austin compensated you "less than all other similarly situated male assistant professors." Identify by name "all other similarly situated male assistant professors," as used in paragraph 88 of Plaintiff's First Amended Complaint, who you contend performed work in a position requiring equal skill, effort, and responsibility under similar working conditions, and was paid more than you.

**ATTORNEY OBJECTIONS:**

Plaintiff objects to this interrogatory on the grounds that it seeks to have Plaintiff marshal all evidence. Discovery in this case is not completed, nor has evidence been presented at trial. Defendant is in possession or control of almost all documents and witnesses, and the information requested is equally or more available to and in the possession of Defendant. Subject to and without waiving these objections, see the following answer.

**RESPONSE:**

Based on information obtained from Defendant:

**Mohit Tiwari** (PhD 2011), who began his employment at UT one semester before plaintiff and received his PhD two years after plaintiff, but unlike plaintiff had no experience as an Assistant Professor before UT, received a higher salary than Plaintiff from the 2015-2016 academic year to the present.

**Milos Gligoric** (PhD 2015), who began his employment at UT one year and one semester after plaintiff, received his PhD six years after plaintiff, and unlike plaintiff had no experience as an Assistant Professor before UT, received a higher salary than Plaintiff from the 2015-2016 academic year to the present.

2

**David Soloveichik** (PhD 2008), who began his employment at UT one year and one semester after plaintiff, and unlike plaintiff had no experience as an Assistant Professor before UT, received a higher salary than Plaintiff from the 2016-2017 academic year to the present.

**Alex Hanson**, who began his employment at UT five and a half years after plaintiff, and unlike plaintiff had no experience as an Assistant Professor before UT, received a higher salary than Plaintiff from the 2019-2020 academic year to the present.

**Jaydeep Kulkarni** (PhD 2009), who began his employment at UT four and a half years after plaintiff and received his PhD in the same 2009 year as plaintiff, received a much higher salary than Plaintiff from his hiring date from 2017-2018 academic year to the present.

**Edison Thomaz** (PhD 2016), who began his employment at UT four and a half years after plaintiff, received his PhD seven years after plaintiff, and unlike plaintiff had no experience as an Assistant Professor before UT, received a higher salary than Plaintiff from the 2019-2020 academic year to the present.

**Aryan Mokhtari** (PhD 2017), who began his employment at UT five and a half years after plaintiff, received his PhD eight years after plaintiff, and unlike plaintiff had no experience as an Assistant Professor before UT, received a higher salary than Plaintiff from the 2019-2020 academic year to the present.

**Jonathan Tamir** (PhD 2018), who began his employment at UT six years after plaintiff, received his PhD nine years after plaintiff, and unlike plaintiff had no experience as an Assistant Professor before UT, received a higher salary than Plaintiff from the 2019-2020 academic year to the present.

**Zheng Wang** (PhD 2006), who received a higher salary than Plaintiff from the 2013-2014 academic year until he left UT following the 2018-2019 academic year.

Plaintiff also refers Defendant to deposition testimony in this case, deposition exhibits, documents produced in discovery, expert witness reports, and pleadings filed.





*Title VII: Discrimination Claim(s)*

**INTERROGATORY NO. 6:**

Please identify all similarly situated employees outside your protected class that you allege were treated more favorably than you regarding any discrimination claim brought in this lawsuit. Include in your response a description of (1) your bases for your contending that the individuals were treated more favorably, and (2) the identification and description of any document(s) that you believe support your contention.

**ATTORNEY OBJECTIONS:**

Plaintiff objects to definition of "similarly situated" to the extent the definition or any interrogatory attempts to or is construed to impose a meaning that is more restrictive than that used in case law utilizing the term. Plaintiff objects to this interrogatory on the grounds that it seeks to have Plaintiff marshal all evidence. Discovery in this case is not completed, nor has evidence been presented at trial. Defendant is in possession or control of almost all documents and witnesses, and the information requested is equally or more available to and in the possession of Defendant. Plaintiff objects to this Interrogatory on the grounds that it is overly broad, vague and ambiguous, including the request to identify and describe "any document(s) that you believe support your contention." Subject to and without waiving these objections, see the following answer.

