IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Evdokia Nikolova, *Plaintiff,* | § § § | |
| v. | § § | Civil Action No.: 1:19-CV-00877 |
| University of Texas at Austin, *Defendant.* | § § § | |

**Defendant's Objection to Excluding Jurors Who Are Not Fully Vaccinated**

TO THE HONORABLE JUDGE ROBERT PITMAN:

Defendant The University of Texas at Austin ("UT Austin") respectfully files this Objection to the Court's jury summons protocol. At the Parties' pre-trial conference, the Court notified the Parties of its decision to summon only jurors who are fully vaccinated. While the Court's concern for public health is appropriate—and UT Austin does not attempt to minimize that concern by filing this objection—the Court's Order directing the composition of the jury in this case does not comport with the law or fairness.

### I. Background

During a status conference on February 16, 2022, the Court informed the Parties of its COVID-19 protocols: "[W]e are opening back up for business under the following sort of conditions. We are only summoning jurors who are fully vaccinated. And so, if you have any issue with that, let me know sooner than later, but that's the way it will be." Ex. 1 at 7:23–8:3. The issue had not been raised before, and UT Austin was not otherwise aware of the Court's jury summons protocol. As far as UT Austin can tell, a vaccination requirement for jurors is not required by any statute, rule, or policy. Indeed, while the Administrative Office of the United States Courts has recognized federal

courts' significant efforts to mitigate the spread of COVID-19,[1] the Administrative Office has noted that "providing litigants with a jury selected at random from a fair cross section of the community remains of greatest importance."[2]

As this Court put it: "I'm of the school of thought that, you know the default should be that we should be able to get seven people off the street and put them in a jury box and they should hear the case." Ex. 1 at 13:8–11. The Court's school of thought is echoed by the Jury Service Selection Act, which requires "the clerk or a district judge [to] draw *at random* from the master jury wheel the names of as many persons as may be required for jury service." 28 U.S.C. § 1864(a) (emphasis added). Accordingly, as an Administrative Office of U.S. Courts spokesperson reportedly explained, "[w]hile courts may ask jurors COVID-19 related questions as part of their safety protocols," getting the vaccine is not a legal qualification for service on a jury.[3]

The Austin Division of the United States District Court for the Western District of Texas serves 17 counties: Washington, Burleson, Lee, Bastrop, Caldwell, Hays, Travis, Williamson, Blanco, Burnet, Lampasas, Gillespie, Llano, San Saba, Mason, Kimble, and McCulloch.[4] Data from the Centers for Disease Control and Prevention indicates that two counties served by the Western District have vaccination rates under 50% for Texans who are 18 years of age or older.[5] No county served by the

---

[1] *E.g.*, *Omicron Puts Strain on Jury Trials*, UNITED STATES COURTS, https://www.uscourts.gov/news/2022/01/25/omicron-puts-strain-jury-trials (last visited March 2, 2022) (PDF printout of webpage attached as Exhibit 2).

[2] Madison Alder, *Next Pre-Trial Question for Jurors: Are You Vaccinated?*, BLOOMBERG LAW, https://news.bloomberglaw.com/us-law-week/next-pre-trial-question-for-jurors-are-you-vaccinated (last visited March 2, 2022) (PDF printout of webpage attached as Exhibit 3).

[3] *Id.*

[4] *Offices of the Western District of Texas*, UNITED STATES DEP'T OF JUSTICE, https://www.justice.gov/usao-wdtx/offices-western-district-texas/austin (last visited March 2, 2022) (PDF printout of webpage attached as Exhibit 4).

[5] *See County-Level Vaccination Data*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://covid.cdc.gov/covid-data-tracker/#county-view?list_select_state=Texas&data-type=Risk (last visited March 2, 2022) (PDF printout of "Download Data" for "County Level Vaccination Data for Texas" attached as Exhibit 5, highlighting added for clarity).

