IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EVDOKIA NIKOLOVA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:19-CV-877-RP |
| | § | |
| UNIVERSITY OF TEXAS AT AUSTIN, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court is Plaintiff Evdokia Nikolova's ("Nikolova") Motion to Modify or Set Aside the Order Striking the Expert Testimony of Professor Peter Glick (the "Order"), (Dkt. 64). (Mot. to Modify, Dkt. 71). Nikolova asks the Court to modify the Order striking the entire testimony—research and opinions—of Nikolova's expert, Dr. Peter Glick ("Glick"). Having considered the parties' briefs, the evidence, and the relevant law, the Court finds that the motion should be granted in part and denied in part.

Motions for reconsideration of interlocutory orders are made under Federal Rule of Civil Procedure 54(b). *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). "Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the court to 'revise[ ] at any time' 'any order or other decision . . . [that] does not end the action.'" *Id.* (quoting Fed. R. Civ. P. 54(b)). "Under Rule 54(b) 'the trial court is free to reconsider . . . its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Id.* (quoting *Lavespere v. Niagara Mach. & Tools Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)).

On review of Judge Hightower's thorough and well-reasoned order, the Court finds that much of the Order should remain in place. However, in light of the arguments raised in Nikolova's

1

motion, the Court is now convinced that portions of Glick's testimony present reliable evidence that could assist the jury in its deliberations. Specifically, the first section of Glick's report, which "examines the abundant peer-reviewed scientific studies and research into stereotypes, bias, discrimination and retaliation, including specifically in academia and STEM fields directly relevant to this case," appears to rely on accepted social framework theory methodologies and is relevant to this case. (Dkt. 71, at 3–4). Moreover, as Nikolova notes, Defendant University of Texas at Austin has relied on and acknowledged the validity of this type of study in the course of this litigation and in its own efforts to understand the role of gender bias in STEM fields. (*See* Julien Dep., Dkt. 44-1, at 290, 296–97; Wood Dep., Dkt. 44-1, at 615–18). To the extent that the Order addresses the portions of Glick's testimony applying the research to the present case, the Court agrees that such conclusions are unreliable and so should be excluded here.

Accordingly, **IT IS ORDERED** that Nikolova's Motion to Modify or Set Aside the Order Striking the Expert Testimony of Professor Peter Glick, (Dkt. 71), is **GRANTED IN PART** and **DENIED IN PART**. The Order, (Dkt. 64), is modified as follows: The portions of Glick's report and testimony pertaining to scientific research on stereotyping and discrimination as a general matter, (*see* Glick Rep., Dkt. 44-1, at 11–40), are admitted, subject to objections at trial. The portions of Glick's report and testimony applying the research to this case, or in any way opining on the facts at hand, (*see id.* at 41–60), remain excluded as set out in the Court's previous Order, (Dkt. 64).

Any other modifications to Glick's testimony are **DENIED**.

**SIGNED** on March 3, 2022.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE