# EXHIBIT A

# Transcript of the Testimony of

# Peter Glick

**Date:**

July 01, 2021

**Case:**

LINDA SUSAN MULLENIX vs UNIVERSITY OF TEXAS AT AUSTIN

```
 1                IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF TEXAS
 2                          AUSTIN DIVISION

 3

 4  LINDA SUSAN MULLENIX,  )
         Plaintiff,        )
 5                         )
    v.                     )   CIVIL ACTION NO. 1:19-CV-1203-LY
 6                         )
    UNIVERSITY OF TEXAS    )
 7  AT AUSTIN,             )
         Defendant.        )
 8

 9      *********************************************************

10                     REMOTE ORAL DEPOSITION OF

11                         DR. PETER GLICK

12                           JULY 1, 2021

13      *********************************************************

14          REMOTE ORAL DEPOSITION OF DR. PETER GLICK, produced

15  remotely as a witness at the instance of the Defendant, and

16  duly sworn, was taken in the above-styled and numbered cause on

17  the 1st of July, 2021, from 9:03 a.m. to 5:41 p.m., before Beth

18  Quintana, CSR in and for the State of Texas, Registered

19  Professional Reporter, reported by machine shorthand, at the

20  witness's residence located at 4941 Rivermoor Drive, Omro,

21  Wisconsin, pursuant to the Texas Rules of Civil Procedure, the

22  Current Emergency Order regarding the COVID-19 State of

23  Diaster, and the provisions stated on the record or attached

24  hereto.

25
```

Page 166
1  (e.g., by being assertive) get slammed with hostility,
2  workplace penalties, and even retaliatory sabotage (whereas a
3  man who behaved in the same way might be admired, tolerated, or
4  at least receive less hostility and fewer penalties.)"
5         I just want to clarify, you are not -- in making
6  that statement, are you suggesting that all women who defy
7  gender prescriptions get slammed with hostility, workplace
8  penalties and even retaliatory sabotage?
9     A   No, I'm not making that -- not trying to imply all
10 women at all times.
11    Q   Okay.  And you are not making -- and am I correct
12 that you cannot offer an assessment of how often women who defy
13 gender prescriptions get slammed with hostility, workplace
14 penalties and retaliatory sabotage; am I correct in that?
15    A   This is a general effect and it depends on all sorts
16 of factors, so I can't give you a precise number for that.
17    Q   And you certainly can't state whether that's
18 occurring in this case; is that correct?
19    A   I am not stating whether that's occurring in this
20 case.
21    Q   So then in the fourth paragraph -- the paragraph
22 starting "fourth," second sentence states, "For example, a
23 biased evaluator might acknowledge that Professor Mullenix was
24 prolific in her scholarship, but downplay its quality - perhaps
25 not as totally incompetent, but as less excellent than a better

Page 167
1  liked male colleague's work."
2         Could that also -- could that sentence also be
3  correct -- I'm sorry, let me strike that.
4         Would it also be correct to say that an unbiased
5  evaluator might acknowledge that Professor Mullenix was
6  prolific in her scholarship, but determine that it is of lesser
7  quality - perhaps not as totally incompetent, but less
8  excellent than a male colleague's entire quality of work?
9     A   Right.  So again, I can't independently evaluate
10 Professor Mullenix's scholarship and so this is for the case
11 decision-makers to sort out what they see as the more likely
12 explanation based on the evidence before them.  It's, you know,
13 possible for an evaluator, who is not biased by gender, to, you
14 know -- to potentially come to that conclusion.  I'm not going
15 to exclude that as a possibility.  That's how it's always going
16 to be when you ask me these questions.
17    Q   Is there a reason why you did not include that as an
18 alternative explanation?
19    A   I think that's -- I think I'm really pretty clear on
20 this.  I think I'm very clear in the context of the report
21 that, you know, it could be biased or it -- case
22 decision-makers will have to decide whether bias is involved.
23 If they decide that basis is not involved, then obviously
24 they're thinking that this is an accurate evaluation of the
25 scholarship.  I think I say in there, "Look, I'm not an expert

Page 168
1  in your field.  I can't judge her scholarship."  You know,
2  "here are some indicators to look at, but you've got to sort
3  this out."  So I really feel like I'm being about as fair as I
4  can be.
5     Q   You use the word "retaliation" in your report as
6  well, and that's one thing we did not -- if I recall correctly,
7  we did not go through what you mean by that.  Can you describe
8  what you mean by retaliation?
9     A   Right.  Well, I think I, in this report, often use
10 retaliation interchangeably sometimes with discrimination.  So
11 I know that in the legal sphere, retaliation can have maybe a
12 more specific meaning.  I have some -- some sense that that's
13 the case.  So retaliation would be, you know, hostile, bias
14 actions or actions, you know, stemming from bias that are
15 discriminatory and hostile.  But it can include more broadly
16 discriminatory kinds of behaviors.
17    Q   Just to be clear, you do not use the word retaliation
18 to mean conduct in response to specific protected activity as
19 that's defined by the statute?
20    A   Correct, I'm not using it in that very specific legal
21 sense.
22    Q   And it sounds like you're using it as when a person
23 engages in behavior that is contrary to what is expected of
24 them, if they suffer adverse consequences for engaging in that
25 behavior, that you would consider retaliation?

