IN THE WESTERN DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **EVDOKIA NIKOLOVA,** § | | |
| Plaintiff § | | CIVIL ACTION |
| § | | |
| VS. § | | NO. 1:19-CV-00877-RP |
| § | | |
| UNIVERSITY OF TEXAS AT AUSTIN, § | | JURY REQUESTED |
| Defendant § | | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION REGARDING EXPERT TESTOMY OF PROFESSOR PETER GLICK**

TO THE HONORABLE ROBERT PITMAN:

Defendant's Motion for Reconsideration[1] attacks the credibility of the research cited by Dr. Peter Glick in his expert report and its relevance to this case. As this Court (Judge Pitman) recently held, "Generally, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *Crankshaw v. City of Elgin*, No. 1:18-CV-75-RP, 2019 U.S. Dist. LEXIS 146839, at *11 (W.D. Tex. 2019) (citing *Viterbo*, 826 F.2d at 422).

Additionally, a party who disagrees with testimony provided by an expert witness will be able to "employ the ordinary tools of the adversary process, including cross-examination and the admission of rebuttal evidence, to expose any deficiencies" in the proffered testimony. *Wal-Mart Stores v. Tex. Alcoholic Bev. Comm'n*, No. 1:15-cv-134-RP, 2017 U.S. Dist. LEXIS 230837, at *24 (W.D. Tex. 2017) (Pitman, J.) (citing *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 596 (1993) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but

---

[1] ("Defendant's Motion To Reconsider Court's Order Partially Granting Plaintiff's Motion To Modify Or Set Aside The Order Striking The Expert Testimony Of Professor Peter Glick" (referred to as "Motion for Reconsideration")

admissible evidence.").

Additionally, Defendant the University of Texas at Austin has relied on and acknowledged the validity of this type of study in the course of this litigation and in its own efforts to understand the role of gender bias in STEM fields. (*See* Julien Dep., Dkt. 44-1, at 290, 296–97; Wood Dep., Dkt. 44-1, at 615–18). The Court's Order (Dkt. 76) allowing expert testimony regarding this research was correctly decided.

Finally, Defendant's arguments regarding "implicit bias" are a red-herring. As fully briefed in Plaintiff's Motion (Dkt. 71) to Modify Judge Hightower's Order, numerous court's have held that such arguments do not justify the exclusion of testimony similar to Glick. Again, Defendant is free to cross examine Glick regarding this topic. Defendant's Motion For Reconsideration should be denied.

Respectfully submitted,

CREWS LAW FIRM, P.C.
701 Brazos, Suite 900
Austin, Texas 78701
(512) 346-7077
(512) 342-0007 (Fax)
schmidt@crewsfirm.com


By:  /s/  Robert W. Schmidt
Robert W. Schmidt
State Bar No. 17775429
Joe K. Crews
State Bar No. 05072500

Robert Notzon
The Law Office of Robert Notzon
Texas Bar No. 00797934
1502 West Avenue
Austin, Texas 78701
(512) 474-7563
(512) 852-4788 facsimile

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2022, this document was served pursuant to Federal Rules of Civil Procedure on counsel for Defendants at the following address:

Benjamin L. Dower
Assistant Attorney General
Office of the Attorney General of Texas
General Litigation Division
P.O. Box 12548
Capitol Station,
Austin, Texas 78711-2548
Fax (512) 320-0667
benjamin.dower@oag.texas.gov

                                              /s/   Robert W. Schmidt