UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EVDOKIA NIKOLOVA § | |
|   Plaintiff, § | |
| § | |
| V. § | CASE NO. 1:19-cv-00877-RP |
| § | |
| UNIVERSITY OF TEXAS AT AUSTIN, § | |
|   Defendant. § | |

**PLAINTIFF'S OBJECTIONS**
**TO PROPOSED JURY CHARGE**

**TO THE HONORABLE JUDGE ROBERT PITMAN:**

Plaintiff respectfully objects and urges the Court to reconsider and remove the so-called "business judgment" instruction offered by the Defendant (Dkt. 57-5 p. 17) and included in the proposed jury instructions distributed to the parties late this afternoon by the Court. The instruction at issue says:

> "You may not return a verdict for Plaintiff Nikolova just because you might disagree with UT Austin's tenure decision or believe it to be harsh or unreasonable. Under the law, employers are entitled to make employment decisions for a good reason, for a bad reason, or for no reason at all, so long as the decision is not motivated by unlawful discrimination. You should not second-guess UT Austin's decision or substitute your own judgment for that of UT Austin."

First, this language is not in the Fifth Circuit's Pattern Jury Instruction, nor is there anything remotely like it. The language goes far beyond the normal jury instructions approved for employment law cases by the Fifth Circuit. The pattern jury instructions reflect a thorough review of the Circuit's law and the collective judgment of judges, respected attorneys and scholars from both the defendant and plaintiff's perspective. The pattern jury instructions should be treated as persuasive authority. *Neely v. PSEG Tex., Ltd. P'ship*, 735 F.3d 242, 246 n.12 (5th

Cir. 2013) (citing *United States v. Montford*, 27 F.3d 137, 140 (5th Cir. 1994) ("[O]ne of our own pattern jury instructions certainly should be treated as persuasive authority . . . .")).

The instruction at issue, respectfully, strongly puts the finger on the scale for Defendant UT and is not supported by the law. Importantly, the wording **"*You should not second-guess UT Austin's decision*"** goes against the Supreme Court's important holding in *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000) which explicitly held that "[*t*]*he factfinder's disbelief of the reasons put forward by the defendant* (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the prima facie case, suffice to show intentional discrimination." The language is confusing and essentially directs the jury *to not question* the reasons offered by Defendant UT, including, apparently UT's motivations.[1] This creates an almost insurmountable barrier for the plaintiff, Dr. Nikolova.

Though not in the context of a jury charge, a similar issue was discussed by the Fifth Circuit in *Laxton v. Gap Inc.*, 333 F.3d 572, 585 (5th Cir. 2003). The court explained "Gap asserts that Laxton's case amounts to impermissible second-guessing of its business judgment. . . . Were Laxton to assert that Gap *should not* have terminated her for the cumulative effect of her violations, she would be second-guessing its business judgment. But that is not Laxton's argument. Instead, she brings evidence that Gap *did not* terminate her for that reason. This argument does not impermissibly challenge Gap's business judgment. It permissibly challenges Gap's credibility." *Id.* (citations omitted).

---

[1] "Second guess" is defined according to the Oxford Languages dictionary as "to judge or criticize (someone) with hindsight." *See:*
https://www.google.com/search?q=second+guess+definition&rlz=1C1CHBF_enUS903US903&oq=second+guess+de&aqs=chrome.1.69i57j0i512l8j0i390.6172j0j7&sourceid=chrome&ie=UTF-8

The cases relied upon by Defendant to support the proposed language also are distinguishable and not persuasive. Defendant's proposed instruction included at this time in the Court's proposed charge comes from *Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 581 (5th Cir. 2004). However, in *Kanida,* the plaintiff "failed to object to this instruction before the district court. *See* FED. R. CIV. P. 51 ("No party may assign as error the giving or failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict. . . ."))." Therefore, the court reviewed the instruction for plain error. In this case, Plaintiff respectfully but strongly objects to this language for multiple reasons including that it goes against the basic idea of *Reeves.* It would confuse the jury and would essentially come as a directive from the Court to not question UT's decision for denying tenure to Dr. Nikolova in any way.

Defendant also cites *Price v. Rosiek Constr. Co.*, 509 F.3d 704, 708-09 (5th Cir. 2007) as authority for the instruction. However, the instruction offered by UT and being considered by this Court is more extreme than the language in *Price.*[2]

While Plaintiff moves that the entire language at issue be stricken from the proposed jury charge, at it is not necessary and not consistent with the Fifth Circuit's pattern jury charge. If the Court feels it is necessary to add an instruction of this kind, Plaintiff respectfully urges the court to instead submit the following version, which is consistent with the law and provides a more balanced paragraph providing instructions on behalf of both parties' issues in this regard:

> You may not return a verdict for Plaintiff Nikolova just because you might disagree with UT Austin's tenure decision or believe it to be harsh or unreasonable. Under

---

[2] The instruction at issue in *Price* was "Title VII does not shield against harsh treatment in the workplace. Nor does the statute require the employer to have good cause for its decisions. Title VII is not a vehicle for second-guessing business decisions. The employer may take adverse action against an employee for a good reason, a bad reason, a reason based on erroneous facts, or no reason at all, so long as its action is not for a discriminatory reason." *Id.*

the law, employers are entitled to make employment decisions for a good reason, for a bad reason, or for no reason at all, so long as the decision is not motivated by unlawful discrimination. You are further instructed that Dr. Nikolova's mere disagreement with the tenure decision is not evidence of discrimination. But if you find UT Austin's tenure decision was motivated by unlawful discrimination, you should find in favor of Plaintiff Nikolova.

At a minimum Plaintiff urges the Court to not include **"*You should not second-guess UT Austin's decision.*"**.

Plaintiff has also proposed other changes to the proposed jury charge, and is submitting a red line version both through the electronic filing system and by email to the Court deputy.

Plaintiff respectfully moves to modify the proposed jury charge and objects as set forth herein.

        Respectfully submitted,

        CREWS LAW FIRM, P.C.
        701 Brazos, Suite 900
        Austin, Texas 78701
        (512) 346-7077
        (512) 342-0007 (Fax)
        schmidt@crewsfirm.com


        By: /s/ Robert W. Schmidt
        Robert W. Schmidt
        State Bar No. 17775429
        Joe K. Crews
        State Bar No. 05072500

        /s/ Robert Notzon
        Robert Notzon
        The Law Office of Robert Notzon
        Texas Bar No. 00797934
        1502 West Avenue
        Austin, Texas 78701
        (512) 474-7563
        (512) 852-4788 facsimile

        **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify that on March 10, 2022, this document was served pursuant to Federal Rules of Civil Procedure on counsel for Defendant through the Court's electronic filing system at the following address:

Benjamin L. Dower
Assistant Attorney General
Amy S. Hilton
Assistant Attorney General
Office of the Attorney General of Texas
General Litigation Division
P.O. Box 12548
Capitol Station,
Austin, Texas 78711-2548
Fax (512) 320-0667
benjamin.dower@oag.texas.gov
amy.hilton@oag.texas.gov

                                                                         By:  /s/  Robert W. Schmidt