IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EVDOKIA NIKOLOVA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:19-CV-877-RP |
| UNIVERSITY OF TEXAS AT AUSTIN, | § § § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant University of Texas at Austin's ("UT") Motion to Reconsider the Court's Order Partially Granting Plaintiff's Motion to Modify or Set Aside the Order Striking the Expert Testimony of Professor Peter Glick ("UT's Motion"), (Dkt. 79), and Plaintiff Evdokia Nikolova's ("Nikolova") Response, (Dkt. 80). The Court addressed UT's Motion on the record before trial and will now provide additional reasoning. As the Court indicated at that time, it entered its previous Order Granting in Part and Denying in Part Plaintiff's Motion to Modify or Set Aside the Order Striking the Expert Testimony of Professor Peter Glick, (Dkt. 76), on an expedited basis to allow the parties time to prepare for trial. The Court ruled on Thursday, March 3, 2022, with trial scheduled to start the next Monday. (*See* Order, Dkt. 76; Scheduling Order, Dkt. 43). Having considered the briefing of the parties, and for the reasons below, the Court will deny UT's Motion.

A district judge may reconsider any pretrial matter determined by a magistrate judge where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). District courts apply a "clearly erroneous" standard when reviewing a magistrate judge's ruling under the referral authority of that statute. *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). The clearly erroneous or contrary to law standard of review is "highly deferential" and requires the court to affirm the decision of the magistrate judge unless, "although there is evidence

1

to support it," the court has "a definite and firm conviction that a mistake has been committed." *Martin v. Frail,* No. SA-09-CA-695-H, 2012 WL 12950505, at *2 (W.D. Tex. July 26, 2012) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). The clearly erroneous standard "does not entitle the court to reverse or reconsider the order simply because it would or could decide the matter differently." *Id.* (citing *Guzman v. Hacienda Records & Recording Studio, Inc.*, 808 F.3d 1031, 1036 (5th Cir. 2015)).

It is uncontested that Professor Peter Glick's ("Glick") testimony relates to "bias and discrimination includ[ing] unconscious or implicit bias, as well as unintentional discrimination." (Mag. Order, Dkt. 64, at 2). UT claims that, because Nikolova must establish intentional discrimination rather than stereotyping and unconscious bias to prevail on her claims, Glick's testimony is both irrelevant and prejudicial. (UT's Motion, Dkt. 79, at 6). As the Magistrate Judge's Order correctly notes, the "burden is on Plaintiff to prove that she was discriminated against because of her sex, not just that gender stereotyping or bias exists throughout society." (Mag. Order, Dkt. 64, at 15). However, the ultimate question of law does not end the Court's inquiry. As Nikolova notes, testimony in the nature of Glick's serves "to educate the jury relating to how stereotypes lead decisionmakers to selective and skewed consideration of evidence as part of confirmation bias, and how subjective conclusions and 'moving the goalposts' with respect to the review of tenure criteria can be conditions in which discrimination can occur." (Resp., Dkt. 53, at 16).

Although unconscious bias is insufficient alone to sustain a claim of discrimination or retaliation, such context is highly relevant to this case. Even if it cannot be the sole basis for a finding of discrimination by UT, testimony about this type of bias is relevant to the student reviews, peer evaluations, letters, and other items that make up Nikolova's tenure application dossier, and therefore informed and provided a basis for UT's tenure decision. Indeed, in a case such as this

2

where one party is an entity made up of many individual actors who are, in turn, informed by even more individual actors, the operation of background biases may have a profound effect. It is precisely in such circumstances that social framework theory is a valuable tool to assist the jury in understanding how unconscious biases may be present in the intentional decisions that actors make. As such, the Court finds clearly erroneous the conclusion of the Magistrate Judge's Order that "Glick's opinions . . . have no relevance to the ultimate issue of whether Defendant intentionally discriminated against Nikolova because of her sex or pregnancy status" and that "[s]uch opinions will only lead to prejudice and jury confusion." (Mag. Order, Dkt. 64, at 17).

UT also takes issue with the Court's reliance on UT's own acknowledgment of the validity of studies of this type. (UT's Motion, Dkt. 79, at 8). UT erroneously claims that this argument was not before the Magistrate Judge when she rendered her opinion. However, Nikolova first raised UT's use and awareness of this research in her Response to UT's Motion to Exclude Glick's testimony before the Magistrate Judge. (Resp., Dkt. 53, at 5). There, she noted that "UT's Associate Dean of Diversity for the School of Engineering, Christine Julien, . . . was aware of and has read studies relating to discrimination against women in STEM and found them to be credible, reliable information that she uses as a part of her job" and that Julien acknowledged "credible, reliable research shows that female professors, particularly in STEM fields, tend to receive statistically lower student teaching evaluation scores when controlling for all other factors." (*Id.*). Similarly, "UT's Dean of the School of Engineering and a decision-maker in this case, Sharon Wood, was also aware of research relating to discrimination against women in STEM, [and] was familiar with at least some of the studies and reports." (*Id.*).

The Court remains convinced that UT leadership's reliance on studies of the type which Glick provides demonstrates the reliability and relevance of this research here. Even if UT did not rely on these studies in making its tenure decision for Nikolova, these studies made up the

3

background against which UTs decisions, at every level, were made. No party here argues that Glick's testimony or UT's use of similar studies alone is sufficient to sustain Nikolova's burden. However, this testimony provides important context to aid the jury in its determination. The Court thus finds clear error in the Magistrate Judge's decision not to credit the evidence of UT's use of studies of this kind.

Accordingly, **IT IS ORDERED** that UT's Motion to Reconsider the Court's Order Partially Granting Plaintiff's Motion to Modify or Set Aside the Order Striking the Expert Testimony of Professor Peter Glick, (Dkt. 79), is **DENIED**.

**SIGNED** on March 11, 2022.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE