IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

Filed___3·11·22___

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY:_____
DEPUTY

| | | |
|---|---|---|
| EVDOKIA NIKOLOVA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:19-CV-877-RP |
| | § | |
| UNIVERSITY OF TEXAS AT AUSTIN, | § | |
| Defendant. | § | |

## JURY CHARGE

**MEMBERS OF THE JURY**:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

### I. INSTRUCTIONS FOR THE JURY

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in

light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

Do not let bias, prejudice or sympathy play any part in your deliberations. All persons are equal before the law and must be treated as equals in a court of justice. An entity such as UT Austin can only function through its employees.  Actions taken by supervisory employees as part of their employment are considered to be the actions of UT Austin.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

## INSTRUCTION NO. 1

## BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE

Plaintiff Evdokia Nikolova has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Dr. Nikolova has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

## INSTRUCTION NO. 2

## EVIDENCE

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as

2

testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

You are not to decide this case by counting the number of exhibits on the opposing sides. Exhibits are weighed; exhibits are not counted. The test is not the relative number of exhibits, but the relative convincing force of the evidence. A single exhibit is sufficient to prove any fact if after considering all of the other evidence you believe that exhibit.

Additionally, I remind you that anything you may have seen or heard during this trial other than testimony from witnesses and exhibits admitted into evidence should be disregarded.

## INSTRUCTION NO. 3

### WITNESSES

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the

relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial. A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

## INSTRUCTION NO. 4

### LAWSUIT

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

4

## II. CLAIM INSTRUCTIONS

## <u>INSTRUCTION NO. 5</u>

### SEX[1] DISCRIMINATION

Dr. Nikolova claims that UT Austin's denial of her tenure application was motivated by Dr. Nikolova's sex and that UT Austin discriminated against her on the basis of her sex by not awarding her tenure in February 2019.

UT Austin denies Dr. Nikolova's claims and contends that it decided to deny her application for tenure because she did not meet the qualifications for tenure and that sex played no role in the decision.

It is unlawful for an employer to discriminate against an employee with regards to employment decisions because of the employee's sex.

To prove unlawful sex discrimination, Dr. Nikolova must prove by a preponderance of the evidence that:

    a.   UT Austin denied Dr. Nikolova's application for tenure; and

    b.   UT Austin would not have denied Dr. Nikolova's application for tenure in the absence of—in other words, but for—her sex.

Dr. Nikolova does not have to prove that unlawful discrimination was the only reason UT Austin denied her application for tenure. But Dr. Nikolova must prove that UT Austin's decision to deny her application would not have occurred in the absence of such discrimination.

In this case, the final decisionmaker in the denial of tenure to Dr. Nikolova was former UT Austin President Greg Fenves. Dr. Nikolova may show that Dr. Fenves's decision to deny tenure was motivated by discriminatory bias because of her sex. Dr. Nikolova may also show that even if

---

[1] In this case, you may consider the terms "gender" and "sex" to be interchangeable or have the same meaning.

there is no evidence of discriminatory bias on the part of Dr. Fenves, there is evidence that Dr. Fenves took into account biased negative information provided by Dean Sharon Wood, in deciding to deny tenure to Dr. Nikolova. Dr. Nikolova is not required to prove that Dr. Fenves knew or should have known of Dean Wood's discriminatory bias. If you determine there was no bias on the part of Dr. Fenves, Dr. Nikolova must prove that Dean Wood recommended against tenure because of discrimination against Dr. Nikolova, and that her recommendation played a substantial part in Dr. Fenves's decision denying tenure to Dr. Nikolova and was a reasonably probable consequence of Dean Wood's recommendation to deny tenure to Dr. Nikolova. If you do not believe the reasons given by Dr. Fenves for the decision to deny tenure to Dr. Nikolova or the reasons given by Dean Wood for her recommendation to deny tenure, you may, but are not required to, infer that the decision or recommendation was motivated by Dr. Nikolova's sex.

You may not return a verdict for Plaintiff Nikolova just because you might disagree with UT Austin's tenure decision or believe it to be harsh or unreasonable. Under the law, employers are entitled to make employment decisions for a good reason, for a bad reason, or for no reason at all, so long as the decision is not motivated by unlawful discrimination. You are further instructed that Dr. Nikolova's mere disagreement with the tenure decision or her subjective belief that she was subjected to sex discrimination alone is not evidence of discrimination.

## INSTRUCTION NO. 6

### PREGNANCY DISCRIMINATION

Dr. Nikolova claims that UT Austin's denial of her tenure application was motivated by Dr. Nikolova's pregnancies and that UT Austin discriminated against her on the basis of her pregnancies by not awarding her tenure in February 2019.

