IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EVDOKIA NIKOLOVA, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.: 1:19-CV-00877 |
| | § | |
| UNIVERSITY OF TEXAS AT AUSTIN, | § | |
| *Defendant.* | § | |

### DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR JUDGMENT

TO THE HONORABLE JUDGE ROBERT PITMAN:

Defendant The University of Texas at Austin ("Defendant") respectfully requests an extension to its deadline to respond to Plaintiff's Motion for Judgment, which is presently set for May 12, 2022. This motion is unopposed. In further support, Defendant would respectfully show the Court as follows:

### STANDARD OF REVIEW

"When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion if . . . a request is made before[] the original time or its extension expires."[1] The good cause standard requires "the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[2] "Rule 6(b)(1)(A) gives the court wide discretion to grant a request for additional time that is made prior to the expiration of the period originally prescribed or prior to the expiration of the period as

---

[1] FED. R. CIV. P. 6(b)(1); *see also* FED. R. CIV. P. 16(b)(4) (applying the same good cause standard for modifications to a schedule).
[2] *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

1

extended by a previous order."[3] "[A]n application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party."[4]

## BACKGROUND

On March 11, 2022, the jury returned a verdict for Plaintiff Dr. Evdokia Nikolova, awarding compensatory damages and back pay.[5] On March 22, 2022, at the request of Plaintiff's Counsel (but without opposition from Defendant), the Court held a phone conference to discuss the timeline and possible briefing schedule for the remaining issues in the case, in particular front pay and attorney's fees.[6] Thirty-seven days later, on April 28, 2022, Plaintiff filed her Motion for Judgment.[7] Plaintiff's motion includes briefing on the compensatory and backpay damages awarded by the jury, but also asks this Court to enter a front pay award of $4,901,286.[8] "[F]ront pay is a form of equitable relief for the district court to determine," which "is intended to compensate the plaintiff for lost future wages and benefits . . . if reinstatement is not feasible where a hostile relationship exists between the employer and the plaintiff."[9] "Front pay . . . is governed by the district court's discretion and is not always appropriate."[10] Here, Plaintiff admits that a sum of almost five million dollars is a "large" amount, but contends that "it accurately reflects the real damage caused by" Defendant's actions.[11] Defendant strongly disagrees with both this contention

---

[3] Charles Alan Wright & Arthur R. Miller, 4B Fed. Prac. & Proc. Civ. § 1165 (4th ed. April 2017).
[4] *Id.*
[5] Dkt. #95.
[6] *See* Dkt. #98.
[7] Dkt. #99.
[8] *See generally id.*; *id.* at 15.
[9] *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 526 (5th Cir. 2001) (internal quotations and footnotes omitted).
[10] *Floca v. Homcare Health Servs., Inc.*, 845 F.2d 108, 112 (5th Cir. 1988).
[11] Dkt. #99 at 15.

and the amount specifically requested, and in this motion respectfully asks the Court for additional time to file its response in opposition.

### ARGUMENTS & AUTHORITIES

Defendant respectfully asks for additional time to provide the Court with thorough briefing to address the legal arguments raised in Plaintiff's Motion for Judgment. The legal issues are complicated, drawing from a record of a week-long jury trial, and involve weighty equitable considerations such as whether awarding front pay would "help meet the goals of Title VII"—and, if so, in what sum.[12] Defendant's Counsel has numerous personal and professional obligations this month. In the professional category, Defendant's Counsel have numerous other case-related and (for Defendant' lead counsel) managerial obligations, including but not limited to the following:

| DATE | DESCRIPTION | CASE STYLE |
|---|---|---|
| May 6, 2022 | Motion to Dismiss due. | *Haymond v. Univ. of Texas Medical Branch-CMC*; No. 4:22-cv-73; pending in the United State District Court, Southern District of Texas |
| May 13, 2022 | Hearing on Defendant's Motion to Exclude Plaintiff's Expert. | *Leykum v. University of Texas Health Science Center at San Antonio*, No. 5:20-cv-00478, pending in the United States District Court for the Western District of Texas |
| May 18, 2022 | Reply in Support of Motion for Summary Judgment due. | *State of Texas, et al. v. Biden, et al.*, No. 5:21-cv-300, pending in the United States District Court for the Northern District of Texas |
| May 20, 2022 | Motion for Summary Judgment due. | *Leykum v. University of Texas Health Science Center at San Antonio*, No. 5:20-cv-00478, pending in the United States District Court for the Western District of Texas |
| May 20, 2022 | Response to Defendant's Motion to Dismiss / Motion for Summary Judgment due. | *State of Texas, et al. v. Biden, et al.*, No. 6:22-cv-00004, pending in the United States District Court for the Southern District of Texas |

---

[12] *Floca*, 845 F.2d at 112.

In addition to the foregoing professional responsibilities, Defendant's lead counsel is also getting married on May 28, 2022. For this reason, Defendant's lead counsel will have limited availability during the second half of May, as he will be focused on his upcoming nuptials, which include two marriage ceremonies. Plaintiff had over six weeks from the date of the jury verdict to file its motion for entry of judgment. Defendant respectfully asks for an equivalent amount of time to prepare its response in opposition.

## PRAYER

Defendant respectfully submits that the circumstances described in this motion constitute good cause. As such, Defendant respectfully asks the Court to extend the deadline for its response to Plaintiff's Motion for Judgment to Monday, June 13, 2022. Plaintiff's Counsel is unopposed to this request.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**CHRISTOPHER D. HILTON**
Chief for General Litigation Division

*/s/ Benjamin L. Dower*
**BENJAMIN L. DOWER**
Deputy Chief for the General Litigation Division
Texas State Bar No. 24082931
benjamin.dower@oag.texas.gov
Attorney-in-Charge

AMY S. HILTON
Assistant Attorney General
Texas State Bar No. 24097834
amy.hilton@oag.texas.gov

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667

**COUNSEL FOR UT AUSTIN**

### CERTIFICATE OF CONFERENCE

I hereby certify that on Wednesday, May 4, 2022, I sent an email to Counsel for Plaintiff Evdokia Nikolova requesting their opposition status to this motion. Plaintiff's Counsel indicated that they are unopposed to this motion.

*/s/ Benjamin L. Dower*
**BENJAMIN L. DOWER**
Deputy Chief for the General Litigation Division
Assistant Attorney General

### CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2022, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ Benjamin L. Dower*
**BENJAMIN L. DOWER**
Deputy Chief for the General Litigation Division
Assistant Attorney General
