# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **EVDOKIA NIKOLOVA** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CASE NO. 1:19-cv-00877-RP** |
| **UNIVERSITY OF TEXAS AT AUSTIN** | § | |
| **Defendant.** | § | |

## DECLARATION UNDER PENALTY OF PERJURY OF
## ROBERT W. SCHMIDT

I, Robert W. Schmidt, declares under penalty of perjury and state as follows:

1.      My name is Robert W. Schmidt. I am over the age of eighteen (18) years, of sound mind, and fully capable of making this Declaration. I am fully competent to testify to the matters stated in this Declaration, of which I have personal knowledge.

### Professional Background

2.      I have been an attorney practicing in Texas for approximately 32 years, focusing the overwhelming majority of my legal work on representing employees in employment law matters. I received undergraduate degrees from Oklahoma City University, Magna Cum Luade, and the University of Texas at Austin, With Highest Honors. I graduated from the University of Texas School of Law in 1989 from and was admitted to the State Bar of Texas in 1989.  I began working in commercial litigation, including management-side labor and employment law, at the law firm of Locke Purnell Rain Harrell in Dallas, which has since changed its name to Locke Lord. I worked for at Locke Purnell for approximately three years and then worked for the State of Texas (Texas Legislative Counsel, Office of Attorney General and Texas Ethics Commission) for approximately nine years. I returned to private practice in Austin in approximately 2002, where I have focused my practice on representing employees in

employment law and litigation matters.  I have represented and counseled more than a thousand clients in employment law matters over that period, including individual consultations and analysis of cases, filing charges of discrimination, prelitigation negotiations with employers, and employment litigation. I worked for approximately 3.5 years with the law firm of Howard and Kobelan, nearly 15 years with the Crews Law Firm, and I recently began my own law firm, the Robert W. Schmidt Law Firm.

3.   I actively participate in employment law bar activities. I was voted by the Austin Bar Association's Labor and Employment Law Section members to be an officer for three years and to serve as the section's Chair in 2015-16. As part of my duties as an officer and Chair of the Austin Bar Association Labor and Employment Law Section, I planned, coordinated and assisted in putting on numerous continuing legal education ("CLE") programs in employment law, including working with and selecting speakers and topics of importance to the employment law bar. I have been a member of the State Bar of Texas' Labor and Employment Law section for many years and spoke on employment law at the State Bar's Annual Convention in 2017.

4.   I am also actively involved in private professional lawyers' associations dedicated to representing employees in employment law matters. The National Employment Lawyers Association ("NELA") is a national association of more than 2000 attorneys who focus on representing employees in employment law and to advancing equality and justice in the American workforce. I was recently selected by NELA in 2022 to join NELA's Board of Directors as a Board Member. The Texas Employment Lawyers Association (TELA) is an affiliate of NELA and is made up of approximately more than 150 attorneys in Texas who represent workers and employees. I have been a member of TELA since 2005 and was selected by TELA to serve as a Board Member from approximately 2012-2019. I have actively worked to plan and coordinate CLEs for our membership on employment law. I also served on TELA's Legislative Committee

and appeared before committees of the Texas Legislature and provided testimony on employment

legislation. I continue to be active in TELA and still serve on the Legislative Committee.

5.    I have spoken and written papers and articles on employment law, including at

numerous CLEs as well presentations as for non-lawyer groups with an interest in employment law

matters. Some of my speaking and written papers/articles include:

- **Houston Bar Association,** Labor & Employment Law Section, "Two Years After Bostock: What Has Changed for LGBTQ+ Plaintiffs in Employment Cases," June 2022
- **Dallas/Fort Worth Employment Lawyers' Association**, "Roundtable Discussion on Damages in Employment Law Cases," June 2022
- **University of Texas Annual Labor & Employment Law Conference**, "2022 Update on Selected Topics in Texas Public Sector Employment Law," May 2022
- **Disability Rights Texas**, "Workplace Discrimination – Deconstructing a Highly Successful Jury Trial Verdict," April 2022
- **Austin Bar Association**, Labor & Employment Law Section, "Sex and Religion: What Every Employment Lawyer Needs to Know About The Recent Landmark SCOTUS Decisions," August 2020
- **State Bar of Texas**, Webcast CLE, "LGBT Employees in the Workplace: What You Need to Know Now About the Landmark 2020 SCOTUS Decisions," July 2020
- **State Bar of Texas**, LGBT Law Section Seminar, "LGBTQ Legal Issues in Changing Times: What Every Texas Practitioner Needs to Know ," December 2019
- **Texas Employment Lawyers' Association**, "Employee Preservation of Evidence," April 2019
- **Austin Bar Association**, Labor & Employment Section, "Sexual Harassment and LGBT Protections in the #MeToo Era," April 2019
- **Texas Employment Lawyers' Association**, "Sexual Harassment in the #MeToo Era," April 2019
- **Austin Bar Association**, Labor & Employment Section, "Proving Up Damages In Employment Law Cases," February 2018
- **State Bar of Texas**, Annual Convention, Labor & Employment Section, "Secrets Revealed: An Employment Lawyer Discusses Case Selection and Why He's Suing Your Client," June 2017
- **Texas Bar Journal**, "Termination Motivation–Proving Discrimination and Retaliation in Employment Law Cases," March 2017
- **State Bar Of Texas**, Advanced Government Law Seminar, "Here's What You Did And Here's Why I'm Going To Sue You," July 2016
- **Austin Bar Association**, Labor & Employment Section, "Electronic Discovery and Privacy Issues," March 2016
- **Austin Bar Association**, Labor & Employment Section, "Pitfalls in Settlements,", February 2015
- **Austin Bar Association**, LGBT Section, "A Look at Local, State and Federal Employment Non-Discrimination Laws" October 2014

- **Austin Capital Area Plaintiffs' Employment Lawyers Association**, "What's It Worth?" October 2013
- **Job Seekers Network**, Hill Country Bible Church, Austin, "Employment Law In 'The Real World'" August 2013
- **Texas Employment Lawyers' Association**, Statewide CLE, "Litigation Practicum: Using Psychodrama in Litigation," April 2013
- **Central Texas Compensation and Benefits Association**, "Are We Going To Be Sued?  A Plaintiff Employment Lawyer Tells All!," January 2013
- **Austin Bar Association**, LGBT Rights Section, "LGBT Employment Law Issues," June 2012
- **Austin Bar Association**, Labor & Employment Section, "Electronic Discovery Issues in Employment Litigation," February 2012
- **Texas Employment Lawyers' Association**, "Strategies for Defeating Non-Compete Agreements," October 2011
- **University of Texas School of Law**, Labor and Employment Law Conference, "An Eye for an Eye: How to Prepare and Try a Retaliation Case," May 2011
- **Lorman Education Services**, Employment Law From A to Z, "At-Will Employment: The Rules and the Exceptions, Employment Discrimination and Retaliation, Can't We All Just Get Along?", April 2011
- **University of Texas School of Law,** "OUTLaw LGBT Advocacy Conference," Employment Discrimination Affecting LGTB Employees," April 2011
- **Austin Bar Association**, Labor and Employment Section, "Discovery Issues in Employment Litigation," January 2011
- **Austin Human Resources Management Association**, "Squaring Off In the Ring, Plaintiff vs. Defense" August 2010

6.   I have received peer recognition for my practice of employment law.  I was selected as a "Super Lawyer" in the field of plaintiff's employment law from 2014 to the present by in the Texas Super Lawyers edition of Texas Monthly Magazine (Thompson Reuters) and one of the Top 50 lawyers (across all categories) in Central and West Texas in 2017 and 2018. My understanding is that this selection is based off of an evaluation of 12 indicators including peer recognition and professional achievement in legal practice. (I have never asked anyone to vote for me or "campaigned" for inclusion.)   I also have been rated by the Martindale-Hubbell Peer Review Ratings as "AV-Preeminent."

7.   The following is an abbreviated list of my litigation experience, in reverse chronological order:

- *Nikolova v. UT Austin,* No. 1-19-cv-877-RP (Austin Division of the Western District
of Texas – **the instant case**): I served as plaintiff's lead counsel in the litigation leading up to
and including a five-day jury trial in March 2022 concerning claims of gender and pregnancy
discrimination. The jury awarded damages of $3,050,000.00.  The jury verdict has been remitted
to the statutory cap of $300,000.00 for past and future compensatory damages, $50,000.00 in
back pay damages.  The parties are presently in the process of presenting the Court with
application and briefing on front pay damages and attorneys' fees and costs.

- *Jones v. Tubal Cain Hydraulic Solutions Inc. et al,* 4:16-CV-1282 (Houston
Division of the Southern District of Texas, Judge Andrew Hanen).  I represented an African-
American worker at an oil field supply company who was repeatedly called the "n-word" by
coworkers and shown drawings representing himself being hung and lynched. This race
discrimination and retaliation case was legally complicated for multiple reasons including that it
presented the "joint employer doctrine" because the employing entity declared bankruptcy
while the suit was pending and thus involved scrutiny of the involvement of the parent and
related corporate entities.  It also involved complicated issues relating to respondeat superior
and liability based on the failure to act by the plaintiff's supervisors. I served as plaintiff's lead
counsel in the litigation, including defeating motions to dismiss, filing plaintiff's motion to
compel and dealing with multiple discovery disputes, taking numerous depositions, defeating
defendant's motion for summary judgment and filing an MSJ on behalf of the plaintiff, and
ultimately culminating in an approximately five-day bench trial in late 2019 in front of Federal
District Court Judge Andrew Hanen, who ultimately ruled on behalf of the defendants.[1]

---

1.   [1] I have included cases that were lost because they reflect significant trial and litigation
experience. I believe that taking a case to trial, even when the result is a loss, enhances my legal
skill.

- *Chavez v. Hearne Independent School District,* 6:17-cv-148, (Waco Division of the Western District of Texas, Judge Alan Albright): I represented a woman who had worked for approximately 40 years for a school district as a teacher's aide, school secretary and administrative assistant but who was fired four months after she filed a charge of discrimination. I served as plaintiff's lead counsel in the litigation, including defeating motions to dismiss, filing plaintiff's motion to compel and dealing with multiple discovery disputes, taking numerous depositions, defeating defendant's motion for summary judgment and filing an MSJ on behalf of the plaintiff, and ultimately culminating in an approximately four-day jury trial in early 2019 in front of Federal District Court Judge Alan Albright. The jury ultimately came back with a verdict for the defendant.

- *Richard Huggins v. Capital Excavation Company,* D-1-GN-14-003073, (Travis County State District Court, then transferred to arbitration with Susan Burton, arbitrator): I represented a mechanic/maintenance employee who worked for approximately 26 years for defendant. Plaintiff had several disabilities including diabetes and Tourette Syndrome (causing involuntary blinking and body movement) and was terminated approximately three months after filing a charge of discrimination. The case was referred to mandatory arbitration where I served as the sole attorney. The arbitration included discovery disputes, responding to and defeating defendant's motion for summary judgment, and ultimately a 5 day hearing/trial presenting fact and expert witnesses and resulted in an award on behalf of the plaintiff of approximately $159,000 in back and front pay.

- *Emilio Del Bosque v. Starr County, Texas et al,* 14-cv-00017, *Victor Cano et al v. Starr County, Texas et al,* 7:13-cv-576, (McAllen Division, Southern District of Texas, Judge Micaela Alvarez): I represented three county road crew manual laborers who were terminated by a Starr County Commissioner within months after reporting to the District Attorney that the

Commissioner had illegally used county workers and property for personal use. I was lead counsel and taking multiple depositions and conducting extensive document discovery. The case was dismissed on summary judgment and we appealed to the Fifth Circuit. After briefing and oral argument, the Fifth Circuit reversed the summary judgment, *Bosque v. Starr Cty.*, 630 F. App'x 300 (5th Cir. 2015) (per curium) and remanded to district court where the parties settled the claims.

- *John Doe, Adam Doe, Brian Doe and Cole Doe v. Martin Turner et. al.*, D-1-GN-11-000433, (Travis County State District Court). I along with two other attorneys represented four brothers who were sexually assaulted by their Boy Scout troop leader. (The troop leader pled guilty to criminal sexual assault charges and was incarcerated.) The civil litigation involved significant pretrial discovery, including numerous depositions, retaining of expert witnesses, and responding to and defeating defendant's motion for summary judgment involving complicated legal issues regarding the liability of the Boy Scouts of America, a nonprofit organization, for the acts of one of its troop leaders, including issues of failure to train and take appropriate actions to prevent such sexual abuse. The jury ultimately returned a verdict in for plaintiffs of $1.35 million, which was reduced substantially due to the jury's finding of contributory negligence of the boys' parents.

- *Michael Collier v. Texas Tech University*, 2008-545,781 (Lubbock County State District Court) I represented a Deaf tenure track professor of American Sign Language who was terminated after his first tenure track year at Texas Tech. I was responsible for all pretrial litigation matters, including taking numerous depositions, reviewed thousands of pages of documents obtained in discovery, and defeated defendant's motion for summary judgment. I was joined in trial by three additional attorneys and the Lubbock jury ultimately returned a verdict against Texas Tech in favor of the plaintiff for $547,641.00. The parties ultimately

settled the matter.

- *Shelton Charles v. Texas Lottery Commission, et al.*, 1:06-cv-00158-LY, (Austin Division, Western District of Texas, Judge Lee Yeakel). I represented a state Lottery Commission employee who was terminated shortly after reporting violations of law and misuse of government funds. Defendants' appealed the district court's denial of a motion for summary judgement on the basis of qualified immunity.  The Fifth Circuit ruled in favor of the plaintiff and remanded the case in *Charles v. Grief*, 522 F.3d 508 (5th Cir. 2008) (cited 213 times). After remand, the parties settled the matter.

### My Rate

8.     The hourly rate I am requesting in this case is $625. I exclusively handle cases involving the filing and trying of lawsuits on a contingency basis, in which I am paid by the defendant; either through attorney's fees awarded by the Court, the jury, or through a percentage of a settlement by agreement with my client. I have determined $625 as my reasonable hourly rate through my involvement and work in and knowledge of the Austin legal market, my involvement and work with other attorneys in professional employment lawyer organizations such as TELA and NELA, my review of the 2022 survey of hourly rates put forth by TELA (Ex. 2 to the Declaration of David Wiley) and the declarations of Butch Hayes and David Weiser (Exs. 6 and 7) with knowledge of the Austin legal market and the skill, experience and reputation used in determining those rates.

### Exhibits 3A and 3B and Timekeeping Practices

9.     Throughout the years I have worked on this case, I have made contemporaneous time records and linked my time records to contemporaneous documentation of my work to within a tenth of an hour identifying when the work began and ended. These contemporaneous timekeeping records are the basis for the time records attributed to my work within Exhibit 3 to

the motion for reasonable fees and costs, and I affirm they are a true and correct billing record of the time I spent on this case: the hours shown on Exhibit 3 and 3B as having been expended by me were actually expended by me on the topics stated and for the time stated. These time records have been checked against other "'contemporaneous records, briefs, or memoranda to ensure against recording errors,'" *Cobell v. Norton*, 407 F. Supp. 2d 140, 155 (D.D.C. 2005), and have been edited for clarity and completeness so as "to allow 'this Court to make an informed decision about the relevance and appropriateness of the entry.'" *Id.* To the extent the hours have not been reduced in the exercise of billing judgment, these hours were reasonable for the work of representing our client in this matter.

10.     Exhibits 3A and 3B also include the time entries of Robert E. McKnight. Mr. McKnight has a well-earned and deserved reputation for assisting the counsel of prevailing plaintiffs in preparing and submitting motions for reasonable attorney's fees and costs. I have not researched, drafted or presented nearly as many motions for attorneys' fees and costs as Mr. McKnight, and those motions were a good number of years ago. Thus, I do not have anywhere near as much experience, knowledge or skill regarding such motions for fees as Mr. McKnight. Therefore, both I and Robert Notzon asked Mr. McKnight to assist us in doing this work because it would have taken both of us much longer to perform on our own. I am aware from my own experience and the experience of other professional colleagues with whom I have consulted, that Mr. McKnight performs this work faster than I can, and so I asked him to assist me in this case. Mr. McKnight has provided his own testimony in support of the plaintiff's fee motion averring to the accuracy and reasonableness of the process in supporting and filing this fee motion.

## **Billing Judgment**

11.     The plaintiff alleged multiple causes of action in this case, which were eventually reduced both through motion practice and voluntarily to only two claims: gender

and pregnancy discrimination; both of which the plaintiff prevailed on as documented in the jury verdict in this case. (Doc. 95) Pursuant to the jury's verdict and prior to full briefing on front pay damages, the Court has entered final judgment (Doc. 106) for

- back pay of $50,000;

- compensatory damages (for past and future injuries) of $300,000 (reduced from $3,000,000 awarded from the jury because of statutory caps on such damages);

- pre-judgment interest in the amount of $8,170.05;

- post-judgment interest to be calculated pursuant to 28 U.S.C. §1961 on the date judgment is paid.

12.     In recognition of the dismissed/withdrawn claims – disparate impact discrimination, Equal Pay Act, and retaliation – we have voluntarily reduced or removed almost the entire amount of time from our records attributable to those dismissed/withdrawn claims.  Or put another way, work that was not attributable to producing, presenting, and arguing evidence before the jury in support of the gender and pregnancy discrimination claims has been removed from the time records as compensable time. To the extent I have not deducted other time that may have been spent over the life of the case on the dismissed/withdrawn claims, it is because that work was not discrete from, but was instead intertwined with, the work on the successful discrimination claims:

> In some cases a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories. In such a suit, even where the claims are brought against the same defendants— often an institution and its officers, as in this case—counsel's work on one claim will be unrelated to his work on another claim…. The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and

therefore no fee may be awarded for services on the unsuccessful claim.

… Many civil rights cases will present only a single claim. In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation …. [T]he fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

*Hensley v. Eckerhart*, 461 U.S. 424, 434–35 (1983) (footnote omitted).

13.     Here, the dismissed/withdrawn claims were "related legal theories" for explaining the adverse action that the jury found that the defendant had taken against the plaintiff. Although we have removed almost all time relating to the legal research, conferral regarding these claims and drafting pleadings, discovery or other documentation, to the extent certain, limited time remains that may relate to those claims, it would not be accurate or fair to remove that work that was performed and we have not removed.  For example, Dr. Shane Thompson was originally retained as an expert for purposes of reviewing the evidence and data produced by UT that showed trends relating to the tenure of female tenure-track professors and those tenure-track professors who had used child leave policies. This was initially intended to support Plaintiff's disparate impact claim, however, in spite of the decision to not pursue the disparate impact claim, the evidence reviewed by Dr. Thompson and his statistical analysis and expert opinions relating to gender bias trends in tenure at UT were admitted to the jury in support of the gender and pregnancy discrimination claims. For example, Dr. Thompson was able to determine and

testified to the jury that women were four times less likely to be tenured "early" at UT in the Cockrell School of Engineering than male professors. Dr. Thompson also testified that the statistical probability that Dr. Nikolova would receive tenure was 96 percent based on her record and the votes for her tenure when compared to others tenure candidates, that she was the only candidate in approximately 9 years to have received a unanimous vote from the College's Promotion and Tenure Committee to not have received tenure, and that her tenure denial was statistically unexplainable for non-discriminatory reasons.

14.     Further, the dismissed/withdrawn claims made no difference to the relief obtained.  That is, even if plaintiff had continued to pursue those claims and obtained jury verdicts in her favor, the plaintiff would not have been entitled to any more damages than she obtained in this case. Hence, the dismissal/withdrawal of those claims never affected the quantum of damages that the plaintiff claimed, nor was awarded.

15.     In addition to the reductions described herein, I have made other reductions in the exercise of billing judgment; these are documented in Exhibits 3A and 3B. These reductions include, but are not limited to, work performed of which I felt were not as efficiently performed as I am professionally willing to verify and seek; therefore, I have decided not to seek compensation for their time.

16.     I have no travel time expended, documented, or requested in this case.

17.     I personally billed almost no or extremely limited time for non-lawyer, administrative tasks. When I sometimes recorded that time, I reduced my time entries in Exhibit 3 in order to reduce or eliminate such time on non-lawyer tasks. At Crews Law Firm, we also had two persons who performed legal and administrative assistant tasks. I have included a record of those tasks and the time expended as an attachment to this declaration, but am not asking for compensation for that time as it is overwhelmingly for administrative, "secretarial"

or non-lawyer functions.

18.     This case was litigated and prepared by Mr. Notzon and me. Discovery was

substantial: the plaintiff took seven depositions, and the defendant took the plaintiff's

deposition and the depositions of three of the plaintiff's experts. Both parties were sufficiently

cooperative in discovery that neither filed a motion to compel against the other. Besides the

substantial number of depositions taken in this case and the larger number of experts than are

typical in employment discrimination cases, there were a very large number of documents

produced in this case by UT – over 37,000 pages, which is also much larger than is produced in

a typical single plaintiff employment discrimination case, there was no feature of the attorneys

from both sides that unnecessarily or unreasonably increased the amount of time/fees required

to try this case.

19.     Notwithstanding the parties' cooperative approach to discovery, the defendant

litigated this case vigorously, including filing a motion to dismiss, an extensive motion for

summary judgment and a late-filed motion to strike our expert, Dr. Glick, and our objection

to the Report and Recommendation to strike Dr. Glick, on which the plaintiff prevailed. The

Defendant also did not/would not engage in any meaningful settlement discussions in this

matter. Prior to filing the Charge of Discrimination, I approached then in-house counsel for

UT Austin, Jessica Sentz, who I had worked with on previous matters, and attempted to

engage UT Austin in discussions to resolve this matter amicably without litigation, even

prior to the negative tenure decision.  UT declined to engage in such discussions but instead,

doubled down on its decision to deny tenure to Dr. Nikolova. This included UT's initial

rejection of UT's own committee responsible for reviewing tenure decisions, CCAFR, that

issued findings after an investigation that identifying significant irregularities and

recommended that the decision be reconsidered. UT also rejected and never even responded

to Dr. Nikolova's own detailed Request for Reconsideration or "Final Arguments." (UT Austin only responded to Dr. Nikolova's Request for Reconsideration sent on or about March 25, 2019 after this case was tried to verdict, when it sent Dr. Nikolova a letter on or about July 15, 2022.)

      20.     After filing the charge of discrimination, I again approached UT's in-house counsel with the hopes of resolving this matter without litigation, but UT declined. My understanding based on conversations with UT's attorney as well as my experience working with other cases against governmental bodies as well as speaking with other attorneys was that it would be nearly impossible for UT to engage in any meaningful settlement discussions regarding the tenure denial in this matter. This is because settlements with state governmental entities are public under the Texas' Public Information Act. If UT paid money or reversed its decision to settle this this tenure denial case, it would arguably "open the floodgates" to future litigation whenever a professor was denied tenure. Additionally, any settlement after litigation this litigation was filed would have required UT to make one of two decisions. First a settlement would likely require UT Austin reverse the decision made by its president, provost, president's committee and dean, which had previously been affirmed and doubled down on at least twice. This included UT's initial rejection of the CCAFR's findings from its investigation that identifying significant irregularities and recommended that the decision be reconsidered, and Dr. Nikolova's own detailed request for reconsideration or "Final Arguments," which were ignored and never responded to until after this case was tried to verdict. The second possibility for a settlement would almost necessarily include the payment of money to Dr. Nikolova to compensate her for the denial of tenure/adverse employment action. Dr. Nikolova remained an employee at UT Austin throughout this litigation and my experience over my many years of working as a plaintiff

side employment lawyer, including bringing claims against government employers and universities, is that an employer will almost never pay money to resolve a current employee's claims without that employee's resignation of employment, which was not a realistic possibility in this case without Dr. Nikolova obtaining tenure. During the litigation, neither party made settlement offers to the other or offered to engage in mediation. I raised this issue with opposing counsel after summary judgment was denied and the parties were preparing for trial. UT's attorneys did not respond regarding this issue.

### LOCAL RULE CV-54 Affirmation

21.     Pursuant LOC. R. CV-54, I affirm that all of the hours expended by me for which compensation is sought in this motion were actually expended on the tasks and topics as stated in the Exhibits 3A and 3B, that the hours expended as stated in those exhibits for compensation (i.e., net of any reductions or adjustments) were reasonable, and that the rates claimed were reasonable at the times when the work was performed.

### Costs

22.     The plaintiff incurred recoverable costs through me. These costs are itemized by category and totaled in Exhibit 4. I have reviewed these costs in Exhibit 4 and hereby certify that all of the costs for items and services reflected there were actually and necessarily expended. All of these costs are of the type that are normally charged to my clients.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 13, 2022.

Robert W. Schmidt

**Exhibit**

**LEGAL AND ADMINISTRATIVE ASSISTANT PROFESSIONAL SERVICES RENDERED:**

| Date | | Description | Hours |
|------|------|-------------|-------|
| 03/15/19 | DLT | Save and print documents sent by Client (.3) respond to client emails letting her know documents were printed (.1); draft initial client letter (.1). | |
| 03/18/19 | DLT | Save and print documents sent by Client & respond to client emails letting her know documents were printed (.1). | |
| 03/19/19 | DLT | Save documents & emails sent by Client (.2) | |
| 03/20/19 | DLT | Save document sent by Client & respond to Client email letting her know documents were saved (.1); Save emails sent by Client (.1). | |
| 03/21/19 | SGS | Review emails between Client, Client's husband and RWS and save documents to file (.2). | |
| 03/21/19 | DLT | Download and save Client's UT offer letter from Dropbox. (.1). | |
| 03/22/19 | DLT | Finalize & print initial client letter (.1); copy, scan, and prep for mail (.1). | |
| 04/02/19 | SGS | Save documents sent by Client via emails (.1) | |
| 04/03/19 | SGS | Review and respond to Client's email, updating calendar (.1). | |
| 04/04/19 | DLT | Save documents sent by Client via emails (.1). | |
| 04/05/19 | SGS | Review and respond to Client's husband's email and save documents sent by Client's husband via email (.1). | |
| 04/29/19 | SGS | Save CCARF subcommittee report and review same (.1). | |
| 04/30/19 | SGS | Review and respond to Client's husband's emails (.1). | |
| 05/10/19 | DLD | Fax COD to EEOC & package up for FedEx (.2). | |
| 05/15/19 | DLD | Email Client copy of COD that was filed on 05/10/19 (.1). | |
| 06/19/19 | DLD | Draft & finalize FOIA request for EEOC charge. (.1); Submit request via EEOC FOIA portal (.2). | |
| 06/20/19 | DLD | Update statute on calendar, info-doc, list database, index card (.2). | |
| 06/25/19 | DLD | Download, save & print EEOC FOIA records (.2). | |
| 09/09/19 | SGS | Research e-filing question about designating co-counsel (.2). | |

**CREWS LAW FIRM, P.C.**
**LEGAL AND ADMINISTRATIVE ASSISTANT SERVICES**

| Date | | Description | Hours |
|---|---|---|---|

09/10/19   SGS   Return call to Court Clerk's office regarding Certificate of Service for the Complaint filed yesterday (.2); Calculate and calendar service deadline (.1); Discuss procedural follow ups with RWS (.2); Forward initial Court emails to OC (.1).

09/11/19   SGS   Update file records with OC info, email OC for fax number (.1); Print and file initial emails from the Court (.1); Draft *Notice of A Lawsuit and Request to Waive Service of A Summons* (.2); Draft *Waiver of The Service of Summons* (.1); E-file, print, save to electronic file, and file request for waiver (.3); Draft letter to defendant, copy attachments and email to OC (.6); Update calendar with d/l to receive executed Waiver (.1); Review and respond to email from OC, print and save to electronic file the Waiver of the Service of Summons from defendant (.1); E-file, print, save to electronic file, and file the executed *Waiver of The Service of Summons*, provide copy to OC (.2); Calculate Answer d/l and update calendar (.2).

09/19/19   SGS   Print, save to electronic file, and file *Order* setting Telephonic Status Conference, update calendar, forward same to DLD with request that she make the conference call reservation (.2).

09/20/19   SGS   Email Court and all counsel with dial-in information for 9/25/19 Telephonic Status Conference (.2).

09/25/19   SGS   Review Court's email and text/email RWS regarding same, discuss with RWS potential calendar conflict (.2); Print, save to electronic file, and file *Order* re-setting Telephonic Status Conference, update calendar (.2).

10/08/19   SGS   Print, save to electronic file, and file Plaintiff's *Advisory to Court* waiving conflict (.1); Print, save to electronic file, and file *Defendant The University of Texas at Austin's Advisory* notifying it's unopposed to Judge Pitman, print and file Court's confirmation of minute entry (.1).

11/08/19   SGS   Print, save to electronic file, and file *Defendant The University of Texas at Austin's Original Answer and Defenses*, calculate deadline to submit Judge Pitman's proposed scheduling order, update calendar (.6).

01/07/20   SGS   Save draft proposed scheduling order to working copies (.1).

**CREWS LAW FIRM, P.C.**
**LEGAL AND ADMINISTRATIVE ASSISTANT SERVICES**

| Date | | Description | Hours |
|------|---|-------------|-------|
| 01/16/20 | SGS | Print, save to electronic file, and file *proposed scheduling order* (.1); Update calendar (.7). | |
| 01/28/20 | SGS | Draft Notice Concerning Reference to United States Magistrate Judge (.2). | |
| 02/03/20 | SGS | Print, save to electronic file, and file Plaintiff's *Notice Concerning Reference to United States Magistrate Judge* (.1); Print and file Court's email regarding Minute Entry for Pretrial Conference (.1); Print, save to electronic file, and file *Scheduling Order* (.1); Update calendar and trial list (.1); Print, save to electronic file, and file Defendant's *Notice Concerning Reference to United States Magistrate Judge* (.1). | |
| 03/26/20 | SGS | Print and save to electronic file *Emergency Order in Light of Covid-19 Pandemic* (.1). | |
| 03/30/20 | SGS | Download and save to electronic file Defendant's Initial Disclosures and production documents (.1); Respond to emails regarding same (.1). | |
| 04/20/20 | SGS | Print and save to electronic file *Amended Emergency Order in Light of Covid-19 Pandemic* (.1). | |
| 05/20/20 | DLD | Bates number documents to be produced; P000001 - P000146,P000147 - P000976, and P000977 - P001866, and send email to RWS confirming completion (.3). | |
| 06/10/20 | SGS | Text RWS regarding email from OC (.1). | |
| 06/24/20 | SGS | Print, save to electronic file and file *Second Amended Emergency Order in Light of the Covid-19 Pandemic* (.1). | |
| 07/02/20 | SGS | Print, save to electronic file and file *Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint* (.1); Print and file email noting Court's Text Order granting said motion (.1; Print, save to electronic file and file *Plaintiff's First Amended Complaint* (.1). | |
| 07/15/20 | SGS | Print (file and working copies), save to electronic file and file *Defendant's Motion to Partially Dismiss Plaintiff's First Amended Complaint for Lack of Subject-matter Jurisdiction and for Failure to State a Claim Upon Which Relief Can be Granted*, update calendar (.2). | |

**CREWS LAW FIRM, P.C.**
**LEGAL AND ADMINISTRATIVE ASSISTANT SERVICES**

| Date | | Description | Hours |
|------|---|-------------|-------|
| 07/16/20 | SGS | Print, save to electronic file and file *Defendant's Notice of Appearance of Co-Counsel* (.1). | |
| 07/24/20 | SGS | Email RWS regarding upcoming response d/l (.1); Update calendar with new expert d/l (.1); Email RWS regarding defendant's past due responses to Interrogatories and Request for Production (.1). | |
| 07/30/20 | SGS | Print, save to electronic file and file *Plaintiff's Response to Defendant's Motion to Partially Dismiss Plaintiff's First Amended Complaint for Lack of Subject-matter Jurisdiction and for Failure to State a Claim Upon Which Relief Can be Granted* (.2). | |
| 08/05/20 | SGS | Print, save to electronic file and file *Defendant's Reply in Support of Motion to Partially Dismiss Plaintiff's First Amended Complaint* (.1). | |
| 08/24/20 | SGS | Download, unzip and save to electronic file Defendant's PROD_20200817 (.6); Print, save to electronic file, create folders and file *Defendant's Responses to Plaintiff's First Set of Interrogatories* and *Defendant's Responses to Plaintiff's First Request for Production of Documents* (.3). Respond to emails regarding same (.1). | |
| 09/14/20 | SGS | Update calendar (.5); Internet search regarding Sharon L. Wood (1.2). | |
| 09/16/20 | DLD | Combine into multiple larger .pdf files the individual .pdf (817-10,342) files produced by D.; respond to RWS' email (1.8) | |
| 09/18/20 | DLD | Bates number documents to be produced by P (1.0); Send text, email and confer via phone with RWS regarding production (.2); Email copy of production cover letter to OC, and hand deliver flash drive with documents being produced by P (.6) | |
| 10/05/20 | SGS | Print, save to electronic file and file *Order modifying scheduling order* (.1); update calendar (.2). | |
| 10/19/20 | SGS | Download, unzip and save to electronic file Defendant's PROD_20201016 (.6). | |

**CREWS LAW FIRM, P.C.**
**LEGAL AND ADMINISTRATIVE ASSISTANT SERVICES**

| Date | | Description | Hours |
|------|---|-------------|-------|
| 11/02/20 | SGS | Print and file emails noting Court's Text Order referring Motion to Dismiss Plaintiff's First Amended Complaint to US Magistrate Judge Susan Hightower for a report and recommendation (.1). | |
| 11/05/20 | SGS | Discuss OC's 10/23 email submitting discovery with RWS (.1). | |
| 11/09/20 | SGS | Update calendar with discovery due date (.1); Create shells for discovery responses (1.8). | |
| 11/13/20 | SGS | Print, save to electronic file and file *Report and Recommendation of the United States Magistrate Judge* and email RWS regarding same (.2). | |
| 11/17/20 | SGS | Email RWS regarding upcoming discovery deadline (.1); Review and download attachments from OC's 11/10/20 email (.1). | |
| 11/18/20 | SGS | Print, save to electronic file and file *Order setting teleconference* (.1). | |
| 11/25/20 | SGS | Print and file Court's email regarding Minute Entry for Telephone Status Conference (.1) ( **.1**); Print, save to electronic file, and file *Amended Scheduling Order* (.1); Update calendar and trial list (.3); Review emails between counsel and update calendar with extended discovery response deadline (.1); Review emails between counsel and update calendar with agreed extensions for pre-trial deadlines, email RWS regarding same (.9). | |
| 11/30/20 | SGS | Review RWS email regarding dispositive motion d/l and update calendar accordingly (.2). | |
| 12/04/20 | SGS | Print, save to electronic file and file *Order accepting Report and Recommendation of the United States Magistrate Judge* (.1). | |
| 12/21/20 | SGS | Print, save to electronic file and file *Defendant The University of Texas at Austin's Original Answer and Defenses Addressing Plaintiff's First Amended Complaint* (.1). | |
| 02/01/21 | DLD | Print and save to electronic file D's Responses to P's 2nd request for production of documents (.1); Download, save to electronic file and print correspondence from D (.1); Download and save to electronic file documents produced by D (.4). | |

## CREWS LAW FIRM, P.C.
## LEGAL AND ADMINISTRATIVE ASSISTANT SERVICES

| Date | | Description | Hours |
|------|------|-------------|-------|
| 03/04/21 | SGS | Review emails and calendar upcoming depositions (.2). | |
| 03/08/21 | SGS | Download and save to electronic file documents produced by D (.3). | |
| 03/17/21 | SGS | Review emails between counsel, download and save to electronic file documents produced by D (.3); Prepare deposition folders, print, save to electronic file and file *Plaintiff's Notice of Oral and Video Deposition of Christine Julien as Both Organizational Representative and as Fact Witness* and *Plaintiff's Notice of Oral and Video Deposition of Ahmed Tewfik as Both Organizational Representative and as Fact Witness*, and update calendar (.5). | |
| 03/30/21 | SGS | Download and save to electronic file documents produced by D (.4). | |
| 04/12/21 | DLD | Redact forward header on emails to be produced and send email to RWS re: bates numbering (1.5). | |
| 04/13/21 | SGS | Update calendar with agreed extensions, download and save to electronic file documents produced by D, download and save to electronic file depo transcripts for Sharon Wood and Christine Julien (.3). | |
| 04/19/21 | SGS | Download and save to electronic file documents produced by D (.4). | |
| 04/20/21 | SGS | Print, save to electronic file, and file *Plaintiff's Designation of Testifying Expert Witnesses* (.1); Download and save to electronic file depo transcript for Ahmed Twefik (.1). | |
| 05/05/21 | SGS | Review Court Reporter's emails and leave message for RWS regarding same (.1); Save to electronic file the Errata pages and Reporter's Certifications for the depos of Sharon Wood and Christine Julien (.2). | |
| 05/07/21 | SGS | Update calendar with agreed extensions, email RWS regarding same (.3). | |
| 05/12/21 | SGS | Review emails between counsel, update calendar with proposed depo dates, email RWS regarding same (.1). | |
| 05/14/21 | SGS | Update calendar with agreed extensions, email RWS regarding same (.1). | |

**CREWS LAW FIRM, P.C.**
**LEGAL AND ADMINISTRATIVE ASSISTANT SERVICES**

| Date | | Description | Hours |
|------|---|-------------|-------|
| 05/26/21 | SGS | Review emails between counsel, save to electronic file documents informally produced by D (.1). | |
| 05/27/21 | SGS | Create sub-directory for D's Experts, download files produced by D, print, save to electronic file, and file *Defendant's Designation of Testifying Expert Witness* (.2). | |
| 06/04/21 | SGS | Save to electronic file *Defendant's Responses to Plaintiff's Third Request for Production of Documents*, download and save to electronic file correspondence from D, download and save to electronic file documents produced by D, email RWS regarding same (.3). | |
| 06/11/21 | SGS | Review Court Reporter's email and save to electronic file the Reporter's Certification for the depo of Ahmed Twefik (.1). | |
| 06/16/21 | SGS | Download and save to electronic file depo transcripts and exhibits for Greg Fenves, along with all Combined Exhibits to date (.2). | |
| 06/22/21 | SGS | Confer/coordinate with DLD regarding flash drive project and delivery thereof (.1); Download and save to electronic file depo transcripts and exhibits for John Dalton, add copy of exhibits to Combined Exhibits subdirectory (.2). | |
| 06/22/21 | DLD | Confer/coordinate with SGS regarding flash drive project and delivery thereof (.1); Copy documents to be produced to flash drive, check pdf documents for accuracy, and update letter with corrections (.6); Call OC office to figure out delivery of flash drive, email correspondence to OC (.4); Deliver flash drive to OC office (.4); Update info-doc with new address information, search for video files to be copied to flash drives and price out flash drives of larger capacity (.2). | |
| 06/23/21 | SGS | Download and save to electronic file depo transcripts and exhibits for Carmen Shockley and Jerry Speitel, add copy of exhibits to Combined Exhibits subdirectory (.2). | |
| 06/24/21 | SGS | Review RWS emails and save to electronic file "documents produced by plaintiff", respond to OC (.2). | |
| 06/28/21 | SGS | Review RWS production email and cross-check electronic file regarding same, email RWS with concerns (.1). | |

**CREWS LAW FIRM, P.C.**
**LEGAL AND ADMINISTRATIVE ASSISTANT SERVICES**

| Date | | Description | Hours |
|------|---|-------------|-------|
| 06/29/21 | DLD | Search Plaintiff production for emails between Client and her husband (were not supposed to be produced) (.4). | |
| 07/02/21 | SGS | Review emails between counsel, update calendar with agreed extension, email RWS regarding same (.1); Review and respond to emails between counsel, download and save to electronic file documents produced by D (.2); Save to electronic file *Defendant's Supplemental Responses to Plaintiff's Interrogatories* and *Defendant's Supplemental Initial Disclosures* (.1). | |
| 07/07/21 | SGS | Download and save to electronic file depo transcript and exhibit for Shane Thompson, add copy of exhibit to Combined Exhibits subdirectory, confer w/ DLD regarding Codec for video (.2). | |
| 07/13/21 | SGS | Download and save to electronic file depo transcript and exhibits for Tom Glass, add copy of exhibits to Combined Exhibits subdirectory, confer w/ DLD regarding Codec for video (.2). | |
| 07/26/21 | SGS | Download and save to electronic file Reporter's Certificate for deposition of Greg Fenves (.1); Download and save to electronic file Reporter's Certificate/corrections for deposition of Carmen Shockley (.1); Download and save to electronic file Reporter's Certificate/corrections for deposition of John Dalton (.1). | |
| 08/03/21 | SGS | Download and save to electronic file depo transcript and exhibits for Evdokia Nikolova, add copy of exhibits to Combined Exhibits subdirectory, update calendar, email RWS regarding same (.3). | |
| 08/06/21 | SGS | Save to electronic file the Reporter's Certification for the depo of Shane Thompson (.1). | |

## CREWS LAW FIRM, P.C.
## LEGAL AND ADMINISTRATIVE ASSISTANT SERVICES

| <u>Date</u> | | <u>Description</u> | <u>Hours</u> |
|---|---|---|---|
| 08/24/21 | SGS | Save to electronic file the Errata pages and Reporter's Certification for the depo of Jerry Speitel (.1); Save to electronic file the Reporter's Certification for the depo of Tom Glass (.1); Print, save to electronic file and file *Defendant's Unopposed Motion for Extension of Time to File Dispositive Motion* (.1); Print and file email noting Court's Text Order granting said motion, update calendar and email RWS regarding same (.2). | |
| 09/01/21 | SGS | Save to electronic file the Reporter's Certification for the depo of Evdokia Nikolova (.1). | |
| 09/27/21 | SGS | Print, save to electronic file and file *Defendant's Unopposed Motion to Exceed Page Limit* (.1); Print, save to electronic file and file *Defendant's Motion for Partial Summary Judgment* (.2); Review OC's email regarding scheduling/form of our response to MSJ and email RWS regarding same, update calendar (.2); Print and file email noting Court's Text Order granting in part/denying in part said motion to exceed, update calendar and email RWS regarding same (.1). | |
| 09/29/21 | SGS | Review and respond to RWS regarding response deadline (.1) . | |
| 09/30/21 | SGS | Print, save to electronic file and file the corrected/shortened *Defendant's Motion for Partial Summary Judgment* (.2). | |
| 10/07/21 | SGS | Print, save to electronic file and file *Notice of Appearance of Counsel for Defendant*, and update info-doc (.2); Review email from RWS regarding PACER search for documents in a separate case, search PACER and purchase/download requested documents, and email RWS regarding same (.6); Print, save to electronic file, create folder and file *Amended Notice of Oral and Videotaped Virtual Deposition of Dr. Peter Glick*, update calendar and email RWS regarding same (.3). | |
| 10/08/21 | SGS | Print, save to electronic file and file *Plaintiff's Unopposed Motion for Extension of Time to File Response to Motion for Summary Judgment* (.1). | |
| 10/12/21 | SGS | Print and file email noting Court's Text Order granting in P's motion for extension, update calendar and email RWS regarding same (.1). | |

**CREWS LAW FIRM, P.C.**
**LEGAL AND ADMINISTRATIVE ASSISTANT SERVICES**

| Date | | Description | Hours |
|------|---|-------------|-------|
| 10/19/21 | SGS | Review email from RWS, work with formatting of draft MSJ Response, call from RWS (.5). | |
| 10/20/21 | DLD | Confer/coordinate with SGS regarding Exhibit labeling (.1); Label pdf of Exhibits for MSJ Response deadline, confer with RWS about missing exhibits, combine .pdf exhibits into larger groups (2.5). | |
| 10/21/21 | DLD | Call with RWS regarding flash drive project for delivery to federal court, and confer/coordinate with SGS regarding flash drive project and delivery thereof (.2); Copy Exhibits 10, 11, and 74 to flash drive, draft cover letter to court, send email RWS (.4); Hand deliver flash drive with exhibits to US District Court (.5) | |
| 10/21/21 | SGS | Print, save to electronic file and file *Plaintiff's Unopposed Motion to Exceed Page Limitation on Response to Motion for Partial Summary Judgment* (.4). | |
| 10/22/21 | SGS | Update calendar w/ new trial date/reminders (.1); Print, save to electronic file and file *Plaintiff's Response to Motion for Partial Summary Judgment* (.4). | |
| 10/26/21 | SGS | Print, save to electronic file and file *Defendant's Unopposed Motion for Extension of Time* (.1). | |
| 10/27/21 | SGS | Print and file email noting Court's Text Order granting in D's motion for extension, update calendar and email RWS regarding same (.1). | |
| 11/02/21 | SGS | Print, save to electronic file and file *Defendant's Second Unopposed Motion for Extension of Time* (.1); Print and file email noting Court's Text Order granting in D's motion for extension, update calendar and email RWS regarding same (.1). | |
| 11/04/21 | SGS | Review and respond to email from OC with link for tomorrow's deposition, update calendar with link (.1). | |
| 11/10/21 | SGS | Download and save to electronic file depo transcript for Peter Glick, update calendar, email RWS regarding same, email court reporter for copy of exhibits (.2); Review email from RWS, draft Vacation Notification to the Court, review deadlines during said timeframe and email RWS regarding same (.2). | |

## CREWS LAW FIRM, P.C.
## LEGAL AND ADMINISTRATIVE ASSISTANT SERVICES

| Date | | Description | Hours |
|------|------|-------------|-------|
| 11/12/21 | SGS | Forward printable depo transcript/exhibits to Peter Glick (.1); Download, save to electronic file, and file errata/signature pages for depo transcript for Peter Glick, update calendar, email RN and RWS regarding same (.2). | |
| 11/15/21 | SGS | Email RWS about defective court link (.1). | |
| 11/16/21 | SGS | Print and file *Defendant's Reply in Support of Motion for Partial Summary Judgment,* Print, save to electronic file and file *Vacation Notification for RWS*Print, save to electronic file and file *Defendant's Motion to Exclude Opinion an, d Testimony of Plaintiff's Expert Dr. Peter Glick*, calculate and calendar response deadline and email RWS regarding same (.4). | |
| 11/19/21 | SGS | Print, save to electronic file and file *Plaintiff's Opposed Motion for Leave to File a Sur-Reply in Opposition to Defendant's Motion for Partial Summary Judgment* (.1). | |
| 11/22/21 | SGS | Print and file *Defendant's Response to Plaintiff's Opposed Motion for Leave to File a Sur-Reply in Opposition to Defendant's Motion for Partial Summary Judgment,* Print, save to electronic file and file *Plaintiff's Unopposed Motion for Extension of Time to File Response to Defendant's Motion to Exclude Opinion and Testimony of Plaintiff's Expert Dr. Peter Glick* (.1). | |
| 12/06/21 | SGS | Print, save to electronic file and file the Errata and Signature pages and Reporter's Certification for the depo of Peter Glick (.2). | |
| 12/10/21 | SGS | Review email from RWS regarding expert depo testimony, review transcripts for Glick, Glass, Thompson and calculate testimony time, draft responsive email (.2). | |
| 12/15/21 | SGS | Print, save to electronic file and file *Plaintiff's Response to Defendant's Motion to Exclude Opinion and Testimony of Plaintiff's Expert Dr. Peter Glick* (.2). | |
| 12/22/21 | SGS | Print, save to electronic file and file *Defendant's Reply in Support of its Motion to Exclude Opinion and Testimony of Plaintiff's Expert Dr. Peter Glick* (.1). | |
| 01/11/22 | SGS | Confer with RWS regarding upcoming trial (.2). | |

## CREWS LAW FIRM, P.C.
## LEGAL AND ADMINISTRATIVE ASSISTANT SERVICES

| Date | | Description | Hours |
|------|---|------------|-------|
| 01/12/22 | SGS | Begin preparation of Trial Notebook, including drafts of multiple documents (2.0). | |
| 01/20/22 | SGS | Create missing folders, print 2 condensed copies of transcripts/reporter certificates/errata pages for the depositions of: Ahmed Twefik, Carmen Shockley, Christine Julien, Evdokia Nikolova, Greg Fenves, Jerry Speitel, John Dalton, Peter Glick, Shane Thompson, Sharon Wood, and Thomas Glass (1.7). | |
| 01/31/22 | SGS | Print, save to electronic file and file *Order (setting final pretrial conference)* (.1), Review local rules, calculate and calendar deadlines (.2). | |
| 01/31/22 | DLD | Discuss with RWS Exhibit List project (.7);  Re-name exhibits with desired name on list and corresponding pdfs (1.3). | |
| 02/01/22 | DLD | Continue with re-name exhibits with desired name on list and corresponding pdfs (1.1); Discuss with RWS issues with exhibit list draft and solutions (.2); Fix issues with exhibit list and save as preferred by RWS, and notify RWS of completion (.7). | |
| 02/01/22 | SGS | Print, save to electronic file and file *Order Resetting Time (for final pretrial conference)* (.1). | |
| 02/02/22 | DLD | Review RWS email regarding documents P4474-4713, and discuss project with RWS for clarification (.3); Remove email header (Client to RWS) from documents P4474-4713 and send email to RWS (1.0) | |
| 02/02/22 | SGS | Print, save to electronic file and file *Defendant's Notice to the Court* (.2). | |
| 02/07/22 | SGS | Print, save to electronic file and file *Plaintiff's Statement of the Case and Estimate of Trial Length* (.2). | |
| 02/07/22 | DLD | Review RWS email regarding putting together D's exhibits for RWS to review (.1); Go through and pull D's exhibits and save to D's Exhibit subfolder on the computer (1.3); Begin identifying P's exhibits from the exhibit list to number and rename already saved exhibits (.6). | |
| 02/08/22 | DLD | Continue identifying P's exhibits from the exhibit list and number exhibits already saved in P's exhibits subfolder (2.5). | |

**CREWS LAW FIRM, P.C.**
**LEGAL AND ADMINISTRATIVE ASSISTANT SERVICES**

| Date | | Description | Hours |
|------|--|-------------|-------|
| 02/09/22 | SGS | Print, save to electronic file and file *Order Resetting Time (for final pretrial conference)* (.1). | |
| 02/09/22 | DLD | Go through P's exhibit list, locate and save exhibits to be added in P's exhibits subfolder and rename exhibits needing to be renamed (3.9) | |
| 02/10/22 | SGS | Print, save to electronic file and file *Defendant's Objections to Plaintiff's Exhibits*, *Defendant's Response to Plaintiff's Motion in Limine*, *Plaintiff's Objection to Defendant's Exhibits with Order Incorporated*, and *Plaintiff's Objection to Defendant's Motion in Limine with Order Incorporated* (.2). | |
| 02/10/22 | DLD | Finish locating, saving, and renaming exhibits to be added in P's exhibits subfolder (2.0); Discuss with RWS the project of creating a "merged" list of P's exhibits and RWS' commentary/description (.1); Go through and add in RWS's descriptions to a draft copy of P's final exhibit list (1.7). | |
| 02/11/22 | DLD | Check that all RWS' descriptions were added to the merged list and send email to RWS (.2) | |
| 02/16/22 | SGS | Print and file *Order (excluding Plaintiff's Expert Peter Glick)*; Print, save to electronic file and file *Joint Motion for Jury Questionnaire*; Print and file *Order (denying Defendant's Motion for Partial Summary Judgment)* (.1). | |
| 02/17/22 | SGS | Print and file *Order (denying Joint Motion for Juror Questionnaire)* (.1). | |
| 02/22/22 | SGS | Review email from RWS regarding Focus Group, respond to email, issue/mail check to Focus Group Research LLC, issue reimbursement check to CLF, create sub-directory/folder (.3). | |
| 02/24/22 | SGS | Print and file Court's 2/21 Notification regarding Proceedings Transcribed: Final Pretrial Conference, update calendar, email RWS regarding same (.2); Print (sans 2,989 pages of Exhibits), save to electronic file and file *Defendant's Objections to Plaintiff's Trial Comparator Evidence* (.7); Print, save to electronic file and file *Plaintiff's First Amended Exhibit List* (.1). | |
| 02/25/22 | SGS | Download Focus Group Video and email RWS regarding same (.1). | |

**CREWS LAW FIRM, P.C.**
**LEGAL AND ADMINISTRATIVE ASSISTANT SERVICES**

| Date | | Description | Hours |
|------|---|-------------|-------|

02/28/22    SGS    Review emails from Court confirming start of trial, download JERS instructions and meet with DLD to coordinate preparation (.3); Print and file *Plaintiff's Motion to Modify Or Set Aside Order Excluding Aside The Order Striking The Expert Testimony of Professor Peter Glick, Plaintiff's Second Amended Exhibit List, Plaintiff's Response to Defendant's Objections to Plaintiff's Comparator Evidence* (.2).

02/28/22    DLD    Call with RWS regarding exhibit renaming and labeling (.2); Re-name P's exhibits in preparation to upload to court, and begin adding in Exhibit label to exhibits while checking and making corrections as noted on P's Second Amended Exhibit List, purchase flight for witness Grace Zhuang and email confirmation information to RWS (3.3); Discuss with SGS placement of exhibit label on some files (.2).

03/01/22    SGS    Print, save to electronic file and file *Order (denying Defendant's Objections to Plaintiff's Exhibits 130 and 142-180)* (.1).

03/01/22    DLD    Continue adding in Exhibit label to exhibits while checking and making corrections as noted on P's Second Amended Exhibit List (6.5) Call Integrity for possible Exhibit print job (.1); Call Ubeo for the possible Exhibit print job as Intergriy cannot do and get information on time line for info needed (.2) Speak with RWS about Exhibit print job (.1); Speak with RWS about missing exhibits and Exhibit labeling project. (.1).

03/02/22    SGS    Review Court's email regarding Excel exhibits and confer with DLD to ensure the flash drives we have on file are sufficient, discuss video that exceeds size limitation of JERS, coordinate timing of complying with Court requirement to upload exhibits (.3).

03/02/22    DLD    Check Exhibits and make sure they're ready for upload to Court's JERS system (1.6); Copy Exhibits 76, 126, 188,189, 200, 201, 202, 203, 225, 226, 228, and 229 to flash drive and check they copied properly (.5) Confer with RWS and SGS about delivering flash drive to court (.2); Check trail box and add in any missing items (.5); Draft cover letter for Exhibit flash drive (.2); Send email to court for coordination of flash drive drop off (.1).

**CREWS LAW FIRM, P.C.**
**LEGAL AND ADMINISTRATIVE ASSISTANT SERVICES**

| <u>Date</u> | | <u>Description</u> | <u>Hours</u> |
|---|---|---|---|
| 03/03/22 | SGS | Print, save to electronic file and file *Defendant's Objection to Excluding Jurors Who Are Not Fully Vaccinated* (.1); Print, save to electronic file and file *Order* (granting in part and denying in part plaintiff's motion for reconsideration) and email RWS regarding same (.1);  Print, save to electronic file and file *Order* (overruling defendant's objection to excluding jurors who are not fully vaccinated) (.1). | |
| 03/03/22 | DLD | Confer/coordinate with Court regarding flash drive and delivery thereof (.2); Upload P's remaining Exhibits (not on flash drive) to Court's JERS system (.5); Call Rainmaker and coordinate a printed copy of our Exhibits, run options by RWS via phone and email, and confer with SGS logistics of needs for our copy, confirm copy job with Rainmaker and upload zipped exhibits to Rainmaker for printing (2.4); Finalize cover letter for flash drive, email to Co-counsel and OC, and hand deliver flash drive with exhibits to US District Court (.8); Label/add description to our electronic copy of D's exhibits (1.6). | |
| 03/04/22 | SGS | Print and file *Defendant's First Amended Exhibit List* (.1); Review P's Exhibit copies delivered by Rainmaker and give heads up that we may need a copy of D's Exhibits (.2); Discuss size of D's Exhibits w/ DLD, call RWS to discuss - left detailed voicemail (.2); Print, save to electronic file and file *Defendant's Motion for Reconsideration* (.1); Discuss with RWS locking our Excel Exhibits, Google instructions to do so, confer w/ DLD regarding same (.2); Draft covers for Plaintiff's Trial Exhibit binders, create index for specific exhibit binders, box up paper file and create label for box, hole-punch documents for inclusion in trial notebook, review and revise index for trial notebook, draft cover for Defendant's Exhibit binder, call RWS to relay all (8.5). | |

**CREWS LAW FIRM, P.C.**
**LEGAL AND ADMINISTRATIVE ASSISTANT SERVICES**

| <u>Date</u> | | <u>Description</u> | <u>Hours</u> |
|---|---|---|---|
| 03/04/22 | DLD | Discuss with SGS about having D's exhibits printed in house or if we want Rainmaker to print, Label Plaintiff's Trial Exhibit binders, email Rainmaker instructions for our printed copy of D's Trial exhibits, create and edit index for Trial notebook (Vol. 1-4- including all potential witnesses), print documents for trial notebook, double check that all documents were printed, Change settings for the Excel exhibits to prevent any changes and email protected exhibits to the court, Print labels for D's exhibits binder, and re-print box label, ensure all boxes are labeled. (7.5) | |
| 03/07/22 | SGS | Ensure that *P's Response in Opposition to D's Motion for Reconsideration* and *D's Objections to P's Exhibits* were downloaded (not printed since paper file at Courthouse) (.1). | |
| 03/08/22 | DLD | Edit/Revise P's exhibit 46 to remove all pictures from exhibit, upload exhibit to JERS system, and send email to RWS and Notzon (.2). | |
| 03/10/22 | SGS | Phone call w/ RWS regarding need for document delivered (1.); Review email from RWS, print attachment, drive DLD to courthouse for delivery (.8). | |
| 03/11/22 | SGS | Download and save to electronic file *Plaintiff's Objection to Proposed Jury Charge and Exhibit (redlined version)* and *Order (denying D's Motion to Reconsider Glick)* (.1). | |
| 03/14/22 | SGS | Review trial emails from Court, download and save to electronic file *List of Witnesses at Trial*, *Jury Charge*, and *Verdict Form (redacted)* (.1). | |
| 03/21/22 | SGS | Download and save to electronic file *Order* and update calendar event (.1). | |
| 04/01/22 | SGS | Review email from RWS regarding Glick payments, review ledger pages and confer with RAE, draft email response, follow up phone call with RWS, update info-doc (.3). | |
| 04/29/22 | SGS | Review and respond to email from RWS regarding additional transcript cost (.1); Print, save to electronic file and file *Plaintiff's Motion for Judgment* (.1). | |

**CREWS LAW FIRM, P.C.**
**LEGAL AND ADMINISTRATIVE ASSISTANT SERVICES**

| Date | | Description | Hours |
|---|---|---|---|
| 05/06/22 | SGS | Print, save to electronic file and file *Defendant's Unopposed Motion for Extension of Time to Respond to Plaintiff's Motion for Judgment* (.1). | |
| 05/10/22 | SGS | Print and file Text Order Granting extension for D to file Response to P's Motion for Judgment, update calendar (.1). | |
| 06/10/22 | SGS | Print, save to electronic file and file *Defendant's Second Unopposed Motion for Extension of Time to Respond to Plaintiff's Motion for Judgment* (.1); Print and file Text Order Granting extension for D to file Response to P's Motion for Judgment, update calendar (.1). | |
| 06/21/22 | SGS | Print (sans 93 pages of Exhibits A-G), save to electronic file and file *Defendant's Response to Plaintiff's Motion for Judgment* (.2). | |
| 06/27/22 | SGS | Print and file Text Order Granting extension for P to file Reply regarding Motion for Judgment, update calendar (.1). | |
| 07/01/22 | SGS | Review email and respond to RWS email; Review, cross-check and compile Combined Expense Report (.6). | |

Total Legal Asst Hours:        * x XXX hr =                    $*