UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **EVDOKIA NIKOLOVA,** § | | |
| *Plaintiff*, § | | |
| § | CASE NO. 1:19-CV-00877-RP | |
| vs. § | | |
| § | | |
| **UNIVERSITY OF TEXAS AT AUSTIN,** § | | |
| *Defendant.* § | | |

**DECLARATION, UNDER PENALTY OF PERJURY,
OF ROBERT E. McKNIGHT, JR.**

1. My name is Robert E. McKnight, Jr. I am more than eighteen years of age and am fully competent to make this declaration.

2. I am an attorney licensed in the State of Texas since December 2005 and in the State of Louisiana since April 1993. I am also admitted to practice before the U.S. District Courts for the Northern, Eastern, Western, and Southern Districts of Texas, the U.S. District Courts for the Eastern, Middle, and Western Districts of Louisiana, and the U.S. Court of Appeals for the Fifth Circuit. While I served in the U.S. Air Force, until my retirement in February 2018, I was also admitted to practice in the U.S. Air Force Court of Criminal Appeals and the U.S. Court of Appeals for the Armed Forces; my military retirement automatically terminated those admissions.

**Professional Background**

3. I received J.D. and M.A. degrees in December 1992 from Loyola University (the School of Law and the Department of Religious Studies) in New Orleans, La. Beginning in 1992 (first as a law clerk, then as a lawyer) and through 1997, I was employed as an associate by the New Orleans firm of Evans & Associates. That firm's practice was limited to the defense of employment-related claims at the trial and appellate levels in federal and state courts, including employment-rooted civil rights claims relating to discrimination, labor/management issues, employment contracts, and wage/hour issues.

4. From 1997 to 2006, I was self-employed in New Orleans as a member of Murphy & McKnight, LLC, where I generally represented plaintiffs in employment, housing, and other civil rights claims. Because my law practice in New Orleans was disrupted in the short-term aftermath of Hurricane Katrina in 2005, I obtained a law license in Texas and practiced in Houston under an of-counsel relationship with Butler & Harris, a firm representing plaintiffs in employment litigation, while continuing to do some work in New Orleans. I continued that arrangement until the end of 2006. Some of the cases I litigated are: *Downey v. Strain*, 510 F.3d 534 (5th Cir. 2007) (successfully defended challenge to jury verdict on liability and damages in

favor of plaintiff under Family & Medical Leave Act); *Lincoln v. Case*, 340 F.3d 283 (5th Cir. 2003) (successfully defended challenge to jury verdict on liability and punitive damages in favor of plaintiff under the Fair Housing Act); *Winkler v. Coastal Towing, L.L.C.*, 823 So. 2d 351 (La. App. 1st Cir. 2002) (secured reversal of dismissal of suit by successfully arguing absence of federal maritime preemption of state law claim for retaliatory discharge).

5.   In January 2007, I returned to Louisiana on a full-time basis and began work as an assistant special counsel for the Judiciary Commission of Louisiana. In that capacity, I reviewed, investigated, and litigated (before the Commission and the Louisiana Supreme Court) complaints of judicial misconduct by Louisiana state court judges. Some of the cases I litigated are: *In re Alford*, 977 So. 2d 811 (La. 2008) (removal of judge for abuse of prescription medicines); *In re Frederic-Braud*, 973 So. 2d 712 (La. 2008) (suspension of justice of the peace for abuse of authority); *In re Franklin*, 969 So. 2d 591 (La. 2007) (removal of justice of the peace for incompetence); *In re Adams*, 959 So. 2d 474 (La. 2007) (suspension of justice of the peace for abuse of authority).

6.   I resigned my position in August 2008 in order to return to the private practice of employment law, but in Victoria, Texas. In Victoria, I maintained a solo practice and an of-counsel relationship with the law firm of Marek, Griffin & Knaupp through 2020. In January 2021, I became a partner of Marek, Griffin & Knaupp and ended my solo practice.

7.   I retired from the Air Force Reserve, where I served last as an assistant staff judge advocate for 10th Air Force, Naval Air Station Ft. Worth Joint Reserve Base, Texas (from January 2013 to February 2018). Before that, I worked in the staff judge advocate's office at 403d Wing, Keesler Air Force Base, Miss., from October 2006 to January 2013, first as an assistant staff judge advocate, then as the staff judge advocate. Before that I worked in the staff judge advocate's office at 926th Fighter Wing, Naval Air Station New Orleans, La., from April 1998 to October 2006, again first as an assistant staff judge advocate and then as the staff judge advocate. I joined the Air Force Reserve in 1987, and my rank at retirement in February 2018 was lieutenant colonel.

8.   I am the author of REPRESENTING PLAINTIFFS IN TITLE VII ACTIONS (5th ed. 2022), a treatise published in electronic format by CCH, Inc. The treatise includes a chapter on recovery of fees and costs under Title VII (and other fee-shifting statutes).

9.   I served a three-year term (2017-19) as one of the elected directors of the State Bar of Texas. I represented District 11, which encompasses 16 counties in the southeastern portion of the state. I am also a member of the Texas Bar Foundation, and of the Texas Employment Lawyers Association.

**Prior Fee Litigation**

10.   I have, over the years, developed a niche in preparing motions for reasonable fees and costs. My first experience with fee litigation was in the *Lincoln* case (*see supra* ¶ 4), where I represented the plaintiff through trial, and since then I have helped with these motions

both (a) in cases where I participated before the need for the motion arose, and (b) in cases where plaintiff's counsel has sought my assistance when the need for the motion arose. Some examples in both categories are the following:

*Branham v. Snow*, 2006 WL 1750443 (S.D. Ind. June 19, 2006) (substantially assisted with motion that resulted in an award of fees and costs of $801,436.23 under the federal Rehabilitation Act). *Branham* was, incidentally, the first time I assisted Marek, Griffin and Knaupp with a fee motion; it was about two years before that firm and I entered our of counsel relationship.

*Ruiz v. Holder*, No. 6:07-cv-00056, Doc. 136 (S.D. Texas Dec. 24, 2008) (primarily responsible, though unenrolled, for motion seeking fees of $298,317.75; unadjudicated due to settlement).

*Lewallen v. City of Beaumont*, 394 Fed. App'x 38 (5th Cir. 2010) (primarily responsible as enrolled counsel for recovery of fees and costs totaling $444,294.86, as affirmed on appeal).

*Slaby v. Holder*, 2014 WL 7692195 (E.D. Va. April 24, 2014) (primarily responsible, though unenrolled, for filings that resulted in an award of fees and costs of about $1.4 million in a disability discrimination case).

*Alonzo-Miranda v. Schlumberger*, 2015 WL 3651830 (W.D. Texas June 11, 2015) (primarily responsible, though unenrolled, for filings that resulted in an award of fees and costs of $234,946.31 in a disability discrimination case).

*Kostić v. Texas A&M Univ. at Commerce*, 2016 WL 407357 (N.D. Texas, Feb. 3, 2016) (primarily responsible as enrolled counsel for filings that resulted in an award of fees of $433,745 and costs of $62,551.93 in an employment case).

*Zamora v. City of Houston*, 2016 WL 10770945 (S.D. Texas Nov. 22, 2016 (enrolled counsel primarily responsible for filings that results in an award of fees of $103,480). These were only some of the fees; the parties settled the rest. *Id.* at *1. I also was co-counsel for Mr. Zamora at trial and on appeal, the result of which is reported at *Zamora v. City of Houston*, 798 F.3d 326 (5th Cir. 2015), *cert. denied*, 578 U.S. 975 (2016). *Zamora* is notable for its holding that the cat's paw theory of causation is compatible with the but-for standard of causation. 798 F.3d at 332.

*Clark v. Everlight Americas, Inc.*, No. DC-15-05538 (95th Judicial District, Dallas County, Texas, June 1, 2017) (primarily responsible as enrolled counsel for filings that resulted in an award of fees of $292,973.55 in an employment case).

*Johnson v. Southwest Research Institute*, 2019 WL 4003106 (W.D. Texas—San Antonio Div. Aug. 23, 2019) (primarily responsible as enrolled counsel for filings that resulted in an award of fees of $535,609.47 in an employment case).

*Yarbrough v. Glow Networks, Inc.*, No. 4:19-cv-905-SDJ (E.D. Tex.) (primarily responsible as enrolled counsel for original and supplemental fee motions seeking a combined amount of $682,025; motions currently pending).

*Carter v. California Grill, LLC*, No. 1:19-cv-588-RP (W.D. Tex.) (primarily responsible as enrolled counsel for fee motion seeking a lodestar award of $191,433; motion currently pending).

### Mr. Schmidt's and Mr. Notzon's Request

11. I became involved in this case in August 2022 at the request of the plaintiff's counsel, Robert Schmidt and Robert Notzon. They asked me to prepare the motion for fees and costs. Because of the limited scope of my work, and the limited time in which my work has been performed, there has been no duplicative billing of time for my work and for theirs. I have reviewed and worked with them on their declarations, but this was collaboration, not duplication.

### Contemporaneous Timekeeping

12. Since becoming involved with this case, I have adhered to my ordinary practice of making contemporaneous records of my time by recording the time I started and stopped a discrete task, along with a description of the work I performed on the task. I record my time in six-minute increments.

### Exercise of Billing Judgment

13. I do not seek compensation for time getting familiar with the case and performing other basic functions for which a lawyer does not charge a fee-paying client (and, therefore, may not charge the non-prevailing party): checking the accuracy of task entries against the docket, annotating task entries with docket numbers related to the task and other editing for clarity and context, and marking the entries for appropriate exercises of billing judgment. It is not normal, in my experience, to phase-code task entries in an invoice to a fee-paying client; insurance companies may require that, but plaintiff-side clients do no. Nonetheless, in the exercise of billing judgment I do not seek compensation for phase-coding. I also, in the exercise of billing judgment, do not seek compensation for time preparing my notice of appearance in this matter.

### Compensable Time and CV-54 Affirmation

14. The tasks for which I do seek compensation are listed below (and are also incorporated in Exhibits 3A and 3B to the motion):

| Date | Task | Time |
|---|---|---|
| 8/30/22 | Review TELA rate survey in order to advise RWS and RSN on rates (0.30); phone conference with RWS and RSN, advising re rates, their declarations, and supporting declarations (1.00); follow-up email to RWS and RSN with sample declarations and explanations of what they should contain and why (0.20). | 1.50 |
| 9/8/22 | Review DWiley draft declaration and email him re same (0.20); review SHayes draft declaration and email RWS re same (0.10). | 0.30 |
| 9/9/22 | Email RWS and RSN re compensability of SThompson time versus purely disparate impact time (0.20); email RWS and RSN re materials for Local Rule CV-54 conferral (0.20). | 0.40 |
| 9/11/22 | Review and mark edits on RSN's draft declaration (0.40), same for RSN's draft declaration (0.20), then return to them (NC); review DWeiser draft declaration and email RWS re suggestions (0.20); begin drafting motion from *Carter* filing (1.30). | 2.10 |
| 9/12/22 | Resume and complete first draft of motion (3.20), then forward to RWS and RSN for review (NC); review RSN and RWS comments and edit accordingly (0.30); Local Rule CV-54 conference with AHilton, RWS and RSN (0.30); draft certificate of conference (0.20) and forward to AHilton for her review and elaboration (NC); further revisions to the motion, including incorporation of some material addressed in new drafts of their declarations (2.00); adapt and update REM declaration from *Carter* filing (0.10); finalize tabulation of costs and prepare AO 133 (0.30); additional edits to motion (0.50). | 6.90 |
| 9/13/22 | Shepardize and cite check cases in motion (0.70); review RWS's final declaration, now signed, and make sure all appropriate cites are included in the motion (0.20); prepare proposed order (0.10); update certificate of conference to include the material received by email from AHilton (NC). | 1.00 |
| | **Total** | **12.20** |

15.     Throughout all of my involvement with this case, my only law office has been in Victoria, Texas, not in Austin. I have never received a court-awarded fee in the Austin market. I have received court-awarded fees in the Dallas market of $495/hour in the *Clark* case in 2017 and in the *Kostić* case in late 2015. David Wiley has testified in support of this motion that an hourly rate of $600 is reasonable for me in this market, and in *Yarbrough v. Glow Networks, Inc.*, No. 4:19-cv-905-SDJ (E.D. Tex.), Mr. Wiley testified that $650 is reasonable for me in the Sherman market because of its proximity to the Dallas market (which is, apparently, higher-priced than the Austin market). I am, however, requesting compensation only at $575/hour. This

is because I recently assisted another fee applicant in this court—in the case of *Carter v. California Grill, LLC*, No. 1:19-cv-588-RP (W.D. Tex.)—and I chose there to limit my request to $575/hour because I did not want to exceed the rate being sought by Ms. Carter's lead counsel, Kell Simon. For the sake of consistency, I am making the same request in this case. Austin-based practitioner Colin W. Walsh testified in favor of that rate for me in *Carter*, and because his testimony is so recent I am attaching it here as Exhibit 8A as additional evidence in support of my request here at $575/hour. Since I have no first-hand knowledge of the Austin market, I defer to Mr. Wiley's and Mr. Walsh's opinions and request compensation for my work in this case at the rate of $575/hour.

16.    I certify (1) that the above-listed hours expended were actually expended on the topics stated, and (2) that the hours expended and the rate claimed ($575/hour) are reasonable.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 12, 2022.

_____
ROBERT E. McKNIGHT, JR.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TANGALA CARTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 1:19-cv-588-RP |
| | § | |
| | § | |
| CALIFORNIA GRILL, LLC d/b/a | § | |
| FOXY'S CABARET | § | |
| | § | JURY DEMANDED |
| | § | |
| Defendant. | § | |

**DECLARATION OF COLIN W. WALSH**

1. My name is Colin W. Walsh. I am over the age of eighteen (18) years, of sound mind, and fully capable of making this Declaration. I am fully competent to testify to the matters stated in this Declaration, of which I have personal knowledge.

2. I graduated from the University of Texas School of Law with honors in May 2011. In August 2011, I began working as a law clerk for Rob Wiley, P.C., in Dallas, and transitioned to an associate when I became licensed in Texas in November 2011. In 2012, the firm opened an office in Austin, and Mr. Wiley sent me to be the lead attorney in that office. I became a partner in November 2017, and the Austin office was separated from Rob Wiley, P.C., and became Wiley Walsh, P.C.

3. Rob Wiley, P.C., focused, and Wiley Walsh, P.C., continues to focus, on representing plaintiffs in employment litigation. My work at the firms has been consistent with that focus. In 2016, I became board certified in labor and employment law. Of the 100,000+ lawyers

licensed in Texas, less than 700 are board-certified in that area of specialization, or less than 1 percent.

4. My trial and other litigation experience includes:

- *Lynch v. City of Austin*, No. D-1-GN-12-00682 (261st District Court Travis County): I served as plaintiff's lead counsel at a four-day jury trial concerning disability discrimination and wrongful termination. The jury awarded damages of $240,327; the judgment with fees and costs was almost half a million dollars.

- *Howard v. State of Texas, Texas Department of Family & Protective Services*, No. 11-13467 (160th District Court Dallas County): I served as plaintiffs' lead counsel at a five-day jury trial against the Department of Family and Protective Services. The verdict for the client was six figures, though it was reversed on appeal. 429 S.W.3d 782 (Tex. App.-Dallas 2014, pet. denied).

- *Wilsher, et al v. City of Abilene*, No. 11-11-00355-CV, 2013 WL 6924004 (Tex. App.- Eastland Dec. 31, 2013, pet. denied): Won appellate reversal of defendant's summary judgment and plea to the jurisdiction in a multi-plaintiff employment case against City of Abilene. In this case, I also successfully argued for the extension of the federal single-filing rule into multi-plaintiff state law claims, which had never been done before in state court in a non-class case. The City appealed to the Texas Supreme Court, but the petition was denied.

- *Torres v. City of San Antonio*, No. 04-15-00664-CV, 2016 WL 7119056 (Tex. App.- San Antonio Dec. 7, 2016, no pet.): Won appellate reversal of summary judgment in a state law whistleblower case against City of San Antonio.

- *Dehrab, et al v. Cho et al.*, A-13-CV-100-LY, 2014 WL 12876395 (W.D. Texas May 30, 2014): Won conditional class certification as lead counsel in a wage theft case.

Case 1:19-cv-00877-RP   Document 111-10   Filed 09/13/22   Page 9 of 11

- *Quinn v. Texas State University*, No. 03-16-00548-CV, 2016 WL 5985500 (Tex. App.-Austin 2016, no pet.): Won affirmance of trial court's denial of defendant's plea to the jurisdiction in a disability discrimination and retaliation case against Texas State University. In this case, I successfully defeated the novel argument that employees with term contracts cannot suffer adverse actions in employment discrimination cases because term contracts do not have to be renewed.

- *Jiang v. Texas Comm'n on Env. Quality*, 321 F. Supp. 3d 738 (W.D. Texas 2018): Won denial of defendant's motion for summary judgment on claims of discrimination and retaliation.

5. I am a member of the National Employment Lawyers Association, the Texas Employment Lawyers Association, the Austin Bar Association, and the Austin Young Lawyers Association. I am a Fellow of the Austin Bar Foundation and have been designated a Texas Rising Star in employment law by Super Lawyers Magazine in 2015, 2016, 2017, 2018, 2019, 2020, 2021, and 2022. I have also been named a Top Austin Attorney by Austin Monthly Magazine since 2019.

6. During the 86th Regular Session of the Texas Legislature, I testified before the House Committee on State Affairs at the invitation of State Representative Celia Israel as a subject-matter expert on the Texas Whistleblower Act. I have presented CLE at conferences on employment law matters: "The Rights of Tipped Employees," sponsored by the Texas Employment Lawyers Association in 2013, and "Fifth Circuit Update," sponsored by Rob Wiley, P.C., in 2015.

7. My current hourly rate-a rate that clients pay me when they choose representation on an hourly basis rather than on a contingency fee basis-is $675/hour. I charge and receive this

Exhibit 8A, Declaration of Colin W. Walsh, Page 3 of 5

rate in the Austin market where I office and throughout Texas when I take cases on an hourly basis. My previous rate in 2019 was $585 per hour. I was awarded that rate in August 2019 by Western District Judge Royce C. Lamberth following my firm's trial victory in *Johnson v. Southwest Research Institute*, Civil Case No. 5:15-297. A copy of Judge Lamberth's opinion is attached.

8. I am familiar with the skill and qualifications of Plaintiff's attorney in this matter, Kell Simon. I have known Mr. Simon for over five years and am familiar with his skill and qualifications through his work as part of the Texas Employment Lawyers Association, of which we are both members. I consider Mr. Simon highly knowledgeable and skilled in the field of employment law, and particularly in discrimination and retaliation cases. In fact, since I have known Mr. Simon, I have consulted with him on various employment law issues because of his knowledge and reputation.

9. I am also familiar with the skill and qualifications of Plaintiff's attorney Robert E. McKnight, Jr. I have known Mr. McKnight for nearly a decade and am familiar with his skill and qualifications through his work as part of the Texas Employment Lawyers Association and in co-counseling with him on multiple cases including the above-mentioned Johnson v. Southwest Research Institute case. Mr. McKnight is highly skilled in employment law and in particularly in preparing attorneys fee petitions for such cases. Indeed, Mr. McKnight's assistance in preparing fee petitions is highly sought after and he has provided help not only to myself but to attorneys across the state.

9. Based on my knowledge of market rates for employment lawyers in Central Texas and the rate I charge for similar services including services my firm and I have provided clients in Austin, I believe that Mr. Simon's and Mr. McKnight's requested hourly rate of $575 is consistent

with (and probably below) market value for services by attorneys of such skill, knowledge, and reputation. I also believe that $125 is a reasonable hourly rate for a paralegal and is also consistent with market value.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 6, 2022.

_____
Colin W. Walsh