## DECLARATION OF DAVID L. WILEY
## ON FEE RATES OF ROBERT W. SCHMIDT, ROBERT S. NOTZON, AND ROBERT E. MCKNIGHT, JR.

1.     My name is David L. Wiley. I am an attorney in good standing and licensed to practice law in the State of Texas and in all four federal district courts in Texas [and I have practiced in all four of those federal district courts]. I am a principal in the Dallas-based law firm of Gibson Wiley PLLC.

### QUALIFICATIONS

2.     **I focus my practice of law on representing workers in employment law matters.** My legal practice is focused on representing individuals in employment matters. The primary focus of this employment law practice is in litigation. That has been the primary focus of my legal practice for over two decades. This focus has put me in contact throughout that time with other lawyers in Texas who also focus their practices on employment law. Through that contact I have some understanding of hourly rates for attorneys who practice employment law in Texas. Through that contact I also have some understanding of the varying degrees of expertise of lawyers who practice employment law and who litigate employment cases. Below are some examples of involvement that help inform my developed understanding of those degrees of expertise.

3.     **I actively participate in employment law bar activities**.  I was selected for, and since about 2009, I served on the governing council of the State Bar of Texas ("SBOT") Labor and Employment Law Section ("L&E Section"). I am a Past Chair of the L&E

Section and am currently Chair Emeritus of the L&E Section. My understanding is that the L&E Section has about 3,145 members. Only a select few lawyers are elected to govern that section via voluntary service on a governing council. There is an approximate balance between worker-side lawyers and management-side lawyers on the council. The council is charged with such duties as (1) overseeing membership qualifications, (2) assessing applications and awarding grants for pro bono activities in the field of labor and employment law, (3) reviewing and awarding grants for scholarship in the field of labor and employment law, (4) planning both basic and advanced continuing legal education ("CLE") programs for lawyers in the field of labor and employment law, (5) communicating with lawyers in Texas who practice labor or employment law. As part of my duties for the council, I have assisted in planning CLE programs for the L&E Section via selection of topics and speakers.  I do this yearly since being elected to serve on the council. I have done this for the annual State Bar of Texas Labor and Employment Law Institute held in the Fall of each year. And sometimes also for the State Bar of Texas Advanced Employment Law Seminar typically held in January of each year.

4.      **I maintain active memberships in employment law associations.** Since about 2003, I have maintained an active membership in the Texas Employment Lawyers Association ("TELA"). TELA is a voluntary bar association of Texas lawyers who regularly represent people rather than companies in employment matters. Since 2017, I have served on the Board of Directors for TELA. As of May 5, 2019, I am the elected President of TELA

and am currently serving my second two-year term in that position. I am an active member of the DFW Chapter of the National Employment Lawyers Association. I previously chaired its speakers committee, recruiting and coordinating speakers for monthly CLE presentations on employment law and its practice in the Dallas-Fort Worth area.

5.    **I frequently teach other lawyers about employment law.** Over the course of more than two decades, I have spoken at numerous continuing legal education ("CLE") and human resources seminars on a variety of employment law topics. In connection with such seminars, I have written and presented numerous papers on employment law topics. The following are examples of presentations I made in the last several years [this is not an all-inclusive list]:

| DATE | PRESENTATION TOPIC | VENUE |
| --- | --- | --- |
| 04/20/22 | Common written discovery issues in employment cases | SBOT 30th Annual Employment Law 101 Course in Austin |
| 07/13/21 | Use of focus groups to prepare for trials of employment cases | Houston Chapter of the National Employment Lawyers Association Meeting |
| 04/23/21 | Use of focus groups to prepare for trials of employment cases | Texas Employment Lawyers Association Annual Spring Seminar |
| 01/13/21 | Professionalism and dealing with opposing counsel | SBOT 29th Annual Employment Law 101 Course in Dallas |

| 05/10/19 | HR systems | UTCLE 26th Annual Labor and Employment Law Conference in Austin |
| --- | --- | --- |
| 01/17/19 | Discovery issues in employment litigation | SBOT 27th Annual Advanced Employment Law Course at the Westin Galleria in Dallas |
| 01/17/18 | Professionalism and dealing with opposing counsel | SBOT 26th Annual Advanced Employment Law Course at the Westin Galleria in Dallas |
| 09/20/16 | Shooting from the HIP(AA): Avoiding misfires when handling medical info in litigation | SBOT L&E Section 27th Annual Labor and Employment Law Institute at the JW Marriott Galleria in Houston |
| 09/09/16 | Discovery issues in employment litigation | SBOT Legal Access Division Employment Law Task Force Meeting |
| 06/16/16 | Ethics & professionalism in employment law | SBOT Annual Meeting of the Labor and Employment Law Section in Fort Worth |
| 09/20/15 | Ethics & professionalism panel: What the Court and Jury see and hear (co-presenters Chief U.S. District Judge Fred Biery and Marcia Jackson of Wick Phillips) | SBOT L&E Section 26th Annual Labor and Employment Law Institute at the JW Marriott in San Antonio |
| 01/21/15 | Discovery questions: What do you ask (co-presenter Shafeeqa Watkins Giarra-tani then at Norton Rose Fulbright) | SBOT 23rd Annual Advanced Employment Law Course (Employment Law 101 Section) at the Westin Galleria in Dallas |
| 01/18/13 | e-Discovery | SBOT 22nd Annual Advanced Employment Law Course at the Westin Galleria in Dallas |

| 09/14/12 | Avoiding and winning discovery (co-presenter Shannon Schmoyer of Schmoyer Reinhard LLP) | SBOT L&E Section 2012 Labor and Employment Law Institute at the JW Marriott in San Antonio |
| 01/26/12 | Discovery and common written discovery issues (co-presenter Shannon Schmoyer of Schmoyer Reinhard LLP) | SBOT 20th Annual Advanced Employment Law Course at the Westin Galleria in Dallas |
| 03/23/11 | Common discovery issues in employment litigation (with co-presenters Enrique Chavez of the Chavez Law Firm, Shannon Schmoyer of Schmoyer Reinhard LLP) | SBOT Webcast from SBOT Studio in Austin |

6.      **I have received peer recognition for my practice of employment law.** In the years 2007, 2008, and 2009, the Texas Super Lawyers edition of Texas Monthly Magazine listed me as a "Rising Star" in the field of plaintiff's employment litigation. In the years 2017, 2018, 2019, 2020, 2021, and 2022 the Texas Super Lawyers edition of Texas Monthly Magazine listed me as a "Super Lawyer" in the field of plaintiff's employment litigation. My understanding is that this selection is based off of an evaluation of 12 indicators including peer recognition and professional achievement in legal practice. I did not ask anyone to vote for me and did not campaign for inclusion.

7.      **I have an excellent legal education and federal trial-level judicial clerkship experience.** I am a 1996 graduate of the St. Mary's University School of Law in San Antonio, Texas. During law school, the St. Mary's Law Journal published a paper I wrote on the topic of physical appearance discrimination: *Beauty and the Beast: Physical Appearance Discrimination in American Criminal Trials*, 27 St. Mary's L.J. 193 (1995)—a paper that is still

cited among academics globally, recently in materials used for a symposium in October of 2021 at Ankara Yıldırım Beyazıt University in Ankara, Turkey. During law school, I served as a Comment Editor on the Editorial Board of the St. Mary's Law Journal—a journal that received accolades for being among the most cited law journals in the nation. After graduating, I worked two years as a law clerk for a federal district judge in New Orleans. During my judicial clerkship, I provided substantial assistance to the court in the trial of several employment law cases and in preparing rulings on matters ranging from dispositive motions to pretrial filings to evidentiary issues to discovery disputes. I also provided substantial assistance in preparing such rulings in other types of complex litigation such as securities litigation, intellectual property litigation, CERCLA litigation, and civil RICO litigation.

8.    **I have experience as a management-side defense attorney in employment cases.** Following the end of my clerkship in 1998, I practiced law for about 2 years in the Nashville, Tennessee, offices of King & Ballow—a nationally-renowned labor and employment defense firm. During that time, I counseled employers in employment law matters and deposed plaintiffs and witnesses in various employment law cases involving allegations of age discrimination, race discrimination, and sexual harassment. The work I performed involved interaction with courts and attorneys in various parts of the Southeast and Midwest, including Indiana, Ohio, Kentucky, Mississippi, Louisiana, and Tennessee. During that time, I frequently made speeches to human resources personnel on employment law

topics at programs organized by the Council on Education in Management and Lorman Education Services.

9.     **I have experience practicing commercial litigation at a big Dallas-based law firm.** I left King & Ballow voluntarily to accept an associate position in the Dallas offices of Jenkens & Gilchrist, P.C. I understood Jenkens & Gilchrist, P.C. was one of the largest firms in Texas at the time. I worked there for about eighteen months in its commercial litigation section. At the time, that section included about sixty litigators. While there, I worked on commercial, intellectual property, telecommunications, and franchise litigation. From that experience, I gained knowledge of difficulties in prosecuting commercial litigation. At the time I left Jenkens & Gilchrist, P.C. my regular billable hourly rate was $255 per hour.  That was in 2002 and at a time when I was only about six years out of law school. Without any adjustment for the twenty-years of improved quality of legal services garnered through all the training, continuing legal education, and experience I have since that time—and *only* adjusting for inflation using the consumer price index for legal services generated by the United States Bureau of Labor Statistics—that same rate for a six-year lawyer at the end of 2021 would be $452.34 [prices for legal services were 77.39% higher in 2021 versus 2002 (a $197.34 difference in value)]. And again, that is without accounting for any improvement in the *quality* of legal service over twenty years.

10.    **I have experience concerning comparative difficulties in complex commercial litigation versus employment litigation—employment can be more difficult.** In my experience, outlined herein, employment litigation can be just as challenging and difficult as complex commercial litigation and other kinds of complex federal litigation. Often it is more so. Part III of The Manual for Complex Litigation published by the Federal Judicial Center limits itself to discussion of six "Particular Types of Litigation": Antitrust, Securities, Employment Discrimination, Intellectual Property, CERCLA, and Civil Rico. In my opinion, the topic of employment discrimination is appropriately included and described alongside these other areas as complex litigation. Employment litigation often presents difficulties that are not present in commercial litigation and other complex federal litigation. For example, often the attorney prosecuting violation of an employment law must prove intent—what a person was thinking at a particular point in time (sometimes years before). Often that attorney must build a case based on circumstantial evidence rather than direct evidence. Much of that evidence is often unilaterally in the possession or custody of the opposing party—the employing entity. As the employing entity being prosecuted, that opposing party often has a clear incentive to refrain from producing that evidence via any lawful means available to it. And skilled litigators might find many. Often many or most of the witnesses whose testimony may be needed to build a case may be actively on the payroll of the employing entity. The numerous legal doctrines at issue in employment law—such as same-actor inferences, "cat's paw" analysis, "stray remarks" opinions, *McDonnell-Douglas* burden-shifting, after-acquired evidence doctrines, and *Faragher/Ellerth*

defenses—can be difficult to understand in isolation, hard to analyze in combination, and are frequently undergoing evolution via new precedent and splits in authority. Those circumstances combined can make employment litigation much more difficult than, for example, breach of contract litigation between large companies—involving older legal doctrines the main parameters of which were largely settled out over a century ago. They can also make the prosecution of employment litigation more difficult than other complex litigation such as those involving securities, intellectual property, CERCLA, and civil RICO.

11.     **I have experience running a law firm that provides representation to workers in employment matters.** I left Jenkens & Gilchrist, P.C. voluntarily to open a solo practice dedicated primarily to representing individuals in labor and employment disputes. This was sometime in the first few months of 2002. I managed my solo practice law firm for about one year. I then accepted an invitation to merge my practice into the predecessor of the law firm of which I am now a principal: Gibson Wiley PLLC.

12.     **I am familiar with the difficulties of maintaining a practice dedicated to helping individual workers in employment matters—experienced worker-side attorneys are relatively rare.** It is my opinion, based on my experience outlined above, that economic considerations can dissuade practitioners from entering, or remaining, in such a practice. I have known lawyers who began a worker-side employment law practice who later switched sides or changed focus for economic reasons. In employment cases, there are often caps on recovery, limits on kinds of recoverable damages and costs, and the recovery itself can take

years. The following information is based on my own experience, my work on the SBOT

L&E Council Membership Committee that I previously Co-Chaired, my review of SBOT

data that is publicly available on its website, and my interaction with attorneys on both sides

of employment litigation. In my opinion, there are many more lawyers in Texas who focus

their full-time practice of law on the management-side of employment law—representing

entities—than there are who focus their full-time practice on representing individual work-

ers in employment law matters. Practicing on the management side carries less financial

risk: It usually involves solvent client companies that can pay lawyers' hourly bills and re-

tainers that either guarantee payment or guarantee final payment. It usually involves re-

ceipt of a regular paycheck for the lawyer and comparatively steady income regardless of

whether the client wins or loses. Management-side representation can be substantively eas-

ier because the employee usually bears the burden of proof. And it is easier to pick apart

legal elements of an employee's claim than it is to build a winning case by proving every

element. Last I checked, the SBOT reports about 106,591 active members.  Last I checked,

the entire membership of the L&E Section for the SBOT numbers was only about 3,145.

That *includes* those who practice law full time on the management side. In my opinion,

there are relatively few attorneys who start or keep a full-time worker-side employment law

practice.


13.      **I have litigated employment law cases in Texas state and federal courts.** I served

(or currently serve) as counsel of record for the employee / former employee in

employment disputes in Dallas, Fort Worth, Houston, Beaumont, Abilene, Austin, Domino, Denton, Plano, Marshall, Amarillo, Anson, and Granbury. I have represented (or currently represent) clients who live in a wider range of geographic areas and from various walks of life—from low-wage workers to executives. The cases in which I have served (or currently serve) as counsel of record include various unlawful employment practices such employers' failure to comply with agreements, refusal to pay or underpayment of wages, discrimination, harassment, and retaliation. This includes *race* and *sex* discrimination cases.

14.     **I have counseled well over a hundred individuals in employment matters.** In addition to prosecuting civil actions, I have counseled individuals concerning their employment situations and how various employment laws might apply to their circumstances. On numerous occasions, I have also negotiated severance packages or settlements for employees without the need to engage in civil litigation. In addition to the cases listed above, I have served as counsel of record for the employee / former employee in employment cases outside of the federal and state courts in Dallas and outside of Texas.

<div align="center">

**ATTORNEYS' FEES**

</div>

15.     **I am familiar with the attorney's role as private attorney general in enforcing employment laws**. My understanding is that many of the state and federal employment laws governing unlawful employment practices rely on private enforcement. They do so by making the employer who commits an unlawful employment practice responsible for paying the employee reasonable and necessary attorneys' fees. In this way, governments may

avoid the public taxpayer expense of having to employ public attorneys' general to prose-cute violations of these laws that governments want enforced for public policy reasons. They do so by incentivizing private attorneys to enforce the laws with lawsuits.[1]

16.     **I am familiar with the applicable considerations courts and juries are instructed to use under *Texas state law* in addressing the reasonableness of attorneys' fees.** In 2019, the Texas Supreme Court published an opinion in *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, which addressed reasonable and necessary attorneys' fees. The starting point for calculating attorneys' fees is the base lodestar figure. The lodestar is a reasonable amount of hours multiplied by a reasonable hourly rate. This requires some evidence of (1) the particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) a reasonable amount of time required to perform the services, and (5) a reasonable hourly rate for each person performing such services. For a reasonable hourly rate, *Rohrmoos* gives us a non-exclusive list of considerations—*Rohrmoos* says it "usually" includes "at least" these considerations: "the time and labor required," "the novelty and difficulty of the questions involved," "the skill required to perform the legal service properly," "the fee customarily charged in the locality for similar

---

[1] Samuel R. Bagenstos, *Mandatory Pro Bono and Private Attorneys General*, 101 NW U. L. REV. COL-LOQUY 182, 187 (2007) ("Because the private attorney general system is essential to civil rights enforcement, and fee shifting is the engine that drives the system, judicial rulings regarding the availability of statutory attorneys' fees are likely to have extremely significant effects on the vindi-cation of civil rights in practice."). The legislative history of the Civil Rights Attorney's Fees Awards Act of 1976 has a robust discussion of the private attorneys' general concept, and a compilation of that history is here: https://ufdc.ufl.edu/AA00026686/00001/1.

legal services," "the amount involved," "the experience, reputation, and ability of the lawyer or lawyers performing the services," "whether the fee is fixed or contingent on results obtained," "the uncertainty of collection before the legal services have been rendered," and "results obtained." A reasonable hourly rate does not depend on the fee agreement between the prevailing party and his attorney. A reasonable hourly rate depends on all the relevant considerations for a particular case. That may include fewer than all the considerations listed above. Or it may include more than the considerations listed above.

17.    **I am familiar with considerations courts use under *federal law applicable in Texas* to address the reasonableness of attorneys' fees.** The United States Supreme Court published an opinion in *Blum v. Stenson*, 465 U.S. 886 (1984), which addressed attorneys' fees. In it, the United States Supreme Court noted courts use the "prevailing market rates in the relevant community." Then in *Purdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010), the United States Supreme Court explained that the lodestar method (hours x rate) has become the "guiding light" in fee-shifting jurisprudence and has "several important virtues." First, it looks to the "prevailing market rates in the relevant community" referenced in *Blum*. It "produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." Second, it is "readily administrable" and—unlike the Fifth Circuit's prior approach in *Johnson v. Georgia Highway Express, Inc.*, 488 F.3d 714 (5th Cir. 1974)—is objective. Still, federal courts consider factors from *Johnson* in

determining whether to adjust the lodestar result upward or downward. Those *Johnson* factors largely overlap the Texas state *Rohrmoos* factors referenced above. Those *Johnson* factors are (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases.

## ATTORNEYS' FEES:  REASONABLE HOURLY RATES

### Time and Labor Required

18.    **I am familiar with the time and labor required to bring an employment case to trial**. To get to trial of an employment case can take anywhere from as few as six months — on some known "rocket dockets" like in the federal courts of East Texas or Eastern Virginia — to as many as about ten years when a case hits procedural snags, stays, changes of counsel, interlocutory appeals, etc. What is more common is something in between — like 18 months to 3 years. To prepare a case well for a jury trial, and try it, can take *hundreds* and sometimes *thousands* of hours of work performed collectively by more than one lawyer. And that is if the lawyers are experienced. And therefore, have some efficiencies handling pretrial projects that come with that experience. With employment cases, it takes time to learn a lot about the underlying relationship an employee had with her employer. That

covers a lot. People may work about 8 hours per weekday with an employer, 5 days per week for 40 or 50 weeks per year over several or many years. But even though the adverse employment action even [e.g., firing, denial of promotion, etc.] can happen in a short timeframe, successful prosecution of an employment case can take an extensive knowledge of that underlying relationship. Because sometimes employers may defensively use events that happened months or years before. But only raise them during a trial with no or minimal notice. The employer may control much of the evidence in an employment case. So, there can sometimes be numerous disagreements over discovery that may have to be resolved.

19.    **I have some familiarity with the time and labor it took the lawyers who prosecuted the *Nikolova* case to prevail.** I understand that the prosecuting plaintiff seeks to recover for around 2,000 hours of work. I understand it was a challenging and hotly-contested case—filed in 2019 and tried to a jury in 2022. I understand it involved rounds of dispositive motions, and about ten asserted affirmative and other defenses. I understand it included about eleven depositions and about a week of trial testimony. I understand it involved gathering and analysis of statistical evidence. And gathering of comparative information about other employees. Then analysis of which were similarly situated. And, of those, analysis and presentation of their records on factors concerning tenure decisions: Like research funding, publication record, and teaching. I understand the employer would not even concede that a prima facie case of discrimination existed. I understand the employer proffered shifting reasons for the adverse employment action—between alleged

teaching deficiencies to concerns about research funding. The type of these proffered reasons can call for a more involved analysis, and more work, to show they are pretextual. By way of comparison and example, if an employer were to allege the motive for an adverse employment action was that an employee *did not* show for work on a specific day—analysis and proof that the employee actually *did* show for work that day might be relatively easier. In my opinion, taking around 2,000 hours to successfully prosecute such a case is not unusual and speaks to efficient use of time and labor overall—which speaks to how experience is brought to bear on prosecution. That is, it speaks to the *quality* of the time and labor exerted: The notion that for some tasks, it can take an experienced lawyer less time and labor to accomplish a task it might take a lesser-experienced lawyer to accomplish. That informs how the *quality* of the time and labor exerted impacts the reasonableness of the hourly rates requested. In addition to my own experience in prosecuting employment cases, I base my opinion on time and labor here in small part on my review of some other single-plaintiff employment cases tried to a jury verdict in recent years and the total hours federal courts in Texas have found to be reasonable—such as *Miniex v. Houston Housing Authority*, Civil Action No. 4:17-0624 [Doc. 277] (S.D. Tex. Sept. 13, 2019). In *Miniex*, a general counsel successfully sued her former employer over her unlawful retaliatory firing for engaging in activity protected by the False Claims Act. Judge Nancy F. Atlas determined that **2,423 hours** of labor was reasonable and recoverable for prosecution of the case—which included work over about a 2-year period, concluding with a 6-day jury trial. Though the *Miniex* case was tried in the United States District Court for the Southern District of Texas, the number

of hours it can take to successfully prosecute an employment does not—in my experience and opinion—vary much by district. I also base my opinion on time and labor here in small part on my review of testimony in this case: *Thomas v. Cook Children's Health Care System*, No. 4:20-cv-01272-O [Doc. 138-1] PageID 11174-83 (N.D. Tex. May 16, 2022). *Thomas* is a single-plaintiff employment discrimination case. The court granted summary judgment for defense. No trial was had. Defense is seeking fees for defending the case through summary judgment. Defense has proffered testimony of a partner in the law firm of Winston & Strawn, LLP., Geoffrey S. Harper—one of the defense attorneys in the case. Collectively, counsel for defense in *Thomas* contends defense spent about **5,838.90 hours** between sixteen lawyers, with no trial, and that this time was both reasonable and necessary. *See id.* [Doc. 138-1] at pp. 7-8, PageID #11180-81, ¶¶ 17-18 ("I strongly believe that the work was reasonable and necessary for the defense of this case."). These other cases, however, only play a small part in my opinion on time and labor as they impact the reasonableness of rates—for the obvious reason that each case can have its own procedural peculiarities and necessities. But they inform my opinion generally on how many hours it can take to win an employment discrimination case. And there is a relationship between hours and rate that informs my opinion on the reasonableness of a rate: Consider a team of lawyers who can perform in about 2,000 hours what it might take another team of lawyers over 3,000 or 5,000 hours to perform. The prevailing market rates are higher for that first team. As applied here, it is remarkable to me that the prosecuting team—primarily just Robert W. Schmidt and Robert S. Notzon—were seemingly able to accomplish in about 2,000 hours

what might have taken a different team much longer. Those quality-based efficiencies in use of time and labor inform my opinion below concerning the reasonableness of the hourly rates being requested in the *Nikolova* case.

## Novelty and Difficulty of Issues

20.     **I am familiar with the novelty and difficulty of issues involved in employment litigation—in my opinion, employment litigation is difficult**. In *Rush Truck Centers, L.P.* v. *Fitzgerald*, No. DC-09-19598-D (95th District Court for Dallas County, Texas March 2, 2012), former Dallas County District Judge Ken Molberg [now a Dallas Court of Appeals Justice] compared commercial cases with employment cases:  "[I]n this Court's experience and observation, it is more difficult to prevail in an employment case than it is in any given commercial or business case." I share that opinion. Often the attorney in an employment case must build a case based on circumstantial evidence rather than direct evidence. The current or former employer usually has greater access to, and control over, the evidence. It may employ many of the witnesses. It may try to justify an employment decision after the decision has been made and may assert multiple reasons for each such decision. In doing so, it may go back years into the employment relationship to dredge for dirt on the employee plaintiff. It may change its story during litigation. Employment cases involve a lot of unique doctrines—like those mentioned above. And sometimes employers assert numerous affirmative defenses that take time and effort to handle, even when the employer effectively abandons those defenses at trial.

## The Skill Required to Perform the Legal Service

21.    **I am familiar with the skill required to successfully prosecute an employer.** A lawyer hoping to do so can have numerous obstacles that take skill to overcome. Some are just inherent in civil litigation work generally compared with other kinds of legal services. For example: Managing the amount of work itself. Legal services like negotiating a settlement agreement can involve a relatively fixed and lesser amount of time and a more limited number of tasks. Litigation and trial work generally can require skill in managing hundreds or thousands of hours of work and dozens of tasks. Some of those tasks can be dictated by others, like courts or opposing counsel. I sometimes analogize to what I imagine it might be like steering a cruise ship with a paddle—hard to keep direction controlled. Another example: facing skilled opponents. That is, well-educated, trained, and sometimes more-experienced, lawyers who are dedicating and focusing their skills and time to opposing what you are doing. Where lawyers in a corporate merger may ultimately be trying to come to a mutually agreeable deal, lawyers in litigation usually are not.  Some obstacles can be more particular to plaintiff-side work—like bearing the burden of proving liability. I analogize the difference in *prosecuting* a civil case and *defending* one [I have done both in my career] to the difference in building a house versus tearing one down: Creating is harder than destroying.[2] Some obstacles can be more particular to employment litigation.  For example,  disparity in

---

[2] Famous Texan and former Speaker of the United States House of Representatives Sam Rayburn is reported to have stated a similar analogy less delicately but more colorfully: "Any jackass can kick down a barn, but it takes a carpenter to build one."

resources with which to litigate—caused in part by the defending employer: The David v. Goliath obstacle. When one large company is suing another large company over an intellectual property dispute, for example, there may also be disparity. One company may have more resources than the other. But a working person's wages are often that person's only or main source of revenue. When an employer cuts off or limits those wages, the employer cuts off disposable resources with which to invest in prosecuting litigation over those very wages. Employment litigation usually involves an individual who is wholly or mostly dependent on employment for income trying to prosecute an entity with at least sufficient wealth enough to employ individuals. As a practical matter, for a lawyer, this can mean that the litigation will have to proceed without certain resources a lawyer might like to have in litigation and might have in other kinds of litigation: Resources like consulting or testifying experts, private investigators, live video-depositions, depositions of persons or entities far-outside the geographic area of the litigation, and litigation support services such as IT personnel and technology support staff. Otherwise, it can mean the prosecuting lawyer will have to risk paying those expenses themselves—with only a hope of recovering those costs, some of which may not be recoverable at all under the applicable costs recovery rules or statutes. In my experience, few working people can afford to pay a lawyer a full market hourly rate secured with a retainer to fully prosecute an employment claim all the way through trial. So, the only real access to the courthouse for those employees depends on finding a lawyer willing to represent him on a contingency arrangement—meaning the lawyer will only be fully paid *contingent* on the lawyer winning or successfully negotiating a

settlement. In my experience [outlined herein] many law firms with entire staffs of lawyers who spend their careers focusing on employment law simply will not represent clients on that kind of risk of non-payment. To modify the age-old colloquialism / idiom about "not suffering fools," a plaintiff's employment law practice will not often or long suffer unskilled attorneys and it takes a very skilled lawyer to be able to work without access to resources of a big company, a government, or a large law firm. There can also be a discovery-access problem: There is usually an access obstacle—with the employer controlling needed documents and employing many or most of the main witnesses to the questions of liability. It takes a lot of developed skill to overcome these obstacles.

22.    **It is my opinion that it took a lot of skill to successfully prosecute the *Nikolova* case.** I understand that this case presented the kinds of obstacles referenced above and some others. I understand the case pitted plaintiffs' counsel against skilled, highly trained, and experienced defense counsel—several such attorneys—both government lawyers and counsel from an international law firm [with over 1,600 lawyers in about 100 locations / offices] that has an *exclusive* focus on labor and employment law—advertised to be "the world's largest employment and labor law practice representing management."

### The Customary Fee and Awards in Similar Cases

23.    **I am familiar with hourly fee rates that lawyers who bill by the hour charge for employment law work in Texas—as well as rates federal and state court judges have awarded in Texas for employment law work.** I have researched and led research

concerning hourly fee rates that federal and state court judges have awarded in employment cases in Texas over the past several years. And concerning what lawyers who practice employment law in Texas bill to clients [and receive from clients] as hourly rates—when they have clients who can pay by the hour. Results of such work are contained in a 2022 Attorneys' Fees Hourly Rate Yearbook for Employment Law that is published via the Texas Employment Lawyers Association. A copy is attached. This is a compilation of attorneys' hourly rates for employment law work in Texas. It uses court rulings, jury verdicts, arbitrations, testimony, and actual rates billed. Unlike summaries of anonymous surveys, it names lawyers and cites sources. To help compare quantity of experience, it is grouped by ten-year classes—like a yearbook groups classes from seniors to freshmen. It is organized by geographic regions corresponding with the four federal districts in Texas and accounts for inflation to the end of 2021 via the U.S. Bureau of Labor Statistics for legal services. This compilation is limited to employment law work—about 283 lawyers and 117 fee awards. This research and book, in part, informs my opinions expressed herein concerning current market rates for worker-side attorneys who prevail in prosecuting employment cases in Texas and, more specifically, in Austin, Texas. It informs my opinions concerning ranges of reasonable rates—with lows for the newer lawyers at about $250 per hour to highs around $1,000 per hour for experienced attorneys in employment matters. It specifically informs my opinion concerning fair and reasonable hourly rates for legal services of Robert W. Schmidt, Robert S. Notzon, and Robert E. McKnight, Jr. (each of whose professional biographies I have read). As I helped create and assemble this book, I also read the

biographies of each lawyer listed in it. And so, I have some familiarity with the comparative qualities of experiences of all these lawyers.

### The Amount Involved and Results Obtained

24.   **I am familiar with the results obtained in the *Nikolova* case: They are outstanding.** The results really speak for themselves. A jury verdict for an employee in the amounts of $1,000,000 for past non-economic loss, $2,000,000 for future non-economic loss, and $50,000 for economic loss. This is a significant win. And against a much-beloved public institution in the local community—a fact that can make trying and winning a case against such an entity more difficult in that community. These results inform my opinion about how well this case was prepared and tried and so, on rates.

### The Experience, Reputation, and Ability
### of the Lawyers Performing Services

25.   **In my opinion, Robert W. Schmidt is an excellent employment lawyer—whose skill, experience, and reputation are outstanding.** I am familiar with attorney Robert W. Schmidt. I have known him for a number of years—primarily through our professional association and collaboration through the Texas Employment Lawyers Association. We have discussed employment law issues and trial advocacy techniques. He and I have planned continuing legal education courses on such issues. I am familiar with his work in federal courts in Texas. I have compared his published experience with that of other attorneys referenced in the attached 2022 Attorneys' Fees Hourly Rate Yearbook. Few lawyers within

the Western District of Texas have his combination of trial skills, years and quality of relevant experience, and knowledge in handling difficult employment law doctrines on behalf of employees. I know his reputation among worker-side employment lawyers. His reputation among worker-side employment lawyers is excellent. Because of my experience referenced herein, I am familiar with what are considered reasonable rates in the employment law practice area for lawyers with comparable skill, experience, and reputation to that of Robert W. Schmidt—across Texas and within the Western District of Texas.

26.    **In my opinion, Robert S. Notzon is an excellent lawyer—whose skill, experience, and reputation are exceptional.** I have worked and interacted less with Mr. Notzon than I have with Mr. Schmidt. But I am familiar with Mr. Notzon and his work. I have known him for a number of years—through our professional association and collaboration through the Texas Employment Lawyers Association. We have discussed employment law issues, trial advocacy techniques, and preparation of employment law cases for trial. I have reviewed his biography. He has an excellent reputation among worker-side employment lawyers for taking on difficult employment law matters. I have compared his published experience with that of other attorneys referenced in the attached 2022 Attorneys' Fees Hourly Rate Yearbook. Because of my experience referenced herein, I am familiar with what are considered reasonable rates in the employment law practice area for lawyers with comparable skill, experience, and reputation to that of Robert S. Notzon—across Texas and within the Western District of Texas.

27.    **In my opinion, Robert E. McKnight, Jr. is an excellent lawyer—whose skill, experience, and reputation in preparing fee applications are exceptional.** I am familiar with attorney Robert E. McKnight, Jr., who I understand is providing services concerning the fee application in the *Nikolova* case. I am familiar with his reputation for handling fee applications and appeals. He is known for having a niche practice—helping prepare fee applications for worker-side lawyers when they prevail at trial. He is known among worker-side lawyers in Texas as the "go-to" lawyer for that sort of work because of his extensive knowledge of the laws governing fees *and* employment law. I have read fee applications he has prepared in various employment law cases and his work is excellent. I have known him for approximately twenty-five years, both personally and professionally through his active involvement in the Texas Employment Lawyers Association and from his work in Louisiana when I was clerking for a judge in the United States District Court for the Eastern District of Louisiana. He had a role in publishing the Fifth Circuit Civil News — an excellent survey of cases from the United States Court of Appeals from the Fifth Circuit. He is also author of a well-regarded and multi-volume treatise, which I understand is now in its Fifth Edition, entitled REPRESENTING PLAINTIFFS IN TITLE VII ACTIONS. I am familiar with his work and excellent reputation for handling difficult appellate work in employment cases including fee applications. I have compared his published experience with that of other attorneys referenced in the 2022 Attorney' Fees Hourly Rates Yearbook attached. In my experience, few lawyers in Texas have his combination of writing and appellate briefing skills, years and quality of relevant experience, and vast knowledge of handling difficult

employment law doctrines on behalf of employees—and fewer still in the cross-section of laws on fees and applications for fees and employment law. Because of my experience referenced herein, I am familiar with what are considered reasonable rates in the employment law practice area for lawyers with comparable skill, experience, and reputation to that of Robert E. McKnight, Jr.—across Texas and within the Western District of Texas.

## Case Undesirability

28.    **I am familiar with how the economic amounts involved in employment cases can shrink the available market for counsel who are well-qualified to successfully try cases.** Employment law claims can lack remedies other laws provide—like trebling of damages under deceptive trade practice laws. Economic losses may be lesser than those involving big commercial cases. Damages caps that have been in place for decades and without adjustment for inflation may apply. For these reasons, these cases can be undesirable to lawyers who can try cases—lawyers who have skills enough to not only file cases and go through procedures and discovery [i.e., "litigators"] but also carry cases all the way through a trial [i.e., "trial lawyers"]. Lawyers with sufficient skill to try and win complex litigation could choose to limit their practice to only representing high-income earners whose economic losses are large. Or companies in commercial disputes. So, the market for such worker-side lawyers who will represent workers with relatively low economic losses can be smaller than other markets for legal services provided on a contingency fee basis. This can put lawyers who will try such cases in high demand. Consequently, it bears on

what a market hourly rate might be when engaging in the hypothetical lodestar question under *Perdue*—what the prevailing attorney "would have received *if* he or she had been representing a paying client who has billed by the hour in a comparable case."

29.    **I am familiar with the difficulties associated with substantial non-economic losses at stake: It is a smaller set of lawyers well-qualified to handle those cases.** When an employee has sustained tremendous compensatory non-economic losses, it can take particularly skilled attorneys to prosecute employment cases for such an employee. The losses may not be as easy to calculate as economic losses. Jurors may be more hesitant about awarding and calculating awards for such losses. After all, many eighth graders with a calculator might be able to calculate economic losses. But non-economic loss can be harder to calculate. So, it can take a deft touch when the amounts involved are *only* or *mainly* for non-economic losses. But not just with the jury. With the employee / client as well. Because that employee, of course, has suffered substantial non-economic harm. That can infect so many aspects of the attorney-client relationship. In ways that clients who have not suffered such harm may not have. Like communication. A client with purely economic loss may not have the same kind of trouble describing the loss—or even communicating generally—than someone who has suffered great anguish or other non-economic loss. A quote that comes to mind, attributed to more than one writer, from a different context: "once you have been tortured you remain tortured." The great trauma a jury recognizes as compensable can also make it harder for that person to participate in the prosecution of a civil action over that

very trauma. Because of the continuing nature of the trauma itself. So, the *nature* of the amounts involved—the kinds of harms and losses they represent—inform my opinions on rates expressed herein. Because of how narrow the field can be for lawyers who have both experience with employment law but also specialized training and skills to both handle those issues and relate them to jurors. Over substantial non-economic loss. As a matter of supply and demand, this smaller market could drive market rates to be higher in the hypothetical analysis the United States Supreme Court calls for in *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010): To find "an award that roughly approximates the fee that the prevailing attorney *would have* received if he or she *had been representing a paying client* who has billed by the hour in a comparable case."

30.     **In my opinion, civil rights work generally—and employment discrimination cases specifically—can be undesirable for lawyers because of their complexity.** In my opinion, there is a shortage of lawyers in Texas who are willing to take such cases for workers compared to how many workers need help. On a given weekday, I may get three to five calls from potential clients—workers who need help in an employment matter. And I do not even have a firm website for marketing. In my experience, workers may have to try dozens of lawyers before finding one willing to help. In my opinion, this is partly *because* of the undesirability of this kind of work. Because the work is complex. I think it can be easier for lawyers to make money working on other, less-complex cases.

31.     **In my opinion, civil rights work generally—and employment discrimination cases specifically—can be undesirable for lawyers because of some practical problems in trying discrimination issues to a jury.** Aside from the complexity of the law itself, there can be practical problems that make such cases difficult: Many people, many prospective jurors, may have express or subconscious biases *favoring* the very kind of discrimination at issue in an employment discrimination case. That is, many people may hold the belief that employers being free to discriminate—on the bases of various protected categories—is a *good* thing. At inception, civil rights laws themselves *prohibiting* employment discrimination were not overwhelmingly popular. I understand the United States House of Representatives passed the Civil Rights of 1964 on February 10, 1964, and after a 54-day filibuster, it passed the United States Senate on June 19, 1964. The final vote was 290–130 in the House of Representatives and 73–27 in the Senate. In contrast, making acts like murder a crime—or creating civil liability for breach of contract or fraud—seems near universally popular. Many people [prospective jurors] may hold beliefs that employers *should* be able to refuse to hire people who are gay or lesbian, or be free to pay pregnant women less or deny them tenure because of their sex, etc. After all, Jim Crow laws—as odious as they were—did not exist because they were so nationally condemned and extremely unpopular. Same with the discrimination inherent in school segregation: It was not undone via popular mandate but as a result of cases like *Brown v. Board of Education of Topeka*, 347 U.S. 483 (1954). Skipping forward to more modern times, at least some of that opinion favoring discrimination—or at least disfavoring making it illegal—still exists. For example, in forming my opinion on

this aspect of undesirability, I have considered this result of polling by the Kaiser Family Foundation (KFF) of 1,001 people:



While the set of people opposing laws on discrimination is a minority, it is a significant one—hovering between 20% and 30%, according to this poll. Similarly, on pregnancy discrimination, there is this kind of recent polling data showing a significant minority of people polled have no concern about the treatment of pregnant workers [from the thinktank, Data for Progress]:



So, of 1,169 persons [those identified as likely voters] polled, 18% express *no concern* over the treatment of pregnant workers: And those rates vary from 7% to 29% by party affiliation. Views *favoring* discrimination—and views disfavoring laws banning discrimination—are unfortunate. But those views are a reality. Or at least a perceived reality. If accurate, they can make trying and prevailing before a jury in civil rights discrimination cases difficult. Even if inaccurate, the fact that such data exists can discourage lawyers from taking such cases. Having a large [though minority] segment of the population who even *might* believe discrimination *should* be legal is a real disincentive from taking such cases. So is having a large [though minority] segment who *might* believe treatment of pregnant workers is not a concern at all. As pay can depend on prevailing despite these beliefs, the existence of these

beliefs—or at least the *perception* that these beliefs *may* exist among the general population—can, in my opinion, make such cases undesirable for lawyers.

32.     **In my opinion, civil rights work generally—and employment discrimination cases specifically—can be undesirable for lawyers because of the fear of how judges [who decide fees] might view requests for fees in such cases.** In assessing whether they might be paid fairly, if they prevail, lawyers may believe they have to overcome some stereotypes about getting fair compensation in civil rights matters. As General Counsel of the United States Department of Health and Human Services and former Law Professor Samuel R. Bagenstos of the University of Michigan Law School puts it:

> We currently have a system of civil rights enforcement that harnesses the profit motive of plaintiffs' attorneys to encourage the prosecution of violations of civil rights laws. *That system may seem crass and disreputable to those who believe that lawyers should bring civil rights actions out of the goodness of their hearts* (perhaps while singing 'Kumbaya' or, for those of a more lefty persuasion, 'If I Had a Hammer').

Samuel R. Bagenstos, *Mandatory Pro Bono and Private Attorneys General*, 101 NW U. L. REV. COLLOQUY 182, 182 (2007) (emphasis added). Professor Bagenstos is not alone. He summarizes and quotes former Dean and Professor Emeritus of the University of San Francisco School of Law—who performed an analysis of fee opinions in civil rights cases:

> The biggest obstacle to that system is the view, widespread among federal judges, that civil rights litigation 'is not part and parcel of ordinary practice, but is more in the nature of charity or volunteer work.'

*Id.* at p. 187 (quoting Jeffrey S. Brand, *The Second Front in the Fight for Civil Rights: The Supreme Court, Congress, and Statutory Fees*, 69 TEX. L. REV. 291, 373 (1990)). Whether any of this is *actually* true or not—that those who decide fees have this expressly-held or subconscious bias—is beside the point. Whether that belief is real or not, in-play or not, the mere *prospect* of its existence can have real-world impact on desirability: Given the existence of such scholarship and conclusions of those who study the area, a lawyer might refrain from taking the gamble that seeking money for enforcing civil rights laws will be seen [expressly or subconsciously] as crass. Or that seeking fees for such work will be viewed with some amount of disfavor. Or that civil rights work may ultimately be seen as not as deserving of fees as say, business disputes or copyright or intellectual property work—because civil rights should be done pro bono, out of charity, etc. And may, therefore, garner less compensation.

33.     **In my opinion, civil rights work generally—and employment discrimination cases specifically—can be undesirable for lawyers because of the fear of how judges [who decide fees] might set rates.** In my opinion, a disincentive for taking these cases can be the *belief* that judges will only provide compensation at or below the same rates defense lawyers can make win or lose—as Professor Bagenstos explains:

> Because plaintiffs' counsel in fee-shifting cases get paid only if they win, paying them the same hourly rate as lawyers who get paid whether they win or lose creates a disincentive to take these cases.

*Id.* at p. 185. So, a lawyer faced with the prospect of *only* earning [at most] at the *same* rate as lawyers who are paid win or lose—can make these cases undesirable.

34.     **In my opinion, civil rights work generally—and discrimination cases specifically—can be undesirable for lawyers because of the imbalance in resources common to the practice area**. Just last month, United States District Judge Amos L. Mazzant of the Eastern District of Texas noted the undesirability of civil rights work in a housing discrimination case:

> Further, *this case underscores the undesirability of civil rights litigation*. Counsel for Ms. Swanston and WESL took this case on a contingency basis and have litigated the matter for over three years, undertaking 'an immediate 20% loss of revenue with the long-term possibility that none of that revenue would be recovered' . . . . Aware of the potential losses, *Plaintiffs' counsel went up against a municipality with substantial financial resources, a large in-house legal staff, and representation by a firm with 19 attorneys.*

*Swanston v. City of Plano, Tex.*, No. 4:19-cv-412 [Doc. 145] at p. 14, PageID #3492 (E.D. Tex. Aug. 18, 2022) (emphasis and omission added). My understanding is that in the *Nikolova* case, as previously noted, plaintiff's counsel faced both government lawyers and counsel from an international law firm [with over 1,600 lawyers in about 100 locations / offices] that has an *exclusive* focus on labor and employment law—advertised to be "the world's largest employment and labor law practice representing management." In short, resources far exceeding those Judge Mazzant mentions in *Swanston* [i.e., a bigger

governmental entity and a law firm with more attorneys]. In my opinion, that can make civil rights cases undesirable for the same reasons Judge Mazzant mentions.

35.     **In my opinion, civil rights work against government entities can be undesirable for lawyers—generally, and specifically against such a beloved institution as the University of Texas**. In addition to the existence of damages caps that have been in place for decades and without adjustment for inflation, punitive damages are currently unavailable against a government under the Texas Commission on Human Rights Act and Title VII of the Civil Rights Act of 1964. That can make a case undesirable for a skilled trial attorney—who might opt instead to take cases without caps and with the availability of punitive damages. Also, the University of Texas is a beloved institution across the State of Texas and especially in Austin. People wear its signature burnt-orange colors ubiquitously, whether students or not. Which alone could discourage lawyers from taking cases against that institution for the simple fact that jurors in the local community may feel some affinity with the institution. Also, many lawyers and judges are alumni of the institution. So, there is the prospect of negative potential consequences for a lawyer's career in taking a case against the institution—or at least there may be the *perception* of such a prospect. All this undesirability further informs my opinion on fees in the *Nikolova* case.

### Comparison with State Bar of Texas Summaries of Surveys

36.     **In forming my opinion on fees expressed herein, I have considered State Bar of Texas summaries of surveys—but find them unreliable and unhelpful for numerous**

**reasons**. For a number of years, the State Bar of Texas published summaries of surveys on fee rates. Such as the 2015 Hourly Rate Fact Sheet and a 2019 Income and Hourly Rates Report (the "summaries" or "SBOT summaries"). I have considered them and compared them the 2022 Attorneys' Fees Hourly Rate Yearbook for Employment Law that is attached. The latter is, in my opinion, way more reliable—for numerous reasons:

(a)     **The SBOT disclaims the summaries as being of any use in setting fees**: The State Bar of Texas itself expressly notes that its summaries *should not* be used to set rates: "[H]ourly rate information is no longer collected. Past hourly rate reports were not designed for nor intended to be used for setting appropriate attorney fees."[3]

(b)     **The surveys underlying the SBOT summaries have methodological problems**: In my opinion, the underlying survey has lots of fundamental methodological problems that make the accuracy of its summary questionable. Even though some courts have used, I do not think courts have always considered those problems. The Texas Employment Lawyers Association commissioned statistics professor N. Shirlene Pearson, Ph.D, to analyze the Hourly Rate Fact Sheet. I am familiar with her written analysis, authored and self-published, concerning the veracity of — and methodology used in creating — the Hourly Rate Fact Sheet. An accurate copy of that written analysis is attached hereto. I have considered it in forming my opinions herein and I agree with Professor Pearson's

---

[3] https://www.texasbar.com/AM/Template.cfm?Section=Demographic_and_Economic_Trends

conclusion that courts should not rely on the Hourly Rate Fact Sheet in deciding prevailing rates in the relevant community. Because of the methodological problems underlying the survey itself—that Professor Pearson discusses—such as these: (1) the response rate is unreliably low; (2) as a voluntary, self-selecting survey, it suffers from selection bias in that the group who respond may differ in important characteristics [such as having vested interests in results], which can skew results; (3) it is paired with sensitive questions [such as those about income] that can discourage participation; (4) as it is emailed, it may exclude participation by those whose email SPAM filters have filtered out the survey and expressly excludes those who opt out of State Bar emails altogether; (5) the summary excludes responses from part-time attorneys; and (6) there is ambiguity in the results, as the survey does not differentiate between volume discount rates and real rates. United States District Judge Frank Montalvo in the Western District of Texas rejected use of the state bar summaries, in part, for methodological problems Professor Pearson noted:

> Dr. Pearson stated the Texas Bar survey underlying the Fact Sheet data suffered from the fatal defects of a limited sample size, selection bias, and suboptimal methodology.[] Moreover, the hourly rates listed on the Fact Sheet do not distinguish between reported billing method: hourly fees, flat rates, contingency fees, or discounted fees for volume clients.[] Dr. Pearson concluded the Fact Sheet does not reliably reflect the hourly rates of attorneys in Texas.[] Tellingly, the Texas Bar itself warns against using the Fact Sheet to set attorney fees.[] . . . After consideration of the significant limitations of the Fact Sheet, this court relies on the three attorney declarations supporting the Motion, which compellingly concur that the requested rate is reasonable.

*Diocesan Migrant & Refugee Servs., Inc. v. United States Immigration and Customs*

*Enforcement*, No. EP-19-cv-00236-FM [Doc. 72] at pp. 25-26 (W.D. Tex. Jan. 28, 2021)

(omissions added). I share Judge Montalvo's quoted opinion on the defects he mentions

and that also plays a role in my opinions on fees expressed herein. I have also considered

United States District Judge Nancy F. Atlas's opinion in, in which she also notes the sum-

mary is an unreliable guide:

> The Court is unpersuaded that the median rates for labor and employment
> lawyers in the 2015 SBOT survey is a reliable gauge for reasonable hourly
> rates for work performed in 2017 through 2019 by B&A's attorneys and
> Thornton. *The SBOT survey data is several years old, provides only median rates,
> and is of questionable reliability because of a very low response rate* (only 9.6% of
> Houston lawyers responded to the survey).

*Miniex v. Houston Hous. Auth.*, No. 4:17-0624 [Doc. 277] at p. 9, 2019 WL 4920646, at *4

(S.D. Tex. Sept. 13, 2019) (emphasis added). I share Judge Atlas's opinion that the sum-

mary is an unreliable guage for these same reasons.  In my opinion, many similar and other

methodological problems affect the underlying surveys, too.  For example, it appears to me

that participants can submit multiple responses, as many as they want, apparently. It seems

to me that the responses themselves are unvalidated; lawyers with an interest in seeing re-

sults reflect low rates can submit lower than *actual* rates. I cannot tell whether or how an-

swers are verified for accuracy. The questions about rates themselves are unclear, particu-

larly when asking respondents about non-hourly arrangements like flat or contingent fees.

Specifically, the survey does not seem to explain whether it is asking for respondents to

state an hourly rate equivalent, a total amount of flat fee or contingency fee revenues; or

what a typical flat or contingent fee happens to be. For all of these same reasons, in my opinion, the summaries are not even a proper subject for judicial notice under Federal Rule of Evidence 201:

> Rule 201. Judicial Notice of Adjudicative Facts
> . . . .
> (b) Kinds of Facts That May Be Judicially Noticed. The court may judicially notice a fact that *is not subject to reasonable dispute* because it:
> . . .
> (2) can be accurately and readily determined from *sources whose accuracy cannot reasonably be questioned*.

Regardless of whether this evidentiary rule applies in the context of fee applications, the policy expressed in it appears to me to be that decision-makers should only take this evidentiary shortcut when the proffered fact is likely beyond reasonable dispute. And because of the methodological problems with the underlying surveys these summaries purport to summarize, they would not usually qualify for such an evidentiary shortcut.

(c)     **There is no readily available way to verify whether the SBOT summaries accurately summarize the SBOT survey data—because the underlying data is not published.** My understanding is that the State Bar of Texas summaries are based on *anonymous* surveys. To my knowledge, only the summaries are published while the underlying data—that is the survey responses themselves—are not. Without that data, there is no readily available way to test whether the published summaries accurately summarize the underlying surveys. In my opinion these summaries would not meet the basic criteria for

admission as a summary under Federal Rule of Evidence 1006—for that fundamental flaw:

> Rule 1006. Summaries to Prove Content
>
> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. *The proponent must make the originals or duplicates available for examination or copying*, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

Regardless of whether this evidentiary rule applies in the context of fee applications, the policy expressed in it appears to me to be that summaries should be suspect—and should not be considered by decision-makers—absent the underlying data being made available for analysis and testing. That policy also informs my opinion here. Here, other than pure trust and faith, there is no easy way for lawyers or judges to tell if the summaries accurately summarize the surveys they purport to summarize.

(d)      **In addition to being effectively unverifiable, the survey response rates summarized in the 2015 summary were low.** They were low in every geographic area—from 9.6% to 13.5%—in the 2015 summary. For the Labor-Employment practice area in the Austin-Round Rock Metropolitan Statistical Area, the 2015 summary purports to be based on receipt of only 33 responses. In contrast, the 2022 Attorneys' Fees Hourly Rates Yearbook, lists about 28 rates from Austin. The difference is, however, the rates in the Yearbook are all verifiable—the lawyers are named, the rates and court opinions and testimony all specifically cited.

(e)    **In addition to being effectively unverifiable, the survey response rates summarized in the 2019 summary are not limited to any particular practice area.** The 2019 summary does not break out responses by practice area at all. So, it is not helpful in assessing *any* rates in the relevant subject matter area of labor and employment law: It is not known if *any* rates summarized in the 2019 summary involved labor and employment law work. Or family law, estate planning, DUI defense, etc. In contrast, the 2022 Attorneys' Fees Hourly Rates Yearbook is limited to labor and employment law work—approximately 70 different lawyers in the Western District of Texas, all named and whose rates are documented and cited. All for labor and employment law work specifically.

(f)    **The summaries only report "median" hourly rates—not highs nor lows nor even averages.** In my opinion, this is not helpful in comparing quality of experience. The lawyers on whose proposed rates I offer opinions herein are not, in my opinion, "median" or "average" lawyers. And I can tell nothing about the quality of experience of the lawyers anonymously referenced in the summaries. So, the summaries do not provide a good basis for assessing the applicable *Johnson* factors. Because, for example, these medians in the summaries might include lower-than-market rates that insurers require, hourly rates discounted due to volume work, hourly rates for updating employee handbooks and other tasks that do not require trial attorney skills, etc.

(g)    **The anonymity of the surveys underlying the summaries make it difficult to compare quality of education, training, and experience.** The survey results do

not include the underlying data [survey answers] or particularized information that would allow me [or a decision-maker] to evaluate a reasonable hourly rate in light of a particular attorney's experience, reputation, and ability compared to that of Robert W. Schmidt, Robert S. Notzon, or Robert E. McKnight, Jr. But with the 2022 Attorneys' Fees Hourly Rates Yearbook, because it names lawyers whose biographies can be easily researched and are summarized therein, I [and a decision-maker] can make such comparisons.

(h)     **I have considered relevant precedent addressing, respectively, the summaries and the Attorneys' Fees Hourly Rate Yearbook for Employment Law—the latter is better, verifiable, and more authoritative.** I have considered that courts have used the summaries. I have considered that in an unpublished opinion, the United States Court of Appeals for the Fifth Circuit ruled that despite their probative limitations it is not clear error to use the summaries:

> *We are mindful of the [State Bar of Texas Hourly Rate] Fact Sheet's probative limitations*, but they were for the district court, not us, to consider.[] In sum, *we cannot say that the district court clearly erred* when it determined that the Fact Sheet was a useful 'baseline' for calculating a reasonable hourly rate.

*Alvarez v. McCarthy*, No. 20-50465 [Doc. 00516245594] at p. 10 (5th Cir. March 18, 2022) (emphasis and omission added). In my opinion, a ruling that it is not *clear error* to use the summary as a "baseline" from which to start—while going out of the way to acknowledge probative limitations—is not enthusiastic endorsement. This and those probative limitations inform my opinion about how much weight *should* be given to them in forming an

opinion on prevailing rates in the local community—little or none. After all, just because it

is not *clear error* to use these summaries does not speak to whether they *should* be used.

Maybe in the same way that ruling a lower court error to be harmless is not an invitation for

lower courts to purposefully make errors. I have also considered United States District

Judge Jane Boyle's decision in which she declined to treat the summaries as authoritative

in determining rates:

> The Court declines to treat the State Bar median rates as authoritative in de-
> termining reasonable rates. The State Bar data, which only report median
> rates, do not account for the rate that might be reasonably charged by an at-
> torney with significant experience or expertise in the field, nor does it account
> for increases in rates since their publication in 2015 and 2019, respectively.

*Tovar v. Southwestern Bell Tel., L.P.*, No. 3:20-cv-1455-B [Doc. 69] at pp. 5-6, PageID 1146-

47 (N.D. Tex. June 27, 2022). I share Judge Boyle's opinion that the summaries should not

be treated as authoritative for these same reasons. Nevertheless, Judge Boyle states this

about the 2022 Attorneys' Fees Hourly Rate Yearbook for Employment Law:

> Conversely, the Court does not find the plaintiffs' attorney fee 'Yearbook'
> persuasive. Further, the Court finds no case or court that references the
> Yearbook or similar materials in determining reasonable hourly rates.

*Id.* at p. 6, PageID 1147. Judge Boyle does not explain *why* she finds the "Yearbook" unper-

suasive. It is a book compiling information about *actual* hourly rates charged and *actual* rates

awarded for employment lawyers around the state—using court rulings, jury verdicts, ar-

bitration awards, testimony, and invoices. Unlike the summaries of anonymous surveys, it

names lawyers and cites sources. This compilation is limited to employment law work and covers around 283 lawyers and about 117 fee awards around Texas. It is like a giant string citation of authority. So, in my opinion, the critique that it is unpersuasive—without further explanation—is a critique that the authority cited within it is not persuasive, but without explanation as to why. In my opinion, there is no *better* authority for assessing what actual prevailing market rates are in a relevant community than verifiable rates actually being charged and actually awarded in that same community for a given practice area. The critique that no case or court yet cites it only speaks to its newness as a collection itself [of the authorities all being put together in one place]—but certainly authorities cited *within* the collection have been cited. Also, a predecessor of the "Yearbook" format was a collection of rates that I assembled in a chart—many of the same cases, just a different presentation format [e.g., chart v. colorful book, both with headshot pictures, rates, citations, etc.]. In 2020, a version of that predecessor chart *was* used in an FLSA case before United States District Judge David C. Godbey of the Northern District of Texas. *See Meadows v. Latshaw Drilling Co.,* No. 3:15-cv-01173-N [Doc. 238-2] at pp. 10-26, PageID 7394-7410 (N.D. Tex. May 9, 2019) (Chart contained in Appendix in Support of Supplemental Motion for Attorneys' Fees and Costs Pursuant to Fair Labor Standards Act at Exhibit B-1). Judge Godbey specifically cited that chart in assessing rate ranges:

> Latshaw argues that Plaintiffs' attorneys' hourly rates are not comparable to the community rates. . . . However, the Court disagrees. *Plaintiffs' evidence demonstrates that courts approved attorneys' rates ranging from $250 to $750 for 1 to 29 years of experience.* App. Supp. Mot. Att'ys' Fees and Costs Pursuant

> Fair Labor Standards Act, Ex. B-1 [238]. . . . Thus, the Court determines that the Plaintiffs' attorneys' hourly rates are in line with comparable community rates for attorneys of the same experience.

*Id.* [Doc. 261] at p. 7, Page ID 7733 (emphasis and omission added). All this informs my opinion on rates and, specifically, concerning why the 2022 Attorneys' Fees Hourly Rate Yearbook for Employment Law is a better guide than the 2015 or 2019 summaries: It is not so much the book itself, but the collection of specifically cited authority and testimony within it [something the summaries lack—specifically cited rulings and testimony].

(i)      **I have considered whether the Attorneys' Fees Hourly Rate Yearbook for Employment Law is exhaustive or all-inclusive and the role that should play in forming an opinion on rates.** It is not exhaustive or all-inclusive. There may be relevant rates both higher and lower that are not contained in it. But gathering every rate ever charged—or even awarded—for employment law work in Texas might be an impracticable or impossible task. The same critique could be said about *any* existing collection of rates. For example, I have considered my review of numerous briefs on fees—virtually all seem to contain some limited set of citations for fee rates awarded—some limited, curated collection. Maybe 3 or 5 or even 10 such citations. With one side citing 3 or 5 or 10 on the lower end. The other side citing 3 or 5 or 10 on the higher end. Both sides "cherry-picking" which fee rate cases they cite. But this "Yearbook," in my opinion, is better by volume. Instead of citing 3 or 5 or 10 rates—it names 283 lawyers and about 117 fee awards in Texas. All are verified. All specifically named and cited. All easily verifiable, unlike the summaries. In

short, a *lot* of cherries.

For all of these reasons, it is my opinion that the summaries do not accurately reflect cur-rent prevailing rates in the relevant community and are not a good guide to be used in form-ing an opinion on such rates. They do not match my experience and knowledge of prevailing rates in the relevant community. Based on my education, training, and experience, my opin-ion is that more authoritative guidance than anonymous survey results can be found by an-alyzing *actual* and *identified* rates—either awarded or billed—such as the many contained in the 2022 Attorneys' Fees Hourly Rate Yearbook for Employment Law that is attached.

## THE MARKET-BASED HOURLY RATES

37.    **Here is my opinion on the reasonableness of the rates requested in the *Nikolova* case—if I assume payment were guaranteed and paid periodically**:  In my opinion, rea-sonableness is a range and not a single point. That is, there can be multiple hourly rates for a given attorney for the very same work and that would all be within the "prevailing market rates in the relevant community" as that phrase is used in the often-cited United States Supreme Court fees decision of *Blum v. Stevenson*, 465 U.S. 886 (1984). Based on my expe-rience outlined above and my consideration of the information referenced above, it is my opinion that the following hourly rates are within the "prevailing market rates in the rele-vant community" if payment were *guaranteed* win or lose and *paid monthly or quarterly*. That is, they are within a reasonable range in Texas for work prosecuting an employment case in Texas—within a reasonable range that "roughly approximates the fee that the

prevailing attorney would have received if he or she had been representing a *paying* client who has billed by the hour in a comparable case,"[4] but if payment were *guaranteed* win or lose and *paid monthly or quarterly*:

(a)     **For Robert W. Schmidt [JD 1989], $625 per hour is a reasonable rate.** It is *lower* than the inflation-adjusted hourly rates of the following attorneys listed in the attached 2022 Attorneys' Fees Hourly Rates Yearbook for Employment Law for employment law work within the Western District of Texas—some with fewer years of experience: $908.54 for Stephen E. Fox (JD 1987), $885.16 for Jesse J. Gelsomini (JD 1986), $867.81 for Felicity A. Fowler (JD 1992), $790.00 for Eric Taube (JD 1983), $773.94 for Kelly D. Hine (JD 1997), and $665.00 for David Weiser (JD 1986).

(b)     **For Robert S. Notzon [JD 1996], $575 per hour is a reasonable rate.** It is *lower* than the inflation-adjusted hourly rates of the following attorneys listed in the attached 2022 Attorneys' Fees Hourly Rates Yearbook for Employment Law for employment law work within the Western District of Texas—some with fewer years of experience: $773.94 for Kelly D. Hine (JD 1997), $600.44 for Colin W. Walsh (JD 2011), $600.44 for Kalandra N. Wheeler (JD 2005), $587.74 for John Wenke (JD 1993), and $587.74 for John P. Mobbs (JD 1992). And close to these with the same law school graduation year: $563.52 for Laura O'Donnell (JD 1996) and $559.65 for Galvin B. Kennedy (JD 1996). I have

---

[4] *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010) (emphasis added).

considered that on March 15, 2016, Judge Sam Sparks awarded an hourly rate of $350.00 for Mr. Notzon's work in an Austin FLSA case. *See Saldivar v. Austin Indep. Sch. Dist.*, No. 14-CA-00117 (Doc. 97) at p. 12 (W.D. Tex. Austin) (Judge Sam Sparks) ("AISDdoes not challenge Saldivar's counsel's rate of $350 per hour, and therefore the Court finds this hourly rate reasonable for the Austin area."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 11.93% higher in 2021 versus 2016 (a $41.75 difference). Adjusted only for such inflation from the year of this award to the end of 2021, that $350 hourly rate for Mr. Notzon is $391.75. But I have also considered that this was in 2016—and adjusting *only* for inflation does not account for improvement in quality of training, education, and experience *since* that time. The difference in that six-year period, from 2016 to 2022, between $391.75 and $575.00 is $183.25. Dividing that difference by six leaves $30.54 per year. The difference in that six-year period, from 2016 to 2022, between $350.00 [the original rate awarded unadjusted for inflation] and $575.00 is $225.00—dividing that difference by six leaves $37.50 per year. And in my experience these amounts are within a reasonable range of increase to account for *qualitative* improvements in legal services. In forming that opinion, I have considered the testimony of Matthew R. Scott who was an employment lawyer for the employment law firm of Ford & Harrison LLP—in which Mr. Scott noted that his rate would likely have climbed by $50 per hour over a one-year period [ostensibly to account for both improvement in quality and inflation]. *See Green v. Dallas County Schools*, No. DC-12-09857 (Declaration of Matthew R. Scott of December 4, 2013) at p. 2, ¶¶ 22 & 23 (162d

District Court for Dallas County, Texas) ("In early 2012, my standard hourly billing rate at F&H was $450.00 per hour. . . . Had I remained at F&H, my standard hourly billing rate today would be around $500.00."). In each of the past several years my own standard hourly billing rate has also increased between $45-$50 per hour each year. While this is in Dallas, to my knowledge that amount of standard rate increase for lawyers does not vary by geography in Texas: That is, it is not uncommon in recent years for lawyers to increase their hourly rates by about $50 per year. In forming that opinion, I have also reviewed the testimony of Andrew Vickers with the law firm Waller Lansden Dortch & Davis, LLP. In an Austin employment case involving claims of wrongful employment termination, Mr. Vickers testified to rate increases of between $40 to $80 within a single year—from $400 per hour to $440 for one attorney and from $710 per hour to $790 for another:

> In November and December of 2020 the hourly billing rate for this matter was $400 for me and $710 for Mr. Taube. By agreement with our client, the current hourly billing rate for services performed from January 1, 2021 through March 11, 2020 [sic] for this matter is $440 for me (a partner), $790 for Eric Taube (a partner), and $205 for Ann Marie Jezisek and Kristen Warner (paralegals).

See Second Supplemental Declaration of Andrew Vickers, filed in Lanham v. AWR Servs., Inc., No. D-1-GN-20-003923 at p. 2, ¶ 4 (419th Judicial District Court for Travis County, Texas) (filed April 8, 2021). So, in my opinion, the increase between the 2016 rate amount Judge Sparks awarded in *Saldivar* [$350] for Mr. Notzon—and the $575 rate for work in *Nikolova*—is a reasonable one. I have also considered that the *Saldivar* case referenced

above was an FLSA overtime case—so no need to prove intent, like in *Nikolova*. Which, in my opinion, can sometimes make a case more difficult absent some admission or direct evidence.

(c)    **For Robert E. McKnight, Jr. [JD 1992], $600 per hour is a reasonable rate.** I understand Mr. McKnight's role is a limited one—fee application. Recovery of fees are, of course, vital to the enforcement of civil rights laws. As noted above, one scholar puts it this way:

> Because the private attorney general system is essential to civil rights enforcement, and fee shifting is the engine that drives the system, judicial rulings regarding the availability of statutory attorneys' fees are likely to have extremely significant effects on the vindication of civil rights in practice.

Samuel R. Bagenstos, *Mandatory Pro Bono and Private Attorneys General*, 101 NW U. L. REV. COLLOQUY 182, 187 (2007). So, it is important work even beyond any one case because of its ramifications for enforcement of civil rights generally and in other cases. In my opinion, there are efficiencies in the work itself that can be realized by having someone well-versed in employment law prepare the fee application. That is, someone who knows the difficulties of employment law, is familiar with its doctrines, and has experience in the kind of work and evidence reasonable and necessary to address its particularities. In my opinion, there are also efficiencies to having an experienced attorney handle that work. Rather than having a newer lawyer become familiar with the laws governing fees *and* employment laws. Particularly given the time pressure that can come with fee application—like analysis of hundreds

or thousands of time entries within short court-ordered / rule-governed deadlines. These efficiencies, in my opinion, can save time even though a more-experienced attorney's rate may be higher than a less-experienced attorney's rate. There is also a qualitative benefit to having someone *outside* performance of the trial work itself provide an experienced and objective fee analysis that goes along with preparation of that fee petition. These considerations, in part, inform my opinion about the "prevailing market rates in the relevant community" for the work Mr. McKnight does in preparing fee applications for prevailing plaintiffs in employment cases. The inflation-adjusted rate of $572.75 referenced in the attached 2022 Attorneys' Fees Hourly Rates Yearbook for Mr. McKnight also informs my opinion. That was for fee-application work done and approved in 2015 by Judge Barbara M. Lynn and Magistrate Judge David L. Horan of the Northern District of Texas. Adjusting merely for inflation does not account for *qualitative* improvements in a lawyer's training, skill, and experience in the approximately seven years since that time. My opinion is also informed by these facts: The rate of $600 per hour is lower than the inflation-adjusted hourly rates of the following attorneys listed in the attached 2022 Attorneys' Fees Hourly Rates Yearbook for Employment Law—some with fewer years of experience:  $867.81 for Felicity A. Fowler (JD 1992), $773.94 for Kelly D. Hine (JD 1997), $600.44 for Colin W. Walsh (JD 2011), and $600.44 for Kalandra N. Wheeler (JD 2005).

## SIGNATURE

38.     My name is David L. Wiley. I am Chair Emeritus of the State Bar of Texas Labor

and Employment Law Section. I am current President of the Texas Employment Lawyers

Association. I have neither been paid nor promised payment for my opinions expressed

herein. My date of birth is January 14, 1969, and my address is 1500 Jackson Street, #109,

Dallas, TX 75201. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Dallas County, State of Texas, on the __11th__ day of September, 2022.


*David L. Wiley*
_____
David L. Wiley

# Review of the State Bar of Texas *2015 Hourly Fact Sheet* report and its Use by Texas Judiciary in Deciding Plaintiff Attorney Hourly Fees in Labor-Employment Cases[1]

N. Shirlene Pearson, Ph.D.[2]

*Pearson Statistical Consulting & Expert Testimony*

P.O. Box 850365

Richardson, Texas 75085-0365

214-597-1267

*shirlene.pearson@msn.com*

*statisticalexpert.com*

The State Bar of Texas publishes the results of a survey of Texas attorneys ("Attorney Survey"), conducted every two years, that is used to generate the *Hourly Fact Sheet* report. This report focuses on attorney hourly rates charged in the preceding year and, where possible, compares these rates with those of the previous survey.  Thus, the 2015 survey results are compared with the 2013 survey results. A copy of the questionnaire is included in the 2015 report, which was published in August 2016.  In Texas, these results are often used to determine allowable rates that plaintiff attorneys, retained on a contingency basis, can charge in Labor-Employment cases heard within the state of Texas, so it is of interest to the Texas Labor-Employment plaintiff attorney community to ensure that the best possible resources are being used for these determinations. The report contained herein provides a review of the *2015 Hourly Rate Sheet* and the Attorney Survey as to their relevance and usefulness for use in setting contingency-based plaintiff attorney fees in Texas Labor-Employment cases.

Review of the State Bar of Texas *2015 Hourly Fact Sheet* report and its use by Texas judiciary in deciding contingency-based plaintiff attorney hourly fees in Labor-Employment cases uncovered some problematic areas that are the focus of this report. Based on the findings in this review, I recommend that no reliance should be made on the Attorney Survey nor the *Hourly Fact Sheet* report, as currently being conducted, when deciding allowable fees that plaintiff attorneys can charge in Labor-Employment cases.

---

[1] This work was commissioned by the Texas Employment Lawyers Association.

[2] N. Shirlene Pearson earned her Ph.D. in statistics from Southern Methodist University (SMU) in 1979, and has worked as a professional statistician in both industry and academia since graduation. She also earned an M.S. in statistics from SMU, an M.A. and B.A. in mathematics from the University of Texas at Austin. She has been employed at Bell Telephone Laboratories, Bell Communications Research, the Applied Research Laboratories at the University of Texas at Austin, MCI Communications/WorldCom, and SMU. She was a District Manager at Bell Communications Research and a Branch Manager at the Applied Research Laboratories. She joined Southern Methodist University as Director of the Center for Statistical Consulting and Research in 1999, and transferred to the Academic Technology Services group in 2006, then to SMU's Center for Teaching Excellence. She retired from SMU in February 2015, but continued working at SMU as a consultant supporting the university assessment process and as an Adjunct Faculty in the Department of Statistical Sciences. She is retiring as Adjunct Faculty at SMU in December 2016 to focus entirely on her consulting activities. Dr. Pearson has written numerous technical reports, legal reports, and articles in which her use of statistical methodology was an instrumental component.

Exhibit 5, Declaration of David L. Wiley, Page 53 of 268

The Attorney Survey is sent to all Texas attorneys who are members of the Texas State Bar and who did not opt out of receiving emails containing the survey. Emails with the 2015 survey were sent to 94,150 attorneys, of which 11,793 responded in part or in whole. The *Hourly Fact Sheet* (hereafter "Report") states the response rate to be 12.5 percent (11,793/94,150). However, the Report only uses the data of those respondents who were employed full time as licensed and practicing attorneys (4,260, which is less than half of the total respondents); so, the stated response rate might not accurately reflect the response rate of those being analyzed in the Report, since it is (apparently) unknown as to how many of the 94,150 surveyed were full-time attorneys. No discussion of this dilemma is presented in the report. Because no breakdown by practice area is given of these recipients in the Report, it is not possible for the reader to determine what the response rate was for Labor-Employment attorneys. Survey response rates are an important factor in assessing the reliability of the results. A survey response rate of 30% is, in most cases, considered more reliable than a response rate of 10%, and 10% is better than 5%, given the same survey distribution conditions.

While there is no universally accepted standard on what is an acceptable response rate to a survey, it is my expert opinion that a response of 25% is not unusual without follow-up contact, but is too low to guard against selection bias issues.  Certainly, a response rate of 12.5% leaves much room for improvement and is not "good."

A study of response rates in surveys conducted by The Tavistock Institute of institutional research[3] found the following:

> This study examines the response rates for surveys used in organizational research. We analyzed 1607 studies published in the years 2000 and 2005 in 17 refereed academic journals, and we identified 490 different studies that utilized surveys. We examined the response rates in these studies, which covered more than 100,000 organizations and 400,000 individual respondents. The average response rate for studies that utilized data collected from individuals was 52.7 percent with a standard deviation of 20.4, while the average response rate for studies that utilized data collected from organizations was 35.7 percent with a standard deviation of 18.8. Key insights from further analysis include relative stability in response rates in the past decade and higher response rates for journals published in the USA. The use of incentives was not found to be related to response rates and, for studies of organizations, the use of reminders was associated with lower response rates. Also, electronic data collection efforts (e.g. email, phone, web) resulted in response rates as high as or higher than traditional mail methodology.

The Attorney Survey is a *self-selecting* survey. That is, the recipients decide whether or not to participate. Surveys of this type are known to suffer from selection bias (lack of representativeness of the population of interest),[4] the extent of which is almost always unmeasurable. This means that the group who respond may differ from those who did not in important characteristics that can influence

---

[3] Yahuda Baruch and Brooks C. Holtom (2008). Survey response rate levels and trends in organizational research. Human Relations. *Sage Publications*, Vol. 61, Issue 8, 1139-1160.

[4] Yasser Khazaal, MD, corresponding Yasser Khazaal, MD Mathias van Singer, Anne Chatton, MA, Sophia Achab, MD, PhD, Daniele Zullino, MD, Stephane Rothen, PhD, Riaz Khan, MD, Joel Billieux, PhD, and Gabriel Thorens, MD. (2014). Does Self-Selection Affect Samples' Representativeness in Online Surveys? An Investigation in Online Video Game Research. *J Med Internet Res.*, 16(7): e164. (https://www.ncbi.nlm.nih.gov/pmc/articles/PMC4115258/)

Exhibit 5, Declaration of David L. Wiley, Page 54 of 268

and skew the results. It is almost always impossible for those conducting self-selection surveys to determine these differentiating characteristics, so the effect of selection bias on the results can rarely be determined.  This is of particular concern in surveys in which some (but not all) recipients have a vested interest in the outcomes. Such surveys tend to have a greater response rate from those interested in the results than those who have little or no interest unless participation is enforced.

A survey researcher in the pharmaceutical arena suggests a response rate of at least 50-60% to best for minimizing selection bias issues:

> Nonresponse error, or bias, occurs if data are not collected from each member of the sample. Nonresponse bias theoretically can occur with anything less than a 100% response rate. A response rate of 50%-60% or greater is optimal because nonresponse bias is thought to be minimal with that high of a response rate.[5] If the response rate is too low, those who responded have a greater chance of being self-selected (i.e., there is something inherently different about those who responded and those who did not respond), and thus not representative of the target population. Nonresponse bias can lead to inaccurate conclusions if data from the non-respondents would have changed the overall results of the survey.

Recommended response rates found at a University of Texas website

> https://facultyinnovate.utexas.edu/sites/default/files/response_rates.pdf

are given as

> Acceptable response rates vary by how the survey is administered:
>
> - Mail: 50% adequate, 60% good, 70% very good
> - Phone: 80% good
> - Email: 40% average, 50% good, 60% very good
> - Online: 30% average
> - Classroom paper: > 50% = good
> - Face-to-face: 80-85% good

Selection bias is further exacerbated when the self-selection survey contains questions that are of a sensitive nature, which the Attorney Survey does. Response rates, as well as the quality of the answers, for self-selection surveys with sensitive questions suffer unless the recipients are convinced of complete anonymity. The *2015 Hour Rate Sheet* does not provide information to suggest that this is the case with the Attorney Survey nor does the survey itself describe measures to ensure anonymity. Some examples of sensitive questions in this survey are:

1. What was your approximate gross personal income (including any bonus) during calendar year 2015?
2. If you received a bonus, what was it?

---

[5] Fincham JE. (2008) Response rates and responsiveness for surveys, standards, and the Journal. *Am J Pharm Educ.*, 72:Article 43.

3.  Which of the following best describes your class rank upon graduation from college?
4.  Which of the following best describes your class rank upon graduation from law school?

Many self-selecting recipients may either not respond to surveys with sensitive questions, skip those questions (if the survey allows), or perhaps embellish upon the answers they give. Tourangeau and Yan discuss their study of these three important consequences of asking sensitive questions[6]:

> Sensitive questions are thought to affect three important survey outcomes: (a) overall, or unit, response rates (that is, the percentage of sample members who take part in the survey), (b) item nonresponse rates (the percentage of respondents who agree to participate in the survey but who decline to respond to a particular item), (c) and response accuracy (the percentage of respondents who answer the questions truthfully). Sensitive questions are suspected of causing problems on all three fronts, lowering overall and item response rates and reducing accuracy as well.

Surveys administered via email suffer from another form of selection bias unique to email, that being spam and junk email filters. This survey was sent to a very large number of recipients, but no discussion in the report is given about measures, if any, taken to mitigate problems associated with spam filtering, which can occur at both the computer email server level and the individual user level. Much depends on how the survey is distributed. Because law firms and individual attorneys may have differing levels of filters on their email, the probabilistic nature (randomness) of the survey responses is perturbated. Without proper randomization of the responses, no statistically valid analysis can be performed on the data, including summary reports.

Inspection of the table of *Hourly Rate by Practice Area by Geographic Region* suggests that the sample size may be too small to provide adequate coverage of all geographic regions and practice areas. Empty cells in this table indicate that there were 5 or fewer responses (see page ii, paragraph 4). Response rates within cells are not provided nor are given measures of variability, so the reader is left uncertain as to the meaningfulness of these numbers. Six of the practice areas have no entries in the table for any of the regions, others have many empty cells or frequencies that seem low. Again, without knowing the within cell response rates, it is impossible to ascertain the reliability of these numbers. While this table may be useful for other purposes, it is inadequate for use in determining fee rates in actual cases.

Although asked to provide positional information in the Attorney Survey, the *2015 Hourly Rate Sheet* does not provide any information broken down by position categories. When setting fee rates, it would be useful to have this breakdown.

Some of the questions in the survey are ambiguous leading to results whose interpretation may not reflect the reality of the answers. Questions regarding hourly rates charged do not ask whether the rates listed by respondents are real rates or volume discounts. It is plausible that within firms offering volume discounts to certain clients, some attorneys may quote real (undiscounted) rates and others discounted rates, while others may use some combination of the two. This survey does not ask whether rates had changed during the year, that is, they are not asked to state the rate at a specific point(s) in time. Thus, some attorneys may quote the year-end rate, while others may estimate an overall rate taking into

---

[6] Roger Tourangeau and Ting Yan (2007). Sensitive Questions in Surveys. *Psychological Bulletin*, Vol. 133, No. 5, 859-883.

account different rates during the year. These issues can produce misleading and inaccurate hourly-rate estimates.

The *2015 Hourly Rate Sheet* calculates the percent change in medians by a very simple method:

(2015 Median – 2013 Median)/2013 Median = 7.4%

This calculation is not the appropriate method for this application, as it is likely mixing apples with oranges. The mix of individuals in the 2015 survey is not be the same as the mix in the 2013 survey, so this method for calculation the percent increase in medians is biased. It is easy to see that the mix of individuals is different because of the different sample sizes in the two years. There were 4,951 respondents in 2013 and 4,260 in 2015. Some individuals in the 2013 survey clearly did not respond to the 2015 survey. It's probably a good guess that some of the respondents in 2015 did not take the 2013 survey. Consider a worst-case scenario in which the two groups have no overlap, that is, none of those who took the 2013 survey responded to the 2015 survey.  Since we do not know what the median rate was in 2013 for those who took the 2015 survey, it is unreasonable to assume that it must be the same as the 2013 group (and vice versa). The proper way to calculate this estimate is to use only those respondents who appear in both the 2013 and the 2015 surveys. If there is little or no overlap between the two groups, then a reliable estimate cannot be calculated and should be reported as such.

Using the rates in the *Hourly Rate Sheet* report with no adjustments for changes that may have taken place since the survey was administered may be disadvantaging plaintiff attorneys who practice Labor-Employment Law in Texas and who are retained on a contingency basis. The Attorney Survey does not ask certain questions that are needed to fairly determine the fees that these attorneys may charge, such as whether the respondent works on a contingency or an hourly basis in Labor-Employment practice or what plans may be for future changes in fees. The Report itself does not provide projections on rate changes, which would be needed for each of the two years into the future to be of direct use in deciding allowable fees that Labor-Employment contingency-based plaintiff attorneys may charge.

The subsample of Labor-Employment attorney respondents in the Attorney Survey is a confounded mixture of plaintiff attorneys who are retained on a contingency basis and defense and plaintiff attorneys retained on an hourly basis. Fees for plaintiff attorneys working on a contingency basis ideally should be based on responses from attorneys who are not retained on a contingency basis. To see why this may cause an unfair treatment of contingency-based plaintiff attorneys, consider the simple scenario where half the respondents in 2013 are contingency-based plaintiff and half are hourly-based attorneys. Further assume that all charge $300 per hour in 2013. Using the 7.4% rate increase estimated in the Report, the hourly-based attorneys will be charging about $322 in 2015. Without adjustment for changes over time, the contingency-based plaintiff attorneys will be allowed only $300 per hour in 2015 and a major part of 2016 (recall that the Report for 2015 was not published until August 2016). Then in the 2015 report, the median will be given to be $311 per hour. Between August 2016 and (August) 2018, contingency-based plaintiff attorneys will be allowed to charge $311 per hour, but in 2017 the hourly-based attorneys will be charging $346 (and between then and when the report is published may be charging even more) per hour. With passage of time, the gap will widen. If most of the Labor-Employment respondents are contingency-based plaintiff attorneys, then the disadvantage will be greater. Again, setting of the hourly rates that Labor-Employment contingency-based plaintiff attorneys can charge should be based on fee structures of Labor-Employment hourly-based attorneys only.

Exhibit 5, Declaration of David L. Wiley, Page 57 of 268

Again, based on the findings in this review, I recommend that no reliance should be made on the Attorney Survey nor the *Hourly Fact Sheet* report, as currently being conducted, when deciding allowable fees that contingency-based plaintiff attorneys can charge in Labor-Employment cases. The response rates in the Attorney Survey, upon which the *Hourly Fact Sheet* is based, are unacceptably low, the survey includes sensitive questions and the calculations in the *Hourly Report* are not based on accurate methods.  I also recommend that adjustments to the rates over time should be made, but these resources provide no guidance on how the adjustments should made, so additionally references may be needed for this purpose.

# 2022

**Attorneys' Fees
Hourly Rates**

## Employment Law



### Yearbook

Published by the Texas Employment Lawyers Association

Exhibit 5, Declaration of David L. Wiley, Page 59 of 268

# 2022 | Attorneys' Fees Hourly Rates

This collection is drawn from court rulings, jury verdicts, arbitrations, and actual rates billed. Unlike summaries of anonymous surveys, it names the lawyers and cites sources. To compare quantity of experience, it is grouped by ten-year classes—like a yearbook groups classes from seniors to freshmen. It is organized by geographic regions corresponding with the four federal districts in Texas. It accounts for inflation to the end of 2021 via the U.S. Bureau of Labor Statistics' data for legal services. The information is limited to employment law work in Texas.

## Yearbook

# *Demographics*



# 106,591*

## Texas lawyers

Most are in the Houston and Dallas metropolitan statistical areas—32.87% in the Houston–The Woodlands–Sugar Land MSA and 31.71% in the Dallas–Fort Worth–Arlington MSA.

# 3,145

## Members of the SBOT
## Labor & Employment Law Section

# 673

## Board-certified L&E Specialists

**\* Sources:**

State Bar of Texas Membership: Attorney Statistical Profile (2020–21) and
State Bar of Texas Attorney Population Density by MSA: 2020–2021.

# "Civil rights laws don't enforce themselves."[1]

By design, they rely on private attorneys general to prosecute violations. Fee shifting is a basic part of making federal and state employment laws work.[2] This collection is intended to show "prevailing market rates in the relevant community" within the meaning of *Blum v. Stenson*, 465 U.S. 886 (1984). The focus here is Texas.

# "Reasonableness is a range, not a point."[3]

The idea is to light the edges, to mark the averages and medians. Collecting employment law rates here reveals the "customary fee for similar work in the community" and "awards in similar cases."[4] The idea is to help gauge reasonableness.

---

[1] Samuel R. Bagenstos, *Mandatory Pro Bono and Private Attorneys General*, 101 Nw. U. L. Rev. Colloquy 182, 183 (2007).

[2] *See id.* at 187 ("Because the private attorney general system is essential to civil rights enforcement, and fee shifting is the engine that drives the system, judicial rulings regarding the availability of statutory attorneys' fees are likely to have extremely significant effects on the vindication of civil rights in practice.").

The legislative history of the Civil Rights Attorney's Fees Awards Act of 1976 has a robust discussion of the private attorneys' general concept, and a compilation of that history is here: https://ufdc.ufl.edu/AA00026686/00001/1.

[3] *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005) (Judge Posner addressing sentencing ranges).

[4] *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 718-19 (5th Cir. 1974) (listing guidelines which include "[t]he customary fee for similar work in the community" and "[a]wards in similar cases"); *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) ("Factors that a factfinder should consider when determining the reasonableness of a fee include . . . the fee customarily charged in the locality for similar legal services") (omission added).

# Inflation

## "Legal services priced at $200 in 1990 → $610.93 in 2021"

"According to the U.S. Bureau of Labor Statistics, prices for legal services were **205.46%** higher in **2021** versus **1990** (a $410.93 difference in value)."

"**Between 1990 and 2021,** legal services experienced an average inflation rate of 3.67% per year. This rate of change indicates significant inflation. In other words, legal services costing $200 in the year 1990 would cost $610.93 in 2021 for an equivalent purchase. Compared to the overall inflation rate of 2.38% annually during this same period, inflation for legal services was higher."

Source: https://www.officialdata.org/Legal-services/price-inflation/1990-to-2021?amount=200

# Inflation

Alone it accounts for equal buying power for the *same* quality of legal service over time. But not for *improved* quality—through ongoing training, continuing legal education, and experience. Imagine two lawyers who billed at $300/hr. in the year 2000:



**1**

One has continued to practice since 2000—improving her skills as a lawyer over that time.

$???.??/hr.

+ skills improved over time

**3**

Adjusting *only* for inflation will not account for the improved legal skills one lawyer now has compared to the other.

$300.00/hr.    Year 2000    Inflation 97.73%*    Year 2021    $593.19/hr.

no new legal skills    $593.19/hr.

**2**

The second stops practicing in 2000, then resumes in 2021.

\* Source:  https://www.officialdata.org/Legal-services/price-inflation/2000-to-2021?amount=300

## "Buying power of $100.00 since 1986

Below are calculations of equivalent buying power for legal services, over time, for $100 beginning in 1986. Each of the amounts below is equivalent in terms of what it could buy at the time:"[1]

| Year | USD Value | Inflation Rate | | Year | USD Value | Inflation Rate |
|------|-----------|----------------|--|------|-----------|----------------|
| | | | | | | |
| 1986 | $100.00 | - | | 2004 | $232.26 | 4.76% |
| 1987 | $103.44 | 3.44% | | 2005 | $241.75 | 4.09% |
| 1988 | $107.66 | 4.08% | | 2006 | $250.01 | 3.41% |
| 1989 | $114.12 | 5.99% | | 2007 | $260.27 | 4.11% |
| 1990 | $122.56 | 7.40% | | 2008 | $270.73 | 4.02% |
| 1991 | $129.58 | 5.72% | | 2009 | $278.15 | 2.74% |
| 1992 | $136.22 | 5.12% | | 2010 | $288.13 | 3.59% |
| 1993 | $141.95 | 4.21% | | 2011 | $297.43 | 3.23% |
| 1994 | $146.76 | 3.39% | | 2012 | $303.46 | 2.03% |
| 1995 | $151.63 | 3.32% | | 2013 | $311.82 | 2.75% |
| 1996 | $157.08 | 3.60% | | 2014 | $318.49 | 2.14% |
| 1997 | $163.82 | 4.29% | | 2015 | $323.56 | 1.59% |
| 1998 | $171.67 | 4.79% | | 2016 | $334.48 | 3.38% |
| 1999 | $179.98 | 4.84% | | 2017 | $346.39 | 3.56% |
| 2000 | $189.34 | 5.20% | | 2018 | $361.24 | 4.29% |
| 2001 | $199.47 | 5.35% | | 2019 | $364.75 | 0.97% |
| 2002 | $211.05 | 5.81% | | 2020 | $368.72 | 1.09% |
| 2003 | $221.71 | 5.05% | | 2021 | $374.38 | 1.53% |
| | | | | | | |

Note: All inflation rates displayed in this booklet are rounded to the nearest hundredth. But all calculations in this book are made without such rounding.

---

[1] https://www.officialdata.org/Legal-services/price-inflation/1986-to-2021?amount=100

# *North Texas*





NDTX† summary of rates listed: high to low

# $1,326.55 to $246.25

| Rate | Name / JD Year | Rate | Name / JD Year |
|---|---|---|---|
| $1,326.55* | Shane M. Tucker (JD 1999) | $535.00* | Michael A. McCabe (JD 1998) |
| $1,086.42* | John E. Fitzsimmons (JD 1995) | $535.00* | David L. Wiley (JD 1996) |
| $1,055.96* | Cathryn Le Regulski (JD 1999) | $535.00* | Amy E. Gibson (JD 1995) |
| $1,015.35* | Rogge Dunn (JD 1983) | $532.25* | Arrissa K. Meyer (JD 2010) |
| $974.51* | Charla Aldous (JD 1985) | $525.00* | Douglas B. Welmaker (JD 1993) |
| $880.91* | Marc D. Katz (JD 1994) | $519.74* | Brent Walker (JD 2004) |
| $845.08* | Hal K. Gillespie (JD 1972) | $513.20* | Jason Smith (JD 1992) |
| $821.12* | Crystal Jamison Woods (JD 2009) | $507.98* | Howard L. Steele, Jr. (JD 1996) |
| $818.17* | Joel M. Fineberg (JD 1991) | $505.64* | Peter A. Milianti (JD 1997) |
| $809.95* | Russell W. Budd (JD 1979) | $497.80* | Breegan O'Connor (JD 2017) |
| $811.49* | Norlynn B. Price (JD 1984) | $483.00* | Kimberly Williams (JD 2005) |
| $801.90* | Matthew R. Scott (JD 1995) | $481.30* | Jordan Campbell (JD 2013) |
| $795.46* | Allison A. Reddoch (JD 2011) | $462.83* | Brandon Shelby (JD 2004) |
| $795.46* | Isabel A. Crosby (JD 2005) | $462.83* | David Langenfeld (JD 1992) |
| $759.53* | Micala Bernardo (JD 2007) | $462.63* | James D. Sanford (JD 2005) |
| $759.53* | Michael W. Massiatte (JD 2000) | $461.88* | Ashley Tremain (JD 2008) |
| $755.24* | Stuart L. Cochran (JD 2000) | $461.88* | Carmen Artaza (JD 2006) |
| $752.10* | Brian P. Sanford (JD 1986) | $461.88* | Christine Hopkins (JD 2005) |
| $733.14* | Danielle Alexis Matthews (JD 2000) | $456.91* | John M. Barcus (JD 2002) |
| $689.18* | Todd Mobley (JD 2010) | $444.13* | M. Jeanette Fedele (JD 2003) |
| $684.00* | Britney J. P. Prince (JD 2015) | $436.22* | Gavin S. Martinson (JD 2005) |
| $653.75* | Karen C. Denney (JD 2002) | $428.12* | Monica Velazquez (JD 2002) |
| $651.76* | Betsey A. Boutelle (JD 2014) | $414.55* | David Norris (JD 2011) |
| $649.67* | Brian Lauten (JD 2001) | $411.42* | Corinna Chandler (JD 2009) |
| $629.37* | Richard E. Norman (JD 1993) | $411.42* | Todd Goldberg (JD 2009) |
| $621.21* | John Roger Herring (JD 2008) | $411.42* | Jamie J. McKey (JD 2006) |
| $600.00* | Christine Neill (JD 1996) | $410.56* | Jay Forester (JD 2013) |
| $600.00* | Jane Legler (JD 1992) | $359.24* | Jeff T. Leslie (JD 2015) |
| $595.00* | Barry S. Hersh (JD 1998) | $358.69* | Barrett Robin (JD 2015) |
| $594.32* | J. Derek Braziel (JD 1995) | $330.19* | Megan Dixon (JD 2012) |
| $577.96* | Kevin M. Duddlesten (JD 1994) | $330.19* | Melinda Arbuckle (JD 2011) |
| $572.75* | Robert E. McKnight, Jr. (JD 1992) | $330.00* | Jennifer McCoy (JD 2016) |
| $570.11* | Mike Gaddis (JD 2009) | $319.00* | Ryan Toomey (JD 2011) |
| $558.35* | Trey Branham (JD 1999) | $289.27* | Benjamin Michael (JD 2013) |
| $558.35* | Jeffrey Goldbarb (JD 1994) | $289.27* | Michael L. Parsons (JD 2011) |
| $555.16* | Joseph H. Gillespie (JD 2002) | $270.20* | Matthew F. Amos (JD 2015) |
| $554.05* | Robert G. "Bobby" Lee (JD 1993) | $259.09* | Jennifer Birdsall (JD 2017) |
| $550.00* | Kyla Cole (JD 2001) | $246.25* | Hannah P. Parks (JD 2014) |

† Courts note the relevant community for fees is district-wide—not by city or division. *See, e.g., Lewallen v. City of Beaumont*, 394 Fed. Appx. 38, 46 (5th Cir. 2010); *Treadway v. Otero*, No. 2:19-CV-244 [Doc. 157] at p. 9 (S.D. Tex. Oct. 6, 2020) (citing cases and concluding: "When it comes to parsing between divisions, it appears that it is the district, rather than the division, that should govern the decision.").



## Classes of the 1970s: The Rates

# Hal K. Gillespie (JD 1972)

## $845.08*



# Russell W. Budd (JD 1979)



## $809.95*

# *Classes of the 1970s: The Work*



\* Hal K. Gillespie (class of '72): Mr. Gillespie works in Dallas. His online biography states that he "represents individual clients, corporate executives and unions in arbitration, mediation, civil trials, and appeals involving discharge, discrimination, sexual harassment, breach of contract, and employment matters." On March 2, 2012, Judge Ken Molberg (now Justice Molberg of the Dallas Court of Appeals) ruled $685.00 per hour was a "reasonable" rate for Mr. Gillespie in a Dallas employment retaliation case. *See Rush Truck Centers of Texas, L.P. v. Fitzgerald*, No. DC-09-15958-D (95th District Court for Dallas County, Texas) ("Order on Attorney Fees") at p. 5 (95th District Court for Dallas County, Texas) ("a reasonable fee for the necessary services of Fitzgerald's attorneys, as established by the evidence, should be computed in the following manner: . . . *Hal Gillespie*: $127,410 (186 hours at the rate of $685 per hour) . . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 23.37% higher in 2021 versus 2012 (a $160.08 difference).[1] So, adjusted *only* for such inflation from the year of Judge Molberg's ruling (2012) to the end of 2021, that $685.00 hourly rate for Mr. Gillespie is $845.08.

\* Russell W. Budd (class of '79): Mr. Budd works in Dallas. On May 8, 2015, Judge Jane Boyle ruled Mr. Budd's requested hourly rate of $700.00 was reasonable in a Dallas FLSA case, *Olibas v. Native Oilfield Servs., LLC*, No. 3:11-cv-2388-B (Doc. 302). On December 8, 2016, Judge Jane Boyle again ruled $700.00 per hour was "reasonable" for Mr. Budd's work in *Aguayo v. Bassem Odeh, Inc.*, No. 3:13-cv-2951-B (Doc. 146) (N.D. Tex. Dallas)—another Dallas FLSA case. According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus 2015 (a $109.95 difference).[2] Adjusted *only* for such inflation from the date of Judge Boyle's 2015 award to the end of 2021, that $700.00 hourly rate for Mr. Budd is $809.95.

---

[1] https://www.officialdata.org/Legal-services/price-inflation/2012-to-2021?amount=685

[2] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=700

## *Classes of the 1980s*



# 4 lawyers listed

# $888.36
### average rate

# $893.00
### median rate



## Classes of the 1980s: The Rates



**$1,015.35***

Rogge Dunn (JD 1983)

Charla Aldous (JD 1985)



**$974.51***



**$811.49***    Norlynn B. Price (JD 1984)



**$752.10***

Brian P. Sanford (JD 1986)

# *Classes of the 1980s: The Work*



\* <span style="color:red">Rogge Dunn (class of '83):</span> Mr. Dunn works in Dallas. His online biography notes that he handles employment matters and is a board-certified specialist in labor and employment law. On September 11, 2020, he testified that he regularly charges $1,000.00 per hour for his work. *See* Affidavit of Rogge Dunn in Support of Motion for Default Judgment and Proving Up Attorneys' Fees at p. 4, ¶ 10 in *Rogge Dunn Group, PC v. Gross*, No. CC-20-01746-D (County Court at Law No. 4 for Dallas County, Texas) ("The hourly fee for such work that I regularly charge is $1,000.00 per hour, which in my opinion is reasonable for such work done in Dallas County, Texas."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020 (a $15.35 difference).[1] Adjusted *only* for such inflation from the year of this billing rate (2020) to the end of 2021, that $1,000.00 hourly rate for Mr. Dunne is $1,015.35.

\* <span style="color:red">Charla Aldous (class of '85):</span> Ms. Aldous works in Dallas. On July 27, 2010, <span style="color:red">Judge Jane Boyle</span> awarded Ms. Aldous a rate of $750.00 per hour in a Dallas employment retaliation case. *See Nassar v. University of Texas Southwestern Medical Center*, No. 3:09-CV-1337 (Doc. 160) at pp. 8–10, PageID 2245–47 (N.D. Tex. Dallas) ("Defendant argues that Dr. Nassar has not met his burden and that the rates requested ($400 per hour for Mr. Walker, $500 per hour for Mr. Lauten, $500 per hour for Ms. Lauten, and $750 per hour for Ms. Aldous) are excessive. . . .  In light of the degree of success obtained and the evidence submitted, the Court finds that the lodestar may be calculated using the requested rates, with one exception [applicable to Ms. Lauten]."), *reversed on other grounds*. According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 29.93% higher in 2021 versus 2010 (a $224.51 difference).[2] Adjusted *only* for such inflation from the year of this award to the end of 2021, that $750.00 hourly rate for Ms. Aldous is $974.51.

---

[1] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=1000

[2] https://www.officialdata.org/Legal-services/price-inflation/2010-to-2021?amount=750

\* Norlynn B. Price (class of '84): Ms. Price previously worked in Dallas. In 2016, in a Dallas FLSA case, she billed at $725.00 per hour. *See* Declaration of Danielle Alexis Matthews in *Areizaga v. ADW Corp.*, No. 3:14-cv-2899 (Docs. 94-1 & 94-2) (N.D. Tex. Dallas). *See generally* Brief in Support of ADW Corporation's Motion to Dismiss Plaintiff's Original Complaint (Doc. 7) (discussing nature of the case). Attached to Ms. Matthews's declaration are law firm billing records including an invoice dated February 10, 2016 (Doc. 94-2 at p. 6, PageID 1057), which lists Ms. Price's mentioned billing rate. According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 11.93% higher in 2021 versus 2016 (a $86.49 difference).[3] Adjusted *only* for such inflation from the year of this billing rate (2016) to the end of 2021, that $725 hourly rate for Ms. Price is $811.49.

\* Brian P. Sanford (class of '86): Mr. Sanford works in Dallas and specializes in employment law. On December 28, 2015, Judge Barbara M. G. Lynn awarded $650.00 per hour for Mr. Sanford's time prosecuting a Dallas employment retaliation case—based, in part, on the recommendation of Magistrate Judge David L. Horan. *See Kostić v. Texas A&M Univ.–Commerce*, No. 3:10-cv-02265-M (Doc. 282) (N.D. Tex. Dallas) (Order Accepting Findings and Recommendation of the United States Magistrate Judge); *id.* (Doc. 281) at pp. 6 & 10, PageID 8215 & 8219 ("Findings, Conclusions, and Recommendation of the United States Magistrate Judge") ("Plaintiff seeks $420,732.00 for work done by his lead counsel, Brian P. Sanford, for 637.28 hours at an hourly billing rate of $650.00 ($414,232.00) for work done prior to the filing of the original motion for fees and 10 hours at an hourly billing rate of $650.00 ($6,500.00) for work done after the original motion was filed. . . . Defendant does not challenge the hourly rates charged by Plaintiff's attorneys, the costs of court, or postjudgment interest request."). On November 15, 2018, Judge Mark Greenberg ruled in a bench trial on fees that Mr. Sanford's requested rate of $725.00 per hour was reasonable for work he did in *Carpenter v. Southwest Housing Dev. Co., Inc.*, Cause No. CC-08-2072-E (Dallas County Court at Law No. 5) (read into record at trial on fees)—a Dallas unlawful employment practices case involving refusal to pay earned compensation. Judge Greenberg then applied a 1.5 multiplier to fees. On May 30, 2017, Judge Ken Molberg (now Justice Molberg of the Dallas Court of Appeals) awarded Mr. Sanford $685.00 per hour for his work in trying *Clark v. Everlight Americas, Inc.*, No. DC-15-05538 (95th District Court for Dallas County, Texas)—a Dallas employment discrimination and retaliation case. According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus 2015 (the year of the

---

[3] https://www.officialdata.org/Legal-services/price-inflation/2016-to-2021?amount=725

Judge Lynn award)—a $102.10 difference.[4] Adjusted *only* for such inflation from the year of this award to the end of 2021, that $650.00 hourly rate for Mr. Sanford is $752.10.

---

[4] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=650

# *Classes of the 1990s*



# 24
**lawyers listed**

# $663.74
**average rate**

# $575.36
**median rate**



# Classes of the 1990s: The Rates



**$1,326.55***
Shane M. Tucker
(JD 1999)



**$600.00***
Jane Legler
(JD 1992)



**$535.00***
Michael A. McCabe
(JD 1998)



**$1,086.42***
John E. Fitzsimmons
(JD 1995)



**$595.00***
Barry S. Hersh
(JD 1998)



**$535.00***
David L. Wiley
(JD 1996)



**$1,055.96***
Cathryn Le Regulski
(JD 1999)



**$594.32***
J. Derek Braziel
(JD 1995)



**$535.00***
Amy E. Gibson
(JD 1995)



**$880.91***
Marc D. Katz
(JD 1994)



**$577.96***
Kevin M. Duddlesten
(JD 1994)



**$525.00***
Douglas B. Welmaker
(JD 1993)



**$818.17***
Joel M. Fineberg
(JD 1991)



**$572.75***
Robert E. McKnight, Jr.
(JD 1992)



**$513.20***
Jason Smith
(JD 1992)



**$801.90***
Matthew R. Scott
(JD 1995)



**$558.35***
Trey Branham
(JD 1999)



**$507.98***
Howard L. Steele, Jr.
(JD 1996)



**$629.37***
Richard E. Norman
(JD 1993)



**$558.35***
Jeffrey Goldbarb
(JD 1994)



**$505.64***
Peter A. Milianti
(JD 1997)



**$600.00***
Christine Neill
(JD 1996)



**$554.05***
Robert G. "Bobby" Lee
(JD 1993)



**$462.83***
David Langenfeld
(JD 1992)

# *Classes of the 1990s: The Work*



* **Shane M. Tucker (class of '99):** Mr. Tucker works in Dallas. His online biography states that he "advises employers, executives, and management teams on the tax and securities law implications of compensatory arrangements . . . also advises clients on the design and administration of retirement plans, welfare plans, and payroll practices." In 2018, his law firm sought fees at the rate of $1,280.00 per hour for this sort of work in a Dallas bankruptcy case: "Telephone conference with David Meyer regarding separation and employment agreements (.5); review employment agreements (1.0); review and revise consulting and separation agreement (3.3) . . . Review and revise separation and consulting agreements." *See In re: Taco Bueno Restaurants, Inc.*, No. 18-33678 (Doc. 308) at pp. 100–01 (Bankr. N.D. Tex. Dallas Feb. 14, 2019) (listing rate as "$1280.00"). On March 28, 2019, Judge Stacey G. C. Jernigan approved the fee request. *See id.* (Doc. 338). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 3.64% higher in 2021 versus 2018 (a $46.55 difference).[1] Adjusted *only* for such inflation from the year of this rate billed (2018) to the end of 2021, that $1,280.00 hourly rate for Mr. Tucker is $1,326.55.

* **John E. Fitzsimmons (class of '95):** Mr. Fitzsimmons's online biography states that he "concentrates in defense of employers in wrongful termination, employment discrimination, harassment, retaliation and other employment-related litigation in state and federal courts." He is based in California. But in 2020, Mr. Fitsimmons billed the rate of $1,070.00 for employment law work done in a Dallas bankruptcy case. *See In re: Trivascular Sales LLC*, No. 20-31840 (Doc. 436-4) at p. 2 and (Doc. 436-7) at pp. 140–43, 172 (Bankr. N.D. Tex. Dallas Oct. 31, 2020) (Exhibit D [Summary of Hourly Fees by Professionals and Paraprofessionals] and Exhibit G [Invoices for the Compensation Period] attached to First and Final Application of DLA Piper LLP (US) for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Debtors for (I) the Period from July 5, 2020 through October 1, 2020; and (II) the Post-Effective Date Period) (for work such as "Strategize regarding employee complaint, departing HR employee, and potential internal

---

[1] https://www.officialdata.org/Legal-services/price-inflation/2018-to-2021?amount=1280

investigation; exchange correspondence with Susan Hanstad regarding same; review anonymous complaint and outline questions for more specific information; review IM communications with departing HR employee and strategize regarding same; review employee handbook regarding relevant policies."). On December 3, 2020, Judge Stacey G. C. Jernigan approved the fee request with a Trustee stipulated reduction. *See id.* (Docs. 454 & 458). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020 (a $16.42 difference).[2] Adjusted *only* for such inflation from the year of this rate billed (2020) and awarded to the end of 2021, that $1,070.00 hourly rate for Mr. Fitzsimmons is $1,086.42.

\* Cathryn Le Regulski (class of '99): Ms. Regulski's online biography states that her "practice has a particular emphasis on handling complex employee issues resulting from mergers and acquisitions (both buy-side and sell-side), financings, spinoffs and divestitures, and public offerings.")." She is currently based in Washington D.C. In 2020, when she was based in Virginia, she billed the rate of $1,040.00 for employment work done in a Dallas bankruptcy case. *See In re: Trivascular Sales LLC*, No. 20-31840 (Doc. 436-4) at p. 2 and (Doc. 436-7) at pp. 72–73, 121 (N.D. Tex. Bankruptcy Oct. 31, 2020) (Exhibit D [Summary of Hourly Fees by Professionals and Paraprofessionals] and Exhibit G [Invoices for the Compensation Period] attached to First and Final Application of DLA Piper LLP (US) for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Debtors for (I) the Period from July 5, 2020 through October 1, 2020; and (II) the Post-Effective Date Period) (for work such as "Email correspondence with Reyna Fernandez regarding leave issues" and "Teleconference with Reyna Fernandez and Steffanie Cook regarding leave and job protection" and "Review and analyze noncompete agreement for Kevin Cofran and prior communications regarding same (0.2); teleconference with Steffanie Cook regarding cease and desist letters (0.2); attention to drafting of cease and desist letters (0.2)"), fee request approved with Trustee stipulated reduction in (Docs. 454 & 458). On December 3, 2020, Judge Stacey G. C. Jernigan approved the fee request with a Trustee stipulated reduction. *See id.* (Docs. 454 & 458). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020 (a $15.96 difference).[3] Adjusted *only* for such inflation from the year this rate was billed and awarded (2020) to the end of 2021, that $1,040.00 hourly rate for Ms. Regulski is $1,055.96.

---

[2] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=1070

[3] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=1040

\* **Marc D. Katz (class of '94):** Mr. Katz works in Dallas and his online biography says he handles "all types of employment disputes." He billed for work on a motion to dismiss in an alleged theft of trade secrets case in Dallas involving former employees of a company, in *Medoc Health Servs., LLC v. Nguyen*, No. DC-18-0822 (14th District Court for Dallas County, Texas). An invoice dated March 23, 2018, lists his rate as $850.00 per hour. *See* Exhibit C attached to Plaintiff's Motion for Attorneys' Fees, filed on November 20, 2020, at p. 55. According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 3.64% higher in 2021 versus 2018 (a $30.91 difference).[4] Adjusted *only* for such inflation from the year of this rate billed (2018) to the end of 2021, that $850.00 hourly rate for Mr. Katz is $880.91.

\* **Joel M. Fineberg (class of '91):** Mr. Fineberg works in Dallas. On August 4, 2011, Judge Royal Furgeson determined that the rate of $650.00 per hour was a reasonable one for work Mr. Fineberg did in a Dallas FLSA case. *See Spence v. Irving Holdings, Inc.*, No. 3:10-cv-142-F (Doc. 201) at p. 4, PageID 2414 (N.D. Tex. Dallas) ("Based on documentation provided by the parties, the number of hours worked by Plaintiffs' counsel and personnel, which is not disputed, amounts to over 2,250 hours, including 500 hours at a $650/hour rate by Joel Fineberg; . . . . The Court finds these rates to be reasonable and consistent with hourly rates charged by comparable attorneys in the community for similar work."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 25.87% higher in 2021 versus 2011 (a $168.17 difference).[5] Adjusted *only* for such inflation from the year of this rate awarded (2011) to the end of 2021, that $650.00 hourly rate for Mr. Fineberg is $818.17.

\* **Matthew R. Scott (class of '95):** Mr. Scott works in Dallas and his online biography notes he "has extensive experience trying employment cases to judges and juries" and is a board-certified labor and employment law specialist. On December 4, 2013, in an employment discrimination case, Mr. Scott testified that his standard billing rate was $650.00 per hour. *See* Declaration of Matthew R. Scott in *Ratra v. Dean Foods Co.*, No. 3:12-cv-1854 (Doc. 85-1) at p. 3 ¶ 25, PageID 2170 (N.D. Tex. Dallas) ("my standard hourly billing rate today at KLG is $650"). On January 30, 2015, in an employment discrimination case, Mr. Scott also testified that his standard billing rate was $650.00 per hour. *See* Declaration of Matthew R. Scott in *Patton v. ADESA Texas, Inc.*, No. 3:14-cv-3692 (Doc. 30-1) at p. 2 ¶ 22, PageID 1108 (N.D. Tex. Dallas) ("My standard hourly billing rate at KLG is $650, and that has been my billing rate since June 2012"). On January 16,

---

[4] https://www.officialdata.org/Legal-services/price-inflation/2018-to-2021?amount=850

[5] https://www.officialdata.org/Legal-services/price-inflation/2011-to-2021?amount=650

2014, Judge Phyllis Lister Brown ruled that $600.00 per hour was a reasonable rate for Mr. Scott's work in a disability discrimination in employment case. *See Green v. Dallas County Schools*, No. DC-12-09857 (Order of January 16, 2014) at p. 1 (162d District Court for Dallas County, Texas) ("The Court approves and awards Plaintiff reasonable attorney's fees of $337,750.00, which represents 404.9 hours of Matthew R. Scott's time at a reasonable hourly rate of $600 per hour, . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 23.37% higher in 2021 versus 2012—the year Mr. Matthews testified that his standard hourly billing rate in 2012 was $650 while at former Judge Joe Kendall's law firm (a $151.90 difference).[6] Adjusted *only* for such inflation from 2012 to the end of 2021, that $650.00 hourly rate for Mr. Scott is $801.90.

\* **Richard E. Norman (class of '93):** Mr. Norman works in Houston. On August 4, 2011, Judge Royal Furgeson determined the rate of $500.00 per hour was a reasonable one for work Mr. Norman did in a Dallas FLSA case. *See Spence v. Irving Holdings, Inc.*, No. 3:10-cv-142-F (Doc. 201) at p. 4, PageID 2414 (N.D. Tex. Dallas) ("Based on documentation provided by the parties, the number of hours worked by Plaintiffs' counsel and personnel, which is not disputed, amounts to over 2,250 hours, including . . . ; 284.1 hours at a $500/hour rate by Richard Norman. . . . The Court finds these rates to be reasonable and consistent with hourly rates charged by comparable attorneys in the community for similar work."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 25.87% higher in 2021 versus 2011—the year Judge Furgeson determined that $500 rate was reasonable (a $129.37 difference).[7] Adjusted *only* for such inflation from the year of this rate awarded (2011) to the end of 2021, that $500.00 hourly rate for Mr. Norman is $629.37.

\* **Christine Neill (class of '96):** Ms. Neill works in Dallas. Her online biography states that she "limits her practice to representing and advising employee side clients in matters including unlawful termination." On April 20, 2021, former Magistrate Judge Jeff Kaplan served as arbitrator and awarded $600 for Ms. Neill's work prevailing in a Dallas age discrimination in employment case. *See Golden v. Sunridge Mgmt. Group, Inc.*, Cause No. DC-19-09796 (95th Judicial District Court for Dallas County, Texas) (Motion to Confirm Arbitration Award and Brief in Support filed June 14, 2021) (Exhibit B: JAMS Arbitration Final Award, JAMS Arbitration No. 1310024814 at p. 21: "the arbitrator determines that $600.00 is a reasonable hourly rate for Legler and Neill and $550.00

---

[6] https://www.officialdata.org/Legal-services/price-inflation/2012-to-2021?amount=650

[7] https://www.officialdata.org/Legal-services/price-inflation/2011-to-2021?amount=500

is a reasonable hourly rate for Cole."). On July 22, 2021, Judge Monica Purdy confirmed the arbitration award. *See id.* (Order Confirming Arbitration Award).

\* Jane Legler (class of '92): Ms. Legler works in Dallas. Her online biography states that she "has extensive experience exclusively representing employees in employment related disputes." On April 20, 2021, former Magistrate Judge Jeff Kaplan served as arbitrator and awarded $600 for Ms. Legler's work prevailing in a Dallas age discrimination in employment case. *See Golden v. Sunridge Mgmt. Group, Inc.*, Cause No. DC-19-09796 (95th Judicial District Court for Dallas County, Texas) (Motion to Confirm Arbitration Award and Brief in Support filed June 14, 2021) (Exhibit B: JAMS Arbitration Final Award, JAMS Arbitration No. 1310024814 at p. 21: "the arbitrator determines that $600.00 is a reasonable hourly rate for Legler and Neill and $550.00 is a reasonable hourly rate for Cole."). On July 22, 2021, Judge Monica Purdy confirmed the arbitration award. *See id.* (Order Confirming Arbitration Award).

\* Barry S. Hersh (class of '98): Mr. Hersh works in Dallas. His online biography states that he "dedicates 100 percent of his practice to representing employees and small businesses in employment law matters." On September 7, 2021, Judge David C. Godbey granted $595.00 per hour for Mr. Hersh's work in a Dallas FLSA case. *See Boatright v. Grey*, No. 21-cv-00835-N (Doc. 18) at p. 9, PageID 180 (N.D. Tex. Dallas) ("shall have and recover from such Defendant reasonable attorneys' fees . . . attorney time at $595 per hour; . . ."). On December 28, 2015, Judge Barbara M. G. Lynn awarded $450.00 per hour for Mr. Hersh's time helping select a jury in a Dallas employment retaliation case—based, in part, on the recommendation of Magistrate Judge David L. Horan. *See Kostić v. Texas A&M Univ.–Commerce*, No. 3:10-cv-02265-M (Doc. 282) (N.D. Tex. Dallas) (Order Accepting Findings and Recommendation of the United States Magistrate Judge); *id.* (Doc. 281) at pp. 8 & 10, PageID 8217 & 8219 ("Findings, Conclusions, and Recommendation of the United States Magistrate Judge") ("Plaintiff seeks $2,610.00 for work done by Barry S. Hersh of Hersh Law Firm, P.C., who helped with jury selection and mock trial, for 5.8 hours at an hourly billing rate of $450.00. . . . Defendant does not challenge the hourly rates charged by Plaintiff's attorneys, the costs of court, or postjudgment interest request.").

\* J. Derek Braziel (class of '95): J. Derek Braziel works in Dallas. On February 28, 2013, Judge Jane Boyle ruled that $495.00 per hour was "reasonable" and "warranted" for J. Derek Braziel in a Dallas FLSA case, *Owens v. Marstek, LLC*, No. 3:11-cv-01435-B (Doc. 26) (N.D. Tex. Dallas) (adopting fees requested in Doc. 24). On February 20, 2014, Magistrate Judge David L. Horan ruled that $495.00 per hour was "reasonable" for Mr. Braziel and "within the market rate for attorneys handling this type of litigation in the Dallas area" in *Farasat v. RP Managing Partners, LLC*, No. 3:13-cv-00270-L (Doc. 46) (N.D. Tex. Dallas)—

a Dallas FLSA case. According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 20.06% higher in 2021 versus 2013—the year Judge Boyle ruled that $495.00 per hour was reasonable (a $99.32 difference).[8] Adjusted *only* for such inflation from the year of Judge Boyle's ruling (2013) to the end of 2021, that $495.00 hourly rate for Mr. Braziel is $594.32.

\* Kevin M. Duddlesten (class of '94): Mr. Duddlesten works in Dallas. His online biography states that he "has represented employers in all areas of labor and employment law for over 25 years." In a Dallas intellectual property case, *United States Green Building Council v. Wardell*, No. 3:14-cv-1541 (N.D. Tex. Dallas), he billed for work on a default judgment issue. *See, e.g., id.* Doc. 52-7 at p. 17 ("Review motion for entry of default and supporting papers and briefly confer with A. Pickell regarding same."). The invoice for that work is dated October 8, 2015. *See id.* Doc. 52-7 Exhibit E pp. 1–25. The invoice lists his rate as $499.50. *See id.* Doc. 52-7 at p. 24, PageID 426. According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus 2015 (a $78.46 difference).[9] Adjusted *only* for such inflation from the year of this billing (2015) to the end of 2021, that $499.50 hourly rate is $577.96.

\* Robert E. McKnight, Jr. (class of '92): Mr. McKnight's online biography notes that he practices in the areas of labor and employment law. Though he is based in Victoria, Texas, on December 28, 2015, Judge Barbara M. G. Lynn awarded $495.00 per hour for Mr. McKnight's time working on attorneys' fees issues in a Dallas employment retaliation case—based, in part, on the recommendation of Magistrate Judge David L. Horan. *See Kostić v. Texas A&M Univ.–Commerce*, No. 3:10-cv-02265-M (Doc. 282) (N.D. Tex. Dallas) (Order Accepting Findings and Recommendation of the United States Magistrate Judge); *id.* (Doc. 281) at pp. 8 & 10, PageID 8217 & 8219 ("Findings, Conclusions, and Recommendation of the United States Magistrate Judge") ("Plaintiff seeks $13,711.50 for work done by Robert E. McKnight, Jr., of counsel to the law firm of Marek, Griffin & Knaupp, who helped prepare the motion for fees and costs, for 14.30 hours at an hourly rate of $495.00 ($7,078.50) for work done prior to the filing of original motion and 13.40 hours at an hourly rate of $495.00 ($6,633.00) for work done after the original motion was filed. . . . Defendant does not challenge the hourly rates charged by Plaintiff's attorneys, the costs of court, or postjudgment interest request."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71%

---

[8] https://www.officialdata.org/Legal-services/price-inflation/2013-to-2021?amount=495

[9] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=499.50

higher in 2021 versus 2015 (a $77.75 difference).[10] Adjusted *only* for such inflation from the year of this ruling (2015) to the end of 2021, that $495.00 hourly rate is $572.75.

**\* Trey Branham (class of '99):** Mr. Branham works in Dallas. On April 9, 2014, Judge Jorge Solis found a rate of $475.00 per hour was "reasonable for this locality" for the work Mr. Branham did in prosecuting a Dallas FLSA case. *See Parker v. ABC Debt Relief, Ltd.,* No. 3:10-cv-1332-P (Doc. 241) at p. 4, PageID 7059 (N.D. Tex. Dallas) ("Plaintiffs also request that attorneys Branham and Jeffrey Goldfarb be compensated at an hourly rate of $475, . . . . The Court finds that the hourly rates requested by Plaintiffs are reasonable for this locality."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 17.55% higher in 2021 versus 2014 (an $85.35 difference).[11] Adjusted *only* for such inflation from the year of this ruling (2014) to the end of 2021, that $475.00 hourly rate is $558.35.

**\* Jeffrey Goldfarb (class of '94):** Mr. Goldfarb works in Dallas. On April 9, 2014, Judge Jorge Solis found a rate of $475.00 per hour was "reasonable for this locality" for the work Mr. Goldfarb did in prosecuting a Dallas FLSA case. *See Parker v. ABC Debt Relief, Ltd.,* No. 3:10-cv-1332-P (Doc. 241) at p. 4, PageID 7059 (N.D. Tex. Dallas) ("Plaintiffs also request that attorneys Branham and Jeffrey Goldfarb be compensated at an hourly rate of $475, . . . . The Court finds that the hourly rates requested by Plaintiffs are reasonable for this locality."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 17.55% higher in 2021 versus 2014 (an $83.35 difference).[12] Adjusted *only* for such inflation from the year of this ruling (2014) to the end of 2021, that $475.00 hourly rate is $558.35.

**\* Robert G. "Bobby" Lee (class of '93):** Though he now works in Houston, Mr. Lee, a board-certified labor and employment law specialist, previously worked in North Texas. On June 14, 2016, Judge Reed O'Connor found a rate of $495.00 per hour for Mr. Lee's work in prosecuting a Fort Worth employment discrimination and retaliation case was "reasonable given the community standards" and Mr. Lee's experience. *See Calahan v. BMJ Food Corp.,* No. 4:15-cv-00251-O (Doc. 29) at p.12, PageID 177 (N.D. Tex. Fort Worth) ("Plaintiff's attorney suggests that associate Megan Leigh Dixon rate of $295 dollars an hour and Robert G. Lee's rate at $495 an hour are reasonable hourly rates. . . . The

---

[10] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=495

[11] https://www.officialdata.org/Legal-services/price-inflation/2014-to-2021?amount=475

[12] https://www.officialdata.org/Legal-services/price-inflation/2014-to-2021?amount=475

Court finds that Plaintiff's rates are reasonable given the community standards and Dixon and Lee's experience."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 11.93% higher in 2021 versus 2016 (a $59.05 difference).[13] Adjusted *only* for such inflation from the year of Judge O'Connor's ruling (2016) to the end of 2021, that $495.00 hourly rate is $554.05.

## * Michael A. McCabe (class of '98): Mr. McCabe works in Dallas.

His online biography states that he is an "Award-winning Trial Lawyer in Employment Litigation." An invoice from his firm for some commercial litigation shows his rate was $495.00 per hour in 2017. *See* Firm Invoice dated May 23, 2017, attached to Declaration of Michael A. McCabe accompanying motion for award of fees filed on July 27, 2018, at pp. 284–87, in *Valtech Servs., Inc. v. Cornerstone Staffing Solutions, Inc.*, No. DC-16-10346 (116th Judicial District Court for Dallas County, Texas). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 8.08% higher in 2021 versus 2017 (a $40.00 difference).[14] Adjusted *only* for such inflation from the year of this billing (2017) to the end of 2021, that $495.00 hourly rate is $535.00.

## * David L. Wiley (class of '96): Mr. Wiley works in Dallas and

focuses his practice on employment law. On May 30, 2017, Judge Ken Molberg (now Justice Molberg of the Dallas Court of Appeals) awarded Mr. Wiley $495.00 per hour for his work in helping select a jury in *Clark v. Everlight Americas, Inc.*, No. DC-15-05538 (95th District Court for Dallas County, Texas)—a Dallas employment discrimination and retaliation case. On December 12, 2019, a Taylor County jury in Abilene, Texas, awarded Mr. Wiley $500.00 per hour for his work in prosecuting *Chad Carter v. City of Abilene, Texas*, No. 10138-D (350th Judicial District Court for Taylor County, Texas)—an Abilene whistleblower case. *See* Jury Verdict at pp. 6-8, Question 4 ("What is a reasonable attorneys' fee for necessary services provided in this case, stated in dollars and cents? . . . Answer: $764 hours x $500 = $382,000"). On November 15, 2018, Judge Mark Greenberg ruled in a bench trial on fees that Mr. Wiley's requested rate of $495.00 per hour was reasonable for his work in prosecuting *Carpenter v. Southwest Housing Dev. Co., Inc.*, Cause No. CC-08-2072-E (Dallas County Court at Law No. 5) (read into record at trial on fees)—a Dallas unlawful employment practices case involving refusal to pay earned compensation. Judge Greenberg then applied a 1.5 multiplier to fees. *See id.* According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 8.08% higher

---

[13] https://www.officialdata.org/Legal-services/price-inflation/2016-to-2021?amount=495

[14] https://www.officialdata.org/Legal-services/price-inflation/2017-to-2021?amount=495

in 2021 versus 2017—the year of the 2017 *Everlight* decision awarding a $495 per hour rate (a $40.00 difference).[15] Adjusted *only* for such inflation from the year of this decision to the end of 2021, that $495.00 hourly rate is $535.00.

**\* Amy E. Gibson (class of '95):** Ms. Gibson works in Dallas and focuses her practice on employment law. On May 30, 2017, Judge Ken Molberg (now Justice Molberg of the Dallas Court of Appeals) awarded Ms. Gibson $495.00 per hour for her work in helping select a jury in *Clark v. Everlight Americas, Inc.*, No. DC-15-05538 (95th District Court for Dallas County, Texas)—a Dallas employment discrimination and retaliation case. On December 28, 2015, Judge Barbara M. G. Lynn awarded $450.00 per hour for Ms. Gibson's time helping select a jury in a Dallas employment retaliation case—based, in part, on the recommendation of Magistrate Judge David L. Horan. *See Kostić v. Texas A&M Univ.–Commerce*, No. 3:10-cv-02265-M (Doc. 282) (N.D. Tex. Dallas) (Order Accepting Findings and Recommendation of the United States Magistrate Judge); *id.* (Doc. 281) at pp. 7-8 & 10, PageID 8216-17 & 8219 ("Findings, Conclusions, and Recommendation of the United States Magistrate Judge") ("Plaintiff seeks $720.00 for work done by Amy E. Gibson of Gibson Wiley PLLC, who helped with jury selection, for 1.6 hours of work at an hourly rate of $450.00. . . . Defendant does not challenge the hourly rates charged by Plaintiff's attorneys, the costs of court, or postjudgment interest request."). On December 12, 2019, a Taylor County jury in Abilene, Texas, awarded Ms. Gibson $500.00 per hour for her work as lead counsel in prosecuting *Chad Carter v. City of Abilene, Texas*, No. 10138-D (350th Judicial District Court for Taylor County, Texas)—an Abilene whistleblower case. *See* Jury Verdict at pp. 6-8, Question 4 ("What is a reasonable attorneys' fee for necessary services provided in this case, stated in dollars and cents? . . . Answer: $764 hours x $500 = $382,000"). On November 15, 2018, Judge Mark Greenberg ruled in a bench trial on fees that Ms. Gibson's requested rate of $495.00 per hour was reasonable for her work as lead counsel prosecuting *Carpenter v. Southwest Housing Dev. Co., Inc.*, Cause No. CC-08-2072-E (Dallas County Court at Law No. 5) (read into record at trial on fees)—a Dallas unlawful employment practices case involving refusal to pay earned compensation. Judge Greenberg then applied a 1.5 multiplier to fees. According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 8.08% higher in 2021 versus 2017—the year of the 2017 *Everlight* decision awarding a $495 per hour rate (a $40.00 difference).[16] Adjusted *only* for such inflation from the year of this decision to the end of 2021, that $495.00 hourly rate is $535.00.

---

[15] https://www.officialdata.org/Legal-services/price-inflation/2017-to-2021?amount=495

[16] https://www.officialdata.org/Legal-services/price-inflation/2017-to-2021?amount=495

**\* Douglas B. Welmaker (class of '93):** Mr. Welmaker is based in Austin and his online biography notes that for the past ten years he has limited his practice to FLSA cases. On January 10, 2022, Magistrate Judge Renee Harris Toliver found that $525.00 per hour was a reasonable rate for Mr. Welmaker's time prosecuting a Dallas FLSA case. *See Hardy v. SDM Hospitality, LLC*, No. 20-cv-3157-S-BK (Doc. 11) at p. 11, PageID 87(N.D. Tex. Dallas) ("Further, the undersigned finds that counsel's requested hourly rate of $525.00 is reasonable for an attorney practicing in the field of employment law with comparable experience."). In 2015, in three different FLSA cases, judges in Dallas ruled $400.00 per hour was a reasonable rate for his work. *See Mauricio v. Phillip Gaylen, P.C.*, No. 3:14-cv-00064-L (Doc. 41) at pp. 3-4, PageID 286-87 (N.D. Tex. Dallas Dec. 3, 2015) (Magistrate Judge Irma Ramirez) ("Here, Plaintiffs seek hourly rates of $400 for Douglas B. Welmaker, . . . . The hourly rates are consistent with the prevailing market rates in this area, . . . ."), *report and recommendation adopted in* (Doc. 44), 2016 WL 1273337, 2016 Wage & Hour Cas. 2d (BNA) 99,007 (N.D. Tex. Dallas Mar. 30, 2016) (Judge Sam A. Lindsay); *Henderson v. Fenwick Protection Inc.*, No. 3:14-cv-00505 (Doc. 56) at pp. 13-14, PageID 284-85 (N.D. Tex. Dallas Nov. 23, 2015) (Magistrate Judge David L. Horan) ("According to the Welmaker Affidavit, Welmaker has an hourly billing rate of $400.00, . . . . Under the particular circumstances here, the undersigned finds that both Welmaker and Michael's rates are consistent with the prevailing rates in Dallas County for attorneys with their respective experience, skill, and ability."), *report and recommendation adopted in* (Doc. 58) (N.D. Tex. Dallas Dec. 28, 2015) (Judge Barbara M. G. Lynn); *Robinson v. Nexion Health at Terrell, Inc.*, No. 3:12-cv-03853-L-BK (Doc. 56) at pp. 3 & 5, PageID 987 & 989 (N.D. Tex. Dallas Feb. 11, 2015) (Magistrate Judge Renee Harris Toliver) ("Plaintiff seeks reimbursement for attorneys: (1) Doug Welmaker at a rate of $400.00 per hour; . . . . the undersigned finds such rates to be reasonable based on the Court's familiarity with hourly rates charged by attorneys of similar experience and skill."), *report and recommendation rejected on other grounds* (Doc. 57).

**\* Jason Smith (class of '92):** Mr. Smith works in Fort Worth. His online biography notes that he "has developed an expertise as a trial lawyer handling employment, personal injury and insurance cases." On July 23, 2019, Judge Dale Tillery ruled that $500.00 per hour was a "reasonable" hourly fee for his work in prosecuting a Dallas employment retaliation case. *See* Findings of Facts and Conclusions of Law in *Benavides v. Macy's Retail Holdings, Inc.*, No. DC-18-10796 at p. 4, ¶ 42 (134th Judicial District Court for Dallas County, Texas) ("$500 is a reasonable hourly fee for Jason Smith in this case."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019 (a $13.20

difference).[17] Adjusted *only* for such inflation from the year of this decision (2019) to the end of 2021, that $500.00 hourly rate is $513.20.

* **Howard L. Steele, Jr. (class of '96):** Mr. Steele's online biography shows he works in Houston and practices labor and employment law. On March 8, 2017, Judge Reed O'Connor ruled $470.00 per hour was a "reasonable" rate for Mr. Steele's work in a Forth Worth FLSA. *See Pereyra v. Navika Capital Group LLC*, No. 4:15-CV-00615-O (Doc. 83) at p. 4, PageID 3298 (N.D. Tex. Fort Worth) ("In connection with their work performed in the Western District case and this instant case Pereyra seeks hourly rates of $470.00 for partner Howard Steele; . . . . The Court finds that these rates are reasonable."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 7.87% higher in 2021 versus 2017 (a $37.98 difference).[18] Adjusted *only* for such inflation from the year of Judge O'Connor's finding (2017) to the end of 2021, that $470.00 hourly rate is $507.98.

* **Peter A. Milianti (class of '97):** Mr. Milianti's online biography notes his practice focuses on labor and employment litigation. Though Mr. Milianti is based in Chicago, on December 23, 2015, Magistrate Judge David L. Horan found $437.00 per hour was within a reasonable range for Mr. Milianti's work in a Dallas employment discrimination case. *See McAfee v. Schneider Nat'l Carriers, Inc.*, No. 3:14-cv-1500-P (Doc. 52) at p. 12, PageID 200 (N.D. Tex. Dallas) ("The Court finds Mr. Milianti's $437.00 hourly rate to be within the proper range for the prevailing market rate in this legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus 2015 (a $68.64 difference).[19] Adjusted *only* for such inflation from the year of Magistrate Judge Horan's finding (2015) to the end of 2021, that $437.00 hourly rate is $505.64.

* **David Langenfeld (class of '92):** Mr. Langenfeld is based in Austin and his online biography notes he is a board-certified labor and employment law specialist. In 2015, Magistrate Judge Irma Ramirez recommended his firm receive $400.00 per hour for Mr. Langenfeld's work in prosecuting an FLSA case in Dallas, and Judge Sam A. Lindsay approved that recommendation. *See Mauricio v. Phillip Gaylen, P.C.*, No. 3:14-cv-00064-L (Doc. 41) at p. 3, PageID 286 (N.D. Tex. Dallas Dec. 3, 2015) (Magistrate Judge Irma Ramirez) ("Here,

---

[17] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=500

[18] https://www.officialdata.org/Legal-services/price-inflation/2017-to-2021?amount=470

[19] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=437

Plaintiffs seek hourly rates of $400 for Douglas B. Welmaker, $400 for David Langenfeld, and . . . . The hourly rates are consistent with the prevailing market rates in this area, . . . ."), *report and recommendation adopted in* (Doc. 44), 2016 WL 1273337, 2016 Wage & Hour Cas. 2d (BNA) 99,007 (N.D. Tex. Dallas Mar. 30, 2016) (Judge Sam A. Lindsay). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus 2015 (a $62.83 difference).[20] Adjusted *only* for such inflation from the year of Magistrate Judge Ramirez's ruling to the end of 2021, that $400.00 hourly rate is $462.83.

---

[20] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=400

# *Classes of the 2000s*



## 26 lawyers listed

## $559.13

### average rate

## $501.37

### median rate



# Classes of the 2000s: The Rates


**$821.12***
Crystal Jamison
Woods
(JD 2009)


**$795.46***
Isabel A.
Crosby
(JD 2005)


**$759.53***
Micala
Bernardo
(JD 2007)


**$759.53***
Michael W.
Massiatte
(JD 2000)


**$755.24***
Stuart L.
Cochran
(JD 2000)


**$733.14***
Danielle Alexis
Matthews
(JD 2000)


**$653.75***
Karen C.
Denney
(JD 2002)


**$649.67***
Brian
Lauten
(JD 2001)


**$621.21***
John Roger
Herring
(JD 2008)


**$570.11***
Mike
Gaddis
(JD 2009)


**$555.16***
Joseph H.
Gillespie
(JD 2002)


**$550.00***
Kyla
Cole
(JD 2001)


**$519.74***
Brent
Walker
(JD 2004)


**$483.00***
Kimberly
Williams
(JD 2005)


**$462.83***
Brandon
Shelby
(JD 2004)


**$462.63***
James D.
Sanford
(JD 2005)


**$461.88***
Ashley
Tremain
(JD 2008)

**$461.88***
Carmen
Artaza
(JD 2006)


**$461.88***
Christine
Hopkins
(JD 2005)


**$456.91***
John M.
Barcus
(JD 2002)

**$444.13***
M. Jeanette
Fedele
(JD 2003)


**$436.22***
Gavin S.
Martinson
(JD 2005)


**$428.12***
Monica
Velazquez
(JD 2002)


**$411.42***
Corinna
Chandler
(JD 2009)


**$411.42***
Todd
Goldberg
(JD 2009)

**$411.42***
Jamie J.
McKey
(JD 2006)

## *Classes of the 2000s: The Work*



\* Crystal Jamison Woods (class of '09): Ms. Woods works in Dallas and her online biography states that she "has a diverse legal practice involving labor and employment . . . with a primary focus on litigating disputes and counseling on matters implicating trade secrets, restrictive covenants and fiduciary duties." She billed at the rate of \$800.00 per hour for work in a Dallas bankruptcy case. *See In re: 4 West Holdings, Inc.*, No. 18-30777 (Doc. 1429) at pp. 5, 9, 69, 72, 74, 88, 149, 166 (Bankr. N.D. Tex. Dallas) (Summary of Combined Third Interim and Final Application of DLA Piper LLP (US) for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Debtors and Debtors in Possession for the Interim Period from September 1, 2018 through February 13, 2019 and the final period from March 6, 2018 through February 13, 2019) (for work such as "evaluate and advise on dispute relating to deposition location," "attention to issues relating to motion to compel," "assist with deposition preparations," "assist with hearing preparation," "attention to case status and anticipated litigation needs") (firm invoices dated February 6, 2019, and February 7, 2019). On May 2, 2019, Judge Harlin D. Hale approved the request for fees. *See id.* (Doc. 1485). Ms. Woods billed for work in an alleged theft of trade secrets case in Dallas involving former employees of a company, in *Medoc Health Servs., LLC v. Nguyen*, No. DC-18-0822 (14th District Court for Dallas County, Texas). An invoice dated March 23, 2018, lists her rate as \$685.00 per hour. *See* Exhibit C attached to Plaintiff's Motion for Attorneys' Fees in that case filed on November 20, 2020, at p. 55. On May 24, 2021, Judge Eric V. Moyé awarded fees based, in part, on this rate for Ms. Woods's work. *See id.* (Revised Order) at p. 2 ("this Court finds that Plaintiffs incurred legal fees in the amount of \$261,632.82 related to . . . . The Court finds that Plaintiffs' recovery of these fees is legally authorized, that the requested attorneys' fees were reasonable and necessary for Plaintiffs' legal representation, . . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019—a \$21.12 difference from the \$800 rate listed.[1] Adjusted *only* for such inflation from the year

---

[1] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=800

this rate was court-approved to the end of 2021, that $800.00 hourly rate for Ms. Woods is $821.12.

* Isabel A. Crosby (class of '05): Ms. Crosby works in Dallas and her prior online biography says she "works closely with employers at all stages of the employment relationship." She billed for work on an alleged theft of trade secrets case in Dallas involving former employees of a company, in *Medoc Health Servs., LLC v. Nguyen*, No. DC-18-0822 (14th District Court for Dallas County, Texas). An invoice dated March 7, 2019, lists her rate as $775.00 per hour. *See* Exhibit C attached to Plaintiff's Motion for Attorneys' Fees in that case filed on November 20, 2020, at p. 138. On May 24, 2021, Judge Eric V. Moyé awarded fees based, in part, on this rate for Ms. Crosby's work. *See id.* (Revised Order) at p. 2 ("this Court finds that Plaintiffs incurred legal fees in the amount of $261,632.82 related to . . . . The Court finds that Plaintiffs' recovery of these fees is legally authorized, that the requested attorneys' fees were reasonable and necessary for Plaintiffs' legal representation, . . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019 (a $20.46 difference).[2] Adjusted *only* for such inflation from the year this rate was billed in the relevant Dallas community to the end of 2021, that $775.00 hourly rate for Ms. Crosby is $795.46.

* Micala Bernardo (class of '07): Ms. Bernardo works in Dallas and her online biography states that her "practice focuses on counseling clients on labor and employment matters . . . brought by individuals or on a class-wide basis." She billed at the rate of $740.00 per hour for work in a Dallas bankruptcy case. *See In re: 4 West Holdings, Inc.*, No. 18-30777 (Doc. 1429) at pp. 6, 181, 191 (Bankr. N.D. Tex. Dallas) (Summary of Combined Third Interim and Final Application of DLA Piper LLP (US) for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Debtors and Debtors in Possession for the Interim Period from September 1, 2018 through February 13, 2019 and the final period from March 6, 2018 through February 13, 2019) (for work such as "attention to review of exhibits for deposition"). On May 2, 2019, Judge Harlin D. Hale approved the request for fees. *See id.* (Doc. 1485). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019—a $19.53 difference from the $740.00 rate listed.[3] Adjusted *only* for such inflation from the year this rate was court-approved to the end of 2021, that $740.00 hourly rate for Ms. Bernardo is $759.53.

---

[2] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=775

[3] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=740

* Michael W. Massiatte (class of '00): Mr. Massiatte works in Dallas and his online biography states that he "focuses his practice on labor and employment matters[.]" He billed at the rate of $740.00 per hour for work in a Dallas bankruptcy case. *See In re: 4 West Holdings, Inc.*, No. 18-30777 (Doc. 1429) at pp. 9, 181 (Bankr. N.D. Tex. Dallas) (Summary of Combined Third Interim and Final Application of DLA Piper LLP (US) for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Debtors and Debtors in Possession for the Interim Period from September 1, 2018 through February 13, 2019 and the final period from March 6, 2018 through February 13, 2019) (e.g., "Attention to review of exhibits for deposition"). Judge Harlin D. Hale approved the request for fees. *See id.* at Doc. 1485 (May 2, 2019). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019—an $19.53 difference from the $740.00 rate listed.[4] Adjusted *only* for such inflation from the year this rate was court-awarded to the end of 2021, that $740.00 hourly rate for Mr. Massiatte is $759.53.

* Stuart L. Cochran (class of '00): Mr. Cochran works in Dallas. On August 4, 2011, Judge Royal Furgeson determined the rate of $600.00 per hour was a reasonable one for work Mr. Cochran did in a Dallas FLSA case. *See Spence v. Irving Holdings, Inc.*, No. 3:10-cv-142-F (Doc. 201) at p. 4, PageID 2414 (N.D. Tex. Dallas) ("Based on documentation provided by the parties, the number of hours worked by Plaintiffs' counsel and personnel, which is not disputed, amounts to over 2,250 hours, including . . . ; 750 hours at a $600/hour rate by Stuart Cochran; . . . . The Court finds these rates to be reasonable and consistent with hourly rates charged by comparable attorneys in the community for similar work."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 25.87% higher in 2021 versus 2011 (a $155.24 difference).[5] Adjusted *only* for such inflation from the year of Judge Ferguson's determination (2011) to the end of 2021, that $600.00 hourly rate for Mr. Cochran is $755.24.

* Danielle Alexis Matthews (class of '00): Ms. Matthews works in Dallas and her online biography notes "[h]er practice focuses on representing employers in workplace law matters, including preventive advice and counseling." In a Dallas FLSA case, she submitted a declaration in which she noted that in 2016 she billed her client for work in that case at the rate of $655.00 per hour. *See* Declaration of Danielle Alexis Matthews in *Areizaga v. ADW Corp.*,

---

[4] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=740

[5] https://www.officialdata.org/Legal-services/price-inflation/2011-to-2021?amount=600

No. 3:14-cv-2899 (Docs. 94-1 & 94-2) (N.D. Tex. Dallas). *See generally* Brief in Support of ADW Corporation's Motion to Dismiss Plaintiff's Original Complaint (Doc. 7) (discussing nature of the case). Attached to Ms. Matthews's declaration are law firm billing records. Those billing records, Doc. 94-2 at p. 6, list Ms. Matthews as having billed at a rate of $655.00 per hour in an invoice dated February 10, 2016. Magistrate Judge David L. Horan declined to grant this requested rate. *See* Doc. 130 [Memorandum Opinion and Order] at p. 12. But it was a rate actually billed for employment work in the North Texas community. *See* Doc. 94-1 at p. 3, PageID 1051 ("Fulbright charged ADW its standard hourly rate for each of the attorneys who worked on the matter . . . ") and 94-2 at p. 6, PageID 1057 (listing $655 as the rate for Ms. Matthews on the firm's February 10, 2016, invoice). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 11.93% higher in 2021 versus 2016 (a $78.14 difference).[6] Adjusted *only* for such inflation from the year this rate was billed (2016) to the end of 2021, that $655.00 hourly rate for Ms. Matthews is $733.14.

\* Karen C. Denney (class of '02): Ms. Denney works in Dallas and her online biography notes she "is a partner in her firm's Labor and Employment Practice Group." In a Dallas employment discrimination case, her declaration and accompanying client invoice dated April 14, 2015, show her rate charged for work billed in that case was $565.00 per hour (prior to an across-the-board 10% discount). *See Garofalo v. Taco Bueno, LP*, No. 3:14-cv-02616-M-BH (Doc. 43) at p. 11, PageID 377 (N.D. Tex. Dallas) (for work such as "revise and finalize designation of expert witnesses for filing" and "revise required scheduling proposal"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus 2015 (an $88.75 difference).[7] Adjusted *only* for such inflation from the year this rate was billed (2015) to the end of 2021, that $565.00 hourly rate for Ms. Denney is $653.75.

\* Brian Lauten (class of '01): Mr. Lauten works in Dallas. On July 27, 2010, Judge Jane Boyle awarded Mr. Lauten a rate of $500.00 per hour rate for his work in prosecuting a Dallas employment retaliation case. *See Nassar v. University of Texas Southwestern Medical Center*, No. 3:09-CV-1337 (Doc. 160) at pp. 8–10, PageID 2245–47 (N.D. Tex. Dallas) ("Defendant argues that Dr. Nassar has not met his burden and that the rates requested ($400 per hour for Mr. Walker, $500 per hour for Mr. Lauten, $500 per hour for Ms. Lauten, and $750 per hour for Ms. Aldous) are excessive. . . .   In light of the degree of success

---

[6] https://www.officialdata.org/Legal-services/price-inflation/2016-to-2021?amount=655

[7] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=565

obtained and the evidence submitted, the Court finds that the lodestar may be calculated using the requested rates, with one exception [applicable to Ms. Lauten]."), *reversed on other grounds*. According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 29.93% higher in 2021 versus 2010 (a \$149.67 difference).[8] Adjusted *only* for such inflation from the year of Judge Boyle's award (2010) to the end of 2021, that \$500.00 hourly rate for Mr. Lauten is \$649.67.

\* John R. Herring (class of '08): Mr. Herring works in Dallas and his online biography notes he "has handled Fair Labor Standards Act (FLSA) collective actions and state law class actions across the country, and regularly assists companies evaluating compliance with state and federal employment laws and regulations." In a Dallas FLSA case, a declaration was submitted which noted that in 2016, work he did was billed to a client at the rate of \$555.00 per hour. *See* Declaration of Danielle Alexis Matthews in *Areizaga v. ADW Corp.*, No. 3:14-cv-2899 (Docs. 94-1 & 94-2) (N.D. Tex. Dallas). *See generally* Brief in Support of ADW Corporation's Motion to Dismiss Plaintiff's Original Complaint (Doc. 7) (discussing nature of the case). Attached to the declaration are law firm billing records that show Mr. Herring as having billed at a rate of \$555.00 per hour in invoices dated February 10, 2016, March 15, 2016, and April 12, 2016. *See* Doc. 94-2 at pp. 6, 10, 14 (for work such as "conference with litigation team" and "prepare ADW Corporation's brief seeking discovery of Plaintiff's electronically stored information"). Magistrate Judge David L. Horan declined to grant this requested rate. *See* Doc. 130 [Memorandum Opinion and Order] at pp. 12–13. But it was a rate actually billed for employment work in the North Texas community. *See* Doc. 94-1 at p. 3, PageID 1051 ("Fulbright charged ADW its standard hourly rate for each of the attorneys who worked on the matter . . . ") and 94-2 at pp. 6, 10, 14 (listing "\$555.00" as the rate for Mr. Herring on several of his firm's invoices). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 11.93% higher in 2021 versus 2016 (a \$66.21 difference).[9] Adjusted *only* for such inflation from the year this rate was billed (2016) to the end of 2021, that \$555.00 hourly rate for Mr. Herring is \$621.21.

\* Mike Gaddis (class of '09): Mr. Gaddis works in Dallas. His online biography notes that he has represented companies and individuals in employment disputes. In a Dallas alleged breach of employment agreement against a former employee of a company, there was testimony on January 28, 2014, that Mr. Gaddis' hourly rate for work on that case was \$485.00 per hour. *See*

---

[8] https://www.officialdata.org/Legal-services/price-inflation/2010-to-2021?amount=500

[9] https://www.officialdata.org/Legal-services/price-inflation/2016-to-2021?amount=555

Transcript of trial testimony of Stephen E. Fox on January 28, 2014 in *Highland Capital Management, L.P. v. Daugherty*, No. 05-14-01215-CV (68th Judicial District Court for Dallas County, Texas) at p. 85 ("Q. Okay. And what hourly rate are you charging Highland for Mr. Gaddis's work in this case? A. Whatever it says in the report, is it 480? Q. 485, I believe. A. 485, yes, sir."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 17.55% higher in 2021 versus 2014 (an $85.11 difference).[10] Adjusted *only* for such inflation from the year of this testimony (2014) to the end of 2021, that $485.00 hourly rate for Mr. Gaddis is $570.11.

\* Joseph H. Gillespie (class of '02): Mr. Gillespie works in Dallas. His online biography notes he "focuses his practice on labor and employment advice, litigation, and trials." On August 24, 2012, Judge Ed Kinkeade ruled that— for Mr. Gillespie's work in a Dallas FLSA case—the rate of $450.00 per hour was "consistent with the hourly wages of similarly situated attorneys in the Dallas area." *See Black v. Settlepou, P.C.*, No. 3:10-CV-1418-K (Doc. 133) at p. 8, PageID 2610 (N.D. Tex. Dallas) ("Although Defendant SettlePou, P.C. contests the reasonableness of Betty Black's counsels' hourly rates, the Court has determined that hourly rates of $450 per hour for Mr. Gillespie and $375 per hour for Mr. Sanford are consistent with the hourly wages of similarly situated attorneys in the Dallas area."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 23.37% higher in 2021 versus 2012 (a $105.16 difference).[11] Adjusted *only* for such inflation from the year of Judge Kinkeade's determination (2012) to the end of 2021, that $450.00 hourly rate for Mr. Gillespie is $555.16.

\* Kyla Cole (class of '01): Ms. Cole works in Dallas. Her online biography notes that she started her career representing employees in discrimination litigation and continues to represent employees in discrimination litigation. On April 20, 2021, former Magistrate Judge Jeff Kaplan served as arbitrator and awarded $550.00 for Ms. Cole's work prevailing in a Dallas age discrimination in employment case. *See Golden v. Sunridge Mgmt. Group, Inc.*, Cause No. DC-19-09796 (95th Judicial District Court for Dallas County, Texas) (Motion to Confirm Arbitration Award and Brief in Support filed June 14, 2021) (Exhibit B: JAMS Arbitration Final Award, JAMS Arbitration No. 1310024814 at p. 21: "the arbitrator determines that $600.00 is a reasonable hourly rate for Legler and Neill and $550.00 is a reasonable hourly rate for Cole."). On July 22, 2021, Judge Monica Purdy confirmed the arbitration award. *See id.* (Order Confirming Arbitration Award).

---

[10] https://www.officialdata.org/Legal-services/price-inflation/2016-to-2021?amount=555

[11] https://www.officialdata.org/Legal-services/price-inflation/2012-to-2021?amount=450

\* **Brent Walker (class of '04):** Mr. Walker works in Dallas. On July 27, 2010, Judge Jane Boyle awarded Mr. Walker a rate of $400.00 per hour for his work in prosecuting a Dallas employment retaliation case. *See Nassar v. University of Texas Southwestern Medical Center*, No. 3:09-CV-1337 (Doc. 160) at pp. 8–10, PageID 2245–47 (N.D. Tex. Dallas) ("Defendant argues that Dr. Nassar has not met his burden and that the rates requested ($400 per hour for Mr. Walker, $500 per hour for Mr. Lauten, $500 per hour for Ms. Lauten, and $750 per hour for Ms. Aldous) are excessive. . . .  In light of the degree of success obtained and the evidence submitted, the Court finds that the lodestar may be calculated using the requested rates, with one exception [applicable to Ms. Lauten]."), *reversed on other grounds*. According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 29.93% higher in 2021 versus 2010 (a $119.74 difference).[12] Adjusted *only* for such inflation from the year of Judge Boyle's fee ruling to the end of 2021, that $400.00 hourly rate for Mr. Walker is $519.74.

\* **Kimberly F. Williams (class of '05):** Ms. Williams works in Dallas. Her online biography states that she "focuses her practice exclusively on labor and employment law." In 2021, Ms. Williams billed at a rate of $483.00 per hour for work defending against a *pro se* plaintiff. *See Montgomery v. Southern Methodist Univ.*, No. 3:20-cv-03521-E-BN (Doc. 18-1) at pp. 14-15, PageID 154-55 (N.D. Tex. Dallas) (listing rate as "$483.00" and describing work such as "Review and revise Reply in Support of Motion to Dismiss or, in the Alternative, Remand."). On September 8, 2021, Magistrate Judge David L. Horan recommended fees be awarded to her client for work on a remand issue, but at the rate of $459.17 for Ms. Williams's work—using an average for her rates over different years. *See id.* (Doc. 22) at pp. 11-12 ("SMU seeks to recover fees averaging $459.17 an hour for Ms. Williams, . . . the undersigned finds that these rates are reasonable and within the market rate for attorneys handling this type of litigation in the Dallas area."). On October 4, 2021, Judge Ada Brown adopted that recommendation. *See id.* (Doc. 23).

\* **Brandon Shelby (class of '04):** Mr. Shelby works in Sherman. His online biography states that he litigates "on behalf of municipalities and government entities in a wide variety of disputes ranging from employment to property matters, . . . ." In 2015, in an alleged defamation case brought by a former government employee in Wichita Falls, Mr. Shelby testified that his standard hourly rate is $400.00 per hour. *See* Declaration of Brandon Shelby in *Scruggs v. City of Bowie*, No. 7:14-cv-00123 (Doc. 60) at pp. 32–35, PageID 797 (N.D. Tex. Wichita Falls) ("My standard rate is $400 per hour for my services"). According to

---

[12] https://www.officialdata.org/Legal-services/price-inflation/2010-to-2021?amount=400

the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus 2015 (a $62.83 difference).[13] Adjusted *only* for such inflation from the year of this testimony (2015) to the end of 2021, that $400.00 hourly rate for Mr. Shelby is $462.83.

\* Jim Sanford (class of '05): Mr. Sanford works in Dallas. His online biography notes he "counsels and advocates for clients in the area of labor and employment law." On August 24, 2012, Judge Ed Kinkeade ruled that—for Mr. Sanford's work in a Dallas FLSA case—the rate of $375.00 per hour was "consistent with the hourly wages of similarly situated attorneys in the Dallas area." *See Black v. Settlepou, P.C.*, No. 3:10-CV-1418-K (Doc. 133) at p. 8, PageID 2610 (N.D. Tex. Dallas) ("Although Defendant SettlePou, P.C. contests the reasonableness of Betty Black's counsels' hourly rates, the Court has determined that hourly rates of $450 per hour for Mr. Gillespie and $375 per hour for Mr. Sanford are consistent with the hourly wages of similarly situated attorneys in the Dallas area."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 23.37% higher in 2021 versus 2012 (an $87.63 difference).[14] Adjusted *only* for such inflation from the year of Judge Kinkeade's determination (2012) to the end of 2021, that $375.00 hourly rate for Mr. Sanford is $462.63.

\* Ashley Tremain (class of '08): Ms. Tremain works in Dallas. Her online biography notes that she "represent[s] individuals in all types of employment disputes, including informal negotiations, trial in the state and federal courts, arbitrations, appeals, and administrative proceedings before the TWC, EEOC, and NLRB." On June 27, 2019, Arbitrator Karen Fitzgerald awarded Ms. Tremain a rate of $450.00 per hour for work she did in prosecuting a Dallas Equal Pay Act case. *See Gardner v. Apple Texas Restaurants, Inc.*, AAA Case No. 01-17-0001-6323 at pp. 2-3 (American Arbitration Association Employment Arbitration Tribunal) ("I hereby adopt the parties' Stipulation on the Terms of the Final Award as the Final Award in the case, and issue the following award against Respondent Apple Texas Restaurants, Inc. and in favor of Claimant Ryan Gardner: . . . $110,924.37 award of attorney fees to Tremain Artaza, PLLC for 246.4986 attorney hours at a rate of $450 per hour"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019 (an $11.88 difference).[15]

---

[13] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=400

[14] https://www.officialdata.org/Legal-services/price-inflation/2012-to-2021?amount=375

[15] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=450

Adjusted *only* for such inflation from the year of this ruling (2019) to the end of 2021, that $450.00 hourly rate for Ms. Tremain is $461.88.

\* **Carmen Artaza (class of '06):** Ms. Artaza works in Dallas and her online biography notes that she has "practiced employment law exclusively since graduating law school in 2006." On June 27, 2019, Arbitrator Karen Fitzgerald awarded Ms. Artaza a rate of $450.00 per hour for work she did in prosecuting a Dallas Equal Pay Act case. *See Gardner v. Apple Texas Restaurants, Inc.*, AAA Case No. 01-17-0001-6323 at pp. 2-3 (American Arbitration Association Employment Arbitration Tribunal) ("I hereby adopt the parties' Stipulation on the Terms of the Final Award as the Final Award in the case, and issue the following award against Respondent Apple Texas Restaurants, Inc. and in favor of Claimant Ryan Gardner: . . . $110,924.37 award of attorney fees to Tremain Artaza, PLLC for 246.4986 attorney hours at a rate of $450 per hour"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019 (a $11.88 difference).[16] Adjusted *only* for such inflation from the year of this ruling (2019) to the end of 2021, that $450.00 hourly rate for Ms. Artaza is $461.88.

\* **Christine Hopkins (class of '05):** Ms. Hopkins works in Dallas. Her online biography notes she focuses her practice on employment law. On June 27, 2019, Arbitrator Karen Fitzgerald awarded Ms. Hopkins a rate of $450.00 per hour for work she did in prosecuting a Dallas Equal Pay Act case. *See Gardner v. Apple Texas Restaurants, Inc.*, AAA Case No. 01-17-0001-6323 at pp. 2-3 (American Arbitration Association Employment Arbitration Tribunal) ("I hereby adopt the parties' Stipulation on the Terms of the Final Award as the Final Award in the case, and issue the following award against Respondent Apple Texas Restaurants, Inc. and in favor of Claimant Ryan Gardner: . . . $110,924.37 award of attorney fees to Tremain Artaza, PLLC for 246.4986 attorney hours at a rate of $450 per hour"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019 (a $11.88 difference).[17] Adjusted *only* for such inflation from the year of this ruling (2019) to the end of 2021, that $450.00 hourly rate for Ms. Hopkins is $461.88.

\* **John M. Barcus (class of '02):** Mr. Barcus works in Dallas. His online biography notes that he does labor and employment law work. On December 18, 2020, in a Dallas case involving allegations of race discrimination in employment, he submitted a declaration noting that although he worked on a

---

[16] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=450

[17] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=450

discount his standard hourly rate is $450.00. *See Ibarra v. Jacobs Eng. Group, Inc.*, No. 3:19-cv-01437-C (Doc. 41-1) at p. 12, PageID 2420 (N.D. Tex. Dallas) (Declaration of John M. Barcus) ("My *standard* hourly rate for 2020 is $450") (emphasis in original). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020 (a $6.91 difference).[18] Adjusted *only* for such inflation from the year of this testimony (2020) to the end of 2021, that $450.00 hourly rate for Mr. Barcus is $456.91.

\* **M. Jeanette Fedele (class of '03):** Ms. Fedele previously worked in Dallas. She is a board-certified labor and employment law specialist. On March 2, 2012, Judge Ken Molberg [now Justice Molberg of the Dallas Court of Appeals] ruled $360.00 per hour was a "reasonable" rate in a Dallas employment retaliation case. *See Rush Truck Centers of Texas, L.P. v. Fitzgerald*, No. DC-09-15958-D ("Order on Attorney Fees") at p. 5 (95th District Court for Dallas County, Texas) ("a reasonable fee for the necessary services of Fitzgerald's attorneys, as established by the evidence, should be computed in the following manner: . . . *M. Jeanette Fedele*: $85,320 (237 hours at the rate of $360 per hour) . . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 23.37% higher in 2021 versus 2012 (an $84.13 difference).[19] Adjusted *only* for such inflation from the year of this court ruling to the end of 2021, that $360.00 hourly rate for Ms. Fedele is $444.13.

\* **Gavin S. Martinson (class of '05):** Mr. Martinson works in Dallas and his online biography states that he "represents employers in all aspects of labor and employment law." On January 14, 2019, in a Dallas employment discrimination and retaliation case, Mr. Martinson testified that his standard hourly rate was $425.00 per hour. *See* Declaration of Gavin S. Martinson, filed in *Carmona v. Krammerer*, No. DC-17-13908 (298th District Court for Dallas County, Texas) (Exhibit A to Defendant's Request for Entry of Attorney's Fees) ("The hourly rates that Mr. Leslie and I charged for this matter were discounted from our ordinary rates for matters such as this. Mr. Leslie's regular hourly rate is $350 and my regular hourly rate is $425"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019 (an $11.22 difference).[20] Adjusted *only* for such inflation from the year of this testimony (2019) to the end of 2021, that $425.00 hourly rate for Mr. Martinson is $436.22.

---

[18] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=450

[19] https://www.officialdata.org/Legal-services/price-inflation/2012-to-2021?amount=360

[20] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=425

\* Monica Velazquez (class of '02): Ms. Velazquez works in Collin County and previously worked in Dallas. She is a board-certified labor and employment law specialist. On February 17, 2015, Ms. Velazquez testified that she billed $370 per hour for work on a motion to dismiss in a Dallas employment discrimination case. *See* Affidavit of Monica Velazquez, filed in *Killough v. American Airlines, Inc.*, No. DC-14-11368 (68th District Court for Dallas County, Texas) ("In connection with the Motion to Dismiss to date, I billed 1.8 hours at an hourly rate of $370[.] . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus 2015 (a $58.12 difference).[21] Adjusted *only* for such inflation from the year of this testimony (2015) to the end of 2021, that $370.00 hourly rate for Mr. Martinson is $428.12.

\* Corinna Chandler (class of '09): Ms. Chandler works in Dallas. Her online biography lists various areas of employment law she handles. On April 9, 2014, Judge Jorge Solis found a rate of $350.00 per hour was "reasonable for this locality" for the work Ms. Chandler did in prosecuting a Dallas FLSA case. *See Parker v. ABC Debt Relief, Ltd.,* No. 3:10-cv-1332-P (Doc. 241) at p. 4, PageID 7059 (N.D. Tex. Dallas) ("Plaintiffs also request . . . that attorneys Todd Goldberg and Corinna Chandler be compensated at an hourly rate of $350, . . . . The Court finds that the hourly rates requested by Plaintiffs are reasonable for this locality."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 17.55% higher in 2021 versus 2014 (a $60.62 difference).[22] Adjusted *only* for such inflation from the year of Judge Solis's finding (2014) to the end of 2021, that $350.00 hourly rate for Ms. Chandler is $411.42.

\* Todd Goldberg (class of '09): Mr. Goldberg works in Dallas. On April 9, 2014, Judge Jorge Solis found a rate of $350.00 per hour was "reasonable for this locality" for the work Mr. Goldberg did in prosecuting a Dallas FLSA case. *See Parker v. ABC Debt Relief, Ltd.,* No. 3:10-cv-1332-P (Doc. 241) at p. 4, PageID 7059 (N.D. Tex. Dallas) ("Plaintiffs also request . . . that attorneys Todd Goldberg and Corinna Chandler be compensated at an hourly rate of $350, . . . . The Court finds that the hourly rates requested by Plaintiffs are reasonable for this locality."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 17.55% higher in 2021 versus 2014 (a $61.42 difference).[23] Adjusted *only* for such inflation from

---

[21] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=370

[22] https://www.officialdata.org/Legal-services/price-inflation/2014-to-2021?amount=350

[23] https://www.officialdata.org/Legal-services/price-inflation/2014-to-2021?amount=350

the year of Judge Solis's finding to the end of 2021, that $350.00 hourly rate for Mr. Goldberg is $411.42.

**\* Jamie J. McKey (class of '06):** Ms. McKey works in Dallas. On January 16, 2014, Judge Phyllis Lister Brown ruled that $350.00 per hour was a reasonable rate for Mr. McKey's work in a disability discrimination in employment case. *See Green v. Dallas County Schools*, No. DC-12-09857 (Order of January 16, 2014) at p. 1 (162d District Court for Dallas County, Texas) ("The Court approves and awards Plaintiff reasonable attorney's fees of $337,750.00, which represents 404.9 hours of Matthew R. Scott's time at a reasonable hourly rate of $600 per hour, 208.5 hours of Jamie J. McKey's time at a reasonable hourly rate of $350.00 per hour, . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 17.55% higher in 2021 versus 2014 (a $61.42 difference).[24] Adjusted *only* for such inflation from the year of Judge Brown's ruling to the end of 2021, that $350.00 hourly rate for Ms. McKey is $411.42.

---

[24] https://www.officialdata.org/Legal-services/price-inflation/2014-to-2021?amount=350



# *Classes of the 2010s*

**20** lawyers listed

**$426.91** average rate

**$358.97** median rate

## Classes of the 2010s: The Rates



 **$795.46\*** Allison A. Reddoch (JD 2011)

 $689.18\* Todd Mobley (JD 2010)

 $684.00\* Britney J. P. Prince (JD 2015)

$651.76\* Betsey A. Boutelle (JD 2014)

$532.25\* Arrissa K. Meyer (JD 2010)

$497.80\* Breegan O'Connor (JD 2017)

$481.30\* Jordan Campbell (JD 2013)

$414.55\* David Norris (JD 2011)

$410.56\* Jay Forester (JD 2013)

$359.24\* Jeff T. Leslie (JD 2015)

$358.69\* Barrett Robin (JD 2015)

$330.19\* Megan Dixon (JD 2012)

$330.19\* Melinda Arbuckle (JD 2011)

$330.00\* Jennifer McCoy (JD 2016)

$319.00\* Ryan Toomey (JD 2011)

$289.27\* Benjamin Michael (JD 2013)

$289.27\* Michael L. Parsons (JD 2011)

$270.20\* Matthew F. Amos (JD 2015)

$259.09\* Jennifer Birdsall (JD 2017)

**$246.25\*** Hannah P. Parks (JD 2014)

# Classes of the 2010s: The Work



\* Allison A. Reddoch (class of '11): Ms. Reddoch works in Arlington and formerly focused on employment law in Dallas. In a bankruptcy case, her rate is listed as $775.00 per hour for her work in the employment practice group of her firm as an associate. *See In re: 4 West Holdings, Inc.*, No. 18-30777 (Doc. 1429) at p. 9 (Bankr. N.D. Tex. Dallas) (Summary of Combined Third Interim and Final Application of DLA Piper LLP (US) for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Debtors and Debtors in Possession for the Interim Period from September 1, 2018 through February 13, 2019 and the final period from March 6, 2018 through February 13, 2019). On May 2, 2019, Judge Harlin D. Hale approved the request for fees. *See id.* (Doc. 1485). Ms. Reddoch billed for work in an alleged theft of trade secrets case in Dallas involving former employees of a company, in *Medoc Health Servs., LLC v. Nguyen*, No. DC-18-0822 (14th District Court for Dallas County, Texas). An invoice dated March 23, 2018, lists her rate as $625.00 per hour. *See* Exhibit C attached to Plaintiff's Motion for Attorneys' Fees in that case filed on November 20, 2020, at p. 55 (for such work as "[m]ake preparation for hearing on Dyer's Motion to Dismiss by reviewing and evaluating documents produced by Defendants and clients' documents; attention to discovery issues; continue preparing for Defendants' depositions by preparing deposition outlines"). On May 24, 2021, Judge Eric V. Moyé awarded fees based, in part, on this rate for Ms. Reddoch's work. *See id.* (Revised Order) at p. 2 ("this Court finds that Plaintiffs incurred legal fees in the amount of $261,632.82 related to . . . . The Court finds that Plaintiffs' recovery of these fees is legally authorized, that the requested attorneys' fees were reasonable and necessary for Plaintiffs' legal representation, . . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019—an $20.46 difference from the $775.00 rate listed.[1] Adjusted *only* for such inflation from the year this rate was court-approved to the end of 2021, that $775.00 hourly rate for Ms. Reddoch is $795.46.

---

[1] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=775

\* **Todd Mobley (class of '10):** Mr. Mobley works in Dallas and his online biography says he "represents employers in connection with a wide variety of collective and class action wage and hour disputes brought pursuant to the FLSA, as well as claims of discrimination, harassment, retaliation and wrongful discharge." He billed for work on an alleged theft of trade secrets case in Dallas involving former employees of a company, in *Medoc Health Servs., LLC v. Nguyen*, No. DC-18-0822 (14th District Court for Dallas County, Texas). An invoice dated March 23, 2018, lists his rate as $665.00 per hour. *See* Exhibit C attached to Plaintiff's Motion for Attorneys' Fees in that case, filed on November 20, 2020, at p. 55 (for work such as "research related to whether subpoena served by the government on third parties are confidential or whether they can be disclosed," "review agreed order," "review and analyze discovery requests," and "oversee service of objections and responses to discovery requests"). On May 24, 2021, Judge Eric V. Moyé awarded fees based, in part, on this rate for Mr. Mobley's work. *See id.* (Revised Order) at p. 2 ("this Court finds that Plaintiffs incurred legal fees in the amount of $261,632.82 related to . . . . The Court finds that Plaintiffs' recovery of these fees is legally authorized, that the requested attorneys' fees were reasonable and necessary for Plaintiffs' legal representation, . . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 3.64% higher in 2021 versus 2018—a $24.18 difference from the $665.00 rate listed in 2018.[2] Adjusted *only* for such inflation from the year this rate was billed (2018) to the end of 2021, that $665.00 hourly rate for Mr. Mobley is $689.18.

\* **Britney J. P. Prince (class of '15):** Ms. Prince works in Irving. In a Dallas bankruptcy case, her rate is listed as $660.00 per hour and she was listed as "Associate; Employment." *See In re: 4 West Holdings, Inc.*, No. 18-30777 (Doc. 1429) at pp. 6, 10, 181, 191 (Bankr. N.D. Tex. Dallas) (Summary of Combined Third Interim and Final Application of DLA Piper LLP (US) for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Debtors and Debtors in Possession for the Interim Period from September 1, 2018 through February 13, 2019 and the final period from March 6, 2018 through February 13, 2019). She billed at that $660.00 per hour rate for work such as "prepare deposition exhibits." *See id.* at p. 181 (time entry dated 01/03/19). On May 2, 2019, Judge Harlin D. Hale approved the request for fees. *See id.* (Doc. 1485). She billed for work in an alleged theft of trade secrets case in Dallas involving former employees of a company, in *Medoc Health Servs., LLC v. Nguyen*, No. DC-18-0822 (14th District Court for Dallas County, Texas). An invoice dated April 20, 2018, lists her rate as $475.00 per hour.

---

[2] https://www.officialdata.org/Legal-services/price-inflation/2018-to-2021?amount=665

*See* Exhibit C attached to Plaintiff's Motion for Attorneys' Fees in that case, filed on November 20, 2020, at p. 67. On May 24, 2021, Judge Eric V. Moyé awarded fees based, in part, on this rate for Ms. Prince's work. *See id.* (Revised Order) at p. 2 ("this Court finds that Plaintiffs incurred legal fees in the amount of $261,632.82 related to . . . . The Court finds that Plaintiffs' recovery of these fees is legally authorized, that the requested attorneys' fees were reasonable and necessary for Plaintiffs' legal representation, . . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 3.64% higher in 2021 versus 2018—a $24.00 difference from the $660.00 rate listed in 2018.[3] Adjusted *only* for such inflation from the year this rate was billed (2018) to the end of 2021, that $660.00 hourly rate for Ms. Prince is $684.00.

\* Betsey A. Boutelle (class of '14): Ms. Boutelle is currently an Assistant United States Attorney in California who previously worked in Texas and focused on employment law. In a Dallas bankruptcy case, her rate is listed as $635.00 per hour and she is listed as "Associate; Employment." *See In re: 4 West Holdings, Inc.*, No. 18-30777 (Doc. 1429) at p. 10 (Bankr. N.D. Tex. Dallas) (Summary of Combined Third Interim and Final Application of DLA Piper LLP (US) for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Debtors and Debtors in Possession for the Interim Period from September 1, 2018 through February 13, 2019 and the final period from March 6, 2018 through February 13, 2019). On May 2, 2019, Judge Harlin D. Hale approved the request for fees. *See id.* (Doc. 1485). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019—a $16.76 difference from the $635.00 rate listed.[4] Adjusted *only* for such inflation from the year this rate was court-approved (2019) to the end of 2021, that $635.00 hourly rate for Ms. Boutelle is $651.76.

\* Arrissa K. Meyer (class of '10): Ms. Meyer works in Dallas. Her online biography says that "[a]lthough she has significant experience in employment law, she focuses her practice on traditional labor law." In a Dallas employment discrimination case, a declaration and accompanying client invoice dated April 14, 2015, show her rate charged for work billed in that case was $460.00 per hour (prior to an across-the-board 10% discount). *See Garofalo v. Taco Bueno, LP*, No. 3:14-cv-02616-M-BH (Doc. 43) at p. 11, PageID 377 (N.D. Tex. Dallas) (for

---

[3] https://www.officialdata.org/Legal-services/price-inflation/2018-to-2021?amount=660

[4] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=635

work such as "Draft Designation of Expert Witnesses" and "Draft Defendant's Scheduling Proposal for Settlement Conference pursuant to April 3rd order"). On May 31, 2019, Judge Brian A. Jackson of the United States District Court for the Middle District of Louisiana awarded the requested rate of $358.75 for work Ms. Meyer did in an employment discrimination case. *See Brown v. Praxair*, No. 17-cv-00384-BAJ-RLB (Doc. 63) at pp. 9–11 (M.D. La.) (granting the amount of fees listed in the Affidavit of Ryan Griffitts attached to motion for fees, Doc. 34-5 at p.5). The request for fees in that case stated that $358.75 is "well below her standard rate"). *See* Affidavit of Ryan Griffitts in *Brown v. Praxair, Inc.*, No. 3:17-cv-00384 (Doc. 34-5) (M.D. La.) ("Her discounted rate in this matter is $358.75, which is well below her standard rate"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus 2014—a $72.25 difference from the $460.00 rate listed.[5] Adjusted *only* for such inflation from the year this rate was billed for work in a Dallas employment case (2015) to the end of 2021, that $460.00 hourly rate for Ms. Meyer is $532.25.

## * Breegan O'Connor (class of '17): Ms. O'Connor works in Dallas. Her online biography states that her practice "focuses on representing employers in employment-related litigation, including before federal and state courts, as well as arbitration panels. Her specific involvement includes drafting dispositive motions, pleadings, discovery and conducting legal research." In a Dallas bankruptcy case, her rate is listed as $485.00 per hour and she is listed as "Associate; Employment." *See In re: 4 West Holdings, Inc.*, No. 18-30777 (Doc. 1429) at pp. 6, 10, 72, 88 (Bankr. N.D. Tex. Dallas) (Summary of Combined Third Interim and Final Application of DLA Piper LLP (US) for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Debtors and Debtors in Possession for the Interim Period from September 1, 2018 through February 13, 2019 and the final period from March 6, 2018 through February 13, 2019) (for work such as "[a]nalyze Texas federal law regarding the evidentiary standard for relevance" and "analyze Texas federal case law regarding waiver of privilege through the disclosure of the contents of a privileged document" on time entry dated 10/19/18). On May 2, 2019, Judge Harlin D. Hale approved the request for fees. *See id.* (Doc. 1485). She billed for work in an alleged theft of trade secrets case in Dallas involving former employees of a company, in *Medoc Health Servs., LLC v. Nguyen*, No. DC-18-0822 (14th District Court for Dallas County, Texas). An invoice dated March 23, 2018, lists her rate as $425.00 per hour. *See* Exhibit C attached to Plaintiff's Motion for Attorneys' Fees in that case, filed on November 20, 2020, at p. 55. On May 24, 2021, Judge Eric V. Moyé awarded fees based, in part, on this rate for Ms. O'Connor's work. *See id.* (Revised Order) at p. 2 ("this

---

[5] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=460

Court finds that Plaintiffs incurred legal fees in the amount of $261,632.82 related to . . . . The Court finds that Plaintiffs' recovery of these fees is legally authorized, that the requested attorneys' fees were reasonable and necessary for Plaintiffs' legal representation, . . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019—an $12.80 difference from the $485.00 rate listed.[6] Adjusted *only* for such inflation from the year this rate was court-approved (2019) to the end of 2021, that $485.00 hourly rate for Ms. O'Connor is $497.80.

* **Jordan Campbell (class of '13):** Mr. Campbell works in Dallas. In a Dallas FLSA case, a declaration was filed noting that in 2016 his firm billed its client for Mr. Campbell's work in that case at the rate of $430.00 per hour. *See Areizaga v. ADW Corp.*, No. 3:14-cv-2899 (Docs. 94-1 & 94-2) (N.D. Tex. Dallas) (Declaration of Danielle Alexis Matthews). Attached to that declaration are law firm billing records. *See id.* (Doc. 94-2). Those billing records list Mr. Campbell as having billed at a rate of $430.00 per hour in invoices dated February 10, 2016, March 15, 2016, and April 12, 2016. *See id.* (Doc. 94-2) at pp. 6, 10 &14, PageID 1057, 1059 & 1061. This was for work including "Review, analyze, and revise Motion to Compel" and "prepare Appendix for Motion to Compel" and "review court's order regarding discovery issues." *See id.* Magistrate Judge David L. Horan declined to grant this requested rate. *See id.* Doc. 130 (Memorandum Opinion and Order) at pp. 12–13. But it was a rate actually billed for employment work in the North Texas community. *See id.* (Docs. 94-1) at p. 3, PageID 1051 ("Fulbright charged ADW its standard hourly rate for each of the attorneys who worked on the matter"); *see also id.* (Doc. 94-2) at pp. 6, 10 & 14, PageID 1057, 1061 & 1065 (listing $430 as the rate for Mr. Campbell on the firm's February 10, 2016, March 15, 2016, and April 12, 2016, invoices). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 11.93% higher in 2021 versus 2016—a $51.30 difference from the $430.00 rate listed.[7] Adjusted *only* for such inflation from the year this rate was billed (2016) to the end of 2021, that $430.00 hourly rate for Mr. Campbell is $481.30.

* **David Norris (class of '11):** Mr. Norris previously worked in Dallas. His online biography noted that he "focuses his practice on employment and civil trial law, including all aspects of employment law, business transactions, and

---

[6]  https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=485

[7]  https://www.officialdata.org/Legal-services/price-inflation/2016-to-2021?amount=430

commercial litigation." On November 15, 2018, Judge Mark Greenberg ruled in a bench trial on fees that Mr. Norris's requested rate of $400.00 per hour was reasonable for his work in helping pick a jury in the prosecution of *Carpenter v. Southwest Housing Dev. Co., Inc.*, Cause No. CC-08-2072-E (Dallas County Court at Law No. 5) (read into record at trial on fees)—a Dallas unlawful employment practices case involving refusal to pay earned compensation. Judge Greenberg then applied a 1.5 multiplier to fees. On May 30, 2017, Judge Ken Molberg [now Justice Molberg of the Dallas Court of Appeals] awarded Mr. Norris $350.00 per hour for his work in helping prosecute *Clark v. Everlight Americas, Inc.*, No. DC-15-05538 (95th District Court for Dallas County, Texas)—a Dallas employment discrimination and retaliation case. On December 28, 2015, Judge Barbara M. G. Lynn awarded $250.00 per hour for Mr. Norris's time helping prosecute a Dallas employment retaliation case—based, in part, on the recommendation of Magistrate Judge David L. Horan. *See Kostić v. Texas A&M Univ.–Commerce*, No. 3:10-cv-02265-M (Doc. 282) (N.D. Tex. Dallas) (order accepting magistrate recommendation); *id.* (Doc. 281) at pp. 7 & 10, PageID 8216 & 8219 (magistrate recommendation) ("Plaintiff seeks $98,931.25 for work done by David B. Norris, . . . at an hourly rate of $250.00 . . . Defendant does not challenge the hourly rates charged by Plaintiff's attorneys, the costs of court, or postjudgment interest request."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 3.64% higher in 2021 versus 2018 (the year of the Judge Greenberg award)—a $14.55 difference.[8] Adjusted *only* for such inflation from the year of this award to the end of 2021, that $400.00 hourly rate for Mr. Norris is $414.55.

\* Jay Forester (class of '13): Mr. Forester works in Dallas. His online biography states that his "practice now focuses exclusively on the representation of employees in lawsuits brought under the Fair Labor Standards Act and other equivalent state wage and hour laws." On July 10, 2019, Judge Barbara M.G. Lynn found his hourly rate of $400.00 was fair and reasonable for his work in prosecuting an FLSA case in Dallas. *See Jeffery v. Lone Star PJS, LLC*, No. 3:18-cv-02901-M (Doc. 18) at p. 6, PageID 49 (N.D. Tex. Dallas) ("Plaintiff's counsel's affidavit states that he worked for 17.4 hours on this matter and his current rate is $400 per hour. . . . The Court finds that rate fair and reasonable in Dallas County, Texas."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019 (the year Judge Lynn ruled that $400.00 was fair and reasonable for him in Dallas)—a $10.56 difference.[9] Adjusted *only* for

---

[8] https://www.officialdata.org/Legal-services/price-inflation/2018-to-2021?amount=400

[9] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=400

such inflation from the year of this award to the end of 2021, that $400.00 hourly rate for Mr. Forester is $410.56.

**\* Jeff T. Leslie (class of '15):** Mr. Leslie works in Dallas. His online biography states that he "represents employers in a variety of industries, . . . ." In 2019—in a Dallas employment discrimination and retaliation case—there was testimony that Mr. Leslie's regular hourly rate was $350.00 per hour. *See Carmona v. Krammerer*, No. DC-17-13908 (298th District Court for Dallas County, Texas) (Declaration of Gavin S. Martinson attached to Defendant's Request for Entry of Attorneys' Fees filed January 14, 2019 at ¶ 5) ("The hourly rates that Mr. Leslie and I charged for this matter were discounted from our ordinary rates for matters such as this. Mr. Leslie's regular hourly rate is $350 . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019 (the year of this testimony)—a $9.24 difference.[10] Adjusted *only* for such inflation from the year of this testimony (2019) to the end of 2021, that $350.00 hourly rate for Mr. Leslie is $359.24.

**\* Barrett Robin (class of '15):** Mr. Robin works in Dallas. His online biography notes he is a trial lawyer. In 2015, his firm billed his time for work at the rate of $310.00 per hour for in a Dallas FLSA case. *See Areizaga v. ADW Corp.*, No. 3:14-cv-2899 (Docs. 94-1) at p. 2, PageID 1050 (N.D. Tex. Dallas) (Declaration of Danielle Alexis Matthews) ("The attorneys on this matter billed at the following hourly rates: . . . Barrett T. Robin, Associate, $310 in 2015 . . ."). Magistrate Judge David L. Horan declined to grant an award of fees at this requested rate. *See* Doc. 130 [Memorandum Opinion and Order] at pp. 12–13, PageID 1601–02. But it was a rate actually billed for employment work in the North Texas community. *See* Docs. 94-1 at p. 3, PageID 1051 ("Fulbright charged ADW its standard hourly rate for each of the attorneys who worked on the matter"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus 2015 (the year of this referenced billing)—a $48.69 difference.[11] Adjusted *only* for such inflation from the year of this referenced billing (2015) to the end of 2021, that $310.00 hourly rate for Mr. Robin is $358.69.

**\* Megan L. Dixon (class of '12):** Ms. Dixon works in Dallas. Her online biography notes that she "focuses her practice on representing employees

---

[10] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=350

[11] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=310

in a variety of employment disputes in state and federal courts throughout Texas." On June 14, 2016, in a Fort Worth employment discrimination and retaliation case, Judge Reed O'Connor ruled that $295.00 per hour was "reasonable given the community standards"—for her work in helping to prosecute that case. *See Calahan v. BMJ Food Corporation d/b/a Church's Chicken*, No. 4:15-CV-00251-O (Doc. 29) at p. 12, PageID 177 (N.D. Tex. Fort Worth) ("Plaintiff's attorney suggests that associate Megan Leigh Dixon rate of $295 dollars an hour and Robert G. Lee's rate at $495 an hour are reasonable hourly rates. Lee maintains that his eight years of experience and Dixon's four years of experience warrant this price. Plaintiff's rates are reasonable given the community standards and Dixon and Lee's experience.") (internal citations omitted). On April 27, 2015, in a Dallas FLSA case, Judge Eric Moyé issued a judgment granting all requested fees—that request included a rate of $250.00 per hour for work Ms. Dixon did in helping prosecute the case. *See Ramirez v. NTD Group, Inc.*, No. DC-14-03809 (14th Judicial District Court for Dallas County, Texas) (Final Judgment) (awarding "attorney fees in the amount of $23,234.00, . . .") *and* (Plaintiff's Motion and Exhibit A Affidavit of Robert (Bobby) Lee dated April 22, 2015) (listing hourly rate for Ms. Dixon as $250.00 per hour and seeking fees in the amount of $23,234.00). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 11.93% higher in 2021 versus 2016 (the year of Judge O'Connor's ruling referenced)—a $35.19 difference.[12] Adjusted *only* for such inflation from the year of Judge O'Connor's ruling (2016) to the end of 2021, that $295.00 hourly rate for Ms. Dixon is $330.19.

\* Melinda Arbuckle (class of '11): Ms. Arbuckle works in Houston. Her online biography notes that she "represents workers who have not received all of the pay they were owed by their employers." On December 8, 2016, Judge Jane Boyle determined that $295.00 per hour was a reasonable rate for Ms. Arbuckle's work in helping prosecute a Dallas employment discrimination and FLSA case. *See Aguayo v. Bassem Odeh, Inc.*, No. 3:13-cv-2951-B (Doc. 146) at p. 32, PageID 7548 (N.D. Tex. Dallas) ("The Court has determined reasonable rates for Plaintiffs' counsel and settled on a reasonable number of hours for their work. With those conclusions in mind, the Court calculates Plaintiffs' final lodestar value as follows: . . . Melinda Arbuckle . . . Rate . . . $295"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 11.93% higher in 2021 versus 2016 (the year of Judge Boyle's determination)—a $35.19 difference.[13] Adjusted *only* for

---

[12] https://www.officialdata.org/Legal-services/price-inflation/2016-to-2021?amount=295

[13] https://www.officialdata.org/Legal-services/price-inflation/2016-to-2021?amount=295

such inflation from the year of Judge Boyle's determination (2016) to the end of 2021, that $295.00 hourly rate for Ms. Arbuckle is $330.19.

**\* Jennifer McCoy (class of '16):** Ms. McCoy works in Dallas. Her online biography states that she "represents employers in state and federal litigation involving claims of discrimination, retaliation, harassment and wage and hour violations." In 2021, Ms. McCoy's firm billed at a rate of $330.00 per hour for her work defending against a *pro se* plaintiff. *See Montgomery v. Southern Methodist Univ.*, No. 3:20-cv-03521-E-BN (Doc. 18-1) at pp. 14-15, PageID 154-55 (N.D. Tex. Dallas) (listing rate as "$330.00" and describing work such as "Continue to prepare SMU's Reply inSupport of its Motion to Dismiss or, in the Alternative, Remand. . . Review and analyze Magistrate's Findings and Recommendations."). On September 8, 2021, Magistrate Judge David L. Horan recommended fees be awarded to her client for work on a remand issue, but at the rate of $296.14 for Ms. McCoy's work—using a requested average for her rates over different years. *See id.* (Doc. 22) at pp. 11-12 ("SMU seeks to recover fees averaging $459.17 an hour for Ms. Williams, . . . and $296.14 for Jennifer McCoy . . . the undersigned finds that these rates are reasonable and within the market rate for attorneys handling this type of litigation in the Dallas area."). On October 4, 2021, Judge Ada Brown adopted that recommendation. *See id.* (Doc. 23).

**\* Ryan Toomey (class of '11):** Mr. Toomey works in Austin. His online biography notes he is a trial lawyer. On December 8, 2016, Judge Jane Boyle determined that $285.00 per hour was a reasonable rate for Mr. Toomey's work in helping prosecute a Dallas employment discrimination and FLSA case. *See Aguayo v. Bassem Odeh, Inc.*, No. 3:13-cv-2951-B (Doc. 146) at pp. 32–33, PageID 7548–49 (N.D. Tex. Dallas) ("The Court has determined reasonable rates for Plaintiffs' counsel and settled on a reasonable number of hours for their work. With those conclusions in mind, the Court calculates Plaintiffs' final lodestar value as follows: . . . Ryan Toomey . . . Rate . . . $285"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 11.93% higher in 2021 versus 2016 (the year of Judge Boyle's determination)—a $34.00 difference.[14] Adjusted *only* for such inflation from the year of Judge Boyle's determination (2016) to the end of 2021, that $285.00 hourly rate for Mr. Toomey is $319.00.

**\* Benjamin Michael (class of '13):** Mr. Michael works in Austin. On November 23, 2015, Magistrate Judge David L. Horan recommended a rate of

---

[14] https://www.officialdata.org/Legal-services/price-inflation/2016-to-2021?amount=285

$250.00 per hour for Mr. Michael's work in helping prosecute a Dallas FLSA case. *See Henderson v. Fenwick Protection Inc.*, No. 3:14-cv-00505 (Doc. 56) at p. 14, PageID 285 (N.D. Tex. Dallas) ("Under the particular circumstances here, the undesigned finds that both Welmaker and Michael's rates are consistent with the prevailing rates in Dallas County for attorneys with their respective experience, skill, and ability. Therefore, the undersigned concludes, based on the information and record, including Welmaker's Affidavit, that the requested hourly rates of $400.00 and $250.00 are reasonable and within the market rate for attorneys handling this type of litigation in the Dallas area."). On December 28, 2015, Judge Barbara M. G. Lynn adopted that recommendation. *See id.* (Doc. 58) at p. 1. According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus 2015 (the year of these court determinations)—a $39.27 difference.[15] Adjusted *only* for such inflation from the year of these court determinations (2015) to the end of 2021, that $250.00 hourly rate for Mr. Michael is $289.27.

\* Michael L. Parsons (class of '11): Mr. Parsons works in Austin. On December 3, 2015, Magistrate Judge Irma Ramirez recommended his firm receive $250.00 per hour for Mr. Parsons's work in prosecuting an FLSA case in Dallas, and Judge Sam A. Lindsay later approved that recommendation. *See Mauricio v. Phillip Gaylen, P.C.*, No. 3:14-cv-00064-L (Doc. 41) at p. 3, PageID 286 (N.D. Tex. Dallas Dec. 3, 2015) (Magistrate Judge Irma Ramirez) ("Here, Plaintiffs seek hourly rates of . . . $250 for Michael Parsons. . . . The hourly rates are consistent with the prevailing market rates in this area, . . . ."), *report and recommendation adopted in* (Doc. 44), 2016 WL 1273337, 2016 Wage & Hour Cas. 2d (BNA) 99,007 (N.D. Tex. Dallas Mar. 30, 2016) (Judge Sam A. Lindsay). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus 2015 (the year of Magistrate Judge Ramirez's recommendation)—a $39.27 difference.[16] Adjusted *only* for such inflation from the year of Magistrate Judge Ramirez's ruling to the end of 2021, that $250.00 hourly rate is $289.27.

\* Matthew F. Amos (class of '15): Mr. Amos works in Dallas. On March 8, 2017, Judge Reed O'Connor ruled $250.00 per hour was a "reasonable" rate for Mr. Amos's work in a Fort Worth FLSA case. *See Pereyra v. Navika Capital Group LLC*, No. 4:15-CV-00615-O (Doc. 83) at p. 4, PageID 3298 (N.D. Tex. Fort Worth) ("In connection with their work performed in the Western District

---

[15] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=250

[16] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=250

case and this instant case Pereyra seeks hourly rates of . . . $250.00 for associates Philip Segura and Matt Amos; . . . the court finds these rates are reasonable"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 8.08% higher in 2021 versus 2017 (the year of Judge O'Connor's ruling)—a $20.20 difference.[17] Adjusted *only* for such inflation from the year of Judge O'Connor's ruling (2017) to the end of 2021, that $250.00 hourly rate is $270.20.

## * Jennifer Birdsall (class of '17): Ms. Birdsall works in Dallas. On

November 15, 2018, Judge Mark Greenberg ruled in a bench trial on fees that Ms. Birdsall's requested rate of $250.00 per hour was reasonable for her work in helping pick a jury in the prosecution of *Carpenter v. Southwest Housing Dev. Co., Inc.*, Cause No. CC-08-2072-E (Dallas County Court at Law No. 5) (read into record at trial on fees)—a Dallas unlawful employment practices case involving refusal to pay earned compensation. Judge Greenberg then applied a 1.5 multiplier to fees. According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 3.64% higher in 2021 versus 2018 (the year of Judge Greenberg's ruling)—a $9.09 difference.[18] Adjusted *only* for such inflation from the year of Judge Greenberg's ruling (2018) to the end of 2021, and without consideration of the 1.5 multiplier awarded, that $250.00 hourly rate is $259.09.

## * Hannah P. Parks (class of '14): Ms. Parks works in Fort Worth.

Her online biography states that she now works in-house as a labor & employment law attorney—and previously practiced in that area for a law firm. On June 21, 2016, Magistrate Judge Clinton E. Averitte granted fees requested in an Amarillo FLSA case—which included fees for Ms. Parks's work at a rate of $220.00 per hour. *See Ogoke v. Globe Energy*, No. 2:15-cv-00358J-BB (Doc. 30) (N.D. Tex. Amarillo) (adopting fees requested in Doc. 25). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 11.93% higher in 2021 versus 2016 (the year of Magistrate Judge Averitte's ruling)—a $26.25 difference.[19] Adjusted *only* for such inflation from the year of Magistrate Judge Averitte's ruling (2016) to the end of 2021, that $220.00 hourly rate is $246.25.

---

[17] https://www.officialdata.org/Legal-services/price-inflation/2017-to-2021?amount=250

[18] https://www.officialdata.org/Legal-services/price-inflation/2018-to-2021?amount=250

[19] https://www.officialdata.org/Legal-services/price-inflation/2016-to-2021?amount=220

# *South Texas*





SDTX† summary of rates listed: high to low

# $1,182.88 to $279.82

| Rate | Name / JD Year | Rate | Name / JD Year |
|---|---|---|---|
| $1,182.88* | Peter J. Mee (JD 2009) | $632.40* | Rex Burch (JD 1997) |
| $1,172.73* | Donna M. Mezias (JD 1983) | $618.33* | Teresa Valderrama (JD 1988) |
| $1,132.11* | Nathan J. Oleson (JD 1999) | $615.84* | Zenobia Harris Bivens (JD 2008) |
| $1,132.11* | Esther G. Lander (JD 1997) | $615.84* | Gregg M. Rosenberg (JD 1985) |
| $1,097.02* | Edward Holzwanger (JD 2001) | $607.46* | Jennifer L. Dotson (JD 1993) |
| $1,082.85* | Bryan M. O'Keefe (JD 2011) | $600.32* | Katharine D. David (JD 2004) |
| $1,082.85* | Michael A. Schulman (JD 2011) | $600.00* | M. Todd Slobin (JD 1997) |
| $1,050.89* | Brian Glenn Patterson (JD 2006) | $594.44* | Stephanie K. Osteen (JD 1997) |
| $983.53* | Joseph M. Sellers (JD 1979) | $584.71* | Laura L. Ho (JD 1994) |
| $923.97* | Joshua K. Sekoski (JD 2012) | $572.75* | Marlene C. Williams (JD 1997) |
| $921.70* | Jennifer M. Trulock (JD 1997) | $572.75* | J. Derek Braziel (JD 1995) |
| $898.58* | Courtney L. Stahl (JD 2013) | $566.43* | Martin A. Shellist (JD 1993) |
| $889.84* | Sean Michael Becker (JD 1998) | $564.52* | Michael A. Correll (JD 2009) |
| $881.61* | John H. McDowell, Jr. (JD 1982) | $558.35* | Alfonso Kennard, Jr. (JD 2002) |
| $881.11* | Steven B. Harris (JD 1982) | $558.35* | Anthony C. Wills (JD 1997) |
| $864.46* | Kenneth E. Broughton (JD 1981) | $549.61* | Stewart Hoffer (JD 1994) |
| $863.05* | Scott L. Friedman (JD 2013) | $546.60* | Lauren C. Fabela (JD 2008) |
| $853.83* | Christine E. Webber (JD 1991) | $540.40* | Scott Newar (JD 1989) |
| $843.70* | Katherine A. Brooker (JD 2012) | $540.40* | Dennis Herlong (JD 1982) |
| $837.66* | Shauna Clark (JD 1994) | $540.40* | Barbara Gardner (JD 1981) |
| $835.00* | Wes Benter (JD 2018) | $538.86* | Emery Gullickson Richards (JD 2014) |
| $822.83* | Phillip B. Dye, Jr. (JD 1985) | $537.26* | Carolyn A. Russell (JD 1998) |
| $805.20* | Martina E. Vandenberg (JD 2000) | $530.00* | Caitlin E. Gernert (JD 2014) |
| $805.20* | Agnieszka Fryszman (JD 1996) | $528.97* | Mark J. Oberti (JD 1994) |
| $791.97* | Jamila Mensah (JD 2006) | $520.68* | Nickolas G. Spiliotis (JD 2001) |
| $783.58* | Ann Marie Arcadi (JD 1993) | $520.68* | Salar Ali Ahmed (JD 1998) |
| $777.91* | Joseph Y. Ahmad (JD 1987) | $511.33* | Charles M. Rosson (JD 2010) |
| $777.91* | John Zavitsanos (JD 1987) | $507.67* | Austin Anderson (JD 2003) |
| $740.55* | Matthew G. Nielsen (JD 2001) | $507.67* | R. Russell Hollenbeck (JD 1994) |
| $739.00* | Gregory J. Ossi (JD 1997) | $507.67* | Douglas Welmaker (JD 1993) |
| $734.67* | Mark D. Temple (JD 1995) | $507.67* | Thomas C. Wright (JD 1980) |
| $723.17* | Scott McLaughlin (JD 1994) | $502.57* | Jim Staley (JD 1998) |
| $719.21* | Oswald B. Cousins (JD 1994) | $491.76* | Fran Shuman (JD 2005) |
| $710.74* | Jeffrey M. Anapolsky (JD 1999) | $491.76* | Thomas H. "Tom" Padgett (JD 1989) |
| $703.08* | Mark L. Johansen (JD 1986) | $486.36* | Charles A. Sturm (JD 1997) |
| $702.52* | William J. Moore (JD 2005) | $480.96* | Allan H. Neighbors, IV (JD 2001) |
| $672.29* | Cristin M. Obsitnik (JD 1997) | $472.02* | Eric J. Cassidy (JD 2001) |
| $663.27* | Fazila Issa (JD 2004) | $466.36* | Daryl Sinkule (JD 2002) |
| $659.29* | M. Scott McDonald (JD 1987) | $462.63* | George R. Gibson (JD 1995) |
| $649.67* | David Borgen (JD 1981) | $461.88* | Christopher R. Williams (JD 2016) |
| $648.25* | Scott K. Davidson (JD 1998) | $461.88* | Vickie Mery (JD 2012) |
| $646.51* | Rhonda Wills (JD 1994) | $458.44* | Liane Noble (JD 2011) |
| $639.67* | Alan J. Marcuis (JD 1998) | $456.91* | Clif Alexander (JD 2008) |
| $634.76* | J. Marshall Horton (JD 2003) | $456.91* | Trang Tran (JD 1995) |

| Rate | Name / JD Year | Rate | Name / JD Year |
|---|---|---|---|
| $456.24* | Mike Seely (JD 2007) | $399.19* | Michael J. Woodson (JD 2012) |
| $448.53* | Michael Reed (JD 2012) | $390.03* | E. Steve Smith (JD 2015) |
| $446.75* | Nehal S. Anand (JD 2009) | $376.05* | Angeles Garcia Cassin (JD 2013) |
| $445.00* | Benjamin D. Williams (JD 2010) | $372.88* | Amanda E. Brown (JD 2013) |
| $440.80* | Curtis Waldo (JD 2010) | $365.03* | Sara C. Longtain (JD 2007) |
| $431.52* | Andrew Dunlap (JD 2011) | $363.77* | Scot Clinton (JD 2004) |
| $415.69* | Aaron Johnson (JD 2008) | $358.18* | Samantha D. Seaton (JD 2013) |
| $414.55* | Matt Heller (JD 2016) | $354.11* | Caitlin Boehne (JD 2012) |
| $411.42* | Lakshmi Ramakrishnan (JD 2002) | $341.34* | Jay Forester  (JD 2013) |
| $411.22* | Evan D. Lewis (JD 2019) | $335.79* | Brenna R. Lermon (JD 2014) |
| $406.14* | Lindsay Itkin (JD 2010) | $335.79* | Genevieve Estrada (JD 2013) |
| $406.14* | Richard Schreiber (JD 2006) | $333.58* | Michael Adams-Hurta (JD 2015) |
| $406.14* | Lauren Braddy (JD 2010) | $330.18* | DeAndrea C. Washington (JD 2009) |
| $405.30* | Alysson Ford Ouoba (JD 2011) | $310.91* | Vijay Pattisapu (JD 2011) |
| $400.29* | Christopher Willett (JD 2009) | $307.92* | Dorian Vandenberg-Rodes (JD 2013) |
| $399.90* | Britney J. P. Prince (JD 2015) | $279.82* | Ben Michael (JD 2013) |

[†] Courts note the relevant community for fees is district-wide—not by city or division. *See, e.g., Lewallen v. City of Beaumont*, 394 Fed. Appx. 38, 46 (5th Cir. 2010); *Treadway v. Otero*, No. 2:19-CV-244 [Doc. 157] at p. 9 (S.D. Tex. Oct. 6, 2020) (citing cases and concluding: "When it comes to parsing between divisions, it appears that it is the district, rather than the division, that should govern the decision.").



## Classes of the 1970s: The Rates

# Joseph M. Sellers (JD 1979)



# $983.53*

# *Classes of the 1970s: The Work*



\* Joseph M. Sellers (class of '79): Mr. Sellers works in Washington, D.C. His online biography notes that he is chair of his firm's "Civil Rights & Employment Practice Group." On November 30, 2017, Judge Keith P. Ellison determined Mr. Sellers's requested rate of $910.00 per hour was "fair and reasonable" for work he did in a Houston human trafficking [i.e., forced labor] case. *Adhikari v. Daoud & Partners*, No. 4:09-CV-1237 (Doc. 764) at pp. 28–29 (S.D. Tex. Houston) ("The requested rates, in descending order, are as follows: $910 for Sellers . . . The requested rates are fair and reasonable here too."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 8.08% higher in 2021 versus 2017 (a $73.53 difference).[1] So, adjusted *only* for such inflation from the year of Judge Ellison's determination to the end of 2021, that $910.00 hourly rate for Mr. Sellers is $983.53.

---

[1] https://www.officialdata.org/Legal-services/price-inflation/2017-to-2021?amount=910

## *Classes of the 1980s*



# 17 lawyers listed

# $708.55 average rate

# $659.29 median rate



# Classes of the 1980s: The Rates

 **$1,172.73***
Donna M.
Mezias
(JD 1983)

 **$777.91***
John
Zavitsanos
(JD 1987)

 **$615.84***
Gregg M.
Rosenberg
(JD 1985)

 **$881.61***
John H.
McDowell, Jr.
(JD 1982)

 **$703.08***
Mark L.
Johansen
(JD 1986)

 **$540.40***
Scott
Newar
(JD 1989)

 **$881.11***
Steven B.
Harris
(JD 1982)

 **$659.29***
M. Scott
McDonald
(JD 1987)

 **$540.40***
Dennis
Herlong
(JD 1982)

 **$864.46***
Kenneth E.
Broughton
(JD 1981)

 **$649.67***
David
Borgen
(JD 1981)

 **$540.40***
Barbara
Gardner
(JD 1981)

 **$822.83***
Phillip B.
Dye, Jr.
(JD 1985)

 **$618.33***
Teresa
Valderrama
(JD 1988)

 **$507.67***
Thomas C.
Wright
(JD 1980)

 **$777.91***
Joseph Y.
Ahmad
(JD 1987)

 **$491.76***
Thomas H.
"Tom" Padgett
(JD 1989)

<div style="background:red;">

# *Classes of the 1980s: The Work*

</div>



\* <span style="color:red;">Donna M. Mezias (class of '83):</span> Ms. Mezias works in San Francisco. Her online biography states that she "[r]epresents clients in a wide range of employment issues." In 2020, her law firm billed her time at the rate of $1,155.00 per hour in a Houston bankruptcy case—for work such as: "Analyze WARN Act issues." *See In re: Sanchez Energy Corp.*, No. 19-34508 (Doc. 1426) at Exhibits B & B-2, pp. 59, 62, 614, 643 (Bankr. S.D. Tex. Houston) (Second Interim and Final Fee Application of Akin Gump Strauss Hauer & Feld LLP for Allowance and Payment of Fees and Expenses as Counsel to the Debtors for the Period from December 1, 2019 through March 27, 2020: "Mazias, Donna M.. . . . Dept. . . . LAB . . . 2020 Rate . . . $1,155.00."). On July 28, 2020, <span style="color:red;">Judge Marvin Isgur</span> approved the request for fees. *See id.* (Doc. 1521). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020 (a $17.73 difference).[1] So, adjusted *only* for such inflation from the year of this billing and court ruling (2020) to the end of 2021, that $1155.00 hourly rate for Ms. Mezias is $1,172.73.

\* <span style="color:red;">John H. McDowell, Jr. (class of '82):</span> Mr. McDowell works in Dallas. His online biography notes that he is a trial lawyer. On October 24, 2016, <span style="color:red;">Judge Lynn N. Hughes</span> awarded fees for work Mr. McDowell did in a Houston ERISA severance benefits case—including for work done at the rate of $750.00 in 2014. *See Langley v. Howard Hughes Mgmt. Co.*, Civil Action No. H-13-3595 (Doc. 28) at p. 1 (S.D. Tex. Houston) (Order Awarding Attorneys' Fees: "Howard Hughes Management Co., LLC, takes $143,814.00 from William Langley as reasonable attorneys' fees."); *id.* (Doc. 22) at p. 7, ¶16 (Defendant's Motion for Attorneys' Fees: "As set forth in the affidavit of John H. McDowell, Jr., attached hereto as Exhibit 1, Defendant incurred reasonable and necessary attorneys' fees in the amount of $143,814.00 in defending against Plaintiff's meritless claims."); *id.* (Doc. 22-1) at p. 4, ¶8 (Declaration of John H. McDowell, Jr.: "Andrews Kurth sets its standard hourly rates at competitive levels to market for the services provided. During the pendency of this litigation, the applicable hourly rates charged by Andrews Kurth LLP in this case range from $275.00 to $290.00 for paralegals, $290.00 to $540.00

---

[1] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=1155

for associate attorneys, and $550.00 to $750.00 for partners."). Mr. McDowell's law firm's invoice shows time billed on February 28, 2014, was $9,150.00 for 12.20 hours—which equals a per hour rate of $750.00 for Mr. McDowell ($9,150.00 ÷ 12.20 = $750.00). *See id.* at p. 33 ("As of February 28, 2014 . . . Invoice . . . MCDOW-ELL, JR., J.H. . . . Hours . . . 12.20 . . . Value . . . $9,150.00"). This was for work such as "Conduct research" and "Continue to review record" and "Finalize, and file, Defendant's Cross-Motion for Summary Judgment and Response to Langley's Motion for Summary Judgment." *See id.* at pp. 29-33. The award of fees itself was reversed on other grounds in *Langley v. Howard Hughes Mgmt. Co.,* No. 16-20724 (5th Cir. June 1, 2017). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 17.55% higher in 2021 versus 2014—a $131.61 difference from the year of that billing (2014).[2] So, adjusted *only* for such inflation from the year of this billing (2014) to the end of 2021, that $750.00 hourly rate for Mr. McDowell is $881.61.

\* **Steven B. Harris (class of '80):** Mr. Harris works in Houston. His online biography notes that his practice areas include labor and employment law. During 2011, he billed at a rate of $700.00 per hour in a Houston employment agreement case—for work such as "Attention to acknowledgement form for new hires relating to non-disclosure of former employer confidences" and "Review motion of Rob Dascal for expedited trial setting and revise Sabine motion for expedited trial setting" and "Work on objections and responses to discovery requests filed by REG." *See Renewable Energy Group, Inc. v. Dascal,* No. 2011-51111 (190th Judicial District Court for Harris County, Texas) (Affidavit of Eric J. Cassidy at ¶ 8 and attached bills marked Defendant's Trial Exhibit 83 filed on December 23, 2011: "Sabine and Endicott agreed to compensate this firm based on an hourly fee rate. . . . Steven Harris' rate is $700.00 per hour. . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 25.87% higher in 2021 versus 2011 (a $181.11 difference).[3] So, adjusted *only* for such inflation from the year of this billing (2011) to the end of 2021, that $700.00 hourly rate for Mr. Harris is $881.11.

\* **Kenneth E. Broughton (class of '81):** Mr. Broughton works in Houston. His online biography notes he is an experienced litigator in a number of areas. On September 25, 2015, Judge Nancy F. Atlas awarded fees requested for Mr. Broughton's work in a Houston ERISA case. *See Romano Woods Dialysis Ctr. v. Admiral Linen Serv., Inc.*, No. 4:14-cv-01125 (Doc. 67) at p. 16 (S.D. Tex. Houston) ("Based on this review, and a clear recollection of the litigation of this lawsuit, the Court finds that the $209,350.13 in attorneys' fees requested by

---

[2]  https://www.officialdata.org/Legal-services/price-inflation/2014-to-2021?amount=750

[3]  https://www.officialdata.org/Legal-services/price-inflation/2011-to-2021?amount=700

Defendants is reasonable and appropriate.") (awarding all fees requested in Defendants' Motion for Fees and Costs (Doc. 62)). The court-approved request for fees included work Mr. Broughton did at an hourly rate of $720.00—work done and billed on invoices in 2013 at that rate, which was a rate "discounted from the Firm's standard hourly rates." *See* (Doc. 62-1) at pp. 3-4, 8 (Affidavit of Kenneth E. Broughton: for work such as "Analysis of claims and documents" on December 9, 2013). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 20.06% higher in 2021 versus 2013—a $144.46 difference from the year that $720.00 per hour rate was billed.[4] So, adjusted *only* for such inflation from the year of this billing (2013) to the end of 2021, that $720.00 hourly rate for Mr. Broughton is $864.46.

\* Phillip B. Dye, Jr. (class of '85): Mr. Dye works in Houston. His online biography notes he focuses his work on litigation and arbitration. On June 13, 2014, he submitted an affidavit and accompanying redacted bills showing his discounted rate of $700.00 per hour for his work in a Houston breach of employment agreement case. *See Lotte Chem. Titan (M) Sendrian Berhad v. Wilder*, No. 4:14-cv-1116 (Doc. 16) at p. 2 (S.D. Tex. Houston) (Affidavit of Phillip B. Dye, Jr.: "My hourly rate for this matter is $700, which is discounted from my usual rate."). He billed this rate for work in 2014 such as "research issues on removal" and "review of correspondence from plaintiff's counsel with the settlement demand and other information." *See id.* (Doc. 16-6) at p. 7. According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 17.55% higher in 2021 versus 2014—a $122.83 difference from the year that $700.00 per hour rate was billed.[5] So, adjusted *only* for such inflation from the year of this billing (2014) to the end of 2021, that $700.00 hourly rate for Mr. Dye is $822.83.

\* Joseph Y. Ahmad (class of '87): Mr. Ahmad works in Houston. His online biography notes that he represents executives in a variety of employment matters. A 2016 attorney-client representation agreement shows that his billable rate for work in a Houston employment contract/severance negotiation case was $695.00 per hour. *See Bragg v. Zavitsanos*, No. 2019-15102 (270th Judicial District Court for Harris County, Texas) (Fee Schedule—2016 Attorney Hourly Rates attached to Engagement Agreement as Exhibit 1 to Response in Opposition to Plaintiff's Motion for Death Penalty Sanctions, filed on September 23, 2020). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 11.93%

---

[4]  https://www.officialdata.org/Legal-services/price-inflation/2013-to-2021?amount=720

[5]  https://www.officialdata.org/Legal-services/price-inflation/2014-to-2021?amount=700

higher in 2021 versus 2016—an $82.93 difference from the year of that stated $695.00 per hour billable rate.[6] So, adjusted *only* for such inflation from the year of that agreement (2016) to the end of 2021, that $695.00 hourly rate for Mr. Ahmad is $777.91.

## * John Zavitsanos (class of '87): 

Mr. Zavitsanos works in Houston. His online biography states that he is a highly regarded trial lawyer. A 2016 attorney-client representation agreement shows that his billable rate for work in a Houston employment contract/severance negotiation case was $695.00 per hour. *See Bragg v. Zavitsanos*, No. 2019-15102 (270th Judicial District Court for Harris County, Texas) (Fee Schedule—2016 Attorney Hourly Rates attached to Engagement Agreement as Exhibit 1 to Response in Opposition to Plaintiff's Motion for Death Penalty Sanctions, filed on September 23, 2020). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 11.93% higher in 2021 versus 2016—an $82.93 difference from the year of that stated $695.00 per hour billable rate.[7] So, adjusted *only* for such inflation from the year of that agreement (2016) to the end of 2021, that $695.00 hourly rate for Mr. Zavitsanos is $777.91.

## * Mark L. Johansen (class of '86): 

Mr. Johansen works in Dallas. His online biography states that he "has extensive experience in a wide variety of complex litigation matters including . . . labor and employment." In 2019, his law firm billed at the rate of $685.00 per hour for his work on a Houston employment commissions case. *See Trippie v. Workplace Solutions Inc.*, No. 201984986 (281st Judicial District Court for Harris County, Texas) (Defendant's Trial Exhibit 17, Bates Stamp No. WPS000948, for trial held April 1, 2021, Invoice 1/23/20 for work in 2019: "Mark L. Johansen . . . Rate . . . 685.00 / hr"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019—an $18.08 difference from the year of that billed $685.00 hourly rate.[8] So, adjusted *only* for such inflation from the year that rate was billed (2019) to the end of 2021, that $685.00 hourly rate for Mr. Johansen is $703.08.

## * M. Scott McDonald (class of '87): 

Mr. McDonald works in Dallas. His online biography states that he "has represented clients in all areas of employment and labor law for more than 20 years." In 2017, he billed his time at the rate of $610.00 per hour for his work in a Houston misappropriation of trade

---

[6] https://www.officialdata.org/Legal-services/price-inflation/2016-to-2021?amount=695

[7] https://www.officialdata.org/Legal-services/price-inflation/2016-to-2021?amount=695

[8] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=685

secrets case against former employees of a company. *See Quantlab Technologies Ltd. v. Godlevsky*, No. 4:09-cv-04039 (Doc. 884) at pp. 6–7, ¶ 19 (S.D. Tex. Houston) (Affidavit of Tim McInturf: "In fact, SKV and Littler have charged less to handle this matter than they often charge clients for similar matters . . . Littler's rates for its principal timekeepers increased incrementally by year as follows . . . Scott McDonald . . . 2017 . . . \$610"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 8.08% higher in 2021 versus 2017—a \$49.29 difference from the year of that billed \$610.00 hourly rate.[9] So, adjusted *only* for such inflation from the year that rate was billed (2017) to the end of 2021, that \$610.00 hourly rate for Mr. McDonald is \$659.29.

\* David Borgen (class of '81): Mr. Borgen works in California. His online biography notes that he focused his practice on wage and hour cases. On January 13, 2010, Judge Keith P. Ellison ruled that \$500.00 per hour for his work in a Houston FLSA case was "reasonable and consistent with hourly rates charged by comparable attorneys in the relevant legal community." *See Roussell v. Brinker Int'l, Inc.*, No. H-05-3733 (Doc. 373) at p. 6 (S.D. Tex. Houston). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 29.93% higher in 2021 versus 2010—a \$149.67 difference from the year Judge Ellison ruled that \$500 hourly rate was reasonable.[10] So, adjusted *only* for such inflation from the year of Judge Ellison's ruling (2010) to the end of 2021, that \$500.00 hourly rate for Mr. Borgen is \$649.67.

\* Teresa Valderrama (class of '88): Ms. Valderrama works in Houston. Her online biography states that she "has more than 25 years of experience representing employers in all aspects of workplace law, . . . ." On October 29, 2013, in a Houston employment discrimination case, Ms. Valderrama testified that her usual hourly rate was \$515.00 *See Anderson v. Houston Community College*, No. 2012-40596 (334th Judicial District Court for Harris County, Texas) (Affidavit of Teresa S. Valderrama at p. 2, ¶ 4: "My hourly rate is \$515.00" though a specially negotiated discounted rate is mentioned). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 20.06% higher in 2021 versus 2013—a \$103.33 difference from the year of this testimony.[11] So, adjusted *only* for such inflation

---

[9] https://www.officialdata.org/Legal-services/price-inflation/2017-to-2021?amount=610

[10] https://www.officialdata.org/Legal-services/price-inflation/2010-to-2021?amount=500

[11] https://www.officialdata.org/Legal-services/price-inflation/2013-to-2021?amount=515

from the year of this testimony (2013) to the end of 2021, that $515.00 hourly rate for Ms. Valderrama is $618.33.

\* **Gregg M. Rosenberg (class of '85):** Mr. Rosenberg works in Houston. His online biography states that he "has been practicing employment law since 1985." On April 26, 2019, Judge Sim Lake granted fees that included Mr. Rosenberg's requested rate of $600.00 per hour for work in a Houston FLSA case. *See Dunphy v. Project Aristocrat Life Foundation*, No. 4:17-cv-1225 (Doc. 75) at p. 1 (S.D. Tex. Houston) ("Plaintiffs' requests for reasonable attorneys' fees and costs incurred in connection with the filing of this motion and the previously filed Motions to Compel [Dkts. 65 and 70] is also GRANTED. Defendants are ordered to pay Plaintiffs' attorneys fees' in the amount of $3,789.00 . . . ."); *id.* (Doc. 74-1) at p. 2, ¶8 (Affidavit of Gregg M. Rosenberg: "My hourly rate is $600.00 per hour. . . The fees related to drafting the Motions to Compel . . . at least $3,789.00 . . . "). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019—a $15.84 difference from the year of this ruling.[12] So, adjusted *only* for such inflation from the year of this ruling (2019) to the end of 2021, that $600.00 hourly rate for Mr. Rosenberg is $615.84.

\* **Scott Newar (class of '89):** Mr. Newar works in Houston. His online biography states that "[s]ince 1996, he has represented thousands of workers in all types of employment disputes . . . ." On March 16, 2017, Judge Robert F. Schaffer concluded $500.00 per hour was a reasonable hourly rate for his work in an employment retaliation case. *See Davis v. Apache Corp.*, No. 2014-23898 (152nd Judicial District Court for Harris County, Texas) (Findings of Fact and Conclusions of Law Regarding Attorneys' Fee Award at p. 4: "The reasonable hourly rate for Davis' counsel is as follows . . . Scott Newar: $500.00/hour"), *affirmed as modified on other issues* 573 S.W.3d 475 (Tex. App.—Houston [14th Dist.] 2019, pet. denied, reh'g granted), *reversed on other grounds* No. 19-0410 (Tex. June 25, 2021). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 8.08% higher in 2021 versus 2017—a $40.40 difference from the year of this ruling.[13] So, adjusted *only* for such inflation from the year of this ruling (2017) to the end of 2021, that $500.00 hourly rate for Mr. Newar is $540.40.

\* **Dennis Herlong (class of '82):** Mr. Herlong works in Houston. His online biography notes that he "handles wrongful and retaliatory terminations and age, sex, and race discrimination." On March 16, 2017, Judge Robert F.

---

[12] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=600

[13] https://www.officialdata.org/Legal-services/price-inflation/2017-to-2021?amount=500

Schaffer concluded $500.00 per hour was a reasonable hourly rate for his work in an employment retaliation case. *See Davis v. Apache Corp.*, No. 2014-23898 (152nd Judicial District Court for Harris County, Texas) (Findings of Fact and Conclusions of Law Regarding Attorneys' Fee Award at p. 4: "The reasonable hourly rate for Davis' counsel is as follows . . . Dennis Herlong: $500.00/hour"), *affirmed as modified on other issues* 573 S.W.3d 475 (Tex. App.—Houston [14th Dist.] 2019, pet. denied, reh'g granted), *reversed on other grounds* No. 19-0410 (Tex. June 25, 2021). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 8.08% higher in 2021 versus 2017—a $40.40 difference from the year of this ruling.[14] So, adjusted *only* for such inflation from the year of this ruling (2017) to the end of 2021, that $500.00 hourly rate for Mr. Herlong is $540.40.

\* Barbara Gardner (class of '81): Ms. Gardner works in Houston, where she focuses her practice on employment law. On March 16, 2017, Judge Robert F. Schaffer concluded $500.00 per hour was a reasonable hourly rate for her work in an employment retaliation case. *See Davis v. Apache Corp.*, No. 2014-23898 (152nd Judicial District Court for Harris County, Texas) (Findings of Fact and Conclusions of Law Regarding Attorneys' Fee Award at p. 4: "The reasonable hourly rate for Davis' counsel is as follows . . . Barbara Gardner: $500.00/hour"), *affirmed as modified on other issues* 573 S.W.3d 475 (Tex. App.—Houston [14th Dist.] 2019, pet. denied, reh'g granted), *reversed on other grounds* No. 19-0410 (Tex. June 25, 2021). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 8.08% higher in 2021 versus 2017—a $40.40 difference from the year of this ruling.[15] So, adjusted *only* for such inflation from the year of this ruling (2017) to the end of 2021, that $500.00 hourly rate for Ms. Gardner is $540.40.

\* Thomas C. Wright (class of '80): Mr. Wright works in Houston. His online biography notes that he is an appellate specialist. On March 25, 2020, Judge Andrew S. Hanen ruled a requested rate of $500.00 per hour was reasonable for his work helping prosecute an employment discrimination and retaliation case. *See Davis v. Fort Bend County*, No. 4:12-cv-00131 (Doc. 108) at pp. 5, 15 (S.D. Tex. Houston) ("The Court first begins with the hourly rates for Plaintiff's various attorneys and other professionals. . . . Those rates were: Thomas C. Wright: $500 per hour; . . .Wright's hourly rate is approved by the court, . . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus

---

[14]  https://www.officialdata.org/Legal-services/price-inflation/2017-to-2021?amount=500

[15]  https://www.officialdata.org/Legal-services/price-inflation/2017-to-2021?amount=500

2020—a $7.67 difference from the year of Judge Hanen's ruling.[16] So, adjusted *only* for such inflation from the year of this ruling (2020) to the end of 2021, that $500.00 hourly rate for Mr. Wright is $507.67.

\* Thomas H. Padgett, Jr. (class of '89): Mr. Padgett works in Houston. His online biography states that he is a civil rights lawyer. On September 11, 2015, Judge David Hittner granted fees that included Mr. Padgett's requested rate of $425.00 per hour for work in a Houston FLSA case. *See Ricciardi v. STSI, LLC*, No. H-14-cv-544 (Doc. 25) at p. 8 (S.D. Tex. Houston) ("[T]he court finds the hourly rates indicated in the attached billing invoice and sworn to by Hill are reasonable."); *id.* (Doc. 17-4) at p. 2, ¶ 6 (Declaration of Jonathan Sandstrom Hill: "Thomas H. Padgett, Jr. has been a member of the Texas Bar since 1989 engaging in various types of litigation and trial practice. . . . A reasonable hourly fee for a lawyer with similar experience and expertise is $425.00 per hour."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus 2020—a $66.76 difference from the year of Judge Hittner's ruling.[17] So, adjusted *only* for such inflation from the year of this ruling (2015) to the end of 2021, that $425.00 hourly rate for Mr. Padgett is $491.76.

---

[16] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=500

[17] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=425

# *Classes of the 1990s*



## 36 lawyers listed

## $664.98 average rate

## $619.93 median rate



# Classes of the 1990s: The Rates

 **$1,132.11\*** Nathan J. Oleson (JD 1999)

 **$734.67\*** Mark D. Temple (JD 1995)

 **$607.46\*** Jennifer L. Dotson (JD 1993)

**$537.26\*** Carolyn A. Russell (JD 1998)

 **$1,132.11\*** Esther G. Lander (JD 1997)

 **$723.17\*** Scott McLaughlin (JD 1994)

**$600.00\*** M. Todd Slobin (JD 1997)

**$528.97\*** Mark J. Oberti (JD 1994)

 **$921.70\*** Jennifer M. Trulock (JD 1997)

 **$719.21\*** Oswald B. Cousins (JD 1994)

 **$594.44\*** Stephanie K. Osteen (JD 1997)

 **$520.68\*** Salar Ali Ahmed (JD 1998)

 **$889.84\*** Sean Michael Becker (JD 1998)

 **$710.74\*** Jeffrey M. Anapolsky (JD 1999)

 **$584.71\*** Laura L. Ho (JD 1994)

 **$507.67\*** R. Russell Hollenbeck (JD 1994)

 **$853.83\*** Christine E. Webber (JD 1991)

 **$672.29\*** Cristin M. Obsitnik (JD 1997)

**$572.75\*** Marlene C. Williams (JD 1997)

 **$507.67\*** Douglas Welmaker (JD 1993)

 **$837.66\*** Shauna Clark (JD 1994)

 **$648.25\*** Scott K. Davidson (JD 1998)

 **$572.75\*** J. Derek Braziel (JD 1995)

 **$502.57\*** Jim Staley (JD 1998)

 **$805.20\*** Agnieszka Fryszman (JD 1996)

**$646.51\*** Rhonda Wills (JD 1994)

**$566.43\*** Martin A. Shellist (JD 1993)

 **$486.36\*** Charles A. Sturm (JD 1997)

 **$783.58\*** Ann Marie Arcadi (JD 1993)

 **$639.67\*** Alan J. Marcuis (JD 1998)

 **$558.35\*** Anthony C. Wills (JD 1997)

 **$462.63\*** George R. Gibson (JD 1995)

 **$739.00\*** Gregory J. Ossi (JD 1997)

 **$632.40\*** Rex Burch (JD 1997)

 **$549.61\*** Stewart Hoffer (JD 1994)

 **$456.91\*** Trang Tran (JD 1995)

# *Classes of the 1990s: The Work*



**\* Nathan J. Oleson (class of '99):** Mr. Oleson works in Washington D.C. His online biography states that his key experience "[f]ocuses on complex employment litigation and counseling." In 2020, his law firm billed his time at the rate of $1,115.00 per hour in a Houston bankruptcy case—for work such as: "Review research re pending FLSA matters." *See In re: Sanchez Energy Corp.*, No. 19-34508 (Doc. 1426) at Exhibits B & B-2, pp. 59, 62, 614, 643 (Bankr. S.D. Tex. Houston) (Second Interim and Final Fee Application of Akin Gump Strauss Hauer & Feld LLP for Allowance and Payment of Fees and Expenses as Counsel to the Debtors for the Period from December 1, 2019 through March 27, 2020: "Oleson, Nathan J. . . . Dept. . . . LAB . . . 2020 Rate . . . $1,115.00."). On July 28, 2020, Judge Marvin Isgur approved the request for fees. *See id.* (Doc. 1521). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020 (a $17.11 difference).[1] So, adjusted *only* for such inflation from the year of this billing and court ruling (2020) to the end of 2021, that $1,115.00 hourly rate for Mr. Oleson is $1,132.11.

**\* Esther G. Lander (class of '97):** Ms. Lander works in Washington D.C. Her online biography states that her key experience "[f]ocuses on high-stakes workplace internal and government investigations and complex employment discrimination claims." In 2020, her law firm billed her time at the rate of $1,115.00 per hour in a Houston bankruptcy case—for work such as: "Analyze options and scenarios re WARN Act." *See In re: Sanchez Energy Corp.*, No. 19-34508 (Doc. 1426) at Exhibits B & B-2, pp. 59, 62, 614, 643 (Bankr. S.D. Tex. Houston) (Second Interim and Final Fee Application of Akin Gump Strauss Hauer & Feld LLP for Allowance and Payment of Fees and Expenses as Counsel to the Debtors for the Period from December 1, 2019 through March 27, 2020: "Lander, Esther G. . . . Dept. . . . LAB . . . 2020 Rate . . . $1,115.00."). On July 28, 2020, Judge Marvin Isgur approved the request for fees. *See id.* (Doc. 1521). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020

---

[1] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=1115

(a $17.11 difference).[2] So, adjusted *only* for such inflation from the year of this billing and court ruling (2020) to the end of 2021, that $1115.00 hourly rate for Ms. Lander is $1,132.11.

\* Jennifer M. Trulock (class of '97): Ms. Trulock works in Dallas. Her online biography states that she "counsels companies on how to manage workplace legal issues, conduct investigations into employee misconduct, and prevent employment lawsuits." In 2019, her firm billed her time at a rate of $898.00 per hour in a Houston bankruptcy case—for employment law work such as "Labor Issues" and "Review charge and discuss with M. Wersebe" and "provide advice for response to employee's attorney." *See In re: Bristow Group Inc.*, No. 19-3271 (Doc. 878) at p. 8, (Doc. 878-3) at p. 1, (Doc. 878-5) at Exhibit 5-V "Labor Issues," pp. 452–53 (Bankr. S.D. Tex. Houston) (First Interim Fee Application of Baker Botts L.L.P., Co-counsel to the Debtors, for Allowance and Payment of Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period May 11, 2019 through July 31, 2019, filed on August 21, 2019). On December 6, 2019, Judge David R. Jones approved her law firm's request for fees. *See id.* (Doc. 930). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019 (a $23.70 difference).[3] So, adjusted *only* for such inflation from the year of this billing and ruling (2019) to the end of 2021, that $898.00 hourly rate for Ms. Trulock is $921.70.

\* Sean Michael Becker (class of '98): Mr. Becker works in Houston. His online biography states that he is "head of the Employment, Labor and OSHA practice" for his law firm. In 2016, his firm billed his time at a rate of $795.00 per hour in a Houston bankruptcy case—for work such as "Conference with David Meyer regarding new employment agreements." *See In re: Energy XXI LTD*, No. 16-31928 (Doc. 1897) at pp. 59, 65 and (Doc. 1899-4) at pp. 89, 90, 244 (Bankr. S.D. Tex. Houston) (Summary of the Final Fee Application (First Interim, Second Interim and Third Interim Fee Periods) of Vinson & Elkins LLP, Attorneys for the Debtors and Debtors in Possession, For the Period from April 14, 2016 through and including December 30, 2016). On March 7, 2017, Judge David R. Jones approved his law firm's request for fees. *See id.* at Doc. 1949 (March 7, 2017). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 11.93% higher in 2021 versus 2016—a $94.84 difference from the year this rate was billed.[4] So,

---

[2] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=1115

[3] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=898

[4] https://www.officialdata.org/Legal-services/price-inflation/2016-to-2021?amount=795

adjusted *only* for such inflation from the year of this billing (2016) to the end of 2021, that $795.00 hourly rate for Mr. Becker is $889.84.

\* Christine E. Webber (class of '91): Ms. Webber works in Washington, D.C. Her online biography states that she "represents victims of discrimination and wage and hour violations in class and collective actions." On November 30, 2017, Judge Keith P. Ellison determined Ms. Webber's requested rate of $790.00 per hour was "fair and reasonable" for work she did in a Houston human trafficking [i.e., forced labor] case. *Adhikari v. Daoud & Partners*, No. 4:09-CV-1237 (Doc. 764) at pp. 28–29 (S.D. Tex. Houston) (The requested rates, in descending order, are as follows: . . . $790 for Webber . . . The requested rates are fair and reasonable here too."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 8.08% higher in 2021 versus 2017 (a $63.83 difference).[5] So, adjusted *only* for such inflation from the year of Judge Ellison's determination to the end of 2021, that $790.00 hourly rate for Ms. Webber is $853.83.

\* Shauna Clark (class of '94): Ms. Clark works in Houston. Her online biography states that she "provides strategic advice to employers on best practice, conducts management and employee training, and counsels clients on the full spectrum of employment issues." In 2020, Ms. Clark's law firm billed her time for work at the rate of $825.00 per hour in a Houston defamation/tortious interference case by a former employee against a former employer. *See Nath v. Baylor College of Medicine*, No. 2019-85080 (269th Judicial District Court for Harris County, Texas) (Declaration of Shauna J. Clark attached as Exhibit A to Defendant Baylor College of Medicine's Application for Attorneys' Fees, filed on June 30, 2020 at Tab 2, p. 4) ("Clark, S . . . Rate . . . 825.00). In 2018, Ms. Clark's law firm billed her time at the rate of $795.00 per hour in a Houston employment discrimination and ERISA case—for work such as "Meet with witnesses in preparation for deposition." *See Gonzales v. ConocoPhillips Co.*, No. 4:17-cv-2374 (Doc. 94-3) at pp. 27, 29 (S.D. Tex. Houston) (Exhibit 1 to Declaration of Fazila Issa, Invoice dated September 27, 2018: "Clark, S. . . . Rate . . . 795.00"). On June 26, 2019, Judge Kenneth M. Hoyt determined the fees Ms. Clark's firm sought for her work were reasonable—but only imposed 30% of them in his fee award. *See id.* (Doc. 108) at p. 1 ("The Court determines that the plaintiff's ability to pay an attorneys' fee is limited to his earned income and bonus(es), if any, resulting in an annual income in the range of $250,000. The Court is of the opinion that the fees and costs sought are reasonable. In light of this fact, the Court determines that an award equal to 30% of the requested attorneys' fees sought is reasonable."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021

---

[5]  https://www.officialdata.org/Legal-services/price-inflation/2017-to-2021?amount=790

versus 2020—a $12.66 difference from that 2020 billed rate in *Nath*.[6] So, adjusted *only* for such inflation from the year of that billed rate (2020) to the end of 2021, that $825.00 hourly rate for Ms. Clark is $837.66.

\* **Agnieszka Fryszman (class of '96):** Ms. Fryszman works in Washington, D.C. Her online biography notes that she practices in human rights—forced and slave labor. On November 30, 2017, Judge Keith P. Ellison determined Ms. Fryszman's requested rate of $745.00 per hour was "fair and reasonable" for work she did in a Houston human trafficking [i.e., forced labor] case. *Adhikari v. Daoud & Partners*, No. 4:09-CV-1237 (Doc. 764) at pp. 28–29 (S.D. Tex. Houston) (The requested rates, in descending order, are as follows: . . . $745 for Fryszman . . . The requested rates are fair and reasonable here too."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 8.08% higher in 2021 versus 2017 (a $60.20 difference).[7] So, adjusted *only* for such inflation from the year of Judge Ellison's determination to the end of 2021, that $745.00 hourly rate for Ms. Fryszman is $805.20.

\* **Ann Marie Arcadi (class of '93):** Ms. Arcadi's works in Dallas. Her online biography states that she "regularly advises clients on compliance with state and federal labor & employment laws, assists with internal investigations, provides legal compliance and HR training, and represents clients before state and federal agencies with employment-related jurisdiction." On August 2, 2017, she testified that her rate for work in a Houston employment discrimination case was $725.00 per hour. *See Lyde v. The Boeing Co.*, No. 4:16-cv-3293 (Doc. 16-4) at p. 2, ¶ 4 (S.D. Tex. Houston) (Affidavit of Ann Marie Arcadi: "I have been involved in handling this case, and have done various legal work on this matter. My billing rate for this case was $725.00 per hour."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 8.08% higher in 2021 versus 2017 (a $58.58 difference).[8] So, adjusted *only* for such inflation from the year of this billing to the end of 2021, that $725.00 hourly rate for Ms. Arcadi is $783.58.

\* **Gregory J. Ossi (class of '97):** Mr. Ossi works in Washington, D.C. His online biography notes that he "counsels employers on a broad range of labor and employee benefits matters, . . . ." In 2019, his law firm billed his time at the rate of $720.00 per hour in a Houston bankruptcy case—for labor law work

---

[6] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=825

[7] https://www.officialdata.org/Legal-services/price-inflation/2017-to-2021?amount=745

[8] https://www.officialdata.org/Legal-services/price-inflation/2017-to-2021?amount=725

such as: "Prepare for and conduct negotiations with UMWA" and "Attend depositions of Joe M., Elizabeth M. and Doug G." *See In re: Westmoreland Coal Co.*, No. 18-35672 (Doc. 2147-4) at pp. 2, 6 (Bankr. S.D. Tex. Houston) (Exhibit D, Itemized Time Records of Professionals and Paraprofessionals January 7, 2019 – June 21, 2019 attached to First and Final Fee Application (WMLP Debtors) of Drinker Biddle & Reath LLP as Special Labor and Employment Benefits Counsel to the Debtors and Debtors in Possession for the Period of January 7, 2019 through June 21, 2019: "GJ Ossi . . . Partner . . . Rate . . . $720.00"). On August 14, 2019, Judge David R. Jones approved the request for fees.  *See id.* (Doc. 2247). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019 (a $19.00 difference).[9] So, adjusted *only* for such inflation from the year of this billing and court ruling (2019) to the end of 2021, that $720.00 hourly rate for Mr. Ossi is $739.00.

\* Mark D. Temple (class of '95): Mr. Temple works in Houston. His online biography notes that he "focuses on high-stakes business disputes and complex employment litigation." On September 25, 2015, Judge Nancy F. Atlas awarded fees requested for Mr. Temple's work in a Houston ERISA case. *See Romano Woods Dialysis Ctr. v. Admiral Linen Serv., Inc.*, No. 4:14-cv-01125 (Doc. 67) (S.D. Tex. Houston) ("Based on this review, and a clear recollection of the litigation of this lawsuit, the Court finds that the $209,350.13 in attorneys' fees requested by Defendants is reasonable and appropriate.") (awarding all fees requested in Defendants' Motion for Fees and Costs (Doc. 62)). The court-approved request for fees documented work Mr. Temple did at an hourly rate of $625.00—including work done and billed on invoices in 2014 at that rate. *See id.* (Doc. 62-1) at pp. 4, 33–34 (Affidavit of Kenneth E. Broughton, for work such as "Analysis of outstanding issues" on September 16, 2014). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 17.55% higher in 2021 versus 2014 (a $109.67 difference).[10] So, adjusted *only* for such inflation from the year of this billing (2014) to the end of 2021, that $625.00 hourly rate for Mr. Temple is $734.67.

\* Scott R. McLaughlin (class of '94): Mr. McLaughlin works in Houston. His online biography states that he "has extensive experience in conducting internal sexual harassment, discrimination, and fraud investigations, and provides day-to-day labor and employment advice and counsel to clients." On August 5, 2015, in a Corpus Christi employment discrimination and retaliation case, his law firm noted that his standard rate per hour was $625.00—though

---

[9]  https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=720

[10]  https://www.officialdata.org/Legal-services/price-inflation/2014-to-2021?amount=625

there was a lower negotiated effective rate per hour in that case. *See Arredondo v. Weatherford Int'l, LLC*, No. 2:14-cv-00170 (Doc. 89) at p. 1 (S.D. Tex. Corpus Christi) (Summary of Attorney Fees and Expenses: "Scott McLaughlin . . . STANDARD RATE PER HOUR . . . 625"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus 2015 (a $98.17 difference).[11] So, adjusted *only* for such inflation from the year of this stated rate (2015) to the end of 2021, that $625.00 hourly rate for Mr. McLaughlin is $723.17.

\* Oswald B. Cousins (class of '94): Mr. Cousins works in California. His online biography states that he "defends and advises clients on complex employment law challenges." On November 28, 2007, Judge Ewing Werlein, Jr. gave his opinion that $500.00 per hour was reasonable for Mr. Cousins's work in a Houston employment discrimination case. *See Worrell v. GreatSchools, Inc.*, No. 4:07-cv-01100 (Doc. 17) at p. 10 (S.D. Tex. Houston) ("With all due respect to the rates ordinarily billed by Cousins in California for his experience and high level of competency, the Court is of the opinion that $500 an hour is reasonable to the circumstances of this case in this district."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 43.84% higher in 2021 versus 2007 (a $219.21 difference).[12] So, adjusted *only* for such inflation from the year of this ruling (2007) to the end of 2021, that $500.00 hourly rate for Mr. Cousins is $719.21.

\* Jeffrey M. Anapolsky (class of '99): Mr. Anapolsky works in Houston. His online biography notes that he does restructuring and dispute resolution. On July 2, 2020, he testified that his billable rate was $700.00 per hour for his work in a Houston declaratory judgment case against a former employee—though he was willing to accept less in a fee motion. *See Anapolsky Advisors, Inc. v. Mangual*, No. 2020-11559 (127th Judicial District Court for Harris County, Texas) (Supplemental Declaration of Jeffrey M. Anapolsky, dated July 2, 2020 with bills attached, at p. 1, ¶ 3: "Although my billable rate for this matter is $700 per hour, I am willing to match the billable rate of Defendant's attorney, . . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020 (a $10.74 difference).[13] So, adjusted *only* for such inflation from the year of this testimony (2020) to the end of 2021, that $700.00 hourly rate for Mr. Anapolsky is $710.74.

---

[11] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=625

[12] https://www.officialdata.org/Legal-services/price-inflation/2007-to-2021?amount=500

[13] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=700

\* **Cristin M. Obsitnik (class of '97):** Ms. Obsitnik works in Chicago. Her online biography notes that she works on employee benefit programs: "Cristin counsels employers on the design and implementation of tax-qualified pension plans and nonqualified deferred compensation arrangements, as well as on ERISA fiduciary matters." In 2019, her law firm billed her time at the rate of $655.00 per hour in a Houston Bankruptcy case—for labor law work such as Review plan documents" and "Email exchanges with G. Ossi on treatment of pension plan after asset sale." *See In re: Westmoreland Coal Co.*, No. 18-35672 (Doc. 2147-4) at pp. 9–10 (S.D. Tex. Bankruptcy Houston) (Exhibit D, Itemized Time Records of Professionals and Paraprofessionals January 7, 2019 – June 21, 2019 attached to First and Final Fee Application (WMLP Debtors) of Drinker Biddle & Reath LLP as Special Labor and Employment Benefits Counsel to the Debtors and Debtors in Possession for the Period of January 7, 2019 through June 21, 2019). On August 14, 2019, Judge David R. Jones approved the request for fees. *See id.* (Doc. 2247). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019 (a $17.29 difference).[14] So, adjusted *only* for such inflation from the year of this billing and court ruling (2019) to the end of 2021, that $655.00 hourly rate for Ms. Obsitnik is $672.29.

\* **Scott K. Davidson (class of '98):** Mr. Davidson works in Houston. His online biography notes he works as an in-house attorney, but previously worked for a law firm "helping people with Employment & Labor issues." On December 22, 2011, he testified that his law firm charged $515.00 per hour for his work in a Houston employment agreement/non-compete case. *See Renewable Energy Group, Inc. v. Dascal*, No. 2011-51111 (190th Judicial District Court for Harris County, Texas) (Affidavit of Scott K. Davidson in Support of Attorney's Fees at p. 1, ¶ 3: "I prosecuted this case in accordance with an hourly fee agreement entered into between Renewable Energy Group, Inc. and Locke Lord LLP. My firm charged Renewable Energy Group, Inc. $515.00 per hour for my work . . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 25.87% higher in 2021 versus 2011 (a $133.25 difference).[15] So, adjusted *only* for such inflation from the year of this billing (2011) to the end of 2021, that $515.00 hourly rate for Mr. Davidson is $648.25.

\* **Rhonda Wills (class of '94):** Ms. Wills works in Houston. Her online biography notes she focuses her practice on several areas, such as

---

[14] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=655

[15] https://www.officialdata.org/Legal-services/price-inflation/2011-to-2021?amount=515

"problems at work (including unlawful pay, sexual harassment, discrimination, and injuries on the job)[.] . . ." On April 4, 2014, Judge Gray H. Miller awarded Ms. Wills's law firm all fees requested in a Houston FLSA case—which included, under a lodestar method cross-check, a 1.29 multiplier from her hourly rate of $550.00 per hour. *See In re Wells Fargo Wage & Hour Employment Practices Litigation*, No. 4:11-md-02266 (Doc. 239) (S.D. Tex.) ("The request for $4.5 million in fees representing 30% of the settlement fund is APPROVED as fair and reasonable"); *id.* (Doc. 233) at pp. 20, 23, 24, 25 (Plaintiff's Corrected Unopposed Motion for Approval of the Settlement on Behalf of FLSA Collective Action Members: "Here, the Settling Plaintiffs' counsel seek $4.5 million for attorneys' fees (30% of the total settlement fund)[.] . . . A 'cross-check' of the *Johnson* factors further establishes the reasonableness of lead counsel's fee request. . . . Accordingly, the lodestar multiplier on the hours worked to date with respect to the Settling Plaintiffs' claims is 1.29. . . . Lead counsel's lodestar is based on reasonable hourly rates, consisting of the following ranges: $475-$550 for partners and of counsel; $150-$425 for associates and staff attorneys; and $75 for professional support staff. These rates are consistent with those charged in other significant FLSA actions and in the Texas legal market in general."); *id.* at (Doc. 233-4) at p. 18, ¶ 37 (Declaration of Rhonda H. Wills: "The hours, attendant rates and lodestar for the Wills Law Firm, PLLC in this matter are as follows . . . RHONDA H. WILLS (LEAD COUNSEL) $550[.] . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 17.55% higher in 2021 versus 2014 (a $96.51 difference).[16] So, adjusted *only* for such inflation from the year of this court ruling (2014) to the end of 2021—and without regard to the 1.29 multiplier—that $550.00 hourly rate for Ms. Wills is $646.51.

\* Alan J. Marcuis (class of '98): Mr. Marcuis works in Dallas. His online biography states that he "represents management in complex labor and employment law matters, including contract, trade secret and post-employment restrictive covenants, EEO litigation, collective bargaining and labor relations." In 2020, his law firm listed his hourly rate as $630.00 per hour in its fee request in a Houston bankruptcy case—for employment law work he did in 2019 such as "review David Fitch Texas Workforce Commission wage claim and supporting documents and analysis of same" and "conference regarding responses to Texas Workforce Commission denying wage claims" and "Review correspondence regarding former employees working for competitor and soliciting customers." *See In re: KP Eng., L.P.*, No. 19-34698 (Doc. 613) at pp. 18, 37, 85, 86, 97, 271, 279, 284 (Bankr. S.D. Tex. Houston) (Fee Application Summary Cover Sheet for Second Interim and Final Fee Application of Hunton Andrews Kurth LLP, Special Counsel to Debtor KP Engineering, LP, for Allowance and Payment of Fees and Expenses for the Period from August 23, 2019 through June 23, 2020). On October

---

[16] https://www.officialdata.org/Legal-services/price-inflation/2014-to-2021?amount=550

1, 2020, Judge David R. Jones approved the request for fees. *See id.* (Doc. 650). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020—the year of the court approval of the fee request—a $9.67 difference.[17] So, adjusted *only* for such inflation from the year of this court ruling (2020) to the end of 2021, that $630.00 hourly rate for Mr. Marcuis is $639.67.

\* Rex Burch (class of '97): Mr. Burch works in Houston, where he focuses his practice on labor and employment law. On October 11, 2016, Judge Alfred H. Bennett granted fees for work Mr. Burch did in a Houston FLSA case. *See St. John v. Nesco Service Co.*, No. 15-cv-00253 (Doc. 68) at p. 3 (S.D. Tex. Houston) ("Nesco does not take issue with the hourly rates charged by Plaintiff's counsel" but making an across-the-board reduction on time); *id.* (Doc. 63) at p. 5 (Plaintiff's Motion for an Award of Reasonable Attorney's Fees, Costs, and Expenses: "Richard J. (Rex) Burch . . . RATE . . . $565.00"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 11.93% higher in 2021 versus 2016—a $67.40 difference from that 2016 rate of $565.00 per hour.[18] So, adjusted *only* for such inflation from the year of this court ruling (2016) to the end of 2021, that $565.00 hourly rate for Mr. Burch is $632.40.

\* Jennifer L. Dotson (class of '93): Ms. Dotson works in Pearland. She previously worked for a law firm in Houston. On September 25, 2015, Judge Nancy F. Atlas awarded fees requested for Ms. Dotson's work in a Houston ERISA case. *See Romano Woods Dialysis Ctr. v. Admiral Linen Serv., Inc.*, No. 4:14-cv-01125 (Doc. 67) at p. 16 (S.D. Tex. Houston) ("Based on this review, and a clear recollection of the litigation of this lawsuit, the Court finds that the $209,350.13 in attorneys' fees requested by Defendants is reasonable and appropriate.") (awarding all fees requested in Defendants' Motion for Fees and Costs (Doc. 62)). On July 24, 2015, attorney Kenneth E. Broughton testified that her rate for work on the case, which was a rate "discounted from the Firm's standard hourly rates," was "$495-$525." *See* (Doc. 62-1) at pp. 3-4, at ¶¶ 8 & 10 (Affidavit of Kenneth E. Broughton: "The fees are based on the number of hours Reed Smith's timekeepers have spent working on this case multiplied times their applicable hourly rates, which for this matter were discounted from the Firm's standard hourly rates. . . . Jennifer J. Dotson $490-$525."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus 2015—

---

[17] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=630

[18] https://www.officialdata.org/Legal-services/price-inflation/2016-to-2021?amount=565

an $82.46 difference from the year of that 2015 testimony.[19] So, adjusted *only* for such inflation from the year of this testimony and court award (2015) to the end of 2021, that $525.00 hourly rate for Ms. Dotson is $607.46.

* **M. Todd Slobin (class of '97):** Mr. Slobin works in Houston. His online biography notes: "Since 1998, I have exclusively handled employment law cases." On November 21, 2018, Magistrate Judge Christina A. Bryan determined $500.00 was a reasonable hourly rate for Mr. Slobin's work in a Houston FLSA case. *See Novick v. Shipcom Wireless, Inc.,* No. 4:16-cv-00730 (Doc. 100) at p. 6 (S.D. Tex. Houston) (Memorandum and Order: "$500 is a reasonable rate for the services provided by Todd Slobin in this case."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 3.64% higher in 2021 versus 2018 (an $18.18 difference).[20] So, adjusted *only* for such inflation from the year of this court ruling (2018) to the end of 2021, that $500.00 hourly rate for Mr. Slobin is $518.18. In the Summer of 2021, arbitrator and former Judge Susan Soussan approved a rate of $600 per hour for Mr. Slobin's work. *See Hawthorne v. KS Mgmt. Servs.,* No. 4:17-cv-02350 (Doc. 89-2) at p. 4, ¶ 14 (S.D. Tex. Houston) (Declaration of Todd Slobin dated December 22, 2021: "I recently arbitrated a case before the Honorable Judge Susan Soussan over the Summer in 2021. Upon a successful arbitration award, my hourly rate of $600 was approved.").

* **Stephanie K. Osteen (class of '97):** Ms. Osteen works in Dallas. Her online biography states that "for the last twenty-five years, Stephanie has represented publicly traded and privately held companies, including Fortune 50-1000, middle market companies, private equity groups, and startups, in simple and complex employment litigation and transactional matters, over a wide range of industries." On April 13, 2017, her client sought sanctions to recover fees at a rate of $550 per hour incurred for her time in defending a Houston Deceptive Trade Practices Act (DTPA) case over a job posting for a staffing agency—for work such as traveling to Houston for a deposition that did not take place. *See Grivich v. Robert Half Int'l, Inc.,* No. 2016-57390 (269th Judicial District Court for Harris County, Texas) (Defendant Robert Half International, Inc.'s Motion for Sanctions at p. 8 ¶ 20: "Robert Half incurred significant costs, including travel and hotel expenses for Robert Half's lead counsel, attorneys' fees for appearing at and preparing for Plaintiff's deposition, costs of the court reporter and videographer, and fees in researching for and drafting this Motion. [*See* Itemized Accounting of Defendant's Fees and Costs, attached as Exhibit 15.]"); *id.* at Exhibit 15 ("Rate (per hour) $550" for work such as "Travel to and appear at Hunton & Williams LLP's

---

[19]  https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=525

[20]  https://www.officialdata.org/Legal-services/price-inflation/2018-to-2021?amount=500

Houston for deposition of Plaintiff and communications with client regarding same (5.5 hours); review and revise Defendant's Motion for Sanctions (1.0 hours)."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 8.08% higher in 2021 versus 2017 (a $44.44 difference).[21] So, adjusted *only* for such inflation from the year of this invoicing and motion (2017) to the end of 2021, that $550.00 hourly rate for Ms. Osteen is $594.44.

\* Laura L. Ho (class of '94): Ms. Ho works in California. Her online biography states that she "has extensive experience representing employees, consumers, and voters in class, collective, and representative actions in California and nationally." On January 13, 2010, Judge Keith P. Ellison ruled that $450.00 per hour for her work in a Houston FLSA case was "reasonable and consistent with hourly rates charged by comparable attorneys in the relevant legal community." *See Roussell v. Brinker Int'l, Inc.*, No. H-05-3733 (Doc. 373) at p. 6 (S.D. Tex. Houston). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 29.93% higher in 2021 versus 2010 (a $134.71 difference).[22] So, adjusted *only* for such inflation from the year of Judge Ellison's ruling (2010) to the end of 2021, that $450.00 hourly rate for Ms. Ho is $584.71.

\* J. Derek Braziel (class of '95): J. Derek Braziel works in Dallas. His online biography states that he "represents plaintiffs in collective action and class action litigation concerning rights asserted under the FLSA and commensurate state laws governing wages." On October 21, 2015, Judge David Hittner granted his firm fees in a Houston FLSA case. *See Gingrass v. TMG (The Moore Group, Inc.)*, No. 4:15-cv-00837 (Doc. 18) at p. 1 (S.D. Tex. Houston) ("The Court finds that Plaintiff has established by declaration that he and his counsel are entitled to recover from Defendant attorney's fees and costs of $7,258.95, which the Court finds to be a reasonable amount."). Judge Hittner's ruling was premised, in part, on a rate of $495.00 per hour for Mr. Braziel's work in that Houston FLSA case. *See id.* (Doc. 13-2) at p. 3, ¶ 11 (Declaration of Jesse H. Forester dated September 21, 2015: "The firm's lodestar (hours x hourly rates) on the hours expended on this matter, amounts to $6,658.95 (J. Forester with 13.50 hours x $295 = $3,982.50; J. Derek Braziel with 3.00 hours x $495 = $1,485.00; and Chief Paralegal Josey Gonzales with 6.11 hours x $195 = $1,191.45). The firm also has an additional $600.00 in costs in this matter for a total amount in fees and costs of $7,258.95."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are

---

[21] https://www.officialdata.org/Legal-services/price-inflation/2017-to-2021?amount=550

[22] https://www.officialdata.org/Legal-services/price-inflation/2010-to-2021?amount=450

15.71% higher in 2021 versus 2015 (a $77.75 difference).[23] So, adjusted *only* for such inflation from the year of Judge Hittner's ruling (2015) to the end of 2021, that $495.00 hourly rate for Mr. Braziel is $572.75.

\* <span style="color:red">**Marlene C. Williams (class of '97):**</span> Ms. Williams works in Houston. Her online biography states that she "guides her clients through complex labor and employment matters, defending Fortune 100 companies in class action disputes and collective action litigation." On August 5, 2015, in a Corpus Christi employment discrimination and retaliation case, her law firm noted that her standard rate per hour was $495.00—though there was a lower negotiated effective rate per hour in that case. *See Arredondo v. Weatherford Int'l, LLC*, No. 2:14-cv-00170 (Doc. 89) at p. 1 (S.D. Tex. Corpus Christi) (Summary of Attorney Fees and Expenses: "Marlene Williams . . . STANDARD RATE PER HOUR: . . . 495"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus 2015 (a $77.75 difference).[24] So, adjusted *only* for such inflation from the year of this standard hourly rate for Ms. Williams (2015) to the end of 2021, that $495.00 hourly rate for Ms. Williams is $572.75.

\* <span style="color:red">**Martin A. Shellist (class of '93):**</span> Martin Shellist works in Houston. His online biography notes that he represents clients in employment matters. On December 2, 2011, <span style="color:red">Judge David Hittner</span> ruled there was sufficient evidence that Mr. Shellist's requested hourly rate of $450.00 was reasonable in a Houston employment discrimination case. *See Dixon v. Texas Southern Univ.*, No. 4:10-cv-01045 (Doc. 102) at p. 10 (S.D. Tex. Houston) ("Based on the qualifications of Slobin and Shellist and the rates charged in the local community, this Court finds Dixon has submitted sufficient evidence that the rates charged were reasonable. Accordingly, this Court will adopt Dixon's proposed hourly rates: $400 per hour for Slobin and $450 per hour for Shellist."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 25.87% higher in 2021 versus 2011 (a $116.43 difference).[25] So, adjusted *only* for such inflation from the year of Judge Hittner's ruling (2011) to the end of 2021, that $450.00 hourly rate for Mr. Shellist is $566.43.

\* <span style="color:red">**Anthony C. Wills (class of '97):**</span> Mr. Wills works in California but previously worked in Houston. On April 4, 2014, <span style="color:red">Judge Gray H. Miller</span> awarded Ms. Wills's law firm all fees requested in a Houston FLSA case—which

---

[23] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=495

[24] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=495

[25] https://www.officialdata.org/Legal-services/price-inflation/2011-to-2021?amount=450

included, under a lodestar method cross-check, a 1.29 multiplier from Mr. Wills's hourly rate of $475.00 per hour. *See In re Wells Fargo Wage & Hour Employment Practices Litigation*, No. 4:11-md-02266 (Doc. 239) (S.D. Tex.) ("The request for $4.5 million in fees representing 30% of the settlement fund is APPROVED as fair and reasonable"); *id.* (Doc. 233) at pp. 20, 23, 24, 25 (Plaintiff's Corrected Unopposed Motion for Approval of the Settlement on Behalf of FLSA Collective Action Members: "Here, the Settling Plaintiffs' counsel seek $4.5 million for attorneys' fees (30% of the total settlement fund)[.] . . . A 'cross-check' of the *Johnson* factors further establishes the reasonableness of lead counsel's fee request. . . . Accordingly, the lodestar multiplier on the hours worked to date with respect to the Settling Plaintiffs' claims is 1.29. . . . Lead counsel's lodestar is based on reasonable hourly rates, consisting of the following ranges: $475-$550 for partners and of counsel; $150-$425 for associates and staff attorneys; and $75 for professional support staff. These rates are consistent with those charged in other significant FLSA actions and in the Texas legal market in general."); *id.* at (Doc. 233-4) at p. 18, ¶ 37 (Declaration of Rhonda H. Wills: "The hours, attendant rates and lodestar for the Wills Law Firm, PLLC in this matter are as follows . . . ANTHONY C. WILLS (PARTNER) $475[.] . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 17.55% higher in 2021 versus 2014 (a $83.35 difference).[26] So, adjusted *only* for such inflation from the year of this court ruling (2014) to the end of 2021—and without regard to the 1.29 multiplier—that $475.00 hourly rate for Mr. Wills is $558.35.

* **Stewart Hoffer (class of '94):** Mr. Hoffer works in Houston. His online biography notes that his practice includes, but is not limited to, "Representation of Executives in Employment Matters" and "Labor and Employment Litigation." On August 27, 2015, Mr. Hoffer's client sought an award of attorneys' fees at the rate of $475.00 per hour for Mr. Hoffer's time in a Houston employment non-compete and commissions declaratory judgment case—for work such as "review and revise Motion for Summary Judgment." *See Goddard v. Total Safety U.S., Inc.*, No. 2015-04385 (11th Judicial District Court for Harris County, Texas) (Defendant Total Safety U.S. Inc.'s Motion for Determination Under *Epps v. Fowler* and Award of Attorney's Fees Under Declaratory Judgment Act at pp. 11-12 and Exhibit E: "Total Safety requests an award of reasonable and necessary attorney's fees in the amount of $21,817.50, which is a mere fraction of the total fees it incurred to defend Goddard's claims." . . . "[Mr. Hoffer's law firm, Hick Thomas LLC] billed Mr. Hoffer's time to Total Safety at $475 per hour (an hourly rate that was 20% lower than the hourly rates that Hick Thomas LLP bills Mr. Hoffer's time to other clients), . . . ."). The Court denied the request for fees altogether. *See id.* (Order Denying Defendant's Motion for Fees Under the Declaratory Judgment Act dated September 22, 2015). According to the Consumer Price

---

[26] https://www.officialdata.org/Legal-services/price-inflation/2014-to-2021?amount=475

Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus 2015 (a $74.61 difference).[27] So, adjusted *only* for such inflation from the year of this discounted billing rate (2015) to the end of 2021, that $475.00 hourly rate for Mr. Hoffer is $549.61.

\* Carolyn A. Russell (class of '98): Ms. Russell works in Houston. Her online biography notes that she "represents management in a variety of employment-related matters, including litigation involving age, disability, race and sex discrimination claims, covenants not to compete, trade secrets, wage and hour claims, ERISA claims, and other workplace torts." On October 18, 2016, Ms. Russell sought an award of attorneys' fees her client incurred for her work at a rate of $480.00 per hour in a Houston state court wage case. *See Garrett v. Prologistix Corp. NW PLX*, No. 1076687 (Harris County Court at Law No. 2) (Request for Entry of Attorneys' Fees at Exhibit A, Affidavit of Carolyn A. Russell (dated October 18, 2016) ¶ 2: "I represent the Defendant in the above-styled case. My hourly rate is $480"). The court granted fees but in a lower overall amount than that requested. *See id.* (Judgment dated July 11, 2017). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 11.93% higher in 2021 versus 2016 (a $57.26 difference).[28] So, adjusted *only* for such inflation from the year of this rate was billed (2016) to the end of 2021, that $480.00 hourly rate for Ms. Russell is $537.26.

\* Mark J. Oberti (class of '94): Mr. Oberti works in Houston. His online biography states that he "is a highly effective employment attorney in Houston, winning numerous cases for executives, employers, and employees." On June 1, 2017, the United States Court of Appeals for the Fifth Circuit reversed a judgment against Mr. Oberti's client and instead, issued a judgment in Mr. Oberti's client's favor in a Houston ERISA case. *See Langley v. Howard Hughes Mgmt. Co., L.L.C.*, No. 16-20724 (5th Cir. June 1, 2017) ("It is ordered and adjudged that the judgment of the District Court is reversed, and judgment is rendered in favor of Langley in the amount of $255,000, plus attorney's fees of $18,970."). The amount of fees the Fifth Circuit awarded was based on Mr. Oberti's testimony and calculation including his $450.00 per hour rate billed to his client and as testified to in 2014. *See Langley v. Howard Hughes Mgmt. Co.*, No. 4:13-cv-03595 (Doc. 7) at p. 25 (S.D. Tex. Houston February 3, 2014) (Langley's Motion for Summary Judgment: "In this case, Langley's counsel's reasonable fees are $18,970.00"); *id.* (Doc. 7-9) at p. 3, ¶ 4 (Exhibit 9 Affidavit of Mark J. Oberti: "My rate on this case was $400 per hour, until January 1, 2014, and then $450 per hour after that.")

---

[27] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=475

[28] https://www.officialdata.org/Legal-services/price-inflation/2016-to-2021?amount=480

(attaching firm invoice). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 17.55% higher in 2021 versus 2014 (a $78.97 difference).[29] So, adjusted *only* for such inflation from the year of this rate was billed (2014) to the end of 2021, that $450.00 hourly rate for Ms. Oberti is $528.97.

* **R. Russell Hollenbeck (class of '94):** Mr. Hollenbeck works in Houston. His online biography notes he is a civil appellate specialist. On March 25, 2020, Judge Andrew S. Hanen awarded a rate of $500.00 per hour for his work in a Houston employment discrimination and retaliation case. *See Davis v. Fort Bend County*, No. 4:12-cv-00131 (Doc. 108) at p. 5 (S.D. Tex. Houston) ("Russ Hollenbeck: $500 per hour[.] . . . The Court finds all of the hourly rates for the Wright Close & Barger professionals to be reasonable hourly rates among Houston law firms for a Title VII case."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020 (a $7.67 difference).[30] So, adjusted *only* for such inflation from the year of this court ruling (2020) to the end of 2021, that $500.00 hourly rate for Mr. Hollenbeck is $507.67.

* **Douglas B. Welmaker (class of '93):** Mr. Welmaker works in Austin. His online biography states that he "has been practicing labor and employment law for 25 years" and "[i]n the last 10 years, he has limited his practice to representing employees who have been wrongfully denied overtime pay in violation of the Fair Labor Standards Act." On May 11, 2020, Judge Nelva Gonzales Ramos ruled $500.00 was a reasonable rate for Mr. Welmaker's work in a Corpus Christi FLSA case. *See Carranza v. Cirlos*, No. 2:18-cv-419 (Doc. 36) at p. 36 (S.D. Tex. Corpus Christi) ("Plaintiffs request an hourly rate of $500 per hour. The Court finds this is a reasonable rate. Mr. Welmaker has practiced for more than 25 years, and has focused almost exclusively on employment litigation during that time."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020 (a $7.67 difference).[31] So, adjusted *only* for such inflation from the year of this court ruling (2020) to the end of 2021, that $500.00 hourly rate for Mr. Welmaker is $507.67.

* **Jim Staley (class of '98):** Mr. Staley works in Houston. His online biography states that he "represents employers and management in all aspects of

---

[29] https://www.officialdata.org/Legal-services/price-inflation/2014-to-2021?amount=450

[30] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=500

[31] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=500

employment law[.] . . ." On March 28, 2017, in a Houston Uniformed Services Employment and Reemployment Rights Act (USERRA) military employment leave case, Mr. Staley testified that his ordinary billing rate is $465.00 per hour. *See Wright v. J.A.M. Distributing*, No. 4:16-cv-2663 (Doc. 32-1) at p. 2, ¶ 5 (S.D. Tex.) (Declaration of Jim Staley: "I am charging J.A.M. $325 per hour in this case. $325 per hour is a reasonable rate to charge for the legal services performed by myself and is actually a substantial discount from my ordinary billing rate of $465."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 8.08% higher in 2021 versus 2017 (a $37.57 difference).[32] So, adjusted *only* for such inflation from the year of this testimony concerning his "ordinary billing rate" (2017) to the end of 2021, that $465.00 hourly rate for Mr. Staley is $502.57.

\* Salar Ali Ahmed (class of '98): Mr. Ahmed works in Houston. His online biography notes his practice area is labor and employment law. On August 28, 2015, in a Beaumont Fair Credit Reporting Act (FCRA) case involving allegations about credit checks of employees, Mr. Ahmed sought fees and testified that his rate for legal services in the case was $425.00 per hour—but that he typically charges between $350.00 per hour and $450.00 per hour. *See Landrum v. East Texas Medical Center Regional Healthcare System*, No. 4:14-cv-00848 (Doc. 44) at p. 9 (S.D. Tex. Beaumont) (Sworn Declaration of Salar Ali Ahmed in Support of Attorney's Fees: "My rate for legal services in this case is $425 per hour. This rate is within the range of my customary hourly rate. I typically charge between $350 and $450 per hour."). On August 31, 2015, Judge Keith P. Ellison awarded a flat amount of all fees requested as part of a settlement. *See id.* (Doc. 45) (Order Granting Joint Motion for Final Approval of Proposed Settlement and Final Judgment). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus 2015 (a $70.68 difference).[33] So, adjusted *only* for such inflation from the year of this testimony (2015)—concerning the high-end of his typical rate of $450.00 per hour—to the end of 2021, that $450.00 hourly rate for Mr. Ahmed is $520.68.

\* Charles A. Sturm (class of '97): Mr. Sturm works in Houston. His online biography states that he "advises and represents employers, employees and executives in Houston and throughout Texas." On October 24, 2017, Judge Vanessa D. Gilmore ruled that $450.00 per hour was a reasonable hourly rate for Mr. Sturm's work in a Houston FLSA case. *See Gurule v. Land Guardian, Inc.*, No. 4:15-cv-03487 (Doc. 73) at p. 11 (S.D. Tex. Houston) ("Based upon this

---

[32] https://www.officialdata.org/Legal-services/price-inflation/2017-to-2021?amount=465

[33] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=450

evidence, as well as the Court's own experience in the relevant community, case law and other authorities, the Court finds that $450 per hour is a reasonable hourly rate for an attorney of Mr. Sturm's skill and 20 years of experience."), *affirmed* No. 17-207210 (5th Cir. Dec. 27, 2018). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 8.08% higher in 2021 versus 2017 (a $36.36 difference).[34] So, adjusted *only* for such inflation from the year of this court ruling (2017) to the end of 2021, that $450.00 hourly rate for Mr. Strum is $486.36.

\* George R. Gibson (class of '95): Mr. Gibson works in Houston. His online biograph notes that he focuses his practice on litigation. In 2012, Mr. Gibson billed for his work in a Houston employment discrimination case at the rate of $375.00 per hour. *See Patterson v. Houston Indep. Sch. Dist.*, No 4:11-cv-01984 (Doc. 106-1) at p. 3 (S.D. Tex. Houston April 18, 2012) (Affidavit of Seth A. Miller, attaching invoices billed to client: "George R. Gibson's services cost $350 per hour in 2011 and $375 per hour in 2012"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 23.37% higher in 2021 versus 2012 (a $87.63 difference).[35] So, adjusted *only* for such inflation from the year of this testimony (2012) to the end of 2021, that $375.00 hourly rate for Mr. Gibson is $462.63.

\* Trang Tran (class of '95): Mr. Tran works in Houston. His online biography notes his practice of law has a "focus on prosecuting claims for wrongful discharge, discrimination, non-compete, theft of trade secret and breach of contract" and that he has experience prosecuting wage and hour cases. On August 31, 2020, Judge Vanessa D. Gilmore ruled that $450.00 per hour was a reasonable rate for work Mr. Tran did in a Houston FLSA case. *See Vinasco v. Swissport Cargo Services, LP*, No. 4:18-cv-01902 (Doc. 103) at pp. 5–6 (S.D. Tex. Houston) ("Accordingly, pursuant to the applicable law, the Court finds that the following fees, hours and expenses form a reasonable basis for an award of fees and costs for preparation and trial of this case . . . Trang Q. Tran . . . **Rate** . . . $450.00"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020 (a $6.91 difference).[36] So, adjusted *only* for such inflation from the year of this ruling (2020) to the end of 2021, that $450.00 hourly rate for Mr. Tran is $456.91.

---

[34] https://www.officialdata.org/Legal-services/price-inflation/2017-to-2021?amount=450

[35] https://www.officialdata.org/Legal-services/price-inflation/2012-to-2021?amount=375

[36] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=450

# *Classes of the 2000s*



# 30 lawyers listed

# $584.89

## average rate

# $514.18

## median rate



# Classes of the 2000s: The Rates


**$1,182.88***
Peter J. Mee
(JD 2009)


$634.76*
J. Marshall Horton
(JD 2003)


$491.76*
Fran Shuman
(JD 2005)


$411.42*
Lakshmi Ramakrishnan
(JD 2002)


$1,097.02*
Edward Holzwanger
(JD 2001)


$615.84*
Zenobia Harris Bivens
(JD 2008)


$480.96*
Allan H. Neighbors, IV (JD 2001)


$406.14*
Richard Schreiber
(JD 2006)


$1,050.89*
Brian Glenn Patterson
(JD 2006)


$600.32*
Katharine D. David
(JD 2004)


$472.02*
Eric J. Cassidy
(JD 2001)


$400.29*
Christopher Willett
(JD 2009)


$805.20*
Martina E. Vandenberg
(JD 2000)


$564.52*
Michael A. Correll
(JD 2009)


$466.36*
Daryl Sinkule
(JD 2002)


$365.03*
Sara C. Longtain
(JD 2007)


$791.97*
Jamila Mensah
(JD 2006)


$558.35*
Alfonso Kennard, Jr.
(JD 2002)


$456.91*
Clif Alexander
(JD 2008)


$363.77*
Scot Clinton
(JD 2004)


$740.55*
Matthew G. Nielsen
(JD 2001)


$546.60*
Lauren C. Fabela
(JD 2008)


$456.24*
Mike Seely
(JD 2007)


**$330.18***
DeAndrea C. Washington
(JD 2009)


$702.52*
William J. Moore
(JD 2005)


$520.68*
Nickolas G. Spiliotis
(JD 2001)


$446.75*
Nehal S. Anand
(JD 2009)


$663.27*
Fazila Issa
(JD 2004)

$507.67*
Austin Anderson
(JD 2003)

$415.69*
Aaron Johnson
(JD 2008)

# *Classes of the 2000s: The Work*



\* Peter J. Mee (class of '09): Mr. Mee works in Boston. His online biography states that he "practices transactional labor and employment law by assisting clients on national and international corporate transactions, negotiating and drafting complex employment agreements, onboarding executives, conducting reductions-in-force, and managing executive separations." In 2020, his firm billed his time at a rate of \$1,165.00 per hour in a Houston bankruptcy case—for work such as "Review backstop services agreement." *See In re: Hornbeck Offshore Servs., Inc.*, No. 20-32679 (Doc. 269) at pp. 54, 85, 99 (Bankr. S.D. Tex. Houston) (Summary Cover Sheet to the First and Final Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the Period from May 19, 2020 through and including June 19, 2020). On August 11, 2020, Judge David R. Jones approved the request for fees. *See id.* (Doc. 282). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020 (a \$17.88 difference).[1] So, adjusted *only* for such inflation from the year of this billing and ruling (2020) to the end of 2021, that \$1,165.00 hourly rate for Mr. Mee is \$1,182.88.

\* Edward Holzwanger (class of '01): Mr. Holzwanger works in Washington D.C. His online biography states that he "concentrates on labor and employment counseling, with an emphasis on labor and employment matters arising in all types of corporate transactions." In 2017, his firm billed his time at a rate of \$1,015.00 per hour in a Houston bankruptcy case—for work such as "Correspond with B. Winger re collective bargaining agreements," "Review and analyze collective bargaining agreements," "correspond with K&E team re benefit issues," "Telephone conference with client and union re information request," and "Correspond with K&E team re pension plan replacement (multiple)." *See In re: Genon Energy, Inc.*, No. 17-33695 (Doc. 1273) at pp. 2, 176, 179, 180, 421, 423, 431, 520, 544, 546, 753, 792 (Bankr. S.D. Tex. Houston) (First Interim Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the Period from June 14, 2017 through and including September 30, 2017). On January 12, 2018, Judge David

---

[1] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=1165

R. Jones approved the request for fees. *See id.* (Doc. 1317). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 8.08% higher in 2021 versus 2017 (an $82.02 difference).[2] So, adjusted *only* for such inflation from the year of this billing (2017) to the end of 2021, that $1,015.00 hourly rate for Mr. Holzwanger is $1,097.02.

\* Brian Glenn Patterson (class of '06): Mr. Patterson works in Houston. His online biography states that he "[r]epresents employers in all types of employment-related matters, including litigation." His firm billed his time in a Houston bankruptcy case—for work in 2019 such as "Review FLSA suit docket," "Review of pleadings in pending labor suit," "Attend to issues re: pending FLSA matters," "Analyze disclosure issues in connection with FLSA matters," "Revise discovery responses," "Review status of pending FLSA matter," "Review and revise draft workforce HSE manual," "Revise master services agreement provisions re EPLI coverage," and "Draft correspondence to Debtors re HSE manual, contractor training, and employment policy issues." *See In re: Sanchez Energy Corp.*, No. 19-34508 (Doc. 1426) at Exhibit B, pp. 83, 200, 289 and Exhibit B-2, p. 62 (Bankr. S.D. Tex. Houston) (Second Interim and Final Fee Application of Akin Gump Strauss Hauer & Feld LLP for Allowance and Payment of Fees and Expenses as Counsel to the Debtors for the Period from December 1, 2019 through March 27, 2020). His hourly rate listed for 2020 is $1,035.00—and his hourly rate listed for 2019 is $945.00. *See id.* at Exhibit B-2, p. 62. On July 8, 2020, Judge Marvin Isgur approved the request for fees. *See id.* (Doc. 1521). On February 24, 2016, Mr. Patterson submitted his affidavit in a Houston employment discrimination case in which his client sought sanctions. *See Bautista-Avellaneda v. Madison Resource Funding Corp.*, No. 2014-64411 (151st Judicial District Court for Harris County, Texas) (Affidavit of Brian Patterson attached as Exhibit 12 to Defendants' Second Motion to Dismiss with Prejudice and for Monetary Sanctions). Attached to Mr. Patterson's affidavit is his law firm invoice dated April 15, 2015, which states that his hourly rate at that time for work actually billed in that case was $675.00 per hour. *See id.* at p. 5 (for "review of docket control order"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020 (a $15.89 difference).[3] So, adjusted *only* for such inflation from the year of this most-recently stated rate—the one for 2020—to the end of 2021, that $1,035.00 hourly rate for Mr. Patterson is $1,050.89.

---

[2] https://www.officialdata.org/Legal-services/price-inflation/2017-to-2021?amount=1015

[3] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=1035

\* Martina E. Vandenberg (class of '00): Ms. Vandenberg woks in Washington D.C. Her online biography notes that she works with the Human Trafficking Legal Center. Though Ms. Vandenberg is based in Washington, D.C., On November 30, 2017, Judge Keith P. Ellison determined Ms. Vandenberg's requested rate of $745.00 per hour was "fair and reasonable" for work she did in a Houston human trafficking [i.e., forced labor] case. *Adhikari v. Daoud & Partners*, No. 4:09-CV-1237 (Doc. 764) at pp. 28–29 (S.D. Tex. Houston) ("The requested rates, in descending order, are as follows: . . . $745 for Fryszman and Vandenberg; . . . The requested rates are fair and reasonable here too."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 8.08% higher in 2021 versus 2017 (a $60.20 difference).[4] So, adjusted *only* for such inflation from the year of Judge Ellison's determination to the end of 2021, that $745.00 hourly rate for Ms. Vandenberg is $805.20.

\* Jamila Mensah (class of '06): Ms. Mensah works in Houston. Her online biography states that "[h]er practice covers all areas of employment law, including extensive experience in discrimination, retaliation and wage and hour issues." In 2020, Ms. Mensah's law firm billed her time for work at the rate of $780.00 per hour in a Houston defamation/tortious interference case by a former employee against a former employer. *See Nath v. Baylor College of Medicine*, No. 2019-85080 (269th Judicial District Court for Harris County, Texas) (Declaration of Shauna J. Clark attached as Exhibit A to Defendant Baylor College of Medicine's Application for Attorneys' Fees, filed on June 30, 2020 at Tab 2, p. 4) ("Mensah, J . . . Rate . . . 780.00). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020 (an $11.97 difference).[5] So, adjusted *only* for such inflation from the year of this billing to the end of 2021, that $780.00 hourly rate for Ms. Mensah is $791.97.

\* Matthew G. Nielsen (class of '01): Mr. Nielsen works in Dallas. His online biography states that he "represents companies, boards, executives, and securities firms and professionals in internal and government investigations and litigation involving civil and criminal misconduct." On October 24, 2016, Judge Lynn Hughes awarded Mr. Nielsen's firm for work Mr. Nielsen did in a Houston ERISA severance benefits case. *See Langley v. Howard Hughes Mgmt. Co., Inc.*, Civil Action No. H-13-3595 (Docs. 27 & 28) (S.D. Tex. Houston) (granting fees requested in motion (Doc. 22)). Mr. John McDowell's affidavit in that matter, with bills attached, show Mr. Nielsen was billing his client at the rate of $630.00

---

[4]  https://www.officialdata.org/Legal-services/price-inflation/2017-to-2021?amount=745

[5]  https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=780

per hour in the year 2014 for work in that case. *See id.* (Doc. 22-1) at p. 33 (bill showing time billed on February 28, 2014, invoice was $14,679.00 for 23.30 hours which equals a per-hour rate of $630.00, for work such as "Attention to finalizing answer and filing same" and "Attention to scheduling initial conference with court"). *See id.* at pp. 30–31. The award of fees itself was reversed on other grounds in *Langley v. Howard Hughes Mgmt. Co., L.L.C.*, No. 16-20724 (5th Cir. June 1, 2017). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 17.55% higher in 2021 versus 2014 (a $110.55 difference).[6] So, adjusted *only* for such inflation from the year of this billing (2014) to the end of 2021, that $630.00 hourly rate for Mr. Nielsen is $740.55.

\* William J. Moore (class of '05): Mr. Moore works in Dallas and his online biography states that he is a trial lawyer. On February 2, 2017, Judge Elaine Palmer awarded fees for work Mr. Moore did in a Houston employment discrimination case—traveling to Houston over a discovery dispute. *See Hunter v. TPC Group, LLC*, 2016-16617 (215th Judicial District Court for Harris County, Texas) (Order signed February 2, 2017: "ORDERED AND ADJUDGED that Plaintiff pay the attorneys' fees and expenses incurred in connection with responding to this Motion to Compel in the amount of $5,356.88"). In its January 31, 2017, request for fees, Mr. Moore's firm noted that his billing rate is $650.00 per hour. *See id.* (Defendants' Supplement to their Response to Plaintiff's Motion to Compel and for In Camera Inspection at p. 4, n. 4: "Defendants' counsel, William Moore's (partner) billing rate is $650 per hour."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 8.08% higher in 2021 versus 2017 (a $52.52 difference).[7] So, adjusted *only* for such inflation from the year of this billing (2017) to the end of 2021, that $650.00 hourly rate for Mr. Moore is $702.52.

\* Fazila Issa (class of '04): Ms. Issa works in Houston. Her online biography states that she "represents and counsels corporate management in a variety of industry sectors in all aspects of labor and employment law, including representation before administrative agencies and litigation in state and federal courts." On June 26, 2019, in a Houston employment discrimination case and ERISA benefits case, Judge Kenneth M. Hoyt determined the fees Ms. Issa's firm sought for her work on the ERISA claims were reasonable. *See Gonzales v. ConocoPhillips Co.*, No. 4:17-cv-2374 (Doc. 108) (S.D. Tex. Houston) (ruling fee requested in Doc. 94 reasonable: "The Court is of the opinion that the fees and costs sought are reasonable."). Those fees actually billed to a client included Ms. Issa's

---

[6] https://www.officialdata.org/Legal-services/price-inflation/2014-to-2021?amount=630

[7] https://www.officialdata.org/Legal-services/price-inflation/2017-to-2021?amount=650

rate of $640.00 per hour on an invoice dated September 27, 2018, for work such as "Review and finalize defendant's expert designation," "Review and finalize defendant's supplemental document production," and "Review and analyze plaintiff's second request for production and email communications with K. Jones and L. Knox." *See id.* (Doc. 94-3) at pp. 27–29. According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 3.64% higher in 2021 versus 2018 (a $23.27 difference).[8] So, adjusted *only* for such inflation from the year of this billing (2018) to the end of 2021, that $640.00 hourly rate for Ms. Issa is $663.27.

\* J. Marshall Horton (class of '03): Mr. Horton works in Houston. His online biography states that he "focuses his practice on representing employers . . . ." On October 24, 2016, Judge Lynn Hughes awarded Mr. Horton's firm for work Mr. Horton did in a Houston ERISA severance benefits case. *See Langley v. Howard Hughes Mgmt. Co.*, Civil Action No. H-13-3595 (Docs. 27 & 28) (S.D. Tex. Houston) (granting fees requested in motion (Doc. 22)). Mr. John McDowell's affidavit in that matter, with bills attached, show Mr. Horton was billing his client at the rate of $540.00 per hour in the year 2014 for work in that case. *See id.* (Doc. 22-1) at p. 33 (bill showing time billed on February 28, 2014, invoice was $40,176.00 for 74.40 hours which equals a per-hour rate of $540.00, for work such as conducting research and drafting documents). *See id.* at pp. 29–33. The award of fees itself was reversed on other grounds in *Langley v. Howard Hughes Mgmt. Co.*, Civil Action No. 16-20724 (5th Cir. June 1, 2017). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 17.55% higher in 2021 versus 2014—a $94.76 difference from the year of that billing.[9] So, adjusted *only* for such inflation from the year of that billing (2014) to the end of 2021, that $540.00 hourly rate for Mr. Horton is $634.76.

\* Zenobia Harris Bivens (class of '08): Ms. Bivens worked in Houston. Her online biography noted that she focused her practice on business litigation. On September 13, 2019, Judge Nancy F. Atlas awarded Ms. Bivens a requested rate of $600.00 per hour for Ms. Bivens's work in a Houston False Claims Act employment retaliation case. *See Miniex v. Houston Housing Auth.*, No. 4:17-cv-00624 (Doc. 277) at p. 8 (S.D. Tex. Houston) ("The Court concludes Bivens's ($600), Mery's ($450), Hurta's ($325), and Thornton's ($375) requested rates are reasonable for this case."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for

---

[8] https://www.officialdata.org/Legal-services/price-inflation/2018-to-2021?amount=640

[9] https://www.officialdata.org/Legal-services/price-inflation/2014-to-2021?amount=540

legal services are 2.64% higher in 2021 versus 2019 (a $15.84 difference).[10] So, adjusted *only* for such inflation from the year of this court ruling (2019) to the end of 2021, that $600.00 hourly rate for Ms. Bivens's work in 2019 would be $615.84.

\* Katharine D. David (class of '04): Ms. David works in Houston as a public law attorney. On November 20, 2013, Judge Lynn N. Hughes awarded fees for time Ms. David worked on a First Amendment/constitutional free speech firing and employment retaliation case. *See Culbertson v. Lykos*, No. 4:12-cv-03644 (Doc. 69) (S.D. Tex. Houston) (granting fees requested in Doc. 45: "Rachel Palmer takes, jointly and severally, $82,101.00 in reasonable attorney's fees from Amanda Culbertson and Jorge Wong"), *reversed on other grounds* 790 F.3d 608 (5th Cir. 2015). The fee request included Ms. David's September 12, 2013, affidavit, which noted the fees actually incurred by her client in the lawsuit included her work at her hourly rate of $500.00. *See id.* (Doc. 45-1) at p. 2–3, ¶¶ 5 & 8 (Declaration of Katherine D. David attached as Exhibit A to Rachel Palmer's Motion for an Award of Court Costs, Reasonable Attorney's Fees and Other Expenses: "Based on the hourly rates and total number of hours billed, Gardere has charges of $82,101.00 for the legal services and expenses it has rendered to defend Rachel Palmer since May 1, 2013. . . . The current hourly rates of the aforementioned attorneys are as follows: . . . Kate David - $500."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 20.06% higher in 2021 versus 2013 (a $100.32 difference).[11] So, adjusted *only* for such inflation from the year of Judge Hughes's ruling to the end of 2021, that $500.00 hourly rate for Ms. David is $600.32.

\* Michael A. Correll (class of '09): Mr. Correll works in Dallas. His online biography states that he "represents employers involved in a variety of employment litigation matters, including defending employers against claims of discrimination, harassment, retaliation, and wrongful discharge." His law firm billed $550.00 per hour for his work in 2019 on a Houston employment commissions case. *See Trippie v. Workplace Solutions Inc.*, No. 201984986 (281st Judicial District Court for Harris County, Texas) (Defendant's Trial Exhibit 17, Bates Stamp No. WPS000948, for trial held April 1, 2021, Invoice 1/23/20 for work in 2019: "Michael A. Correll . . . Rate . . . 550.00 / hr"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019 (a $14.52

---

[10] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=600

[11] https://www.officialdata.org/Legal-services/price-inflation/2013-to-2021?amount=500

difference).[12] So, adjusted *only* for such inflation from the year of this billing to the end of 2021, that $550.00 hourly rate for Mr. Correll is $564.52.

\* **Alfonso Kennard, Jr. (class of '02):** Mr. Kennard works in Houston. His online biography states that his area of practice is "100% Labor and Employment." On August 1, 2014, Magistrate Judge Nancy K. Johnson awarded Mr. Kennard discovery sanctions for his work in a Houston FLSA case and, in doing so, approved of his requested hourly rate of $475.00. *See Magdaleno v. PCM Constr. Servs., LLC*, No. 4:12-cv-02862 (Doc. 109) at pp. 9–10 (S.D. Tex. Houston) ("Kennard stated that his billing rate is $475 per hour, . . . In the absence of evidence challenging these hourly rates, the court assumes that the requested rates are reasonable."). On September 12, 2014, Judge Sim Lake ordered defendants pay these sanctions. *See id.* (Doc. 116). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 17.44% higher in 2021 versus 2014 (an $83.35 difference).[13] So, adjusted *only* for such inflation from the year of these court rulings to the end of 2021, that $475.00 hourly rate for Mr. Kennard is $558.35.

\* **Lauren Chapman Fabela (class of '08):** Ms. Chapman works in Houston. Her online biography notes that she "practices primarily in the area of business litigation." On October 24, 2016, Judge Lynn Hughes awarded Ms. Chapman's firm for work Ms. Chapman did in a Houston ERISA severance benefits case. *See Langley v. Howard Hughes Mgmt. Co., Inc.*, Civil Action No. H-13-3595 (Docs. 27 & 28) (S.D. Tex. Houston) (granting fees requested in motion (Doc. 22)). Mr. John McDowell's affidavit in that matter, with bills attached, show Ms. Chapman's firm was billing its client at the rate of $465.00 per hour in the year 2014 for work in that case. *See id.* (Doc. 22-1) at pp. 26–27 (time billed on January 31, 2014, invoice was $1,069.50 for 2.30 hours which equals a per-hour rate of $465.00, for work such as "Analyze . . . organize and review proposed administrative record"). *See id.* at p. 26. The award of fees itself was reversed on other grounds in *Langley v. Howard Hughes Mgmt. Co., L.L.C.*, No. 16-20724 (5th Cir. June 1, 2017). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 17.55% higher in 2021 versus 2014 (an $81.60 difference).[14] So, adjusted *only* for such inflation from the year of this billing (2014) to the end of 2021, that $465.00 hourly rate for Ms. Fabela is $546.60.

---

[12] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=550

[13] https://www.officialdata.org/Legal-services/price-inflation/2014-to-2021?amount=475

[14] https://www.officialdata.org/Legal-services/price-inflation/2014-to-2021?amount=465

\* Nickolas G. Spiliotis (class of '01): Mr. Spiliotis works in Houston. His online biography states he is a partner in his law firm's "labor, employment and workplace safety practice group." On August 5, 2015, in a Corpus Christi employment discrimination and retaliation case, his law firm noted that his standard rate per hour was $450.00—though there was a lower negotiated effective rate per hour in that case. *See Arredondo v. Weatherford Int'l, LLC*, No. 2:14-cv-00170 (Doc. 89) at p. 1 (S.D. Tex. Corpus Christi) (Summary of Attorney Fees and Expenses: "Nickolas Spiliotis . . . STANDARD RATE PER HOUR . . . 450"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus 2015 (a $70.68 difference).[15] So, adjusted *only* for such inflation from the year of this stated rate (2015) to the end of 2021, that $450.00 hourly rate for Mr. Spiliotis is $520.68.

\* Austin Anderson (class of '03): Mr. Anderson works in Corpus Christi. His online biography states that he "focuses the majority of his time on large scale wage and hour litigation under the Fair Labor Standards Act." On January 27, 2020, Judge Nelva Gonzales Ramos found Mr. Anderson's hourly rate of $500.00 per hour was reasonable for his work in a Corpus Christi FLSA case. *See Vela v. M&G USA Corp.*, No. 2:17-cv-13 (Doc. 66) at p. 7–8 (S.D. Tex. Corpus Christi) ("Plaintiff's request for attorneys' fees is based on the work of . . . Clif Alexander (37 hours at $450 per hour); Austin Anderson (29 hours at $500 per hour); Lauren Braddy (18 hours at $400 per hour); . . . Plaintiff requests hourly rates ranging from $400 to $500 for the three attorneys working on this case. The Court finds these are reasonable rates."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020 (a $7.67 difference).[16] So, adjusted *only* for such inflation from the year of this ruling (2020) to the end of 2021, that $500.00 hourly rate for Mr. Anderson is $507.67.

\* Fran Shuman (class of '05): Ms. Shuman, formerly Fran Robin-Kantor Aden, works in Houston. Her online biography notes her practice areas included labor and employment law. On August 27, 2015, Ms. Shuman's client sought an award of attorneys' fees at the rate of $425.00 per hour for Ms. Shuman's time in a Houston employment non-compete and commissions declaratory judgment case—for work such "Review and analyze employment agreements and demand letters to prepare strategy for summary judgment motion" and "Review and analyze clients documents to obtain factual support for summary judgment motion that plaintiffs were fired for cause." *See Goddard v. Total Safety U.S., Inc.*,

---

[15] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=450

[16] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=500

No. 2015-04385 (11th Judicial District Court for Harris County, Texas) (Defendant Total Safety U.S. Inc.'s Motion for Determination Under *Epps v. Fowler* and Award of Attorney's Fees Under Declaratory Judgment Act at pp. 11-12 and Exhibit E: "Total Safety requests an award of reasonable and necessary attorney's fees in the amount of $21,817.50, which is a mere fraction of the total fees it incurred to defend Goddard's claims." . . . "[Ms. Shuman's law firm, Hick Thomas LLC] billed Ms. Aden's time at $425.00 per hour."). The Court denied the request for fees altogether. *See id.* (Order Denying Defendant's Motion for Fees Under the Declaratory Judgment Act dated September 22, 2015). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus 2015 (a $66.76 difference).[17] So, adjusted *only* for such inflation from the year of this billing rate (2015) to the end of 2021, that $425.00 hourly rate for Ms. Shuman is $491.76.

\* Allan H. Neighbors, IV (class of '01): Mr. Neighbors works in Houston. His online biography states that he "spends the majority of his time advising, counseling, and training employers on strategies and practices to protect confidential information and trade secrets, guard against unfair competition, and manage litigation risks." In 2017, he billed his time at the rate of $445.00 per hour for his work in a Houston misappropriation of trade secrets case against former employees of a company. *See Quantlab Technologies Ltd. v. Godlevsky*, No. 4:09-cv-04039 (Doc. 884) at pp. 6–7, ¶ 19 (S.D. Tex. Houston) (Affidavit of Tim McInturf: "In fact, SKV and Littler have charged less to handle this matter than they often charge clients for similar matters . . . Littler's rates for its principal timekeepers increased incrementally by year as follows . . . Allan Neighbors . . . 2017 . . . $445"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 8.08% higher in 2021 versus 2017—an $35.96 difference from the year of that billed $445.00 hourly rate.[18] So, adjusted *only* for such inflation from the year that rate was billed (2017) to the end of 2021, that $445.00 hourly rate for Mr. Neighbors is $480.96.

\* Eric J. Cassidy (class of '01): Mr. Cassidy works in Houston as a litigator. During 2011, he billed at a rate of $375.00 per hour in a Houston employment agreement case. *See Renewable Energy Group, Inc. v. Dascal*, No. 2011-51111 (190th Judicial District Court for Harris County, Texas) (Affidavit of Eric J. Cassidy at ¶ 8 and attached bills marked Defendant's Trial Exhibit 83 filed on December 23, 2011: "Sabine and Endicott agreed to compensate this firm based on an hourly fee rate. My hourly rate is $375.00 per hour."). According to the

---

[17] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=425

[18] https://www.officialdata.org/Legal-services/price-inflation/2017-to-2021?amount=445

Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 25.87% higher in 2021 versus 2011 (a $97.02 difference).[19] So, adjusted *only* for such inflation from the year of this billing (2011) to the end of 2021, that $375.00 hourly rate for Mr. Cassidy is $472.02.

\* **Daryl J. Sinkule (class of '02):** Mr. Sinkule currently works in Dallas but previously worked in Houston. His online biography states: "I focus my law practice on employment law civil litigation in state and federal courts and in administrative proceedings." On November 21, 2018, Magistrate Judge Christina A. Bryan determined $450.00 was a reasonable hourly rate for Mr. Sinkule's work in a Houston FLSA case. *See Novick v. Shipcom Wireless, Inc.*, No. 4:16-cv-00730 (Doc. 100) at p. 6 (S.D. Tex. Houston) ("Based on the above, the court concludes that $450 is a reasonable hourly rate for the serviced provided by Daryl Sinkule[.] . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 3.64% higher in 2021 versus 2018 (a $16.36 difference).[20] So, adjusted *only* for such inflation from the year of this ruling (2018) to the end of 2021, that $450.00 hourly rate for Mr. Sinkule is $466.36.

\* **Clif Alexander (class of '08):** Mr. Alexander works in Corpus Christi. His online biography states that his "practice focuses on pursuing wage and hour violations on behalf of employees across the United States in individual and large scale collective/class actions under the Fair Labor Standards Act." On January 27, 2020, Judge Nelva Gonzales Ramos found Mr. Alexander's hourly rate of $450.00 per hour was reasonable for his work in a Corpus Christi FLSA case. *See Vela v. M&G USA Corp.*, No. 2:17-cv-13 (Doc. 66) at p. 7–8 (S.D. Tex. Corpus Christi) ("Plaintiff's request for attorneys' fees is based on the work of . . . Clif Alexander (37 hours at $450 per hour); Austin Anderson (29 hours at $500 per hour); Lauren Braddy (18 hours at $400 per hour); . . . Plaintiff requests hourly rates ranging from $400 to $500 for the three attorneys working on this case. The Court finds these are reasonable rates."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020 (a $6.91 difference).[21] So, adjusted *only* for such inflation from the year of this ruling (2020) to the end of 2021, that $450.00 hourly rate for Mr. Alexander is $456.91.

---

[19] https://www.officialdata.org/Legal-services/price-inflation/2011-to-2021?amount=375

[20] https://www.officialdata.org/Legal-services/price-inflation/2018-to-2021?amount=450

[21] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=450

\* Mike Seely (class of '07): Mr. Seely works in Houston. His online biography states that he is a trial lawyer. On November 20, 2013, Judge Lynn N. Hughes awarded fees for time Mr. Seely worked on a First Amendment/constitutional free speech firing and employment retaliation case. *See Culbertson v. Lykos*, No. 4:12-cv-03644 (Doc. 69) (S.D. Tex. Houston) (granting fees requested in Doc. 45: "Rachel Palmer takes, jointly and severally, $82,101.00 in reasonable attorney's fees from Amanda Culbertson and Jorge Wong"), *reversed on other grounds* 790 F.3d 608 (5th Cir. 2015). The fees requested were based, in part, on September 12, 2013, testimony about Mr. Seely's rate of $380.00 per hour for his work on the case. *See id.* (Doc. 45-1) at p. 2–3, ¶¶ 5 & 8 (Declaration of Katherine D. David attached as Exhibit A to Rachel Palmer's Motion for an Award of Court Costs, Reasonable Attorney's Fees and Other Expenses: "Based on the hourly rates and total number of hours billed, Gardere has charges of $82,101.00 for the legal services and expenses it has rendered to defend Rachel Palmer since May 1, 2013. . . . The current hourly rates of the aforementioned attorneys are as follows: . . . Mike Seely - $380 . . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 20.06% higher in 2021 versus 2013 (a $76.24 difference).[22] So, adjusted *only* for such inflation from the year of Judge Hughes's ruling to the end of 2021, that $380.00 hourly rate for Mr. Seely is $456.24.

\* Nehal S. Anand (class of '09): Ms. Anand works in Houston. Her online biography states that she "advises and represents employers in a broad range of employment law matters arising under federal and state laws, . . . ." On July 20, 2020, in response to an offer to reimburse for an hour of time in a Houston employment discrimination case, *Singhal v. Baylor College of Medicine*, No. 4:19-cv-01362 (S.D. Tex. Houston), Ms. Anand noted in an email that her hourly rate for work in that case is $440.00 per hour: "Nitin, my hourly rate for this case is $440." According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020 (a $6.75 difference).[23] So, adjusted *only* for such inflation from the year of this representation to the end of 2021, that $440.00 hourly rate for Ms. Anand is $446.75.

\* Aaron Johnson (class of '08): Mr. Johnson works in Austin where he represents low-income workers. On September 24, 2019, Judge Nancy F. Atlas found that $405.00 per hour was a reasonable hourly rate for Mr. Johnson's work in a Houston FLSA case. *See Chavez v. Shahini Corp.*, No. 4:19-cv-02324 (Doc. 9) at pp. 1–2, ¶ 5 (S.D. Tex. Houston) ("The court finds that the following hourly

---

[22] https://www.officialdata.org/Legal-services/price-inflation/2013-to-2021?amount=380

[23] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=440

rates requested by Plaintiff are reasonable based on the market rates in the community for legal services on employment cases such as this . . . Aaron Johnson, Attorney licensed 2008: $405/hour"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019 (a $10.69 difference).[24] So, adjusted *only* for such inflation from the year of this judicial finding to the end of 2021, that $405.00 hourly rate for Mr. Johnson is $415.69.

\* Lakshmi Ramakrishnan (class of '02): Ms. Ramakrishnan works in Houston. Her online biography states that she "represent[s] employees—low-income agricultural workers and other employees involved in workplace disputes." On August 1, 2014, Magistrate Judge Nancy K. Johnson awarded Ms. Ramakrishnan's prior law firm discovery sanctions in a Houston FLSA case and, in doing so, approved of the requested hourly rate of $350.00 for her work. *See Magdaleno v. PCM Constr. Servs., LLC*, No. 4:12-cv-02862 (Doc. 109) at pp. 9–10 (S.D. Tex. Houston) ("Kennard stated that his billing rate is $475 per hour, the billing rate for his senior associate Lakshmi Ramakrishnan ('Ramakrishnan') is $350 per hour . . . In the absence of evidence challenging these hourly rates, the court assumes that the requested rates are reasonable."). On September 12, 2014, Judge Sim Lake then ordered defendants to pay these sanctions. *See id.* (Doc. 116) (Order Granting Plaintiff's Unopposed Motion to Enforce). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 17.55% higher in 2021 versus 2014 (a $61.42 difference).[25] So, adjusted *only* for such inflation from the year of these court rulings to the end of 2021, that $350.00 hourly rate for Ms. Ramakrishnan is $411.42.

\* Richard Schreiber (class of '06): Mr. Schreiber works in Houston. On March 18, 2020, Judge Hilda Tagle determined that $400.00 per hour was reasonable for his work in a Corpus Christi FLSA case. *See Herrera v. Brigham Resources, Inc.*, No. 2:17-CV-309 (Doc. 33) at pp. 10–11 (S.D. Tex. Corpus Christi) ("Given each attorney's experience and the cited caselaw, the Court determines that the following hourly rates are reasonable for each attorney: . . . $400 for Schreiber . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020 (a $6.14 difference).[26] So, adjusted *only* for such inflation from the year of this court ruling (2020) to the end of 2021, that $400.00 hourly rate for Ms. Schreiber is $406.14.

---

[24] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=405

[25] https://www.officialdata.org/Legal-services/price-inflation/2014-to-2021?amount=350

[26] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=400

\* Christopher Willett (class of '09): Mr. Willett works in Austin. His State Bar of Texas profile lists only "Labor-Employment" as his practice area. On September 24, 2019, Judge Nancy F. Atlas found that $390.00 per hour was a reasonable hourly rate for Mr. Willett's work in a Houston FLSA case. *See Chavez v. Shahini Corp.*, No. 4:19-cv-02324 (Doc. 9) at pp. 1–2, ¶ 5 (S.D. Tex. Houston) ("The court finds that the following hourly rates requested by Plaintiff are reasonable based on the market rates in the community for legal services on employment cases such as this . . . Christopher Willett, Attorney licensed 2009: $390/hour"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019 (a $10.29 difference).[27] So, adjusted *only* for such inflation from the year of this judicial finding to the end of 2021, that $390.00 hourly rate for Mr. Willett is $400.29.

\* Sara C. Longtain (class of '07): Ms. Longtain works in Houston. Her online biography states that she "is an advocate for employers providing strategic, business-focused advice and legal representation in a full spectrum of employee-related matters, . . . ." On December 22, 2011, her law firm charged $290.00 per hour for her work in a Houston employment agreement/non-compete case. *See Renewable Energy Group, Inc. v. Dascal*, No. 2011-51111 (190th Judicial District Court for Harris County, Texas) (Affidavit of Scott K. Davidson in Support of Attorney's Fees at p. 1, ¶ 3: "I prosecuted this case in accordance with an hourly fee agreement entered into between Renewable Energy Group, Inc. and Locke Lord LLP. My firm charged Renewable Energy Group, Inc. . . . $290.00 per hour for the work of Sara Longtain, an associate with my firm."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 25.87% higher in 2021 versus 2011 (a $75.03 difference).[28] So, adjusted *only* for such inflation from the year of this billing (2011) to the end of 2021, that $290.00 hourly rate for Ms. Longtain is $365.03.

\* Scot Clinton (class of '04): Mr. Clinton works in Houston. His online biography states that he "represents clients in a variety of real estate, construction, business and commercial litigation matters." On October 6, 2016, Judge Gray H. Miller ruled that $325.00 per hour was a reasonable rate for his work in an employment retaliation case. *See Thatcher v. Oakbend Med. Ctr.*, Civil Action No. H-14-3551 (Doc. 71) at p. 14 (S.D. Tex. Houston) ("The invoiced $325 per hour for Clinton's legal work is a reasonable rate."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the

---

[27] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=390

[28] https://www.officialdata.org/Legal-services/price-inflation/2011-to-2021?amount=290

prices for legal services are 11.93% higher in 2021 versus 2016 (a $38.77 difference).[29] So, adjusted *only* for such inflation from the year of this ruling (2016) to the end of 2021, that $325.00 hourly rate for Mr. Clinton is $363.77.

\* DeAndrea C. Washington (class of '09): Ms. Washington works in Houston. Her online biography states that she "focuses her practice on a variety of labor employment litigation matters." On October 29, 2013, in a Houston employment discrimination case, Teresa Valderrama testified that Ms. Washington's hourly rate was $275.00. *See Anderson v. Houston Community College*, No. 2012-40596 (334th Judicial District Court for Harris County, Texas) (Affidavit of Teresa S. Valderrama at p. 2, ¶5: "Her hourly rate is $275" though in that matter there was a lower specially negotiated rate). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 20.06% higher in 2021 versus 2013 (a $55.18 difference).[30] So, adjusted *only* for such inflation from the year of this testimony to the end of 2021, that $275.00 hourly rate for Ms. Washington is $330.18.

---

[29] https://www.officialdata.org/Legal-services/price-inflation/2016-to-2021?amount=325

[30] https://www.officialdata.org/Legal-services/price-inflation/2013-to-2021?amount=275

# *Classes of the 2010s*



# 36
### lawyers listed

# $505.47
### average rate

# $412.89
### median rate



# *Classes of the 2010s: The Rates*


**$1,082.85***
Bryan M. O'Keefe (JD 2011)


$1,082.85*
Michael A. Schulman (JD 2011)

$923.97*
Joshua K. Sekoski (JD 2012)


$898.58*
Courtney L. Stahl (JD 2013)


$863.05*
Scott L. Friedman (JD 2013)


$843.70*
Katherine A. Brooker (JD 2012)


$835.00*
Wes Benter (JD 2018)


$538.86*
Emery Gullickson Richards (JD 2014)


$530.00*
Caitlin E. Gernert (JD 2014)



$511.33*
Charles M. Rosson (JD 2010)


$461.88*
Christopher R. Williams (JD 2016)


$461.88*
Vickie Mery (JD 2012)


$458.44*
Liane Noble (JD 2011)


$448.53*
Michael Reed (JD 2012)

$445.00*
Benjamin D. Williams (JD 2010)


$440.80*
Curtis Waldo (JD 2010)

$431.52*
Andrew Dunlap (JD 2011)


$414.55*
Matt Heller (JD 2016)



$411.22*
Evan D. Lewis (JD 2019)


$406.14*
Lindsay Itkin (JD 2010)

$406.14*
Lauren Braddy (JD 2010)


$405.30*
Alysson Ford Ouoba (JD 2011)


$399.90*
Britney J. P. Prince (JD 2015)

$399.19*
Michael J. Woodson (JD 2012)


$390.03*
E. Steve Smith (JD 2015)


$376.05*
Angeles Garcia Cassin (JD 2013)


$372.88*
Amanda E. Brown (JD 2013)

$358.18*
Samantha D. Seaton (JD 2013)


$354.11*
Caitlin Boehne (JD 2012)


$341.34*
Jay Forester (JD 2013)


$335.79*
Brenna R. Lermon (JD 2014)


$335.79*
Genevieve Estrada (JD 2013)


$333.58*
Michael Adams-Hurta (JD 2015)


$310.91*
Vijay Pattisapu (JD 2011)


$307.92*
Dorian Vandenberg-Rodes (JD 2013)


$279.82*
Ben Michael (JD 2013)



# *Classes of the 2010s: The Work*



**\* Bryan M. O'Keefe (class of '11):** Mr. O'Keefe works in Washington D.C. His online biography states that he is a member of his law firm's "Labor & Employment Department." In 2019, his prior law firm billed his time at the rate of $1,055.00 per hour in a Houston bankruptcy case—for work such as: "Correspond with K&E Corporate team re potential WARN Act implications" and "review and analyze case law research on constructive discharge triggering WARN Act." *See In re: Westmoreland Coal Co.*, No. 18-35672 (Doc. 2165) at pp. 82, 693 (Bankr. S.D. Tex. Houston) (Third Interim and Final Fee Application for the WMLP Debtors and the Supplement to the Final Fee Application of the WLB Debtors of Kirkland & Ellis LLP and Kirkland & Ellis International LLP Counsel to the Debtors: "Bryan M. O'Keefe . . . Department . . . Labor & Employment . . . Hourly Rate Billed . . . $1,055.00"). On August 20, 2019, Judge David R. Jones approved the request for fees. *See id.* (Doc. 2278). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019 (a $27.85 difference).[1] So, adjusted *only* for such inflation from the year of this billing and court ruling (2019) to the end of 2021, that $1,055.00 hourly rate for Mr. O'Keefe is $1,082.85.

**\* Michael A. Schulman (class of '11):** Mr. Schulman works in Washington, D.C. His online biography states that he is a member of his firm's "labor and employment practice group." In 2019, his law firm billed his time at the rate of $1,055.00 per hour in a Houston bankruptcy case. *See In re: Parker Drilling Co.*, No. 18-36958 (Doc. 528) at pp. 5, 83 (Bankr. S.D. Tex. Houston) (First Interim and Final Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the Period from December 12, 2018 through and including March 7, 2019: "Michael A. Schulman . . . Department . . . Labor & Employment . . . Hourly Rate Billed . . . $1,055.00"). On May 29, 2019, Judge Marvin Isgur approved the request for fees. *See id.* (Doc. 537). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are

---

[1] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=1055

2.64% higher in 2021 versus 2019 (a $27.85 difference).[2] So, adjusted *only* for such inflation from the year of this billing and court ruling (2019) to the end of 2021, that $1,055.00 hourly rate for Mr. Schulman is $1,082.85.

\* **Joshua K. Sekoski (class of '12):** Mr. Sekoski works in Washington, D.C. His online biography states that he "[f]ocuses his practice on labor and employment law and strategic advice for public and private companies, trade associations and investment funds." In 2020, his law firm billed his time at the rate of $910.00 per hour in a Houston bankruptcy case—for work such as: "Prepare payment scenarios for safety data sheet to assess its compliance with the Fair Labor Standards Act," "Correspond with L. O'Donnell of Haynes Boone re pending FLSA matters," "Review and analyze workforce reduction issues," "Prepare workforce separation agreement template," "Correspond with A. Blakeway re employee severance issues," "Conduct research re potential labor issues," and "Conduct research re pending FLSA matters." *See In re: Sanchez Energy Corp.*, No. 19-34508 (Doc. 1426) at Exhibits B & B-2, pp. 60, 63, 487–89, 518, 562–63, 643 (Bankr. S.D. Tex. Houston) (Second Interim and Final Fee Application of Akin Gump Strauss Hauer & Feld LLP for Allowance and Payment of Fees and Expenses as Counsel to the Debtors for the Period from December 1, 2019 through March 27, 2020: "Joshua K. Sekowski . . . Rate . . . $910.00"). On July 28, 2020, Judge Marvin Isgur approved the request for fees. *See id.* (Doc. 1521). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020 (a $13.97 difference).[3] So, adjusted *only* for such inflation from the year of this billing and court ruling (2020) to the end of 2021, that $910.00 hourly rate for Mr. Sekoski is $923.97.

\* **Courtney L. Stahl (class of '13):** Ms. Stahl works in Houston. Her online biography states that her "practice covers a wide range of labor and employment matters, with a particular emphasis on noncompete, trade secret and other unfair competition disputes." In 2020, her law firm listed her rate for 2020 as $885.00 per hour in a Houston bankruptcy case. *See In re: Sanchez Energy Corp.*, No. 19-34508 (Doc. 1426) at Exhibits B & B-2, pp. 63 (Bankr. S.D. Tex. Houston) (Second Interim and Final Fee Application of Akin Gump Strauss Hauer & Feld LLP for Allowance and Payment of Fees and Expenses as Counsel to the Debtors for the Period from December 1, 2019 through March 27, 2020: "Stahl, Courtney L. . . . Rate . . . $885.00"—which was an $80 increase from her 2019 rate listed at "$805.00" per hour). On July 28, 2020, Judge Marvin Isgur approved the

---

[2] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=1055

[3] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=910

firm's request for fees. *See id.* (Doc. 1521). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020 (a $13.58 difference).[4] So, adjusted *only* for such inflation from the year of this stated rate (2020) to the end of 2021, that $885.00 hourly rate for Ms. Stahl is $898.58.

\* Scott L. Friedman (class of '13): Mr. Friedman works in Houston. His online biography states that he is currently "Employment & Litigation Counsel" in-house for an association—and previously worked for a law firm. In 2020, that previous law firm billed his time at the rate of $850.00 per hour in a Houston bankruptcy case—for work in 2020 such as: "Attend to open issues re workforce separation" and "Review analyses re labor issues." *See In re: Sanchez Energy Corp.*, No. 19-34508 (Doc. 1426) at Exhibits B & B-2, pp. 60, 64, 519, 563 (Bankr. S.D. Tex. Houston) (Second Interim and Final Fee Application of Akin Gump Strauss Hauer & Feld LLP for Allowance and Payment of Fees and Expenses as Counsel to the Debtors for the Period from December 1, 2019 through March 27, 2020: "Friedman, Scott . . . LAB . . . 2020 Rate . . . $850.00"—a $75.00 per hour increase from his listed "2019 Rate" of "$775.00" per hour). On July 28, 2020, Judge Marvin Isgur approved the request for fees. *See id.* (Doc. 1521). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020 (a $13.05 difference).[5] So, adjusted *only* for such inflation from the year of this billing and court ruling (2020) to the end of 2021, that $850.00 hourly rate for Mr. Friedman is $863.05.

\* Wes Benter (class of '18): Mr. Friedman works in New York. His online biography states that he "is an employment & labor associate" in his firm. In 2020, his firm billed his time at the rate of $835.00 per hour in a Houston bankruptcy case—for work such as: "Telephone conference with A. Ortiz-Leytte, J. Schruhl and R. Kidd re labor and employment considerations re WARN Act (.5); research and summarize applicable laws re same (.4)." *See In re: IQOR Holdings, Inc.*, No. 20-34500 (Doc. 239) at pp. 49, 109, 111 (Bankr. S.D. Tex. Houston) (Final Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the Period from September 10, 2020 through and including October 14, 2020: "We Benter . . . Department . . . Labor & Employment . . . Hourly Rate Billed . . . In this Application . . . $835.00"). On January 8, 2021, Judge David R. Jones approved the request for fees. *See id.* (Doc. 259).

---

[4] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=885

[5] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=850

\* **Katherine A. Brooker (class of '12):** Ms. Brooker works in Houston. Her online biography states that her practice includes several areas including labor and employment matters: "Ms. Brooker also counsels employers on a variety of issues, including terminations, reductions in force and reasonable accommodations." In 2019, her law firm billed her time at the rate of $822.00 per hour in a Houston bankruptcy case—for work on "Labor Issues" and "Review [] EEOC Charge." *See In re: Bristow Group Inc.*, No. 19-3271 (Doc. 878-5) at Exhibit 5-V "Labor Issues," pp. 452–53 (Bankr. S.D. Tex. Houston) (First Interim Fee Application of Baker Botts L.L.P., Co-Counsel to the Debtors, for Allowance and Payment of Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period May 11, 2019 through July 31, 2019: "Brooker, K A . . . Rate . . . 822.00"). On December 6, 2019, Judge David R. Jones approved the request for fees. *See id*. (Doc. 930). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019 (a $21.70 difference).[6] So, adjusted *only* for such inflation from the year of this billing and court ruling (2019) to the end of 2021, that $822.00 hourly rate for Ms. Brooker is $843.70.

\* **Emery Gullickson Richards (class of '14):** Ms. Richards works in Houston. Her online biography states that she "routinely counsels organizations on employment law compliance, provides guidance to entities evaluating labor and employment aspects of business transactions, and conducts internal investigations and training programs in the workplace." In 2019, her law firm billed her time at the rate of $525.00 per hour in a Houston bankruptcy case. *See In re: Grizzly Energy, LLC*, No. 19-31786 (Doc. 658) at p. 34 (Bankr. S.D. Tex. Houston) (First Interim and Final Application of Blank Rome LLP, Co-counsel to the Debtors, for Compensation for Services Rendered and Reimbursement of Expenses for the Period from March 31, 2019 through July 16, 2019: "Richards, Emery . . . Dept. . . . L&E . . . Labor & Employment . . . Hourly Rate . . . $525.00"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019 (a $13.86 difference).[7] So, adjusted *only* for such inflation from the year of this billing (2019) to the end of 2021, that $525.00 hourly rate for Ms. Richards is $538.86.

---

[6] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=822

[7] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=525

* **Caitlin E. Gernert (class of '14):** Ms. Gernert works in Houston. Her online biography states that she "focuses her practice on civil and complex commercial litigation matters in state and federal courts, with a particular emphasis on employment litigation, tort and product liability litigation, and fraud and fraudulent transfer litigation." In 2021, her firm billed her time at the "[d]iscounted rate" of $530.00 per hour in a Houston employment disability discrimination and retaliation case. *See Badaiki v. Cameron Int'l Corp.*, No. 4:19-cv-00371 (Doc. 119-1) at p. 4, ¶16 (S.D. Tex. Houston) (Declaration of James H. Nye: "Under its fee arrangement with Cameron, Winston & Strawn LLP charged significantly discounted rates for the Winston & Strawn LLP attorneys who worked on this matter as shown in Table 2 below. These discounted rates were negotiated with Cameron, representing rates that are typically materially less than those charged to and paid by the firm's civil litigation clients for similar matters. . . . Table 2 . . . Caitlin Gernert . . . Discounted rate 2021 . . . $530.00").

* **Charles M. Rosson (class of '10):** Mr. Rosson works in Houston. His online biography notes that the focus of his practice is complex commercial litigation. In 2014, his law firm at the time billed for his time at the rate of $435.00 per hour in a Houston breach of employment agreement case. *See Lotte Chem. Titan (M) Sendrian Berhad v. Wilder*, No. 4:14-cv-1116 (Doc. 16-6) at p. 10 (S.D. Tex. Houston) (an invoice dated May 27, 2014, attached to the affidavit of Phillip B. Dye, Jr. shows a charge of $6,198.75 for 14.25 hours of work Mr. Rosson did in that Houston employment case—which equates to $435.00 per hour (6,198.75 ÷ 14.25 = 435)). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 17.55% higher in 2021 versus 2014 (a $76.33 difference).[8] So, adjusted *only* for such inflation from the year of this billing (2014) to the end of 2021, that $435.00 hourly rate for Mr. Rosson is $511.33.

* **Christopher R. Williams (class of '16):** Mr. Williams works in Washington D.C. His online biography states that he "handles litigation and counseling matters on behalf of employers" and "represents employers in matters involving employee benefits issues that arise under ERISA and the Multiemployer Pension Plan Amendments Act." In 2019, his law firm billed his time at the rate of $450.00 per hour in a Houston bankruptcy case—for work such as: "Bargaining conference call with United Mine Workers regarding Beulah Mine Labor Agreement" and "Research regarding the ability of employer to refuse to pay vacation benefits during a strike." *See In re: Westmoreland Coal Co.*, No. 18-35672 (Doc. 2147-4) at pp. 10, 17 (Bankr. S.D. Tex. Houston) (Exhibit D Itemized Time

---

[8] https://www.officialdata.org/Legal-services/price-inflation/2014-to-2021?amount=435

Records of Professionals and Paraprofessionals January 7, 2019 – June 21, 2019 attached to First and Final Fee Application (WMLP Debtors) of Drinker Biddle & Reath LLP as Special Labor and Employment Benefits Counsel to the Debtors and Debtors in Possession for the Period of January 7, 2019 through June 21, 2019: "CR Williams . . . Rate . . . $450.00."). On August 14, 2019, Judge David R. Jones approved the request for fees. *See id.* (Doc. 2247). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019 (an $11.88 difference).[9] So, adjusted *only* for such inflation from the year of this billing and court ruling (2019) to the end of 2021, that $450.00 hourly rate for Mr. Williams is $461.88.

\* Vickie Mery (class of '12): Ms. Mery works in Houston. On September 13, 2019, Judge Nancy F. Atlas ruled that $450.00 per hour was a reasonable rate for Ms. Mery's work in a Houston False Claims Act employment retaliation case. *See Miniex v. Houston Housing Auth.*, No. 4:17-cv-00624 (Doc. 277) at p. 8 (S.D. Tex. Houston) ("The Court concludes Bivens's ($600), Mery's ($450), Hurta's ($325), and Thornton's ($375) requested rates are reasonable for this case."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019 (an $11.88 difference).[10] So, adjusted *only* for such inflation from the year of this court ruling (2019) to the end of 2021, that $450.00 hourly rate for Ms. Mery is $461.88.

\* Liane Noble (class of '11): Ms. Noble works in Austin. Her online profile notes that she is a prosecuting attorney with the United States Attorney's Office for the Western District of Texas. She previously worked for a law firm. In 2014, her law firm billed for her time at the rate of $390.00 per hour in a Houston breach of employment agreement case—for work such as "Draft and revise reply in support of Motion to Remand." *See Lotte Chem. Titan (M) Sendrian Berhad v. Wilder*, No. 4:14-cv-1116 (Doc. 16) at pp. 2–3, ¶ 6 (S.D. Tex. Houston) ("A summary of fees charged by each attorney in this matter follows . . . Attorney . . . Liane Noble . . . Rate . . . $390[.] . . ."); *id.* (Doc. 16-7) at p. 4 ("Draft and revise reply in support of Motion to Remand"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 17.55% higher in 2021 versus 2014 (a $68.44 difference).[11] So,

---

[9] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=450

[10] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=450

[11] https://www.officialdata.org/Legal-services/price-inflation/2014-to-2021?amount=390

adjusted *only* for such inflation from the year of this billing (2014) to the end of 2021, that $390.00 hourly rate for Ms. Noble is $458.44.

\* Michael Reed (class of '12): Mr. Reed works in Houston. His online biography states that he "guides clients through labor and employment matters, especially on litigation surrounding discrimination, sexual harassment, and wrongful termination." On April 13, 2017, his client sought sanctions to recover fees at a rate of $415.00 per hour incurred for his time in defending a Houston Deceptive Trade Practices Act (DTPA) case over a job posting for a staffing agency—for work such as preparing for and attending a deposition that did not take place. *See Grivich v. Robert Half Int'l, Inc.*, No. 2016-57390 (269th Judicial District Court for Harris County, Texas) (Defendant Robert Half International, Inc.'s Motion for Sanctions at p. 8 ¶ 20: "Robert Half incurred significant costs, including travel and hotel expenses for Robert Half's lead counsel, attorneys' fees for appearing at and preparing for Plaintiff's deposition, costs of the court reporter and videographer, and fees in researching for and drafting this Motion. [*See* Itemized Accounting of Defendant's Fees and Costs, attached as Exhibit 15.]") (Exhibit 15: "Michael Reed . . . Rate (per hour) . . . $415.00 . . . Arrive at Hunton & Williams LLP's Houston office to prepare for and attend deposition of Plaintiff and communicate with client regarding same . . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 8.08% higher in 2021 versus 2017 (a $33.53 difference).[12] So, adjusted *only* for such inflation from the year of this invoicing and motion (2017) to the end of 2021, that $415.00 hourly rate for Mr. Reed is $448.53.

\* Benjamin D. Williams (class of '10): Mr. Williams works in Atlanta but in 2021, he worked in Houston. His online biography states that "focuses his practice on defending Fortune 500 companies in business disputes, including high-stakes class-action cases and complex labor and employment matters." In 2021, his prior firm billed his time at the "[d]iscounted rate" of $445.00 per hour in a Houston employment disability discrimination and retaliation case. *See Badaiki v. Cameron Int'l Corp.*, No. 4:19-cv-00371 (Doc. 119-1) at p. 4, ¶16 (S.D. Tex. Houston) (Declaration of James H. Nye: "Under its fee arrangement with Cameron, Winston & Strawn LLP charged significantly discounted rates for the Winston & Strawn LLP attorneys who worked on this matter as shown in Table 2 below. These discounted rates were negotiated with Cameron, representing rates that are typically materially less than those charged to and paid by the firm's civil litigation clients for similar matters. . . . Table 2 . . . Benjamin Williams . . . Discounted rate 2021 . . . $445.00").

---

[12] https://www.officialdata.org/Legal-services/price-inflation/2017-to-2021?amount=415

\* Curtis Waldo (class of '10): Mr. Waldo "is located in the Houston office where he focuses on representing energy companies in high-stakes litigation." On September 25, 2015, Judge Nancy F. Atlas awarded fees requested for Mr. Waldo's work in a Houston ERISA case. *See Romano Woods Dialysis Ctr. v. Admiral Linen Serv., Inc.*, No. 4:14-cv-01125 (Doc. 62-1) (S.D. Tex. Houston) ("Based on this review, and a clear recollection of the litigation of this lawsuit, the Court finds that the $209,350.13 in attorneys' fees requested by Defendants is reasonable and appropriate.") (awarding all fees requested in Defendants' Motion for Fees and Costs (Doc. 62)). The court-approved request for fees included work Mr. Waldo did at an hourly rate of $375.00—including work done and billed on invoices in 2014 at that rate. *See id.* (Doc. 62-1) at pp. 17, 21, 25, 29, 34, 41 (Affidavit of Kenneth E. Broughton, for work such as "Review and revise motion to dismiss" and "Review discovery requests and initial disclosures to plaintiff and co-defendant" and "Draft answer and defenses to Plaintiff's complaint" and "Draft objections and responses to Plaintiff's discovery requests" and "Draft and revise proposed agreed protective order" and "Review and revise mediation statement"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 17.55% higher in 2021 versus 2014 (a $65.80 difference).[13] So, adjusted *only* for such inflation from the year of this billing (2014) to the end of 2021, that $375.00 hourly rate for Mr. Waldo is $440.80.

\* Andrew Dunlap (class of '11): Mr. Dunlap works in Houston. His online biography states that he "has represented thousands of employees, pursuing companies that violate wage and hour laws." On March 18, 2020, Judge Hilda Tagle determined that $425.00 per hour was reasonable for his work in a Corpus Christi FLSA case. *See Herrera v. Brigham Resources, Inc.*, No. 2:17-CV-309 (Doc. 33) at p. 10 (S.D. Tex. Corpus Christi) ("Given each attorney's experience and the cited caselaw, the Court determines that the following hourly rates are reasonable for each attorney: . . . $425 for Dunlap . . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020 (a $6.52 difference).[14] So, adjusted *only* for such inflation from the year of this court ruling (2020) to the end of 2021, that $425.00 hourly rate for Mr. Dunlap is $431.52.

\* Matt Heller (class of '16): Mr. Heller works in Austin. His practice areas include labor and employment. On June 26, 2019, in a Houston employment

---

[13] https://www.officialdata.org/Legal-services/price-inflation/2014-to-2021?amount=375

[14] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=425

discrimination case and ERISA benefits case, Judge Kenneth M. Hoyt determined the fees Mr. Heller's firm sought for his work on the ERISA claims were reasonable. *See Gonzales v. ConocoPhillips Co.*, No. 4:17-cv-2374 (Doc. 108) (S.D. Tex. Houston) (ruling fee requested in Doc. 94 reasonable: "The Court is of the opinion that the fees and costs sought are reasonable."). Those fees actually billed to a client included Mr. Heller's rate of $400.00 per hour on an invoice dated September 27, 2018, for work such as "Draft letter to opposing counsel regarding supplementation of deficient discovery responses for Fazila Issa" and "Research." *See id.* (Doc. 94-3) at pp. 25, 27, 29. According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 3.64% higher in 2021 versus 2018 (a $14.55 difference).[15] So, adjusted *only* for such inflation from the year of this billing (2018) to the end of 2021, that $400.00 hourly rate for Mr. Heller is $414.55.

* **Evan D. Lewis (class of '19):** Mr. Lewis works in Houston. His online biography states that he "is a litigator who focuses his practice on intellectual property and complex commercial litigation." In 2020, his firm billed his time at the "[d]iscounted rate" of $405.00 per hour in a Houston employment disability discrimination and retaliation case. *See Badaiki v. Cameron Int'l Corp.*, No. 4:19-cv-00371 (Doc. 119-1) at p. 4, ¶16 (S.D. Tex. Houston) (Declaration of James H. Nye: "Under its fee arrangement with Cameron, Winston & Strawn LLP charged significantly discounted rates for the Winston & Strawn LLP attorneys who worked on this matter as shown in Table 2 below. These discounted rates were negotiated with Cameron, representing rates that are typically materially less than those charged to and paid by the firm's civil litigation clients for similar matters. . . . Table 2 . . . Evan Lewis . . . Discounted rate 2020 . . . $405.00"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020 (a $6.22 difference).[16] So, adjusted *only* for such inflation from the year of this billing (2020) to the end of 2021, that $405.00 hourly rate for Mr. Lewis is $411.22.

* **Lindsay Itkin (class of '10):** Ms. Itkin works in Houston. Her online biography states that she "handles cases involving wage and hour violations on an individual and class action basis in order to recover unpaid wages and benefits for employees whose employers have failed to pay them in accordance with state and federal law." On March 18, 2020, Judge Hilda Tagle determined that $400.00 per hour was reasonable for her work in a Corpus Christi FLSA case. *See Herrera v. Brigham Resources, Inc.*, No. 2:17-CV-309 (Doc. 33) at pp. 10–11

---

[15] https://www.officialdata.org/Legal-services/price-inflation/2018-to-2021?amount=400

[16] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=405

(S.D. Tex. Corpus Christi) ("Given each attorney's experience and the cited caselaw, the Court determines that the following hourly rates are reasonable for each attorney: . . . $400 for Itkin . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020 (a $6.14 difference).[17] So, adjusted *only* for such inflation from the year of this court ruling (2020) to the end of 2021, that $400.00 hourly rate for Ms. Itkin is $406.14.

\* Lauren Braddy (class of '10): Ms. Braddy works in Corpus Christi. Her online biography states that she "focuse[s] her practice on wage and hour litigation under the Fair Labor Standards Act, representing clients in collective and class actions across the United States." On January 27, 2020, Judge Nelva Gonzales Ramos found that $400.00 per hour was a reasonable rate for Ms. Braddy's work in a Corpus Christi FLSA case. *See Vela v. M&G USA Corp.*, No. 2:17-cv-13 (Doc. 66) at pp. 7–8 (S.D. Tex. Corpus Christi) ("Plaintiff's request for attorneys' fees is based on the work of . . . Lauren Braddy (18 hours at $400 per hour); . . . Plaintiff requests hourly rates ranging from $400 to $500 for the three attorneys working on this case. The Court finds these are reasonable rates."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020 (a $6.14 difference).[18] So, adjusted *only* for such inflation from the year of this court finding (2020) to the end of 2021, that $400.00 hourly rate for Ms. Braddy is $406.14.

\* Alysson Ford Ouoba (class of '11): Ms. Ouoba works in Washington, D.C. Her online biography states that she previously worked in the human rights practice group of a law firm. On November 30, 2017, Judge Keith P. Ellison determined Ms. Ouoba's requested rate of $375.00 was "fair and reasonable" for work she did in a Houston human trafficking [i.e., forced labor] case. *See Adhikari v. Daoud & Partners*, No. 4:09-CV-1237 (Doc. 764) at pp. 28–29 (S.D. Tex. Houston) ("The requested rates, in descending order, are as follows: $910 for Sellers; $790 for Webber; $745 for Fryszman and Vandenberg; $375 for the fellows, Saunders and Ouoba; and $280 for the paralegals and law clerks, McKeon, Krause, and Lam. . . . The requested rates are fair and reasonable here too."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 8.08% higher in 2021 versus 2017 (a

---

[17] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=400

[18] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=400

$30.30 difference).[19] So, adjusted *only* for such inflation from the year of this court ruling (2017) to the end of 2021, that $375.00 hourly rate for Ms. Ouoba is $405.30.

## * Britney J. P. Prince (class of '15):
Ms. Prince works in Irving. Her online biography notes that she works in-house for a company but previously a firm. And her "practice includes involvement in federal and state administrative actions and investigations with agencies such as the Equal Employment Opportunity Commission ("EEOC"), the Texas Workforce Commission ("TWC"), the US Department of Labor, and both federal and state court actions." On February 2, 2017, Judge Elaine Palmer awarded fees for work Ms. Prince did in a Houston employment discrimination case—traveling to Houston over a discovery dispute. *See Hunter v. TPC Group, LLC*, 2016-16617 (215th Judicial District Court for Harris County, Texas) (Order Denying Plaintiff's Motion to Compel). In a January 31, 2017, request for fees, her firm noted her rate for work in that case: "Defendants' counsel, Britney Prince's (associate) billing rate is $370 per hour, and she has spent approximately 12.0 hours in conducting legal research, drafting a Response to Plaintiff's Motion, and preparing for the hearing on the Motion, totaling $4,440." *See id.* (Defendants' Supplement to their Response to Plaintiff's Motion to Compel and for In Camera Inspection). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 8.08% higher in 2021 versus 2017 (a $29.90 difference).[20] So, adjusted *only* for such inflation from the year of this court ruling (2017) to the end of 2021, that $370.00 hourly rate for Ms. Prince is $399.90.

## * Michael J. Woodson (class of '12):
Mr. Woodson works in Austin. His online biography states that he "advises clients on complex commercial litigation matters, with an emphasis on enforcement and all aspects of labor and employment issues." On August 5, 2015, in a Corpus Christi employment discrimination and retaliation case, his law firm noted that his standard rate per hour was $345.00—though there was a lower negotiated effective rate per hour in that case. *See Arredondo v. Weatherford Int'l, LLC*, No. 2:14-cv-00170 (Doc. 89) at p. 1 (S.D. Tex. Corpus Christi) (Summary of Attorney Fees and Expenses: "Michael Woodson . . . STANDARD RATE PER HOUR . . . 345"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus 2015 (a $54.19 difference).[21] So, adjusted *only* for such inflation from the year of this billing (2014) to the end of 2021, that $345.00 hourly rate for Mr. Woodson is $399.19.

---

[19] https://www.officialdata.org/Legal-services/price-inflation/2017-to-2021?amount=375

[20] https://www.officialdata.org/Legal-services/price-inflation/2017-to-2021?amount=370

[21] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=345

\* **E. Steve Smith (class of '15):** Mr. Smith works in Dallas. His online biography states that he has "experience representing clients in a wide variety of complex commercial litigation." His law firm billed $380.00 per hour for his work in 2019 on a Houston employment commissions case. *See Trippie v. Workplace Solutions Inc.*, No. 201984986 (281st Judicial District Court for Harris County, Texas) (Defendant's Trial Exhibit 17, Bates Stamp No. WPS000948, for trial held April 1, 2021, Invoice 1/23/20 for work in 2019: "E. Steve Smith . . . Rate . . . 380.00 / hr"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019 (a $10.03 difference).[22] So, adjusted *only* for such inflation from the year of this billing to the end of 2021, that $380.00 hourly rate for Mr. Smith is $390.03.

\* **Angeles Garcia Cassin (class of '13):** Ms. Cassin works in Houston. Her online biography states that she "focuses her practice on commercial litigation and labor and employment matters." On August 5, 2015, in a Corpus Christi employment discrimination and retaliation case, her law firm noted that her standard rate per hour was $325.00—though there was a lower negotiated effective rate per hour in that case. *See Arredondo v. Weatherford Int'l, LLC*, No. 2:14-cv-00170 (Doc. 89) at p. 1 (S.D. Tex. Corpus Christi) (Summary of Attorney Fees and Expenses: "Angeles Garcia . . . STANDARD RATE PER HOUR . . . 325"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus 2015 (a $51.05 difference).[23] So, adjusted *only* for such inflation from the year of this stated rate (2015) to the end of 2021, that $325.00 hourly rate for Mr. Cassin is $376.05.

\* **Amanda E. Brown (class of '13):** Ms. Brown works in Dallas. Her online biography notes that she "represents employers in litigation, arbitration, and administrative agency actions concerning both federal and state labor and employment laws, . . . ." In 2017, her firm billed at the rate of $345.00 per hour for her work in a Houston employment discrimination case. *See Lyde v. The Boeing Co.*, No. 4:16-cv-3293 (Doc. 16-4) at p. 2 (S.D. Tex. Houston) (Affidavit of Ann Marie Arcadi dated August 2, 2017: "Ms. Brown was licensed in 2013 and is a member in good standing of the State Bar of Texas. Her practice also focuses on complex and single-plaintiff litigation and labor and employment matters. Ms.

---

[22] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=380

[23] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=325

Brown also performed various legal work on this matter, and her billing rate was $345.00 per hour."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 8.08% higher in 2021 versus 2017 (a $28.88 difference).[24] So, adjusted *only* for such inflation from the year of this testimony (2017) to the end of 2021, that $345.00 hourly rate for Ms. Brown is $372.88.

\* Samantha D. Seaton (class of '13): Ms. Seaton works in Houston. Her State Bar of Texas online profile notes that labor-employment is one of her practice areas. On October 18, 2016, in a Houston state-court wage case, Ms. Seaton's firm sought an award of attorneys' fees her client incurred for her work. *See* Request for Entry of Attorneys' Fees, filed in *Garrett v. Prologistix Corp. NW PLX*, No. 1076687 (Harris County Court at Law No. 2). In support of that request, there is testimony representing that her client incurred fees for her work at an hourly rate of $320.00. *See id.* at Exhibit A, Affidavit of Carolyn A. Russell (dated October 18, 2016) ¶ 3 ("Ms. Seaton also represents the Defendant in the above-styled case, and her hourly rate is $320.00"). The court granted fees but in a lower overall amount than that requested. *See id.* Judgment (dated July 11, 2017). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 11.93% higher in 2021 versus 2016 (a $38.18 difference).[25] So, adjusted *only* for such inflation from the year of this billing (2016) to the end of 2021, that $320.00 hourly rate for Ms. Seaton is $358.18.

\* Caitlin Boehne (class of '12): Ms. Boehne works in Austin. Her online biography notes that she litigates unpaid wage claims for low-income workers. On September 24, 2019, Judge Nancy F. Atlas found that $345.00 per hour was a reasonable hourly rate for Ms. Boehne's work in a Houston FLSA case. *See Chavez v. Shahini Corp.*, No. 4:19-cv-02324 (Doc. 9) at pp. 1–2, ¶ 9 (S.D. Tex. Houston) ("The court finds that the following hourly rates requested by Plaintiff are reasonable based on the market rates in the community for legal services on employment cases such as this . . . Caitlin Boehne, Attorney licensed 2012: $345/hour"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019 (a $9.11 difference).[26] So, adjusted *only* for such

---

[24] https://www.officialdata.org/Legal-services/price-inflation/2017-to-2021?amount=345

[25] https://www.officialdata.org/Legal-services/price-inflation/2016-to-2021?amount=320

[26] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=345

inflation from the year of this court finding (2019) to the end of 2021, that $320.00 hourly rate for Ms. Boehne is $354.11.

**\* Jay Forester (class of '13):** Mr. Forester works in Dallas. His State Bar of Texas profile includes "Labor-Employment" among his practice areas. On October 21, 2015, Judge David Hittner granted his former firm fees in a Houston FLSA case. *See Gingrass v. TMG (The Moore Group, Inc.)*, No. 4:15-cv-00837 (Doc. 18) at p. 1 (S.D. Tex. Houston) ("The Court finds that Plaintiff has established by declaration that he and his counsel are entitled to recover from Defendant attorney's fees and costs of $7,258.95, which the Court finds to be a reasonable amount."). Judge Hittner's ruling was premised, in part, on a rate of $295.00 per hour for Mr. Forester's work in that Houston FLSA case. *See id.* (Doc. 13-2) at p. 3, ¶ 11 (Declaration of Jesse H. Forester dated September 21, 2015: "The firm's lodestar (hours x hourly rates) on the hours expended on this matter, amounts to $6,658.95 (J. Forester with 13.50 hours x $295 = $3,982.50; J. Derek Braziel with 3.00 hours x $495 = $1,485.00; and Chief Paralegal Josey Gonzales with 6.11 hours x $195 = $1,191.45). The firm also has an additional $600.00 in costs in this matter for a total amount in fees and costs of $7,258.95."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus 2015 (a $46.34 difference).[27] So, adjusted *only* for such inflation from the year of Judge Hittner's ruling (2015) to the end of 2021, that $295.00 hourly rate for Mr. Forester is $341.34.

**\* Brenna R. Lermon (class of '14):** Ms. Lermon works in Houston. Her online biography states that she "regularly represents employers in responding to government agency investigations. A substantial portion of her practice consists of giving employers day-to-day operations advice and drafting employment contracts, handbooks and other policies." On June 30, 2016, Ms. Lermon's firm sought sanctions in a Houston FLSA case after alleging a plaintiff failed to show for a deposition—and testified that her client incurred fees at her hourly rate of $300.00. *See Edwards v. 4JLJ, LLC*, No. 2:15-cv-00299 (Doc. 70-10) at p. 4 (S.D. Tex. Houston) (Affidavit of Brenna L[ermon] Hill: "Task . . . Preparation and Attendance of Deposition . . . Rate . . . $300.00 . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 11.93% higher in 2021 versus 2016 (a $35.79 difference).[28] So, adjusted *only* for such inflation from the year of this billing (2016) to the end of 2021, that $300.00 hourly rate for Ms. Lermon is $335.79.

---

[27] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=295

[28] https://www.officialdata.org/Legal-services/price-inflation/2016-to-2021?amount=300

\* **Genevieve Estrada (class of '13):** Ms. Estrada works in Houston. Her State Bar of Texas profile notes that "Labor-Employment" is one of her two practice areas. On January 26, 2016, Magistrate Judge George Hanks found $300.00 per hour to be a reasonable rate for Ms. Estrada's work in a Houston FLSA case. *See Rouse v. Target Corp.*, 181 F. Supp. 3d 379, 385, No. 3:15-cv-48 (Doc. 33) (S.D. Tex. Galveston) ("[T]he Court finds that $300 per hour is a reasonable hourly rate for an attorney of Estrada's skills and expertise in the Southern District."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 11.93% higher in 2021 versus 2016 (a $35.79 difference).[29] So, adjusted *only* for such inflation from the year of this billing (2016) to the end of 2021, that $300.00 hourly rate for Ms. Estrada is $335.79.

\* **Michael Adams-Hurta (class of '15):** Mr. Adams-Hurta works in Houston. He is an appellate attorney. On September 13, 2019, Judge Nancy F. Atlas awarded Mr. Adams-Hurta's prior firm a requested rate of $325.00 per hour for his work in a Houston False Claims Act employment retaliation case. *See Miniex v. Houston Housing Auth.*, No. 4:17-cv-00624 (Doc. 277) at p. 8 (S.D. Tex. Houston) ("The Court concludes Bivens's ($600), Mery's ($450), Hurta's ($325), and Thornton's ($375) requested rates are reasonable for this case."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019 (an $8.58 difference).[30] So, adjusted *only* for such inflation from the year of this court ruling (2019) to the end of 2021, that $325.00 hourly rate for Mr. Adams-Hurta is $333.58.

\* **Vijay Pattisapu (class of '11):** Mr. Pattisapu works in Houston. His online biography states that he is an "[e]xperienced trial advocate in employment law and business dispute matters." On August 16, 2018, Judge Hilda Tagle found that $300.00 was an appropriate hourly billing rate for Mr. Pattisapu's work in a Corpus Christi FLSA case. *See Salas v. Warrior Energy Servs. Corp.*, No. 2:15-cv-00374 (Doc. 35) at p. 8 (S.D. Tex. Corpus Christi) ("The Court . . . (2) FINDS that $425 and $300 are the appropriate hourly billing rates for Buenker and Pattisapu, respectively, . . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 3.64% higher in 2021 versus 2018 (a $10.91 difference).[31] So,

---

[29] https://www.officialdata.org/Legal-services/price-inflation/2016-to-2021?amount=300

[30] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=325

[31] https://www.officialdata.org/Legal-services/price-inflation/2018-to-2021?amount=300

adjusted *only* for such inflation from the year of this court ruling (2018) to the end of 2021, that $300.00 hourly rate for Mr. Pattisapu is $310.91.

**\* Dorian Vandenberg-Rodes (class of '13):** Ms. Vandenberg-Rodes works in Houston. Her online biography states that she "practices employment law exclusively." On August 22, 2019, Judge Nancy F. Atlas determined $300.00 was a reasonable hourly rate for Ms. Vandenberg-Rodes's work in a Houston employment discrimination case. *See Rebollar v. Ortega Medical Clinic, P.L.L.C.*, No. 4:18-cv-0846 (Doc. 33) at p. 5 (S.D. Tex. Houston) ("Rebollar asserts that Slobin's reasonable rate for employment-related cases is $500 per hour and Vandenberg-Rodes's is $300. Defendants do not challenge these rates. The Court agrees these rates are reasonable in light of the attorneys' experience and knowledge of employment law. Accordingly, the Court will award Rebollar attorney fees at her counsel's requested rates."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019 (an $7.92 difference).[32] So, adjusted *only* for such inflation from the year of this court ruling (2019) to the end of 2021, that $300.00 hourly rate for Ms. Vandenberg-Rodes is $307.92.

**\* Ben Michael (class of '13):** Mr. Michael works in Austin. On January 27, 2016, his prior firm applied for fees in a Houston FLSA case. *See Willis v. Full Service Const. Inc.*, No. 4:11-cv-1673 (Doc. 71) at p. 3, ¶ 9 (S.D. Tex. Houston) (Plaintiffs' Application for Award of Attorney's Fees, Costs and Expenses: "The reasonable fee that Plaintiffs request is the lodestar amount, $91,825.00. This is based on an hourly rate of . . . $250.00 for Benjamin Michael ('Michael')".). On February 26, 2016, Judge Kenneth Hoyt granted the full amount of these requested fees, which included this rate of $250.00 per hour for Mr. Michael's work in that Houston FLSA case. *See id.* (Doc. 76) at p. 1 ("It is, therefore, ORDERED, ADJUDGED, AND DECREED that the plaintiffs are awarded $91,825.00 in attorney's fees[.]"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 11.93% higher in 2021 versus 2016 (a $29.82 difference).[33] So, adjusted *only* for such inflation from the year of this court ruling (2016) to the end of 2021, that $250.00 hourly rate for Mr. Michael is $279.82.

---

[32] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=300

[33] https://www.officialdata.org/Legal-services/price-inflation/2016-to-2021?amount=250

# East Texas





EDTX† summary of rates listed: high to low

# $1,149.09 to $253.84

| Rate | Name / JD Year | Rate | Name / JD Year |
|---|---|---|---|
| $1,149.09* | Alan J. Robin (JD 1975) | $503.68* | Joseph L. Lanza (JD 1992) |
| $908.54* | Douglas E. Hamel (JD 1976) | $481.91* | Rebecca Predovan (JD 2009) |
| $908.54* | W. Carl Jordan (JD 1974) | $462.83* | John Werner (JD 1993) |
| $841.24* | Gwen J. Samora (JD 1992) | $456.91* | Jim Sanford (JD 2005) |
| $835.00* | Carrie B. Hoffman (JD 1993) | $450.91* | Michelle Mahony (JD 1997) |
| $672.99* | Vanessa Griffith (JD 1994) | $447.72* | Seth Grove (JD 2009) |
| $659.98* | Laura Reasons (JD 2007) | $440.00* | Brooke Bahlinger (JD 2019) |
| $657.95* | Gabrielle Wirth (JD 1982) | $434.06* | Marina Lyons (JD 2013) |
| $639.34* | Tara Porterfield (JD 1996) | $433.90* | Corinna Chandler (JD 2009) |
| $639.34* | Christopher V. Bacon (JD 1990) | $433.90* | Julia C. Hatcher (JD 1997) |
| $621.82* | Marc S. Hepworth (JD 1998) | $411.22* | Christopher Willett (JD 2009) |
| $621.82* | Gregg I. Shavitz (JD 1994) | $404.98* | Mark Frasher (JD 1996) |
| $621.82* | David A. Roth (JD 1991) | $391.75* | David Bergen (JD 2015) |
| $621.82* | Charles Gershbaum (JD 1990) | $391.75* | Olivia C. Mallary (JD 2015) |
| $598.55* | Aaron Goldstein (JD 2003) | $380.76* | Shana Khader (JD 2011) |
| $595.00* | Andrew S. Golub (JD 1991) | $376.88* | Corey E. Devine (JD 2006) |
| $570.00* | Alan Quiles (JD 1995) | $362.73* | Timothy D. Craig (JD 2003) |
| $570.00* | Christine M. Duignan (JD 1991) | $342.00* | Janine Kapp (JD 2015) |
| $549.61* | Trey Branham (JD 1999) | $342.00* | Logan A. Pardell (JD 2015) |
| $538.91* | Camar R. Jones (JD 2003) | $342.00* | Joshua Cittadino (JD 2014) |
| $538.39* | Tim Garrigan (JD 1983) | $329.99* | Stephanie Gharakhanian (JD 2013) |
| $518.18* | Paolo Meireles (JD 2010) | $305.73* | Megan Dixon (JD 2012) |
| $513.00* | Robert G. "Bobby" Lee (JD 1993) | $274.14* | Reema Ali (JD 2018) |
| $503.68* | Charles Vethan (JD 1994) | $253.84* | Sean Goldhammer (JD 2016) |

† Courts note the relevant community for fees is district-wide—not by city or division. *See, e.g., Lewallen v. City of Beaumont*, 394 Fed. Appx. 38, 46 (5th Cir. 2010); *Treadway v. Otero*, No. 2:19-CV-244 [Doc. 157] at p. 9 (S.D. Tex. Oct. 6, 2020) (citing cases and concluding: "When it comes to parsing between divisions, it appears that it is the district, rather than the division, that should govern the decision.").



# Classes of the 1970s: The Rates



**$1,144.09***

Alan J. Robin
(JD 1975)

**$908.54***

Douglas E. Hamel
(JD 1976)





**$908.54***

W. Carl Jordan
(JD 1974)

## *Classes of the 1970s: The Work*



\* **Alan J. Robin (class of '75):** Mr. Robin's online biography notes that he represents clients with employee benefits issues. Although he works in Houston, he billed for work in a Lufkin race discrimination in employment case. *See McClain v. Lufkin Industries*, No. 9:97-CV-063 (Doc. 599-5) at pp. 37, 41 (E.D. Tex. Lufkin) (Amended Declaration of Christopher V. Bacon dated January 15, 2009: "Current Rate if Still Employed . . . Robin, Alan . . . $850"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 34.60% higher in 2021 versus 2009 (a $294.09 difference).[1] Adjusted *only* for such inflation from the year of this testimony (2009) to the end of 2021, that $850.00 hourly rate for Mr. Robin is $1,144.09.

\* **Douglas E. Hamel (class of '76):** Mr. Hamel's online biography notes his practice area is labor and employment law. Although he works in Houston, he billed for work in a Lufkin race discrimination in employment case. *See McClain v. Lufkin Industries*, No. 9:97-CV-063 (Doc. 599-5) at p. 38 (E.D. Tex. Lufkin) (Amended Declaration of Christopher V. Bacon dated January 15, 2009: "Last Rate Billed On This Case . . . Hamel, Douglas . . . $675"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 34.60% higher in 2021 versus 2009 (a $233.54 difference).[2] Adjusted *only* for such inflation from the year of this testimony (2009) to the end of 2021, that $675.00 hourly rate for Mr. Hamel is $908.54.

\* **W. Carl Jordan (class of '74):** Mr. Jordan works in Houston. An online biography notes that "for approximately 40 years, he practiced in the field of employment and labor law . . ." He billed for work in a Lufkin race discrimination in employment case. *See McClain v. Lufkin Industries*, No. 9:97-CV-063 (Doc. 599-5) at pp. 37, 41 (E.D. Tex. Lufkin) (Amended Declaration of Christopher V. Bacon dated January 15, 2009: "Current Rate" . . . Jordan, Carl . . . $675").

---

[1] https://www.officialdata.org/Legal-services/price-inflation/2009-to-2021?amount=850

[2] https://www.officialdata.org/Legal-services/price-inflation/2009-to-2021?amount=675

According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 34.60% higher in 2021 versus 2009 (a $233.54 difference).[3] Adjusted *only* for such inflation from the year of this testimony (2009) to the end of 2021, that $675.00 hourly rate for Mr. Jordan is $908.54.

---

[3] https://www.officialdata.org/Legal-services/price-inflation/2009-to-2021?amount=675



## Classes of the 1980s: The Rates



Gabrielle Wirth (JD 1982)
**$657.95***

Tim Garrigan (JD 1983)
**$538.39***



# *Classes of the 1980s: The Work*



**\* Gabrielle Wirth (class of '82):** Ms. Wirth's online biography notes she has "successful trial experience in a broad range of employment disputes including wage and hour, whistleblower, wrongful termination, discrimination, harassment, retaliation, breach of contract, and trade secret/noncompetition cases . . . . She also represents employers before a wide variety of state and federal agencies including the EEOC, OFCCP, state human rights agencies, the Labor Commission, the Employment Development Department and OSHA." Although she is based in California, she billed for employment law work she did in an Eastern District of Texas bankruptcy case. *See In re: Nuvectra Corp.*, No. 19-43090 (Doc. 364) at p. 3, (Doc. 364-3) at Exhibit C, p. 1, and (Doc. 364-6) at Exhibit F, pp. 46, 47 (Bankr. E.D. Tex. Sherman) (Summary of Final Fee Application of Dorsey & Whitney LLP for Allowance of Compensation and Reimbursement of Expenses as Counsel to the Debtor and Debtor in Possession for the Period November 12, 2019 through June 2, 2020) (for work such as "Conferences with J Pleitz regarding composition of individuals subject to RIF (.4); review memos regarding remote employees (.6); review revised list (.3); research state WARN act or other notice for layoff requirements (.5)" and "Revise WARN Act template and notice to agencies (.3); review updated list and complete research on requirements of other states (.7) meet with J. Pleitz regarding editing exhibit with positions for inclusion to notice to state officials (.3); respond to question regarding reserving right to claim WARN did not apply, review regulations and edit language for same (.2); meet with J. Pleitz, review new emails and finalize notices (.2)"). For that work, the "Stated Rate" was $720.00 per hour—though her firm applied a 10% discount to $648.00 per hour and that was the charge for work done in 2019. *See id.* On August 12, 2020, Judge Brenda T. Rhoades approved the request for fees. *See id.* (Doc. 386). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020 (a $9.95 difference).[1] Adjusted *only* for such inflation from the year of Judge Rhoades's approval (2020) to the end of 2021, that $648.00 hourly rate for Ms. Wirth is $657.95.

---

[1] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=648

\* Tim Garrigan (class of '83): Mr. Garrigan works in Nacogdoches. His practice areas include a focus on labor and employment law work. On April 2, 2009, Judge Ron Clark awarded a rate of $400.00 per hour for Mr. Garrigan's work in a Lufkin race discrimination in employment case. *See McClain v. Lufkin Indus., Inc.*, No. 9:97-cv-063 (Doc. 621) at pp. 12–13 (E.D. Tex. Lufkin) (citing evidence and concluding: "The court will therefore apply a $400/hr rate for the work performed by Mr. Garrigan"). The Fifth Circuit affirmed the fee award but reversed with instructions for the district court to consider the higher home rates of the out-of-state attorneys who worked on the case in East Texas in setting recovery of their fees. *See McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 387 (5th Cir. 2011) ("As a result, the trial court erred in failing to calculate the initial lodestar using the rates Goldstein Demchak attorneys typically charge in their own home district. The court, on remand, must reconsider the fee award using those rates as a starting point."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 34.60% higher in 2021 versus 2009 (a $138.39 difference).[2] Adjusted *only* for such inflation from the date of Judge Clark's ruling (2009) to the end of 2021, that $400.00 hourly rate for Mr. Garrigan is $538.39.

---

[2] https://www.officialdata.org/Legal-services/price-inflation/2009-to-2021?amount=400

# *Classes of the 1990s*



# 20

**lawyers listed**

# $583.64

**average rate**

# $582.50

**median rate**



# *Classes of the 1990s: The Rates*



**$841.24***
Gwen J. Samora
(JD 1992)



**$835.00***
Carrie B. Hoffman
(JD 1993)



**$672.99***
Vanessa Griffith
(JD 1994)



**$639.34***
Tara Porterfield
(JD 1996)



**$639.34***
Christopher V. Bacon
(JD 1990)



**$621.82***
Marc S. Hepworth
(JD 1998)



**$621.82***
Gregg I. Shavitz
(JD 1994)



**$621.82***
David A. Roth
(JD 1991)



**$621.82***
Charles Gershbaum
(JD 1990)



**$595.00***
Andrew S. Golub
(JD 1991)



**$570.00***
Alan Quiles
(JD 1995)



**$570.00***
Christine M. Duignan
(JD 1991)



**$549.61***
Trey Branham
(JD 1999)



**$513.00***
Robert G. "Bobby" Lee
(JD 1993)



**$503.68***
Charles Vethan
(JD 1994)



**$503.68***
Joseph L. Lanza
(JD 1992)



**$462.83***
John Werner
(JD 1993)



**$450.91***
Michelle Mahony
(JD 1997)



**$433.90***
Julia C. Hatcher
(JD 1997)



**$404.98***
Mark Frasher
(JD 1996)

# *Classes of the 1990s:*
# *The Work*



* <span style="color:red">Gwen J. Samora (class of '92):</span> Ms. Samora works in Houston. Her online biography notes that she is an appellate specialist. In or before 2009, she worked on a Lufkin employment race discrimination case and her hourly rate for that work was $625.00. *See McClain v. Lufkin Industries*, No. 9:97-CV-063 (Doc. 599-5) at p. 38 (E.D. Tex. Lufkin) (Amended Declaration of Christopher V. Bacon, filed on January 20, 2009: "Samora, Gwen . . . Last Rate Billed On This Case . . . $625"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 34.60% higher in 2021 versus 2009 (a $216.24 difference).[1] Adjusted *only* for such inflation from the year of that billed rate (2009) to the end of 2021, that $625.00 hourly rate for Ms. Samora is $841.24.

* <span style="color:red">Carrie B. Hoffman (class of '93):</span> Ms. Hoffman works in Dallas. Her online biography states that she "represents and counsels major employers nationwide in all areas of labor and employment law across a wide range of industries including retail and hospitality." In a Sherman bankruptcy case, her law firm has her hourly rate listed as $835.00 for employment law work in 2021 such as, "Review employment agreement; prepare email regarding same." *See In re: Spherature Investments LLC*, No. 20-42492 (Doc. 760) & (Doc, 760-3) at p. 1 & (760-8) at p. 128 (E.D. Tex. Bankr. Sherman) (Summary of Second Interim and Final Application of Foley & Lardner LLP, as Counsel to the Debtors, for Allowance of Compensation and Reimbursement of Expenses for Services Rendered During the Period from December 21, 2020 through November 12, 2021) ("Carrie B. Hoffman . . . Department Group, or Section . . . Labor & Employment . . . FYE 2021 Hourly Rate . . . $835 . . ."). On January 12, 2022, <span style="color:red">Judge Brenda T. Rhoades</span> granted the request for payment of these fees. *See id.* (Doc. 798).

* <span style="color:red">Vanessa Griffith (class of '94):</span> Ms. Griffith works in Dallas. Her online biography states that she "represents and advises employers in all aspects of employment law, including internal client investigations." She billed for work in a Lufkin race discrimination in employment case. *See McClain v. Lufkin*

---

[1] https://www.officialdata.org/Legal-services/price-inflation/2009-to-2021?amount=625

*Industries*, No. 9:97-CV-063 (Doc. 599-5) at pp. 37, 41 (E.D. Tex. Lufkin) (Amended Declaration of Christopher V. Bacon, filed on January 20, 2009: "Time Keepers Billing Under 10.00 hours . . . Griffith, Vanessa . . . Last Rate Billed . . . 390"; but that her "Current Rate" as of the date of testimony in January of 2009 was "500"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 34.60% higher in 2021 versus 2009—a $172.99 difference from that stated rate of $500.00 in 2009.[2] Adjusted *only* for such inflation from the year of that stated rate (2009) to the end of 2021, that $500.00 hourly rate for Ms. Griffith is $672.99.

## * Tara Porterfield (class of '96): Ms. Porterfield works in Austin.
Her online biography states that she "focuses her practice on employment litigation and counseling." She billed for work in a Lufkin employment race discrimination case. *See McClain v. Lufkin Industries*, No. 9:97-CV-063 (Doc. 599-5) at pp. 37–38 (E.D. Tex. Lufkin) (Amended Declaration of Christopher V. Bacon, filed on January 20, 2009: "Time Keepers Billing Over 10.00 hours . . . Porterfield, Tara . . . Last Rate Billed . . . 475"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 34.60% higher in 2021 versus 2009—a $164.34 difference from that billed rate of $475.00 in 2009.[3] Adjusted *only* for such inflation from the year of that billed rate for work in a Lufkin employment case (2009) to the end of 2021, that $475.00 hourly rate for Ms. Porterfield is $639.34.

## * Christopher V. Bacon (class of '90): Mr. Bacon works in Houston.
His online biography states that his "practice is primarily devoted to litigating employment matters on behalf of private employers." He billed for work in a Lufkin employment race discrimination case. *See McClain v. Lufkin Industries*, No. 9:97-CV-063 (Doc. 599-5) at pp. 37–38 (E.D. Tex. Lufkin) (Amended Declaration of Christopher V. Bacon, filed on January 20, 2009: "Time Keepers Billing Over 10.00 hours . . . Bacon, Chris . . . Last Rate Billed . . . 475"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 34.60% higher in 2021 versus 2009—a $164.34 difference from that billed rate of $475.00 in 2009.[4] Adjusted *only* for such inflation from the year of that billed rate for work in a Lufkin employment case (2009) to the end of 2021, that $475.00 hourly rate for Mr. Bacon is $639.34.

---

[2] https://www.officialdata.org/Legal-services/price-inflation/2009-to-2021?amount=500

[3] https://www.officialdata.org/Legal-services/price-inflation/2009-to-2021?amount=475

[4] https://www.officialdata.org/Legal-services/price-inflation/2009-to-2021?amount=475

\* **Marc S. Hepworth (class of '98):** Mr. Hepworth works in New York. His online biography states that he "has been lead or co-lead counsel in cases across the country wherein employees have been denied their overtime wages." On December 20, 2018, Judge Amos Mazzant found Mr. Hepworth's $600.00 hourly rate for work in a Sherman FLSA case was reasonable. *See Halleen v. Belk, Inc.*, No. 4:16-cv-55 (Doc. 177) at p. 11, Page ID #: 2547 (E.D. Tex. Sherman) ("Accordingly, the Court finds the hourly rates reported by Plaintiffs' Counsel to be reasonable in light of the attorneys' experience, the relevant rates for similar attorneys in this community, and the specific facts of this case."); *id.* (Doc. 174-1) (requesting fees and reporting lodestar rate of $600.00 per hour: "Marc Hepworth . . . Rate . . . $600 . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 3.64% higher in 2021 versus 2018—a $21.82 difference from that hourly rate of $600.00 Judge Mazzant found reasonable in 2018.[5] Adjusted *only* for such inflation from the year of Judge Mazzant's finding (2018) to the end of 2021, that $600.00 hourly rate for Mr. Hepworth is $621.82.

\* **Gregg I. Shavitz (class of '94):** Mr. Shavitz works in Florida. His online biography states that he "helps employees, whether it be Wage and Hour cases, or Equal Pay Act Claims, or Discrimination matters." On December 20, 2018, Judge Amos Mazzant found Mr. Shavitz's $600.00 hourly rate for work in a Sherman FLSA case was reasonable. *See Halleen v. Belk, Inc.*, No. 4:16-cv-55 (Doc. 177) at p. 11, Page ID #: 2547 (E.D. Tex. Sherman) ("Accordingly, the Court finds the hourly rates reported by Plaintiffs' Counsel to be reasonable in light of the attorneys' experience, the relevant rates for similar attorneys in this community, and the specific facts of this case."); *id.* (Doc. 174-1) (requesting fees and reporting lodestar rate of $600.00 per hour: "Gregg Shavitz . . . Rate . . . $600 . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 3.64% higher in 2021 versus 2018—a $21.82 difference from that hourly rate of $600.00 Judge Mazzant found reasonable in 2018.[6] Adjusted *only* for such inflation from the year of Judge Mazzant's finding (2018) to the end of 2021, that $600.00 hourly rate for Mr. Shavitz is $621.82.

\* **David A. Roth (class of '91):** Mr. Roth works in New York. His online biography notes that he devotes about half of his practice to focusing on labor and employment law. On December 20, 2018, Judge Amos Mazzant found a $600.00 hourly rate for Mr. Roth's work in a Sherman FLSA case was reasonable. *See Halleen v. Belk, Inc.*, No. 4:16-cv-55 (Doc. 177) at p. 11, Page ID #: 2547 (E.D.

---

[5] https://www.officialdata.org/Legal-services/price-inflation/2018-to-2021?amount=600

[6] https://www.officialdata.org/Legal-services/price-inflation/2018-to-2021?amount=600

Tex. Sherman) ("Accordingly, the Court finds the hourly rates reported by Plaintiffs' Counsel to be reasonable in light of the attorneys' experience, the relevant rates for similar attorneys in this community, and the specific facts of this case."); *id.* (Doc. 174-1) (requesting fees and reporting lodestar rate of $600.00 per hour: "David Roth . . . Rate . . . $600 . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 3.64% higher in 2021 versus 2018—a $21.82 difference from that hourly rate of $600.00 Judge Mazzant found reasonable in 2018.[7] Adjusted *only* for such inflation from the year of Judge Mazzant's finding (2018) to the end of 2021, that $600.00 hourly rate for Mr. Roth is $621.82.

\* Charles Gershbaum (class of '90): Mr. Gershbaum works in New York. His online biography states that he "concentrates on employment litigation, representing only the employees." On December 20, 2018, Judge Amos Mazzant found Mr. Gershbaum's $600.00 hourly rate for work in a Sherman FLSA case was reasonable. *See Halleen v. Belk, Inc.*, No. 4:16-cv-55 (Doc. 177) at p. 11, Page ID #: 2547 (E.D. Tex. Sherman) ("Accordingly, the Court finds the hourly rates reported by Plaintiffs' Counsel to be reasonable in light of the attorneys' experience, the relevant rates for similar attorneys in this community, and the specific facts of this case."); *id.* (Doc. 174-1) (requesting fees and reporting lodestar rate of $600.00 per hour: "Charles Gershbaum . . . Rate . . . $600 . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 3.64% higher in 2021 versus 2018—a $21.82 difference from that hourly rate of $600.00 Judge Mazzant found reasonable in 2018.[8] Adjusted *only* for such inflation from the year of Judge Mazzant's finding (2018) to the end of 2021, that $600.00 hourly rate for Mr. Gershbaum is $621.82.

\* Andrew S. Golub (class of '91): Mr. Golub works in Houston. His online biography states that "[h]is practice focuses on employment and civil rights-related counseling and litigation. On April 12, 2021, Judge Michael J. Truncale concluded that Mr. Golub's requested rate of $595.00 per hour was reasonable for work done in a Beaumont FLSA case. *See Jackson v. Mistry Hospitality LLC*, No. 1:19-CV-00422 (Doc. 49) at p. 3, PageID #: 233 (E.D. Tex. Beaumont) ("The Court also concludes that an hourly rate of $595.00 is reasonable. Mr. Golub's education, experience, and qualifications support the reasonableness of this rate.").

---

[7] https://www.officialdata.org/Legal-services/price-inflation/2018-to-2021?amount=600

[8] https://www.officialdata.org/Legal-services/price-inflation/2018-to-2021?amount=600

\* **Alan Quiles (class of '95):** Mr. Quiles works in Florida. His online biography states that he "focuses his practice in the area of employment law, specifically in the recovery of unpaid wages, overtime and minimum wages." On December 20, 2018, Judge Amos Mazzant found a $550.00 hourly rate for Mr. Quiles's work in a Sherman FLSA case was reasonable. *See Halleen v. Belk, Inc.*, No. 4:16-cv-55 (Doc. 177) at p. 11, Page ID #: 2547 (E.D. Tex. Sherman) ("Accordingly, the Court finds the hourly rates reported by Plaintiffs' Counsel to be reasonable in light of the attorneys' experience, the relevant rates for similar attorneys in this community, and the specific facts of this case."); *id.* (Doc. 174-1) (requesting fees and reporting lodestar rate of $550.00 per hour: "Alan Quiles . . . Rate . . . $550 . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 3.64% higher in 2021 versus 2018—a $20.00 difference from that hourly rate of $550.00 Judge Mazzant found reasonable in 2018.[9] Adjusted *only* for such inflation from the year of Judge Mazzant's finding (2018) to the end of 2021, that $550.00 hourly rate for Mr. Quiles is $570.00.

\* **Christine M. Duignan (class of '91):** Ms. Duignan works in Florida. Her online biography states that she "has devoted her practice to advocating for workers' rights." On December 20, 2018, Judge Amos Mazzant found a $550.00 hourly rate for Ms. Duignan's work in a Sherman FLSA case was reasonable. *See Halleen v. Belk, Inc.*, No. 4:16-cv-55 (Doc. 177) at p. 11, Page ID #: 2547 (E.D. Tex. Sherman) ("Accordingly, the Court finds the hourly rates reported by Plaintiffs' Counsel to be reasonable in light of the attorneys' experience, the relevant rates for similar attorneys in this community, and the specific facts of this case."); *id.* (Doc. 174-1) (requesting fees and reporting lodestar rate of $550.00 per hour: "Christine Duignan . . . Rate . . . $550 . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 3.64% higher in 2021 versus 2018—a $20.00 difference from that hourly rate of $550.00 Judge Mazzant found reasonable in 2018.[10] Adjusted *only* for such inflation from the year of Judge Mazzant's finding (2018) to the end of 2021, that $550.00 hourly rate for Ms. Duignan is $570.00.

\* **Trey Branham (class of '99):** Ms. Branham works in Dallas. His practice areas include labor and employment law. On August 11, 2015, Judge Amos Mazzant ruled that $475.00 per hour was a reasonable rate for Mr. Branham's work in a Sherman FLSA case. *See Grimm v. Moore, et al.*, No. 4:14-CV-329 (Doc. 34) at pp. 3–4, PageID #: 622–23 (E.D. Tex. Sherman) ("Based on a declaration submitted to the Court, the attorneys seek to be compensated at the

---

[9]  https://www.officialdata.org/Legal-services/price-inflation/2018-to-2021?amount=550

[10]  https://www.officialdata.org/Legal-services/price-inflation/2018-to-2021?amount=550

following hourly rate: $475 per hour for Charles Branham[.] . . . Based on their respective levels of experience, the Court finds that the hourly rates submitted in this case are reasonable."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus 2015—a $74.61 difference from that hourly rate of $475.00 Judge Mazzant found reasonable in 2015.[11] Adjusted *only* for such inflation from the year of Judge Mazzant's finding (2015) to the end of 2021, that $475.00 hourly rate for Mr. Branham is $549.61.

\* **Robert G. "Bobby" Lee (class of '93):** Mr. Lee now works in Houston but previously worked in North Texas. He is a labor and employment law specialist. On April 24, 2018, Judge Amos Mazzant ruled that Mr. Lee's request for fees was reasonable in a Sherman FLSA case. *See Cole v. Wilcox, MD PA*, No. 4:17-CV-00367 (Doc. 18) at p. 3, PageID #: 111 (E.D. Tex. Sherman) ("After reviewing Plaintiff's motion, the Court finds that Plaintiff's request is reasonable and should be granted."). That request was based on an hourly rate of $495.00 per hour for Mr. Lee's work in that Sherman FLSA case. *See id.* (Doc. 16) at p. 1, ¶ 2, PageID #: 84 (Plaintiff's Amended Application for Attorneys' Fees and Costs and Brief in Support: "The reasonable fee Plaintiff requests is $7,101.00. This is based on an hourly rate of $495.00 for Robert (Bobby) Lee[.]. . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 3.64% higher in 2021 versus 2018—an $18.00 difference from that hourly rate of $495.00 Judge Mazzant found reasonable in 2018.[12] Adjusted *only* for such inflation from the year of Judge Mazzant's finding (2018) to the end of 2021, that $495.00 hourly rate for Mr. Lee is $513.00.

\* **Charles Vethan (class of '94):** Mr. Vethan works in Houston. His online biography notes that he is a civil trial specialist. On October 13, 2016, Judge Louis Guirola, Jr., approved a rate of $450.00 per hour for Mr. Vethan's work in a Sherman FLSA case. *See Vassallo v. Goodman Networks, Inc.*, No. 4:15-CV-97 (Doc. 144) at pp. 11–12, PageID #: 2612–13 (E.D. Tex. Sherman) ("Mr. Lanza and Mr. Vethan billed their time at a rate of $450 per hour, while Mr. Grove, Mr. Colvin, and Mr. Walker billed their time at a rate of $400 per hour. Mr. Singhe billed his time at $275 per hour, and Mr. Bergen, Mr. Peterson, and Ms. Mallary billed their time at a rate of $350 per hour. . . . The Court finds that the attorneys' proposed rates, which range from $275 per hour to $450 per hour, should be approved by this Court."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 11.93% higher in 2021 versus 2016—an $53.68 difference from

---

[11] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=475

[12] https://www.officialdata.org/Legal-services/price-inflation/2018-to-2021?amount=495

that hourly rate of $450.00 Judge Guirola found reasonable in 2016.[13] Adjusted *only* for such inflation from the year of Judge Guirola's finding (2016) to the end of 2021, that $450.00 hourly rate for Mr. Vethan is $503.68.

* ## Joseph L. Lanza (class of '92): Mr. Lanza works in San Antonio. His online biography states that he "litigates cases ranging from the enforcement of non-competition provisions in contracts, misappropriation of trade secrets, breaches of contract and fiduciary duties, and patent and trademark infringement." On October 13, 2016, Judge Louis Guirola, Jr., approved a rate of $450.00 per hour for Mr. Lanza's work in a Sherman FLSA case. *See Vassallo v. Goodman Networks, Inc.*, No. 4:15-CV-97 (Doc. 144) at pp. 11–12, PageID #: 2612–13 (E.D. Tex. Sherman) (Judge Louis Guirola, Jr.) ("Mr. Lanza and Mr. Vethan billed their time at a rate of $450 per hour, while Mr. Grove, Mr. Colvin, and Mr. Walker billed their time at a rate of $400 per hour. Mr. Singhe billed his time at $275 per hour, and Mr. Bergen, Mr. Peterson, and Ms. Mallary billed their time at a rate of $350 per hour. . . . The Court finds that the attorneys' proposed rates, which range from $275 per hour to $450 per hour, should be approved by this Court."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 11.93% higher in 2021 versus 2016—an $53.68 difference from that hourly rate of $450.00 Judge Guirola found reasonable in 2016.[14] Adjusted *only* for such inflation from the year of Judge Guirola's finding (2016) to the end of 2021, that $450.00 hourly rate for Mr. Lanza is $503.68.

* ## John Werner (class of '93): Mr. Werner works in Beaumont. His practice areas include labor and employment law. On September 2, 2015, Judge Ron Clark awarded Mr. Werner's firm attorneys' fees in a Beaumont FLSA case— the amount Magistrate Judge Keith F. Giblin recommended on August 12, 2015. *See Rivera v. Evergreen Fabrication & Indus. Servs., Inc.*, No 1:14-cv-76 (Doc. 14) at pp. 1–2, PageID #: 237–38 (E.D. Tex. Beaumont) ("Pursuant to Judge Giblin's recommendation, the Court awards damages in the amount of $8,460.00; $3,970.00 in attorneys' fees[.] . . ."); *id.* (Doc. 13) at p. 13, PageID #: 236 ("The undersigned further recommends that the Court enter judgment in favor of the plaintiff and assess judgment against the defendant. The judgment should award the plaintiff $8,460.00 in damages, $3,970.00 in attorneys' fees . . ."). The recommendation was for the full amount of fees requested, which was calculated using an hourly rate of $400.00 for Mr. Werner's work. *See id.* (Doc. 9) at p. 6, PageID #: 57 (Plaintiff's Motion for Default Judgment: "Multiplying the total number of hours expended in this matter by the hourly rates of the undersigned counsel,

---

[13] https://www.officialdata.org/Legal-services/price-inflation/2016-to-2021?amount=450

[14] https://www.officialdata.org/Legal-services/price-inflation/2016-to-2021?amount=450

Plaintiff is entitled to reasonable and necessary attorney fees in the amount of $3,970, plus taxable court costs."); *id.* (Doc. 9-1) at pp. 1–2, PageID #: 216–17 (Affidavit of Mark W. Frasher: "John Werner's hourly rate is $400, which rate is reasonable for a lawyer practicing in this community with the same or similar experience. . . . My total fees are $2,730 and John Werner's total fees are $1,240 for a total fee of $3,970."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus 2015—a $62.83 difference from that hourly rate of $400.00 that both Judge Clark and Magistrate Judge Giblin awarded in 2015.[15] Adjusted *only* for such inflation from the year of these judges' rulings (2015) to the end of 2021, that $400.00 hourly rate for Mr. Werner is $462.83.

\* <span style="color:red">Michelle Mahony (class of '97):</span> Ms. Mahony works in Houston. Her online biography states that "[f]or over twenty years, Michelle has counseled and defended both large and small employers in matters covering a wide range of traditional employment and wage and hour matters." In or before 2009 she worked on a Lufkin employment race discrimination case and her hourly rate for that work was $335.00. *See McClain v. Lufkin Industries*, No. 9:97-CV-063 (Doc. 599-5) at p. 38 (E.D. Tex. Lufkin) (Amended Declaration of Christopher V. Bacon, filed on January 20, 2009: "Timekeepers Billing Over 10.00 hours . . . Mahoney, Mary [sic] . . . Last Rate Billed On This Case . . . $335"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 34.60% higher in 2021 versus 2009—a $115.91 difference from that billed rate of $335.00 in 2009.[16] Adjusted *only* for such inflation from the year of that stated rate (2009) to the end of 2021, that $335.00 hourly rate for Ms. Mahoney is $450.91.

\* <span style="color:red">Julia C. Hatcher (class of '97):</span> Ms. Hatcher works in Galveston. Her online biography notes that she has a general practice that also includes litigating employment discrimination. On March 17, 2015, <span style="color:red">Judge Ron Clark</span> awarded her requested hourly rate of $375.00 for work she did in a Lufkin employment discrimination case. *See Combs v. City of Huntington, Texas*, No. 9:12-cv-00210 (Doc. 101) at pp. 5–6, Page ID #: 780–81 (E.D. Tex. Lufkin) ("Plaintiff's motion for attorney's fees requests an hourly rate for Ms. Hatcher of $375[.] . . . Defendant submitted no contravening evidence about prevailing local rates. Accordingly, given Ms. Hatcher's affidavit about her own experience and the court's observations of Ms. Hatcher's ability in trial, without intending to set any precedent, Mr. Garrigan's affidavit supports Ms. Hatcher's requested hourly fee of $375 per hour."), *vacated and remanded on other grounds*, No. 15-40436 (5th Cir. July 15,

---

[15] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=400

[16] https://www.officialdata.org/Legal-services/price-inflation/2009-to-2021?amount=335

2016). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus 2015—a $58.90 difference from Judge Clark's award of $375.00 per hour in 2015.[17] Adjusted *only* for such inflation from the year of Judge Clark's ruling (2015) to the end of 2021, that $375.00 hourly rate for Ms. Hatcher is $433.90.

\* Mark Frasher (class of '96): Mr. Frasher works in Beaumont. His practice areas include labor and employment law. On September 2, 2015, Judge Ron Clark awarded Mr. Frasher's firm attorneys' fees in a Beaumont FLSA case— the amount Magistrate Judge Keith F. Giblin recommended on August 12, 2015. *See Rivera v. Evergreen Fabrication & Indus. Servs., Inc.*, No 1:14-cv-76 (Doc. 14) at pp. 1–2, PageID #: 237–38 (E.D. Tex. Beaumont) ("Pursuant to Judge Giblin's recommendation, the Court awards damages in the amount of $8,460.00; $3,970.00 in attorneys' fees . . ."); *id.* (Doc. 13) at p. 13, PageID #: 236 ("The undersigned further recommends that the Court enter judgment in favor of the plaintiff and assess judgment against the defendant. The judgment should award the plaintiff $8,460.00 in damages, $3,970.00 in attorneys' fees . . ."). The recommendation was for the full amount of fees requested, which was calculated using an hourly rate of $350.00 for Mr. Frasher's work. *See id.* (Doc. 9) at p. 6, PageID #: 57 (Plaintiff's Motion for Default Judgment: "Multiplying the total number of hours expended in this matter by the hourly rates of the undersigned counsel, Plaintiff is entitled to reasonable and necessary attorney fees in the amount of $3,970, plus taxable court costs."); *id.* (Doc. 9-1) at p. 1, PageID #: 216 (Affidavit of Mark W. Frasher: "My hourly rate in this matter is $350, which rate is reasonable for a lawyer practicing in this community with the same or similar experience. . . . My total fees are $2,730 and John Werner's total fees are $1,240 for a total fee of $3,970."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus 2015—a $54.98 difference from that hourly rate of $350.00 that both Judge Clark and Magistrate Judge Giblin awarded in 2015.[18] Adjusted *only* for such inflation from the year of these judges' rulings (2015) to the end of 2021, that $350.00 hourly rate for Mr. Frasher is $404.98.

---

[17] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=375

[18] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=350

# *Classes of the 2000s*



# 10 **lawyers listed**

# $476.87

**average rate**

# $452.32

**median rate**



# Classes of the 2000s: The Rates



**$659.98***
Laura
Reasons
(JD 2007)



$447.72*
Seth
Grove
(JD 2009)



$598.55*
Aaron
Goldstein
(JD 2003)



$433.90*
Corinna
Chandler
(JD 2009)



$538.91*
Camar R.
Jones
(JD 2003)



$411.22*
Christopher
Willett
(JD 2009)



$481.91*
Rebecca
Predovan
(JD 2009)



$376.88*
Corey E.
Devine
(JD 2006)



$456.91*
Jim
Sanford
(JD 2005)



**$362.73***
Timothy D.
Craig
(JD 2003)



## *Classes of the 2000s: The Work*

**\* Laura Reasons (class of '07):** Ms. Reasons works in Chicago. Her online biography states that she "focuses her practice on wage and hour class and collective actions across the country arising under the Fair Labor Standards Act and state laws." On June 16, 2020, Judge Robert W. Schroeder III ruled that Ms. Reasons's hourly rate of $650.00 per hour was reasonable for work she did in a Texarkana FLSA case. *See Waggoner v. VSE Corp.*, No. 5:18-cv-00058 (Doc. 155) at p. 14, PageID #: 2608 (E.D. Tex. Texarkana) ("The Court finds the hourly rates reported by Plaintiffs' counsel to be reasonable in light of the attorneys' experience, the relevant rates for similar attorneys in this community and the specific facts of this case. . . . Laura Reasons performed a large percentage of the work performed by lawyers at the rate of $650 per hour."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020—a $9.98 difference from that hourly rate of $650.00 that Judge Schroeder found was reasonable in 2020.[1] Adjusted *only* for such inflation from the year of Judge Schroeder's finding (2020) to the end of 2021, that $650.00 hourly rate for Ms. Reasons is $659.98.

**\* Aaron Goldstein (class of '03):** Mr. Goldstein works in Seattle. His online biography states that he "advises businesses and provides litigation expertise on all employment and trade secret related matters, from non-competition agreements and data theft, to discrimination and harassment claims under Oregon, Washington, and federal law." He billed for employment law work he did in an Eastern District of Texas bankruptcy case. *See In re: Nuvectra Corp.*, No. 19-43090 (Doc. 364) at p. 3, (Doc. 364-3) at Exhibit C, p. 1, and (Doc. 364-6) at Exhibit F, pp. 2, 45, 46, 48 (Bankr. E.D. Tex. Sherman) (Summary of Final Fee Application of Dorsey & Whitney LLP for Allowance of Compensation and Reimbursement of Expenses as Counsel to the Debtor and Debtor in Possession for the Period November 12, 2019 through June 2, 2020) (for work such as "Review correspondence from L. Kalesnik, analyze various WARN Act issue, and correspond with L. Kalesnik regarding same" and "Continue researching and analyzing federal WARN Act issues (1.4); review correspondence from B. Schmidt regarding

---

[1] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=650

new facts relevant to analysis (.3); analyze proposed reduction in force in light of same (.7); draft memorandum regarding WARN Act analysis (1.3)" and "Correspond with case team multiple times regarding strategy for WARN Act and related issues (.5); confer with B. Schmidt regarding outstanding facts necessary before providing a comprehensive WARN Act analysis (.8); analyze overall strategy in light of information from case team (1.2)" and "Research WARN Act constructive discharge issues related to contemplated reduction in force (.7); correspond with case team regarding same (.3); review WARN Act resources and correspond with case team regarding same (.4)" and "Analyze and research multiple WARN Act issues related to release agreement and possible exceptions to WARN Act application"). For that work, the "Stated Rate" was $595.00 per hour—though his firm said it applied a 10% discount to arrive at "$589.50" [which is not actually a 10% discount] and that was the charge for work done in 2019. *See id.* (Doc. 364) at p. 3. On August 12, 2020, Judge Brenda T. Rhoades approved the request for fees. *See id.* (Doc. 386). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020—a $9.05 difference from that hourly rate of $589.50 that was a part of the fees Judge Rhoades approved in 2020.[2] Adjusted *only* for such inflation from the year of Judge Rhoades's fee award (2020) to the end of 2021, that $589.50 hourly rate for Mr. Goldstein is $598.55.

\* Camar R. Jones (class of '03): Mr. Jones works in Florida. His online biography states that he "has extensive experience representing employees who have been the victims of overtime and minimum wage violations, as well as discrimination, harassment, wrongful termination, and retaliation." On December 20, 2018, Judge Amos Mazzant determined Mr. Jones's $520.00 hourly rate for work in a Sherman FLSA case was reasonable. *See Halleen v. Belk, Inc.*, No. 4:16-cv-55 (Doc. 177) at p. 11, PageID #: 2547 (E.D. Tex. Sherman) ("Accordingly, the Court finds the hourly rates reported by Plaintiffs' Counsel to be reasonable in light of the attorneys' experience, the relevant rates for similar attorneys in this community, and the specific facts of this case."); *id.* (Doc. 174-1) (requesting fees and reporting lodestar rate of $520.00 per hour: "Camar Jones . . . Rate . . . $520 . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 3.64% higher in 2021 versus 2018—an $18.91 difference from that hourly rate of $520.00 that Judge Mazzant found reasonable in 2018.[3] Adjusted *only* for such inflation from the year of Judge Mazzant's finding (2018) to the end of 2021, that $520.00 hourly rate for Mr. Jones is $538.91.

---

[2] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=589.50

[3] https://www.officialdata.org/Legal-services/price-inflation/2018-to-2021?amount=520

\* Rebecca Predovan (class of '09): Ms. Predovan works in New York. Her online biography states that she "concentrates her practice in Fair Labor Standards Act (FLSA) class action lawsuits, civil litigation, employment law, federal employment and discrimination law." On December 20, 2018, Judge Amos Mazzant found Ms. Predovan's \$465.00 hourly rate for work in a Sherman FLSA case was reasonable. *See Halleen v. Belk, Inc.*, No. 4:16-cv-55 (Doc. 177) at p. 11, PageID #: 2547 (E.D. Tex. Sherman) ("Accordingly, the Court finds the hourly rates reported by Plaintiffs' Counsel to be reasonable in light of the attorneys' experience, the relevant rates for similar attorneys in this community, and the specific facts of this case."); *id.* (Doc. 174-1) (requesting fees and reporting lodestar rate of \$465.00 per hour: "Rebecca Predovan . . . Rate . . . \$465"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 3.64% higher in 2021 versus 2018—an \$16.91 difference from that hourly rate of \$465.00 that Judge Mazzant found reasonable in 2018.[4] Adjusted *only* for such inflation from the year of Judge Mazzant's finding (2018) to the end of 2021, that \$465.00 hourly rate for Ms. Predovan is \$481.91.

\* Jim Sanford (class of '05): Mr. Sanford works in Dallas. His online biography notes he "counsels and advocates for clients in the area of labor and employment law." On January 8, 2020, Judge Amos L. Mazzant found that \$450.00 per hour was a reasonable hourly rate for Mr. Sanford's work in a Sherman FLSA case. *See Guzman v. GS Fire Protection, LLC*, No. 4:19-cv-00214 (Doc. 12) at p. 4, PageID #: 187 (E.D. Tex. Sherman) ("The Court also finds that the reasonable rates for Plaintiffs' counsel are \$450/hour for James Sanford[.]"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020—a \$6.91 difference from that hourly rate of \$450.00 that Judge Mazzant found reasonable in 2020.[5] Adjusted *only* for such inflation from the year of Judge Mazzant's finding (2020) to the end of 2021, that \$450.00 hourly rate for Mr. Sanford is \$456.91.

\* Seth Grove (class of '09): Mr. Grove works in San Antonio. His online biography notes that his practice areas include Fair Labor Standards Act claims. On October 13, 2016, Judge Louis Guirola, Jr., approved a rate of \$400.00 per hour for Mr. Grove's work in a Sherman FLSA case. *See Vassallo v. Goodman Networks, Inc.*, No. 4:15-CV-97 (Doc. 144) at pp. 11–12, PageID #: 2612–13 (E.D. Tex. Sherman) ("Mr. Lanza and Mr. Vethan billed their time at a rate of \$450 per hour, while Mr. Grove, Mr. Colvin, and Mr. Walker billed their time at a rate of

---

[4] https://www.officialdata.org/Legal-services/price-inflation/2018-to-2021?amount=465

[5] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=450

$400 per hour. Mr. Singhe billed his time at $275 per hour, and Mr. Bergen, Mr. Peterson, and Ms. Mallary billed their time at a rate of $350 per hour. . . . The Court finds that the attorneys' proposed rates, which range from $275 per hour to $450 per hour, should be approved by this Court."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 11.93% higher in 2021 versus 2016—a $47.72 difference from that hourly rate of $400.00 Judge Guirola found reasonable in 2016.[6] Adjusted *only* for such inflation from the year of Judge Guirola's finding (2016) to the end of 2021, that $400.00 hourly rate for Mr. Grove is $447.72.

\* Corinna Chandler (class of '09): Ms. Chandler works in Dallas and she focuses her practice on employment law. On August 11, 2015, Judge Amos Mazzant ruled that $375.00 per hour was a reasonable rate for Ms. Chandler's work in a Sherman FLSA case. *See Grimm v. Moore, et al.*, No. 4:14-CV-329 (Doc. 34) at pp. 3–4, PageID #: 622–23 (E.D. Tex. Sherman) ("Based on a declaration submitted to the Court, the attorneys seek to be compensated at the following hourly rate . . . $375 per hour for Corinna Chandler. . . . Based on their respective levels of experience, the Court finds that the hourly rates submitted in this case are reasonable."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus 2015—a $58.90 difference from that hourly rate of $375.00 Judge Mazzant found reasonable in 2015.[7] Adjusted *only* for such inflation from the year of Judge Mazzant's finding (2015) to the end of 2021, that $375.00 hourly rate for Ms. Chandler is $433.90.

\* Christopher Willett (class of '09): Mr. Willett works in Austin. On June 10, 2020, Judge Amos L. Mazzant awarded fees for work Mr. Willett did in a Sherman unpaid wage/breach of contract case—adopting the recommendation of Magistrate Judge Christine A. Nowak that determined Mr. Willett's hourly rate of $405.00 was reasonable. *See Moctezuma v. Dion Islas*, No. 4:18-cv-00342 (Doc. 87) at p. 1, PageID #: 384 (E.D. Tex. Sherman) ("Having received the report of the United States Magistrate Judge, and no objections thereto having been timely filed, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court. It is therefore ORDERED that Plaintiffs' Motion for Award of Attorneys' Fees [Dkt. #82] is GRANTED, and Plaintiffs shall have and recover their attorneys' fees in the amount of $5,869.50 from Defendant."); *id.* (Doc. 86) at p. 8, PageID #: 382 ("Plaintiffs' Counsel report hourly rates ranging between $270.00 to $405.00 [Dkt. 82-1 at 3]. Ms. Khader's hourly rate is

---

[6]  https://www.officialdata.org/Legal-services/price-inflation/2016-to-2021?amount=400

[7]  https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=375

$375.00, Ms. Ali's hourly rate is $270.00, and Mr. Willett's hourly rate is $405.00. . . . The Court finds the requested hourly rates to be reasonable and appropriate in light of the attorneys' experience, the relevant rates for similar attorneys in this community, and the specific facts of this case."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020—a $6.22 difference from that hourly rate of $405.00 that these judges found was reasonable in 2020.[8] Adjusted *only* for such inflation from the year of these judges' rulings (2020) to the end of 2021, that $405.00 hourly rate for Mr. Willett is $411.22.

\* Corey E. Devine (class of '06): Mr. Devine works in Houston. His online biography states that he "focuses his practice on traditional employment, wage and hour, and unfair competition disputes and counseling, especially for clients in the energy industry." He billed for work in a Lufkin employment race discrimination case. *See McClain v. Lufkin Industries*, No. 9:97-CV-063 (Doc. 599-5) at pp. 37, 38 (E.D. Tex. Lufkin) (Amended Declaration of Christopher V. Bacon, filed on January 20, 2009: "Time Keepers Billing Over 10.00 hours . . . Devine, Corey . . . Last Rate Billed . . . 210" but that his "Current Rate" as of the date of testimony in January of 2009 was "280"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 34.60% higher in 2021 versus 2009—a $96.88 difference from the year of that "current rate."[9] Adjusted *only* for such inflation from the year of that testified "current rate" (2020) to the end of 2021, that $280.00 hourly rate for Mr. Devine is $376.88.

\* Timothy D. Craig (class of '03): Mr. Craig works in Nacogdoches. His practice areas include labor and employment law. On February 20, 2018, Magistrate Judge Roy S. Payne found that Mr. Craig was worthy of the $350.00 per hour rate requested for work in a Marshall employment discrimination and retaliation case. *See Fisher v. Lufkin Indus., Inc.*, No. 2:12-CV-423 (Doc. 127) at p. 4, PageID #: 2053 (E.D. Tex. Marshall) ("The Court is not as familiar with Mr. Craig, but finds his work in this case worthy of the $350 hourly rate requested."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 3.64% higher in 2021 versus 2018—a $12.73 difference from the year of Magistrate Judge Payne's finding.[10] Adjusted *only* for such inflation from the year of Magistrate Judge Payne's finding (2018) to the end of 2021, that $350.00 hourly rate for Mr. Craig is $362.73.

---

[8]  https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=405

[9]  https://www.officialdata.org/Legal-services/price-inflation/2009-to-2021?amount=280

[10]  https://www.officialdata.org/Legal-services/price-inflation/2018-to-2021?amount=350

# *Classes of the 2010s*



**13** lawyers listed

**$365.09** average rate

**$342.00** median rate



# Classes of the 2010s:
## The Rates



**$518.18***

Paolo
Meireles
(JD 2010)



$342.00*

Logan A.
Pardell
(JD 2015)



$440.00*

Brooke
Bahlinger
(JD 2019)



$342.00*

Joshua
Cittadino
(JD 2014)



$434.06*

Marina
Lyons
(JD 2013)



$329.99*

Stephanie
Gharakhanian
(JD 2013)



$391.75*

David
Bergen
(JD 2015)



$305.73*

Megan
Dixon
(JD 2012)



$391.75*

Olivia C.
Mallary
(JD 2015)



$274.14*

Reema
Ali
(JD 2018)



$380.76*

Shana
Khader
(JD 2011)



**$253.84***

Sean
Goldhammer
(JD 2016)



$342.00*

Janine
Kapp
(JD 2015)



## Classes of the 2010s: The Work

\* Paolo Meireles (class of '10): Mr. Meireles works in Florida. His online biography states that his "practice focuses on class and collective action cases seeking unpaid wages on behalf of current and former employees nationwide." On December 20, 2018, Judge Amos Mazzant found Mr. Meireles's $500.00 hourly rate for work in a Sherman FLSA case was reasonable. *See Halleen v. Belk, Inc.*, No. 4:16-cv-55 (Doc. 177) at p. 11, PageID #: 2547 (E.D. Tex. Sherman) ("Accordingly, the Court finds the hourly rates reported by Plaintiffs' Counsel to be reasonable in light of the attorneys' experience, the relevant rates for similar attorneys in this community, and the specific facts of this case."); *id.* (Doc. 174-1) at p. 28, PageID #: 2336 (requesting fees and reporting lodestar rate of $500.00 per hour: "Paulo Meireles . . . Rate . . . $500"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 3.64% higher in 2021 versus 2018—an $18.18 difference from that hourly rate of $500.00 Judge Mazzant found reasonable in 2018.[1] Adjusted *only* for such inflation from the year of Judge Mazzant's finding (2018) to the end of 2021, that $500.00 hourly rate for Mr. Meireles is $518.18.

\* Brooke Bahlinger (class of '19): Ms. Bahlinger works in Dallas. Her online biography states that she "is a labor and employment lawyer . . ." In a Sherman bankruptcy case, her law firm has her hourly rate listed as $440.00 for employment law work in 2021 such as, "Consult with team and B. Smith regarding noncompete and consideration issues; research and analyze case law regarding non-compete consideration and severance; analyze authentication issue with affidavit." *See In re: Spherature Investments LLC*, No. 20-42492 (Doc. 760) at p.1 & (760-3) at p. 1 & (Doc. 760-8) at p. 117 (E.D. Tex. Bankr. Sherman) (Summary of Second Interim and Final Application of Foley & Lardner LLP, as Counsel to the Debtors, for Allowance of Compensation and Reimbursement of Expenses for Services Rendered During the Period from December 21, 2020 through November 12, 2021) ("Brooke C. Bahlinger . . . FYE 2021 Hourly Rate . . . $440 . . ."). On January 12, 2022, Judge Brenda T. Rhoades granted the request for payment of these fees. *See id.* (Doc. 798).

---

[1] https://www.officialdata.org/Legal-services/price-inflation/2018-to-2021?amount=500

\* **Marina Lyons (class of '13):** Ms. Lyons works in Seattle. Her online biography states that she "has extensive experience litigating employment issues and has advised clients concerning wage and hour disputes, discrimination, breach of contract, non-compete claims, investigations by governmental agencies, and drafting employment handbooks and policies." She billed for employment law work she did in an Eastern District of Texas bankruptcy case. *See In re: Nuvectra Corp.*, No. 19-43090 (Doc. 364) at p. 3, (Doc. 364-3) at Exhibit C, p. 1, and (Doc. 364-6) at Exhibit F, p. 46 (Bankr. E.D. Tex. Sherman) (Summary of Final Fee Application of Dorsey & Whitney LLP for Allowance of Compensation and Reimbursement of Expenses as Counsel to the Debtor and Debtor in Possession for the Period November 12, 2019 through June 2, 2020) (for work including "Further research and analyze the way in which courts determine the location of the site of employment for purposes of telecommuting employees under the Worker Adjustment and Retraining Notification Act"). For that work, the "Stated Rate" was $475.00 per hour—though her firm applied a 10% discount yielding $427.50 per hour, and that was the charge for work done in 2019. *See id.* On August 12, 2020, Judge Brenda T. Rhoades approved the request for fees. *See id.* (Doc. 386). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020 (a $6.56 difference).[2] Adjusted *only* for such inflation from the year of Judge Rhoades's approval (2020) to the end of 2021, that $427.50 hourly rate for Ms. Lyons is $434.06.

\* **David Bergen (class of '15):** Mr. Bergen works in Houston. His online biography notes that he represents injured plaintiffs. On October 13, 2016, Judge Louis Guirola, Jr., approved a rate of $350.00 per hour for Mr. Bergen's work in a Sherman FLSA case. *See Vassallo v. Goodman Networks, Inc.*, No. 4:15-CV-97 (Doc. 144) at pp. 11–12, PageID #: 2612–13 (E.D. Tex. Sherman) ("Mr. Bergen, Mr. Peterson, and Ms. Mallary billed their time at a rate of $350 per hour. . . . The Court finds that the attorneys' proposed rates, which range from $275 per hour to $450 per hour, should be approved by this Court."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 11.93% higher in 2021 versus 2016—a $41.75 difference from that hourly rate of $350.00 Judge Guirola found reasonable in 2016.[3] Adjusted *only* for such inflation from the year of Judge Guirola's finding (2016) to the end of 2021, that $350.00 hourly rate for Mr. Bergen is $391.75.

---

[2] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=427.50

[3] https://www.officialdata.org/Legal-services/price-inflation/2016-to-2021?amount=350

* Olivia C. Mallary (class of '15): Ms. Mallary works in Louisiana. Her online biography notes that her practice areas include employment law. On October 13, 2016, Judge Louis Guirola, Jr., approved a rate of $350.00 per hour for Ms. Mallary's work in a Sherman FLSA case. *See Vassallo v. Goodman Networks, Inc.*, No. 4:15-CV-97 (Doc. 144) at pp. 11–12, PageID #: 2612–13 (E.D. Tex. Sherman) ("Mr. Bergen, Mr. Peterson, and Ms. Mallary billed their time at a rate of $350 per hour. . . . The Court finds that the attorneys' proposed rates, which range from $275 per hour to $450 per hour, should be approved by this Court."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 11.93% higher in 2021 versus 2016—a $41.75 difference from that hourly rate of $350.00 Judge Guirola found reasonable in 2016.[4] Adjusted *only* for such inflation from the year of Judge Guirola's finding (2016) to the end of 2021, that $350.00 hourly rate for Ms. Mallary is $391.75.

* Shana Khader (class of '11): Ms. Khader works in Dallas. Her practice areas include labor and employment law. On June 10, 2020, Judge Amos L. Mazzant awarded fees for work Ms. Khader did in a Sherman unpaid wage/breach of contract case—adopting the recommendation of Magistrate Judge Christine A. Nowak that determined Ms. Khader's hourly rate of $375.00 was reasonable. *See Moctezuma v. Dion Islas*, No. 4:18-cv-00342 (Doc. 87) at p. 1, PageID #: 384 (E.D. Tex. Sherman) ("Having received the report of the United States Magistrate Judge, and no objections thereto having been timely filed, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court. It is therefore ORDERED that Plaintiffs' Motion for Award of Attorneys' Fees (Dkt. #82) is GRANTED, and Plaintiffs shall have and recover their attorneys' fees in the amount of $5,869.50 from Defendant."); *id.* (Doc. 86) at p. 8, PageID #: 382 ("Plaintiffs' Counsel report hourly rates ranging between $270.00 to $405.00 (Dkt. 82-1 at 3). Ms. Khader's hourly rate is $375.00, Ms. Ali's hourly rate is $270.00, and Mr. Willett's hourly rate is $405.00. . . . The Court finds the requested hourly rates to be reasonable and appropriate in light of the attorneys' experience, the relevant rates for similar attorneys in this community, and the specific facts of this case."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020—a $5.76 difference from that hourly rate of $375.00 that these judges found was reasonable in 2020.[5] Adjusted

---

[4] https://www.officialdata.org/Legal-services/price-inflation/2016-to-2021?amount=350

[5] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=375

*only* for such inflation from the year of these judges' rulings (2020) to the end of 2021, that $375.00 hourly rate for Ms. Khader is $380.76.

\* Janine Kapp (class of '15): Ms. Kapp works in New York. Her online biography states that she "represents employees in employment law litigation." On December 20, 2018, Judge Amos Mazzant determined Ms. Kapp's $330.00 hourly rate for work in a Sherman FLSA case was reasonable. *See Halleen v. Belk, Inc.*, No. 4:16-cv-55 (Doc. 177) at p. 11, PageID #: 2547 (E.D. Tex. Sherman) ("Accordingly, the Court finds the hourly rates reported by Plaintiffs' Counsel to be reasonable in light of the attorneys' experience, the relevant rates for similar attorneys in this community, and the specific facts of this case."); *id.* (Doc. 174-1) at p. 28, PageID #: 2336 (requesting fees and reporting lodestar rate of $330.00 per hour: "Janine Kapp . . . Rate . . . $330"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 3.64% higher in 2021 versus 2018—a $12.00 difference from that hourly rate of $330.00 that Judge Mazzant found reasonable in 2018.[6] Adjusted *only* for such inflation from the year of Judge Mazzant's finding (2018) to the end of 2021, that $330.00 hourly rate for Ms. Kapp is $342.00.

\* Logan A. Pardell (class of '15): Mr. Pardell works in Florida. His online biography notes that he "focuses his practice on nationwide complex employment class and collective action litigation, specifically claims for unpaid overtime wages." On December 20, 2018, Judge Amos Mazzant determined Mr. Pardell's $330.00 hourly rate for work in a Sherman FLSA case was reasonable. *See Halleen v. Belk, Inc.*, No. 4:16-cv-55 (Doc. 177) at p. 11, PageID #: 2547 (E.D. Tex. Sherman) ("Accordingly, the Court finds the hourly rates reported by Plaintiffs' Counsel to be reasonable in light of the attorneys' experience, the relevant rates for similar attorneys in this community, and the specific facts of this case."); *id.* (Doc. 174-1) at p. 28, PageID #: 2336 (requesting fees and reporting lodestar rate of $330.00 per hour: "Logan Pardell . . . Rate . . . $330"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 3.64% higher in 2021 versus 2018—a $12.00 difference from that hourly rate of $330.00 that Judge Mazzant found reasonable in 2018.[7] Adjusted *only* for such inflation from the year of Judge Mazzant's finding (2018) to the end of 2021, that $330.00 hourly rate for Mr. Pardell is $342.00.

---

[6] https://www.officialdata.org/Legal-services/price-inflation/2018-to-2021?amount=330

[7] https://www.officialdata.org/Legal-services/price-inflation/2018-to-2021?amount=330

\* Joshua Cittadino (class of '14): Mr. Cittadino works in New Jerset and previously worked in New York. His online biography notes that he "has represented clients dealing with unfair employment practices in both State and Federal Court." On December 20, 2018, Judge Amos Mazzant found Mr. Cittadino's $330.00 hourly rate for work in a Sherman FLSA case was reasonable. *See Halleen v. Belk, Inc.*, No. 4:16-cv-55 (Doc. 177) at p. 11, PageID #: 2547 (E.D. Tex. Sherman) ("Accordingly, the Court finds the hourly rates reported by Plaintiffs' Counsel to be reasonable in light of the attorneys' experience, the relevant rates for similar attorneys in this community, and the specific facts of this case."); *id.* (Doc. 174-1) at p. 28, PageID #: 2336 (requesting fees and reporting lodestar rate of $330.00 per hour: "Joshua Cittadino . . . Rate . . . $330"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 3.64% higher in 2021 versus 2018—a $12.00 difference from that hourly rate of $330.00 that Judge Mazzant found reasonable in 2018.[8] Adjusted *only* for such inflation from the year of Judge Mazzant's finding (2018) to the end of 2021, that $330.00 hourly rate for Mr. Cittadino is $342.00.

\* Stephanie Gharakhanian (class of '13): Ms. Gharakhanian works in Austin. She previously served as special counsel for the Workers Defense Project—"a community organization for low-wage, immigrant workers in the Texas construction industry." She now works for the Travis County District Attorney's Office. On January 8, 2020, Judge Amos L. Mazzant found that $325.00 per hour was a reasonable hourly rate for Ms. Gharakhanian's work in a Sherman FLSA case. *See Guzman v. GS Fire Protection, LLC*, No. 4:19-cv-00214 (Doc. 12) at p. 4, PageID #: 187 (E.D. Tex. Sherman) ("The Court also finds that the reasonable rates for Plaintiffs' counsel are . . . $325/hour for Stephanie Gharakhanian[.] . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020—a $329.99 difference from that hourly rate of $325.00 that Judge Mazzant found reasonable in 2020.[9] Adjusted *only* for such inflation from the year of Judge Mazzant's finding (2020) to the end of 2021, that $325.00 hourly rate for Ms. Gharakhanian is $329.99.

\* Megan Dixon (class of '12): Ms. Dixon works in Dallas. Her online biography states that she "focuses her practice on representing employees in a variety of employment disputes in state and federal courts throughout Texas." On

---

[8] https://www.officialdata.org/Legal-services/price-inflation/2018-to-2021?amount=330

[9] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=325

April 24, 2018, Judge Amos Mazzant found her firm's request for fees was reasonable in a Sherman FLSA case. *See Cole v. Wilcox, MD PA*, No. 4:17-CV-00367 (Doc. 18) at p. 3, PageID #: 111 (E.D. Tex. Sherman) ("After reviewing Plaintiff's motion, the Court finds that Plaintiff's request is reasonable and should be granted"); *id.* (Doc. 16) at p. 6, ¶ 14, PageID #: 89 (Plaintiff's Amended Application for Attorneys' Fees and Costs and Brief in Support, seeking $295.00 per hour for Ms. Dixon's work). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 3.64% higher in 2021 versus 2018—a $10.73 difference from that hourly rate of $295.00 that Judge Mazzant found reasonable in 2018.[10] Adjusted *only* for such inflation from the year of Judge Mazzant's finding (2018) to the end of 2021, that $295.00 hourly rate for Ms. Dixon is $305.73.

**\* Reema Ali (class of '18):** Ms. Ali works in Dallas. Her practice includes representing low-wage workers in employment matters. On June 10, 2020, Judge Amos L. Mazzant awarded fees for work Ms. Ali did in a Sherman unpaid wage/breach of contract case—adopting the recommendation of Magistrate Judge Christine A. Nowak that determined Ms. Ali's hourly rate of $270.00 was reasonable. *See Moctezuma v. Dion Islas*, No. 4:18-cv-00342 (Doc. 87) at p. 1, PageID #: 384 (E.D. Tex. Sherman) ("Having received the report of the United States Magistrate Judge, and no objections thereto having been timely filed, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court. It is therefore ORDERED that Plaintiffs' Motion for Award of Attorneys' Fees (Dkt. #82) is GRANTED, and Plaintiffs shall have and recover their attorneys' fees in the amount of $5,869.50 from Defendant."); *id.* (Doc. 86) at p. 8, PageID #: 382 ("Plaintiffs' Counsel report hourly rates ranging between $270.00 to $405.00 (Dkt. 82-1 at 3). Ms. Khader's hourly rate is $375.00, Ms. Ali's hourly rate is $270.00, and Mr. Willett's hourly rate is $405.00. . . . The Court finds the requested hourly rates to be reasonable and appropriate in light of the attorneys' experience, the relevant rates for similar attorneys in this community, and the specific facts of this case."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020—a $4.14 difference from that hourly rate of $270.00 that these judges found was reasonable in 2020.[11] Adjusted *only* for such inflation from the year of these judges' rulings (2020) to the end of 2021, that $270.00 hourly rate for Ms. Ali is $274.14.

---

[10] https://www.officialdata.org/Legal-services/price-inflation/2018-to-2021?amount=295

[11] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=270

\* **Sean Goldhammer (class of '16):** Mr. Goldhammer works in Dallas for the Workers Defense Project—"a community organization for low-wage, immigrant workers in the Texas construction industry." On January 8, 2020, Judge Amos L. Mazzant found that $250.00 per hour was a reasonable hourly rate for Mr. Goldhammer's work in a Sherman FLSA case. *See Guzman v. GS Fire Protection, LLC*, No. 4:19-cv-00214 (Doc. 12) at p. 4, PageID #: 187 (E.D. Tex. Sherman) ("The Court also finds that the reasonable rates for Plaintiffs' counsel are . . . $250/hour for Sean Goldhammer[.] . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020—a $3.84 difference from that hourly rate of $250.00 that Judge Mazzant found was reasonable in 2020.[12] Adjusted *only* for such inflation from the year of Judge Mazzant's finding (2020) to the end of 2021, that $250.00 hourly rate for Mr. Goldhammer is $253.84.

---

[12] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=250

# *West Texas*





WDTX† summary of rates listed: high to low

# $923.47 to $260.34

| Rate | Name / JD Year | Rate | Name / JD Year |
|---|---|---|---|
| $923.47* | Ricardo G. Cedillo (JD 1979) | $440.00* | Andrew Vickers (JD 2012) |
| $908.54* | Stephen E. Fox (JD 1987) | $414.55* | Corey E. Tanner (JD 2011) |
| $885.16* | Jesse J. Gelsomini (JD 1986) | $411.22* | Christopher Willett (JD 2009) |
| $867.81* | Felicity A. Fowler (JD 1992) | $405.43* | Jairo N. Castellanos (JD 2015) |
| $790.00* | Eric Taube (JD 1983) | $405.30* | Stephen Key (JD 1994) |
| $773.94* | Kelly D. Hine (JD 1997) | $404.98* | J. Derek Braziel (JD 1995) |
| $665.00* | David Weiser (JD 1986) | $404.98* | Joseph Bourbois (JD 1994) |
| $600.44* | Colin W. Walsh (JD 2011) | $400.95* | Edmond S. Moreland, Jr. (JD 1997) |
| $600.44* | Kalandra N. Wheeler (JD 2005) | $391.75* | Robert Notzon (JD 1996) |
| $588.90* | Mario A. Barrera (JD 1984) | $388.61* | Kristen Elizondo (JD 2007) |
| $587.74* | John Wenke (JD 1993) | $382.44* | Eric Johnston (JD 2005) |
| $587.74* | John P. Mobbs (JD 1992) | $378.28* | Stephanie S. Rojo (JD 2003) |
| $563.52* | Laura O'Donnell (JD 1996) | $376.81* | Adam D. Boland (JD 2004) |
| $559.65* | Galvin B. Kennedy (JD 1996) | $375.00* | Emily Frost (JD 2002) |
| $555.16* | Rebecca L. Fisher (JD 1994) | $365.53* | Caitlin Boehne (JD 2012) |
| $553.37* | Shafeeqa W. Giarratani (JD 2005) | $365.03* | Mauro Ramirez (JD 2007) |
| $540.00* | William Helfand (JD 1987) | $369.24* | Gregory Placzek (JD 2009) |
| $530.49* | Michael Shaunessy (JD 1987) | $359.24* | Vanessa Kinney (JD 2007) |
| $525.00* | Douglas B. Welmaker (JD 1993) | $352.64* | Kerry O'Brien (JD 2002) |
| $513.20* | Josh Sanford (JD 2001) | $347.12* | M. Black-Matthews (JD 2006) |
| $491.76* | Rachhana T. Srey (JD 2004) | $339.26* | Carmen Artaza (JD 2006) |
| $491.76* | Paul J. Lukas (JD 1991) | $335.79* | John Neuman (JD 2012) |
| $487.31* | Ramon Bissmeyer (JD 1993) | $335.79* | Aaron Johnson (JD 2008) |
| $481.14* | Maria Karos (JD 1993) | $335.79* | Manuel Quinto-Pozos (JD 2007) |
| $481.14* | Judy Jetelina (JD 1985) | $335.79* | Matt Bachop (JD 2006) |
| $476.20* | Robert G. "Bobby" Lee (JD 1993) | $324.91* | Alicia M. Grant (JD 2016) |
| $472.14* | Stephen J. Romero (JD 2004) | $318.20* | Alexander M. Baggio (JD 2009) |
| $471.10* | Taj Clayton (JD 2005) | $313.40* | Phillip J. Moss (JD 2010) |
| $461.88* | Lawrence Morales II (JD 2005) | $310.91* | Melinda Arbuckle (JD 2011) |
| $456.91* | Elizabeth Higginbotham (JD 1993) | $307.92* | Steve Rauls (JD 2011) |
| $456.91* | Thomas H. Padgett, Jr. (JD 1989) | $293.87* | Michael L. Parsons (JD 2011) |
| $450.00* | Edward M. "Ted" Smith (JD 1994) | $282.26* | Allison Hartry (JD 2012) |
| $447.72* | Don J. Foty (JD 2006) | $270.20* | Collin Wynne (JD 2010) |
| $440.45* | Holly Williams (JD 1993) | $260.34* | Jay Forester (JD 2013) |

† Courts note the relevant community for fees is district-wide—not by city or division. *See, e.g., Lewallen v. City of Beaumont*, 394 Fed. Appx. 38, 46 (5th Cir. 2010); *Treadway v. Otero*, No. 2:19-CV-244 [Doc. 157] at p. 9 (S.D. Tex. Oct. 6, 2020) (citing cases and concluding: "When it comes to parsing between divisions, it appears that it is the district, rather than the division, that should govern the decision.").



*Classes of the 1970s: The Rates*

# Ricardo G. Cedillo (JD 1979)
## $923.47*



# *Classes of the 1970s: The Work*



* **Ricardo G. Cedillo (class of '79):** Mr. Cedillo works in San Antonio. His online biography states that "he has earned an international reputation as one of the top trial attorneys." On April 10, 2012, Judge Xavier Rodriguez awarded fees in a San Antonio FLSA case and that fee award included work Mr. Cedillo did at the hourly rate of $750.00. *See Barrera v. MTC, Inc.*, No. 5:10-cv-00665 (Doc. 77) (W.D. Tex. San Antonio) ("Defendant has tendered affidavits explaining that it incurred $3,379 in attorney's fees in preparing for and attending the depositions in question and preparing the motion for sanctions. Defendant also incurred $451.75 in costs. Plaintiffs have not objected to these requested fees and costs. Plaintiffs Andrade and Molina are ordered to pay to Defendant a total of $3,830.75 within fourteen days of this Order."); *id.* Defendant's Submission of Attorneys' Fees and Expenses (Doc. 73) at pp. 2–3, ¶ 2 ("As shown by the attached evidence of Defendant's counsel (Cox Smith Matthews Incorporated and Davis, Cedillo & Mendoza, Inc.), Defendant incurred a total of $3,379.00 in attorneys' fees in preparing for and attending the depositions, as well as drafting its Motion for Sanctions, among other necessary tasks, and incurred a total of $451.75 in costs for a grand total of $3,830.75."); *id.* Affidavit of Ramon D. Bissmeyer in Support of Submission of Attorneys' Fees and Expenses (Doc. 73-1) at p. 4–5, ¶¶ 7–8 ("Defendant MTC has incurred $2,004.00 in attorneys' fees in connection with its Motion for Sanctions and the above-described related tasks. . . ."); Declaration of Mark W. Kiehne in Support of Attorneys' Fees and Expenses (Doc. 73-2) at p. 2, ¶¶ 7–8 ("Ricardo G. Cedillo - $750 (1 hour x $750/hour) . . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 23.37% higher in 2021 versus 2012 (a $175.27 difference).[1] Adjusted *only* for such inflation from the date of this award to the end of 2021, that $750 hourly rate for Mr. Cedillo is $925.27.

---

[1] https://www.officialdata.org/Legal-services/price-inflation/2012-to-2021?amount=750

# *Classes of the 1980s*



# 9
**lawyers listed**

# $649.57
**average rate**

# $588.90
**median rate**



# Classes of the 1980s: The Rates

**$908.54\***

Stephen E. Fox
(JD 1987)

**$665.00\***

David Weiser
(JD 1986)

**$530.49\***

Michael Shaunessy
(JD 1987)

**$885.16\***

Jesse J. Gelsomini
(JD 1986)

**$588.90\***

Mario A. Barrera
(JD 1984)

**$481.14\***


Judy Jetelina
(JD 1985)

**$790.00\***

Eric Taube
(JD 1983)

**$540.00\***

William S. Helfand
(JD 1987)

**$456.91**

Thomas "Tom" H. Padgett, Jr.
(JD 1989)

# Classes of the 1980s: The Work



\* Stephen E. Fox (class of '87): Mr. Fox works in Dallas, and his online biography notes that he is a partner in his firm's Labor and Employment practice group. In 2009, he noted in a fee agreement—in which he was engaged to work in a breach of compensation agreement case filed in Austin by an employee—that his standard hourly rate was $675. *See* Fee Agreement dated February 19, 2009 (attached to Declaration of William T. Jacks) in *Garriott v. NCsoft Corp.*, No. 1:09-cv-00357 (Doc. 182-4) at p. 4, n. 2 (W.D. Tex. Austin) ("For example, my standard rate is $675/hr."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 34.60% higher in 2021 versus 2009 (a $233.54 difference).[1] Adjusted *only* for such inflation from the year of this stated standard billing rate (2009) to the end of 2021, that $675.00 hourly rate for Mr. Fox is $908.54.

\* Jesse J. Gelsomini (class of '86): Mr. Gelsomini works in Houston. His online biography states that his "principal areas of practice are Employee Benefits, ERISA and Executive Compensation." In 2015, his firm listed his standard hourly rate as $765.00 for employment work in an Austin bankruptcy case. *See* Chapter 11 First Interim Fee Application Summary, filed in *In re: Dune Energy, Inc.*, No. 15-10336 (Doc. 322) at pp. 2, 33, (Doc. 322-1) at pp. 44, 45, 181, (Doc. 322-4) at p. 1 (Bankr. W.D. Tex. Austin) (That work included "Review of the Dune Energy, Inc. Employees Severance Plan document (.4); research and draft memo regarding whether the Plan is subject to ERISA (.4); review the consequences of ERISA preemption and whether the benefits provided under the Plan are vested prior to termination of employment (.5); analyze the amendment and termination provisions in the Plan (.5); draft correspondence regarding the same (.2)."). On July 28, 2015, Judge H. Christopher Mott granted fees that included this $765.00 per hour rate. *See id.* Order (Doc. 322-1) at p. 44. According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus

---

[1] https://www.officialdata.org/Legal-services/price-inflation/2009-to-2021?amount=675

2015 (a $120.16 difference).[2] Adjusted *only* for such inflation from the date of this award to the end of 2021, that $765 hourly rate for Mr. Gelsomini is $885.16.

* **Eric Taube (class of '83):** Mr. Taube works in Austin. His online biography states that he has extensive experience in several practice areas, including employment disputes. In 2021, he billed for work at the hourly rate of $790 in an Austin employment case involving claims of wrongful employment termination and defamation. *See* Second Supplemental Declaration of Andrew Vickers, filed in *Lanham v. AWR Servs., Inc.*, No. D-1-GN-20-003923 (419th Judicial District Court for Travis County, Texas) (filed April 8, 2021) at p. 2, ¶ 4 ("By agreement with our client, the current hourly billing rate for services performed from January 1, 2021 through March 11, 2020 [sic] for this matter is $440 for me (a partner), $790 for Eric Taube (a partner), and $205 for Ann Marie Jezisek and Kristen Warner (paralegals). I am familiar with rates charges [sic] by attorneys in Texas for litigation matters and these rates are reasonable when compared to customary rates in Texas for lawsuits such as this one.").

* **David Weiser (class of '86):** Mr. Weiser works in Austin. His online biography notes that his "practice concentrates on representation of employees before state and federal courts, the EEOC, and the MSPB, in both individual and class action litigation." On January 11, 2021, Miriam G. Harvey, the Director of the Office of Civil Rights and Diversity for the United States Department of the Treasury issued a Final Agency Decision in which Mr. Weiser's requested rate of $665 for work in a federal sector employment disability discrimination case. *In the Matter of Gloria ___ v. Steven T. Mnuchin*, TD Case No. BFS-20-0073-F at pp. 6, 12 ("Further, FS contended that the attorney's fees were based on the Laffey Matrix, which provides hourly rates to attorneys in the Washington, DC-Baltimore area, whereas Complainant's attorneys are in Texas, and therefore the hourly rates should be reduced. . . . [W]ith respect to attorney's fees, we find the number of hours, the hourly rate, and the services itemized to be reasonable. . . . Complainant is entitled to an award of $66,907 in attorney's fees . . . ."); *see also* Reply Declaration of David Weiser Regarding Attorneys Fees filed in *In the Matter of Gloria ___ v. Steven T. Mnuchin*, TD Case No. BFS-20-0073-F at p. 4, ¶ 4 ("This hourly rate ($665) applies to Texas clients who pay for my services in advance, and also for those Texas clients who have a contingency fee arrangement for my representation."); Complainant's Reply to Arguments Submitted by Bureau of the Fiscal Services filed in *In the Matter of Gloria ___ v. Steven T. Mnuchin*, TD Case No. BFS-20-0073-F on November 24, 2020 (requesting a total lodestar of "$66,907.00" in fees based, in part, on Mr. Weiser's requested hourly rate of "$665").

---

[2] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=765

\* **Mario A. Barrera (class of '84):** Mr. Berrera works in San Antonio. His online biography states that he is a labor and employment partner at his law firm. In 2020, he billed his work in a San Antonio employment termination case at the hourly rate of $580. *See* Affidavit of Mario A. Barrera, filed in *Yadav v. Frost Bank*, No. 5:20-CV-00005-FB-ESC (Doc. 42-4) at p. 2, ¶¶ 2 & 4 (W.D. Tex. San Antonio) ("I am counsel of record for Defendant Frost Bank ("Frost") in the above-referenced lawsuit. I am a Partner at Norton Rose Fulbright US LLP ("NRF"). . . . Frost has agreed to compensate NRF for the firm's work on this lawsuit based on an hourly fee. Through this date, I have spent 0.7 hours reviewing the relevant documents and preparing Defendant's Motion for Sanctions ("Motion"). My hourly billing rate on this matter is $580."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020 (an $8.90 difference).[3] Adjusted *only* for such inflation from the year of this billing to the end of 2021, that $580 hourly rate for Mr. Barrera is $588.90.

\* **William S. Helfand (class of '87):** Mr. Helfand works in Houston. His online biography notes that his "labor and employment law practice focuses on the defense of both public and private employers throughout Texas and the United States." In or before 2021, he contracted to represent the Texas Attorney General in a Texas Whistleblower Act case brought by former employees of that office in *Brickman v. Office of the Attorney General of the States of Texas*, No. D-1-GN-20-006861 (250th Judicial District Court for Travis County, Texas). *See* Emma Platoff, *Texas attorney general's office paying lead lawyer $540 per hour to defend against whistleblower lawsuit*, Texas Tribune (Dec. 14, 2020); Outside Counsel Contract OAG Contract No. 2021-302-0051 ("Addendum B . . . Rates . . . William S. Helfand – Partner . . . Hourly Rate . . . $540").

\* **Michael Shaunessy (class of '87):** Mr. Shaunessy works in Austin. His online biography states:  "For more than 20 years, he has successfully defended employers from claims of sexual harassment, sex discrimination, race discrimination, as well as violations of the Americans with Disabilities Act, Age Discrimination in Employment Act, and Fair Labor Standards Act." On March 7, 2012, Magistrate Judge John Primomo issued a report and recommendation in a San Antonio wrongful discharge from employment case — recommending dismissal of the lawsuit as a frivolous one and for imposition of sanctions. *See Sladcik v. MK Marlow Co., LLC*, No. SA-11-CA-529-FB (Doc. 26) at p. 10 (W.D. Tex. San Antonio) ("[T]his lawsuit should be dismissed with prejudice. Also, as sanctions under Rule 11, plaintiff should be ordered to pay to defendants the attorneys fees they incurred as a result of defending this suit. Within the 14-day time period for responding to this Memorandum and Recommendation, defendants should file an

---

[3] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=580

Advisory establishing, by affidavit and other proof, the amount of attorneys' fees to which they are entitled."). Defendants filed an "Advisory to the Court Regarding Attorneys' Fees." *See id.* (Doc. 30). With that filing, Defendants submitted unredacted fee bills and the Affidavit of Michael Shaunessy — noting hourly rates for attorneys involved. *See id.* (Docs. 30-1) at p. 3, ¶ 5 ("The rates charged by Sedgwick firm in association with this case are as follows: the hourly rate for partners is between $390 and $430; the hourly rate for associates is $310; . . . ."); *see also id.* (Doc. 30-5) (billing statements). As only one other partner—and one associate—are mentioned in the affidavit, it is assumed that Mr. Shaunessy's rate was $430, his less-experienced partner Maria Karos was $390, and his associate was $310. On March 29, 2012, Judge Fred Biery adopted the report and recommendation granting the request for fees. *See id.* (Doc. 32). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 23.37% higher in 2021 versus 2012 (a $100.49 difference).[4] Adjusted *only* for such inflation from the year of this billing to the end of 2021, that $430 hourly rate for Mr. Shaunessy is $530.49.

* Judy Jetelina (class of '85): Ms. Jetelina works in San Antonio. Her online biography states that she "has practiced exclusively in the area of labor and employment for more than 25 years." On February 16, 2012, Judge Harry Lee Hudspeth awarded $390 per hour for work she did in an Equal Pay Act case. *See Wojcik v. Ameripath San Antonio 5.01(A) Corp.*, No. SA-10-CA-335-H (Doc. 74) at p. (W.D. Tex. San Antonio) (". . . , the Court finds that the following are reasonable amounts for the services of each professional: . . . Ms. Jetelina: .17 hours x $390 per hour . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 23.37% higher in 2021 versus 2012 (a $91.14 difference).[5] Adjusted *only* for such inflation from the year of this award to the end of 2021, that $390 hourly rate for Ms. Jetelina is $481.14.

* Thomas "Tom" H. Padgett, Jr. (class of '89): Mr. Padgett works in Houston. His online biography states that he is a civil rights lawyer. On March 3, 2020, for work prosecuting a Waco employment discrimination case, Judge Jim Meyer granted Mr. Padgett $450.00 per hour. *See Abens v. Providence Health Servs. of Waco*, No. 2015-908-4 (170th Judicial District Court for McLennan County, Texas) (final judgment at p. 5) ("Thomas H. Padgett, Jr. is hereby awarded fees in a total amount of $57,465.00. Mr. Padgett billed 127.7 hours and bills at a rate of $450.00 per hour."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for

---

[4] https://www.officialdata.org/Legal-services/price-inflation/2012-to-2021?amount=430

[5] https://www.officialdata.org/Legal-services/price-inflation/2012-to-2021?amount=390

legal services are 1.53% higher in 2021 versus 2020 (a $6.91 difference).[6] Adjusted *only* for such inflation from the year of this ruling to the end of 2021, that $450 hourly rate for Mr. Padgett is $456.91.

---

[6] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=450

# *Classes of the 1990s*



# 20

**lawyers listed**

# $515.61

**average rate**

# $484.23

**median rate**



# Classes of the 1990s: The Rates

 **$867.81\*** Felicity A. Fowler (JD 1992)

 **$525.00\*** Douglas B. Welmaker (JD 1993)

 **$440.45\*** Holly Williams (JD 1993)

 **$773.94\*** Kelly D. Hine (JD 1997)

 **$491.76\*** Paul J. Lukas (JD 1991)

 **$405.30\*** Stephen Key (JD 1994)

 **$587.74\*** John Wenke (JD 1993)

 **$487.31\*** Ramon Bissmeyer (JD 1993)

 **$404.98\*** J. Derek Braziel (JD 1995)

 **$587.74\*** John P. Mobbs (JD 1992)

 **$481.14\*** Maria Karos (JD 1993)

 **$404.98\*** Joseph Bourbois (JD 1994)

 **$563.52\*** Laura O'Donnell (JD 1996)

 **$476.20\*** Robert G. "Bobby" Lee (JD 1993)

 **$400.95\*** Edmond S. Moreland, Jr. (JD 1997)

 **$559.65\*** Galvin B. Kennedy (JD 1996)

 **$456.91\*** Elizabeth L. Higginbotham (JD 1993)

 **$391.75\*** Robert Notzon (JD 1996)

 **$555.16\*** Rebecca L. Fisher (JD 1994)

 **$450.00\*** Edward M. "Ted" Smith (JD 1994)

## Classes of the 1990s: The Work



\* <span style="color:red">Felicity A. Fowler (class of '92):</span> Ms. Fowler works in Dallas. Her online biography states that she "has more than 28 years of experience representing employers in all facets of employment law, including litigation, arbitrations, injunctive relief, administrative proceedings, counseling and trainings throughout the United States and in a few foreign jurisdictions." In 2015, her firm listed her standard hourly rate as $750.00 for employment work in an Austin bankruptcy case. *See* Chapter 11 First Interim Fee Application Summary, filed in *In re: Dune Energy, Inc.*, No. 15-10336 (Doc. 322) at p. 2, (Doc. 322-1) at pp. 43, 44, 45, (Doc. 322-4) at p. 1 (Bankr. W.D. Tex. Austin) (That work included "Review and analyze client's severance policy (.4); review and analyze client's previous termination letter for layoffs (.4); review and analyze employee benefits motion and order (.4); prepare correspondence providing employment law advice concerning potential layoffs (.4)" and "Review and revise termination letter for laid off employees (.5); attention to termination of severance plan (.5)" and "Attention to cancellation of severance plan and communications with client regarding terminations and correspondence related to same (.2)."). On July 28, 2015, <span style="color:red">Judge H. Christopher Mott</span> granted fees that included this rate. *See id.* Order (Doc. 322-1) at p. 44. According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus 2015 (a $117.81 difference).[1] Adjusted *only* for such inflation from the date of this award to the end of 2021, that $750 hourly rate for Ms. Fowler is $867.81.

\* <span style="color:red">Kelly D. Hine (class of '97):</span> Mr. Hine works in Dallas. In 2009, his client agreed to pay his firm $575.00 per hour—a discount from his unstated standard rate—for work in a breach of compensation agreement case filed in Austin by an employee. *See* Fee Agreement dated February 19, 2009 (attached to Declaration of William T. Jacks) filed in *Garriott v. NCsoft Corp.*, No. 1:09-cv-00357 (Doc. 182-4) at p. 4, n. 2 (W.D. Tex. Austin) ("$575/hr. for Kelly's services" and "Please note that these rates are discounted from our standard rates"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of

---

[1] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=750

Labor Statistics, the prices for legal services are 34.60% higher in 2021 versus 2009 (a $198.94 difference).[2] Adjusted *only* for such inflation from the year of this stated standard billing rate (2009) to the end of 2021, that $575 hourly rate for Mr. Hine is $773.94.

* <span style="color:red">John Wenke (class of '93):</span> Mr. Wenke works in El Paso. His online biography notes that he "represents employees of all levels, including management employees, in cases of employment discrimination, wrongful termination, sexual harassment, severance negotiations and other employment related matters." On March 4, 2014, <span style="color:red">Judge Angie Juarez Barill</span> issued a judgment that included attorneys' fees for work Mr. Wenke did in an El Paso employment discrimination case. *See* Judgment in *Vielma v. ACC Holding, Inc.*, No 2011-DCV-04851 (346th Judicial District Court for El Paso County, Texas) ("It is further ORDERED, ADJUDGED AND DECREED that Plaintiff ANTONIO VIELMA have and recover from Defendant ACC Holding, Inc. d/b/a AIR CARGO CARRIERS, INC. his attorney fees in the amount of two hundred and thirty-nine thousand, four hundred and forty-five dollars ($239,445.00) for services rendered in this Court through the date of this judgment."). The hourly rate Judge Barill awarded then in 2014 appears to have been $500.00 per hour. *Compare* Brief of Appellee, filed January 10, 2015, in *ACC Holding, Inc. v. Vielma*, No. 08-14-00169-CV at p. 44 n. 7 (Tex. Ct. App.—El Paso) ("Vielma requested attorney fees for 517.77 hours necessary to the successful pursuit of his discrimination claim through trial, at the rate of $500 per hour, for a total of $258,885. (9RR:9). The trial court awarded $239,445. (CR:1627). Appellant assumes that the court reduced the hours, rather than the hourly rate.") *with* Brief of Appellant, filed November 22, 2014, in *ACC Holding, Inc. v. Vielma*, No. 08-14-00169-CV at p. 17 (Tex. Ct. App.—El Paso) (arguing that "The Trial Court Awarded An Extravagant $500 Per Hour As A Reasonable Hourly Rate And Only Discounted The Hours Expended By Ten Percent For The Numerous Unsuccessful Claims."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 17.55% higher in 2021 versus 2014 (an $87.74 difference).[3] Adjusted *only* for such inflation from the date of this award to the end of 2021, that $500 hourly rate for Mr. Wenke is $587.74.

* <span style="color:red">John P. Mobbs (class of '92):</span> Mr. Mobbs works in El Paso. His practice areas include civil appeals. On March 4, 2014, <span style="color:red">Judge Angie Juarez Barill</span> issued a judgment that included attorneys' fees for work Mr. Mobbs did in an El Paso employment discrimination case. *See* Judgment in *Vielma v. ACC Holding, Inc.*, No 2011-DCV-04851 (346th Judicial District Court for El Paso County,

---

[2] https://www.officialdata.org/Legal-services/price-inflation/2009-to-2021?amount=575

[3] https://www.officialdata.org/Legal-services/price-inflation/2014-to-2021?amount=500

Texas) ("It is further ORDERED, ADJUDGED AND DECREED that Plaintiff AN-TONIO VIELMA have and recover from Defendant ACC Holding, Inc. d/b/a AIR CARGO CARRIERS, INC. his attorney fees in the amount of two hundred and thirty-nine thousand, four hundred and forty-five dollars ($239,445.00) for services rendered in this Court through the date of this judgment."). The hourly rate Judge Barill awarded then in 2014 appears to have been $500.00 per hour. *Compare* Brief of Appellee, filed January 10, 2015, in *ACC Holding, Inc. v. Vielma*, No. 08-14-00169-CV at p. 44 n. 7 (Tex. Ct. App.—El Paso) ("Vielma requested attorney fees for 517.77 hours necessary to the successful pursuit of his discrimination claim through trial, at the rate of $500 per hour, for a total of $258,885. (9RR:9). The trial court awarded $239,445. (CR:1627). Appellant assumes that the court reduced the hours, rather than the hourly rate.") *with* Brief of Appellant, filed November 22, 2014, in *ACC Holding, Inc. v. Vielma*, No. 08-14-00169-CV at p. 17 (Tex. Ct. App.—El Paso) (arguing that "The Trial Court Awarded An Extravagant $500 Per Hour As A Reasonable Hourly Rate And Only Discounted The Hours Expended By Ten Percent For The Numerous Unsuccessful Claims."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 17.55% higher in 2021 versus 2014 (an $87.74 difference).[4] Adjusted *only* for such inflation from the date of this award to the end of 2021, that $500 hourly rate for Mr. Mobbs is $587.74.

\* <span style="color:red">Laura O'Donnell (class of '96):</span> Laura O'Donnell works in San Antonio. Her online biography states that she heads her law firm's Wage and Hour Litigation Group. On December 9, 2020, her law firm filed a motion seeking attorneys' fees for her work defending a San Antonio FLSA case. *See* Defendants' Motion for Attorneys' Fee Award filed in *Harrington v. Southwestern Bell Telephone L.P.*, No. 5:20-CV-00770-JKP-RBF (Doc. 31) at p. 6 (W.D. Tex. San Antonio) ("As set forth in the attached Declaration of Laura E. O'Donnell, Defendants incurred attorneys' fees both in connection with their Response to Plaintiff's motion and in preparing for the duly-noticed hearing that Plaintiffs' counsel failed to attend. See Ex. A (filed under seal). The amount of time spent on the Response and preparing for the hearing and the rates charged by defense counsel are reasonable, considering the questions in this case, the time required, the relevant legal skill, and the qualifications of the attorneys involved, as well as the customary fees for defending cases such as this one. See Ex. A."); Though her law firm's fee bills / invoices themselves—the referenced Exhibit—were later sealed, other filings in the case seem to reveal that her rate for work in 2020 on that case was $555.00 per hour. *See* Plaintiffs' Response in Opposition to Defendants' Motion for Attorneys' Fee Award filed in *Harrington v. Southwestern Bell Telephone L.P.*, No. 5:20-CV-00770-JKP-RBF (Doc. 36) at p. 11 (W.D. Tex. San Antonio) ("At her rate of $555.00 a hour, that amounts to fees of $832.50. This is based on the billing entry of 0.5 hours for attendance at the hearing, and one hour of preparation time

---

[4] https://www.officialdata.org/Legal-services/price-inflation/2014-to-2021?amount=500

for the hearing. Plaintiffs' do not object to Ms. O'Donnell's rate and find that her experience, credentials and rate are similar to the education, credentials, experience and reasonable rates for plaintiffs' counsel, Mr. Braziel, Mr. Brown and Mr. Dunn."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020 (a $8.52 difference).[5] Adjusted *only* for such inflation from the date of this billed rate to the end of 2021, that $555 hourly rate for Ms. O'Donnell is $563.52.

## \* Galvin B. Kennedy (class of '96): Mr. Kennedy works in Houston. His online biography notes that he "champions the rights of employees in all sectors from oil field workers to nurses." On January 8, 2016, Judge Robert Pitman awarded fees in a San Antonio FLSA case. *See Sifuentes v. Green Energy Oilfield Servs., LLC*, No. 5:15-CV-752 RP (Doc. 21) (W.D. Tex. San Antonio) ("Plaintiff is awarded $17,714 as reasonable attorneys' fees and costs."). Those fees were based, in part, on Mr. Kennedy's rate of $500 per hour. *See id.* (Doc. 19) at pp. 2-3 (motion for fees and costs) ("Plaintiff asserts (and Defendant is not disputing) that the Plaintiff's reasonable attorney's fees and costs are $17,714.00. Included in this amount are the following: . . . .3 hours for Galvin Kennedy, president of firm, at the rate of $500 per hour;"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 11.93% higher in 2021 versus 2016 (a $59.65 difference).[6] Adjusted *only* for such inflation from the year of this award to the end of 2021, that $500.00 hourly rate for Mr. Kennedy is $559.65.

## \* Rebecca L. Fisher (class of '94): Ms. Fisher works in San Antonio. Her online biography notes that she "practices Federal Employment Law throughout the nation" — representing federal sector government employees. On July 11, 2012, the United States Equal Employment Opportunity Commission determined it was error for an administrative law judge to award her less than her requested hourly rate of $450 per hour for work representing a Texas-based post office employee in a disability employment discrimination case. *See Linda Towns v. Patrick R. Donohue*, Appeal No. 0120112091 ("Upon review, we find that the AJ erred in reducing the Attorney's hourly rate from $450.00 to $246.00."); *see also* Declaration of Rebecca Fisher filed in *Cox v. Brennan*, No. 2:14-cv-00810-JRG-RSP (Doc. 88-1) at p. 5, PageID #978, ¶ 15 (E.D. Tex. May 10, 2017) ("I have been awarded $450 per hour for over ten years by the Commission and by Federal Agencies" (*Linda Towns v. Patrick R. Donohue*, Appeal No. 220112091 (July 11, 2012) . . .")). According to the Consumer Price Index for legal services as generated

---

[5] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=555

[6] https://www.officialdata.org/Legal-services/price-inflation/2016-to-2021?amount=500

by the U.S. Bureau of Labor Statistics, the prices for legal services are 23.37% higher in 2021 versus 2012 (a $105.16 difference).[7] Adjusted *only* for such inflation from the year of this ruling to the end of 2021, that $450.00 hourly rate for Ms. Fisher is $555.16.

* **Douglas B. Welmaker (class of '93):** Mr. Welmaker is based in Austin and his online biography notes that for the past ten years he has limited his practice to FLSA cases. On May 5, 2021, Magistrate Judge Ronald C. Griffin ruled—in a report and recommendation—that $525 per hour was a reasonable rate for Mr. Welmaker's work in a Midland/Odessa FLSA case. *See Garcia v. Von Grist, Inc.*, No. MO:20-CV-00093 (Doc. 21) at p. 12 (W.D. Tex. May 5, 2021) (Report and Recommendation) ("The time records attached to Mr. Welmaker's declaration indicate that Mr. Welmaker expended 8.4 hours at an hourly rate of $525.00 and his paralegal expended 2.9 hours. . . . Having reviewed Mr. Welmaker's declaration, the undersigned finds that this hourly rate is reasonable for an attorney practicing in the field of employment law with comparable experience to Mr. Welmaker."). On May 27, 2021, Judge David Counts adopted that report and recommendation. *See id.* (Doc. 23) at p. 1 (W.D. Tex. May 5, 2021) ("Order Adopting Report and Recommendation").

* **Paul J. Lukas (class of '91):** Mr. Lukas's online biography states that he "is a committed advocate for employee rights." Mr. Lukas is based in Minneapolis. On November 10, 2015, Judge Sam Sparks determined $425.00 was a reasonable hourly rate for work Mr. Lukas did in an Austin FLSA case. *See Clark v. Centene Corp.*, No. 1:12-cv-00174-SS (Doc. 180) at pp. 15–16 (W.D. Tex. Austin) ("Consequently, the Court finds Srey's claimed $425 per hour rate reasonable in light of her experience and skill and the rates of Austin-area attorneys, but reduces Lukas's claimed rate from $525 to $425."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus 2015 (a $66.76 difference).[8] Adjusted *only* for such inflation from the date of this determination to the end of 2021, that $425 hourly rate for Mr. Lukas is $491.76.

* **Ramon Bissmeyer (class of '93):** Mr. Bissmeyer works in San Antonio. His online biography states that he "counsels clients in matters involving discrimination, harassment, retaliation, minimum wage and overtime under the Fair Labor Standards Act ('FLSA') and other laws and regulations governing the employer-employee relationship." On April 10, 2012, Judge Xavier Rodriguez awarded fees in a San Antonio FLSA case and that fee award included

---

[7] https://www.officialdata.org/Legal-services/price-inflation/2012-to-2021?amount=450

[8] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=425

work Mr. Bissmeyer did at the hourly rate of $395.00. *See Barrera v. MTC, Inc.*, No. 5:10-cv-00665 (Doc. 77) (W.D. Tex. San Antonio) ("Defendant has tendered affidavits explaining that it incurred $3,379 in attorney's fees in preparing for and attending the depositions in question and preparing the motion for sanctions. Defendant also incurred $451.75 in costs. Plaintiffs have not objected to these requested fees and costs. Plaintiffs Andrade and Molina are ordered to pay to Defendant a total of $3,830.75 within fourteen days of this Order."); *id.* Defendant's Submission of Attorneys' Fees and Expenses (Doc. 73) at pp. 2–3, ¶ 2 ("As shown by the attached evidence of Defendant's counsel (Cox Smith Matthews Incorporated and Davis, Cedillo & Mendoza, Inc.), Defendant incurred a total of $3,379.00 in attorneys' fees in preparing for and attending the depositions, as well as drafting its Motion for Sanctions, among other necessary tasks, and incurred a total of $451.75 in costs for a grand total of $3,830.75."); *id.* Affidavit of Ramon D. Bissmeyer in Support of Submission of Attorneys' Fees and Expenses (Doc. 73-1) at pp. 1, 4–5, ¶¶ 4, 7–8 ("At the time of the deposition in question, my hourly fee for this matter was $395.00 per hour. . . . Defendant MTC has incurred $2,004.00 in attorneys' fees in connection with its Motion for Sanctions and the above-described related tasks. . . . Further, attached to this affidavit is a copy of the invoice for services rendered by the court reporter for attending the depositions of Plaintiffs Andrande and Molina and taking the Certificates of Non-Appearance, in the amount of $300, and which services were paid by Cox Smith[fn]."); Declaration of Mark W. Kiehne in Support of Attorneys' Fees and Expenses (Doc. 73-2) at p. 2, ¶¶ 7–8 ("Ricardo G. Cedillo - $750 (1 hour x $750/hour) Mark W. Kiehne - $625 (2.5 hours x $250/hour) Total $1375. . . . In addition, MTC incurred an additional expense in the amount of $151.75 for the court reporter's certificate of non-appearance of Plaintiff Javier Andrade."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 23.37% higher in 2021 versus 2012 (a $92.31 difference).[9] Adjusted *only* for such inflation from the date of this award (2012) to the end of 2021, that $395.00 hourly rate for Mr. Bissmeyer is $487.31.

\* <span style="color:red">Maria Karos (class of '90):</span> Ms. Karos works in Dallas. Her online biography notes that she "focuses her practice on high-stakes catastrophic injury cases and complex business litigation matters." On March 7, 2012, Magistrate Judge John Primomo issued a report and recommendation in a San Antonio wrongful discharge from employment case — recommending dismissal of the lawsuit as a frivolous one and for imposition of sanctions. *See Sladcik v. MK Marlow Co., LLC*, No. SA-11-CA-529-FB (Doc. 26) at p. 10 (W.D. Tex. San Antonio) ("[T]his lawsuit should be dismissed with prejudice. Also, as sanctions under Rule 11, plaintiff should be ordered to pay to defendants the attorneys fees they incurred as a result of defending this suit. Within the 14-day time period for responding to this Memorandum and Recommendation, defendants should file an Advisory

---

[9] https://www.officialdata.org/Legal-services/price-inflation/2012-to-2021?amount=395

establishing, by affidavit and other proof, the amount of attorneys' fees to which they are entitled."). Defendants filed an "Advisory to the Court Regarding Attorneys' Fees." *See id.* (Doc. 30). With that filing, Defendants submitted unredacted fee bills and the Affidavit of Michael Shaunessy — noting hourly rates for attorneys involved. *See id.* (Docs. 30-1) at p. 3, ¶ 5 ("The rates charged by Sedgwick firm in association with this case are as follows: the hourly rate for partners is between \$390 and \$430; the hourly rate for associates is \$310; . . . ."); *see also id.* (Doc. 30-5) (billing statements). As only one other partner—and one associate— are mentioned in the affidavit, it is assumed that Mr. Shaunessy's rate was \$430, his less-experienced partner Maria Karos was \$390, and his associate was \$310. On March 29, 2012, Judge Fred Biery adopted the report and recommendation granting the request for fees. *See id.* (Doc. 32). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 23.37% higher in 2021 versus 2012 (a \$91.14 difference).[10] Adjusted *only* for such inflation from the year of this billing (2012) to the end of 2021, that \$390 hourly rate for Ms. Karos is \$481.14.

* **Robert G. "Bobby" Lee (class of '93):** Though he now works in Houston, Mr. Lee, a board-certified labor and employment law specialist, previously worked in North Texas. On July 5, 2012, Judge Lee Yeakel awarded \$386.00 per hour for work Mr. Lee did in an Austin FLSA case. *See Flowers v. Interra Hydro, Inc.*, No. 1:11-CV-421-LY (Doc. 35) at p. 3 (W.D. Tex. Austin) ("the court adopts Interra's suggested rate of \$386 per-hour as the hourly rate for Mr. Lee."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 23.37% higher in 2021 versus 2012 (an \$90.20 difference).[11] Adjusted *only* for such inflation from the date of this award (2012) to the end of 2021, that \$386.00 hourly rate for Mr. Lee is \$476.20.

* **Elizabeth L. Higginbotham (class of '93):** Ms. Higginbotham works in San Antonio. Her online biography states that she "is a *nurse attorney* in private practice who works with nurses across the State of Texas as well as nurses in Texas practicing under a multi-state compact license." On March 3, 2020, for work prosecuting a Waco employment discrimination case, Judge Jim Meyer granted Ms. Higginbotham \$450.00 per hour. *See Abens v. Providence Health Servs. of Waco*, No. 2015-908-4 (170th Judicial District Court for McClennan County, Texas) (final judgment at p. 4). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020 (a \$6.91

---

[10] https://www.officialdata.org/Legal-services/price-inflation/2012-to-2021?amount=390

[11] https://www.officialdata.org/Legal-services/price-inflation/2012-to-2021?amount=386

difference).[12] Adjusted *only* for such inflation from the year of this ruling to the end of 2021, that $450 hourly rate for Ms. Higginbotham is $456.91.

**\* Edward M. "Ted" Smith (class of '94):** Mr. Smith works in Austin. His online biography notes that he "specializes in representing employers in all aspects of the employer-employee relationship, from training and advice to litigation and appeal." On October 1, 2021, Magistrate Judge Dustin M. Howell granted fees as discovery sanctions in an Austin FLSA case. *See McNamara v. Your Fare, Inc.*, No. 1:21-cv-00140-LY (Doc. 31) at pp. 1-2 (W.D. Tex. Austin) ("Plaintiff's Motion to Compel Discovery Responses and Request for Sanctions is GRANTED. IT IS FURTHER ORDERED: . . . that Defendants' counsel of record, Constangy, Brooks, Smith & Prophete, LLP, pay to Plaintiff's counsel of record, Cornell Smith Mierl Brutocao Burton, LLP, the amount of $3,825 within twenty-one (21) days of this Order, as payment of Plaintiff's reasonable attorneys' fees incurred in conjunction with this Motion."). The amount of fees was premised on the requested rate of $450 per hour for Mr. Smith's work. *See id.* (Doc. 20) at p. 6 ("Plaintiff's Motion to Compel Discovery Responses and Request for Sanctions") ("Mr. Smith's hourly billable rate is $450, . . . ."); *id.* (Doc. 23-1) at pp. 3-4 (Exhibit 1 to "Plaintiff's Sur-reply to Defendants' Response to Motion to Compel Discovery Responses and Request for Sanctions.") ("Plaintiff respectfully requests that the Court: . . . order Defendants and their counsel of record, jointly and severally, to pay Plaintiff her reasonable expenses, including attorneys' fees in the amount of $3,825, within seven (7) days of the Court's Order.").

**\* Holly Williams (class of '93):** Ms. Williams works in Midland. Her online biography states that she "is the only attorney in the Permian Basin who is Board Certified by the Texas Board of Legal Specialization in Labor and Employment Law." On June 22, 2018, Judge David Counts granted Ms. Williams's request for attorneys' fees in a Midland/Odessa employment discrimination case. *See Roberts v. Brinkerhoff Inspection, Inc.*, No. 7:16-cv-00342 (Doc. 86) at p. 1 (W.D. Tex. Midland/Odessa) ("After due consideration, the Court GRANTS Plaintiff's unopposed motions for attorney fees and expenses pursuant to 42 U.S.C. § 2000e-5(k) for the amounts requested in the motions and described in the proposed judgment."). The granted request itself was premised on an hourly rate of $425.00 for the work Ms. Williams did in the case. *See id.* Plaintiff's Unopposed Motion for Attorneys' Fees (Doc. 80) at p. 3 ("Plaintiff requests an hourly rate of $425 for lead counsel Holly Williams[.] . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 3.64% higher in 2021 versus 2018 (a $15.45

---

[12] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=450

difference).[13] Adjusted *only* for such inflation from the year of this ruling to the end of 2021, that $425 hourly rate for Ms. Williams is $440.45.

\* **Stephen Key (class of '94):** Mr. Key works in Dallas. His online biography states that his "practice is limited to the representation of management in matters of employment litigation, governmental regulation and union relations." In 2017, Mr. Key testified concerning his fees for work in a San Antonio FLSA case. *See* Affidavit of Stephen C. Key [with billing statement attached as Exhibit 1], filed in Defendant Stevens Tanker Division, LLC's Motion for Fees, filed in *Espinosa v. Stevens Tanker Division, LLC*, No. 5:15-cv-879-XR (Doc. 94) (W.D. Tex. San Antonio). His firm's billing statement shows he billed $375.00 per hour for 2017 work in the case. *See id.* at p. 24. According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 8.08% higher in 2021 versus 2017 (a $30.30 difference).[14] Adjusted *only* for such inflation from the year of this billing to the end of 2021, that $375.00 hourly rate for Mr. Key is $405.30.

\* **J. Derek Braziel (class of '95):** Mr. Braziel works in Dallas. On December 8, 2015, Judge David Alan Ezra ruled that $350.00 per hour was a reasonable rate for Mr. Braziel's work in an Austin FLSA case. *See Rodriguez v. Mechanical Tech. Servs., Inc.*, No. 1:12-cv-00710 (Doc. 175) at pp. 16–17 (W.D. Tex. Austin) ("Accordingly, the Court finds the following rates to be reasonable and customary for this type of litigation . . . J. Derek Braziel . . . $350"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus 2015 (a $54.98 difference).[15] Adjusted *only* for such inflation from the year of this ruling to the end of 2021, that $350 hourly rate for Mr. Braziel is $404.98.

\* **Joseph Bourbois (class of '94):** Mr. Bourbois works in San Antonio. In 2015, he billed for his work in an Austin employment discrimination case at the hourly rate of $350.00. *See* Affidavit of Mario A. Barrera, filed in *Santos v. Wincor Nixdorf, Inc.*, No. 1:16-cv-00440-RP (Doc. 82-1) at p. 2 (W.D. Tex. Austin) ("Our firm charged Defendant . . . $350.00 per hour for Joseph A. Bourbois's (Counsel) time[.]. . .") and Invoice dated November 10, 2015 (Doc. 82-2) at p. 4 ("Joseph A. Bourbois . . . Counsel . . . Rate . . . $350.00"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus

---

[13] https://www.officialdata.org/Legal-services/price-inflation/2018-to-2021?amount=425

[14] https://www.officialdata.org/Legal-services/price-inflation/2017-to-2021?amount=375

[15] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=350

2015 (a $54.98 difference).[16] Adjusted *only* for such inflation from the year of this billing to the end of 2021, that $350 hourly rate for Mr. Bourbois is $404.98.

* **Edmond S. Moreland, Jr. (class of '97):** Mr. Moreland works in Wimberley. On May 9, 2012, Magistrate Judge Andrew Austin ruled that Mr. Moreland's requested hourly rate of $325.00 for work in an Austin FLSA case was reasonable. *See Ransom v. M. Patel Enters., Inc.*, No. 1:10-cv-00857 (Doc. 194) at p. 6 (W.D. Tex. Austin) ("The Court concludes that Moreland's requested hourly rate of $325 is reasonable in light of his experience and skill and the rates of similar attorneys practicing in the Austin area."), *reversed on other grounds* 734 F.3d 377 (5th Cir. 2013). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 23.37% higher in 2021 versus 2012 (a $75.95 difference).[17] Adjusted *only* for such inflation from the year of this billing to the end of 2021, that $325 hourly rate for Mr. Moreland is $400.95.

* **Robert Notzon (class of '96):** Mr. Notzon works in Austin. His online biography notes that his practice areas include labor and employment law. On March 15, 2016, Judge Sam Sparks awarded an hourly rate of $350.00 for Mr. Notzon's work in an Austin FLSA case. *See Saldivar v. Austin Indep. Sch. Dist.*, No. 14-CA-00117 (Doc. 97) at p. 12 (W.D. Tex. Austin) (Judge Sam Sparks) ("AISD does not challenge Saldivar's counsel's rate of $350 per hour, and therefore the Court finds this hourly rate reasonable for the Austin area."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 11.93% higher in 2021 versus 2016 (a $41.75 difference).[18] Adjusted *only* for such inflation from the year of this award to the end of 2021, that $350 hourly rate for Mr. Notzon is $391.75.

---

[16] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=350

[17] https://www.officialdata.org/Legal-services/price-inflation/2012-to-2021?amount=325

[18] https://www.officialdata.org/Legal-services/price-inflation/2016-to-2021?amount=350

# *Classes of the 2000s*



# 24 lawyers listed

# $407.17

### average rate

# $377.55

### median rate



# Classes of the 2000s: The Rates

 **$600.44***
Kalandra N. Wheeler
(JD 2005)

 **$411.22***
Christopher Willett
(JD 2009)

 **$359.24***
Vanessa Kinney
(JD 2007)

 **$553.37***
Shafeeqa W. Giarratani
(JD 2005)

 **$388.61***
Kristen Elizondo
(JD 2007)

 **$352.64***
Kerry O'Brien
(JD 2002)

 **$513.20***
Josh Sanford
(JD 2001)

 **$382.44***
Eric Johnston
(JD 2005)

 **$347.12***
Meredith Black-Matthews
(JD 2006)

 **$491.76***
Rachhana T. Srey
(JD 2004)

 **$378.28***
Stephanie S. Rojo
(JD 2003)

 **$339.26***
Carmen Artaza
(JD 2006)

 **$472.14***
Stephen J. Romero
(JD 2004)

 **$376.81***
Adam D. Boland
(JD 2004)

 **$335.79***
Aaron Johnson
(JD 2008)

 **$471.10***
Taj Clayton
(JD 2005)

 **$375.00***
Emily Frost
(JD 2002)

 **$335.79***
Manuel Quinto-Pozos
(JD 2007)

 **$461.88***
Lawrence Morales II
(JD 2005)

 **$365.03***
Mauro Ramirez
(JD 2007)

 **$335.79***
Matt Bachop
(JD 2006)

 **$447.72***
Don J. Foty
(JD 2006)

 **$359.24***
Gregory Placzek
(JD 2009)

 **$318.20***
Alexander M. Baggio
(JD 2009)

Exhibit 5, Declaration of David L. Wiley, Page 245 of 268

*Classes of the 2000s:*
*The Work*



\* Kalandra N. Wheeler (class of '05): Ms. Wheeler works in Houston. Her online biography notes that she "represents employees with various types of claims, including Title VII of the Civil Rights Act, the Family Medical Leave Act (FMLA), the Age Discrimination in Employment Act (ADEA), the Americans with Disabilities Act (ADA), and the Fair Labor Standards Act (FLSA)." On August 23, 2019, Judge Royce C. Lamberth granted fees requested for her work in a San Antonio employment discrimination and retaliation case. *See Johnson v. Southwest Research Institute*, No. 5:15-cv-297 (Doc. 176) at p. 17 (W.D. Tex. San Antonio) ("To review: Southwest Research must pay Johnson $535,609.47 in fees and costs, plus 2.324% interest beginning on May 23, 2019 and compounded annually"). The fees request was based, in part, on her stated rate of $585.00 per hour. *See id.* Declaration Under Penalty of Perjury of Colin W. Walsh (Doc. 152-1) at p. 6, ¶ 13 ("The firm's hourly rate for Kalandra N. Wheeler, who became a partner shortly after trial of this case, is also currently [since January 2019, when she became board certified in labor and employment law] $585/hour. This is the rate this firm charged and received for Ms. Wheeler's time in the San Antonio market."); *see also id.* Plaintiff's Supplemental Motion for Reasonable Attorneys' Fees and Costs (Doc. 171) at p. 3 (seeking "Post-judgment interest on $536,430.77 (the combined award of fees and costs) . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019 (a $15.44 difference).[1] Adjusted *only* for such inflation from the date of Judge Lamberth's award (2019) to the end of 2021, that $585.00 hourly rate for Ms. Wheeler is $600.44.

\* Shafeeqa W. Giarratani (class of '05): Ms. Giarratani works in Austin. Her online biography notes that she "represents employers in federal and state court and before administrative agencies and regulatory agencies such as the Equal Employment Opportunity Commission, the Texas Workforce Commission, and the Office of Federal Contract Compliance Programs." On December 18, 2020, in a Dallas case involving allegations of race discrimination in employment, there was testimony stating her standard hourly rate in 2020 was $545.00 per hour. *See Ibarra v. Jacobs Eng. Group, Inc.*, No. 3:19-cv-01437-C (Doc. 41-1)

---

[1] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=585

at p. 12, ¶ 21 (N.D. Tex. Dallas) (Declaration of John M. Barcus) ("Shafeeqa W. Giarratani's standard rate for 2020 is $545 per hour[.]"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020 (an $8.37 difference).[2] Adjusted *only* for such inflation from the year of this billing rate (2020) to the end of 2021, that $545.00 hourly rate for Ms. Giarratani is $553.37.

\* **Josh Sanford (class of '01):** Mr. Sanford works in Little Rock, Arkansas but is licensed in Texas and his firm keeps an office in San Antonio. His online biography notes that he "practices almost exclusively in employment litigation, focusing on wage and hour law." On August 14, 2019, Judge Royce C. Lamberth awarded Mr. Sanford's law firm fees for work in a San Antonio FLSA case. *See Moore v. Performance Pressure Pumping Servs., LLC*, No. 5:15-cv-432-RC (Doc. 174) at p. 1 (W.D. Tex. San Antonio) ("The Court finds that the Plaintiffs should be awarded fees based on the lodestar amount requested by Plaintiffs. The fees charged by Plaintiffs' counsel are reasonable and consistent with fees customarily charged by attorneys of similar skill, experience and reputation in the area of San Antonio, Texas"). That award was premised, in part, on Mr. Sanford's requested rate of $500 per hour. *See id.* (Doc. 168-1) at p. 5, ¶ 16 (Declaration of Attorney Josh Sandford filed as an attachment to Plaintiffs' Motion for Award of Attorneys' Fees and Costs (Doc. 168)) (listing rate: "Sanford, J. $500.00."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019 (a $13.20 difference).[3] Adjusted *only* for such inflation from the year of Judge Lamberth's fee award (2019) to the end of 2021, that $500.00 hourly rate for Mr. Sanford is $513.20.

\* **Rachhana T. Srey (class of '04):** Ms. Srey's online biography states that she "has extensive litigation experience, primarily dedicating her legal practice to national wage and hour complex class and collective action employment litigation." Ms. Srey is based in Minneapolis. On November 10, 2015, Judge Sam Sparks determined $425.00 was a reasonable hourly rate for Ms. Srey's work in an Austin FLSA case. *See Clark v. Centene Corp.*, No. 1:12-cv-00174-SS (Doc. 180) at pp. 15–16 (W.D. Tex. Austin) ("Consequently, the Court finds Srey's claimed $425 per hour rate reasonable in light of her experience and skill and the rates of Austin-area attorneys, but reduces Lukas's claimed rate from $525 to $425."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher

---

[2] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=545

[3] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=500

in 2021 versus 2015 (a $66.76 difference).[4] Adjusted *only* for such inflation from the year of Judge Sparks's determination (2015) to the end of 2021, that $425.00 hourly rate for Ms. Srey is $491.76.

**\* Stephen J. Romero (class of '04):** Mr. Romero works in San Antonio. In 2020, his law firm billed his work in a San Antonio employment termination case to a client at the hourly rate of $465.00. *See* Affidavit of Mario A. Barrera, filed in *Yadav v. Frost Bank*, No. 5:20-CV-00005-FB-ESC (Doc. 42-4) at p. 2, ¶¶ 2 & 4 (W.D. Tex. San Antonio) ("I am counsel of record for Defendant Frost Bank ("Frost") in the above-referenced lawsuit. I am a Partner at Norton Rose Fulbright US LLP ("NRF"). . . . Frost has agreed to compensate NRF for the firm's work on this lawsuit based on an hourly fee. . . . Stephen J. Romero, Counsel at NRF, has spent .75 hours reviewing cases and preparing the Motion. Mr. Romero's hourly rate is $465."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020 (a $7.14 difference).[5] Adjusted *only* for such inflation from the year of this billing (2020) to the end of 2021, that $465 hourly rate for Mr. Romero is $472.14.

**\* Taj Clayton (class of '05):** Mr. Clayton works in Dallas. In 2009, his client agreed to pay his firm $350.00 per hour—a discount from his unstated standard rate—for work in a breach of compensation agreement case filed in Austin by an employee. *See Garriott v. NCsoft Corp.*, No. 1:09-cv-00357 (Doc. 182-4) (Fee Agreement dated February 19, 2009 attached to Declaration of William T. Jacks) at p. 4, n. 2 (W.D. Tex. Austin) ("$350/hr. for Taj's services" and "Please note that these rates are discounted from our standard rates"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 34.60% higher in 2021 versus 2009 (a $121.10 difference).[6] Adjusted *only* for such inflation from the year of this fee agreement (2009) to the end of 2021, that $350 hourly rate for Mr. Clayton is $471.10.

**\* Lawrence Morales II (class of '05):** Mr. Morales works in San Antonio. He is certified by the Texas Board of Legal Specialization as a labor and employment law specialist. On March 19, 2019, Judge David Briones granted Mr. Morales's law firm's request for attorneys' fees in an El Paso FLSA case. *See Bally v. Dreams Cabaret, LLC*, No. EP-CV-30-DB (Doc. 93) at p. 1 (W.D. Tex. El Paso)

---

[4] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=425

[5] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=465

[6] https://www.officialdata.org/Legal-services/price-inflation/2009-to-2021?amount=350

("Plaintiffs ask the Court to award them $111,084.50 in attorney's fees and enter a final judgment in this case. After due consideration, the Court is of the opinion that Plaintiffs' Motion should be granted."). This amount of fees granted was based, in part, on Mr. Morales's requested rate of $450 per hour. *See id.* (Doc. 92) at pp. 6 & 7 ("Plaintiff's Motion for Attorneys' Fees and Costs and for Entry of Final Judgment") ("Based on the lodestar analysis, Plaintiffs seek $111,084.50 in attorneys' fees . . . Mr. Morales and Ms. Hartry performed all attorney work on this case. Mr. Morales's billing rate of $450 per hour is reasonable."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019 (an $11.88 difference).[7] Adjusted *only* for such inflation from the year of Judge Briones's ruling (2019) to the end of 2021, that $450.00 hourly rate for Mr. Morales is $461.88.

\* Don J. Foty (class of '06): Mr. Foty works in Houston. His online biography notes that his areas of practice include wage and hour cases. On January 8, 2016, Judge Robert Pitman awarded fees in a San Antonio FLSA case. *See Sifuentes v. Green Energy Oilfield Servs., LLC*, No. 5:15-CV-752 RP (Doc. 21) (W.D. Tex. San Antonio) ("Plaintiff is awarded $17,714 as reasonable attorneys' fees and costs."). Those fees were based, in part, on Mr. Foty's rate of $400 per hour. *See id.* (Doc. 19) at p. 2 (motion for fees and costs) ("Plaintiff asserts (and Defendant is not disputing) that the Plaintiff's reasonable attorney's fees and costs are $17,714.00. Included in this amount are the following: . . . 29.2 hours for Don Foty, attorney in charge, at the rate of $400 per hour;"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 11.93% higher in 2021 versus 2016 (a $47.72 difference).[8] Adjusted *only* for such inflation from the year of Judge Pitman's fee award (2016) to the end of 2021, that $400.00 hourly rate for Mr. Foty is $447.72.

\* Christopher Willett (class of '09): Mr. Willett works in Austin. On August 10, 2020, Magistrate Judge Susan Hightower ruled that $405.00 per hour was a reasonable rate for Mr. Willett's work in an Austin FLSA case. *See Barrientos v. Mikatsuki Int'l, Inc.*, No. 1:18-CV-00934-RP (Doc. 38) at p. 10, 2020 WL 4581883 (W.D. Tex. Austin) (noting time records "5.5 hours of work by licensed attorney Christopher J. Willett at $405 per hour ($2,227.50)" and ruling: "After carefully reviewing the time records and declaration, the Court finds the hours expended on the case, and the hourly rates charged, are reasonable."). On September 4, 2020, Judge Robert Pitman adopted Magistrate Judge Susan

---

[7] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=450

[8] https://www.officialdata.org/Legal-services/price-inflation/2016-to-2021?amount=400

Hightower's report and recommendation that fees be awarded on that rate. *See id.* (Doc. 39) at p. 2 ("the Court accepts and adopts the report and recommendation as its own order."). On May 13, 2020, Judge Sam Sparks ruled Mr. Willett's requested fees were reasonable in an Austin FLSA case. *See Raya v. Yocham*, No. 1:17-cv-00820 (Doc. 33) at p. 5 (W.D. Tex. Austin) ("The Court also concludes Mr. Willett has shown the rates he charged is appropriate for the Austin, Texas community and is in line with fees awarded by judges in this District under similar circumstances."). The requested rate ruled reasonable was $405.00 per hour. *See id.* Plaintiff's Motion for Default Judgment Against Defendant Howard Yocham and Capitol Area Resources Corp. (Doc. 28) at p. 13 ("Willett's declaration sets forth the market rates in the Austin area, as well as the credentials, experience, and expertise of each attorney whose work is the basis of Plaintiffs' motion for attorney fees. (Ex. C, ¶ 3). The recorded lodestar includes 17.2 hours at the rate of $405 per hour for attorney Christopher Willett, for a total of $6,966.00."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020 (a $6.22 difference).[9] Adjusted *only* for such inflation from the year of these rulings (2020) to the end of 2021, that $405.00 hourly rate for Mr. Willett is $411.22.

\* Kristen Elizondo (class of '07): Ms. Elizondo works in San Antonio. Her online biography notes that prior to joining her current law firm, her practice "focused on general civil defense and employment litigation." On February 16, 2012, Judge Harry Lee Hudspeth awarded $315 per hour for work she did in an Equal Pay Act case. *See Wojcik v. Ameripath San Antonio 5.01(A) Corp.*, No. SA-10-CA-335-H (Doc. 74) at p. (W.D. Tex. San Antonio) (". . . , the Court finds that the following are reasonable amounts for the services of each professional: . . . Ms. Elizondo:  10.29 hours x $315 per hour . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 23.37% higher in 2021 versus 2012 (a $73.61 difference).[10] Adjusted *only* for such inflation from the year of Judge Hudspeth's fee award (2012) to the end of 2021, that $315 hourly rate for Ms. Elizondo is $388.61.

\* Eric Johnston (class of '05): Mr. Johnston works in Austin. His online biography notes that he focuses his practice on "employment counseling and litigation" among other areas. On March 7, 2012, Magistrate Judge John Primomo issued a report and recommendation in a San Antonio wrongful discharge from employment case — recommending dismissal of the lawsuit as a frivolous one and for imposition of sanctions. *See Sladcik v. MK Marlow Co., LLC*, No. SA-

---

[9]  https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=405

[10]  https://www.officialdata.org/Legal-services/price-inflation/2012-to-2021?amount=315

11-CA-529-FB (Doc. 26) at p. 10 (W.D. Tex. San Antonio) ("[T]his lawsuit should be dismissed with prejudice. Also, as sanctions under Rule 11, plaintiff should be ordered to pay to defendants the attorneys fees they incurred as a result of defending this suit. Within the 14-day time period for responding to this Memorandum and Recommendation, defendants should file an Advisory establishing, by affidavit and other proof, the amount of attorneys' fees to which they are entitled."). Defendants filed an "Advisory to the Court Regarding Attorneys' Fees." *See id.* (Doc. 30). With that filing, Defendants submitted unredacted fee bills and the Affidavit of Michael Shaunessy — noting hourly rates for attorneys involved. *See id.* (Docs. 30-1) at p. 3, ¶ 5 ("The rates charged by Sedgwick firm in association with this case are as follows: the hourly rate for partners is between $390 and $430; the hourly rate for associates is $310; . . . ."); *see also id.* (Doc. 30-5) (billing statements). As only one other partner—and one associate—are mentioned in the affidavit, it is assumed that Mr. Shaunessy's rate was $430, his less-experienced partner Maria Karos was $390, and his associate Eric Johnston was $310. On March 29, 2012, Judge Fred Biery adopted the report and recommendation granting the request for fees. *See id.* (Doc. 32). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 23.37% higher in 2021 versus 2012 (a $72.44 difference).[11] Adjusted *only* for such inflation from the year of this billing and court determinations (2012) to the end of 2021, that $310 hourly rate for Mr. Johnston is $382.44.

\* Stephanie S. Rojo (class of '03): Ms. Rojo works in Austin. Her online biography states that she "represents employers and their leadership in discrimination and retaliation lawsuits and charges of discrimination, wage claims, suits for breach of contract and various employment-related torts, and suits for violation of state and federal statutes, such as the FLSA, the FMLA, WARN, and the Texas workers' compensation retaliation statute." On February 7, 2018, she sought fees as sanctions in an Austin Equal Pay Act and alleged employment discrimination case involving a pro se plaintiff. *See Phillips v. Austin Diagnostic Clinic Surgery Center*, No. 1:17-cv-00940 (Doc. 18) (W.D. Tex. Austin) (Defendant Austin Diagnostic's Brief in Support of Motion for Attorneys' Fees Pursuant to Local Rule CV-7). The rate Ms. Rojo sought was $350.00 per hour for work listed on a firm invoice attached to her affidavit—a rate she testified her client actually incurred in 2017. *See id.* (Doc. 18-2) at p. 7 (Invoice dated February 7, 2018: "Stephanie Rojo Partner 14.30 hours 350"); *id.* (Doc. 18-1) at pp. 2–3, ¶ 7 and p. 4, ¶ 12 (Affidavit of Stephanie S. Rojo) ("I began representing Austin Diagnostic in this case on or around February 2017, and a reasonable billing rate for a counsel with my experience is $350 per hour in this case. . . . In my opinion, these attorneys' fees incurred and to be incurred by Austin Diagnostic are reasonable, customary, and necessary when judged by the standards for fees and related expenses in the State of Texas."). Judge Sam Sparks, however, limited the fees

---

[11] https://www.officialdata.org/Legal-services/price-inflation/2012-to-2021?amount=310

awarded to ten hours and assigned an associate rate of $250.00 per hour. *See id.* (Doc. 21) at p. 5 (Order of March 1, 2018: "Given the minimal amount of work necessary to defend this lawsuit, the Court estimates approximately ten hours of work were required to draft Austin Diagnostic's seven-page motion to dismiss. The Court adopts the reasonable hourly rate provided by Austin Diagnostic for an associate lawyer, $250 per hour."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 8.08% higher in 2021 versus 2017 (a $28.28 difference from the rate *incurred*).[12] Adjusted *only* for such inflation from the year of this incurred billing (2017) to the end of 2021, that $350.00 hourly rate for Ms. Rojo is $378.28.

\* Adam D. Boland (class of '04): Mr. Boland works in San Antonio. His online biography states that he "focuses his practice representing employers in all aspects of employment law." In 2010, he testified that his hourly rate for work in defending a San Antonio FLSA case was $290 per hour. *See Borzello v. Texas Shine, Inc.*, No. SA-cv-0026-XR (Doc. 13-7) at p. 2, ¶¶ 4-5 (W.D. Tex. San Antonio) (Affidavit of Adam D. Boland: "I am an attorney of record for Defendant Texas Shine, Inc. ('TSI'). . . . My hourly rate on this matter is $290 an hour."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 29.93% higher in 2021 versus 2010 (a $86.81 difference).[13] Adjusted *only* for such inflation from the year of this billing (2010) to the end of 2021, that $290 hourly rate for Mr. Boland is $376.81.

\* Emily Frost (class of '02): Ms. Frost works in Austin. Her online biography notes that she "helps employers and employees resolve their employment disputes so everyone can get back to work." On July 9, 2021, Judge James R. Nowlin ruled that her rate of $375 per hour for work done prosecuting an Austin FLSA case was appropriate in the community. *See Menefee v. N-Title, LLC*, No. A-19-CV-00737-JRN (Doc. 64) at p. 20 (W.D. Tex. Austin) ("Plaintiff submits an affidavit from Emily Frost. Ms. Frost's affidavit states her rate during this case was $325 per hour until 2021 when it increased to $375 per hour, that she has practiced law since 2002, and that she is Board Certified in Labor and Employment Law. . . . The Court finds that the hourly rates charged in this case are appropriate hourly rates in the community for this type of work.").

\* Mauro Ramirez (class of '07): Mr. Ramirez works in Houston. His online biography notes that he "represents individuals who have been denied their rights in the workplace." On September 20, 2011, Judge Philip R. Martinez

---

[12] https://www.officialdata.org/Legal-services/price-inflation/2017-to-2021?amount=350

[13] https://www.officialdata.org/Legal-services/price-inflation/2010-to-2021?amount=290

granted fees as a sanction for work in an El Paso employment discrimination and retaliation case. *See Santana v. Bergelectric Corp.*, No. EP-CV-281-PRM (Doc. 24) at p. 5 (W.D. Tex. El Paso) ("the Court is of the opinion that one hour's preparation is appropriate; therefore reasonable expense for preparation is \$290."). This was the rate Mr. Ramirez's law firm requested for Mr. Ramirez's time. *See id.* (Doc. 18) at p. 4 ("Defendant's Submission of Fees and Costs Associated with the Status Conference of August 31, 2011") (using \$290 per hour as rate and stating: "I further certify that the hourly rate noted hereinabove reflects the actual rate charged to the client; and that it reflects the usual and customary rate billed by me to Bergelectric on this case."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 25.87% higher in 2021 versus 2011 (a \$75.03 difference).[14] Adjusted *only* for such inflation from the year of Judge Martinez's ruling (2011) to the end of 2021, that \$290.00 hourly rate for Ms. Ramirez is \$365.03.

\* Gregory Placzek (class of '09): Mr. Placzek presently works in Arkansas but previously worked in San Antonio. His online biography notes that he "has represented thousands of employees in his career as an employment attorney." On August 23, 2019, Judge Royce C. Lamberth granted fees requested for his work in a San Antonio employment discrimination and retaliation case. *See Johnson v. Southwest Research Institute*, No. 5:15-cv-297 (Doc. 176) at p. 17 (W.D. Tex. San Antonio) ("To review: Southwest Research must pay Johnson \$535,609.47 in fees and costs, plus 2.324% interest beginning on May 23, 2019 and compounded annually[.]"). The fees request was based on the rate of \$350.00 per hour. *See id.* Declaration Under Penalty of Perjury of Colin W. Walsh (Doc. 152-1) at p. 7, ¶ 15 ("His rate now in the San Antonio market, based on the qualifications he possessed when he charged time in this matter, would be \$395/hour, but the firm has elected in this motion to seek fees for his time at \$350/hour, which is a reasonable rate."); *see also id.* Plaintiff's Supplemental Motion for Reasonable Attorneys' Fees and Costs (Doc. 171) at p. 3 (seeking "Post-judgment interest on \$536,430.77 (the combined award of fees and costs)"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019 (an \$9.24 difference).[15] Adjusted *only* for such inflation from the year of Judge Lamberth's ruling (2019) to the end of 2021, that \$350.00 hourly rate for Mr. Placzek is \$359.24.

\* Vanessa Kinney (class of '07): Ms. Kinney works in Little Rock, Arkansas but her law firm keeps an office in San Antonio. Her online biography notes that she "focuses her practice primarily in the area of employment law." On

---

[14] https://www.officialdata.org/Legal-services/price-inflation/2017-to-2021?amount=350

[15] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=350

August 14, 2019, Judge Royce C. Lamberth awarded Ms. Kinney's law firm fees for work in a San Antonio FLSA case. *See Moore v. Performance Pressure Pumping Servs., LLC*, No. 5:15-cv-432-RC (Doc. 174) at p. 1 (W.D. Tex. San Antonio) ("The Court finds that the Plaintiffs should be awarded fees based on the lodestar amount requested by Plaintiffs. The fees charged by Plaintiffs' counsel are reasonable and consistent with fees customarily charged by attorneys of similar skill, experience and reputation in the area of San Antonio, Texas"). That award was premised, in part, on Ms. Kinney's rate of $350.00 per hour. *See id.* (Doc. 168-1) at p. 5, ¶ 16 (Declaration of Attorney Josh Sanford filed as an attachment to Plaintiffs' Motion for Award of Attorneys' Fees and Costs (Doc. 168)) (listing rate: "Kinney, V. $350.00."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019 (a $9.24 difference).[16] Adjusted *only* for such inflation from the year of Judge Lamberth's finding (2019) to the end of 2021, that $350.00 hourly rate for Ms. Kinney is $359.24.

\* **Kerry O'Brien (class of '02):** Mr. O'Brien works in Austin. His online biography notes that his law firm "is dedicated to helping Texas employees." On April 25, 2014, Judge Sam Sparks ruled that the requested rate of $300 per hour for Mr. O'Brien's work in an Austin FLSA case was reasonable. *See Rivera v. Eloy Herrera*, No. A-12-CA-1080-SS (Doc. 35) at p. 2 (W.D. Tex. Austin) ("Rivera's counsel represents he spent 16.3 hours on this case, and his legal assistant spent 0.9 hours on the case. Their respective hourly rates are $300 and $125. The Court finds these amounts to be reasonable, and awards the lodestar figure of $5,002.50."); *id.* (Doc. 31) at p. 5 ("Plaintiff's Motion for Attorney's Fees") ("Therefore, in accordance with the evidence, the Court is requested to award attorney fees . . . , which includes 16.3 hours by Kerry O'Brien multiplied by $300 / hour . . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 17.55% higher in 2021 versus 2014 (an $52.64 difference).[17] Adjusted *only* for such inflation from the year of Judge Sparks's ruling (2014) to the end of 2021, that $300.00 hourly rate for Mr. O'Brien is $352.64.

\* **Meredith Black-Matthews (class of '06):** Ms. Black-Matthews works in Dallas. Her online biography states that she handles wage and hour cases. On December 8, 2015, Judge David Alan Ezra ruled that $300.00 per hour was a reasonable rate for Ms. Black-Matthews's work in an Austin FLSA case. *See Rodriguez v. Mechanical Tech. Servs., Inc.*, No. 1:12-cv-00710 (Doc. 175) (W.D. Tex. Austin) ("Accordingly, the Court finds the following rates to be

---

[16] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=350

[17] https://www.officialdata.org/Legal-services/price-inflation/2014-to-2021?amount=300

reasonable and customary for this type of litigation . . . Meredith Matthews . . . $300[.]"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus 2015 (a $47.12 difference).[18] Adjusted *only* for such inflation from the year of Judge Ezra's ruling (2015) to the end of 2021, that $300.00 hourly rate for Ms. Black-Matthews is $347.12.

\* **Carmen Artaza (class of '06):** Ms. Artaza works in Dallas and her online biography notes that she has "practiced employment law exclusively since graduating law school in 2006." On July 5, 2012, Judge Lee Yeakel awarded $275 per hour for work Ms. Artaza did in an Austin FLSA case. *See Flowers v. Interra Hydro, Inc.*, No. 1:11-CV-421-LY (Doc. 35) at p. 3 (W.D. Tex. Austin) ("Thus, Flowers's rates of $275 per-hour for associates Artaza and . . . are sustained."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 23.37% higher in 2021 versus 2012 (an $64.26 difference).[19] Adjusted *only* for such inflation from the date of Judge Yeakel's award (2012) to the end of 2021, that $275 hourly rate for Ms. Artaza is $339.26.

\* **Aaron Johnson (class of '08):** Mr. Johnson works in Austin where he represents low-income workers. On June 13, 2016, Judge Robert Pitman granted fees at the rates requested in a San Antonio FLSA case. *See Mohammadi v. Nwabuisi*, No. 5:12-cv-00042 (Doc. 148) at p. 9 (W.D. Tex. San Antonio) ("In light of these precedents, the Court concludes rates requested by Plaintiff and used in her lodestar calculation are reasonable and appropriate given the prevailing rates in the local legal market."). The hourly rate requested for Mr. Johnson's work was $300.00. *See id.* Plaintiff's Third Motion for Attorney's Fees and Costs (Doc. 136) at p. 5 ("In this motion, Plaintiff's Counsel seeks the following rates in order to account for attorney tenure and current legal market conditions: Mr. Moss at $280/hour, Mr. Johnson at $300/hour . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 11.93% higher in 2021 versus 2016 (a $35.79 difference).[20] Adjusted *only* for such inflation from the year of Judge Pitman's ruling (2016) to the end of 2021, that $300.00 hourly rate for Mr. Johnson is $335.79.

---

[18] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=300

[19] https://www.officialdata.org/Legal-services/price-inflation/2012-to-2021?amount=275

[20] https://www.officialdata.org/Legal-services/price-inflation/2016-to-2021?amount=300

\* Manuel Quinto-Pozos (class of '07): Mr. Quinto-Pozos works in Austin. His online biography states that he "practices employee-side labor and employment law, and focuses on claims including employment discrimination, harassment, retaliation, wage and overtime, and union representation." On April 29, 2016, Judge Karin Crump awarded fees for work done in an Austin employment discrimination and retaliation case. *See Vigil v. City of Austin, Texas*, Cause No. D-1-GN-13-001742 (200th Judicial District Court for Travis County, Texas) (Final Judgment at p. 4) ("Based upon the evidence presented to the Court, and the arguments of counsel, Plaintiff's motion for reasonable attorneys' fees and costs is hereby granted."). The fees requested and granted used an hourly rate of $300.00 for Mr. Quinto-Pozos's work. *See id.* (Plaintiff's Motion for Entry of Judgment & Award of Attorneys' Fees) at p. 3. According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 11.93% higher in 2021 versus 2016 (a $35.79 difference).[21] Adjusted *only* for such inflation from the year of Judge Crump's ruling (2016) to the end of 2021, that $300.00 hourly rate for Mr. Quinto-Pozos is $335.79.

\* Matt Bachop (class of '06): Mr. Bachop works in Austin. His online biography notes that his practice areas include employment law. On April 29, 2016, Judge Karin Crump awarded fees for work done in an Austin employment discrimination and retaliation case. *See Vigil v. City of Austin, Texas*, Cause No. D-1-GN-13-001742 (200th Judicial District Court for Travis County, Texas) (Final Judgment at p. 4) ("Based upon the evidence presented to the Court, and the arguments of counsel, Plaintiff's motion for reasonable attorneys' fees and costs is hereby granted."). The fees requested and granted used an hourly rate of $300.00 for Mr. Bachop's work. *See id.* (Plaintiff's Motion for Entry of Judgment & Award of Attorneys' Fees) at p. 3. According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 11.93% higher in 2021 versus 2016 (a $35.79 difference).[22] Adjusted *only* for such inflation from the year of Judge Crump's ruling to the end of 2021, that $300.00 hourly rate for Mr. Bachop is $335.79.

\* Alexander M. Baggio (class of '09): Mr. Baggio's online biography states that he "has worked on class and collective actions across the country, including those involving Rule 23 and the Fair Labor Standards Act (FLSA), as well as claims arising from employment contracts." Mr. Baggio is based in Minneapolis. On November 10, 2015, Judge Sam Sparks determined $275.00 was a reasonable hourly rate for work Mr. Baggio did in an Austin FLSA case. *See Clark v. Centene Corp.*, No. 1:12-cv-00174-SS (Doc. 180) at p. 16 (W.D. Tex. Austin)

---

[21] https://www.officialdata.org/Legal-services/price-inflation/2016-to-2021?amount=300

[22] https://www.officialdata.org/Legal-services/price-inflation/2016-to-2021?amount=300

("Centene does not raise any specific objection to the hourly rate of $275 claimed by Alexander Baggio, and the Court finds it reasonable for the same reasons."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus 2015 (a $43.20 difference).[23] Adjusted *only* for such inflation from the year of Judge Sparks's finding (2015) to the end of 2021, that $275.00 hourly rate for Mr. Baggio is $318.20.

---

[23] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=275

## Classes of the 2010s



# 14 lawyers listed

# $351.83 average rate

# $319.16 median rate



# Classes of the 2010s: The Rates

 **$600.44\***
Colin W. Walsh
(JD 2011)

 $335.79\*
John Neuman
(JD 2012)

 $293.87\*
Michael L. Parsons
(JD 2011)

 $440.00\*
Andrew Vickers
(JD 2012)

 $324.91\*
Alicia M. Grant
(JD 2016)

 $282.26\*
Allison Hartry
(JD 2012)

 $414.55\*
Corey E. Tanner
(JD 2011)

 $313.40\*
Phillip J. Moss
(JD 2010)

 $270.20\*
Collin Wynne
(JD 2010)

 $405.43\*
Jairo N. Castellanos
(JD 2015)

 $310.91\*
Melinda Arbuckle
(JD 2011)

 **$260.34\***
Jay Forester
(JD 2013)

 $365.53\*
Caitlin Boehne
(JD 2012)

 $307.92\*
Steve Rauls
(JD 2011)

# *Classes of the 2010s: The Work*



\* Colin W. Walsh (class of '11): Mr. Walsh works in Austin. His online biography states that his "practice focuses on representing workers against employers in cases involving discrimination, retaliation, unpaid wages, unpaid overtime, contract disputes, and whistleblowing actions." On August 23, 2019, Judge Royce C. Lamberth granted fees requested for Mr. Walsh's work in a San Antonio employment discrimination and retaliation case. *See Johnson v. Southwest Research Institute*, No. 5:15-cv-297 (Doc. 176) at pp 14–15, 17 (W.D. Tex. San Antonio) ("For these efforts, Johnson's attorneys charge rates from $125 to $585 depending on the particular lawyer's experience, reputation, and ability; the weighted average hourly rate is roughly $445 . . . To support these rates' reasonableness, Walsh provides an affidavit from a disinterested fee-paying San Antonio client acknowledging he currently pays Walsh $585 hourly to litigate federal employment matters in San Antonio. . . . Southwest Research argues those rates are too high, citing the Texas state bar's four-year-old survey listing a $258 median hourly rate for San Antonio employment lawyers and a $250 median hourly rate for small San Antonio law firms, and noting only 5.1% of attorneys bill over $500 hourly. . . . Whatever probative value this survey has, it does not erode the evidence supporting the rates' reasonableness, particularly since other judges in this district have approved much higher hourly rates for less complicated cases . . . To review: Southwest Research must pay Johnson $535,609.47 in fees and costs, . . ."). The fees request was based, in part, on Mr. Walsh's stated rate of $585.00 per hour. *See id.* (Doc. 152-1) at p. 6, ¶ 12 (Declaration Under Penalty of Perjury of Colin W. Walsh: "My current hourly rate—a rate that clients pay me when they choose representation on an hourly basis rather than on a contingency fee basis—is $585/hour. I charge and receive this rate in the Austin market (where I office) *and* in the San Antonio market (where I frequently have clients)."); *see also id.* (Doc. 171) at p. 3 (Plaintiff's Supplemental Motion for Reasonable Attorneys' Fees and Costs seeking "Post-judgment interest on $536,430.77 (the combined award of fees and costs)"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019 (a $15.44 difference).[1] Adjusted *only* for such inflation from the year

---

[1] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=585

of Judge Lamberth's fee award (2019) to the end of 2021, that $585.00 hourly rate for Mr. Walsh is $600.44.

* Andrew Vickers (class of '12): Mr. Vickers works in Austin. His online biography states that his experience includes labor and employment matters. In 2021, he billed for work at the hourly rate of $440 in an Austin employment case involving claims of wrongful employment termination and defamation. *See* Second Supplemental Declaration of Andrew Vickers, filed in *Lanham v. AWR Servs., Inc.*, No. D-1-GN-20-003923 (419th Judicial District Court for Travis County, Texas) (filed April 8, 2021) at p. 2, ¶ 4 ("By agreement with our client, the current hourly billing rate for services performed from January 1, 2021 through March 11, 2020 for this matter is $440 for me (a partner), $790 for Eric Taube (a partner), and $205 for Ann Marie Jezisek and Kristen Warner (paralegals). I am familiar with rates charges by attorneys in Texas for litigation matters and these rates are reasonable when compared to customary rates in Texas for lawsuits such as this one.").

* Corey E. Tanner (class of '11): Ms. Tanner works in Austin and her online biography notes that her practice areas include labor and employment law. On December 18, 2020, in a Dallas case involving allegations of race discrimination in employment, there was testimony stating her standard hourly rate in 2018 and 2019 was approximately $400.00 per hour. *See Ibarra v. Jacobs Eng. Group, Inc.*, No. 3:19-cv-01437-C (Doc. 41-1) at p. 12, ¶ 21 (N.D. Tex. Dallas) (Declaration of John M. Barcus: "Prior to my involvement in the lawsuit, Corey E. Tanner, an associate in the Firm's Austin office who became licensed to practice law in Texas in 2011, performed the majority of the work on the case. Her standard rate for 2018 and 2019 was approximately $400."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 3.64% higher in 2021 versus 2018 (a $14.55 difference).[2] Adjusted *only* for such inflation from the year of this stated rate in 2018 to the end of 2021, that $400.00 hourly rate for Ms. Tanner is $414.55.

* Jairo N. Castellanos (class of '15): Mr. Castellanos works in Austin. His online biography states that his "practice focuses on representing employees, both private and public, against employers in discrimination cases." On August 23, 2019, Judge Royce C. Lamberth granted fees requested for Mr. Castellanos's work in a San Antonio employment discrimination and retaliation case. *See Johnson v. Southwest Research Institute*, No. 5:15-cv-297 (Doc. 176) at p. 17

---

[2] https://www.officialdata.org/Legal-services/price-inflation/2018-to-2021?amount=400

(W.D. Tex. San Antonio) ("To review: Southwest Research must pay Johnson $535,609.47 in fees and costs, plus 2.324% interest beginning on May 23, 2019 and compounded annually[.]"). The fees request was based, in part, on Mr. Castellanos's stated rate of $395.00 per hour. *See id.* (Doc. 152-1) at p. 6, ¶ 14 (Declaration Under Penalty of Perjury of Colin W. Walsh:  "The firm's current (since January 2017) rate for associate Jairo N. Castellanos is $395/hour. This is the rate the firm charges and receives for Mr. Castellanos's time in the San Antonio market."); *see also id.* (Doc. 171) at p. 3 (Plaintiff's Supplemental Motion for Reasonable Attorneys' Fees and Costs seeking "Post-judgment interest on $536,430.77 (the combined award of fees and costs)"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019 (a $10.43 difference).[3] Adjusted *only* for such inflation from the year of Judge Lamberth's award (2019) to the end of 2021, that $395.00 hourly rate for Mr. Castellanos is $405.43.

\* Caitlin Boehne (class of '12): Ms. Boehne works in Austin. Her online biography notes that she litigates unpaid wage claims for low-income workers. On August 10, 2020, Magistrate Judge Susan Hightower ruled that $360.00 per hour was a reasonable rate for Ms. Boehne's work in an Austin FLSA case. *See Barrientos v. Mikatsuki Int'l, Inc.*, No. 1:18-CV-00934-RP (Doc. 38) at p. 10, 2020 WL 4581883 (W.D. Tex. Austin) (noting time records "14.7 hours of work by licensed attorney Caitlin Boehne at a rate of $360 per hour (totaling $5,112, after write-offs and reductions) . . ." and ruling "After carefully reviewing the time records and declaration, the Court finds the hours expended on the case, and the hourly rates charged, are reasonable."). On September 4, 2020, Judge Robert Pitman adopted Magistrate Judge Susan Hightower's report and recommendation that fees be awarded on that rate. *See id.* (Doc. 39). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020 (a $5.53 difference).[4] Adjusted *only* for such inflation from the year of these court rulings (2020) to the end of 2021, that $360.00 hourly rate for Ms. Boehne is $365.53.

\* John Neuman (class of '12): Ms. Neuman works in Houston.  His online biography notes that the "primary focus of John's practice is the recovery of unpaid wages." On January 8, 2016, Judge Robert Pitman awarded fees in a San Antonio FLSA case. *See Sifuentes v. Green Energy Oilfield Servs., LLC*, No. 5:15-CV-752 RP (Doc. 21) (W.D. Tex. San Antonio) ("Plaintiff is awarded $17,714 as reasonable attorneys' fees and costs."). Those fees were based, in part, on Mr.

---

[3] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=395

[4] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=360

Neuman's rate of $300 per hour. *See id.* (Doc. 19) at p. 2 (motion for fees and costs) ("Plaintiff asserts (and Defendant is not disputing) that the Plaintiff's reasonable attorney's fees and costs are $17,714.00. Included in this amount are the following: . . . 27.4 hours for John Neuman, associate, at the rate of $300 per hour;"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 11.93% higher in 2021 versus 2016 (a $35.79 difference).[5] Adjusted *only* for such inflation from the year of Judge Pitman's fee award (2016) to the end of 2021, that $300.00 hourly rate for Mr. Neuman is $335.79.

**\* Alicia M. Grant (class of '16):** Ms. Grant works in San Antonio. Her online biography states that her "practice focuses on all aspects of product liability actions, mass torts, and complex commercial litigation in state and federal courts, including class actions and multi-district litigation." In 2020, her law firm billed her work in a San Antonio employment termination case to a client at the hourly rate of $320.00. *See Yadav v. Frost Bank*, No. 5:20-CV-00005-FB-ESC (Doc. 42-4) at p. 2, ¶¶ 2 & 4 (W.D. Tex. San Antonio) (Affidavit of Mario A. Barrera: "I am counsel of record for Defendant Frost Bank ("Frost") in the above-referenced lawsuit. I am a Partner at Norton Rose Fulbright US LLP ("NRF"). . . . Frost has agreed to compensate NRF for the firm's work on this lawsuit based on an hourly fee. . . . Alicia M. Grant, Associate at NRF, has spent 2.4 hours reviewing cases and the hearing transcript and preparing the Motion. Ms. Grant's hourly rate is $320."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 1.53% higher in 2021 versus 2020 (a $4.91 difference).[6] Adjusted *only* for such inflation from the year of this billing (2020) to the end of 2021, that $320 hourly rate for Ms. Grant is $324.91.

**\* Philip J. Moss (class of '10):** Mr. Moss currently works in San Antonio for the United States Equal Employment Opportunity Commission—and previously worked in San Antonio for the Equal Justice Center, where he represented low-wage earners in employment matters. On June 13, 2016, Judge Robert Pitman granted fees at the rates requested in a San Antonio FLSA case. *See Mohammadi v. Nwabuisi*, No. 5:12-cv-00042 (Doc. 148) at p. 9 (W.D. Tex. San Antonio) ("In light of these precedents, the Court concludes rates requested by Plaintiff and used in her lodestar calculation are reasonable and appropriate given the prevailing rates in the local legal market."). The hourly rate requested for Mr. Moss's work was $280.00. *See id.* (Doc. 136) at p. 5 (Plaintiff's Third Motion for

---

[5] https://www.officialdata.org/Legal-services/price-inflation/2016-to-2021?amount=300

[6] https://www.officialdata.org/Legal-services/price-inflation/2020-to-2021?amount=320

Attorney's Fees and Costs) ("In this motion, Plaintiff's Counsel seeks the following rates in order to account for attorney tenure and current legal market conditions: Mr. Moss at $280/hour, Mr. Johnson at $300/hour[.] . . ."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 11.93% higher in 2021 versus 2016 (a $33.40 difference).[7] Adjusted *only* for such inflation from the year of Judge Pitman's ruling on rates (2016) to the end of 2021, that $280 hourly rate for Mr. Moss is $313.40.

\* **Melinda Arbuckle (class of '11):** Ms. Arbuckle works in Dallas. Her online biography states that she "represents workers who have not received all of the pay they were owed by their employers." On September 20, 2018, Judge Alia Moses ruled that a reasonable hourly rate for her work in a Del Rio FLSA case was $300 per hour. *See Cruz v. Maverick County*, No. DR-14-CV-050-AM (Doc. 115) at p. 8 (W.D. Tex. Del Rio) ("Based on all of these factors, the Court finds that the lodestar amount for both Mr. Levy and Ms. Arbuckle should be adjusted downward. The Court finds that a reasonable hourly fee for both attorneys is $300 per hour."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 3.64% higher in 2021 versus 2018 (a $10.91 difference).[8] Adjusted *only* for such inflation from the year of Judge Moses's finding (2018) to the end of 2021, that $300 hourly rate for Ms. Arbuckle is $310.91.

\* **Steve Rauls (class of '11):** Mr. Rauls works in Little Rock, Arkansas but his law firm keeps an office in San Antonio. His online biography notes that he "primarily represents employees who have been denied their full pay." On August 14, 2019, Judge Royce C. Lamberth awarded Mr Rauls's law firm fees for work in a San Antonio FLSA case. *See Moore v. Performance Pressure Pumping Servs., LLC*, No. 5:15-cv-432-RC (Doc. 174) at p. 1 (W.D. Tex. San Antonio) ("The Court finds that the Plaintiffs should be awarded fees based on the lodestar amount requested by Plaintiffs. The fees charged by Plaintiffs' counsel are reasonable and consistent with fees customarily charged by attorneys of similar skill, experience and reputation in the area of San Antonio, Texas"). That award was premised, in part, on the requested rate of $300 per hour for Mr. Rauls's time. *See id.* (Doc. 168-1) at p. 5, ¶ 16 (Declaration of Attorney Josh Sanford filed as an attachment to Plaintiffs' Motion for Award of Attorneys' Fees and Costs (Doc. 168)) (listing rate: "Rauls, S. $300.00."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices

---

[7]  https://www.officialdata.org/Legal-services/price-inflation/2016-to-2021?amount=280

[8]  https://www.officialdata.org/Legal-services/price-inflation/2018-to-2021?amount=300

for legal services are 2.64% higher in 2021 versus 2019 (a $7.92 difference).[9] Adjusted *only* for such inflation from the year of Judge Lamberth's fee award (2019) to the end of 2021, that $300.00 hourly rate for Mr. Rauls is $307.92.

* **Michael L. Parsons (class of '11):** Mr. Parsons works in Austin. On October 8, 2014, Judge Xavier Rodriguez ruled $250.00 per hour was a reasonable rate for Mr. Parson's work in a San Antonio FLSA case. *See Meesook v. Grey Canyon Family Medicine, P.A.*, No. 5:13-cv-729-XR (Doc. 39), 2014 WL 5040133 (W.D. Tex. San Antonio) ("Plaintiff asserts that . . . $250/hour is appropriate for Michael Parsons. . . . Based on the affidavits and evidence submitted by Plaintiffs attorneys, the Court finds that the requested rates are reasonable."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 17.55% higher in 2021 versus 2014 (a $43.87 difference).[10] Adjusted *only* for such inflation from the year of Judge Rodriguez's fee award (2014) to the end of 2021, that $250 hourly rate for Mr. Parsons is $293.87.

* **Allison Hartry (class of '12):** Ms. Hartry works in San Antonio. Her online biography notes that she focuses her practice on labor and employment law. On March 19, 2019, Judge David Briones granted Ms. Hartry's law firm's request for attorneys' fees in an El Paso FLSA case. *See Bally v. Dreams Cabaret, LLC*, No. EP-CV-30-DB (Doc. 93) at p. 1 (W.D. Tex. El Paso) ("Plaintiffs ask the Court to award them $111,084.50 in attorney's fees and enter a final judgment in this case. After due consideration, the Court is of the opinion that Plaintiffs' Motion should be granted."). This amount of fees granted was based, in part, on Ms. Hartry's requested rate of $275 per hour. *See id.* (Doc. 92) at pp. 6, 7 & 9 (Plaintiff's Motion for Attorneys' Fees and Costs and for Entry of Final Judgment: "Based on the lodestar analysis, Plaintiffs seek $111,084.50 in attorneys' fees . . . Mr. Morales and Ms. Hartry performed all attorney work on this case. . . . Ms. Hartry's standard billing rate of $275.00 per hour is reasonable. . . . During the time period most of the attorney's fees were incurred litigating this case, Ms. Hartry charged clients, and clients paid her, an hourly rate of $275.00."). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 2.64% higher in 2021 versus 2019 (a $7.26 difference).[11] Adjusted *only* for such inflation from the year of Judge

---

[9] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=300

[10] https://www.officialdata.org/Legal-services/price-inflation/2014-to-2021?amount=250

[11] https://www.officialdata.org/Legal-services/price-inflation/2019-to-2021?amount=275

Briones's ruling to the end of 2021, that $275.00 hourly rate for Ms. Hartry is $282.26.

* Collin Wynne (class of '10): Mr. Wynne works in Amarillo. His online biography lists several practice areas, including labor and employment. On January 30, 2017, Judge David Counts determined that the requested rate of $250.00 per hour was reasonable for work Mr. Wynne did in a Midland/Odessa FLSA case. *See Carley v. Crest Pumping Technologies, LLC*, No. 7:15-cv-00161 (Doc. 134) at p. 10 (W.D. Tex. Midland/Odessa) ("With these reductions, the Court determines the lodestar fee is $160,932.18 in fees and costs as set forth below . . . Timekeeper . . . Rate . . . Collin Wynne . . . $250.00"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 8.08% higher in 2021 versus 2017 (a $20.20 difference).[12] Adjusted *only* for such inflation from the year of Judge Counts's determination (2017) to the end of 2021, that $250 hourly rate for Mr. Wynne is $270.20.

* Jay Forester (class of '13): Mr. Forester works in Dallas. His online biography states that he oversees his law firm's "unpaid wages and overtime practice." On December 8, 2015, Judge David Alan Ezra ruled that $225.00 per hour was a reasonable rate for Mr. Forester's work in an Austin FLSA case. *See Rodriguez v. Mechanical Tech. Servs., Inc.*, No. 1:12-cv-00710 (Doc. 175) (W.D. Tex. Austin) ("Accordingly, the Court finds the following rates to be reasonable and customary for this type of litigation . . . Jay Forester . . . $225"). According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, the prices for legal services are 15.71% higher in 2021 versus 2015 (a $35.34 difference).[13] Adjusted *only* for such inflation from the year of Judge Ezra's ruling (2015) to the end of 2021, that $225 hourly rate for Mr. Forester is $260.34.

---

[12] https://www.officialdata.org/Legal-services/price-inflation/2017-to-2021?amount=250

[13] https://www.officialdata.org/Legal-services/price-inflation/2015-to-2021?amount=225