**RESPONSE:**

Similarly situated assistant professors treated more favorably than Plaintiff include, but are not limited to:

**Alex Dimakis,** who was promoted and received tenure after one and a half years at UT, approximately four years "early," and had lower grant funding than Plaintiff, taught approximately three courses (which was less than Plaintiff), and was held to a lower standard by UT than Plaintiff with respect to student teaching scores including in relation to the median for courses taught.

7

**Sujay Sanghavi** was promoted and received tenure "early" with comparable funding to Plaintiff, lower student evaluation teaching scores than Plaintiff, and the Dean's evaluation made no mention or consideration that his application for tenure was "early" or discussion of a different or higher standard because he was "early," unlike with Plaintiff.

**Mohit Tiwari** was promoted with fewer years of experience and held to lower standard than Plaintiff including with respect to student teaching scores. Additionally, upon information and belief Dr. Tiwari was advised by the ECE department to rescind his probationary extension so he would not be considered "early" whereas Plaintiff did not receive the same advice or any discussion or explanation regarding a recission option. He was also hired in the same month as Plaintiff, but allowed to start at UT a semester early, which effectively gave him a one-year advantage over Plaintiff on his promotion term.

**Zoya Heidari** (who unlike Plaintiff had not been pregnant) was promoted after only two years at UT, three years "early" with much weaker research profile than Plaintiff, including in the area of grant funding at UT, letters from external reviewers, and H-index. The Dean's assessment recommending tenure for Heidari dismissed or disregarded these issues, even though Dean Wood used these exact same criteria as a basis of her recommendation to deny tenure to Plaintiff.

See also response to Interrogatory No. 1. All assistant professors as detailed in Interrogatory No. 1 were paid more than Plaintiff but had less experience as a professor and as an assistant professor at UT. Plaintiff refers Defendant to the tenure dossiers produced by Defendant, Plaintiff's appeal and the investigation and report of the denial of tenure by the Committee of the Council on Academic Freedom and Responsibility ("CCAFR") raising concerns of sex discrimination. Plaintiff also refers Defendant to deposition testimony in this case, deposition exhibits, documents produced in discovery, expert witness reports, and pleadings filed.

**SUPPLEMENTAL RESPONSE:**

Similarly situated assistant professors in the Cockrell School of Engineering who appear to have gone up for tenure prior to the sixth year of their probationary period at UT and may have been treated more favorably than Plaintiff also include, but are not limited to:

Ryan Russell
Aaron Baker
Brady Cox
Deji Akinwande
Stephen Boyles
Navid Saleh
John Foster
Salvatore Salamone
Ryosuke Okuno
Vijay Janapa Reddi
Nan Sun
Ashish Deshpande

8

See the tenure files for these assistant professors and "Probationary, Tenure Data.xlsx" produced by Defendant.

Additionally, because Defendant has put forth contradictory evidence regarding the standards applied to Dr. Nikolova's tenure review, including claiming that Dr. Nikolova was not subjected to a heightened standard because she went up prior to the sixth year of their probationary period at UT, other assistant professors in the Cockrell School of Engineering who went up on a "regular" time frame may also be similarly situated and appropriate comparators.



9

        Respectfully submitted,

        CREWS LAW FIRM, P.C.
        701 Brazos, Suite 900
        Austin, Texas 78701
        (512) 346-7077
        (512) 342-0007 (Fax)

By:    /s/ Robert W. Schmidt
        Robert W. Schmidt
        State Bar No. 17775429
        schmidt@crewsfirm.com
        Joe K. Crews
        State Bar No. 05072500
        crews@crewsfirm.com


By:    /s/ Robert Notzon
        Robert Notzon
        Texas Bar No. 00797934
        The Law Office of Robert Notzon
        1502 West Avenue
        Austin, TX 78701
        512-474-7563
        512-852-4788 fax
        Robert@notzonlaw.com

        ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

      This will certify that a true and correct copy of the above and foregoing document was served in accordance with the Federal Rules of Civil Procedure on June 28, 2021, on the following counsel of record:

Benjamin L. Dower, Asst Atty Gen
Amy S. Hilton, Asst Atty Gen
General Litigation Division
PO Box 12548, Capitol Station (MC019)
Austin, TX 78711-2548
Fax (512) 320-0667
benjamin.dower@oag.texas.gov
amy.hilton@oag.texas.gov

                                                      /s/ Robert W. Schmidt
                                                    _____
                                                    Robert W. Schmidt