Western District has a vaccination rate above 78%.[6]

| County | Percent of 18+ Pop Fully Vaccinated - Resident[7] |
|---|---|
| Bastrop | 69.00% |
| Blanco | 65.50% |
| Burleson | 59.40% |
| Burnet | 63.50% |
| Caldwell | 65.60% |
| Gillespie | 63.30% |
| Hays | 70.60% |
| Kimble | 50.90% |
| Lampasas | 55.70% |
| Lee | 56.30% |
| Llano | 58.10% |
| Mason | 56.90% |
| McCulloch | 47.60% |
| San Saba | 44.70% |
| Travis | 77.50% |
| Washington | 59.40% |
| Williamson | 78.20% |

To use this Court's "seven people off the street" analogy, the Court's COVID-19 protocol excludes roughly three of those seven people based on a common medical decision each has made. The elimination of such a vast swath of the jury pool—not at random but based on a common trait that each eliminated person shares with one another—will inevitably lead to the result that the jury selected for this case will not constitute a fair cross section of the community. Adjusting for population, a resident of San Saba County (44.70% vaccination rate) is almost *half* as likely to receive a summons as someone in Travis County (77.50% vaccination rate) for example. The exclusion of potential jurors who are not fully vaccinated will skew the pool in ways that will likely affect the Parties' ability to pick a fair and impartial jury.

---

[6] *Id.*
[7] Ex. 5.

## II. ARGUMENTS & AUTHORITIES

**A.  Excluding jurors who are not fully vaccinated violates the Seventh Amendment.**

The Court's decision to exclude Texans who are not fully vaccinated usurps the jury's Seventh Amendment function and substitutes it with the Court's designated population. The Seventh Amendment "confers a fundamental right" to litigants—a right to a trial by jury. U.S. Const. amend. VII; *Daniel Intern. Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990). "The trial by jury is justly dear to the American people. It has always been an object of deep interest and solicitude, and every encroachment upon it has been watched with great jealousy." *Parsons v. Bedford, Breedlove & Robeson*, 28 U.S. 433, 446 (1830). UT Austin has been unable to identify any authority to support the proposition that courts may condition litigants' rights to a jury trial on jurors' vaccination status.

**B.  Excluding jurors who are not fully vaccinated violates the Equal Protection provision of the Fourteenth Amendment.**

While the Court and counsel may try to elicit potentially relevant information about a juror during voir dire, that effort is distinguishable from the juror selection procedure at issue here. *See Batson v. Kentucky*, 476 U.S. 79, 89 n.12 (1986). "Competence to serve as a juror ultimately depends on an assessment of individual qualifications and ability impartially to consider evidence presented at trial." *Id.* at 87 (internal quotation marks and citations omitted). Whether a juror has an open mind to fairly consider the testimony and evidence is not related to that person's vaccination status, and there has been no suggestion that unvaccinated persons are not fit to serve on a jury. Juror selection procedures that deliberately exclude the unvaccinated (and not fully vaccinated) population "undermine[s] public confidence in the fairness of our system of justice." *Id.* at 86.

**C.  Alternative measures may be taken to mitigate the risk of COVID-19 transmission.**

The Court's public health concerns may be addressed by alternative measures. The Court permits counsel, parties, and witnesses who are not fully vaccinated to present daily rapid tests. Ex. 1 at 9:4–9. This option could be extended to jurors who are not fully vaccinated. The Court could also

conduct voir dire in multiple, smaller groups of potential jurors to minimize exposure.

### III.   CONCLUSION

For all these reasons, UT Austin respectfully objects to the Court's COVID-19 juror summons protocol.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**THOMAS A. ALBRIGHT**
Chief for General Litigation Division

*/s/ Amy S. Hilton*
**AMY S. HILTON**
Assistant Attorney General
Texas State Bar No. 24097834
amy.hilton@oag.texas.gov

**BENJAMIN L. DOWER**
Deputy Division Chief
General Litigation Division
Lead Attorney
Texas State Bar No. 24082931
benjamin.dower@oag.texas.gov

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667

**COUNSEL FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2022, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

/s/ Amy S. Hilton
**AMY S. HILTON**
Assistant Attorney General