Page 169
1     A   Yeah, that could be retaliatory.  Yeah, that would --
2  that would fit.
3     Q   Such as being assertive or requesting to be put in
4  positions of leadership or for challenging decisions that have
5  been previously made?
6     A   Correct.
7         Okay.  You also refer to, at the bottom of Page
8  49, decades -- or "Professor Mullenix's claims that she has
9  suffered decades of discrimination," and I notice that you
10 point at various points in time to events that occurred with
11 Dean Sager, prior to Dean Farnsworth even being at the
12 University of Texas.
13        Were you provided any instruction to limit the
14 evidence that you looked at to any particular temporal time
15 period?
16    A   I recall, you know, Mr. Walsh informing me that, you
17 know, the lawsuit covers a specific time period.  But in terms
18 of my analysis, you know, context -- broader context can matter
19 as kind of a background sort of factor to later actions.  So I
20 think we discussed this and I felt that I was able to include
21 some of that as sort of, you know, in forming the potential
22 processes that might be relevant here.  But I do understand
23 that the lawsuit covers a specific time period, you know, that
24 is more recent.
25    Q   Do you think any of your opinions may be different if

```
                                      Page 270
1           CHANGES AND SIGNATURE
2   WITNESS NAME: DR. PETER GLICK      DATE: JULY 1, 2021
3   PAGE   LINE   CHANGE              REASON
4   _____
5   _____
6   _____
7   _____
8   _____
9   _____
10  _____
11  _____
12  _____
13  _____
14  _____
15  _____
16  _____
17  _____
18  _____
19  _____
20  _____
21  _____
22  _____
23  _____
24  _____
25  Signature:_____ Date: _____
```

```
                                      Page 271
1        I, Dr. Peter Glick, have read the foregoing
2   deposition and hereby affix my signature that same is true and
3   correct, except as noted above.
4
5                      _____
                              Dr. Peter Glick
6
7   THE STATE OF _____)
8   COUNTY OF    _____)
9
10       Before me, _____, on this
11  day personally appeared DR. PETER GLICK, known to me (or
12  proved to me under oath or through _____)
13  (description of identity card or other document) to be
14  the person whose name is subscribed to the foregoing
15  instrument and acknowledged to me that they executed the same
16  for the purposes and consideration therein expressed.
17       Given under my hand and seal of office this _____
18  day of _____, 2021.
19
20
21                     _____
                       NOTARY PUBLIC IN AND FOR
22                     THE STATE OF TEXAS
23
24  My commission expires: _____
25
```

```
                                      Page 272
1            IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TEXAS
2                     AUSTIN DIVISION
3
4   LINDA SUSAN MULLENIX,  )
        Plaintiff,         )
5                          )
    v.                     )  CIVIL ACTION NO. 1:19-CV-1203-LY
6                          )
    UNIVERSITY OF TEXAS    )
7   AT AUSTIN,             )
        Defendant.         )
8
9
10              REPORTER'S CERTIFICATION
11     REMOTE ORAL DEPOSITION OF DR. PETER GLICK
12                   JULY 1, 2021
13       I, Beth Quintana, CSR, RPR, Certified Shorthand
14  Reporter in and for the state of Texas, hereby certify to the
15  following:
16       That the witness, Dr. Peter Glick, was duly sworn
17  by the officer and that the transcript of the oral deposition
18  is a true record of the testimony given by the witness;
19       That the deposition transcript was submitted on
20  _____, to the witness or to the attorney
21  for the witness for examination, signature and return to
22  Kim Tindall & Associates by _____.
23       That the amount of time used by each party at the
24  deposition is as follows:
25           Mr. Darren Gibson - 6:57
```

```
                                      Page 273
1        That pursuant to information given to the deposition
2   officer at the time said testimony was taken, the following
3   includes counsel for all parties of record:
4        Mr. Colin Walsh, Attorney for Plaintiff.
5        Mr. Darren Gibson, Attorney for Defendant.
6        I further certify that I am neither counsel for,
7   related to, nor employed by any of the parties in the action
8   in which this proceeding was taken, and further that I am not
9   financially or otherwise interested in the outcome of
10  the action.
11       Further certification requirements pursuant to Rule
12  203 of TRCP will be certified to after they have occurred.
13       Certified to be me this 9th day of July, 2021.
14
15
16                     _____
                       Beth Quintana, Texas CSR 11435
17                     Expiration Date:  03/31/2022
                       Firm Registration No. 631
18                     Kim Tindall & Associates, LLC
                       16414 San Pedro
19                     Suite 900
                       San Antonio, Texas  78232
20                     (866) 672-7880
21
22
23
24
25
```