UT Austin denies Dr. Nikolova's claims and contends that it decided to deny her application because she did not meet the qualifications for tenure and that pregnancy played no role in the decision.

It is unlawful for an employer to discriminate against an employee with regards to employment decisions because of the employee's pregnancy.

To prove unlawful pregnancy discrimination, Dr. Nikolova must prove by a preponderance of the evidence that:

    a.   UT Austin denied Dr. Nikolova's application for tenure; and

    b.   UT Austin would not have denied Dr. Nikolova's application for tenure in the absence of—in other words, but for—her pregnancy.

Dr. Nikolova does not have to prove that unlawful discrimination was the only reason UT Austin denied her application for tenure. But Dr. Nikolova must prove that UT Austin's decision to deny her application for tenure would not have occurred in the absence of such discrimination.

In this case, the final decisionmaker in the denial of tenure to Dr. Nikolova was former UT Austin President Greg Fenves. Dr. Nikolova may show that Dr. Fenves's decision to deny tenure was motivated by discriminatory bias because of her pregnancies. Dr. Nikolova may also show that even if there is no evidence of discriminatory bias on the part of Dr. Fenves, there is evidence that Dr. Fenves took into account biased negative information provided by Dean Wood, in deciding to deny tenure to Dr. Nikolova. Dr. Nikolova is not required to prove that Dr. Fenves knew or should have known of Dean Wood's discriminatory bias. If you determine there was no bias on the part of Dr. Fenves, Dr. Nikolova must prove that Dean Wood recommended against tenure because of discrimination against Dr. Nikolova, and that her recommendation played a substantial part in Dr. Fenves's decision denying tenure to Dr. Nikolova and was a reasonably probable consequence of Dean Wood's recommendation to deny tenure to Dr. Nikolova.

If you do not believe the reasons given by Dr. Fenves for the decision to deny tenure to Dr. Nikolova or the reasons given by Dean Wood for her recommendation to deny tenure, you may, but are not required to, infer that the decision or recommendation was motivated by Dr. Nikolova's pregnancies.

You may not return a verdict for Dr. Nikolova just because you might disagree with UT Austin's tenure decision or believe it to be harsh or unreasonable. Under the law, employers are entitled to make employment decisions for a good reason, for a bad reason, or for no reason at all, so long as the decision is not motivated by unlawful discrimination. You are further instructed that Dr. Nikolova's mere disagreement with the tenure decision or her subjective belief that she was subjected to pregnancy discrimination alone is not evidence of discrimination.

### III. DAMAGES

### INSTRUCTION NO. 7

### DAMAGES GENERALLY

I am now going to instruct you on damages. If you find that UT Austin discriminated against Dr. Nikolova, then you must determine whether UT Austin has caused Dr. Nikolova damages and, if so, you must determine the amount of those damages. You should not interpret the fact that I have given instructions about Dr. Nikolova's damages as an indication in any way that I believe that she should, or should not, win this case. It is your task first to decide whether UT Austin is liable.

Dr. Nikolova must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Dr. Nikolova need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

## INSTRUCTION NO. 8

## DAMAGES FOR SEX AND PREGNANCY DISCRIMINATION

You should consider the following elements of actual damages, and no others: (1) the amount of back pay and benefits Dr. Nikolova would have earned in her employment with UT Austin if she had not been denied tenure from the date of September 1, 2019 to the date of your verdict, minus the amount of earnings and benefits that Dr. Nikolova received from employment during that time; and (2) compensatory damages, or the amount of other damages sustained by Dr. Nikolova such as pain, suffering, mental anguish, anxiety, stress, loss of enjoyment of life, humiliation, damage to reputation, and other noneconomic losses.

Back pay includes the amounts the evidence shows Dr. Nikolova would have earned had she been granted tenure. These amounts include wages or salary and benefits including life and health insurance and contributions to retirement. You must subtract the amounts of earnings and benefits UT Austin proves by a preponderance of the evidence Dr. Nikolova received during the period in question.

To recover compensatory damages for mental and emotional distress, Dr. Nikolova must prove that she has suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are not the types of harm that could support a mental-anguish award. Evidence of mental anguish need not be supported by doctors, psychologists, or other witnesses. Dr. Nikolova must support her claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

There is no exact standard for determining compensatory damages. You are to determine an amount that will fairly compensate Dr. Nikolova for any injury she has sustained. Do not include as compensatory damages back pay, front pay, or interest on back pay or benefits.

## IV. DUTY TO DELIBERATE

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

**SIGNED** this _____ day of _____, 2022.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE